**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (310) 440-4100
Facsimile: (310) 499-4877

Proposed Counsel for The Original Mowbray's Tree Service, Inc., Debtor and Debtor-In-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:24-bk-12674-TA |
| THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation | Chapter 11 |
| Debtor and Debtor-in-Possession. | **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO CONTINUE INSURANCE PROGRAMS, HONOR TERMS OF PREMIUM FINANCING AGREEMENTS, SATISFY RELATED PRE-PETITION OBLIGATIONS AND GRANTING RELATED RELIEF; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declaration of Ruben Sainos Filed Concurrently Herewith]**<br><br>**[Hearing to be Set]** |

1

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby files this *Emergency Motion for Order Authorizing Debtor to Continue Insurance Programs, Honor Terms of Premium Financing Agreements, Satisfy Related Pre-Petition Obligations and Granting Related Relief* (the "**Motion**"). In support of the Motion, the Debtor submits the following memorandum of points and authorities and the concurrently filed *Declaration of Ruben Sainos in Support of Chapter 11 Petition and First Day Pleadings* ("**Sainos Declaration**" or "**First Day Declaration**").

I.  **INTRODUCTION**

Prior to the October 18, 2024 petition date (the "**Petition Date**"), the Debtor maintained a comprehensive range of insurance protection for the Debtor's business, properties, and assets. The Debtor also financed some of the insurance premiums pursuant to Premium Finance Agreements (as defined below). It is essential, and required by the U.S. Trustee Guidelines, that the Debtor continues its insurance coverage during this case. Accordingly, by this Motion, the Debtor seeks entry of an order authorizing the Debtor to maintain its insurance policies and practices, including financing insurance premiums under the Premium Financing Agreements, consistent with its pre-petition ordinary course of business practice that was in effect as of the Petition Date, and to pay, in its sole discretion, amounts that may come due post-petition in connection therewith regardless of whether such obligations accrued pre-petition or post-petition.

The next payments under certain of the Insurance Policies (as defined below) or Premium Financing Agreements are due within 21 days of the Petition Date, and therefore, the Debtor is seeking expedited relief.

Accordingly, and as further detailed below, the Debtor respectfully requests that the Court grant the Motion.

## II. BACKGROUND

### A. General Background

On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 case (the "**Chapter 11 Case**" or "**Case**"). The Debtor is operating as the debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Case and no official committees have been appointed or designated.

A more fulsome discussion of the Debtor's operations, structure, and liabilities, and the events leading to the commencement of this Case are set forth in the Sainos Declaration, which is incorporated herein by reference. The following is a shorter version of the discussion in the Sainos Declaration.

Established in 1972 by Gloria and John Mowbray (the "**Founders**"), Mowbray's has been a cornerstone in California for providing vegetation management services for over 50 years. Mowbray's began as a modest venture and has grown into a resilient company, dedicated to safeguarding communities and the environment. Mowbray's continues to be a family owned and operated business, is a member of WMBE (Women and Minority Business Enterprise), and is committed to providing its client-partners with the safest and most efficient solution to their vegetation management needs.

John Mowbray suffered a catastrophic brain injury on the job in 1993, leaving him incapacitated. Gloria Mowbray stepped up to manage the business while also caring for John and raising four children on her own. Gloria Mowbray passed away in April 2021. Gloria Mowbray was the sole shareholder of the Debtor from 1993 until her passing, at which time Robin Mowbray, her daughter, became the sole shareholder of the Debtor.

The services provided by the Debtor include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**").  Tree-trimming around power lines, clearing vegetation to prevent forest fires, removal of debris and charred remains after major wildfires in California, and assisting with damage remediation in response to hurricanes—these are the types of important services that the Debtor provides to the communities in which it serves.  Historically, utility companies have been the Debtor's primary clients, including California's largest energy utility, PG&E as well as Southern California Edison.  The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state.  The Debtor also provides services and has an equipment yard in Ft. White, Florida.  The Debtor's work outside of California has recently expanded in magnitude and scope due to the disaster relief efforts in response to Tropical Storm Helene and Hurricane Milton.  The Debtor's services in Florida have increased and the Debtor has recently begun providing services in North Carolina as well.  The Debtor has mobilized multiple trucks and crews for FEMA in both North Carolina and Florida.

