1  **RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
2  *rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
3  *msimon@raineslaw.com*
3200 Park Center Drive, Suite 250
4  Costa Mesa, CA 92626
Telephone:     (310) 440-4100
5  Facsimile:     (310) 499-4877

6  Proposed Counsel for The Original Mowbray's Tree
Service, Inc., Debtor and Debtor-In-Possession
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                            **SANTA ANA DIVISION**

11

12  In re:                                    Case No: 8:24-bk-12674-TA

13  THE ORIGINAL MOWBRAY'S TREE              Chapter 11
     SERVICE, INC.,
14                                           **DEBTOR'S EMERGENCY MOTION
                                              FOR ORDER:**
15          Debtor and Debtor-in-Possession.
16                                           **(A)  PROHIBITING UTILITY
                                                    PROVIDERS FROM ALTERING,
                                                    REFUSING OR
17                                                  DISCONTINUING SERVICE;**

18                                           **(B)  DEEMING UTILITIES
                                                    ADEQUATELY ASSURED OF
19                                                  FUTURE PERFORMANCE; AND**

20                                           **(C)  ESTABLISHING PROCEDURES
                                                    FOR DETERMINING
21                                                  ADEQUATE ASSURANCE OF
                                                    PAYMENT UNDER 11 U.S.C. §
22                                                  366**

23                                           **MEMORANDUM OF POINTS AND
                                              AUTHORITIES**
24
                                             **[Declaration of Ruben Sainos Filed
25                                            Concurrently Herewith]**

26                                           **[Hearing to be Set]**

27

28

                                    1

1  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3      The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the

4  above-captioned case (the "**Debtor**"), hereby files this *Emergency Motion for Order (A)*

5  *Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service; (B) Deeming*

6  *Utilities Adequately Assured of Future Performance; and (C) Establishing Procedures for*

7  *Determining Adequate Assurance of Payment Under 11 U.S.C. § 366* (the "**Motion**").  In

8  support of the Motion, the Debtor submits the following memorandum of points and

9  authorities and the concurrently filed *Declaration of Ruben Sainos in Support of Chapter 11*

10  *Petition and First Day Pleadings* (the "**Sainos Declaration**").

11

12  **I.       INTRODUCTION**[1]

13      In the ordinary course of business, the Debtor uses electricity, gas, garbage, waste

14  management, internet, telephone, and water services.  These services are provided by Southern

15  California Edison, Pacific Gas & Electric, Frontier Communications, Verizon, Peerless

16  Network, Inc., UniVoIP, and other utility providers identified on Exhibit 1 (collectively with

17  any other utility providers, the "**Utility Providers**").

18      The continued and uninterrupted use of these utilities is essential to the Debtor's ability

19  to sustain operations.  Prior to the Petition Date, the Debtor generally paid the Utility

20  Providers' bills on a regular and timely basis.  A non-exhaustive list of the Utility Providers

21  that provide utility services to the Debtor and the estimated monthly payments to each is

22  attached hereto as **Exhibit 1**.  To continue day-to-day operations in the most cost-effective and

23  least disruptive manner, the Debtor must ensure that its utility services are not interrupted.

24  Because the Debtor cannot operate without utility services, it is critical that the Debtor obtain

25  emergency authorization for the relief requested herein and further relief as is just and proper

26  under the circumstances.  Accordingly, and as further detailed herein, the Debtor respectfully

27

28  ───────────────
   [1]   Capitalized terms used but not defined herein have the meanings given in the Sainos Declaration or
   below.

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1  requests that the Court enter an order: (a) prohibiting the Utility Providers from altering,

2  refusing, or discontinuing service; (b) deeming the Utility Providers adequately assured of

3  future performance; and (c) establishing procedures for determining adequate assurances of

4  future payment.

5

6  **II.      BACKGROUND**

7          **A.      General Background**

8          On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for

9  relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter

10  11 case (the "**Chapter 11 Case**" or "**Case**").  The Debtor is operating as the debtor in

11  possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.  No request for the

12  appointment of a trustee or examiner has been made in this Case and no official committees

13  have been appointed or designated.

