**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone:    (310) 440-4100
Facsimile:    (310) 499-4877

Proposed Counsel for The Original Mowbray's Tree Service, Inc., Debtor and Debtor-In-Possession

**FILED & ENTERED**

**OCT 24 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY deramus  DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC.,<br><br>Debtor and Debtor-in-Possession. | Case No: 8:24-bk-12674-TA<br><br>Chapter 11<br><br>**ORDER GRANTING, ON AN INTERIM BASIS, DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL**<br><br>**Hearing (via Zoom for Government):**<br>**Date:** October 22, 2024<br>**Time:** 11:00 a.m.<br>**Place:** Courtroom<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

On October 22, 2024, at 11:00 a.m., a hearing was held on the *Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral* (the "**Motion**") filed by The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**").  Appearances were as noted on the record.  Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Motion.

1

Having considered the Motion, all papers submitted in support thereof and opposition thereto, the statements and arguments of counsel on the record, and finding that notice and service of the Motion were proper,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted to the extent provided herein.

2. The Debtor is authorized to use cash collateral on an interim basis through and including the Final Hearing (the "**Cash Collateral Period**") in accordance with the budget attached to this order as Exhibit "1" (the "**Budget**"). The expenditures during the Cash Collateral Period covered by the Budget are not to exceed 115% per budget line item set forth in the Budget for such period (*i.e.*, a 15% variance); *provided, however*, the total cash expenditures during the Cash Collateral Period shall not exceed 110% of the total budgeted disbursements in the Budget (*i.e.*, a 10% cumulative variance on disbursements).

3. During the Cash Collateral Period, any unused amount for any given line item in the Budget for a particular week shall carry forward and can be used in later weeks, and any amounts budgeted for a given line item in a particular week through the end of the current Cash Collateral Period may be spent at an earlier time provided the total amount spent for such line item does not exceed the total amount budgeted for that line item with the 15% variance.

4. If and to the extent that, as of the October 18, 2024, petition date (the "**Petition Date**"), PNC Bank ("**PNC**") holds a duly perfected, unavoidable, and valid lien in all, or a portion of, the Debtor's assets (collectively, the "**Prepetition Collateral**"), PNC will receive a replacement lien in the Debtor's post-petition assets in the same extent, validity, and priority as PNC's security interests in the Prepetition Collateral (collectively, the "**Security Interests**") to the extent of any aggregate diminution in value with respect to PNC's Security Interests post-petition, as calculated in accordance with § 506(a) of the Bankruptcy Code. The replacement liens granted by this order shall be deemed perfected without the need for additional actions otherwise required by applicable law. The replacement liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtor or the proceeds thereof. The replacement liens

will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any collateral based on Bankruptcy Code § 506(c). For the avoidance of doubt, this order shall not be interpreted to mean that PNC is or is not entitled to liens on post-petition assets to the extent such assets constitute proceeds of any duly perfected, enforceable and unavoidable security interests and the parties reserve all rights and arguments on this issue.

5. The Debtor reserves any and all rights, arguments and objections with respect to the validity and scope of any lien asserted by any creditor in the Debtor's cash.

6. The Debtor is authorized to make the monthly payments to PNC and any other secured creditors as provided in the Budget (each, a "**Monthly Payment**" and collectively, the "**Monthly Payments**"). The respective rights of the parties as to whether the Monthly Payments are applied to principal or interest as provided in the Bankruptcy Code and the parties' respective loan documents are preserved.

7. A hearing on the Motion and the use of cash collateral on a final basis shall occur on November 19, 2024, at 10:00 a.m. (the "**Final Hearing**")

8. The parties reserve any and all rights, arguments, and objections with respect to the Motion.

9. Objections to the Motion, if any, shall be filed by no later than November 5, 2024.

10. Any reply to any objection to the Motion shall be filed by no later than November 12, 2024.

Date: October 24, 2024

_____
Theodor C. Albert
United States Bankruptcy Judge