**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
rmarticello@raineslaw.com
Michael L. Simon, State Bar No. 300822
msimon@raineslaw.com
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone:    (310) 440-4100
Facsimile:    (310) 499-4877

Proposed Counsel for The Original Mowbray's Tree Service, Inc., Debtor and Debtor-In-Possession

**FILED & ENTERED**

**OCT 24 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY deramus  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC.,<br><br>            Debtor and Debtor-in-Possession. | Case No: 8:24-bk-12674-TA<br><br>Chapter 11<br><br>**ORDER ON DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING CONTINUED USE OF DEBTOR'S BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM TO THE EXTENT SET FORTH HEREIN**<br><br>**Hearing (via Zoom for Government):**<br>**Date:** October 22, 2024<br>**Time:** 11:00 a.m.<br>**Place:** Courtroom<br>        411 West Fourth Street<br>        Santa Ana, CA 92701 |

On October 22, 2024, at 11:00 a.m., a hearing was held on the *Emergency Motion for Order Authorizing Continued Use of Debtor's Bank Accounts and Cash Management System to the Extent Set Fourth Herein* [Docket No. 6] (the "**Motion**") filed by The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case

1

(the "**Debtor**").  Appearances were as noted on the record.  Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Motion.

Having considered the Motion and the Sainos Declaration; this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); this Court having found that venue of bankruptcy case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; a hearing on the Motion having been held before this Court (the "**Hearing**"); this Court having considered the Motion and all papers submitted in support thereof, any opposition to the Motion, and the statements made on the record at the Hearing; this Court having found that the Debtor's notice of the Motion and Hearing were appropriate under the circumstances and no other or further notice need be provided; this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; this Court having determined that the legal and factual bases set forth in the Motion, the Sainos Declaration, and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not directed, in its sole discretion, to continue operating its Cash Management System.

3. The Debtor is authorized to keep the Operating Account open, in the names and with the account numbers existing immediately before the Petition Date, and to continue to use the Operating Account for receipts and disbursements until November 18, 2024 (the "**Operating Account Closing Deadline**").

4. After the Operating Account Closing Deadline, the Debtor is authorized to keep the Operating Account open and to continue to use the Operating Account solely to receive revenues and other receipts throughout this chapter 11 case (the "**Case**").

5. By the Operating Account Closing Deadline, the Debtor will cause to be opened at PNC Bank, National Association (the "**Cash Management Bank**"), a debtor-in-possession operating account (the "**DIP Operating Account**").

6. By the Operating Account Deadline, the Debtor shall establish with the Cash Management Bank for funds in the Operating Account to be automatically swept once per banking day into the DIP Operating Account and all post-petition payments after the Operating Account Closing Deadline (other than from the Payroll Account as provided herein) shall be made from DIP Operating Account.

7. The Debtor is authorized to keep the Payroll Account open, in the names and with the account numbers existing immediately before the Petition Date, and to continue to use the Payroll Account to pay payroll as it did prior to the Petition Date until December 17, 2024 (the "**Payroll Account Closing Deadline**" and together with the Operating Account Closing Deadline, the "**Deadlines**").

8. By the Payroll Account Closing Deadline, the Debtor will cause to be opened at the Cash Management Bank a debtor-in-possession payroll account (the "**DIP Payroll Account**" and together with the DIP Operating Account, the "**DIP Accounts**").

9. The Debtor shall include the monthly bank statements for the Operating Account and the Payroll Account (collectively, the "**Accounts**") for the applicable period after the Petition Date with its monthly operating reports.

10. The Deadlines may be extended by stipulation among the Debtor, the Office of the U.S. Trustee, and the Cash Management Bank, or by further order of the Court.

11. The Debtor is authorized to deposit funds in and withdraw funds from the Accounts (to the extent otherwise permitted in this Order) and the DIP Accounts by all usual means, subject to the same access rights and limitations existing immediately prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits.

