| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Ahren A. Tiller, Esq. [SBN 250608]<br>BLC LAW CENTER, APC<br>1230 Columbia St., Suite 1100<br>San Diego, CA 92101<br>Telephone No. (619) 894-8831<br>Facsimile No. (866) 444-7026<br>Email: ahren.tiller@blc-sd.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**DEC 30 2024**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY deramus  DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-12674-TA<br>CHAPTER: 11 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
| | DATE: 12/17/2024<br>TIME: 10:00am<br>COURTROOM: 5B<br>PLACE: 411 W. Fourth St., Santa Ana, CA 92701 |

**MOVANT:** JAIME RODRIGUEZ, and ANA LIDIA GOMEZ (the "Movants")

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

    Name of Nonbankruptcy Action: RODRIGUEZ, et. al. vs. THE ORIGINAL MOWBRAY'S et. al. (the "Nonbankruptcy Action")

    Docket number: CIVDS2003809

    Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Superior Court of the State of California, County of San Bernardino

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 1                                  F 4001-1.RFS.NONBK.ORDER

*10441296.1*

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movants the stay of 11 U.S.C. § 362(a) is:

    a.  ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate *solely as set forth below in Sections 5 and 11*.

    b.  ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☒ Annulled retroactively to the bankruptcy petition date *solely <u>as set forth below in Section 11.C</u>*.

5.  **Limitations on Enforcement of Judgment:** Movants may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movants are permitted to enforce their final judgment only by *(specify all that apply)*:

    a.  ☒ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.  ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*:

    A.  The Effective Date of this Order is: January 1, 2025, such that the relief granted in this Order is effective as of January 1, 2025.

    B.  The Movants and the Debtor may proceed in the Nonbankruptcy Action to a final judgment in accordance with applicable nonbankruptcy law, including any post-judgment motions and applications in aid of proceeding to entry of a final judgment (subject to Section 11.F below) or responding to said judgment, and any appeals of the judgment.

    C.  The automatic stay is retroactively annulled as to the entry of the October 24, 2024 *Ruling on the Objection to Plaintiffs' Proposed Judgment* entered in the Nonbankruptcy Action, attached to this Order and marked as "Exhibit 1." Thus, said Order attached as Ex. 1 is effective and not void and does not need to be re-entered in the Nonbankruptcy forum.

    D.  The *Judgment* entered in the Nonbankruptcy Action on November 4, 2024 is *void ab initio*, as it was entered in violation of the stay (11 U.S.C. § 362(a)). However, this Court grants relief from the stay to allow such judgment to be re-entered in the Nonbankruptcy Action after the Effective Date of this Order.

    E.  As provided in Section 5 above, Movants are granted relief from the automatic stay to seek to collect the amounts owed pursuant to any final judgment entered against the Debtor, by seeking to recover any and all payments owed to Movants under the Debtor's available insurance, specifically the Everest National Insurance Company Commercial Auto Policy – Policy No. EN4CA00458191 ("Insurance Policy"), including the applicable policy limits and all amounts payable under the "Supplementary Payments" provision of the Insurance Policy for costs and interest taxed against the insured during the course of the litigation pursuant to the terms of the Insurance Policy.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                           **F 4001-1.RFS.NONBK.ORDER**

*10441296.1*

F.    The automatic stay remains in full force and effect against any and all collection efforts by Movants against the Debtor or property of its bankruptcy estate.

**Approved as to Form and Content by:** /s/ Robert S. Marticello
Robert S. Marticello, Esq.
Attorney for Debtor
THE ORIGINAL MOWBRAY'S TREE SERVICE, INC

###

Date: December 30, 2024

Theodor C. Albert
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*     Page 3     **F 4001-1.RFS.NONBK.ORDER**

*10441296.1*

# EXHIBIT 1

```
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
247 West Third Street, Department 23
San Bernardino, California 92415
```

