**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Telephone: (310) 440-4100
Facsimile: (310) 499-4877

Counsel for The Original Mowbray's Tree Service,
Inc., the Debtor and Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC.,<br><br>Debtor and Debtor-in-Possession. | Case No: 8:24-bk-12674-TA<br><br>Chapter 11<br><br>**MOTION FOR AN ORDER APPROVING EXPEDITED PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF**<br><br>**[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]** |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby files this *Motion for an Order Approving Expedited Procedures for the Sale of De Minimis Assets Pursuant to 11 U.S.C. § 363* (the "**Motion**"). In support of the Motion, the Debtor submits the following memorandum of

points and authorities and the attached declaration of Brian Weiss ("**Weiss Declaration**"), and respectfully submits as follows.

## I. INTRODUCTION

Pursuant to § 363 of the Bankruptcy Code, the Debtor requests an order authorizing the Debtor to implement procedures by which the Debtor may sell assets that, as described below, have *de minimis* value, without the need for further Court approval, but subject to the notice procedures set forth below.  The Debtor has identified certain fully-owned vehicles and other equipment (such as track chippers) that are no longer essential to its ongoing operations and the Debtor intends to sell these assets in a manner that maximizes value for creditors. The Debtor seeks approval of procedures to permit the sale of any asset of de minimis value by a streamlined process in order to expedite the sale of such assets and to minimize the costs and delay related thereto.  By doing so, the Debtor aims to preserve value for the estate while focusing on its core business operations.

## II. BACKGROUND

### A. General Background

On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 case (the "**Chapter 11 Case**" or "**Case**").  The Debtor is operating as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this Case and no official committees have been appointed or designated.

Established in 1972 by Gloria and John Mowbray (the "**Founders**"), Mowbray's has been a cornerstone in California for providing vegetation management services for over 50 years. Mowbray's began as a modest venture and has grown into a resilient company, dedicated to safeguarding communities and the environment. Mowbray's continues to be a family owned and operated business, is a member of WMBE (Women and Minority Business

2

10449500.6

Enterprise), and is committed to providing its client-partners with the safest and most efficient solution to their vegetation management needs.

The services provided by the Debtor include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**").  Tree-trimming around power lines, clearing vegetation to prevent forest fires, removal of debris and charred remains after major wildfires in California, and assisting with damage remediation in response to hurricanes—these are the types of important services that the Debtor provides to the communities in which it serves.  Historically, utility companies have been the Debtor's primary clients.  The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state.  The Debtor also provides services in Florida and North Carolina.

Prior to the Petition Date, the Debtor retained Brian Weiss of Force Ten Partners, LLC as its Chief Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring process, including this Case.

### B.   De Minimis Assets

The Debtor has determined that certain vehicles and equipment are no longer essential to its ongoing operations and intends to implement a managed sale of such assets to increase the value of the estate (the "**De Minimis Assets**").  The items that, to date, the Debtor has identified for sale include fully-owned cargo vans and track chippers.  The Debtor anticipates that it will dispose of the De Minimis Assets in multiple individual transactions and, for each transaction, the consideration that the Debtor expects to receive could range from less than $1,000 to as much as $75,000. (Weiss Decl. at ¶ 4.)  Given the limited value of these assets and the number of anticipated transactions, the Debtor believes it is appropriate to establish streamlined procedures for the notice and approval of each sale, as such procedures will increase the net realizable value to the estate.

10449500.6

While the Debtor believes that small dispositions of assets such as those contemplated by this Motion are within the scope of the ordinary course of business doctrine under § 363(c) of the Bankruptcy Code, it also believes that some purchasers will be uncomfortable consummating sales without confirmation that such sales are authorized. The Debtor also anticipates that in some instances purchasers will want confirmation that the sales will be free and clear of liens, claims, or interests under § 363(f) of the Bankruptcy Code. However, filing a sale motion for each sale of a De Minimis Asset would be cost prohibitive in light of the expected consideration to be received. To address these concerns, the Debtors believe that an expedited sale process of De Minimis Assets would be efficient and would maximize the proceeds realized with respect to such transactions. Accordingly, the Debtor requests that the Court implement procedures that allow it to sell De Minimis Assets, or groups of such assets, provided the selling price per asset is $75,000 or less, on an expedited basis without incurring the delay and costs of preparing, filing, serving and having hearings on motions for approval of each such sale.

