1  **RAINES FELDMAN LITTRELL LLP**
   Robert S. Marticello, State Bar No. 244256
2  *rmarticello@raineslaw.com*
   3200 Park Center Drive, Suite 250
3  Costa Mesa, California 92626
   Telephone:   (310) 440-4100
4  Facsimile:   (310) 691-1943

5  Counsel for The Original Mowbray's Tree
   Service, Inc., Debtor and Debtor-In-Possession
6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SANTA ANA DIVISION**

11  In re:                                    Case No. 8:24-bk-12674-TA

12  THE ORIGINAL MOWBRAY'S TREE               Chapter 11
    SERVICE, INC.,
13                                            **MOTION FOR AUTHORITY TO**
          Debtor and Debtor-In-Possession.   **ESTABLISH PROCEDURES FOR**
14                                            **INTERIM COMPENSATION AND**
                                              **REIMBURSEMENT OF EXPENSES OF**
15                                            **PROFESSIONALS; MEMORANDUM OF**
                                              **POINTS AND AUTHORITIES; AND**
16                                            **DECLARATION OF BRIAN WEISS IN**
                                              **SUPPORT THEREOF**
17
                                              [No Hearing Required Pursuant to Local
18                                            Bankruptcy Rule 9013-1(o)]

19

20  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

21  **JUDGE:**

22        The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the

23  above-captioned case (the "**Debtor**"), moves this Court pursuant to §§ 105(a) and 331 of title 11

24  of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of

25  Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order, substantially in the form

26  attached hereto as **Exhibit A**, authorizing the Debtor to establish an orderly and regular process

27  for interim and monthly allowance and payment of compensation and reimbursement of expenses

28

for professionals whose services are authorized by this Court pursuant to §§ 327 or 1103 of the Bankruptcy Code, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to §§ 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).  In support of the Motion, the Debtor submits the following memorandum of points and authorities and the attached declaration of Brian Weiss ("**Weiss Declaration**"), and respectfully submits as follows.

## I.    <u>INTRODUCTION</u>

By this Motion, the Debtor seeks entry of an order authorizing procedures for the monthly payment of budgeted professionals on an interim basis.  The Debtor believes that the proposed procedures will streamline the administration of this chapter 11 case by allowing for the efficient tracking and management of fees and expenses, which will help monitor and control costs.  The proposed procedures will not prejudice the rights of creditors or any party in interest as they explicitly preserve the right to object to any professional's fees or expenses, and make clear that interim payments are subject to final review by the Court.  Furthermore, the proposed procedures are consistent with the Debtor's use of cash collateral, as authorized by the Court.  The Debtor's stipulation authorizing the use of cash collateral and the Court-approved budgets contemplate the ongoing payment of professional fees within the budgeted amounts.  Accordingly, the Debtor requests that the Court grant the Motion.

## II.    <u>BACKGROUND</u>

On  October 18, 2024  (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 case (the "**Chapter 11 Case**" or "**Case**").  The Debtor is operating as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this Case and no official committees have been appointed or designated.

MOTION

Established in 1972 by Gloria and John Mowbray (the "**Founders**"), Mowbray's has been a cornerstone in California for providing vegetation management services for over 50 years. Mowbray's began as a modest venture and has grown into a resilient company, dedicated to safeguarding communities and the environment.  Mowbray's continues to be a family owned and operated business, is a member of WMBE (Women and Minority Business Enterprise), and is committed to providing its client-partners with the safest and most efficient solution to their vegetation management needs.

The services provided by the Debtor include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**"). Tree-trimming around power lines, clearing vegetation to prevent forest fires, removal of debris and charred remains after major wildfires in California, and assisting with damage remediation in response to hurricanes—these are the types of important services that the Debtor provides to the communities in which it serves.  Historically, utility companies have been the Debtor's primary clients.  The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state.  The Debtor also provides services in Florida and North Carolina.

Prior to the Petition Date, the Debtor retained Brian Weiss of Force Ten Partners, LLC ("**Force Ten**") as its Chief Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring process, including this Case.

