Valery P. Loumber, Esq. (CA State Bar No. 209967)
Ognian Gavrilov, Esq. (CA State Bar No. 258583)
GAVRILOV & BROOKS
2315 Capitol Avenue
Sacramento, CA 95816
Telephone: (916) 504-0529
Facsimile: (916) 880-3045

Attorneys for Creditors and Movants
Ping Liu and Guifen He

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re: | BK Case No.: 24-12674-TA-11 |
| | Chapter 11 |
| THE ORIGINAL MOWBRAY'S TREE SERVICE, INC. | **REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Debtor. | Date:        February 11, 2025<br>Time:        10:30 AM |
| | Hearing:  ***Telephonic/Video Appearance*** |
| | Judge:     Theodor Albert |
| | Court Location:    411 West Fourth Street Santa Ana, CA 92701, Room 5B |

Creditors Ping Liu and Guifen He (together, "Movants") respectfully submit this

Reply to the Opposition ("Opposition") by The Original Mowbray's Tree Service, Inc.

("Debtor") to the Movants' Motion for Relief from the Automatic Stay ("Motion").

1

---

The Opposition is devoid of factual assertions and evidence to substantiate its contentions.  **First**, the Opposition does not contain any factual basis establishing that the Debtor somehow will be burdened or prejudiced by the continued litigation of the State Action (Placer County Superior Court Case No. S-CV-0049514 since November 29, 2022 ("State Action").  For instance, the Debtor has not even asserted that it will incur attorney's fees or have to retain attorneys to defend the State Action.

On the other hand, the Movants have shown that the Debtor has insurance and it will not have to pay out-of-pocket to defend the Action.  The Opposition does not address this whatsoever.  The Debtor does not even attempt to refute this point.  The Debtor has not established that continued litigation of the State Action will interfere or burden the Debtor, the Estate or this Case.  As extensively briefed in the Motion, the Curtis factors strongly favor that the stay be lifted to allow continued litigation to reduce the State Action to judgment.

**Second**, the party seeking to preserve the stay, in this instance the Debtor, has the burden of proof to establish that there is no cause to terminate the stay. See Ellis v. Parr (In re Ellis), 60 B.R. 432, 435 (9th Cir. B.A.P. 1985).  However, the Debor offers only speculations about the State Action.  It uses the phrases "could lead", "could interfere", "there may be".  Opposition at 6, 7, 8, 9.  As such, the Debtor's factual contentions are in fact mere conjectures.  They are not evidence, much less admissible evidence.  The Debtor has failed to satisfy its burden of persuasion against continued litigation of the State Action and recovery from the insurance proceeds.  More, the Opposition admits that: "*The Debtor does not know at this stage whether there are claimants other than the Movants who would attempt to collect from the applicable insurance policies*".  Opposition at 5.  Stated differently, the Debtor admits to offering no evidence about the policy at issue.

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

**Third**, the Debtor's assertion that insurance policies are property of the bankruptcy estate is misleading.  The Movants are not seeking to recover the actual insurance policies of the Debtor.  The Movants are seeking to recover from the *proceeds* of the insurance policy that covered only the vehicle driven by Mr. Berry, on the day of the Accident.  Unlike insurance policies, the *proceeds* from insurance policies are not necessarily property of the bankruptcy estate.  The issue turns on whether the debtor (or estate) has a claim to the insurance proceeds.  When the debtor does not have interest in the insurance proceeds—*as is the case here*—the proceeds are not property of the estate, or any interest of the estate is *de minimis*.  In re Endoscopy Ctr. of S. Nevada, LLC, 451 B.R. 527, 542-45 (Bankr. D. Nev. 2011); In re Cini, No. 10-62715-11, 2012 WL 2374224, at *12 (Bankr. D. Mont. June 22, 2012).  Here, the coverage is by a commercial vehicle insurance policy.  The Debtor then has no cognizable interest in the insurance proceeds the Movants are seeking to recover from in the State Action.  Only third-parties, like the Movants, have interest in the subject insurance *proceeds*.  As such, the insurance *proceeds* are not property of the Estate.

**Fourth**, even if there are other claimants against the insurance policy, the policy limits apply to each claim separately.  The Debtor's contentions that the Movants are seeking preference over other creditors and that their claims will deplete estate assets are inaccurate.  The Debtor has misconstrued how vehicle policies work in the context of personal injury actions.  Even if other accident claims against the Debtor are covered under the same insurance policy, each individual claim will be entitled to the limits of the insurance policy.  Hence, multiple claims against the same policy will not dilute the policy limits, as the Debtor says.  Each claim is entitled to the same policy limits as are the other claims.  The claims do not share in the limit.  The policy limits apply to each claim individually.

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

Moreover, it is impossible for there to be other, unknown claims arising from the Accident because the statute of limitations for the Accident has already passed.  The Accident took place on September 6, 2022 and this Case was filed on October 18, 2024, more than two years later.  Hence, tolling under Section 108(c) is not implicated either.

**Fifth**, "[t]he claims allowance process of [§] 502 . . . is independent from the plan confirmation process."  In re Haskins, 563 B.R. 177, 185 (Bankr. W.D. Va. 2017); Vargas v. Reyes (In re Reyes), No. BAP PR 23-033, 2024 WL 5342527, at *10 (B.A.P. 1st Cir. Dec. 17, 2024); In re Waldschmidt, 605 B.R. 860, 863 (Bankr. N.D. Ind. 2019); see also In re Witkowski, 16 F.3d 739, 740 (7th Cir. 1994).  In other words, the allowance of the Movants' claims and the Debtor's plan confirmation are processes separate and independent of each other.  They do not interfere with each other.  Importantly, the Debtor says nothing about how the Movants' claims allowance will interfere with plan confirmation.

**Finally**, the Movants have already waited over two years in the pending State Action.  As this Court is probably aware, the California State Court system is clogged with cases, requiring trials to be scheduled one to two years into the future.  The Accident took place on or about September 6, 2022.  Moving the August 18, 2025 trial date into the future after the stay is lifted upon plan confirmation is likely to push the trial date into 2027 or later, five or more years after the Accident.  This would be extremely prejudicial to the Movants.  In the meantime, the revested Debtor will have paid a substantial portion of the creditors' claims in the Estate, which begs the question of what would be left for the Movants whose claims are to be liquidated two or more years after plan confirmation.

//

//

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

1    Accordingly, the Court should allow the State Action to proceed to trial and judgment,

2  to liquidate the Movants' claims and allow the Movants to recover from the available

3  insurance proceeds.

4

5  Dated: February 4, 2025                                GAVRILOV & BROOKS

6                                                         /s/ Valery Loumber

7                                                         _____

8                                                         Val Loumber, Esq.
                                                          Attorneys for Creditors and Movants
9                                                         Ping Liu and Guifen He

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY