1 | Ahren A. Tiller, Esq. [SBN 250608]
BLC LAW CENTER, APC
2 | 1230 Columbia St., Suite 1100
San Diego, CA 92101
3 | Telephone No. (619) 894-8831
Facsimile No. (866) 444-7026
4 | Email: ahren.tiller@blc-sd.com

5 | Attorneys for Creditors
JAIME RODRIGUEZ, and
6 | ANA LIDIA GOMEZ

7

8 | **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
9 | **SANTA ANA DIVISION**

10

11 | BK Case No.: 8:24-bk-12674-TA

12 | In re | Chapter 11

13 | THE ORIGINAL MOWBRAY'S TREE
SERVICE, INC., a Delaware corporation | **REQUEST FOR JUDICIAL NOTICE OF**
14 | | **EXHIBITS 7-8, 11-15, & 18-21, IN**
**SUPPORT OF MOTION TO APPOINT A**
Debtor and | **CHAPTER 11 TRUSTEE PURSUANT TO**
15 | Debtor-in-Possession, | **11 U.S.C. 1104(a); AND MOTION TO**
**SUBSTANTIVELY CONSOLIDATE**
16 | | **PINO TREE SERVICES, INC.,**
**MOWBRAY WATERMAN PROPERTY,**
17 | | **LLC, AND PHOENIX TRAFFIC**
**MANAGEMENT, INC. WITH THE**
18 | | **DEBTOR'S BANKRUPTCY CASE**

19 | Date:   March 5, 2025
20 | Time:   10:00am
Location: 411 West Fourth St. Ctrm 5B
21 |          Santa Ana, CA 92701

22 | Hon. Theodor C. Albert

23

24

25 | <u>**REQUEST FOR JUDICAL NOTICE PURUSANT TO FRE 201**</u>

26 | Movants JAMIE RODRIGUEZ and ANA LIDIA GOMEZ (hereinafter referred to as

27 | "Movants") herein respectfully request the Court take Judicial Notice of Movant's Exhibits 7, 8, 9,

28 | 11, 12, 13, 14, 15, 18, 19, 20, and 21 filed in support of Movants' Motion To Appoint a Chapter 11

- 1 -

Trustee Pursuant to 11 U.S.C. 1104(A); and Motion To Substantively Consolidate Pino Tree Services, Inc., Mowbray Waterman Property, LLC, and Phoenix Traffic Management, Inc., With The Debtor's Bankruptcy Case:

## A.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF PLAINTIFF'S EXHIBITS 7, 8, 9, 11, 12, 13, 14, 15, 18, 19, 20, and 21

### 1.  <u>LEGAL STANDARD FOR JUDICIAL NOTICE</u>

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. Fed. R. Evid. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If supplied with the necessary information and requested by a party, the Court must take judicial notice. Fed. R. Evid. 201(d).

Courts are finding more frequently that "[i]n this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web." *In re Agribiotech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5643, *4-5 (D. Nev. Mar. 2, 2000). Thus, information on government agency websites has often been treated as properly subject to judicial notice. *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, at *5 (N.D. Cal. Sept. 8, 2008); see also *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet.") (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

Courts may take judicial notice of official information posted on a governmental website if its accuracy is undisputed. See *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of lists of vendors publicly available on the websites of the school districts, which are government entities); *In re Amgen Inc.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (taking judicial notice of drug labels taken from the Food and Drug Administration's website); *GA Telesis, LLC v. GKN Aerospace, Chem-Tronics, Inc.*, 2012 U.S. Dist. LEXIS 157737,

*5 (S.D. Cal. Nov. 2, 2012) (taking judicial notice of documents from the Federal Aviation Administration website where accuracy was not disputed). The Ninth Circuit has also taken judicial notice of a nongovernmental website when the fact was not subject to reasonable dispute because it could be accurately and readily determined from sources whose accuracy cannot be questioned. See *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of the Tennessee Titan's schedule available on the team page of the National Football League's company website).

Documents that "are administered by, or publicly filed with, an administrative agency" are properly subject to judicial notice under Rule 201. *Story v. Mammoth Mt. Ski Area*, LLC, 2015 U.S. Dist. LEXIS 62936, *3 (E.D. Cal. May 12, 2015) (taking judicial notice of FCC notices and reports). Likewise, "judicial notice may also be taken of official acts of the legislative, executive, or judicial branch of the United States government, including court records." *Id*.

Moreover, under Federal Rule of Evidence 201(b), federal courts routinely take judicial notice of papers filed in other courts. See *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010); *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). "The Court takes judicial notice of the summons and complaint in the State Court Action entitled CACH, LLC v. Steve Odish, filed on March 29, 2012, Case No.: 37-2012-00066473-CL-CL-EC." *Odish v. CACH, LLC*, 2012 U.S. Dist. LEXIS 157114, *2 (S.D. Cal. Oct. 31, 2012). "Because the Court may judicially notice court documents, Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d at 333, the request for judicial notice is GRANTED." See also *Garcia v. Alpine Creekside, Inc*., 2013 U.S. Dist. LEXIS 89227, *9 (S.D. Cal. June 25, 2013) (taking judicial notice of publicly filed court documents).