The Debtor is currently owned by Robin Mowbray, the youngest daughter of the Founders.  Since 2021, Ms. Mowbray has been the Chairwoman of the Debtor's Board.  Richard Mowbray (grandson of the Founders) has been the Debtor's Chief Executive Officer since 2020.  Ruben Saines has served as the Debtor's CFO for approximately a year.  Prior to the Petition Date, the Debtor retained Brian Weiss of Force 10 Partners as its Chief Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring process, including this Case.

### B. The Insurance Programs

In connection with the operation of its business, the Debtor maintains various insurance policies and programs (collectively, the "**Insurance Programs**") through certain

insurance carriers (the "**Insurance Carriers**"), including the following coverages: (a) Property; (b) General Liability; (c) Auto; (d) Officer & Director; (e) Cyber; and (f) Excess.

The Debtor is required to pay premiums based upon a fixed rate established by the Insurance Carriers. Generally, the premiums for these policies are determined annually and are either (1) directly billed to the Debtor in installments or (2) financed by the Debtor pursuant to a premium finance agreement. Attached hereto as **Exhibit 1** is a chart that shows the insurance coverage, Insurance Carriers, policy periods, and payment amounts due by the Debtor under the policies directly or through financing. The Debtor believes that it is current on pre-petition premiums billed with respect to the Insurance Programs, and certain policies' premiums have already been paid in full. To the extent there is an outstanding insurance policy premium which may cover a portion of the pre-petition period, however, the Debtor seeks authority to pay such premium in the ordinary course as such payments are necessary to keep the Insurance Programs in force.

The Debtor is currently party to three (3) insurance premium financing agreements (the "**Premium Financing Agreements**") whereby certain of the Debtor's Insurance Programs (the "**Financed Policies**") are financed with one or more premium finance companies (each, a "**Premium Finance Company**"). Copies of Premium Financing Agreements with respect to the Debtor's Financed Policies are attached hereto as **Exhibit 2**. Pursuant to the terms of the Premium Financing Agreements, the Debtor makes a down payment contemporaneously with the execution of the Premium Financing Agreement and then makes monthly installment payments to the Premium Finance Company. The Premium Finance Company typically is granted a security interest in, inter alia, unearned premiums that would otherwise be returned to the Debtor in the event of policy cancellation. In the event of default, any affected Premium Finance Company could seek relief from the automatic stay in order to exercise its rights under the applicable Premium Finance Agreement and terminate the financed policies.

The Debtor is legally required to maintain policies and programs to provide employees with workers' compensation benefits. The Debtor is also required by contractual obligations

with customers to have certain general liability insurance, as well as excess and fire.  The Debtor seeks authorization to pay insurance policies relating to workers' compensation pursuant to the *Motion of Debtor For Entry of Order Authorizing Payment of Certain Pre-Petition Employee-Related Claims and Granting Related Relief* (the "**Employee Motion**"), filed contemporaneously herewith.  Further details regarding workers' compensation benefits provided by the Debtor and the related policies can be found in the Employee Motion.

The Debtor believes that the coverage types, levels, and premiums for these Insurance Policies and payments under the Premium Finance Agreements are typical for comparably-sized companies in the Debtor's industry.

Pre-petition, certain Insurance Carriers (not the subject of this Motion) drew against letters of credit issued by the Debtor's lender, PNC Bank, because such letters of credit were set to expire.  The Debtor reserves all rights and remedies with respect to such Insurance Carriers and the pre-petition draws against the letters of credit.

### III.    JURISDICTION AND VENUE

The United States Bankruptcy Court for the Central District of California (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and may be determined by the Court.

The statutory bases for the relief requested herein are sections 105(a) and 363 and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

### IV.    REQUESTED RELIEF

To ensure that the Debtor is in compliance with § 1112(b)(4)(C) of the Bankruptcy Code, applicable state and federal regulations, and the U.S. Trustee Guidelines, by this Motion, the Debtor respectfully requests the authority to continue to honor obligations arising

under the Insurance Programs and Premium Finance Agreements on an uninterrupted basis, including paying, when due (whether accrued pre-petition or post-petition) in the ordinary course of the Debtor's business, all premiums, administrative fees, amounts due under the Premium Financing Agreements and other insurance obligations (collectively, the "**Insurance Obligations**") and, if necessary, to renew, supplement, or purchase insurance coverage of insurance premium financing on a post-petition basis in the ordinary course of business.