14          A more fulsome discussion of the Debtor's operations, structure, and liabilities, and the

15  events leading to the commencement of this Case are set forth in the Sainos Declaration, which

16  is incorporated herein by reference.  The following is a shorter version of the discussion in the

17  Sainos Declaration.

18          Established in 1972 by Gloria and John Mowbray (the "**Founders**"), Mowbray's has

19  been a cornerstone in California for providing vegetation management services for over 50

20  years.  Mowbray's began as a modest venture and has grown into a resilient company,

21  dedicated to safeguarding communities and the environment.  Mowbray's continues to be a

22  family owned and operated business, is a member of WMBE (Women and Minority Business

23  Enterprise), and is committed to providing its client-partners with the safest and most efficient

24  solution to their vegetation management needs.

25          John Mowbray suffered a catastrophic brain injury on the job in 1993, leaving him

26  incapacitated.  Gloria Mowbray stepped up to manage the business while also caring for John

27  and raising four children on her own.  Gloria Mowbray passed away in April 2021.  Gloria

28

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES
10388830.2

1  Mowbray was the sole shareholder of the Debtor from 1993 until her passing, at which time

2  Robin Mowbray, her daughter, became the sole shareholder of the Debtor.

3        The services provided by the Debtor include, without limitation, manual and

4  mechanical clearing, integrated vegetation management, storm and emergency, right-of-way

5  maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation**

6  **Management Services**").  Tree-trimming around power lines, clearing vegetation to prevent

7  forest fires, removal of debris and charred remains after major wildfires in California, and

8  assisting with damage remediation in response to hurricanes—these are the types of important

9  services that the Debtor provides to the communities in which it serves.  Historically, utility

10  companies have been the Debtor's primary clients, including California's largest energy utility,

11  PG&E as well as Southern California Edison.  The Debtor also provides services to

12  governmental agencies and cooperatives.

13        The Debtor is based in California and provides Vegetation Management Services

14  throughout the state.  The Debtor also provides services and has an equipment yard in Ft.

15  White, Florida.  The Debtor's work outside of California has recently expanded in magnitude

16  and scope due to the disaster relief efforts in response to Tropical Storm Helene and Hurricane

17  Milton.  The Debtor's services in Florida have increased and the Debtor has recently begun

18  providing services in North Carolina as well.  The Debtor has mobilized multiple trucks and

19  crews for FEMA in both North Carolina and Florida.

20        The Debtor is currently owned by Robin Mowbray, the youngest daughter of the

21  Founders.  Since 2021, Ms. Mowbray has been the Chairwoman of the Debtor's Board.

22  Richard Mowbray (grandson of the Founders) has been the Debtor's Chief Executive Officer

23  since 2020.  Ruben Saines has served as the Debtor's CFO for approximately a year.  Prior to

24  the Petition Date, the Debtor retained Brian Weiss of Force 10 Partners as its Chief

25  Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring process,

26  including this Case.

27

28

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1

**B.    The Utilities**

2    In the ordinary course of its operations, the Debtor obtains electricity, natural gas,

3    water, telephone, internet, and other such services (collectively, the "**Utility Services**") from

4    the Utility Providers and incurs obligations for such services.  A non-exclusive list of the

5    Utility Providers as of the Petition Date is attached hereto as **Exhibit 1** (the "**Utility Service**

6    **List**").[2]

7    As shown on Exhibit 1, the Debtor typically incurs charges of approximately $27,300

8    per month for the Utility Services, which amounts are timely paid in the ordinary course of

9    business.  Also as shown on Exhibit 1, two of the Utility Providers hold a security deposit in

10    the aggregate amount of $8,715 (the "**Existing Utility Deposits**").