12. The Cash Management Bank is hereby authorized and directed to continue to service and administer the Accounts (to the extent otherwise permitted in this Order) and DIP Accounts without interruption and in the usual and ordinary course, including the payment of any ordinary course bank service and transaction fees (*e.g.*, maintenance, overdraft, wire fees and the like) and credit card processing fees irrespective of whether such fees arose prior to the Petition Date, and to perform their obligations under the documents and arrangements governing the Accounts and DIP Accounts consistent with this Order, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on such accounts by the holders or makers thereof, *provided* that, in no event shall the Cash Management Bank be required to honor overdrafts. The agreements existing between the Debtor and the Cash Management Bank immediately prior to the Petition Date with respect to the Accounts and the Credit Cards with PNC shall continue to govern such relationship, as applicable, between the Debtor and the Cash Management Bank and, except as expressly modified by or provided in this Order (including paragraph 16 below) or by the Bankruptcy Code, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court. For the avoidance of doubt, Cash Management Bank shall be permitted to use funds from one Account or DIP Account to remedy any overdraft of another Account or DIP Account to the extent permitted under the applicable agreement between the parties with respect to any Account, unless the Debtor and the Cash Management Bank agree otherwise.

13. The Debtor is authorized, but not directed, to continue using any existing Credit Cards in the ordinary course of business and consistent with prepetition practices and any agreements existing between the Debtor and third-party (including the Cash Management Bank) governing the Credit Cards shall continue to govern the post-petition card relationship between the parties thereto; *provided however*, nothing herein shall be deemed an assumption

4

ORDER GRANTING EMERGENCY MOTION
FOR ORDER AUTHORIZING CONTINUED USE OF DEBTOR'S BANK ACCOUNTS
AND CASH MANAGEMENT SYSTEM

10397239.1

or assumption and assignment of such agreement(s). The Debtor shall include the monthly bank statements for the Credit Cards for the applicable period after the Petition Date with its monthly operating reports.

14. The Debtor is not authorized to pay any prepetition balances owing on the Credit Cards without further order of this Court.

15. The Debtor shall pay the amounts that accrue on the Credit Cards after the Petition Date in the ordinary course and when due in accordance with their respective terms.

16. Subject to § 553 of the Bankruptcy Code, the Cash Management Bank is prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtor's use of any funds in the Debtor's accounts on account of, or by reason of, any prepetition claim (as defined in § 101(5) of the Bankruptcy Code) of the Cash Management Bank against the Debtor.

17. The Debtor is authorized, in the ordinary course of business, to open any new debtor-in-possession bank accounts or close any of the Accounts, or otherwise make changes to its Cash Management System as it may deem necessary to facilitate the bankruptcy case and its operations.

18. The relief granted in this Order is extended to any new bank account opened by the Debtor after the date hereof, which account shall be deemed a DIP Account (as defined herein), and to any Additional Cash Management Bank (as hereinafter defined) at which such account is opened; *provided* that such new account is with the Cash Management Bank or with a bank (an "**Additional Cash Management Bank**") that: (a) is insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (b) is an authorized depository pursuant to the U.S. Trustee's Operating Guidelines, and (c) agrees to be bound by the terms of this Order.

19. Notwithstanding any other provision of this Order, the Cash Management Bank shall not be deemed to be nor shall be liable to the Debtor or its estate or otherwise be in violation of this Order if it honors a prepetition check or other item drawn on any account that

is the subject of this Order: (a) unless the Debtor has previously stopped payment on the check or item in accordance with the agreements related to the Accounts and the Cash Management Bank's ordinary and customary procedures, or if paid at the direction of the Debtor, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, (c) as a result of an innocent mistake made despite implementation of customary item handling procedures, (d) pursuant to another order of this Court permitting the payment of the prepetition obligation subject to such check or other item, or (e) prior to entry of this Order.

20. The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

21. The Debtor is authorized, but not directed, to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with the relief granted herein or granted pursuant to another order of the Court.

22. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

23. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

24. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

25. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

26. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

27. A final hearing on the Motion shall be held on November 19, 2024 at 10:00 a.m.

1     28.      Objections to the Motion, if any, shall be filed by no later than November 5, 2024.

29.      Any reply to any objection to the Motion shall be filed by no later than November 12, 2024.

30.      Nothing herein shall restrict the rights of any party to seek relief from this Court with respect to this Order or matters related to this Order.

###

Date: October 24, 2024

Theodor C. Albert
United States Bankruptcy Judge

ORDER GRANTING EMERGENCY MOTION
FOR ORDER AUTHORIZING CONTINUED USE OF DEBTOR'S BANK ACCOUNTS
AND CASH MANAGEMENT SYSTEM

10397239.1