RECEIVED
OCT 31 2024
Quirk Law Firm LLP

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 24 2024

BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JAIME RODRIGUEZ, an individual, ANA LIDIA GOMEZ, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ORIGINAL MOWBRAY'S TREE SERVICE, INCORPORATED, a corporation; RICKY MOWBRAY, an individual, ROBIN MOWBRAY, an individual, RICHARD MOWBRAY, an individual, JONATHAN ARMANDO GONZALEZ-VARILLAS, an individual; and DOES 1 through 10, ROE CORPORATIONS 1 through 10, <br><br> Defendants. | Case No.   CIVDS2003809 <br><br> RULING ON DEFENDANT'S OBJECTION TO PLAINTIFFS' PROPOSED JUDGMENT |

This matter came before the court for a hearing on Defendant's (Mowbray's) Objection to Plaintiffs' Proposed Judgment. The Court has reviewed and considered the briefs of the parties, as well as the arguments of counsel and issues its ruling as follows:

### FACTUAL AND/OR PROCEDURAL CONTEXT

On July 16, 2024, the jury answered "Yes" on the special verdict form to questions directed to the liability of Defendant Jonathan Armando Gonzalez-Varillas based on his negligence in operating the vehicle at issue. It also answered "Yes" to questions directed to Defendant The Original

- 1 -

Exhibit 5    1 of 8

Mowbray's Tree Service, Incorporated's liability based on negligent entrustment, negligence per se related to authorizing Gonzalez-Varillas to drive its vehicle knowing Gonzalez-Varillas did not have a license, and negligent hiring, supervision, or retention.

The jury awarded noneconomic damages to Plaintiff Jaime Rodriguez in the amount of $20,000,000 for past damages and $10,000,000 for future damages and to Plaintiff Ana Lidia Gomez in the amount of $1,000,000 for past damages and $1,500,000 for future damages. In allocating noneconomic damages, the jury found Gonzalez-Varillas 25 percent responsible and found Mowbray's 75 percent responsible.

On August 30, 2024, the matter came before the court regarding the status of entry of judgment, with Mowbray's expressing issues with the proposed judgment. The status hearing was continued to October 2, 2024. On September 18, 2024, Defendant Mowbray's filed an objection to Plaintiffs' proposed judgment. It takes issue with Plaintiffs' proposed judgment providing for Plaintiffs' recovery of 100 percent of the noneconomic damages award from Mowbray's. At the October 2, 2024 hearing, the court took Mowbray's objection to the proposed judgment under submission.

### DISCUSSION

Under Civil Code section 1431.2 (Proposition 51), "[i]n any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount."

In a trial brief that Plaintiffs filed on June 13, 2024, they asserted that a statutory duty is not subject to apportionment under Proposition 51, citing *Rashtian v. BRAC-BH, Inc.* (1992) 9 Cal.App.4th 1847, 1851 (*Rashtian*). Plaintiffs assert that because the jury was instructed to consider

-2-

Exhibit 5    2 of 8

the issue of negligence per se based on Mowbray's violation of Vehicle Code section 14606, a finding of liability for negligence per se under section 14606 is not subject to apportionment and Mowbray's liability is joint and several for all noneconomic damages.

In Defendant Gonzalez-Varillas' trial brief addressed to the issue, filed June 14, 2024, he asserted that if Mowbray's is found negligent per se under section 14606, Mowbray's "is by law responsible for all damages sustained as a result of the actions of their employee." Gonzalez-Varillas did not cite to any legal authority in support of his contention.

In its objection to the proposed judgment, Defendant Mowbray's argues that no legal authority holds Civil Code section 1431.2 is inapplicable to liability based on negligence per se, which amounts to a finding of negligence. It contends that section 1432.1 is applicable to any finding of negligence, whether based on negligent hiring, supervision, and retention, negligence per se, or negligent entrustment. It also argues *Rashtian* is distinguishable and has no application.