### III.    PROPOSED DE MINIMIS SALE PROCEDURES

The procedures described herein would apply only to the sale of a De Minimis Asset: that is, in the case of a sale, they would apply where the selling price for each individual asset does not exceed $75,000. A sale of De Minimis Assets to which these procedures apply shall be called a "Proposed Sale."

In lieu of filing a noticed motion to approve each Proposed Sale, the Debtor proposes the following procedures (the "**De Minimis Sale Procedures**" or the "**Procedures**"):

**1.**    The Debtor shall file and serve a notice of intent to enter into a Proposed Sale (the "**Sale Notice**") by facsimile or overnight delivery on (i) the United States Trustee, (ii) counsel to PNC Bank, (iii) any party served with notice through the Court's electronic notification system (NEF), (iv) any party known to the Debtor to have or assert any interest in the De Minimis Assets proposed to be

4

10449500.6

sold or transferred, and (v) any other party specifically requesting in writing a copy of a Sale Notice issued hereunder (collectively, the "**Notice Parties**").

2. The Sale Notice will specify the assets to be sold or transferred, and will include: (a) if the Debtor intends to sell the asset or assets directly to a third party, then (i) the identity of the prospective purchaser or transferee, (ii) the anticipated sale price, and (iii) any agreement with the prospective purchaser or transferee memorializing the proposed sale; or (b) if the Debtor intends to sell the asset or assets through an auction company, then (i) the name of the auctioneer, (ii) the auctioneer's commission fee or commission, and (iii) any minimum or reserve sale price for the asset(s).

3. The Sale Notice will further provide that the Notice Parties will have until 5:00 p.m. (prevailing Pacific time) on the fourteenth (14th) calendar day following service of the Sale Notice, as applicable, (the "**Objection Deadline**") to object to the Proposed Sale. If counsel to the Debtor receives no written objection by the Objection Deadline, the Debtor will be authorized to consummate the Proposed Sale and to take such actions as are necessary to close the transaction and collect the proceeds of such sale.

4. If a Notice Party objects to the Proposed Sale by the Objection Deadline, the Debtor and such objecting party will use good faith efforts to resolve the objection consensually. If the Debtor and the objecting Notice Party are unable to resolve the objection, the Debtor will not take any further steps to consummate the proposed transaction without first obtaining Court approval.

5. The Debtor requests, in an abundance of caution, that any valid and enforceable liens on the property to be sold attach to the net proceeds of the Proposed Sale in the same priority as existed prior to such sale and subject to any claims and defenses that the Debtor may possess with respect thereto. The

10449500.6

Debtor further requests that each De Minimis Asset be sold free and clear of any liens, claims, or interests.

**6.** No Proposed Sale shall be conducted with any party deemed an "insider" as defined in § 101(31) of the Bankruptcy Code, under any circumstances.

All purchasers or transferees will take De Minimis Assets sold or transferred by the Debtor "as is" and "where is" without any representations or warranties from the Debtor as to the quality or fitness for either their intended purposes or any particular purposes. The Debtor will not seek to sell any De Minimis Assets by the proposed Procedures to any insider of the Debtor. Nothing in the Procedures prevents the Debtor, in its sole discretion, from seeking Court approval of any Proposed Sale upon notice and a hearing or, if necessary to comply with a condition on a sale imposed by a purchaser, from submitting a separate order to the Court along with a declaration of service to be entered without need for a hearing on the matter.

## IV. ARGUMENT

### A. The Court May Approve the Shortened and Limited Notice Provided by the De Minimis Sale Procedures

Section 363(b) of the Bankruptcy Code empowers a debtor-in-possession to "use, sell or lease . . . other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. §§ 363(b) & 1107(a). In considering a proposed transaction to use, sell, or lease, courts look at whether the transaction is in the best interests of the estate based on the facts and history of the case. *See In re America West Airlines, Inc.,* 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983)). This requires examination of the "business justification" for the proposed sale. *See In re 240 North Brand Partners, Ltd.,* 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996); *see also In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Ernst Home Center, Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997). A bankruptcy court's power to authorize a sale under § 363(b) of the Bankruptcy Code is reviewed for abuse of discretion. *See In re Walter,* 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988).