Pursuant to the Court's orders granting the Debtor's *Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral* [Docket No. 5] (the "**Cash Collateral Motion**"), the Debtor has been authorized to use cash collateral in accordance with the Court-approved budgets subject to those orders.  (*See* Docket Nos. 72, 162, 211, 244, and 256.)  Those budgets included amounts for professional fees.  (*See, e.g.*, Docket No. 256, Exs. 1 & 2.)  In addition, on January 16, 2025, the Debtor filed a *Stipulation Authorizing Use of Cash Collateral* [Docket No. 255] (the "**Stipulation**") with PNC Bank, N.A.  The Stipulation was approved by the Court at a hearing on

MOTION

January 21, 2025.  The Stipulation contemplates the payment of professional fees during the Cash Collateral Period (as defined in the Stipulation) in accordance with the subject budget.  (*See* Stip. at 8, ¶ 9.a.)  The Stipulation further provides for the creation of a segregated account for the funding of the budgeted professional fees.  (*See id.* at ¶ 9.b.)

### III.    <u>RETENTION OF PROFESSIONALS</u>

Given the size and nature of this Chapter 11 Case, the Debtor requires the assistance of certain professionals to manage the Case efficiently and effectively.  Accordingly, the Debtor has filed separate applications with the Court to employ and retain, including, without limitation, (i) Raines Feldman Littrell LLP ("**RFL**"), as general bankruptcy counsel, (ii) Force Ten, as its restructuring advisor and Brian Weiss as CRO, and (iii) Grobstein Teeple LLP ("**GT**"), as financial advisor (collectively, the "**Professionals**").

### IV.    <u>PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES</u>

The Debtor believes that establishing orderly procedures to pay the Professionals will streamline the administration of this Chapter 11 Case and otherwise promote efficiency for the Court, the Office of the United States Trustee (the "**U.S. Trustee**"), and all parties in interest.  A streamlined process for serving interim and monthly fee applications and notices thereof is in the best interest of the Debtor because it will facilitate efficient review of, and enable parties to more easily monitor, the Professionals' fees and expenses incurred in this Chapter 11 Case, while saving the Debtor unnecessary copying and mailing expenses, and allow the Debtor to manage its budget and financing needs.  (Weiss Decl. at ¶ 3.)  Accordingly, the Debtor proposes that the payment of compensation and reimbursement of expenses of the Professionals be structured as follows (the "**Interim Compensation Procedures**"):

> (a)    On or before the 30th day of each calendar month, following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file a monthly statement, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Statement**").  Professionals may submit the

MOTION

first Monthly Fee Statement(s), covering the period from the Petition Date through January 31, 2025 (so long as no appeal of an order approving this Motion has been taken), on or after entry of an order granting this Motion.

(b)    Each Professional shall serve a copy of such Monthly Fee Statement on the following parties (collectively, the "**Notice Parties**") with service via Notice of Electronic Filing shall being sufficient:

    (1)    The Debtor, c/o Raines Feldman Littrell LLP, 3200 Park Center Drive, Suite 250, Costa Mesa, California 92626 (Attn: Robert S. Marticello (rmarticello@raineslaw.com) and Brian Weiss (bweiss@force10partners.com));

    (2)    Counsel for the Debtor, Raines Feldman Littrell LLP, 3200 Park Center Drive, Suite 250, Costa Mesa, California 92626 (Attn: Robert S. Marticello (rmarticello@raineslaw.com));

    (3)    Office of the United States Trustee, 411 West Fourth St., Suite 7160, Santa Ana, CA 92701 (Attn: Queenie K Ng (queenie.k.ng@usdoj.gov)); and

    (4)    Counsel for PNC Bank, K&L Gates LLP, 10100 Santa Monica Blvd., 8th Floor, Los Angeles, CA 90067 (Attn: Michael B. Lubic (michael.lubic@klgates.com))

(c)    Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* (the "**Fee Guidelines**").

(d)    The deadline to object to any Monthly Fee Statement is 4:00 p.m. (prevailing Pacific Time) on the 10th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

(e)    To object to a Professional's Monthly Fee Statement, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Professional and the Notice Parties on or before the Objection Deadline.

(f)    Upon the expiration of the Objection Deadline, a Professional may file a declaration of service (a "**DOS**") with the Court with respect to any fees and expenses not subject to objection. The DOS must attest that (i) no timely written objection was served upon the Professional and Notice Parties on or before the Objection Deadline, and (ii) the declarant has checked the docket of the Case and no written objection was timely filed. After a Professional files a DOS, the Debtor will pay the Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee

MOTION

Statement that are not subject to an objection (subject to any restrictions related to use of cash collateral as authorized by the Court).