2.    <u>EXHIBITS 7, 8, 9, 10, 11, 12, 13, 14, 15 AND 18 ARE JUDICIALLY</u>
<u>NOTICEABLE DOCUMENTS:</u>

Here, Plaintiff requests judicial notice of documents that are public records, which are readily verifiable.  Exhibits 7-17 are all either documents filed with the California Secretary of State and readily obtained from the California Secretary of State, or they are recorded real property records that are also readily obtained from the County of San Bernardino and County of Sacramento

County Recorder's Offices.  As such, there is no material dispute as to the veracity of the documents.

The nature of each of these Exhibits is explained in detail below:

**Exhibit 7** – Articles of Organization and most recently filed Statement of Information for Mowbray Waterman Property, LLC, filed with the California Secretary of State.

**Exhibit 8** – Transactions Reports, summarizing Deeds of Trust and Recorded Title documents for real estate owned by Mowbray Waterman Property, LLC.  These documents are recorded with the San Bernardino and Sacramento County Recorder's Offices.

**Exhibit 9** – Parcel Maps and records of real estate tracts and parcels owned by Mowbray Waterman Property, LLC, Original Mowbray's Tree Service, Inc., and the John W. Mowbray and Gloria D. Mowbray Revocable Truste, along with the accompanying Grant Deeds. These documents are recorded with the San Bernardino County Recorder and Assessor.

**Exhibit 11** – PNC Bank $20,000,000 Deeds of Trust Recorded on 7/18/2024 against Mowbray Waterman Property, LLC ("MWP")'s real property located at: Allen St, San Bernardino, CA 92408 (APN: 0136-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); 9546 Elder Creek Rd, Sacramento, CA 95829-9306 (APN: 066-0010-032-0000);

**Exhibit 12** – Quit Claim Deeds and Deeds of Trust for Parcel with APN 0168-071-062-0000. These documents were recorded and may be ascertained at the San Bernardino County Recorder.

**Exhibit 13** – Search results for Phoenix Traffic Management, Mowbray Waterman Properties, and Pino Tree Services from the California Secretary of State's Uniform Commercial Code Database.

**Exhibit 14** – the California Secretary of State's records for Phoenix Traffic Management, baring entity No. C4717822.  These documents are on file with the California Secretary of State and publicly available.

**Exhibit 15** - Articles of Organization and most recently filed Statement of Information for Phoenix Traffic Management, Inc., filed with the California Secretary of State.

**Exhibit 18** – is the October 18, 2024 Declaration of Ruben Sainos, CFO for the Debtor and Affiliates, which was filed on this Court's docket as ECF Docket No. 3 on October 18, 2024 in this Bankruptcy Case: 8:24-bk-12674-TA.  This document is easily ascertainable and verifiable via a search of this Court's own docket on www.pacer.gov.

**Exhibit 19** – is the November 15, 2024 Schedule A/B of the Debtor, which was filed on this Court's docket as ECF Docket No. 170, on November 15, 2024 in this Bankruptcy Case: 8:24-bk-12674-TA.  This document is easily ascertainable and verifiable via a search of this Court's own docket on www.pacer.gov.

**Exhibit 20** – is the November 15, 2024 Statement of Financial Affairs of the Debtor, pages 160-161, which was filed on this Court's docket as ECF Docket No. 170, on November 15, 2024 in this Bankruptcy Case: 8:24-bk-12674-TA.  This document is easily ascertainable and verifiable via a search of this Court's own docket on www.pacer.gov.

**Exhibit 21** – the December 19, 2024, Debtor's Rule 2015.3 Report (Official Form 426) "Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest for Pino Tree Services, Inc." filed regarding Pino Tree Services, Inc., filed on this Court's docket as ECF Docket No. 224 in this Bankruptcy Case: 8:24-bk-12674-TA, pages 1-21. This document is easily ascertainable and verifiable via a search of this Court's own docket on www.pacer.gov.

### CONCLUSION

For the foregoing reasons, Movants respectfully request the Court take Judicial Notice of Exhibits 7, 8, 9, 11, 12, 13, 14, 15, 18, 19, 20, and 21, since as stated in the Declaration of Ahren Tiller filed concurrently to Movants' Motion, these Exhibits 7-15, and 18-21 are not subject to reasonable dispute in that these publicly recorded documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Dated: February 7, 2025,                     By:      *s/ Ahren A. Tiller*
                                                      ahren.tiller@blc-sd.com

                                                      Ahren A. Tiller
                                                      BLC Law Center, APC
                                                      Attorneys for Movants