Certain of the Debtor's Insurance Policies either involve deductible amounts or a self-insured retention for each claim that is submitted. To the extent a deductible payment, self-insured retention payment, or reimbursement relating to a period prior to the Petition Date is outstanding with respect to any of the insurance policies, the Debtor seeks authority, in its discretion, to make such payments in the same manner that such payments were made prior to the Petition Date.

## V. <u>LEGAL STANDARD</u>

Under § 1112(b)(4)(C) of the Bankruptcy Code, "failure [of a debtor] to maintain appropriate insurance [where such failure] poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. *See* 11 U.S.C. § 1112(b)(4)(C). Similarly, certain of the Insurance Policies are required by state and federal regulations. In addition, the U.S. Trustee Guidelines require that a debtor "shall maintain" certain types of insurance coverage following the Petition Date. *See* U.S. Trustee Guidelines, § 1.E.

This Court has the authority to grant the relief requested herein pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, § 105(a) of the Bankruptcy Code allows the Court to authorize payments on account of certain pre-petition claims when necessary. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." 11 U.S.C. § 105(a). Allowing a debtor to honor pre-petition obligations under § 105(a) authority is appropriate where, as here, doing so is consistent with the "two recognized policies" of chapter 11 of the Bankruptcy Code – preserving going concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'Ship*, 526 U.S. 434, 453 (1999).

Bankruptcy courts have authorized a debtor to maintain pre-petition insurance programs pursuant to §§ 363(b) and 105(a) where, as here, a sound business justification exists. *See, e.g., In re Foamex Int'l. Inc.*, Case No. 05-12685 (PJW) (Bankr. D. Del. Sept. 21, 2005); *In re Allied Holdings, Inc*., Case Nos. 05-12515 – 05-12537 (Bankr. N.D. Ga. 2005); *In re Centennial HealthCare Corp*., Case No. 02-74974 (Bankr. N.D. Ga. 2002) (authorizing debtors to maintain existing insurance programs); *In re WestPoint Stevens, Inc*., Case No. 03-13532 (Bankr. S.D.N.Y. 2003); *In re WorldCom, Inc*., Case No. 02-13533 (Bankr. S.D.N.Y. 2002); *In re Community Provider of Enrichment Servs., Inc.*, Case No. 9:02-bk-10554-DS, Docket No. 158 (Bankr. C.D. Cal. June 4, 2020); *In re Air Force Village West Inc.*, Case No. 6:19-bk-11920-SC, Docket No. 105 (Bankr. C.D. Cal. Mar. 19, 2010).

## VI. <u>CONTINUANCE OF THE INSURANCE PROGRAMS IS IN THE BEST INTEREST OF THE ESTATE</u>

The continued uninterrupted maintenance of the Insurance Programs is essential to the continued operation of the Debtor's business and its efforts to reorganize. The failure to pay Insurance Obligations when due may affect the Debtor's ability to maintain or renew the Insurance Policies and could lead to the termination of Insurance Programs. If the Insurance Policies and Programs are allowed to lapse or are otherwise terminated, the Debtor and the estate could be exposed to substantial liability for any damages resulting to persons and the Debtor's property, which exposure could have an extremely negative impact on the Debtor's ongoing business operations. Such a result would also place the estate's assets at risk. At a minimum, the Debtor may be required to obtain replacement insurance on an expedited basis,

1    and the Debtor may be unable to find alternative insurance coverage at comparable cost, if at

2    all. Even if these Insurance Carriers were not permitted to terminate the agreements, any

3    interruption of payment would have an adverse effect on the Debtor's ability to obtain future

4    policies at reasonable rates.

5        The amounts the Debtor proposes to pay with respect to the Insurance Programs are

6    minimal in light of the size of the Debtor's estate and the potential exposure of the Debtor,

7    absent insurance coverage. As reflected in the Budget attached to the Sainos Declaration, the

8    Debtor has sufficient liquidity to pay the amounts delineated in this Motion in the ordinary

9    course of business and has implemented controls to ensure that pre-petition claims will not be

10   paid except as authorized by this Court.