11    Uninterrupted Utility Services are essential to the Debtor's provision of services, and

12    any interruption, however brief, to utility services to the Debtor will result in a serious

13    disruption to the Debtor's operations and may dramatically affect the communities it serves.

14    Therefore, it is critical that the Court prohibit the Utility Providers from altering, refusing, or

15    discontinuing service to the Debtor without further order of this Court.  The deposit and

16    procedures described herein, with the streamlined mechanism for requesting further adequate

17    assurance described below, provides adequate assurance of payment for each of the Utility

18    Providers and safeguards the Debtor's continuing operations.

19

20    **III.    JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

21    The United States Bankruptcy Court for the Central District of California (the

22    "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is

23    proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28

24    U.S.C. § 157(b)(2) and may be determined by the Court.

25

26

27    [2]    Although **Exhibit 1** is intended to be comprehensive, one or more Utility Providers may have
been inadvertently omitted. The Debtor's requested relief is applicable to all Utility Services and Utility

28    Providers, regardless of whether such service or provider is specifically identified on Exhibit 1, unless
expressly noted otherwise herein.

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1    The predicates for the relief requested herein are sections 105(a) and 366 of title 11 of

2  the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal

3  Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4

5  **IV.    REQUESTED RELIEF**

6    By this Motion, pursuant to §§ 105(a) and 366 of the Bankruptcy Code, the Debtor

7  seeks entry of an emergency order by the Court: (a) prohibiting the Utility Providers from

8  altering, refusing, or discontinuing service; (b) deeming the Utility Providers adequately

9  assured of future performance; and (c) establishing procedures for determining adequate

10  assurances of future payment.

11    Consistent with its prior practice, the Debtor intends to pay post-petition Utility

12  Services Obligations in a timely manner.  Cash held by the Debtor and cash generated in the

13  ordinary course of business will provide sufficient liquidity to timely pay the Debtor's Utility

14  Services Obligations in the ordinary course and consistent with their pre-petition practice.

15  Moreover, the Budget annexed to the Sainos Declaration contemplates timely payments to the

16  Utility Providers.  Nevertheless, to provide further adequate assurance of payment for future

17  services from the Utility Providers, the Debtor proposes to establish reasonable procedures

18  (the "**Procedures**") by which Utility Providers may request adequate assurance of future

19  payment.  The Procedures are as follows:

20    **A.**    Absent further order of the Court and except as otherwise provided herein,

21  Utility Providers may not alter, refuse, or discontinue service due to, or discriminate against,

22  the Debtor on account of the commencement of the chapter 11 case or any unpaid pre-petition

23  charges, or request payment of a deposit or receipt of other security in connection with any

24  unpaid pre-petition charges;

25    **B.**    The Debtor will serve the order granting the Motion, via first class mail, within

26  five (5) business days after the order is entered by the Court on all Utility Providers identified

27  on **Exhibit 1**; provided, however, that for any Utility Provider that may have been omitted

28  from **Exhibit 1**, the Debtor shall have the right to supplement such list of Utility Providers and

6

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1  shall promptly provide notice of the order to such Utility Provider upon learning of such

2  Utility Provider;

3       **C.**     A Utility Provider may request additional assurance of payment within thirty

4  (30) days after the Petition Date (an "**Assurance Request**") by submitting an Assurance

5  Request to Michael Simon of Raines Feldman Littrell LLP, 3200 Park Center Drive, Suite 250,

6  Costa Mesa, California 92626;

7       **D.**     Any Assurance Request must (i) be made in writing and (ii) include a summary

8  of the payment history relevant to the affected account(s);

9       **E.**     If a Utility Provider makes a timely Assurance Request that the Debtor believes

10  is reasonable and does not exceed the average 30-day usage of the Utility Service, the Debtor

11  shall be authorized in its sole discretion to comply with such request and pay a cash deposit to

12  the subject Utility Provider in an amount no more than the average 30-day usage of the Utility

13  Service without further order of the Court;

14       **F.**     If the Debtor believes that the Assurance Request is unreasonable or the amount