**Analysis**

In *Rashtian*, at issue was an owner's liability under Vehicle Code section 17150, which "makes an owner of a motor vehicle liable for injuries caused by another's negligent operation of that vehicle if the person so operating the vehicle is operating it with the owner's express or implied permission. Under section 17150, such an owner becomes liable even though he is without fault in causing the accident" and no fault "is even imputed to him." (*Rashtian, supra*, 9 Cal.App.4th at p. 1852.) In such situation, "[t]he owner and the operator of the vehicle are not joint tortfeasors in the traditional sense since the owner's liability is not due to active or passive participation in the negligence alleged by the plaintiff in the complaint. While the owner may be a joint tortfeasor by reason of the vicarious liability which is statutorily imposed, he is not an *independent* tortfeasor. [Citation.]" (*Ibid.*, italics in original.) Between the injured third party and the vehicle owner the liability is direct, but with the driver, the owner's liability is secondary. (*Ibid.*) For purposes of Proposition 51, they are considered a single tortfeasor and Proposition 51 "does not extend to the

- 3 -

Exhibit 5    3 of 8

jointly liable defendant whose liability is not based on fault but rather is imposed by statute as a matter of public policy." (*Id.* at p. 1854.)

"A common law cause of action for 'negligent entrustment is an independent tort' that may be brought separately from a section 17150 cause of action." (*McKenna v. Beesley* (2021) 67 Cal.App.5th 552, 563 fn. 14 (*McKenna*), citing *Beyer-Bel v. Litovsky* (2008) 159 Cal.App.4th 396, 400.) Similarly, negligent hiring/retention is a theory of direct liability, not vicarious liability, in which the negligence is that of the employer, not the employee. (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1163.)

Negligence per se in relation to Vehicle Code section 14606 is not demonstrated to operate the same as liability imposed on a vehicle owner under Vehicle Code section 17150, which was at issue in *Rashtian*. Negligence per se is not an independent cause of action, but is an evidentiary doctrine at Evidence Code section 669. (*Epochal Enterprises, Inc. v. LF Encinitas Properties, LLC* (2024) 99 Cal.App.5th 44, 58.) The doctrine of negligence per se does not establish tort liability – it merely codifies the rule that a presumption of negligence arises from the violation of a statute that was enacted to protect a class of persons of which plaintiff is a member against the type of harm that plaintiff suffered as a result of the violation. (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1285.) Here, Vehicle Code section 14606 was relevant in determining elements related to a negligent hiring claim and negligent entrustment. (*McKenna, supra*, 67 Cal.App.5th at pp. 582, fn. 44, 583 and fn.46.)

It is noted, however, that in *Diaz v. Carcamo* (2011) 51 Cal.4th 1148, 1156 (*Diaz*), the California Supreme Court considered section 1431.2's application to an employer who admitted vicarious liability for its employee's negligence in causing a motor vehicle accident. The Court discussed that excluded from the allocation of fault under Proposition 51 is "an employer who faces only vicarious liability under the respondeat superior doctrine for torts committed by its employees in the scope of employment. [Citation.] In a case involving such an employer-defendant, the

- 4 -

Exhibit 5    4 of 8

"'universe' of tortfeasors'" among whom the jury must apportion fault [citation] does not include the employer. Instead, the employer's share of liability for the plaintiff's damages corresponds to the share of fault that the jury allocates to the employee." (*Ibid.*) But this rule only applies where "a plaintiff asserts both theories [respondeat superior and negligent entrustment against the employer for an employee's negligent driving within the scope of employment] and the employer admits vicarious liability for any negligent driving by its employee." (*Id.* at pp. 1152, 1157-1158, 1161.)

Here, Mowbray's is not demonstrated to have made such admission such that the exception in *Diaz* applies. In addition, the special verdict form directed separate questions related to Mowbray's liability based on negligent entrustment and negligent hiring/retention theories to which the negligence per se questions applied. The special verdict apportioned liability in relation to the Defendants' separate torts and apportioned Defendant Mowbray liable for 75 percent of the noneconomic damages and Defendant Gonzalez-Varillas liable for 25 percent of the noneconomic damages.