6

10449500.6

In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, *i.e.,* it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an "arms-length" transaction. *See In re Wilde Horse Enterprises, Inc.,* 136 B.R. at 841; *see also In re 240 North Brand Partners, Ltd.,* 200 B.R. at 659.

As set forth below, a sufficient business reason exists, and it is in the best interest of the estate, to sell the De Minimis Assets pursuant to the procedures set forth herein.  The Debtor further submits that the notice provided by the De Minimis Sale Procedures is sufficient.

### 1. The Proposed Sale Procedures Have a Sufficient Business Reason and Are in the Estate's Best Interests

The Debtor has worked to right-size its operations and reduce expenses based on its current revenues and in order to improve cash flow.  The Debtor's efforts include shedding unnecessary equipment.  By selling the De Minimis Assets, the Debtor will rid itself of vehicles and equipment that are not necessary to its downsized operations, along with the cost associated therewith, in exchange for value for the estate. (*See* Weiss Decl. at ¶ 5.)  Moreover, the value of the De Minimis Assets is such that the administrative expense of drafting, reviewing, and filing pleadings, as well as time incurred by attorneys for appearing at court hearings, would be disproportionate to the purchase price of such assets.  The sale of each De Minimis Asset by a separate motion would be cost prohibitive.  The Procedures proposed herein will allow the Debtor to avoid disproportionate administrative expenses and, thereby, maximize the net recovery to the estate's creditors, while also allowing interested parties to monitor the Debtor's reorganization.  Accordingly, the Court should find that the Debtor has a sufficient business reason to sell the De Minimis Assets in the manner proposed herein and that these Procedures are in the estate's best interest.

10449500.6

**2.     The Notice Proposed Herein Is Sufficient**

The "notice" required by § 363(b)(1) of the Bankruptcy Code is "such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Courts are authorized to shorten the 21-day notice period generally applicable to asset sales, or to direct another method of giving notice, upon a showing of "cause." Fed. R. Bankr. P. 2002(a)(2). Moreover, the Local Bankruptcy Rules permit sales outside the ordinary course to be accomplished upon 14-days' notice, provided no objection is filed. *See* L.B.R. 6004-1(d).

Due process requires that any notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In sum, if a notice provides reasonable notice and a reasonable opportunity to object, then it satisfies due process.

Under the Code, acts may be authorized without conducting an actual hearing if no party in interest timely requests such a hearing. *See* 11 U.S.C. § 102(1)(B)(i) (notwithstanding any statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest[.]"); *see also Mullane*, 339 U.S. at 314 (a fundamental requirement of due process is satisfied if parties in interest are given "an *opportunity* to present their objections." (emphasis added)).

The expedited Procedures set forth herein meet these standards. The Procedures allow the Debtor to minimize expense in order to maximize return, to be responsive to the needs of interested purchasers, thereby guarding against lost sales, while allowing creditors and other interested parties to review the proposed transaction and to object if they deem appropriate. Moreover, the Procedures are consistent with the Local Bankruptcy Rules provisions permitting sales upon notice and an opportunity to object. *See* L.B.R. 6004-1(d). With fourteen (14) days to respond to a Proposed Sale, parties in interest are receiving as much notice as if such disposition was set for hearing under the Local Bankruptcy Rules. *See*

8

10449500.6

Case 8:24-bk-12674-TA    Doc 266    Filed 01/24/25    Entered 01/24/25 14:44:54    Desc
Main Document    Page 9 of 16

L.B.R. 6004-1; *see also* L.B.R. 9013-1.  The Debtor submits that this constitutes reasonable notice under the circumstances.

### 3. The Court Has the Power to Approve the Proposed Sales Free and Clear of Liens, Claims, or Interests

The Debtor requests that Proposed Sales be expressly free and clear of any liens, claims, or interests.  The Court may authorize the sale of assets free and clear of existing liens, claims, or interests as provided in § 363(f), including if the entity holding the lien, claim, or encumbrance consents to the proposed sale.  *See* 11 U.S.C. § 363(f)(2).