(g)     If a portion of the fees and expenses requested in a Monthly Fee Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

### *Interim Fee Applications*

(h)     At four-month intervals or such other intervals convenient to the Court, Professionals may file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "**Interim Fee Period**").

(i)     The Interim Fee Application will include a brief description identifying the following:

(1)     the Monthly Fee Statements that are the subject of the request;

(2)     the amount of fees and expenses requested;

(3)     the amount of fees and expenses paid to date or subject to an objection;

(4)     the deadline for parties to file objections to the Interim Fee Application ("**Additional Objections**"); and

(5)     any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Fee Guidelines.

(j)     Additional Objections to any Interim Fee Application will be filed in accordance with the Local Bankruptcy Rules.

(k)     Each Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties.  Each Professional will properly serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.  The Debtor may serve an omnibus notice of hearing on the Interim Fee Applications in lieu of separates notices of hearing.  No further notice shall be necessary.

(l)     The Debtor may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing.

MOTION

(m)     A pending objection to compensation or reimbursement of any Professional does not disqualify a Professional from future compensation or reimbursement.

(n)     Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when permitted will not receive further interim compensation or reimbursement until the Professional submits any outstanding Monthly Fee Statements or such compensation is approved pursuant to an Interim Fee Application. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(o)     Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(p)     No Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to §§ 327 or 1103 of the Bankruptcy Code.

## V.    **<u>ARGUMENT</u>**

Pursuant to § 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred and twenty (120) days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides, in part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

MOTION

1    Courts in this circuit have made it clear that monthly interim payments to professionals

2    employed in large or complex chapter 11 cases are reasonable and appropriate. *See, e.g., In re*

3    *Knudsen*, 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988) ("[T]he Trustee ignores the problem, arising

4    especially in large cases, that when counsel must wait an extended period for payment, counsel is

5    essentially compelled to finance the reorganization. This result is improper and may discourage

6    qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to

7    Congressional intent."). *Knudsen* involved a liquidating chapter 11 case where administrative

8    expenses were funded by a secured creditor. *See id.* at 669. In *Knudsen*, the Ninth Circuit

9    Bankruptcy Appellant Panel identified four criteria to be applied in evaluating whether to adopt such

10    a procedure:

11          1.    The case is an unusually large one in which an
12               exceptionally large amount of fees accrue each month;

13          2.    The court is convinced that waiting an extended period for
           payment would place an undue hardship on counsel;

14
15          3.    The court is satisfied that counsel can respond to any
           reassessment in one or more of the ways listed above; and

16          4.    The fee retainer procedure is, itself, the subject of a
           noticed hearing prior to any payment thereunder.

17

18    *Knudsen*, *supra*, 84 B.R. at 672.

19    The size of this Chapter 11 Case and the amount of time and effort that will be required

20    from the Professionals to effectuate a successful outcome justify approval of the Interim

21    Compensation Procedures requested herein. This Chapter 11 Case is large. The Debtor

22    commenced this Chapter 11 Case with approximately $40 million in estimated scheduled

23    liabilities, plus additional disputed, contingent, and unliquidated claims. (Weiss Decl. at ¶ 2; *see*

24    *also* Docket No. 170 at 9.) The Debtor's operations are robust, currently involving 85 employees,

25    substantial equipment, and operations spanning multiple states and both coasts. (Weiss Decl. at ¶

26    2.) The Debtor is actively engaged in the process of developing a chapter 11 plan, which involves

27    complex issues and requires significant professional services on a regular basis to ensure that the

28

MOTION

plan is both feasible and in the best interests of all stakeholders.  Moreover, similar to the facts in *Knudsen*, the payments to the Professionals are to be funded from the approved use of cash collateral of a secured creditor.  Under the terms of the Stipulation and the budgets approved by the Court, periodic distributions for ongoing professional services are and have been expressly contemplated and will not result in any prejudice to creditors or parties in interest.  (*See* Stip. at 8, ¶ 9; *see also* Docket Nos. 72 and 256.)  The Interim Compensation Procedures provide that any amounts paid to the Professionals are subject to the limitations in the approved budgets.

The proposed Interim Compensation Procedures are necessary to ensure that Professionals are fairly and timely compensated for their services in this Case and are not forced to bear undue financial burden or risk caused by delays in payment.  In addition, the proposed Interim Compensation Procedures will enable the Debtor and other parties in interest to monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures and budgeting.  Absent streamlined compensation procedures, the professional fee application and review process could be unduly burdensome on the Debtor, the Professionals, the Court, and other parties, and/or could result in the accumulation of unbudgeted administrative expenses. Accordingly, the Interim Compensation Procedures should be approved.