11       Therefore, it is critical that the Debtor continue to maintain its Insurance Programs on

12   an uninterrupted basis and be permitted to pay any obligations in the ordinary course of

13   business and consistent with pre-petition practices.

14       Given the crucial nature of the Debtor's insurance coverage, the Debtor submits that

15   similar relief is appropriate in this Chapter 11 Case.

16       Based on the foregoing, the Debtor submits the relief requested is necessary and

17   appropriate, is in the best interests of its estate and creditors, and should be granted in all

18   respects.

19

20   **VII.    CAUSE EXISTS TO GRANT THE MOTION ON AN EMERGENCY BASIS**

21       Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to

22   avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of

23   the petition, grant . . . (b) a motion to use, sell, lease, or otherwise incur an obligation

24   regarding property of the estate, including a motion to pay all or part of a claim that arose

25   prior to the filing of the petition . . . ." Fed. R. Bankr. P. 6003(b). Similarly, unless the Court

26   orders otherwise, Bankruptcy Rule 6004(a) requires the Debtor to provide 21 days' notice to

27   all creditors and certain other parties in interest of the use of property outside of the ordinary

28

8

course of business. *See* Fed. R. Bankr. P. 6004(a). Bankruptcy Rule 6004(h) automatically stays for 14 days any order authorizing the use, sale, or lease of property. *See* Fed. R. Bankr. P. 6004(h).

The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate. If the Court does not grant this Motion on an emergency basis, the Debtor will be unable to timely make payments coming due within the next twenty-one days under the Insurance Policies and/or Premium Financing Agreements. If this happens, there is a risk that the Debtor's insurance coverage will lapse or costs for insurance may increase (or the Debtor would incur unnecessary costs to address the default), and the estate will be harmed. Upon loss of insurance, the Debtor may be in violation of state or federal laws, or not in compliance with the U.S. Trustee Guidelines, and its assets would be at risk to the detriment of its estate and creditors. Accordingly, there is cause to hear and grant this Motion on an emergency basis as permitted by Bankruptcy Rule 6003(b).

The Debtor requests that the Court enter an order providing that, to the extent applicable, notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) or such notice requirement is waived, and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## VIII. RESERVATION OF RIGHTS

Nothing contained herein shall operate as a waiver of any of the Debtor's claims, rights or remedies. The Debtor hereby reserves any and all rights it may have with respect to any of the Insurance Policies or Premium Financing Agreements and the relief requested herein. Without limiting the foregoing, the Debtor reserves the right to seek to modify the relief requested herein as may be necessary to facilitate the Case and Debtor's operations, or as may otherwise be necessary to comply with the requirements of any order entered in this Case. Moreover, nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (i) an admission as to the validity, priority, or enforceability

of any claim against the Debtor or lien against the Debtor's property; (ii) a waiver of the Debtor's rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iii) an approval or assumption of any agreement, contract, program, policy or lease (including any Insurance Policy or Premium Finance Agreement) under § 365 of the Bankruptcy Code (or otherwise affect the Debtor's rights under § 365 of the Bankruptcy Code to assume or reject any executory contract with any party).  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.  Finally, the relief requested herein shall not oblige the Debtor to accept any services.

## IX.    CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an interim and final order granting the relief requested herein and such other and further relief as is just and proper.

DATED: October 18, 2024             **RAINES FELDMAN LITTRELL LLP**

By:    */s/ Robert S. Marticello*
　　　ROBERT S. MARTICELLO
　　　MICHAEL L. SIMON
　　　Proposed Counsel for The Original Mowbray's Tree Service, Inc*., Debtor and Debtor-In-Possession*