15  requested is in excess of the amount of the Debtor's average 30-day usage, the Debtor will

16  schedule a hearing to determine if assurance to such Utility Provider is necessary (the

17  "**Determination Hearing**");

18       **G.**     Pending resolution of that issue at any such Determination Hearing, any Utility

19  Provider making an Assurance Request shall be prohibited from altering, refusing, or

20  discontinuing service to the Debtor; and

21       **H.**     A Utility Provider shall be deemed to have adequate assurance of payment

22  unless and until a future order of the Court is entered requiring further adequate assurance of

23  payment.

24       Although the Debtor believes that the list of Utility Providers attached hereto as

25  **Exhibit 1** is a complete list, the Debtor reserves its rights, without further order of the Court,

26  to supplement the list to add any Utility Provider that has been inadvertently omitted.  If the

27  Debtor supplements the list subsequent to the filing of this Motion, the Debtor will promptly

28  serve a copy of the signed Order on any Utility Provider that is added to the list by such

7

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1  supplement.  Concurrently with such service, the Debtor will file with the Court a supplement

2  to **Exhibit 1** adding the name of the Utility Provider so served.  Such added Utility Provider

3  shall have thirty (30) days from the date of service of the Order to make an Assurance Request.

4  If such an Assurance Request is made, the Debtor shall abide by the procedures set forth

5  above, as applicable.  Pending resolution of any Determination Hearing relating to an

6  Assurance Request, the Debtor may seek a further order of the Court prohibiting any Utility

7  Provider from altering, refusing, or discontinuing service to the Debtor.

8       The Debtor also requests the authority to adjust the amount of the Adequate Assurance

9  Deposit to account for the termination, if any, of Utility Services by the Debtor or by

10  agreement between the Debtor and the affected Utility Provider without further order of the

11  Court.

12

13  **V.      BASIS FOR RELIEF UNDER SECTION 366 OF THE BANKRUPTCY CODE**

14       Section 366(a) of the Bankruptcy Code protects a debtor against the immediate

15  termination of utility services after it files for bankruptcy.  *See* 11 U.S.C. § 366(a).  Pursuant

16  to § 366(a) & (b), a utility provider may not alter, refuse, or discontinue services to a debtor in

17  a chapter 11 case solely due to the commencement of the case or because of unpaid

18  pre-petition amounts.  *See* 11 U.S.C. §§ 366(a) & (b).  However, the utility provider may

19  subsequently do so unless the debtor (as the Debtor is doing pursuant to this Motion) furnishes

20  "adequate assurance" of payment, in the form of a deposit or otherwise, for post-petition

21  services in a form "satisfactory" to the utility provider within 20 days of the petition date.  *See*

22  11 U.S.C. § 366(b).

23       Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection

24  Act of 2005, courts, commentators, and legislative history all confirmed that § 366 does not

25  require, in every case, that the debtor provide a deposit or other security to its utilities as

26  adequate assurance of payment.  In *Virginia Electric & Power Co. v. Caldor, Inc.*, the Second

27  Circuit affirmed the bankruptcy court's ruling that the debtor's pre-petition payment history,

28  its post-petition liquidity, and the administrative priority status afforded to post-petition

8

1    invoices constituted adequate assurance of future performance.  *See Virginia Electric &*

2    *Power Co. v. Caldor, Inc.*, 117 F.3d 646, 648-49 (2d Cir. 1997); *see also In re Pacific Gas &*

3    *Elec. Co.*, 271 B.R. 626, 644-45 (N.D. Cal. 2002) (upholding the bankruptcy court's finding

4    that the debtor's likelihood of performance and availability of resources provided adequate

5    assurance); *Shirley v. Philadelphia Elec. Co. (In re Shirley)*, 25 B.R. 247, 249 (Bankr. E.D.

6    Pa. 1982) ("section 366(b) . . . does not permit a utility to request adequate assurance of

7    payment for continued services unless there has been a default by the debtor on a pre-petition

8    debt owed for services rendered").