But the jury also was instructed on Mowbray's permissive vehicle owner's liability, which imposes liability on a vehicle owner under Vehicle Code 17150. (CACI 720.) The jury specifically found Mowbray's owned the vehicle and permitted Gonzalez-Varillas to drive it. As the owner of the vehicle that it permitted Gonzalez-Varillas to drive, Mowbray's is jointly liable for Defendant Gonzalez-Varillas' liability under Vehicle Code section 17150, which "is imposed by statute as a matter of public policy." (*Rashtian, supra*, 9 Cal.App.4th at p. 1854.) While the owner's liability may be limited by Vehicle Code section 17151, no cap exists where an agency relationship exists between the owner and driver. (*Rashtian, supra*, at p. 1852.) Here, in light of findings made in relation to Mowbray's negligent hiring, supervision, or retention of Gonzalez-Varillas, an inference of agency exists. As a result, Mowbray is jointly liable as a permissive owner for noneconomic damages apportioned the driver Defendant Gonzalez-Varillas. (*Id.* at p. 1854.)

- 5 -

Exhibit 5                                    5 of 8

Therefore, the court overrules Defendant Mowbray's objection to Plaintiffs' proposed judgment that provides for Defendant The Original Mowbray's Tree Service, Incorporated to pay 100 percent of noneconomic damages awarded Plaintiffs.

Dated: 10/04/24

Hon. Donald Alvarez
Judge of the Superior Court

- 6 -

Exhibit 5                                                                 6 of 8

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br><br>SAN BERNARDINO SUPERIOR COURT<br>247 W. Third Street<br>San Bernardino, CA 92415 | |
|---|---|
| **CASE NAME:**<br><br>JAIME RODRIGUEZ, an individual, ANA LIDIA GOMEZ, an individual,<br><br>Plaintiffs,<br>vs.<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INCORPORATED, a corporation; RICKY MOWBRAY, an individual, ROBIN MOWBRAY, an individual, RICHARD MOWBRAY, an individual, JONATHAN ARMANDO GONZALEZ-VARILLAS, an individual; and DOES 1 through 10, ROE CORPORATIONS 1 through 10,<br><br>Defendants. | **JUDGE/DEPARTMENT:**<br><br>Donald Alvarez, Judge<br><br>Department S23<br><br>**CASE NUMBER:**<br><br>CIVDS2003809 |

I, Kathleen Mullaney, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

RULING ON DEFENDANT'S OBJECTION TO PLAINTIFFS' PROPOSED JUDGMENT

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Bernardino, California.

SEE ATTACHED SERVICE LIST

Anabel C. Romero,
Court Executive Officer

Dated: OCT 2 8 2024    By: _____, Deputy
KATHLEEN MULLANEY

CLERK'S CERTIFICATE OF SERVICE BY MAIL

Page 1 of 2

Exhibit 5                                                                                                       7 of 8

CASE NUMBER: CIVDS2003809

| | |
|---|---|
| BREMER WHYTE BROWN & O'MEARA, LLP<br>Jeremy S. Johnson<br>Alison K. Hurley<br>Courtney M. Serrato<br>20320 S.W. Birch St., Second Floor<br>Newport Beach, CA 92660 | QUIRK LAW FIRM<br>Trevor M. Quirk, Esq.<br>Leonides Nicol, Esq.<br>Marc Anderson, Esq.<br>877 S. Victoria Ave., Suite 111<br>Ventura, CA 93003 |
| WINET PATRICK GAYER CREIGHTON & HANES<br>Kennett L. Patrick, Esq.<br>1215 West Vista Way<br>Vista, CA 92083 | JAFFREY LAW GROUP, APC<br>Iman Jaffrey, Esq.<br>16000 Ventura Blvd., Penthouse 1208<br>Encino, CA 91436 |
| HAIGHT BROWN & BONESTEEL, LLP<br>Richard E. Morton, Esq.<br>Kyle R. DiNicola, Esq.<br>2030 Main St., Suite 1525<br>Irvine, CA 92614 | |

CLERK'S CERTIFICATE OF SERVICE BY MAIL

Page 2 of 2

Exhibit 5    8 of 8