The Debtor believes that the Procedures set forth above satisfy the requirements of § 363(f) of the Bankruptcy Code.  If a holder of a lien, claim, or encumbrance receives the requisite notice and does not object within the prescribed time period, the Debtor requests that such holder be deemed to have consented to the proposed sale and that the property then may be sold free and clear of such holder's liens, claims, or interests.  *See In re Borders Group, Inc.*, 453 B.R. 477, 484 (Bankr. S.D.N.Y. 2011) ("Under section 363(f)(2), a lienholder who receives notice of a sale but does not object within the prescribed time period is deemed to consent to the proposed sale, and assets thereafter may be sold free and clear of liens."); *see also In re Baroni*, 654 B.R. 334, 354 (Bankr. C.D. Cal. 2023) ("[T]he Court finds that the IRS is deemed to have consented pursuant to section 363(f)(2) because it was served with the Sale Motion, given notice that the Trustee intends to sell the Calabasas Property free and clear of the IRS lien, and provided an opportunity to object and be heard. The IRS did not object."). Moreover, permitting the Debtor to sell assets outside of the ordinary course upon notice and an opportunity to object is consistent with the Local Bankruptcy Rules.  *See* L.B.R. 6004-1(d).

### 4. Good Faith Status of Purchasers

Section 363(m) of the bankruptcy Code also provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of

9

10449500.6

>the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  Although the Bankruptcy Code does not define "good faith," courts have held that a "good faith purchaser" within the meaning of section 363 of the Bankruptcy Code is one who buys property for value, in good faith, and without notice of adverse claims. *See Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir. 1998); *see also Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985).

The Debtor represents that any Proposed Sale will be an arm's length transaction, made only after the prescribed notice to the Notice Parties, and that the purchasers are entitled to the protection of § 363(m) of the Bankruptcy Code.  Accordingly, the Debtor requests that the Court find that any sale consummated pursuant to the Procedures satisfies the good faith requirements of § 363(m).

### B.  Request for Waiver of Stay

By this Motion, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered."  Fed. R. Bankr. P. 6004(h).  The imposition of the 14-day stay imposed by Bankruptcy Rule 6004(h) is inconsistent with the purpose of the proposed procedures, and is unnecessary in view of the notice and approval procedures for each proposed sale contemplated by this Motion.  Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

## V.   NOTICE

Notice of this Motion has been given to the U.S. Trustee and all other parties entitled to service via Notice of Electronic Filing.  The Debtor believes that such notice is in accordance with Local Bankruptcy Rule 6004-1(b).  Local Bankruptcy Rule 6004-1(b) permits the filing of motions to establish sale procedures.  Local Bankruptcy Rule 6004-1(b) requires service of the motion and the notice of motion on the U.S. Trustee and the parties

10449500.6

entitled to notice under the Bankruptcy Rules or otherwise under the Local Bankruptcy Rules. Neither the Local Bankruptcy Rules nor the Bankruptcy Rules require notice of a sale procedures motion on any particular parties.  As such and because the Motion does not constitute a motion to sell property of the estate, the Debtor submits that no additional notice beyond the Court's electronic notification system is required under the circumstances.

## VI.     CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an Order:

1. Granting the Motion in its entirety;

2. Authorizing the Debtor to sell the De Minimis Assets pursuant to the De Minimis Sale Procedures described above;

3. Finding that the De Minimis Sale Procedures meet the requisites of section 363 of the Bankruptcy Code;

4. Finding that the notice provided by the De Minimis Sale Procedures satisfies due process;

5. Providing that any sale made pursuant to the De Minimis Sale Procedures will be free and clear of all liens, claims, or interests;

6. Finding that purchasers who purchase the De Minimis Assets pursuant to the De Minimis Sale Procedures are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code;

7. Finding that the Order approving the Motion will be effective and enforceable immediately upon entry; and,

8. Granting such other and further relief as the Court deems appropriate.

11

10449500.6

DATED: January 24, 2025

**RAINES FELDMAN LITTRELL LLP**

By:      */s/ Robert S. Marticello*
ROBERT S. MARTICELLO
MICHAEL L. SIMON

*Counsel for The Original Mowbray's Tree Services, Inc., the Debtor and Debtor-in-Possession*