## VI.    NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee; (ii) the Debtor's twenty largest unsecured creditors; (iii) counsel for PNC Bank; and (iv) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002.  No previous request for the relief sought herein has been made by the Debtor to this or any other court.  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

MOTION

1    **VII.    CONCLUSION**

2         **WHEREFORE**, the Debtor respectfully requests that the Court enter an order,

3    substantially in the form attached hereto as **Exhibit A**, and such other and further relief as the

4    Court may deem just and appropriate.

5
                                        Respectfully submitted,
6
7    DATED:  January 28, 2025           **RAINES FELDMAN LITTRELL LLP**

8

9                                       By:  */s/Robert S. Marticello*
10                                      ROBERT S. MARTICELLO

11                                      Counsel to the Debtor and Debtor-In-Possession, The
                                        Original Mowbray's Tree Service, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION

1

**<u>DECLARATION OF BRIAN WEISS</u>**

2    1.    I am the Chief Restructuring Officer of The Original Mowbray's Tree Service, Inc.

3    ("**Debtor**"), the debtor and debtor in possession in the above-captioned chapter 11 case (the

4    "**Case**" or "**Chapter 11 Case**").  I know each of the following facts to be true of my own personal

5    knowledge, except as otherwise stated and, if called as a witness, I could and would competently

6    testify with respect thereto.  I make this declaration in support of the *Motion for Authority to*

7    *Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*

8    (the "**Motion**").  Unless otherwise defined in this declaration, all terms defined in the Motion are

9    incorporated herein by this reference.

10    2.    The Debtor's schedules list approximately $40 million in estimated liabilities as of

11    the Petition Date, in addition to disputed, contingent, and unliquidated claims.  The Debtor's

12    operations are robust, currently involving 85 employees, substantial equipment, and operations

13    spanning multiple states and both coasts.  Given the size and complexity of this Case, the Debtor

14    requires the assistance of certain professionals to manage the Case efficiently and effectively.  To

15    that end, the Debtor has filed separate applications with the Court to employ and retain, among

16    others, (i) Raines Feldman Littrell LLP, as general bankruptcy counsel, (ii) Force Ten Partners,

17    LLC, as its restructuring advisor and CRO, and (iii) Grobstein Teeple LLP, as financial advisor.

18    3.    I believe that the Interim Compensation Procedures proposed in the Motion are

19    appropriate to ensure that the Professionals are fairly and timely compensated for their services in

20    this Case and are not forced to bear undue financial burden or risk caused by delays in payment.

21    The proposed Interim Compensation Procedures will allow the Debtor and other parties in interest

22    to monitor the costs of administration, forecast cash flows, and implement efficient cash

23    management procedures and budgeting.  Absent such procedures, the professional fee application

24    and review process could become unduly burdensome on the Debtor, the Professionals, the Court,

25    and other parties in interest, leading to the accumulation of unbudgeted administrative expenses.

26    4.    I believe that the Interim Compensation Procedures will not result in any prejudice

27    to creditors or other parties in interest.  Pursuant to the Court's orders granting the Debtor's *Motion*

28

1                                    DECLARATION

1   motion, distributions for ongoing professional services are expressly included in the approved

2   budget.

3          I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct.

5          Executed on this _ 28 ᴺ day of January, 2025, at _ Irvine ___, California.

6

7                                                                    _____

8                                                                    BRIAN WEISS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                           DECLARATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

1  **RAINES FELDMAN LITTRELL LLP**
    Robert S. Marticello, State Bar No. 244256
2  *rmarticello@raineslaw.com*
    3200 Park Center Drive, Suite 250
3  Costa Mesa, California 92626
    Telephone:   (310) 440-4100
4  Facsimile:   (310) 691-1943

5  Counsel for The Original Mowbray's Tree
    Service, Inc., Debtor and Debtor-In-Possession
6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                         **SANTA ANA DIVISION**