# EXHIBIT "1"

| Policy Number | Effective | Expiration | Policy Description | ICO | Limits | Policy Billed Premium | Financed | Financed Amount | Remaining Monthly Payment | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| P0014-WF241929004C | 3/31/2024 | 3/31/2025 | 24-25 Workers' Comp | Praetorian Insurance Co. | Statutory/ $1,000,000 Employers Liab | $1,487,046.89 | N | | | Direct bill monthly based on injuries/payroll reporting |
| NBA100862100 | 1/2/2024 | 1/2/2025 | 24-25 Auto Physical Damage | Indian Harbor Insurance Co. | N/A | $454,161.00 | N | | | PAID IN FULL |
| NBA100862000 | 1/2/2024 | 1/2/2025 | 24-25 Auto Liability | Greenwich Insurance Co. | $1,000,000 | $929,634.00 | Y | $316,779.87 | $42,522.84 | PFA - First Insurance |
| 92SRD317035 | 12/23/2023 | 12/23/2024 | 23-24 EX 5M (SMUD ONLY) | National Fire & Marine Insurance C | $5,000,000 | $353,759.85 | Y | Incl in next row | Incl in next row | PFA- First Insurance - Financed total both policies GL and EX $1,331,741.30 |
| 92SRD327015 | 12/23/2023 | 12/23/2024 | 23-24 General Liability | National Fire & Marine Insurance C | $5,000,000 | $977,940.04 | Y | $998,805.98 | $103,462.70 | PFA- First Insurance - Financed total both policies GL and EX $1,331,741.30 (Includes 5MM Professional, 5MM Pollution & 1MM Loggers ) |
| C5050033893 | 12/22/2023 | 12/22/2024 | 23-24 Cyber 2M | Arch Specialty Insurance Co. | $2,000,000 | $19,786.83 | N | | | PAID IN FULL |
| NEC600636604 | 6/1/2024 | 1/2/2025 | 24 Auto Excess 4M | Greenwich Insurance Co. | $4,000,000 | $253,940.00 | Y | $215,849.00 | Incl in next row | PFA - IPFS - Financed Total both policies Auto and Excess Auto/Prop $389,864.40 |
| MXI93028033 | 6/1/2024 | 1/2/2025 | 24 IM Inland Marine/Equipment | AGCS Marine Insurance Co. | Value of Equipment Insured | $204,724.00 | Y | $174,015.40 | $133,661.46 | PFA - IPFS - Financed Total both policies Auto and Excess Auto/Prop $389,864.40 |
| | | | | | TOTAL: | $4,680,992.61 | | | | |

# EXHIBIT "2"

# IPFS Corporation of California

**COVERS:**

| Policy | Policy Expiration | Description | ICO |
|---|---|---|---|
| NEC600636604 | 1/2/2025 | 24 Auto Excess 4M | Greenwich Insurance Co. |
| MXI93028033 | 1/2/2025 | 24 IM Inland Marine/Equipment | AGCS Marine Insurance Co. |

CAP.PROCESSING@IPFS.COM
3 HUTTON CENTRE DRIVE STE 630
SANTA ANA, CA 92707
(855)212-6850 FAX: (800)808-8784
CUSTOMER SERVICE: (855)212-6850

**PREMIUM FINANCE AGREEMENT**
License # 973 9750

**IPFS CORPORATION OF CALIFORNIA**

| | | |
|---|---|---|
| A | CASH PRICE (TOTAL PREMIUMS) | $458,664.00 |
| B | CASH DOWN PAYMENT | $68,799.60 |
| C | PRINCIPAL BALANCE (A MINUS B) | $389,864.40 |

AGENT (Name & Place of business)
ACRISURE SW PARTNERS INS SVCS LLC
27174 NEWPORT RD STE 3
MENIFEE, CA 92584-7384
(951)246-4003 FAX:

INSURED (Name & Residence or business)
THE ORIGINAL MOWBRAY'S TREE SERVICE, INC.
686 E MILL ST FL 2
SAN BERNARDINO, CA 92408-1610
(951)396-3430
rrios@mowbrays.com

Commercial

Account #: _____

**LOAN DISCLOSURE**
Additional Policies Scheduled on Page 3

Quote Number: 26584284

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 9.740% | $11,149.98 | $389,864.40 | $401,014.38 |

**YOUR PAYMENT SCHEDULE WILL BE**

| Number Of Payments | Amount Of Payments | When Payments Are Due | |
|---|---|---|---|
| 6 | $66,835.73 | Beginning: | MONTHLY 07/01/2024 |

ITEMIZATION OF THE AMOUNT FINANCED: THE AMOUNT FINANCED IS FOR APPLICATION TO THE PREMIUMS SET FORTH IN THE SCHEDULE OF POLICIES UNLESS OTHERWISE NOTED.