9         Under § 366(c) of the Bankruptcy Code, however, in a chapter 11 case, a utility

10   provider may alter, refuse, or discontinue utility service if within 20 days after the

11   commencement of the chapter 11 case, the utility provider does not receive adequate

12   assurance in a form that is "satisfactory" to the utility provider, subject to the Court's ability to

13   modify the amount of adequate assurance.  Further, under § 366(c), in making a determination

14   of whether an assurance of payment is adequate, the Court may not consider (i) the absence of

15   security before the petition date, (ii) the debtor's history of timely payment, or (iii) the

16   availability of an administrative expense priority to the utility company.

17        While the form of adequate assurance of payment may be limited under § 366(c) to the

18   types of security enumerated in § 366(c)(1)(A), the amount of the deposit or other form of

19   security remains fully within the reasonable discretion of the Court.  It has been well-

20   established that the requirement that a utility provider receive adequate assurance of payment

21   does not require a guarantee of payment.  Instead, the protection granted to a utility provider

22   is intended to avoid exposing the utility provider to an unreasonable risk of nonpayment.  In

23   *Adelphia Business Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002), the bankruptcy

24   court stated that "[i]n determining adequate assurance, a bankruptcy court is not required to

25   give a utility company the equivalent of a guaranty of payment, but must only determine that

26   the utility is not subject to an unreasonable risk of nonpayment for post-petition services."

27   The essence of the Court's inquiry is an examination of the totality of the circumstances in

28   making an informed judgment as to whether utilities will be subject to an unreasonable risk of

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1    nonpayment.  *See id.* at 82-83; *see also In re Magnesium Corp.of America*, 278 B.R. 698, 714

2    (Bankr. S.D.N.Y. 2002) ("In deciding what constitutes adequate assurance in a given case, a

3    bankruptcy court must focus upon the need of the utility for assurance, and to require that the

4    debtor supply no more *than that*, since the debtor almost perforce has a conflicting need to

5    conserve scarce financial resources." (emphasis in original) (internal quotations omitted)).

6         Here, the Debtor proposes to protect the Utility Providers by establishing the

7    Procedures provided for herein, whereby any Utility Provider can request adequate assurance

8    in the event that it believes there are facts and circumstances with respect to it providing

9    post-petition services to the Debtor that would merit greater protection.  As set forth above,

10   the Debtor cannot continue to operate in the ordinary course without continued utility

11   services.  If any of the Utility Providers alter, refuse or discontinue service, even for a brief

12   period, the Debtor's business operations would be severely disrupted and potentially

13   irreparably harmed.  Such disruption could have a devastating impact on the Debtor's going

14   concern value and ability to reorganize.  It is therefore critical that utility services continue

15   uninterrupted.  In contrast, the Utility Providers will not be prejudiced by the continuation of

16   their services and will be paid all post-petition utility charges.

17        The Adequate Assurance Procedures set forth a streamlined process for Utility

18   Providers to address potential concerns with respect to the Proposed Adequate Assurance,

19   while at the same time allowing the Debtor to administer its chapter 11 estate uninterrupted.

20   More specifically, the Adequate Assurance Procedures permit a Utility Provider to object to

21   the Proposed Adequate Assurance by serving an Assurance Request upon the Notice Parties.

22   The Debtor, in its discretion, may then resolve any Assurance Request by mutual agreement

23   with the Utility Provider and without further order of the Court.  If the Assurance Request

24   cannot be resolved by mutual agreement, the Debtor may seek Court resolution of the

25   Assurance Request.  The Adequate Assurance Procedures avoid a disorganized process

26   whereby each Utility Provider could make a last-minute demand for adequate assurance that

27   would force the Debtor to pay under the threat of losing critical Utility Services.  Accordingly,

28   the Debtor submits that the procedures proposed are proper, reasonable and just in this Case.