12

10449500.6

## **DECLARATION OF BRIAN WEISS**

1. I am the Chief Restructuring Officer of The Original Mowbray's Tree Service, Inc. ("**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Case**" or "**Chapter 11 Case**"). I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for an Order Approving Expedited Procedures for the Sale of De Minimis Assets Pursuant to 11 U.S.C. § 363* (the "**Motion**"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. The Debtor has determined that certain vehicles and equipment are no longer essential to its ongoing operations and intends to implement a managed sale of such assets to increase the value of the estate (the "**De Minimis Assets**"). The items that, to date, the Debtor has identified for sale include fully-owned cargo vans and track chippers. To streamline this process, the Debtor seeks approval of an expedited sale procedure, disposing of these assets without incurring unnecessary costs or delays.

3. The Debtor proposes to implement the De Minimis Sale Procedures by filing and serving a Sale Notice on the specified Notice Parties. The Sale Notice will specify the assets to be sold or transferred, and will include: (a) if the Debtor intends to sell the asset or assets directly to a third party, then (i) the identity of the prospective purchaser or transferee, (ii) the anticipated sale price, and (iii) any agreement with the prospective purchaser or transferee memorializing the proposed sale; or (b) if the Debtor intends to sell the asset or assets through an auction company, then (i) the name of the auctioneer, (ii) the auctioneer's commission fee or commission, and (iii) any minimum or reserve sale price for the asset(s). Notice Parties will have fourteen (14) calendar days to object; if no objection is received, the Debtor will proceed with the Proposed Sale. If an objection is filed, the Debtor will attempt to resolve it consensually or seek Court approval before proceeding.

1

10449500.6

4.  I anticipate that the Debtor will be able to dispose of the De Minimis Assets in multiple individual transactions and, for each transaction, the consideration that the Debtor expects to receive could range from less than $1,000 to as much as $75,000.

5.  I believe that sound business reasons exist for the implementation of the De Minimis Sale Procedures.  The Debtor has worked to downsize its operations and reduce expenses in light of the Debtor's current revenues and with the goal of improving cash flow.  These efforts include eliminating unnecessary equipment.  By selling the De Minimis Assets, the Debtor will dispose of vehicles and equipment that are no longer essential to its downsized operations, along with the costs associated with maintaining those assets, while generating value for the estate.  Moreover, the value of the De Minimis Assets is such that the administrative expense of drafting, reviewing, and filing individual motions, as well as the time and expense of attorneys appearing at court hearings, would be disproportionate to the purchase price of these assets.  Filing a separate motion for the sale of each De Minimis Asset could be cost prohibitive due to the additional legal expenses to be incurred.  The De Minimis Sale Procedures proposed in the Motion will allow the Debtor to avoid these disproportionate administrative expenses, thereby maximizing the net recovery for the estate's creditors.  At the same time, the Procedures provide transparency and ensure that interested parties can monitor the Debtor's reorganization efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of January, 2025, at Irvine    California.

_____
BRIAN WEISS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR AN ORDER APPROVING EXPEDITED PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/24/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **1/24/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **1/24/2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **1/24/2025** | Ja'Nita Fisher | */s/ Ja'Nita Fisher* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kenneth J Catanzarite**     kcatanzarite@catanzarite.com
- **Marshall F Goldberg**     mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**     ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Raffi Khatchadourian**     raffi@hemar-rousso.com
- **Valery Loumber**     valloumlegal@gmail.com
- **James MacLeod**     jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Robert S Marticello**     rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **David W. Meadows**     david@davidwmeadowslaw.com
- **Queenie K Ng**     queenie.k.ng@usdoj.gov
- **Estela O Pino**     epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Amitkumar Sharma**     amit.sharma@aisinfo.com
- **Thomas E Shuck**     tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**     msimon@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Ahren A Tiller**     ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**     sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Mandy Youngblood**     csbk@gmfinancial.com
- **Roye Zur**     rzur@elkinskalt.com, TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**