11  In re:                                    | Case No. 8:24-bk-12674-TA

12  THE ORIGINAL MOWBRAY'S TREE                | Chapter 11
     SERVICE, INC.,
13                                             | **ORDER GRANTING MOTION FOR**
                Debtor and Debtor-In-Possession. | **AUTHORITY TO ESTABLISH**
14                                             | **PROCEDURES FOR INTERIM**
                                               | **COMPENSATION AND**
15                                             | **REIMBURSEMENT OF EXPENSES OF**
                                               | **PROFESSIONALS**
16
                                               | **[No Hearing Required Pursuant to Local**
17                                            | **Bankruptcy Rule 9013-1(o)]**

18

19         On January 28, 2025, The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-

20  possession in the above-captioned case (the "**Debtor**"), filed and served the *Motion for Authority*

21  *to Establish Procedures for Interim Compensation and Reimbursement of Expenses of*

22  *Professionals* [Docket No. ●] (the "**Motion**") and notice of the Motion [Docket No. ●] (the

23  "**Notice**").[1]  No opposition to or request for a hearing on the Motion or Notice was filed or served.

24  Having reviewed the Motion and Notice and papers filed in support thereof, service being proper,

25  and good cause appearing therefrom; this Court having jurisdiction over this matter pursuant to 28

26  U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. §

27

28         ─────────────────
           [1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

                                               2                                    ORDER

157(b)(2); this Court having found that it may enter a final order consistent with Article III of the United States Constitution; this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; this Court having found that the Debtor's Notice and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted, as provided herein.

2.      Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following Interim Compensation Procedures:

(a)     On or before the 30th day of each calendar month, following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file a monthly statement, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Statement**").  Professionals may submit the first Monthly Fee Statement(s), covering the period from the Petition Date through January 31, 2025 (so long as no appeal of an order approving this Motion has been taken), on or after entry of an order granting this Motion.

(b)     Each Professional shall serve a copy of such Monthly Fee Statement on the following parties (collectively, the "**Notice Parties**") with service via Notice of Electronic Filing shall being sufficient:

(1)     The Debtor, c/o Raines Feldman Littrell LLP, 3200 Park Center Drive, Suite 250, Costa Mesa, California 92626 (Attn: Robert S. Marticello (rmarticello@raineslaw.com) and Brian Weiss (bweiss@force10partners.com));

(2)     Counsel for the Debtor, Raines Feldman Littrell LLP, 3200 Park Center Drive, Suite 250, Costa Mesa, California 92626 (Attn: Robert S. Marticello (rmarticello@raineslaw.com));

      (3)       Office of the United States Trustee, 411 West Fourth St., Suite 7160, Santa Ana, CA 92701 (Attn: Queenie K Ng (queenie.k.ng@usdoj.gov)); and

      (4)       Counsel for PNC Bank, K&L Gates LLP, 10100 Santa Monica Blvd., 8th Floor, Los Angeles, CA 90067 (Attn: Michael B. Lubic (michael.lubic@klgates.com))

(c)     Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.  All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* (the "**Fee Guidelines**").

(d)     The deadline to object to any Monthly Fee Statement is 4:00 p.m. (prevailing Pacific Time) on the 10th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

(e)     To object to a Professional's Monthly Fee Statement, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Professional and the Notice Parties on or before the Objection Deadline.

(f)     Upon the expiration of the Objection Deadline, a Professional may file a declaration of service (a "**DOS**") with the Court with respect to any fees and expenses not subject to objection. The DOS must attest that (i) no timely written objection was served upon the Professional and Notice Parties on or before the Objection Deadline, and (ii) the declarant has checked the docket of the Case and no written objection was timely filed. After a Professional files a DOS, the Debtor will pay the Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection (subject to any restrictions related to use of cash collateral as authorized by the Court).

(g)     If a portion of the fees and expenses requested in a Monthly Fee Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

### *Interim Fee Applications*

(h)     At four-month intervals or such other intervals convenient to the Court, Professionals may file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "**Interim Fee Period**").

ORDER

(i)     The Interim Fee Application will include a brief description identifying the following:

(1)     the Monthly Fee Statements that are the subject of the request;

(2)     the amount of fees and expenses requested;

(3)     the amount of fees and expenses paid to date or subject to an objection;

(4)     the deadline for parties to file objections to the Interim Fee Application ("**Additional Objections**"); and

(5)     any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Fee Guidelines.

(j)     Additional Objections to any Interim Fee Application will be filed in accordance with the Local Bankruptcy Rules.