**Security:** Refer to paragraph 1 below for a description of the collateral assigned to Lender to secure this loan.
**Late Charges:** A late charge will be imposed on any installment in default 10 days or more. This late charge will be 5.00% of the installment due.
**Prepayment:** If you pay your account off early, you may be entitled to a refund of a portion of the finance charge computed as provided in Sec. 18635, California Statute or as otherwise allowed by law. The finance charge includes a predetermined interest rate plus a non-refundable service/origination fee of $25.00. See the terms below and on the next page for additional information about nonpayment, default and penalties.

| POLICY PREFIX AND NUMBER | EFFECTIVE DATE OF POLICY | SCHEDULE OF POLICIES INSURANCE COMPANY AND GENERAL AGENT | COVERAGE | MINIMUM EARNED PERCENT | POL TERM | PREMIUM |
|---|---|---|---|---|---|---|
| PENDING | 06/01/2024 | AGCS MARINE INSURANCE CO | INLAND MARINE | 25.00% | 7 | 204,724.00 |
| | | | | Broker Fee: | | $0.00 |
| | | | | TOTAL: | | $458,664.00 |

# FIRST Insurance Funding

**COVERS:**

| Policy | Policy Expiration | Description | ICO |
|---|---|---|---|
|  | 1/2/2025 | 24-25 Auto Liability | Greenwich Insurance Co. |

---

**LENDER:**
FIRST Insurance Funding
450 Skokie Blvd, Ste 1000
Northbrook, IL, 60062-7917
P:(800) 837-3707, F:(800) 837-3709

**PREMIUM FINANCE AGREEMENT**
☐ Personal  ☑ Commercial  ☑ Additional Premium

Stetson Insurance Funding, LLC
10150 York Road, Fifth Floor
Hunt Valley, MD, 21030
P: (866) 373-3866

**STETSON INSURANCE FUNDING**

Additional Premium Quote #: 62538541

**INSURED/BORROWER**
(Name and Address as shown on Policy)
The Original Mowbray's Tree Service Inc.
1845 Business Center Dr
San Bernardino, CA 92408-3467

Customer ID: N/A

**AGENT or BROKER**
(Name and Business Address)
Leo Rodriguez Insurance Agency
Acrisure of California, LLC
27174 Newport Road
Ste 3
Menifee, CA 92584

AGT58534

## LOAN DISCLOSURE

| Total Premiums, Taxes, and Fees | Down Payment | Unpaid Balance | Documentary Stamp Tax (only applicable in Florida) | Amount Financed (amount of credit provided on your behalf) | FINANCE CHARGE (dollar amount the credit will cost you) | Total of Payments (amount paid after making all scheduled payments) | ANNUAL PERCENTAGE RATE (cost of credit as a yearly rate) |
|---|---|---|---|---|---|---|---|
| 316,779.87 | 31,678.00 | 285,101.87 | 0.00 | 285,101.87 | 12,558.01 | 297,659.88 | 7.750 % |

**YOUR PAYMENT SCHEDULE WILL BE:** Mail Payments to: FIRST Insurance Funding, PO Box 7000, Carol Stream, IL 60197-7000

| Number of Payments | Amount of Each Payment | First Installment Due | 4/23/2024 |
|---|---|---|---|
| 7 | 42,522.84 | Installment Due Dates | 23rd (Monthly) |

Certain information contained in the Loan Disclosure section may change in accordance with Section 19 of this Agreement.

**INSURED'S AGREEMENT:**
1. **SECURITY INTEREST.** INSURED/BORROWER ("Insured") grants and assigns FIRST Insurance Funding, A Division of Lake Forest Bank & Trust Company, N.A. ("LENDER") a first priority lien on and security interest in the financed policies and any additional premium required under the financed policies listed in the Schedule of Policies, including (a) all returned or unearned premiums, (b) all additional cash contributions or collateral amounts assessed by the insurance companies in relation to the financed policies and financed by LENDER hereunder, (c) any credits generated by the financed policies, (d) dividend payments, and (e) loss payments which reduce unearned premiums (collectively, the "Financed Policies"). If any circumstances exist in which premiums related to any Financed Policy could become fully earned in the event of loss, LENDER shall be named a loss-payee with respect to such policy.
2. **FINANCE CHARGE.** The finance charge begins accruing on the earliest effective date of the Financed Polices. The finance charge is computed using a 365-day calendar year.
3. **LATE PAYMENT.** For commercial loans, a late charge will be assessed on any installment at least 5 days in default, and the late charge will equal 5% of the delinquent installment or the maximum late charge permitted by law, whichever is less. For personal loans, a late charge will be assessed on any installment 10 days in default, and the late charge will be the lesser of $10 or 5% of the delinquent installment.
4. **PREPAYMENT.** If Insured prepays the loan in full, Insured is entitled to a refund of the unearned finance charge computed according to the Rule of 78s.