10

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1    Further, this Court also has the authority to grant the relief requested herein pursuant

2  to § 105(a) of the Bankruptcy Code, which provides that the Court "may issue any order,

3  process or judgment that is necessary or appropriate to carry out the provisions of this title."

4  11 U.S.C. § 105(a).  The purpose of § 105(a) is "to assure the bankruptcy court[']s power to

5  take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."

6  *See* 2 Collier On Bankruptcy ¶ 105.01, at 105-5 to 105-6 (15th rev. ed. 2001).  Because the

7  proposed Procedures protect the Debtor and the Utility Providers, they carry out § 366 in a

8  manner fully consistent therewith and are an appropriate exercise of this Court's authority

9  under § 105(a) of the Bankruptcy Code.

10

11  **VI.      THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED**

12    Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to

13  avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the

14  petition, grant. . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding

15  property of the estate, including a motion to pay all or part of a claim that arose prior to the

16  filing of the petition . . . ." Fed. R. Bankr. P. 6003(b).  As detailed above and as set forth in the

17  Sainos Declaration, the relief requested in this Motion is necessary to avoid immediate and

18  irreparable harm to the Debtor and its estate.  If the relief requested herein is not obtained

19  during the first twenty-one days of the chapter 11 case it would cause substantial disruption to

20  the Debtor's operations to the detriment of its estate and creditors.  Accordingly, the Debtor

21  submits that Bankruptcy Rule 6003 is satisfied.

22    Similarly, unless the Court orders otherwise, Bankruptcy Rule 6004(a) requires the

23  Debtor to provide 21 days' notice to all creditors and certain other parties in interest of the use

24  of property outside of the ordinary course of business.  *See* Fed. R. Bankr. P. 6004(a).

25  Moreover, unless the Court orders otherwise, Bankruptcy Rule 6004(h) automatically stays for

26  14 days any order granting such relief.  *See* Fed. R. Bankr. P. 6004(h).  To the extent

27  applicable, the Debtor submits that, as described above and in the Sainos Declaration, the

28  relief requested in this Motion is necessary to avoid immediate and irreparable harm to the

EMERGENCY MOTION FOR ORDER REGARDING UTILITIES

10388830.2

1   Debtor that would otherwise be caused by a delay in the granting of the relief requested herein.

2   Therefore, to implement the foregoing successfully, the Debtor requests that the Court enter an

3   order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) or

4   such notice requirement is waived, and that the Debtor has established cause to exclude such

5   relief from the 14-day stay period under Bankruptcy Rule 6004(h).

6

7   **VII.    RESERVATION OF RIGHTS**

8         The Debtor hereby reserves any and all rights it may have with respect to the relief

9   requested herein, and nothing contained herein is intended or shall be construed as: (i) an

10  admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or

11  any party in interest's rights to dispute any claim, or (iii) an approval or assumption of any

12  agreement, contract, program, policy or lease under § 365 of the Bankruptcy Code.

13  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the

14  Court's order is not intended and should not be construed as an admission to the validity of

15  any claim or a waiver of the Debtor's rights to dispute such claim subsequently.  Finally, the

16  relief requested herein shall not oblige the Debtor to accept any services.

17

18  **VIII.   CONCLUSION**

19        WHEREFORE, the Debtor respectfully requests that the Court grant the relief

20  requested herein, and such other and further relief as is just and proper.

21

22

23  DATED:  October 18, 2024                 **RAINES FELDMAN LITTRELL LLP**

24

25                                          By:    _/s/ Robert S. Marticello_
                                                   ROBERT S. MARTICELLO
26                                                 MICHAEL L. SIMON
                                                   Proposed Counsel for the Debtor and Debtor-In-
27                                                 Possession