(k)     Each Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Professional will properly serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. The Debtor may serve an omnibus notice of hearing on the Interim Fee Applications in lieu of separates notices of hearing. No further notice shall be necessary.

(l)     The Debtor may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve an Interim Fee Application without a hearing.

(m)    A pending objection to compensation or reimbursement of any Professional does not disqualify a Professional from future compensation or reimbursement.

(n)     Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when permitted will not receive further interim compensation or reimbursement until the Professional submits any outstanding Monthly Fee Statements or such compensation is approved pursuant to an Interim Fee Application. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(o)     Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(p)     No Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to §§ 327 or 1103 of the Bankruptcy Code.

3.     The Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each Professional.

4.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.     The Debtor shall serve a copy of this Order on each Professional.

6.     Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Case.

7.     Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under § 365 of the Bankruptcy Code.  Likewise, any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

8.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

9.     The Debtor is authorized to take all steps necessary or appropriate to carry out this Order.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

6                                    ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/28/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **1/28/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **1/28/2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| <u>1/28/2025</u> | Ja'Nita Fisher | */S/ Ja'Nita Fisher* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - **Kenneth J Catanzarite    kcatanzarite@catanzarite.com**
   - **Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com**
   - **Alan Craig Hochheiser    ahochheiser@mauricewutscher.com,
     arodriguez@mauricewutscher.com**
   - **Raffi Khatchadourian    raffi@hemar-rousso.com**
   - **Valery Loumber    valloumlegal@gmail.com**
   - **James MacLeod    jmacleod@dunninglaw.com, nancy@dunninglaw.com**
   - **Robert S Marticello    rmarticello@raineslaw.com,
     bclark@raineslaw.com;jfisher@raineslaw.com**
   - **David W. Meadows    david@davidwmeadowslaw.com**
   - **Queenie K Ng    queenie.k.ng@usdoj.gov**
   - **Estela O Pino    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com**
   - **Amitkumar Sharma    amit.sharma@aisinfo.com**
   - **Thomas E Shuck    tshuck@pmcos.com, efilings@pmcos.com**
   - **Michael Simon    msimon@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com**
   - **Ahren A Tiller    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-
     sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-
     sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com**
   - **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
   - **Sharon Z. Weiss    sharon.weiss@bclplaw.com,
     raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-
     7104@ecf.pacerpro.com**
   - **Mandy Youngblood    csbk@gmfinancial.com**
   - **Roye Zur    rzur@elkinskalt.com,
     TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com**

2. **SERVED BY UNITED STATES MAIL**:

20 Largest creditors:

Amtrust Financial Services, Inc.
903 Nw 65Th St. Ste 300
Boca Raton, FL 33487

First Insurance Funding Corporation
450 Skokie Blvd Ste 1000
Northbrook, IL 60062-7917

Premium Assignment Corporation
dba IPFS
P.O. Box 412086
Kansas City, KA 64141-2086

Peerless Network
433 W. Van Buren
Suite 410S
Chicago, IL 60607

The Goodyear Tire And Rubber Co.
P.O. Box 277808

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Atlanta, GA 30384-7808

Burtronics Business Systems
P.O. Box 11529
San Bernardino, CA 92423

Mobile Mini - William Scotsman
PO Box 91975
Chicago, IL 60693-1975

Marlin Lease Servicing/Peac
P.O. Box 13604
Philadelphia, PA 19101-3604

Vestis
2680 Palumbo Dr
Lexington, KY 40509

Pape Machinery
P.O. Box 35144
Seattle, WA 98124-5144

The Toll Roads
Violations Department
Irvine, CA 92619

Oklahoma Turnpike Authority
Plate-Pay
PO Box 11255
Oklahoma City, OK 73136

Fastrak Violation Processing Dept
PO Box 26925
San Francisco, CA 94126

Velocity Truck Center
Los Angeles Truck Centers, LLC
Pasadena, CA 91189-1284

Grainger
Dept. 887538815
Palatine, IL 60038-0001

Linebarger Goggan Blair & Sampson
4828 Loop Central Drive
Suite 600
Houston, TX 77081

Kansas Turnpike Authority
PO Box 802746
Kansas City, MO 64180

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Florida Dept of Transportation
PO Box 31241
Tampa, FL 33631

City of Los Angeles
Parking Violations Bureau
PO Box 30420
Los Angeles, CA 90030

North Texas Tollway Authority
PO Box 660244
Dallas, TX 75266

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**