## SCHEDULE OF POLICIES

| Policy Number | Full Name of Insurance Company and Name of General Agent or Company Office to Which Premium is Paid | Coverage | Policy Term | Effective Date | Premiums, Taxes and Fees |
|---|---|---|---|---|---|
| NBA100862000 | C00425-GREENWICH INSURANCE CO<br>G04288-NIP SPECIALTY BROKERAGE, LLC<br>[CX:30] [FI, PR] A/F [285,101.87] | AUTO | 12 | 1/2/2024<br>ERN TXS/FEES<br>FIN TXS/FEES | 316,779.87<br>0.00<br>0.00 |
|  |  |  |  | **TOTAL** | **316,779.87** |

# FIRST Insurance Funding

**COVERS:**

| Policy | Policy Expiration | Description | ICO |
|---|---|---|---|
| 92SRD317035 | 12/23/2024 | 23-24 EX 5M (SMUD ONLY) | National Fire & Marine Insurance Co. |
| 92SRD327015 | 12/23/2023 | 23-24 General Liability | National Fire & Marine Insurance Co. |

**LENDER:**
FIRST Insurance Funding
450 Skokie Blvd, Ste 1000
Northbrook, IL, 60062-7917
P:(800) 837-3707, F:(800) 837-3709

## PREMIUM FINANCE AGREEMENT

☐ Personal  ☑ Commercial  ☐ Additional Premium

Stetson Insurance Funding, LLC
10150 York Road, Fifth Floor
Hunt Valley, MD, 21030
P: (866) 373-3866



Quote #: 58315003

**INSURED/BORROWER**
(Name and Address as shown on Policy)
The Original Mowbray's Tree Service Inc.
1845 Business Center Dr
San Bernardino, CA 92408-3467

Customer ID: N/A

**AGENT or BROKER**   AGT58534
(Name and Business Address)
Leo Rodriguez Insurance Agency
Acrisure of California, LLC
27174 Newport Road
Ste 3
Menifee, CA 92584

## LOAN DISCLOSURE

| Total Premiums, Taxes, and Fees | Down Payment | Unpaid Balance | Documentary Stamp Tax (only applicable in Florida) | Amount Financed (amount of credit provided on your behalf) | FINANCE CHARGE (dollar amount the credit will cost you) | Total of Payments (amount paid after making all scheduled payments) | ANNUAL PERCENTAGE RATE (cost of credit as a yearly rate) |
|---|---|---|---|---|---|---|---|
| 1,331,741.30 | 332,935.32 | 998,805.98 | 0.00 | 998,805.98 | 35,821.02 | 1,034,627.00 | 7.750 % |

**YOUR PAYMENT SCHEDULE WILL BE:**   Mail Payments to: FIRST Insurance Funding, PO Box 7000, Carol Stream, IL 60197-7000

| Number of Payments | Amount of Each Payment | First Installment Due | 1/23/2024 |
|---|---|---|---|
| 10 | 103,462.70 | Installment Due Dates | 23rd (Monthly) |

Certain information contained in the Loan Disclosure section may change in accordance with Section 19 of this Agreement.

**INSURED'S AGREEMENT:**
**1. SECURITY INTEREST.** INSURED/BORROWER ("Insured") grants and assigns FIRST Insurance Funding, A Division of Lake Forest Bank & Trust Company, N.A. ("LENDER") a first priority lien on and security interest in the financed policies and any additional premium required under the financed policies listed in the Schedule of Policies, including (a) all returned or unearned premiums, (b) all additional cash contributions or collateral amounts assessed by the insurance companies in relation to the financed policies and financed by LENDER hereunder, (c) any credits generated by the financed policies, (d) dividend payments, and (e) loss payments which reduce unearned premiums (collectively, the "Financed Policies"). If any circumstances exist in which premiums related to any Financed Policy could become fully earned in the event of loss, LENDER shall be named a loss-payee with respect to such policy.
**2. FINANCE CHARGE.** The finance charge begins accruing on the earliest effective date of the Financed Polices. The finance charge is computed using a 365-day calendar year.
**3. LATE PAYMENT.** For commercial loans, a late charge will be assessed on any installment at least 5 days in default, and the late charge will equal 5% of the delinquent installment or the maximum late charge permitted by law, whichever is less. For personal loans, a late charge will be assessed on any installment 10 days in default, and the late charge will be the lesser of $10 or 5% of the delinquent installment.
**4. PREPAYMENT.** If Insured prepays the loan in full, Insured is entitled to a refund of the unearned finance charge computed according to the Rule of 78s.