28

                                          12

# EXHIBIT "1"

**EXHIBIT "1"**

| Utility Provider | Service | Average Estimated Monthly Payment | Address | DEPOSIT |
|---|---|---|---|---|
| SOUTHERN CALIFORNIA EDISON | Electricity | $218.94 | CUST ACC. 700737374442 SERV. LOC. 17332 MILLWOOD DR.VISALIA CA & 17334 MILLWOOD MHME IVANHOE CA | |
| SOUTHERN CALIFORNIA EDISON | Electricity | $8,157.37 | CUST ACCT#700214366206 - 686 E MILL ST, SAN BERNARDINO, CA | |
| SOUTHERN CALIFORNIA EDISON | Electricity | $1,261.63 | CUST ACCT#700778714529 - 171 S WATERMAN AVE SB | $5,115.00 |
| SOUTHERN CALIFORNIA EDISON | Electricity | $35.86 | CUST ACC. 700739079420 SERV. LOC. 17332 MILLWOOD DR PMP WOOD LAKE CA 93286 | |
| WASTE MANAGEMENT | Trash | $753.99 | CUSTOMER ID 26-80584-93002 SERVICE LOC 17332 MILLWOOD DR, VISALIA CA 93292 | |
| WASTE MANAGEMENT | Trash | $816.54 | CUST ID 29-94390-93001 5305 EXCELSIOR RD SACAMENTO CA | |
| WASTE MANAGEMENT | Trash | $587.49 | Customer ID: 29-94472-73006 , 6550 Sunrise Blvd, Citrus Heights CA 95610 | |
| BURRTEC WASTE | Trash | $759.30 | CUSTOMER# 15043960 SER LOC 171 S WATERMAN AVE | |
| BURRTEC WASTE | Trash | $650.57 | CUSTOMER# 15057506 SER LOC 686 E MILL ST SB | |
| MOUNTAIN DISPOSAL | Trash | $216.95 | CUST #1043025  SER. LOC.29353 TORREY RD | |
| MOUNTAIN DISPOSAL | Trash | $256.66 | CUST #1040649 SER. LOC.29353 687 N STATE HWY 173 | |
| FRONTIER | Internet | $770.32 | ACCT# 951-197-1961-121923-5 INTERNET SERVICE LOC - 686 MIL ST | |
| FRONTIER | Internet | $256.57 | ACCT# 909-381-1952-082620-5 FIRE ALARM INTERNET SERVICE LOC - 686 MIL ST | |
| UNIVOIP INC | Phone | $245.27 | 686 E MILL ST, FL 2 SAN BERNARDINO, CA ACCT# 13112810018 | |
| VERIZON WIRELESS | Phone | $10,000.00 | CELL PHONES & TABLETS | |
| ALHAMBRA | Water | $1,203.43 | DRINKING WATER DELIVERY FOR MULATIPLE ADDRESSES | |
| CITY OF SAN BERNARDINO MUNICIPAL WATER | Water | $240.33 | Acct # 114645-14684 - SERV LOC 171 WATERMAN AVE | |
| CITY OF SAN BERNARDINO MUNICIPAL WATER | Water | $590.77 | Acct # 311371-11204 - SERV LOC686 E Mil St | |
| AIRGAS USA | Gas | $174.61 | PROPANE DELIVERY - 171 WATERMAN AVE | |
| SO CAL GAS | Gas | $50.27 | ACC# 152 816 0079 9 - NATURAL GAS FOR 17334 MILLWOOD DR VISALIA CA 93292-9577 | |
| SO CAL GAS | Gas | $77.98 | ACC# 06412199975 - NATURAL GAS FOR 686 E. MILL ST, S.B. | |
| Department of Public Works Solid Waste Management Division | Trash | $0.00 | D-40 CLEAN UP DEBRIS PROJECT | $3,600.00 |
| TOTAL: | | $27,324.86 | | $8,715.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S EMERGENCY MOTION FOR ORDER: (A)  PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (B)  DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND  (C)  ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT UNDER 11 U.S.C. § 366; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/18/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/18/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **10/18/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **10/18/2024** | Ja'Nita Fisher | */s/ Ja'Nita Fisher* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**