## SCHEDULE OF POLICIES

| Policy Number | Full Name of Insurance Company and Name of General Agent or Company Office to Which Premium is Paid | Coverage | Policy Term | Effective Date | Premiums, Taxes and Fees |
|---|---|---|---|---|---|
| TBD | C00358-NATIONAL FIRE INS HARTFORD<br>[ME:35.000 %, CX:0]    [PR] A/F [733,485.99] | GL | 12 | 12/23/2023<br>ERN TXS/FEES<br>FIN TXS/FEES | 947,840.00<br>0.00<br>30,141.31 |
| TBD | C00358-NATIONAL FIRE INS HARTFORD<br>[ME:35.000 %, CX:0]    [PR] A/F [265,319.99] | GL | 12 | 12/23/2023<br>ERN TXS/FEES<br>FIN TXS/FEES | 342,857.14<br>0.00<br>10,902.85 |
| | | | | TOTAL | 1,331,741.30 |

**WORKERS COMP**

| Policy | Effective Date | Expiration Date | ICO |
|---|---|---|---|
| P0014-WF241929004C | 3/31/2024 | 3/31/2025 | Praetorian Insurance Company |

The Original Mowbray's Tree Service, Inc.

## Workers' Compensation

| Issuing Company | Policy Term |
|---|---|
| Praetorian Insurance Company | 3/31/2024 to 3/31/2025 |

**Named Insured(s)**

| First Named Insured |
|---|
| The Original Mowbray's Tree Service, Inc. |

**Locations**

| Loc # | Address |
|---|---|
| 1 | 686 E. Mill Street 2nd Floor, San Bernardino, CA 92408 |
| 2 | 171 S. Waterman Avenue, San Bernardino, CA 92408 |
| 3 | 17332 Millwood Rd, Visalia, CA 92392 |
| 4 | 10240 Palm River Rd, Tampa, FL 33619 |
| 5 | 116 Wagon Tie Ln, Garner, NC 27529 |

**Coverage Detail**

| Workers' Compensation and Employers Liability | Limit |
|---|---|
| Each Accident | $1,000,000 |
| Disease – Policy Limit | $1,000,000 |
| Disease – Each Employee | $1,000,000 |

| Loc # | Classification | State | Code | Payroll | Rate w/XMOD &Taxes |
|---|---|---|---|---|---|
| 1 | Clerical | CA | 8810 | $1,279,066.00 | $0.37 |
| 1 | Tree Trimming | CA | 0106 | $9,023,111.00 | $16.31 |
| 1 | Landscape Gardening - If Any | CA | 0042 | $0.00 | $8.78 |
| 2 | Outside Salespersons | CA | 8742 | $789,122.00 | $0.50 |
| 4 | Tree Pruning | FL | 0106 | $1,895,331.00 | $4.83 |
| 4 | Clerical | FL | 8810 | $102,000.00 | $0.10 |
| 5 | Tree Pruning | NC | 0106 | $100 | $10.42 |

| State | |  |
|---|---|---|
| CA | Experience or Merit Modification (0.82000) | |
| FL | Experience or Merit Modification (0.76000) | |
| NC | Experience or Merit Modification (0.92000) | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO CONTINUE INSURANCE PROGRAMS, HONOR TERMS OF PREMIUM FINANCING AGREEMENTS, SATISFY RELATED PRE-PETITION OBLIGATIONS AND GRANTING RELATED RELIEF; AND MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/18/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/18/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **10/18/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **10/18/2024** | Ja'Nita Fisher | */s/ Ja'Nita Fisher* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**