# Exhibit 8



DataTree

HOME SAVED ORDER FLEXSEARCH ADMIN MARKETPLACE Insights Center AHREN TILLER

Search By: Owner

CA County

MOWBRAY WATERMAN PROPERTY

Advanced Search

**My Favorites**

- Legal & Vesting Chain

**Property Data Reports**

- Property Detail Report
- Enhanced Transaction History
- Transaction History Report
- Sales Comparables
- Instant Recordable Legal
- Rapid Legal & Vesting
- Legal & Vesting Chain

**Document Images**

Reference ID

Order

SEARCH RESULTS · Clear Search · Map On

Alerts · Statistics · Reports · Labels

10 results found (10 selected)

Edit Advanced Search Criteria · Save Search · Share Query

| ADDRESS | OWNER () |
| --- | --- |
| 9546 Elder Creek Rd, Sacramento, CA 95829 | Mowbray Waterman Property Llc |
| Allen St, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| Allen St, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| Allen St, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| Allen St, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| Allen St, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| 686 E Mill St, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| E Rialto Ave, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |
| San Felipe Rd, San Bernardino, CA 92410 | Mowbray Waterman Property Llc |
| Waterman Ave, San Bernardino, CA 92408 | Mowbray Waterman Property Llc |

## Transaction History - Report

**17332 Millwood Dr, Visalia, CA 93292-9577**
APN: 110-040-020-000

Tulare County Data as of: 01/27/2025

**Current Owner: Mowbray Waterman Property LLC**

Vesting:
2022 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 05/31/2022 | Deed Transfer | $375,000 | | | Mowbray Waterman Property LLC | Leedom Matthew & Lisa Lynn |
| | Sale Date: 05/27/2022 | | Doc Type: Deed Transfer | | Doc #: 2022.35448 | |
| | Title: New Title Company Name | | | | | |
| 09/25/2014 | Release | | | | | |
| | Orig. Rec Date: 05/18/2009 | | Orig. Doc #: 2009.30117 | | Doc #: 2014.48937 | |
| 09/23/2014 | Deed Transfer | | | | Leedom Matthew / Leedom Lisa L | Ramirez Antonio B |
| | Sale Date: 08/19/2014 | | Doc Type: Deed Transfer | | Doc #: 2014.48140 | |
| | Title: Chicago Title Co. | | | | | |
| 05/18/2009 | Deed Transfer | $250,000 | | | Ramirez Antonio B / Ramirez Rhonda E | Leedom Matthew |
| | Sale Date: 04/16/2009 | | Doc Type: Deed Transfer | | Doc #: 2009.30115 | |
| | Title: Chicago Title | | | | | |
| 05/18/2009 | Trust Deed/Mortgage | $195,000 | Ramirez Antonio B / Ramirez Rhonda E | Leedom Matthew | | |
| ✓ VERIFIED | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: 2009.30117 | |
| | Rate Type: Fix | | Rate: 471 | | Term: | |
| 05/18/2009 | Deed Transfer | | | | Velazquez, Roberto | Velazquez Nemecia |
| | Sale Date: 04/03/2009 | | Doc Type: Deed Transfer | | Doc #: 2009.30116 | |
| | Title: Chicago Title | | | | | |
| 04/08/2005 | Deed Transfer | $80,000 | | | Leedom, Matthew | Shelton Guy Trust |
| | Sale Date: 03/23/2005 | | Doc Type: Deed Transfer | | Doc #: 2005.36004 | |
| | Title: Chicago Title | | | | | |
| 07/31/2003 | Release | | | | | |
| | Orig. Rec Date: 03/14/2002 | | Orig. Doc #: 2002.18915 | | Doc #: 2003.71955 | |
| 09/19/2002 | Release | | | | | |
| | Orig. Rec Date: 01/24/2001 | | Orig. Doc #: 2001.5909 | | Doc #: 2002.70881 | |
| 03/14/2002 | Deed Transfer | $115,000 | | | Lawson John P / Lawson Marjorie | Christian Guy & Patricia L |
| | Sale Date: 03/07/2002 | | Doc Type: Deed Transfer | | Doc #: 2002.18914 | |
| | Title: Fidelity National Title | | | | | |
| 03/14/2002 | Trust Deed/Mortgage | $103,500 | Lawson John P / Lawson Marjorie | America's Wholesale Lender | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: 2002.18915 | |
| | Rate Type: Fix | | Rate: 699 | | Term: | |
| 08/17/2001 | Partial Release | | | | | |
| | Orig. Rec Date: 01/24/2001 | | Orig. Doc #: 2001.5909 | | Doc #: 2001.61617 | |
| 01/24/2001 | Trust Deed/Mortgage | $300,000 | Latimer Trust | Union Bank Of California | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: 2001.5909 | |
| | Rate Type: Fix | | Rate: | | Term: | |



# Transaction History Report

**9546 Elder Creek Rd, Sacramento, CA 95829-9306**
APN: 066-0010-032-0000

Sacramento County Data as of: 01/09/2025

## Current Owner: Mowbray Waterman Property LLC

Vesting: A Limited Liability Company
2022 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 12/17/2024 | Release | | | | Doc #: 20241217.9 | |
| | Orig. Rec Date: 08/02/2006 | | Orig. Doc #: 20060802.1419 | | | |
| 12/13/2024 | Release | | | | Doc #: 20241213.553 | |
| | Orig. Rec Date: 08/02/2006 | | Orig. Doc #: 20060802.1418 | | | |
| 07/18/2024 | Trust Deed/Mortgage | $20,000,000 | Mowbray Waterman Property LLC | PNC Bank, National Association | | |
| | Loan Type: | | Doc Type: Trust Deed/Mortgage | | Doc #: 20240718.862 | |
| | Rate Type: | | Rate: | | Term: | |
| 08/16/2022 | Deed Transfer | $2,200,000 | | | Mowbray Waterman Property LLC | Frank And Delma Carson Family 1992 Revocable Trust |
| | Sale Date: 08/09/2022 | | Doc Type: Deed Transfer | | Doc #: 20220816.788 | |
| | Title: Placer Title | | | | | |
| 12/28/2006 | Modification | | | | Doc #: 20061228.1053 | |
| | Orig. Rec Date: | | Orig. Doc #: | | | |
| 08/02/2006 | Deed Transfer | | | | Owner Name Unavailable | Owner Name Unavailable |
| | Sale Date: 07/31/2006 | | Doc Type: Deed Transfer | | Doc #: 20060802.1417 | |
| | Title: Chicago Title | | | | | |
| 08/02/2006 | Trust Deed/Mortgage | $4,600,000 | Owner Name Unavailable | Umpqua Bank | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: 20060802.1418 | |
| | Rate Type: Fix | | Rate: 7 | | Term: | |


© 2025 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE: FAF
PAGE 1 OF 1

**Sacramento County**
**Donna Allred, Clerk/Recorder**

Doc # **202412170009**

| | | | |
|---|---|---|---|
| 12/17/2024 | 8:13:09 AM | Fees | $95.00 |
| VMA | Electronic | Taxes | $0.00 |
| Titles | 1 | PCOR | $0.00 |
| Pages | 1 | Paid | $95.00 |

RECORDING REQUESTED BY
First American Title Insurance Company
RETURN TO:
First American Title Insurance Company
1795 International Way
Idaho Falls, ID 83402
Reference Number: 068713867 11091



## RELEASE
### (ASSIGNMENT OF RENTS)

WHEREAS the indebtedness secured by the Assignment of Rents described below has been fully paid and satisfied, Umpqua Bank, the current Grantee of that certain Assignment of Rents described below, hereby declares that the lien of said Assignment of Rents is forever released and satisfied.

Said Assignment of Rents dated 7/26/2006 executed by Frank M Carson and Delma J Carson Trustees of The Frank and Delma Carson Family 1992 Revocable Trust, established March 26, 1992, Grantor, to Umpqua Bank, Original Grantee, and recorded on 8/2/2006 in Book 20060802 at Page 1419 as Instrument No . , in the Office of the Recorder for Sacramento County, State of California and cover real property situated in said county described as follows:

APN: 066-0010-005-0000

IN WITNESS WHEREOF, the Undersigned has caused this Instrument to be executed on 12/16/2024.
Umpqua Bank

By:
Jeffrey Osgood, Vice President
.

State of Idaho                      )
County of Bonneville                )

On this 12/16/2024, before me, Tawnya Rainey, personally appeared Jeffrey Osgood, personally known to me and who acknowledged to be the Vice President for Umpqua Bank, and that as such officer, being authorized so to do, signed in behalf of the entity and acknowledged that the entity executed the same.

Tawnya Rainey
Notary Public
Comm. Expires: 5/5/2026

TAWNYA RAINEY
Notary Public - State of Idaho
Commission Number 20201703
My Commission Expires May 5, 2026

**Sacramento County**
**Donna Allred, Clerk/Recorder**

| Doc # **202407180862** | Fees | $412.00 |
| 7/18/2024     3:17:59 PM | Taxes | $0.00 |
| MAL          Electronic | PCOR | $0.00 |
| Titles       5 | Paid | $412.00 |
| Pages        30 | | |

**Recording requested by, and after recording mail to:**

PNC Bank, National Association

300 Fifth Avenue
Pittsburgh, PA 15222
Attention: Lisa Stauffer

Assessor's Parcel Number: 066-0010-032-0000

~~3016052 - KU~~

~~CALIFORNIA GOVERNMENT CODE SECTION 27388.1 FEES $225.00 FOR THREE OR MORE TITLES IN ONE TRANSACTION - CAP REACHED~~.

THIS DEED OF TRUST IS INTENDED TO CONSTITUTE A FINANCING STATEMENT FILED AS A FIXTURE FINANCING STATEMENT UNDER THE CALIFORNIA COMMERCIAL CODE.

# Deed of Trust, Assignment of Leases and Rents, Security Agreement, Fixture Filing ~~and Request for Notice~~

🔺 **PNC**

THIS DEED OF TRUST AND FIXTURE FILING (this "**Deed of Trust**") is made as of July 9, 2024, by and between **MOWBRAY WATERMAN PROPERTY, LLC, a California limited liability company** (the "**Grantor**") as trustor, with an address at 686E. Mill Street, San Bernardino, CA 92408 and **Fidelity National Title Company, a California corporation** (the "**Trustee**"), with an address at 4400 MacArthur Blvd #200, Newport Beach, CA 92660 for the benefit of **PNC BANK, NATIONAL ASSOCIATION**, a national banking association (the "**Bank**"), with an address at 901 Via Piemonte, Suite 140, Ontario, California 91764, as beneficiary of this Deed of Trust.

WHEREAS, the Grantor is the owner of that certain real property described in <u>Exhibit A</u> attached hereto and made a part hereof, together with the improvements now or hereafter erected thereon;

318764850.2

FIDELITY NATIONAL TITLE INSURANCE COMPANY HAS RECORDED THIS INSTRUMENT BY REQUEST AS AN ACCOMMODATION ONLY AND HAS NOT EXAMIINED IT FOR REGULARITY AND SUFFICIENCY OR AS ITS EFFECT UPON THE TITLE TO ANY REAL PROPERTY THAT MAY BE DESCRIBED THEREIN.

**WHEREAS,** the Grantor has borrowed from the Bank, is providing a guaranty of one or more borrowings from the Bank by others, or is otherwise executing and delivering this Deed of Trust as collateral security for one or more borrowings from the Bank, with an initial (but not necessarily permanent) principal credit limit of **TWENTY MILLION DOLLARS ($20,000,000)** dated October 28, 2022 (the "**Loan**"), which Loan is evidenced by, among other things, one or more promissory notes in favor of the Bank made by The Original Mowbray's Tree Service, Incorporated, a California corporation (as the same may be amended, supplemented or replaced from time to time, the "**Note**") and the Guaranty and Suretyship Agreement dated October 28, 2022 by and between the Grantor and the Bank (the "**Guaranty**"). The Loan may also be governed by the terms and conditions of a letter agreement or loan agreement and other ancillary documents dated on or before the date of this Deed of Trust (as the same may be amended, supplemented or replaced from time to time, the "**Agreement**"); and

**WHEREAS,** the Grantor and the Bank have entered into, are entering into, or may enter into from time to time after the date hereof, or the Grantor has provided, is providing or may provide from time to time a guaranty of, or collateral security for, one or more interest rate swaps, caps, collars, options or other interest rate protection transactions, one or more foreign exchange transactions, including spots, forwards, options or other similar transactions providing for the purchase of one currency in exchange for the sale of another currency, total return swaps, commodity swaps, commodity options, and/or any other transaction that is similar to any of the transactions referred to above and which is a forward, swap, future, option or other derivative on one or more rates, currencies, commodities, debt securities or other debt instruments (collectively, the "**Transactions**"), the termination of which could produce payments owing to the Bank, pursuant to an ISDA Master Agreement or other similar agreement (as the same may be amended, supplemented or replaced from time to time, the "**Master Agreement**") (the obligations owing to the Bank under the Master Agreement, as supplemented by the Transactions, being herein called the "**Hedge Obligations**");

**NOW, THEREFORE**, for the purpose of securing the payment and performance of the following obligations (collectively called the "**Obligations**"):

(A)    The Loan, the Note, the Agreement, the Guaranty, the Hedge Obligations, and all other debts, liabilities, obligations, covenants and duties owing by the Grantor or The Original Mowbray's Tree Service, Incorporated, a California corporation (the "**Borrower**"), Robin Mowbray ("**Mowbray**"), and Grantor (Grantor, together with Mowbray, the "**Guarantors**") (or any of them) to the Bank, whether direct or indirect, absolute or contingent, joint or several, due or to become due, now existing or hereafter arising under the Loan, the Note, the Agreement or the Hedge Obligations;

(B)    Any amendments, extensions, renewals and increases of or to any of the foregoing, and all costs and expenses of the Bank and/or the Trustee incurred in the documentation, negotiation, modification, enforcement, collection and otherwise in connection with any of the foregoing, including reasonable attorneys' fees and expenses;

- 2 -

(C)     Any sums advanced by the Bank or which may otherwise become due pursuant to the provisions of the Note, the Agreement, the Master Agreement, this Deed of Trust, the Guaranty or any other document or instrument at any time delivered to the Bank to evidence or secure any of the Obligations (as each of the same may be amended, supplemented or replaced from time to time, collectively, the "**Loan Documents**"); and

(D)     This deed of trust is given for the purpose of creating a lien on the Property in order to secure not only any existing indebtedness, but also future advances, whether such advances are obligatory or to be made at the option of the Bank, or otherwise, and whether made before or after default or maturity or other similar events, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust, although there may be no advance made at the time of the execution hereof and although there may be no indebtedness outstanding at the time any advance is made. Notwithstanding the reduction of the amount(s) secured hereby at any time to zero, this Deed of Trust shall remain in full force and effect until such time as reconveyance thereof is filed of record.

For purposes of clarity and avoidance of doubt, the Environmental Indemnity Agreement(s), if any, executed under separate cover by Grantor or Borrower (or any of them) in favor of the Bank are specifically excluded from the Obligations secured by this Deed of Trust.

The Grantor, for good and valuable consideration, receipt of which is hereby acknowledged, and intending to be legally bound hereby, does hereby irrevocably give, grant, bargain, sell, convey, assign, transfer, hypothecate, pledge, set over and confirm unto the Trustee, in trust with power of sale, forever, all of the Grantor's right, title, estate, claim and interest in the following described property, all accessions and additions thereto, all substitutions therefor and replacements and proceeds thereof, and all reversions and remainders of such property now owned or held or hereafter acquired (collectively, the "**Property**"), to wit:

(a)     All of the Grantor's estate in that certain tract or parcel of land located at and commonly known as 9546 Elder Creek Rd, Sacramento, CA ("**Property Address**"), in the State of California, County(ies) of Sacramento, as more specifically described in Exhibit A, which is attached hereto and incorporated herein by reference; together with all of the easements, rights of way, privileges, liberties, hereditaments, gores, streets, alleys, passages, ways, waters, watercourses, air rights, oil rights, gas rights, mineral rights and all other rights and appurtenances thereunto belonging or appertaining, and all of the Grantor's estate, right, title, interest, claim and demand therein and in the public streets and ways adjacent thereto, either in law or in equity (the "**Land**");

(b)     All the buildings, structures and improvements of every kind and description now or hereafter erected or placed on the Land, and all facilities, fixtures, machinery, apparatus, appliances, installations, equipment and other goods, which in each case have become so related to the Land that an interest in them arises under real property law, including all building

- 3 -

318764850.2

materials to be incorporated into such buildings, all electrical equipment necessary for the operation of such buildings and heating, air conditioning and plumbing equipment now or hereafter attached to, appurtenant to, located in or used in connection with those buildings, structures or other improvements on the Land (the "**Improvements**");

(c)    All of the Grantor's right, title and interest in and to all agreements, plans, franchises, management agreements, approvals (whether issued by a governmental authority or otherwise) and other documentation or written or recorded work product required for or in any way related to the development, construction, renovation, use, occupancy or ownership of the Improvements, if any, whether now existing or hereafter arising (the "**Development Documents**"), including all (i) plans, specifications and other design work for buildings and utilities, (ii) architect's agreements and construction contracts and warranties, (iii) environmental reports, surveys and other engineering work product, (iv) permits and licenses and (v) agreements of sale, purchase options and agreements for easements and rights of way benefiting the Land, and the Grantor further covenants and agrees to execute and deliver to the Trustee or Bank, on demand, such additional assignments and instruments as the Bank may require to implement, confirm, maintain or continue any grant or assignment of rights in the Development Documents;

(d)    All rents, income, issues and profits arising or issuing from the Land and the Improvements and advantages and claims against guarantors of any Leases (defined below) (the "**Rents**") including the Rents arising or issuing from all leases (including, without limitation, oil and gas leases), licenses, subleases or any other use or occupancy agreement now or hereafter entered into covering all or any part of the Land and Improvements (the "**Leases**"), all of which Leases and Rents are hereby assigned to the Bank by the Grantor. The foregoing assignment shall include all fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties, and all cash or securities deposited under Leases to secure performance of lessees of their obligations thereunder, whether such cash or securities are to be held until the expiration of the terms of such leases or applied to one or more installments of rent coming due prior to the expiration of such terms. The foregoing assignment extends to Rents arising both before and after the commencement by or against the Grantor of any case or proceeding under any Federal or State bankruptcy, insolvency or similar law, and is intended as an absolute assignment and not merely the granting of a security interest. The Grantor, however, shall have a license to collect, retain and use the Rents so long as no Event of Default shall have occurred and be continuing or shall exist. The Grantor will execute and deliver to the Bank, on demand, such additional assignments and instruments as the Bank may require to implement, confirm, maintain and continue the assignment of Rents hereunder;

(e)    All proceeds of the conversion, voluntary or involuntary, of any of the foregoing specified in (a) through (d) above into cash or liquidated claims; and

(f)    This Deed of Trust constitutes a "Security Agreement" on the personal property expressly specified in this Deed of Trust within the meaning of the Uniform Commercial Code (the "**UCC**"). Without limiting any of the other provisions of this Deed of Trust, the Grantor,

- 4 -

318764850.2

as debtor (as defined in the UCC), expressly grants unto the Bank, as secured party, a security interest in the following personal property of the Grantor, all whether now owned or hereafter acquired or arising: (i) accounts arising out of or derived from the Land, Improvements, Development Documents, Rents or Leases (including health-care-insurance receivables and credit card receivables); (ii) fixtures located on, affixed to, or attached to the Land or the Improvements; and (iii) all cash and noncash proceeds (including insurance proceeds) of all of the foregoing property, all products thereof and all additions and accessions thereto, substitutions therefor and replacements thereof. By its signature hereon, the Grantor hereby irrevocably authorizes the Bank to file against the Grantor one or more financing, continuation or amendment statements pursuant to the UCC, with respect to the personal property expressly set forth in this Deed of Trust, in form satisfactory to the Bank, and the Grantor will pay the costs of preparing and filing the same in all jurisdictions in which such filing is deemed by the Bank to be necessary or desirable in order to perfect, preserve and protect its security interests. The Grantor will also execute and deliver to the Bank on demand such other instruments as the Bank may require in order to perfect, protect and maintain such security interests under the UCC on the aforesaid collateral. The Grantor hereby grants to the Bank a security interest in the property expressly identified in this Deed of Trust to which Article 9 of the UCC is applicable and the proceeds (cash and noncash) thereof. The Bank shall have all the rights and remedies of a secured party under said UCC with respect to such property.

TO HAVE AND TO HOLD the Property and all other interests described above unto the Trustee; BUT IN TRUST, NEVERTHELESS to secure to the Bank and the Trustee for the benefit of the Bank the payment and performance of all of the Obligations; PROVIDED, HOWEVER, that until the occurrence of an Event of Default, the Grantor shall have the sole right to remain in peaceful possession of the Property; PROVIDED, FURTHER HOWEVER, that if the Grantor and any other obligor or guarantor of any of the Obligations shall pay, perform and satisfy in full all of the Obligations, then, upon written request of Grantor, and upon proof to the satisfaction of the Bank that the Obligations have been paid, performed and satisfied in full (or upon terms otherwise agreed to in writing by the Bank), the Bank shall, at the Grantor's expense, request that Trustee reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee; subject, however, to the survival of certain rights and benefits in accordance with Section 31 (Survival; Successors and Assigns) hereof. Such request and reconveyance shall operate as a reassignment of the Rents assigned to Beneficiary in this Deed of Trust.

1. **Representations and Warranties.** The Grantor represents and warrants to the Bank that (i) the Grantor has good and marketable title to an estate in fee simple absolute in the Land and Improvements and has all right, title and interest in all other property constituting a part of the Property, in each case free and clear of all liens and encumbrances, except as to Permitted Encumbrances and (ii) the Grantor's name, organizational information and address are true and complete as set forth in the heading of this Deed of Trust. This Deed of Trust is a valid and enforceable first lien on the Property (except as to Permitted Encumbrances). The Grantor shall preserve such title as it warrants herein and the validity and priority of the lien hereof and shall

- 5 -

forever warrant and defend the same to the Bank against the claims of all persons. "**Permitted Encumbrance(s)**" means, at any particular time, (a) liens for taxes, assessments, or governmental charges not then due and payable or not then delinquent; (b) liens, easements, encumbrances, and restrictions on the Property that are allowed by the Bank to appear in Schedule B, with Parts I and II of an ALTA title policy to be issued to the Bank following recordation of the Deed of Trust; and (c) liens in favor of or consented to in writing by the Bank.

       2.     **Affirmative Covenants**.  Until all of the Obligations shall have been fully paid, satisfied and discharged the Grantor shall:

       (a)     Legal Requirements.  Promptly comply with and conform to all present and future laws, statutes, codes, ordinances, orders and regulations and all covenants, restrictions and conditions which may be applicable to the Grantor or to any of the Property (the "**Legal Requirements**").

       (b)     Impositions.  Before interest or penalties are due thereon and otherwise when due, the Grantor shall pay all taxes of every kind and nature, all charges for any easement or agreement maintained for the benefit of any of the Property, all general and special assessments (including any condominium or planned unit development assessments, if any), levies, permits, inspection and license fees, all water and sewer rents and charges, and all other charges and liens, whether of a like or different nature, imposed upon or assessed against the Grantor or any of the Property (the "**Impositions**").  Within thirty (30) days after the payment of any Imposition, the Grantor shall deliver to the Bank written evidence acceptable to the Bank of such payment.  The Grantor's obligations to pay the Impositions shall survive the Bank's taking title to (and possession of) the Property through foreclosure, deed-in-lieu or otherwise, as well as the termination of the Deed of Trust including by merger into a deed.

       (c)     Maintenance of Security.  Use, and permit others to use, the Property only for its present use or such other uses as permitted by applicable Legal Requirements and approved in writing by the Bank.  The Grantor shall keep the Property in good condition and order and in a rentable and tenantable state of repair and will make or cause to be made, as and when necessary, all repairs, renewals, and replacements, structural and nonstructural, exterior and interior, foreseen and unforeseen, ordinary and extraordinary, provided, however, that no structural repairs, renewals or replacements shall be made without the Bank's prior written consent.  The Grantor shall not remove, demolish or alter the Property nor commit or suffer waste with respect thereto, nor permit the Property to become deserted or abandoned.  The Grantor covenants and agrees not to take or permit any action with respect to the Property which will in any manner impair the security of this Deed of Trust or the use of the Property as set forth in the Loan Documents.

       3.     **Leases**.  Any or all Leases of all or any part of the Property shall be subject in all respects to the Bank's prior written consent, shall be subordinated to this Deed of Trust and to the Bank's rights and, together with any and all Rents, shall be assigned at the time of execution to the Bank as additional collateral security for the Obligations, all in such form, substance and detail as

- 6 -

is satisfactory to the Bank in its sole discretion. The Grantor shall not, without the prior written consent of the Bank, (i) further assign or attempt to assign the Leases or any portion of the Rents due and payable or to become due and payable thereunder, (ii) alter, modify, amend or change the terms of any of the Leases or surrender, renew, cancel or terminate the same or do anything whatsoever affecting any guaranty of any of the Leases or consent to any of the foregoing, (iii) accept prepayments of any portion of the Rents for a period of more than one (1) month in advance, (iv) enter into any lease, license or other agreement for occupancy after the date hereof for the Property, or any part thereof, or (v) discount any future accruing Rents. At the Bank's request, the Grantor shall assign to the Bank, by written instrument satisfactory to the Bank, all Leases of the Property, and all security deposits made by tenants in connection with such Leases. On assignment to the Bank of any such Lease, the Bank shall succeed to all rights and powers of the Grantor with respect to such Lease, and the Bank, in its sole and absolute discretion, shall have the right to modify, extend, or terminate such Lease and to execute other further leases with respect to the Property that is the subject of such assigned lease.

4.    **Due on Sale or Encumbrance Clause.**  The Grantor shall not sell, convey or otherwise transfer any interest in the Property (whether voluntarily or by operation of law), or agree to do so, without the Bank's prior written consent, including (a) any sale, conveyance, encumbrance, assignment, or other transfer of (including installment land sale contracts), or the grant of a security interest in, all or any part of the legal or equitable title to the Property, except as otherwise permitted hereunder; (b) any lease of all or any portion of the Property; (c) any sale, conveyance, assignment, or other transfer of, or the grant of a security interest in, any share of stock of the Grantor, if a corporation, or any partnership interest in the Grantor, if a partnership, or any membership interest, if a limited liability entity, except in favor of the Bank; or (d) change or permit to be changed the character or use of the Property, or drill or extract or enter into any lease for the drilling or extracting of oil, gas, or other hydrocarbon substances or any mineral of any kind or character on the Property. Any default under this section shall cause an immediate acceleration of the Obligations without any demand by the Bank, and the Bank may exercise all rights and remedies in this Deed of Trust.

5.    **Mechanics' Liens.**  Prior to the Grantor performing any construction or other work on or about the Property for which a lien could be filed against the Property, the Grantor shall enter into a written contract ("**Construction Contract**") with the contractor who is to perform such work, or materialman providing materials (each a "**Contractor**"), containing a provision whereby (i) the Contractor shall, at the request of the Grantor or Bank, verify in an affidavit in a form approved by the Bank that all labor and materials furnished by the Contractor, including all applicable taxes, have been paid by the Contractor up to the date of such requested affidavit, (ii) the Contractor shall, upon the request of the Grantor or Bank, at no cost to Bank, post a bond guaranteeing payment for labor and materials provided by all subcontractors, sub-subcontractors and materialmen and subsequently obtain advance lien waivers from such parties in a form acceptable to Bank, (iii) the Contractor agrees to subordinate any lien against the Property, whether obtained under the mechanics' lien laws or otherwise, to the lien, right, title and terms of the Loan Documents and all advances to be made thereunder and to include a similar provision in contracts

- 7 -

with all subcontractors, sub-subcontractors and materialmen with respect to liens obtained by such parties and (iv) the Contractor agrees that foreclosure or a conveyance in lieu of a foreclosure of the liens and security interests securing the Obligations shall be fully and automatically effective to terminate and extinguish all of Contractor's liens and claims of any kind against the Property and to include a similar provision in contracts with all subcontractors, sub-subcontractors and materialmen with respect to liens obtained by such parties. Notwithstanding the foregoing, if mechanics' or other liens shall be filed against the Property purporting to be for labor or material furnished or to be furnished on behalf of the Grantor, or for any other reason relating to the acts or omissions of the Grantor, then the Grantor shall at its expense, cause such lien to be discharged of record by payment, bond or otherwise within fifteen (15) days after the filing thereof. If the Grantor shall fail to cause such lien to be discharged of record within the fifteen (15) day period, the Bank may, in Bank's sole discretion, cause such lien to be discharged by payment, bond or otherwise without investigation as to the validity thereof or as to any offsets or defenses thereto, and the Grantor shall, upon demand, reimburse the Bank for all amounts paid and costs incurred in connection therewith including, without limitation, attorneys' fees and disbursements.

      6.    **Insurance**. The Grantor shall keep the Property continuously insured, in an amount not less than the cost to replace the Property or an amount not less than eighty percent (80%) of the full insurable value of the Property, whichever is greater, covering such risks and in such amounts and with such deductibles as are satisfactory to the Bank and its counsel including insurance against loss or damage by fire, with extended coverage and against other hazards as the Bank may from time to time require. With respect to any property under construction or reconstruction, the Grantor shall maintain builder's risk insurance. The Grantor shall also maintain comprehensive general public liability insurance, in an amount of not less than One Million Dollars ($1,000,000) per occurrence and Two Million Dollars ($2,000,000) general aggregate per location, which includes contractual liability insurance for the Grantor's obligations under the Leases, and worker's compensation insurance. All property and builder's risk insurance shall include protection for continuation of income for a period of twelve (12) months, in the event of any damage caused by the perils referred to above. All policies, including policies for any amounts carried in excess of the required minimum and policies not specifically required by the Bank, shall be with an insurance company or companies satisfactory to the Bank, shall be in form satisfactory to the Bank, shall meet all coinsurance requirements of the Bank, shall be maintained in full force and effect, shall be assigned to the Bank, with premiums prepaid, as collateral security for payment of the Obligations, shall be endorsed with a standard mortgagee clause in favor of the Bank and shall provide for at least thirty (30) days' notice of cancellation to the Bank. Such insurance shall also name the Bank as an additional insured under the comprehensive general public liability policy and the Grantor shall also deliver to the Bank a copy of the replacement cost coverage endorsement. If the Property is located in an area which has been identified by any governmental agency, authority or body as a flood hazard area, then the Grantor shall maintain a flood insurance policy covering the Property in an amount equal to the lesser of (a) the original amount of the Obligations or (b) the maximum limit of coverage available under the federal program; provided, however, the Bank may require greater amounts in its sole discretion.

7.    **Rights of Bank to Insurance Proceeds.**  In the event of loss, the Bank shall have the exclusive right to adjust, collect and compromise all insurance claims, and the Grantor shall not adjust, collect or compromise any claims under said policies without the Bank's prior written consent.  Each insurer is hereby authorized and directed to make payment under said policies, including return of unearned premiums, directly to the Bank instead of to the Grantor and the Bank jointly, and the Grantor appoints the Bank as the Grantor's attorney-in-fact, which appointment is irrevocable and coupled with an interest, to endorse any draft therefor.  All insurance proceeds may, at the Bank's sole option, be applied to all or any part of the Obligations and in any order (notwithstanding that such Obligations may not then otherwise be due and payable) or to the repair and restoration of any of the Property under such terms and conditions as the Bank may impose.

8.    **Installments for Insurance, Taxes and Other Charges.**  Upon the Bank's request, the Grantor shall pay to the Bank monthly, an amount equal to one-twelfth (1/12) of the annual premiums for the insurance policies referred to hereinabove and the annual Impositions and any other item which at any time may be or become a lien upon the Property (the "**Escrow Charges**").  The amounts so paid shall be used in payment of the Escrow Charges so long as no Event of Default shall have occurred.  No amount so paid to the Bank shall be deemed to be trust funds, nor shall any sums paid bear interest.  The Bank shall have no obligation to pay any insurance premium or Imposition if at any time the funds being held by the Bank for such premium or Imposition are insufficient to make such payments.  If, at any time, the funds being held by the Bank for any insurance premium or Imposition are exhausted, or if the Bank determines, in its sole discretion, that such funds will be insufficient to pay in full any insurance premium or Imposition when due, the Grantor shall promptly pay to the Bank, upon demand, an amount which the Bank shall estimate as sufficient to make up the deficiency.  Upon the occurrence of an Event of Default, the Bank shall have the right, at its election, to apply any amount so held against the Obligations due and payable in such order as the Bank may deem fit, and the Grantor hereby grants to the Bank a lien upon and security interest in such amounts for such purpose.

9.    **Condemnation.**  The Grantor, immediately upon obtaining knowledge of any potential or threatened condemnation or taking, or upon the institution of any proceedings for the condemnation or taking, by eminent domain of any of the Property, shall notify the Bank of such threat or the pendency of such proceedings.  The Bank may participate in any related negotiations or proceedings and the Grantor shall deliver to the Bank all instruments requested by it to permit such participation.  Any award or compensation for property taken or for damage to property not taken, whether as a result of condemnation proceedings or negotiations in lieu thereof, is hereby assigned to and shall be received and collected directly by the Bank, and any award or compensation shall be applied, at the Bank's option, to any part of the Obligations and in any order (notwithstanding that any of such Obligations may not then be due and payable) or to the repair and restoration of any of the Property under such terms and conditions as the Bank may impose.

10.    **Environmental Matters.**

- 9 -

(a)     For purposes of this Section 10, the term "**Environmental Laws**" shall mean all federal, state and local laws, regulations and orders, whether now or in the future enacted or issued, pertaining to the protection of land, water, air, health, safety or the environment. The term "**Regulated Substances**" shall mean all substances regulated by Environmental Laws, or which are known or considered to be harmful to the health or safety of persons, or the presence of which may require investigation, notification or remediation under the Environmental Laws. The term "**Contamination**" shall mean the discharge, release, emission, disposal or escape of any Regulated Substances into the environment.

(b)     The Grantor represents and warrants (i) that no Contamination is present at, on or under the Property and that no Contamination is being or has been emitted onto any surrounding property; (ii) all operations and activities on the Property have been and are being conducted in accordance with all Environmental Laws, and the Grantor has all permits and licenses required under the Environmental Laws; (iii) no underground or aboveground storage tanks are or have been located on or under the Property; and (iv) no legal or administrative proceeding is pending or threatened relating to any environmental condition, operation or activity on the Property, or any violation or alleged violation of Environmental Laws. These representations and warranties shall be true as of the date hereof, and shall be deemed to be continuing representations and warranties which must remain true, correct and accurate during the entire duration of the term of this Deed of Trust.

(c)     The Grantor shall ensure that, at its sole cost and expense, the Property and the conduct of all operations and activities thereon comply and continue to comply with all Environmental Laws. The Grantor shall notify the Bank promptly and in reasonable detail in the event that the Grantor becomes aware of any violation of any Environmental Laws, the presence or release of any Contamination with respect to the Property, or any governmental or third party claims relating to the environmental condition of the Property or the conduct of operations or activities thereon. The Grantor also agrees not to permit or allow the presence of Regulated Substances on any part of the Property, except for those Regulated Substances (i) which are used in the ordinary course of the Grantor's business, but only to the extent they are in all cases used in a manner which complies with all Environmental Laws; and (ii) those Regulated Substances which are naturally occurring on the Property. The Grantor agrees not to cause, allow or permit the presence of any Contamination on the Property.

(d)     The Trustee and the Bank shall not be liable for, and the Grantor shall indemnify, defend and hold the Trustee and the Bank and the Indemnified Parties (as hereinafter defined) and all of their respective successors and assigns harmless from and against all losses, costs, liabilities, damages, fines, claims, penalties and expenses (including reasonable attorneys', consultants' and contractors' fees, costs incurred in the investigation, defense and settlement of claims, as well as costs incurred in connection with the investigation, remediation or monitoring of any Regulated Substances or Contamination) that the Trustee and the Bank or any Indemnified Party may suffer or incur (including as holder of the Deed of Trust, as mortgagee in possession or as successor in interest to the Grantor as owner of the Property by virtue of a power of sale,

- 10 -

foreclosure or acceptance of a deed in lieu of foreclosure) as a result of or in connection with (i) any Environmental Laws (including the assertion that any lien existing or arising pursuant to any Environmental Laws takes priority over the lien of the Deed of Trust); (ii) the breach of any representation, warranty, covenant or undertaking by the Grantor in this Section 10; (iii) the presence on or the migration of any Contamination or Regulated Substances on, under or through the Property; or (iv) any litigation or claim by the government or by any third party in connection with the environmental condition of the Property or the presence or migration of any Regulated Substances or Contamination on, under, to or from the Property.

(e)  Upon the Bank's request, the Grantor shall execute and deliver an Environmental Indemnity Agreement satisfactory in form and substance to the Bank, to more fully reflect the Grantor's representations, warranties, covenants and indemnities with respect to the Environmental Laws.

(f)  Environmental Remedies.

(i)  Bank may sue for breach of Grantor's covenants, representations, warranties, and/or indemnities set forth in this Deed of Trust, in any separate environmental indemnity or other agreement relating to environmental matters, pursuant to California Code of Civil Procedure Section 736, and may seek the recovery of any and all costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses actually incurred by Bank (collectively the "**Environmental Costs**") or advanced by Bank for the cleanup, remediation, or other response action required by law, or which Bank believes necessary to protect the Property, it being conclusively presumed between Bank and Grantor that all such Environmental Costs incurred or advanced by Bank relating to the cleanup, remediation, or other response action of or to the Property were made by Bank in good faith.

(ii)  In the event that any portion of the Property is determined to be "environmentally impaired" (as defined in California Code of Civil Procedure Section 726.5(e)(3)) or to be an "affected parcel" (as defined in California Code of Civil Procedure Section 726.5(e)(1)), then, without otherwise limiting or in any way affecting Bank's or Trustee's rights and remedies under this Deed of Trust, Bank may elect to exercise its right under California Code of Civil Procedure Section 726.5(a) to: (A) waive its lien on such environmentally impaired or affected portion of the Property; and (B) exercise: (1) the rights and remedies of an unsecured creditor, including reduction of its claim against Grantor to judgment; and (2) any other rights and remedies permitted by law.  For purposes of determining Bank's right to proceed as an unsecured creditor under California Code of Civil Procedure Section 726.5(a), Grantor shall be deemed to have willfully permitted or acquiesced in a release or threatened release of hazardous materials, within the meaning of California Code of Civil Procedure Section 726.5(d)(1), if the release or threatened release of hazardous materials was knowingly or negligently caused or contributed to by any lessee, occupant, or user of any portion of the Property and Grantor knew or should have known of the activity by such lessee, occupant, or user which caused or contributed to the release or

- 11 -

threatened release. All Environmental Costs and costs and expenses, including, but not limited to, attorneys' fees, incurred by Bank in connection with any action commenced under this Section, including any action pursuant to California Code of Civil Procedure Section 736 or California Code of Civil Procedure Section 726.5(b), plus interest thereon at the Default Rate until paid, shall be added to the Obligations secured by this Deed of Trust and shall be due and payable to Bank upon its demand.

(iii)    Grantor acknowledges and agrees that notwithstanding any term or provision contained herein or in the other Loan Documents, all Environmental Costs incurred pursuant to this Deed of Trust and all judgments and awards entered against Grantor in respect of or pertaining to the provisions of this Section, shall be exceptions to any nonrecourse or exculpatory provision of the Loan Documents, whether specifically set forth in the Loan Documents or provided by statute, and Grantor shall be fully and personally liable for all such Environmental Costs and for all such judgments and awards entered against Grantor thereunder, and such liability shall not be limited to the original principal amount of the Obligations. Grantor's obligations with respect to such Environmental Costs and judgments and awards shall survive a foreclosure, deed in lieu of foreclosure, release, reconveyance, or any other transfer of the Property or this Deed of Trust.

11.    **Inspection of Property.**  The Trustee and the Bank or their agents shall have the right to enter the Property at any reasonable hour for the purpose of inspecting the order, condition and repair of the buildings and improvements erected thereon, as well as the conduct of operations and activities on the Property.  The Trustee and the Bank may enter the Property (and cause the Bank's employees, agents and consultants to enter the Property), upon prior written notice to the Grantor, to conduct any and all environmental testing deemed appropriate by the Bank in its sole discretion.  The environmental testing shall be accomplished by whatever means the Bank may deem appropriate, including the taking of soil samples and the installation of ground water monitoring wells or other intrusive environmental tests.  The Grantor shall provide the Trustee and the Bank (and the Bank's employees, agents and consultants) reasonable rights of access to the Property as well as such information about the Property and the past or present conduct of operations and activities thereon as the Trustee or the Bank shall reasonably request.

12.    **Events of Default.**  The occurrence of any one or more of the following events shall constitute an "**Event of Default**" hereunder: (a) any Event of Default (as such term is defined in any of the Loan Documents); (b) any termination event under the Master Agreement; (c) any default under any of the Obligations that does not have a defined set of "Events of Default" and the lapse of any notice or cure period provided in such Obligations with respect to such default; (d) demand by the Bank under any of the Obligations that have a demand feature; (e) the Grantor's failure to perform any of its obligations under this Deed of Trust or under any Environmental Indemnity Agreement executed and delivered pursuant to Section 10(e); (f) falsity, inaccuracy or material breach by the Grantor of any written warranty, representation or statement made or furnished to the Bank by or on behalf of the Grantor; (g) an uninsured material loss, theft, damage, or destruction to any of the Property, or the entry of any judgment against the Grantor or any lien

- 12 -

against or the making of any levy, seizure or attachment of or on the Property; (h) the Bank's failure to have a lien on the Property with the priority required under Section 1; (i) any indication or evidence received by the Bank that the Grantor may have directly or indirectly been engaged in any type of activity which, in the Bank's discretion, might result in the forfeiture of any property of the Grantor to any governmental entity, federal, state or local; (j) foreclosure proceedings are instituted against the Property upon any other lien or claim, whether alleged to be superior or junior to the lien of this Deed of Trust; or (k) the Grantor's failure to pay any Impositions as required under Section 2(b), or to maintain in full force and effect any insurance required under Section 6.

     **13.**   **Remedies.**  If an Event of Default occurs, the Bank may, acting alone or together with or through the Trustee or any agents or attorneys at the Bank's option and without demand, notice or delay, do one or more of the following:

     (a)   <u>Acceleration</u>.  The Bank may declare that all sums payable under the Loan Documents are immediately due and payable in full, whereupon all such sums shall be immediately due and payable in full regardless of any installment payment provisions, maturity date, or other terms and conditions of any Loan Document.

     (b)   <u>Enter, Manage, Control</u>.  The Bank may enter upon the Land and Improvements, exclude the Grantor, and anyone claiming by, through or under Grantor, from the Land and Improvements, exercise all rights and powers of the Grantor with respect to the Property, and/or collect all Rents or other income thereof.

     (c)   <u>Sell Pursuant to Power of Sale.</u>  The Bank may instruct the Trustee to sell the Property at such time and place, after such notice, and in accordance with such procedures as may be required or permitted by applicable law.  Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Trustee shall deliver to the purchaser a Trustee's deed conveying the Property so sold without any covenant or warranty, express or implied.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  The Grantor hereby authorizes and empowers the Trustee to sell the Property as aforesaid.  This POWER OF SALE shall not be exhausted in the event any proceeding is dismissed before all Obligations are satisfied in full.

     (d)   <u>Other Proceedings</u>.  The Bank may proceed by suit or suits at law or in equity or by any other appropriate remedy to protect and enforce the rights of the Trustee and the Bank, whether for the specific performance of any covenant or agreement contained in the Loan Documents, or in aid of the execution of any power therein granted, or to foreclose this Deed of Trust, or to sell the Property under the judgment or decree of a court or courts of competent jurisdiction, or otherwise.

     (e)   <u>Appointment of Receiver</u>.  Except as otherwise required by applicable law, the Bank may, as a matter of right, without notice to the Grantor, without regard to the adequacy of the security and whether incidental to a proposed sale of the Property or otherwise, seek the

318764850.2

immediate APPOINTMENT OF A RECEIVER of the Property and of the Rents and Leases, with all such powers as the court making such appointment shall confer, and the earnings, revenues, rents, issues and profits and other income thereof or therefrom are hereby assigned to the Trustee as additional security under this Deed of Trust.

(f)     <u>Exercise Rights as Secured Party</u>.  The Bank may exercise all of the rights and remedies of a secured party under the UCC and any similar California law, including but not limited to California Commercial Code Sections 9102(a)(40) and 9502(c).  By exercising any of Bank's rights or remedies under the California Commercial Code, Grantor acknowledges and agrees that Bank shall not be deemed to have exercised any equitable right of setoff, foreclosed any statutory banker's lien, initiated or prosecuted any "action" to enforce the rights and obligations secured by this Deed of Trust, or the Loan Documents, as the term "action" is used in California Code of Civil Procedure Section 726, or to have violated the "security first" principle of California Code of Civil Procedure Section 726. Accordingly, the exercise of any or all of Bank's rights and remedies under the California Commercial Code shall not in any way prejudice or affect Bank's right to initiate and complete a judicial or non-judicial foreclosure under this Deed of Trust.  This Deed of Trust evidences the consensual granting of a personal property security interest in any personal property as permitted by the California Commercial Code. The parties do not intend that the exercise by Bank of any of its rights or remedies hereunder shall have any different consequences under California Code of Civil Procedure Section 726 than the exercise of rights or remedies under any other security agreement under which a secured party has been granted a security interest in other types of personal property.  The Grantor waives any notice of disposition of any personal property, provided to the extent any such notice is required and cannot be waived, the Grantor agrees that such notice shall be deemed reasonable and shall fully satisfy any requirement for notice if such notice is mailed, postage prepaid, to Grantor at least five (5) days before the time of disposition.

**14.**     **Bank May Bid.**  Upon any sale made by virtue of this Deed of Trust, the Bank may bid for and acquire the Property or any part thereof, and may make settlement for the purchase price by crediting to the Obligations the net sales price after deducting therefrom the Bank's Expenses (as hereinafter defined), together with interest at the default rate provided in the Note (the "**Default Rate**"), and any other sums which Bank is authorized to deduct under this Deed of Trust and applicable law.

**15.**     **Expenses.**  The performance of each and every obligation on the Grantor's part under the Loan Documents shall be at the sole expense of the Grantor, and neither the Bank nor the Trustee shall have any obligation for any such expenses.  In addition to any other amounts required to be paid by the Grantor under the Loan Documents or with respect to the Property, the Grantor shall pay the following (collectively called the "**Expenses**"): (a) all filing, registration and recording costs and fees and all federal, state, county and municipal stamp taxes and other taxes, duties, imposts, assessments and charges in connection with the recordation or filing of any Loan Documents or related instruments, and any documents in connection with any foreclosure, deed in lieu of foreclosure or other dispositions of the Property following an Event of Default; (b)

- 14 -

all fees, costs and expenses incident to any foreclosure, deed in lieu of foreclosure or other disposition of the Property pursuant to exercise by the Bank and/or the Trustee of their rights and remedies upon any Event of Default, including but not limited to, in case of foreclosure, fees for same charged by the Trustee as provided by applicable law; (c) all costs and expenses in connection with the development, construction, management, operation, maintenance, repair and replacement of the Property; and (d) all other costs and expenses included as part of the Obligations (as defined above). All Expenses paid or incurred by the Bank or the Trustee shall be reimbursed by the Grantor to the Bank on demand (provided no such demand shall be required if an Event of Default has occurred), shall bear interest at the Default Rate from the date of demand (or the date an Event of Default occurs if no demand has been made) until paid, and shall, together with such interest, constitute part of the Obligations.

      16.    **Application of Proceeds.**  Trustee shall apply the proceeds of any sale made by virtue of this Deed of Trust in the following order: (a) to all reasonable costs and expenses of the sale, including but not limited to reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

      17.    **Bank's Right to Protect Security.**  The Bank is hereby authorized to do any one or more of the following, irrespective of whether an Event of Default has occurred: (a) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Trustee or the Bank hereunder; (b) purchase such insurance policies covering the Property as the Bank may elect if the Grantor fails to maintain the insurance coverage required hereunder; and (c) take such action as the Bank may determine to pay, perform or comply with any Impositions or Legal Requirements, to cure any Events of Default and to protect its security in the Property. Any amounts expended by Bank pursuant to this Section, with interest thereon at the Note rate, shall become additional indebtedness of Grantor secured by this Deed of Trust. Unless Grantor and Bank agree to other terms of payment, such amounts shall be payable upon notice from Bank to Grantor requesting payment thereof. Nothing contained in this Section shall require Bank to incur any expense or take any action hereunder.

      18.    **Appointment of Bank as Attorney-in-Fact.**  The Bank, or any of its officers, is hereby irrevocably appointed attorney-in-fact for the Grantor (without requiring any of them to act as such), such appointment being coupled with an interest, to do any or all of the following: (a) collect the Rents after the occurrence of an Event of Default; (b) settle for, collect and receive any awards payable under Section 9 from the authorities making the same; and (c) execute, deliver and file, at Grantor's sole cost and expense such instruments as the Bank may require in order to perfect, protect and maintain its liens and security interests on any portion of the Property.

      19.    **Certain Waivers.**  To the fullest extent permitted by law, the Grantor hereby waives (a) any appointment, valuation, stay, extension or redemption laws now or hereafter in force which could prevent or hinder the enforcement or foreclosure of the lien of this Deed of Trust, or the absolute sale of the Property, or the final or absolute putting into possession thereof,

- 15 -

immediately after such sale, of the purchaser thereof, (b) any claim against the Bank or the Trustee for any entry on the Land or Improvements, and (c) any and all right to have the estates comprised in the security created hereby marshalled upon any foreclosure of the lien of this Deed of Trust and agrees that the Trustee, or any court having jurisdiction to foreclose such lien, may sell the Property as an entirety or in such one or more parcels as they may deem appropriate. Grantor's waiver as set forth herein is intended to include, but not be limited to, Grantor's wavier of any rights or defenses which Grantor might otherwise be entitled to as a guarantor pursuant to Sections 580a, 580b, 580d, 580e or 726 (including any fair value limitations under §726 of that Code) of the California Code of Civil Procedure, and all benefits of California Code of Civil Procedure Section 431.70 and any right that Grantor may have to offset any portion of the Obligations by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Grantor may have against Bank. Grantor waives the right to assert any statute of limitations as a defense to the Loan Documents and the Obligations secured by this Deed of Trust, to the fullest extent permitted by law.

A. Grantor, by execution of this Deed of Trust, represents to the Bank that the relationship between Grantor and Borrower is such that Grantor has access to all relevant facts and information on the Obligations and on Borrower, and that the Bank can rely on Grantor's having such access. Grantor waives and agrees not to assert any duty of the Bank to disclose to Grantor any facts that it may now know or later learn about Borrower, regardless of whether the Bank has reason to believe that any such facts materially increase the risk beyond that which Grantor intends to assume, has reason to believe that such facts are unknown to Grantor, or has a reasonable opportunity to communicate such facts to Grantor. Grantor is fully responsible for being and keeping informed of Borrower's financial condition and all circumstances bearing on the risk of nonpayment of any Obligation secured by this Deed of Trust.

B. Grantor waives all rights and defenses that Grantor may have because Borrower's debt is secured by real property. This means, among other things, that (a) the Bank may collect from Grantor without first foreclosing on any real or personal property collateral pledged by Borrower; and (b) if the Bank forecloses on any real property collateral pledged by Borrower, then (i) the amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price, and (ii) the Bank may collect from Grantor even if the Bank, by foreclosing on the real property collateral, has destroyed any right Grantor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Grantor may have because Borrower's debt is secured by real property. These rights and defenses include any rights or defenses based on California Code of Civil Procedure §580a, §580b, §580d, or §726.

C. On a default under the Obligations, or any part of it, the Bank may elect to foreclose nonjudicially or judicially against any real or personal property security it holds for the Obligations or any part of it, or exercise any other remedy. No such action by the Bank shall release or limit the liability of Grantor, even if the effect of that action is to deprive

- 16 -

Grantor of the right to collect reimbursement from Borrower or any other person for any sums paid to the Bank, or to obtain reimbursement by means of any security held by the Bank for the Obligations, or to impair any subrogation right Grantor may have.

D. Grantor waives demand, protest, and notice of any kind, including, without limiting the generality of the foregoing, notice of the existence, creation, or incurring of new or additional indebtedness, or of any action or nonaction by Borrower, the Bank, any endorser, any creditor of Borrower or Grantor under this or any other instrument, or any other person whatsoever, in connection with any Obligations or evidence of Obligations held by the Bank as collateral or in connection with any Obligations secured by this Deed of Trust.

E. With or without notice to Grantor, the Bank may, in its sole and absolute discretion, at any time and from time to time, in such manner and on such terms as it considers best: (a) apply any and all payments or recoveries from Borrower, from Grantor, from any trustor or endorser, or realized from any security, in such manner, order, and priority as the Bank elects, to any Obligation of Borrower to the Bank whether or not such Obligation is secured by this Deed of Trust or is otherwise secured or is due at the time of such application; and (b) refund to Borrower any payment received by the Bank on any Obligation secured by this Deed of Trust, and payment of the amount refunded shall be fully secured by this Deed of Trust.

F. No exercise or nonexercise by the Bank of any right hereby or otherwise given it, no dealing by the Bank with Borrower or any other person, and no change, impairment, or suspension of any right or remedy of the Bank, shall in any way affect any obligation of Grantor under this Deed of Trust or give Grantor any recourse against the Bank.

G. Without limiting the foregoing, Grantor waives and agrees not to assert or take advantage of:

    a. Any right to require the Bank to proceed against Borrower or any other person or any security now or later held by the Bank or to pursue any other remedy whatsoever, including any such right or any other right set forth in California Civil Code §2845 or §2850;

    b. Any defense based on any legal disability of Borrower or any other person, or any discharge or limitation of the liability of Borrower or any other person to the Bank, or any restraint or stay applicable to actions against Borrower or any other person, whether such disability, discharge, limitation, restraint, or stay is consensual, or by order of a court or other governmental authority, or arising by operation of law or any liquidation, reorganization, receivership, bankruptcy, insolvency, debtor-relief proceeding, or from any other use;

    c. Presentment, demand, protest, setoffs, counterclaims, and notice of any kind;

    d. Any defense based on the modification, renewal, extension, or other alteration of the Obligations;

- 17 -

e. Any defense based on The Bank's negligence, including the failure to record an interest under the Deed of Trust, the failure to protect any security interest, or the failure to file a claim in any bankruptcy of Borrower, Grantor, or of any other person;

f. Any defense based on a statute of limitations to the fullest extent permitted by law and any defense based on the Bank's delay in enforcing the Deed of Trust;

g. All rights of subrogation, reimbursement, indemnity, contribution, any other rights that may become available to Grantor under California Civil Code §§2787–2856, inclusive, all rights to enforce any remedy that the Bank may have against Borrower or any other person, and all rights to participate in any security held by the Bank for the Obligations, including any such right or any other right set forth in California Civil Code §1845, §2848, or §2849, until the Obligations have been performed in full, and any defense based on the impairment of any subrogation rights that Grantor may have;

h. Any defense based on or arising from any defense that Borrower may have to the performance of any part of the Obligations;

i. Any defense to recovery by the Bank of a deficiency after a nonjudicial sale of real or personal property, any defense based on the unavailability to the Bank of recovery of a deficiency judgment after nonjudicial sale of real or personal property, or based on or arising from Division 9 or any other applicable division of the California Commercial Code;

j. Any defense based on the death, incapacity, lack of authority, or termination of existence or revocation by any person(s) or entity(ies), or the substitution of any party to this Deed of Trust;

k. Any defense based on or related to Grantor's lack of knowledge of Borrower's financial condition;

l. Any defense based on California Civil Code §2809; and

m. Any defense or right based on the acceptance by the Bank or an affiliate of the Bank of a deed in lieu of foreclosure, without extinguishing the debt, even if such acceptance destroys, alters, or otherwise impairs subrogation rights of Grantor, or the right of Grantor to proceed against Borrower for reimbursement, or both.

**20.    Rights of Bank, Trustee Cumulative.** Each right, power and remedy of the Bank or the Trustee provided in the Loan Documents shall be in addition to every other right, power or remedy, and the exercise or beginning of the exercise by the Bank or the Trustee of any one or more of such rights, powers or remedies shall not preclude the simultaneous or later exercise by the Bank or the Trustee of any or all such other rights, powers or remedies.

- 18 -

318764850.2

**21.**     **Trustee's Liability; Powers.**  Except as otherwise required by applicable law, the Trustee shall not be obligated to perform any act required of the Trustee hereunder unless requested by the Bank in writing and the Trustee is indemnified against all loss, cost, liability and expense. The Trustee shall be protected in acting upon any document believed by the Trustee to be genuine and shall not have any liability hereunder except for willful misconduct or gross negligence. The Trustee may at any time consult with counsel, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or not taken by the Trustee in accordance with such opinion of counsel.  The Trustee shall be vested with all powers of trustees under deeds of trust covering real property in the State of California.  On the Bank's written request reciting that all sums secured hereby have been paid, surrender of the Note and this Deed of Trust to Trustee for cancellation and retention by Trustee, and payment by Borrower of any reconveyance fees customarily charged by Trustee, Trustee shall reconvey, without warranty, the Property then held by Trustee under this Deed of Trust. The recitals in such reconveyance of any matters of fact shall be conclusive proof of their truthfulness. The grantee in such reconveyance may be described as "the person or persons legally entitled to the Property." Such request and reconveyance shall operate as a reassignment of the Rents assigned to the Bank in this Deed of Trust.

**22.**     **Substitution of Trustee.**  The Trustee shall be deemed to have accepted this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.  From time to time, by substitution in comportment with then applicable law, the Bank may appoint another trustee or trustees to act in the place and stead of the Trustee or any successor to the Trustee.  A writing executed and acknowledged by Bank, and containing the name of the original beneficiary (Bank), Trustee and Grantor, the book and page where this instrument is recorded (or, if applicable, the recorder's document number), and the name and address of the successor Trustee, and recorded pursuant to the provisions of this section shall be conclusive proof of the proper substitution of a new trustee. The successor Trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.  Any Trustee may resign by sending a written resignation to the Bank.

**23.**     **Notices.**     All notices, demands, requests, consents, approvals and other communications required or permitted hereunder ("Notices") must be in writing and will be effective upon receipt.  Except as otherwise required by applicable law, notices may be given in any manner to which the parties may separately agree, including electronic mail.  Except as otherwise required by applicable law, and without limiting the foregoing, first-class mail, facsimile transmission and commercial courier service are hereby agreed to as acceptable methods for giving Notices. Regardless of the manner in which provided, Notices may be sent to a party's address as set forth above or to such other address as any party may supply in writing to the other for such purpose in accordance with this section.  Grantor hereby requests that copies of the notice of default and notice of sale be sent to Grantor at the Property Address.

**24.**     **Further Acts.**  If required by the Bank, the Grantor will execute all documentation necessary for the Bank to obtain and maintain perfection of its liens and security interests in the

- 19 -

Property.  The Grantor will, at the cost of the Grantor, and without expense to the Bank, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, assignments, notices of assignment, transfers and assurances as the Bank shall, from time to time, require for the better assuring, conveying, assigning, transferring or confirming unto the Bank the property and rights hereby conveyed, or which Grantor may be or may hereafter become bound to convey or assign to the Bank, or for carrying out the intent of or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust.  The Grantor grants to the Bank an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to the Bank under this Deed of Trust or the other Loan Documents, at law or in equity, including the rights and remedies described in this section.

      **25.**    **Changes in the Laws Regarding Taxation.**  If any law is enacted or adopted or amended after the date of this Deed of Trust which deducts the Obligations from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Grantor or the Bank's interest in the Property, the Grantor will pay such tax, with interest and penalties thereon, if any.  If the Bank determines that the payment of such tax or interest and penalties by the Grantor would be unlawful or taxable to the Bank or unenforceable or provide the basis for a defense of usury, then the Bank shall have the option, by written notice of not less than ninety (90) days, to declare the entire Obligations immediately due and payable.

      **26.**    **Recording Taxes; Documentary Stamps.**  If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to this Deed of Trust or the other Loan Documents, or impose any recording or other tax or charge on the same, the Grantor will pay for the same, with interest and penalties thereon, if any.

      **27.**    **Preservation of Rights.**  No delay or omission on the part of the Bank or the Trustee to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power, nor will the Bank's action or inaction impair any such right or power.  The Bank's and Trustee's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which they may have under other agreements, at law or in equity.  The Bank and the Trustee may exercise any one or more of its rights and remedies without regard to the adequacy of its security.

      **28.**    **Illegality.**  If any provision contained in this Deed of Trust should be invalid, illegal or unenforceable in any respect, it shall not affect or impair the validity, legality and enforceability of the remaining provisions of this Deed of Trust.

      **29.**    **Changes in Writing.**  No modification, amendment or waiver of, or consent to any departure by the Grantor from, any provision of this Deed of Trust will be effective unless made in a writing signed by the Bank, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given.  No notice to or demand on the Grantor will

- 20 -

entitle the Grantor to any other or further notice or demand in the same, similar or other circumstance.

      **30.**    **Entire Agreement.**  This Deed of Trust (including the documents and instruments referred to herein) constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

      **31.**    **Survival; Successors and Assigns.**  This Deed of Trust will be binding upon and inure to the benefit of the Grantor, the Trustee and the Bank and their respective heirs, executors, administrators, successors and assigns; provided, however, that the Grantor may not assign this Deed of Trust in whole or in part without the Bank's prior written consent and the Bank at any time may assign this Deed of Trust in whole or in part; and provided, further, that the rights and benefits under the sections entitled "Environmental Matters", "Inspection of Property" and "Indemnity" shall also inure to the benefit of any persons or entities who acquire title or ownership of the Property from or through the Bank or through action of the Bank (including a foreclosure, sheriff's or judicial sale).  The provisions of the sections entitled "Environmental Matters", "Inspection of Property" and "Indemnity" shall survive the termination, satisfaction or release of this Deed of Trust, the foreclosure of this Deed of Trust or the delivery of a deed in lieu of foreclosure.

      **32.**    **Interpretation.**  In this Deed of Trust, unless the Bank and the Grantor otherwise agree in writing, the singular includes the plural and the plural the singular; words importing any gender include the other genders; references to statutes are to be construed as including all statutory provisions consolidating, amending or replacing the statute referred to; the word "or" shall be deemed to include "and/or", the words "including", "includes" and "include" shall be deemed to be followed by the words "without limitation"; references to articles, sections (or subdivisions of sections) or exhibits are to those of this Deed of Trust; and references to agreements and other contractual instruments shall be deemed to include all subsequent amendments and other modifications to such instruments, but only to the extent such amendments and other modifications are not prohibited by the terms of this Deed of Trust.  Section headings in this Deed of Trust are included for convenience of reference only and shall not constitute a part of this Deed of Trust for any other purpose.  If this Deed of Trust is executed by more than one party as Grantor, the obligations of such persons or entities will be joint and several.

      **33.**    **Indemnity.**  The Grantor agrees to indemnify each of the Trustee, the Bank, each legal entity, if any, who controls, is controlled by or is under common control with the Trustee and the Bank and each of their respective directors, officers, employees and agents (the "**Indemnified Parties**"), and to defend and hold each Indemnified Party harmless from and against, any and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur, or which may be asserted against any Indemnified Party by any person, entity or governmental authority (including any person or entity claiming derivatively on behalf of the Grantor), in connection with or arising out of or

- 21 -

relating to the matters referred to in this Deed of Trust or in the other Loan Documents, whether (a) arising from or incurred in connection with any breach of a representation, warranty or covenant by the Grantor, or (b) arising out of or resulting from any suit, action, claim, proceeding or governmental investigation, pending or threatened, whether based on statute, regulation or order, or tort, or contract or otherwise, before any court or governmental authority, whether incurred in connection with litigation, mediation, arbitration, other alternative dispute processes, administrative proceedings and bankruptcy proceedings, and any and all appeals from any of the foregoing; provided, however, that the foregoing indemnity agreement shall not apply to any claims, damages, losses, liabilities and expenses solely attributable to an Indemnified Party's gross negligence or willful misconduct. The indemnity agreement contained in this section shall survive the termination of this Deed of Trust, payment of any Obligations and assignment of any rights hereunder. The Grantor may participate at its expense in the defense of any such action or claim.

**34.    Governing Law and Jurisdiction.** This Deed of Trust has been delivered to and accepted by the Bank and will be deemed to be made in the State where the Bank's office indicated above is located. **THIS DEED OF TRUST WILL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF THE PARTIES HERETO DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE WHERE THE BANK'S OFFICE INDICATED ABOVE IS LOCATED, EXCLUDING ITS CONFLICT OF LAWS RULES, EXCEPT THAT THE LAWS OF THE STATE WHERE THE APPLICABLE PROPERTY IS LOCATED (IF DIFFERENT FROM THE STATE WHERE SUCH OFFICE OF THE BANK IS LOCATED) SHALL GOVERN THE CREATION, PERFECTION, ENFORCEMENT AND FORECLOSURE OF THE LIENS CREATED HEREUNDER ON THE APPLICABLE PROPERTY OR ANY INTEREST THEREIN.** The Grantor hereby irrevocably consents to the exclusive jurisdiction of any state or federal court for the county or judicial district where the Bank's office indicated above is located; and consents that all service of process be sent by nationally recognized overnight courier service directed to the Grantor at the Grantor's address set forth herein and service so made will be deemed to be completed on the business day after deposit with such courier; provided that nothing contained in this Deed of Trust will prevent the Bank from bringing any action, enforcing any award or judgment or exercising any rights against the Grantor individually, against any security or against any property of the Grantor within any other county, state or other foreign or domestic jurisdiction. The Bank and the Grantor agree that the venue provided above is the most convenient forum for both the Bank and the Grantor. The Grantor waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Deed of Trust.

**35.    Bank, Trustee Have No Liability.** Neither the Bank nor the Trustee shall have any liability whatsoever to the Grantor or any other person for the performance or non-performance by the Grantor under any lease, contract, permit, lien or other agreement or obligation of the Grantor with respect to the Property. No approval, waiver or other action or inaction by the Bank or the Trustee with respect to any such matter shall render the Bank or the Trustee liable in any way to the Grantor or any other person.

**36.    Authorization to Obtain Credit Reports.** By signing below, each Grantor who is an individual provides written authorization to the Bank or its designee (and any assignee or

potential assignee hereof) authorizing review of the Grantor's personal credit profile from one or more national credit bureaus. Such authorization shall extend to obtaining a credit profile in considering the Obligations and/or this Deed of Trust and subsequently for the purposes of update, renewal or extension of such credit or additional credit and for reviewing or collecting the resulting account.

37. **Change in Name or Locations.** The Grantor hereby agrees that if the location of any of the Improvements changes from the Land, or if the Grantor changes its name, its type of organization, its state of organization (if Grantor is a registered organization), its principal residence (if Grantor is an individual), its chief executive office (if Grantor is a general partnership or non-registered organization) or establishes a name in which it may do business that is not the current name of the Grantor, the Grantor will immediately notify the Bank in writing of the additions or changes.

38. **Fixture Filing.** The filing or recording of this Deed of Trust is intended to and will constitute a financing statement filed as a fixture filing under California Commercial Code Sections 9102(a)(40) and 9502(c) with respect to that portion of the Property which is or is to become fixtures and/or equipment which has become so related to the Land that an interest in them arises under real property law. The "Secured Party" is Bank and the "Debtor" is Grantor. The name, type of organization, jurisdiction of organization, and mailing addresses of the Secured Party and of the Debtor are set out in the first paragraph of this Deed of Trust. The land to which the fixtures and equipment are related is the Land, and Grantor is the record owner of the Land. Grantor agrees that Bank may file this Deed of Trust, or a copy of it, in the real estate records or other appropriate index or in the Office of the Secretary of State of the State of California and such other states as the Bank may elect, as a financing statement for any of the items specified above as comprising the subject portion of the Property.

39. **Assignment of Rents.** This Section entitled "Assignment of Rents" shall be fully operative and effective to create a present security interest in existing and future Rents under California Civil Code Section 2938 without any further action on the part of Grantor or Bank and Bank shall be entitled, at its option, to all Rents whether or not Bank takes possession of the Property. Grantor hereby further grants to Bank the right to: (i) enter and take possession of the Property for the purpose of collecting the Rents; (ii) dispossess by the usual summary proceedings any tenant defaulting in the payment of Rents to Bank; (iii) rent the Property or any part thereof; and (iv) apply the Rents, after payment of all necessary charges and expenses (including attorneys' fees and costs), to the Obligations. After the occurrence of an Event of Default, Bank shall have the rights set forth in California Civil Code Section 2938 without notice to or demand upon Grantor, and without regard to the adequacy of the security for the Obligations. Bank shall immediately and automatically be entitled to receive, collect, and possess all Rents in accordance with California Civil Code Section 2938. Any entering upon and taking and maintaining of control of the Property or the Rents by Bank or the receiver and any application of Rents as provided herein shall not: (i) constitute Bank as a "mortgagee in possession" unless affirmatively elected by Bank in writing; (ii) make Bank an agent of Borrower; (iii) constitute an action, render the

- 23 -

318764850.2

Obligations unenforceable, violate California Code of Civil Procedure Section 726, or otherwise limit any rights available to Bank with respect to its security; or (iv) be deemed to create any bar to a deficiency judgment on the Obligations. Bank shall not be liable to Grantor, anyone claiming under or through Grantor, or anyone having an interest in the Property by reason of anything done or left undone by Bank hereunder, except as may be due to gross negligence or intentional acts of Bank, its employees, or agents. Neither Bank's application nor Bank's failure to apply the Rents in accordance with the terms hereof shall result in a loss of any lien or security interest which Bank may have in the Property, render the Obligations unenforceable, constitute a violation of California Code of Civil Procedure Section 726, or otherwise limit any right available to Bank with respect to its security. During an Event of Default, any and all Rents collected or received by the Grantor shall be accepted and held for the Bank in trust and shall not be commingled with the Grantor's funds and property, but shall be promptly paid over to the Bank.

     **40.**    **Non-Obligor Grantor.** The following person(s) are referred to in this numbered section as a "Non-Obligor Grantor": any Grantor who co-signs this Deed of Trust, but who is not also (i) borrowing from the Bank, or (ii) from time to time providing a separate guaranty to the Bank, as set forth in the WHEREAS clauses above. Any undersigned who is a Non-Obligor Grantor agrees that Bank and any other Grantor or Borrower (or any of them) (for purposes of this numbered section, hereinafter "Obligor") hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Obligations, without Non-Obligor Grantor's consent and without releasing Non-Obligor Grantor or modifying this Deed of Trust as to Non-Obligor Grantor's interest in the Property.

     (a)    Non-Obligor Grantor authorizes Bank to perform any of the following acts at any time, without notice to Non-Obligor Grantor and without affecting Bank's rights or Non-Obligor Grantor's obligations under this Deed of Trust: (i) alter any terms of the Obligations or any part of same, including renewing, compromising, extending or accelerating, or otherwise changing the time for payment of, or increasing or decreasing the rate of interest on, the Obligations or any part thereof; (ii) take and hold security for the Obligations, accept additional or substituted security for the Obligations, and subordinate, exchange, enforce, waive, release, compromise, fail to perfect, sell or otherwise dispose of any such security; (iii) apply any security now or later held for the Obligations in any order that Bank in its sole discretion may choose, and may direct the order and manner of any sale of all or any part of it and bid at any such sale; (iv) release any Obligor of their liability(ies) for the Obligations or any part of same; (v) substitute, add or release any one or more guarantors or endorsers of the Obligations; and (vi) extend other credit to any Obligor and take and hold security for the credit so extended, whether or not such security also secures the Obligations.

     (b)    To the greatest extent permitted by applicable law, Non-Obligor Grantor waives all of the following: (i) any right it may have to require Bank to proceed against any Obligor, proceed against or exhaust any security held by any Obligor, or pursue any other remedy in Bank's power to pursue, including any such right or any other right set forth in California Civil Code §2845 or §2850; (ii) any defense based on any legal disability of Obligor, any discharge or

- 24 -

limitation of the liability of Obligor to Bank, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Non-Obligor Grantor's obligations exceed or are more burdensome than those of Obligor; (iii) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of acceptance of this Deed of Trust and of the existence, creation, or incurring of new or additional indebtedness of Obligor, and demands and notices of every kind; (iv) any defense based on or arising out of any defense that Obligor may have to the payment or performance of the Obligations or any part of them; (v) any rights or defenses that are or may become available to Non-Obligor Grantor by reason of Sections 2787 to 2856, inclusive, of the California Civil Code, all rights to enforce any remedy that the Bank may have against Borrower or any other person, and all rights to participate in any security held by the Bank for the Obligations, including any such right or any other right set forth in California Civil Code §1845, §2848, or §2849, until the Obligations have been performed in full, and any defense based on the impairment of any subrogation rights that Grantor may have; (vi) until the Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the U.S. Code) or any successor statute, all rights to enforce any remedy that the Bank may have against Obligor, and all rights to participate in any security now or later to be held by Bank for the Obligations; (vii) any right or defense it may have at law or equity, including California Code of Civil Procedure Section 580a, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered; (viii) all rights and defenses that Non-Obligor Grantor may have because the Obligations may be secured by real property other than the Property hereby encumbered, and Non-Obligor hereby further affirms that (A) Bank may collect from Non-Obligor Grantor (including enforcing this Deed of Trust against Non-Obligor Grantor) without first foreclosing on any other real or personal property collateral securing the Obligations; and (B) if Bank forecloses on any real property collateral securing the Obligations: (1) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price, and (B) Bank may collect from Non-Obligor Grantor (including enforcing this Deed of Trust against Non-Obligor Grantor) even if Bank, by foreclosing on the real property collateral, has destroyed any right Non-Obligor Grantor may have to collect from Obligor. This is an unconditional and irrevocable waiver of any rights and defenses Non-Obligor Grantor may have because the Obligations may be secured by real property other than the Property hereby encumbered. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.

(c)     Non-Obligor Grantor assumes full responsibility for keeping informed of Obligor's financial condition and business operations and all other circumstances affecting Obligor's ability to pay and perform its obligations to Bank, and agrees that Bank shall have no duty to disclose to Non-Obligor Grantor any information which Bank may receive about Obligor's financial condition, business operations, or any other circumstances bearing on its ability to perform.

318764850.2

**41.** **<u>Commercial Use Only</u>.** Grantor and Borrower (or any of them) shall use the Loan funds and all proceeds of the Obligations for business or commercial investment purposes only and shall not use such funds or proceeds for personal, family, or household purposes.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

318764850.2

42.     **WAIVER OF JURY TRIAL.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE GRANTOR IRREVOCABLY WAIVES ANY AND ALL RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS DEED OF TRUST, ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS DEED OF TRUST OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS.   THE GRANTOR ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.**

43.     **JUDICIAL REFERENCE.  TO THE EXTENT A PREDISPUTE WAIVER OF THE RIGHT TO TRIAL BY JURY IS NOT ENFORCEABLE UNDER APPLICABLE LAW, ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS ARISING OUT OF OR RELATING TO THIS DEED OF TRUST AND OTHER LOAN DOCUMENTS OR TRANSACTIONS CONTEMPLATED THEREBY, INCLUDING, WITHOUT LIMITATION, THE MAKING, PERFORMANCE, OR INTERPRETATION OF THIS DEED OF TRUST OR OTHER LOAN DOCUMENTS, SHALL BE HEARD BY A REFEREE AND RESOLVED BY JUDICIAL REFERENCE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §638. THE REFEREE SHALL BE AN ATTORNEY LICENSED TO PRACTICE LAW IN THE STATE OF CALIFORNIA AND EXPERIENCED AND QUALIFIED IN REAL ESTATE MATTERS OF THE TYPE CONTEMPLATED BY THIS DEED OF TRUST AND OTHER LOAN DOCUMENTS OR A RETIRED CALIFORNIA SUPERIOR OR APPELLATE COURT JUDGE.   THE PARTIES SHALL NOT SEEK TO APPOINT A REFEREE THAT MAY BE DISQUALIFIED PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §641 or §641.2 WITHOUT THE PRIOR WRITTEN CONSENT OF ALL PARTIES.   IF THE PARTIES ARE UNABLE TO AGREE UPON A REFEREE WITHIN TEN (10) CALENDAR DAYS AFTER ONE PARTY SERVES A WRITTEN NOTICE OF INTENT FOR JUDICIAL REFERENCE ON THE OTHER PARTY OR PARTIES, THEN THE REFEREE WILL BE SELECTED BY THE COURT IN ACCORDANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE §640(b). ANY DECISION OF THE REFEREE SHALL BE ENTERED AS A JUDGMENT IN THE COURT IN ACCORDANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE §§644 and 645.**

The Grantor acknowledges that it has read and understood all the provisions of this Deed of Trust, including the waiver of jury trial and judicial reference, and has been advised by counsel as necessary or appropriate.

**WITNESS** the due execution hereof as a document under seal, as of the date first written above, with the intent to be legally bound hereby.

- 27 -

318764850.2

**GRANTOR(S):**

**MOWBRAY WATERMAN PROPERTY, LLC, a California limited liability company**

By: _____

Print Name: _Robin E. Mowbray_____

Title: _Owner_____

Robin E. Mowbray

See Attached
Notarial Certificate

- 28 -

ACKNOWLEDGMENT

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California

County of _San Bernardino_

On _9 July 2024_ (date) before me, _Gina Gomez, Notary Public_

(insert name and title of the officer)

personally appeared _Robin E. Mowbray_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

GINA GOMEZ
Notary Public - California
San Bernardino County
Commission # 2337994
My Comm. Expires Nov 21, 2024

# EXHIBIT A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1, as shown on the map entitled "Parcel Map of Carson Family Trust, Subdivision No. 05-786", which map was filed for record December 8, 2006, in Book 197 of Parcel Maps, Page 20, Sacramento County records

APN: 066-0010-032-0000

| RECORDING REQUESTED BY | Sacramento County |
|---|---|

**RECORDING REQUESTED BY**

Placer Title Company
Escrow Number: P-547630
Branch: 404

**AND WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO**

Mowbray Waterman Property, LLC, a California limited
liability company
686 E Mill Street, 2nd Floor
San Bernardino, CA 92408

**Sacramento County
Donna Allred, Clerk/Recorder**

Doc # **202208160788**

| | | Fees | $17.00 |
|---|---|---|---|
| 8/16/2022 | 10:49:38 AM | Taxes | $8.470.00 |
| KDL | Electronic | PCOR | $0.00 |
| Titles | 1 | Paid | $8.487.00 |
| Pages | 2 | | |

A.P.N.: 066-0010-032-0000            SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

The undersigned grantor(s) declare(s):
Documentary transfer tax is $2,420.00   City Transfer Tax: $6,050.00
( X ) Unincorporated Area   ( ) City of _____
( X ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Frank M. Carson and
Delma J. Carson, Trustees of The Frank and Delma Carson Family 1992 Revocable Trust, established
March 26, 1992**

Hereby GRANT(S) to **Mowbray Waterman Property, LLC, a California limited liability company**

The land described herein is situated in the State of California, County of Sacramento, unincorporated area  of
Sacramento, described as follows:

Parcel 1, as shown on the map entitled "Parcel Map of Carson Family Trust, Subdivision No. 05-786", which
map was filed for record December 8, 2006, in Book 197 of Parcel Maps, page 20, Sacramento County
records.

APN: 066-0010-032-0000

Grant Deed - Sale

Dated:  August 9, 2022

The Frank and Delma Carson Family 1992 Revocable Trust, established March 26, 1992

By: _____
    Frank M. Carson, Trustee

*Frank M. Carson*

By: _____
    Delma J. Carson, Trustee

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California              )
                                ) ss.
County of Sacramento    )

On _*August 11, 2022*_____ before me,
_*Jenny Vega*_____,
Notary Public personally appeared _*Frank M. Carson*_
_*and Delma J. Carson*_____ who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

SIGNATURE _____

JENNY VEGA
Comm. #2395464
Notary Public· California
Sacramento County
Comm. Expires Mar 2, 2026

Grant Deed - Sale



**Sacramento County**
**Donna Allred, Clerk/Recorder**

| Doc # **202412130553** | Fees | $95.00 |
|---|---|---|
| 12/13/2024    2:01:09 PM | Taxes | $0.00 |
| KLS          Electronic | PCOR | $0.00 |
| Titles        1 | | |
| Pages        1 | Paid | $95.00 |

RECORDING REQUESTED BY
First American Title Insurance Company
RETURN TO:
First American Title Insurance Company
1795 International Way
Idaho Falls, ID 83402
Reference Number: 068713867 11091



## FULL RECONVEYANCE

First American Title Insurance Company, as current Trustee, pursuant to a written request of the Beneficiary thereunder, does hereby reconvey, without warranty, to the person or persons entitled thereto, the trust property now held by it as Trustee under said Trust Deed, which Trust Deed covers real property situated in Sacramento County, State of California, described as follows:
Said Deed of Trust executed by Frank M. Carson And Delma J. Carson Trustees Of The Frank And Delma Carson Family 1992 Revocable Trust, Established March 26, 1992, Trustor, for the benefit of Umpqua Bank, Original Beneficiary, and recorded on 08/02/2006 in Book 20060802 at Page 1418 as Instrument No n/a , in the Office of the Recorder for Sacramento County, State of California.

APN: 066-0010-005-0000

IN WITNESS WHEREOF, First American Title Insurance Company, as Trustee, has caused its Company name to be hereto affixed this 12/13/2024.
First American Title Insurance Company

By
Todd Sleight, Vice President
.

State of Idaho                    )
County of Bonneville              )

On 12/13/2024, before me, Tiphany Jo Williams, personally appeared Todd Sleight, personally known to me and who acknowledged to be the Vice President for First American Title Insurance Company, and that as such officer, being authorized so to do, signed in behalf of the corporation and acknowledged that the corporation executed the same.

Tiphany Jo Williams
Notary Public
Comm. Expires: 5/3/2029

TIPHANY JO WILLIAMS
Notary Public - State of Idaho
Commission Number 20231941
My Commission Expires May 3, 2029

# Transaction History Report

Mowbray Waterman Property    LLC Title Report

San Felipe Rd, San Bernardino, CA 92410
APN: 0136-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

San Bernardino County Data as of: 01/08/2025

## Current Owner: Mowbray Waterman Property LLC
Vesting: Lifetime Couple
2017 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 12/21/2017 | Deed Transfer | $150,500 | | | Mowbray Waterman Property LLC | Union Pacific Railroad Company |
| | Sale Date: 12/18/2017 Title: Chicago Title Company | | Doc Type: Deed Transfer | | Doc #: 2017.543270 | |



**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo (✓verified) is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.



**CHICAGO TITLE COMPANY**
**COMMERCIAL DIVISION**

00082401-992-1EZ

**RECORDING REQUESTED BY AND**
**WHEN RECORDED MAIL TO:**

Mowbray Waterman Property, LLC
1845 Business Center Drive, Suite 215
San Bernardino, CA 92408

**MAIL TAX STATEMENTS TO:**

Mowbray Waterman Property, LLC
1845 Business Center Drive, Suite 215
San Bernardino, CA 92408

Electronically Recorded in Official Records, County of San Bernardino



**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
771 Document Processing Solutions

12/21/2017
11:10 AM
SG

Doc #: **2017-0543270**

| | Titles: 1 | Pages: 7 |
|---|---|---|
| Fees | | 33.00 |
| Taxes | | 165.55 |
| Other | | .00 |
| **PAID** | | 198.55 |

*(Space above line for Recorder's use only)*

APN 0136-311-33

DOCUMENTARY TRANSFER TAX $165.55
__X__ Computed on the full value of the property conveyed
_____ Computed on the full value less liens and
     encumbrances remaining at the time of sale
_____ Not a sale ( Rev. & Tax. Code Section 11927(a))

_____
Signature of Declarant or Agent Determining Tax

TRA: 001-001
City of San Bernardino
County of San Bernardino

3059-62

## GRANT DEED

FOR VALUE RECEIVED, **UNION PACIFIC RAILROAD COMPANY,** a Delaware corporation (formerly known as Southern Pacific Transportation Company, a Delaware corporation) ("Grantor"), grants to **MOWBRAY WATERMAN PROPERTY, LLC,** a California limited liability company ("Grantee"), all of Grantor's rights, title, and interest in and to that certain real property ("Property") situated in the City and County of San Bernardino, State of California, described in **Exhibit A**, attached hereto and made a part hereof.

EXCEPTING from this grant and RESERVING unto Grantor, its successors and assigns, forever, all minerals and all mineral rights of every kind and character now known to exist or hereafter discovered, including, without limiting the generality of the foregoing, oil and gas and rights thereto, together with the sole, exclusive and perpetual right to explore for, remove and dispose of said minerals by any means or methods suitable to Grantor, its successors and assigns, but without entering upon or using the surface of the Property, and in such manner as not to damage the surface of said lands or to interfere with the use thereof by Grantee, its successors or assigns.

THE PROPERTY IS CONVEYED TO GRANTEE SUBJECT TO:

A.     All liens, encumbrances, easements, covenants, conditions and restrictions of record;

B.     All matters which would be revealed or disclosed in an accurate survey of the Property;

C.     All matters which would be revealed or disclosed by a physical inspection of the Property;

D.     A lien not yet delinquent for taxes for real property and personal property, and any general or special assessments against the Property;

E.     Zoning ordinances and regulations and any other notices, orders, laws, ordinances, and governmental regulations and restrictions regulating the use, occupancy or enjoyment of the Property, and amendments and additions thereto, now or hereafter in force or effect; and

F.     Existing licenses and other existing rights to use the Property and renewals thereof ("Use Rights"), regardless of whether visible, open and obvious, recorded or unrecorded, or for public streets, rights of way or utilities.

The Property is conveyed by Grantor subject to the following covenants, conditions and restrictions which Grantee, by the acceptance of this Grant Deed, covenants for itself, its successors and assigns, faithfully to keep, observe and perform:

(a)     Restriction on Use.  Grantee, its successors and assigns, may use the Property for industrial, office, and retail-oriented commercial business (for example, shopping center, filling station, restaurant) purposes, only, and for no other purposes whatsoever.  Without limitation of the foregoing, the Property must not be used for any of the following purposes: (i) residential; (ii) lodgings or accommodations (including, without limitation, hotels, motels, boarding houses, dormitories, hospitals, nursing homes, or retirement centers); or (iii) cultural, educational, recreational or child-care facilities (including, without limitation, schools, kindergartens, day-care centers, gymnasiums, athletic fields, picnic grounds or parks).

(b)     Environmental.

(i)     "As Is" Sale.  Grantee, for itself, its successors and assigns, including any successor owner of any interest in the Property, acknowledges and agrees that the Property has been sold and conveyed by Grantor in an "AS IS" condition, with all faults, and Grantee acknowledges that the Property may have been used for railroad and/or industrial purposes, among other uses. Grantor does not make any representations or warranties of any kind whatsoever, either express or implied, with respect to the Property; in particular, without limitation, Grantor

2

makes no representations or warranties with respect to the use, condition, title, occupation or management of the Property, or compliance with applicable statutes, laws, codes, ordinances, regulations, requirements (collectively, "Condition of the Property"). Grantee acknowledges and agrees that the Property has been sold and conveyed on the basis of Grantee's own independent investigation of the physical and environmental conditions of the Property. Grantee assumes the risk that adverse physical and environmental conditions may not have been revealed by its investigation.

(ii)     Release and Indemnity.  GRANTEE, FOR ITS ITSELF, ITS SUCESSORS AND ASSIGNS, INCLUDING ANY SUCCESSOR OWNER OF ANY INTEREST IN THE PROPERTY, HEREBY RELEASES GRANTOR, AND, TO THE MAXIMUM EXTENT PERMITTED BY LAW, INDEMNIFIES, DEFENDS AND SAVES HARMLESS GRANTOR, ITS AFFILIATES, THEIR EMPLOYEES, AGENTS, OFFICERS, SUCCESSORS AND ASSIGNS, FROM AND AGAINST ANY AND ALL SUITS, ACTIONS, CAUSES OF ACTION, LEGAL OR ADMINISTRATIVE PROCEEDINGS, CLAIMS, DEMANDS, FINES, PUNITIVE DAMAGES, LOSSES, COSTS, LIABILITIES AND EXPENSES, INCLUDING ATTORNEYS' FEES, IN ANY WAY ARISING OUT OF OR CONNECTED WITH THE KNOWN OR UNKNOWN CONDITION OF THE PROPERTY (INCLUDING, WITHOUT LIMITATION, ANY CONTAMINATION IN, ON, UNDER OR ADJACENT TO THE PROPERTY BY ANY HAZARDOUS OR TOXIC SUBSTANCE OR MATERIAL), OR ANY FEDERAL, STATE OR LOCAL LAW, ORDINANCE, RULE OR REGULATION APPLICABLE THERETO, INCLUDING, WITHOUT LIMITATION, THE TOXIC SUBSTANCES CONTROL ACT, THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT, AND THE RESOURCE CONSERVATION AND RECOVERY ACT.  THE FOREGOING WILL APPLY REGARDLESS OF ANY NEGLIGENCE OR STRICT LIABILITY OF GRANTOR, ITS AFFILIATES, OR THEIR EMPLOYEES, AGENTS OR OFFICERS.  WITH RESPECT TO THE FOREGOING, GRANTEE EXPRESSLY WAIVES THE BENEFITS AND PROTECTIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA, WHICH READS AS FOLLOWS:

> 1542. Certain Claims Not Affected by General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Except as may be otherwise provided in a written assignment or other written agreement between Grantor and Grantee, Grantor reserves all income (including, without limitation, rentals, license fees and royalties) from any Use Rights granted by Grantor or Grantor's predecessors in interest.  Grantee agrees that if Grantee receives any such income, Grantee will promptly forward the income to Grantor.

IN WITNESS WHEREOF, the undersigned has executed this Grant Deed as of
_December 18_, 2017.

**Attest:**

_~signature~_
‾Assistant Secretary

(Seal)

**UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation**

By: _~signature~_
Title: ___Vice President - Real Estate___
    Tony K. Love

**STATE OF NEBRASKA    )**
                                   **) ss.**
**COUNTY OF DOUGLAS   )**

    On _December 18_, 2017, before me, _Susan Hronek_,
Notary Public in and for said County and State, personally appeared
_Tony K. Love_ and _B. J. Kubat_, who are
the ___Vice President - Real Estate___ and the Assistant Secretary, respectively, of
UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, and who are personally
known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose
names are subscribed to in the within instrument, and acknowledged to me that they executed the
same in their authorized capacities, and that by their signatures on the instrument the persons, or
the entity upon behalf of which the persons acted, executed the instrument.

    WITNESS my hand and official seal.

_~signature~_
Notary Public

(Seal)
```
GENERAL NOTARY - State of Nebraska
SUSAN HRONEK
My Comm. Exp. July 28, 2019
```

4

Grantee hereby accepts this Grant Deed and agrees for itself, its successors and assigns, to be bound by the covenants set forth herein.

Dated this _20_ day of _December_, 2017.

**MOWBRAY WATERMAN PROPERTY, LLC,**
**a California limited liability company**

By: _Robin E. Mowbray_
Its: _Corp. Sec._
Robin Elaine Mowbray

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF SAN BERNARDINO** )

On _December 20, 2017_, 2017, before me, _Emily Jones_, Notary Public, personally appeared _Robin Elaine Mowbray_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that ~~he~~/she executed the same in ~~his~~/her authorized capacity, and that by ~~his~~/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

(Seal)

EMILY JONES
COMM. 2071273
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
Commission Expires JUNE 13, 2018

5

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of San Bernardino                    )

On _December 20, 2017_ before me, Emily Jones, notary public
(insert name and title of the officer)

personally appeared Robin Elaine Mowbray ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)

EMILY JONES
COMM. 2071273
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
Commission Expires JUNE 13, 2018

## EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN BERNARDINO, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
THAT PORTION OF LOT 21, BLOCK 45, RANCHO SAN BERNARDINO AS PER PLAT THEREOF FILED IN BOOK 7, PAGE 2 OF MAPS, SAN BERNARDINO COUNTY RECORDS, IN THE CITY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, BEING A PORTION OF A 60 FOOT WIDE STRIP OF LAND AS CONVEYED TO THE SAN BERNARDINO VALLEY TRACTION BY DEED RECORDED MARCH 31, 1910 IN BOOK 355, PAGE 233 OF DEEDS, RECORDS OF SAID COUNTY, BEING THAT PORTION OF SAID STRIP OF LAND LYING SOUTHERLY OF THE SOUTH LINE OF THE LAND AS CONVEYED TO DONA RECCHIA, TRUSTEE OF THE BUENA VISTA FAMILY TRUST DATED JANUARY 1, 2002 BY DEED RECORDED MAY 5, 2005 AS INSTRUMENT NO. 320809 OF OFFICIAL RECORDS.

APN(s): 0136-311-33-0-000

# Transaction History Report

Transaction History Report    Mowbray Waterman Property    LLC Title Report    Page 48 of 83

**686 E MILL St, San Bernardino, CA 92408-1610**
APN: 0136-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

San Bernardino County Data as of: 01/08/2025

## Current Owner: Mowbray Waterman Property LLC

Vesting: Lifetime Couple
2020 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 07/08/2020 | Deed Transfer | $4,600,000 | | | Mowbray Waterman Property LLC | Cook Laura M |
| | Sale Date: 02/24/2020 | | Doc Type: Deed Transfer | | Doc #: 2020.228183 | |
| | Title: First Amer Ttl Ins Co Ncs | | | | | |
| 07/08/2020 | Trust Deed/Mortgage | $2,990,000 | Mowbray Waterman Property LLC | Bank Of The Sierra | | |
| | Loan Type: | | Doc Type: Trust Deed/Mortgage | | Doc #: 2020.228184 | |
| | Rate Type: Est | | Rate: 3.100 | | Term: | |
| 03/15/2016 | Release | | | | | |
| | Orig. Rec Date: 07/02/2015 | | Orig. Doc #: 2015.281139 | | Doc #: 2016.97206 | |
| 03/15/2016 | Release | | | | | |
| | Orig. Rec Date: 03/31/2014 | | Orig. Doc #: 2014.113127 | | Doc #: 2016.97206 | |
| 09/25/2015 | Deed Transfer | | | | Schmid Don W Family Trust / Cook Laura M Trust | Schmid D W Family Trust |
| | Sale Date: 09/16/2015 | | Doc Type: Deed Transfer | | Doc #: 2015.419913 | |
| | Title: Fidelity National Title | | | | | |
| 07/02/2015 | Loan Modification Agreement | | | | Schmid Don W Family Trust | |
| | Orig. Rec Date: 10/25/2002 | | Orig. Doc #: 2002.12 | | Doc #: 2015.281139 | |
| 03/31/2014 | Loan Modification Agreement | | | | Schmid Don W Family Trust | |
| | Orig. Rec Date: 10/25/2002 | | Orig. Doc #: 2002.12 | | Doc #: 2014.113127 | |
| 11/21/2013 | Deed Transfer | | | | Schmid Don W Family Trust | McCormick M & B Trust |
| | Sale Date: 11/01/2013 | | Doc Type: Deed Transfer | | Doc #: 2013.507666 | |
| | Title: | | | | | |
| 02/20/2009 | Deed Transfer | | | | Schmid Andrew D Trust | Schmid Don W Family Trust |
| | Sale Date: 12/31/2008 | | Doc Type: Deed Transfer | | Doc #: 2009.74203 | |
| | Title: | | | | | |
| 03/22/2004 | Deed Transfer | | | | McCormick, TR | Schmid, TR |
| | Sale Date: 03/15/2004 | | Doc Type: Deed Transfer | | Doc #: 2004.193511 | |
| | Title: First American Title | | | | | |
| 09/19/2003 | Deed Transfer | $100,000 | | | Cook, TR | Schmid, TR |
| | Sale Date: 09/12/2003 | | Doc Type: Deed Transfer | | Doc #: 2003.709188 | |
| | Title: First American Title | | | | | |
| 05/20/2003 | Deed Transfer | | | | Schmid, TR | Schmid, TR |
| | Sale Date: 05/13/2003 | | Doc Type: Deed Transfer | | Doc #: 2003.336838 | |
| | Title: First American Title | | | | | |
| 05/20/2003 | Deed Transfer | | | | Schmid, TR | Schmid, TR |
| | Sale Date: 05/13/2003 | | Doc Type: Deed Transfer | | Doc #: 2003.336837 | |
| | Title: First American Title | | | | | |



© 2025 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE: FAF





DataTree
HOME
SAVED
ORDER
FLEXSEARCH
ADMIN
Insights Center
AHREN TILLER
Less Map
3D
MOWBRAY WATERMAN PROPERTY LLC
686 E MILL ST
SAN BERNARDINO, CA 92408-1610
APN : 0136-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
33,580 SQ FT BED 0/0 BATH
VIEW PROPERTY
S Lena Rd
S Doolittle St
E Mill St
E Mill Outerhighway
S Valley View Ave
S Gifford Ave
San Jacinto St
Road
Terrain
©2025 Imagery ©2025
20 m
Report a map error (https://www.google.com/maps/@34.0929601,-117.2711691,18z/data=!3m1!1e3!10m1!1e1!12b1?source=apiv3&rapsrc=apiv3)
Privacy Policy (https://www.firstam.com/privacy-policy/)

Recording Requested By:
First American Title Insurance Company
National Commercial Services, Ontario, CA

**RECORDING REQUESTED BY**

**AND WHEN RECORDED MAIL DOCUMENT TO:**

NAME    Mowbray Waterman Property, LLC

STREET ADDRESS    1845 S. Business Drive, Suite 215

CITY, STATE & ZIP CODE    San Bernardino, CA 92408

NCS-1001753-ONT1

**Electronically
Recorded in Official Records
County of San Bernardino
Bob Dutton
Assessor-Recorder-County Clerk**

**DOC# 2020-0228183**

| | | |
|---|---|---|
| 07/08/2020 05:00 PM SAN | Titles: 1 | Pages: 4 |
| | Fees | $23.00 |
| | Taxes | $5060.00 |
| I1113 | CA SB2 Fee | 0.00 |
| | Total | $5083.00 |

**SPACE ABOVE FOR RECORDER'S USE ONLY**

Grant Deed

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

Reason for Exemption:

☒ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____ (date) as document number _____ of Official Records. (Cap. $225.00)

☐ Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

☐ Exempt from fee per GC 27388.1, not related to real property.

Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)**

**RECORDING REQUESTED BY:**
First American Title Insurance Company National
Commercial Services

**MAIL TAX STATEMENT**
**AND WHEN RECORDED MAIL DOCUMENT TO:**
Mowbray Waterman Property, LLC
1845 S. Business Drive, Suite 215
San Bernardino, CA 92408

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 0136-391-21-0-000                                    File No.: NCS-1001753-ONT1 (KS)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$5,060.00**; CITY TRANSFER TAX **$0.00**;
[  **X**  ]  computed on the consideration or full value of property conveyed, OR
[       ]  computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[       ]  unincorporated area;  [ **X** ] City of **San Bernardino**, and
EXEMPT FROM BUILDING HOMES AND JOBS ACTS FEE PER GOVERNMENT CODE 27388.1(a)(2)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Laura M. Cook, as Trustee of The Laura M. Cook Trust dated August 9, 1996; David W. Schmid and Jennifer N. Schmid, as Co-Trustees of The 2001 David W. Schmid Trust dated November 27, 2001; David W. Schmid, as Trustee of The William Robert Schmid Trust dated December 30, 1998; David W. Schmid, as Trustee of The Andrew David Schmid Trust dated February 6, 2001; and David W. Schmid, as Trustee of The Daniel Walter Schmid Trust dated March 10, 1997, as tenants-in-common**

hereby GRANTS to **Mowbray Waterman Property, LLC, a California limited liability company**

the following described property in the City of **San Bernardino**, County of **San Bernardino**, State
of **California**:

> **THAT PORTION OF THE EAST 3/4THS OF LOT 5, BLOCK 45, OF RANCHO SAN BERNARDINO, AS PER MAP RECORDED IN BOOK 7, PAGE 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY DESCRIBED AS FOLLOWS:**
>
> **BEGINNING AT THE SOUTHEAST CORNER OF SAID LOT;**
>
> **THENCE NORTH 89°51'00" WEST, ALONG THE SOUTH LINE OF SAID LOT, 257.93 FEET TO A POINT THAT IS SOUTH 89°51'00" EAST, MEASURED ALONG SAID SOUTH LINE, 350.00 FEET FROM THE SOUTHWEST CORNER OF SAID EAST 3/4THS OF LOT 5, SAID POINT BEING THE SOUTHEAST CORNER OF THAT CERTAIN PARCEL CONVEYED TO CRESCENT INDUSTRIES CORPORATION BY DEED RECORDED NOVEMBER 06, 1964 IN BOOK 6267, PAGE 857 OF OFFICIAL RECORDS OF SAID COUNTY; THENCE NORTH 0°05'32" EAST, ALONG THE EAST LINE OF SAID PARCEL AND ITS NORTHERLY PROLONGATION, 475.00 FEET; THENCE SOUTH 89°51'00" EAST, PARALLEL WITH SAID SOUTH LINE, 258.32 FEET TO THE EAST LINE OF SAID LOT; THENCE SOUTH 0°08'20" WEST, 475.00 FEET TO THE POINT OF BEGINNING.**

Mail Tax Statements To:  **SAME AS ABOVE**

Grant Deed - continued

Date: **02/24/2020**

A.P.N.: 0136-391-21-0-000

File No.: NCS-1001753-ONT1 (KS)

Dated:  February 24, 2020

The Laura M. Cook Trust dated August 9, 1996

_____
Laura M. Cook, Trustee

The Daniel Walter Schmid Trust dated March 10, 1997

_____
David W. Schmid, Trustee

The Andrew David Schmid Trust dated February 6, 2001

_____
David W. Schmid, Trustee

The 2001 David W. Schmid Trust dated November 27, 2001

_____
David W. Schmid, Co-Trustee

_____
Jennifer N. Schmid, Co-Trustee

The William Robert Schmid Trust dated December 30, 1998

_____
David W. Schmid, Trustee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF  California                              )SS

COUNTY OF  Orange                             )

On Febvruary 25, 2020 before me, Daisy Cervantes, Notary Public, personally appeared Laura M. Cook
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Signature

*This area for official notarial seal.*

DAISY CERVANTES
Notary Public - California
Orange County
Commission # 2158555
My Comm. Expires Jul 26, 2020

February 24, 2020                 Certification of Trust - continued            File No.: NCS-1001753-
ONT1 (KS)

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

STATE OF _____CALIFORNIA_____ )SS

COUNTY OF _____ORANGE_____ )

On _____2/26/2020_____ before me,   **Candice C. Guzman, Notary Public**
, Notary Public, personally appeared
_____DAVID W. SCHMID AND JENNIFER N. SCHMID_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                          *This area for official notarial seal.*

_____
Notary Signature

CANDICE C. GUZMAN
COMM. # 2278695
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. MARCH 20, 2023

Recording Requested By:
First American Title Insurance Company
National Commercial Services, Ontario, CA

NCS-1001753-ONT1



Electronically
**Recorded in Official Records**
**County of San Bernardino**
**Bob Dutton**
**Assessor-Recorder-County Clerk**

## RECORDING REQUESTED BY

### DOC# 2020-0228184

AND WHEN RECORDED MAIL TO:

Bank Of The Sierra
Loan Operations Center
P.O. Box 1930
Porterville, CA  93258

| | | |
|---|---|---|
| 07/08/2020 05:00 PM | Titles: 1 | Pages: 12 |
| SAN | Fees | $47.00 |
| | Taxes | $0.00 |
| I1113 | CA SB2 Fee | 0.00 |
| | Total | $47.00 |

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## Title

## DEED OF TRUST

**Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).**

Reason for Exemption:

X   Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or

O   Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

O   Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____of Official Records. (Cap. $225.00)

O   Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

O   Exempt from fee per GC 27388.1, not related to real property

**Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.**

RECORDATION REQUESTED BY:
Bank of the Sierra
Santa Clarita
26328 Citrus St
Valencia, CA  91355

WHEN RECORDED MAIL TO:
Bank Of The Sierra
Loan Operations Center
P O Box 1930
Porterville, CA  93258

_____

FOR RECORDER'S USE ONLY



*00000002914002001%0340%07012020%##############*

## DEED OF TRUST

THIS DEED OF TRUST is dated July 1, 2020, among Mowbray Waterman Property, LLC, a California limited liability company, whose address is 1845 Business Center Drive, Suite 215, San Bernardino, CA  92408 ("Trustor"); Bank of the Sierra, whose address is Santa Clarita, 26328 Citrus St, Valencia, CA  91355 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and Bank of the Sierra , whose address is 26328 Citrus St , Valencia, CA  91355 (referred to below as "Trustee").

CONVEYANCE AND GRANT.  For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in San Bernardino County, State of California:**

See Exhibit "A", which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

**The Real Property or its address is commonly known as  686 East Mill Street, San Bernardino, CA  92415. The Assessor's Parcel Number for the Real Property is 0136-391-21-0-000.**

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE  (A)  PAYMENT OF THE INDEBTEDNESS AND  (B)  PERFORMANCE OF ANY AND ALL OBLIGATIONS OF THE TRUSTOR UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE.  Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Trustor's obligations under the Note, this Deed of Trust, and the Related Documents.

POSSESSION AND MAINTENANCE OF THE PROPERTY.  Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

Possession and Use.  Until the occurrence of an Event of Default, Trustor may  (1)  remain in possession and control of the Property; (2)  use, operate or manage the Property; and  (3)  collect the Rents from the Property.

Duty to Maintain.  Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

Compliance With Environmental Laws.  Trustor represents and warrants to Lender that:  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)  Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or

Case 8:24-bk-12674-TA    Doc 286-12    Filed 02/07/25    Entered 02/07/25 16:12:19    Desc Exhibit 8 - Mowbray Waterman Property    LLC Title Report    Page 3 of 12

DOC #2020-0228184    Page 3 of 12

# DEED OF TRUST
**(Continued)**

**Loan No: 2914002001**                                                                                             **Page 2**

---

threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any restructuring of the legal entity (whether by merger, division or otherwise) or any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on

## DEED OF TRUST
### (Continued)

**Page 3**

account of the work, services, or materials and the cost exceeds $1,000.00. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain flood insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan. Flood insurance may be purchased under the National Flood Insurance Program, from private insurers providing "private flood insurance" as defined by applicable federal flood insurance statutes and regulations, or from another flood insurance provider that is both acceptable to Lender in its sole discretion and permitted by applicable federal flood insurance statutes and regulations.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $1,000.00. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon the occurrence of any Event of Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect

# DEED OF TRUST
## (Continued)

until such time as Trustor's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Trustor which Trustor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Trustor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-In-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Indebtedness.

# DEED OF TRUST
## (Continued)

Page 5

---

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default In Favor of Third Parties.** Should Trustor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Trustor's property or Trustor's ability to repay the Indebtedness or Trustor's ability to perform Trustor's obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Trustor or on Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Trustor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Trustor's existence as a going business or the death of any member, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Trustor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Trustor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Trustor under the terms of any other agreement between Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Trustor to take possession of and manage the Property and collect the

# DEED OF TRUST
## (Continued)

Loan No: 2914002001                                                              Page 6

Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of San Bernardino County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier,

# DEED OF TRUST
## (Continued)

or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Arbitration.** Trustor and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Deed of Trust or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any Property shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any Property, including any claim to rescind, reform, or otherwise modify any agreement relating to the Property, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Trustor and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Deed of Trust shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of California.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

# DEED OF TRUST
## (Continued)

        

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means Bank of the Sierra, and its successors and assigns.

**Borrower.** The word "Borrower" means Mowbray Waterman Property, LLC and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means Bank of the Sierra, its successors and assigns.

**Note.** The word "Note" means the promissory note dated July 1, 2020, **in the original principal amount of $2,990,000.00** from Trustor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. **NOTICE TO TRUSTOR: THE NOTE CONTAINS A VARIABLE INTEREST RATE.**

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means Bank of the Sierra , whose address is 26328 Citrus St , Valencia, CA 91355 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means Mowbray Waterman Property, LLC.

Loan No: 2914002001

# DEED OF TRUST
## (Continued)

Page 9

TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.

TRUSTOR:

MOWBRAY WATERMAN PROPERTY, LLC

By _____
Gloria Mowbray, Manager/Member of Mowbray Waterman Property, LLC

---

## CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF _California_                          )

                                               ) SS

COUNTY OF _San Bernardino_                     )

On _07 - 07_, 20 _20_ before me, _Sherri C Lebron, Notary Public_
(here insert name and title of the officer)

personally appeared **Gloria Mowbray**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____



SHERRI C. LEBRON
Notary Public – California
San Bernardino County
Commission # 2218470
My Comm. Expires Nov 12, 2021

(Seal)

**DEED OF TRUST**
Loan No: 2914002001                    **(Continued)**                    Page 10

---

**(DO NOT RECORD)**
**REQUEST FOR FULL RECONVEYANCE**
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

Date: _____.            Beneficiary: _____

                                                         By: _____

                                                         Its: _____

---

LaserPro,  Ver.  20.1.0.034    Copr.  Finastra  USA  Corporation  1997,  2020.    All  Rights  Reserved.    -  CA
C:\LASERPRO\APPS\CONCENTR\CFI\LPL\G01.FC  TR-51385  PR-124

## Exhibit "A"

## Legal Description

Real property in the City of San Bernardino, County of San Bernardino, State of California, described as follows:

THAT PORTION OF THE EAST 3/4THS OF LOT 5, BLOCK 45, OF RANCHO SAN BERNARDINO, AS PER MAP RECORDED IN BOOK 7, PAGE 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF SAID LOT;

THENCE NORTH 89°51'00" WEST, ALONG THE SOUTH LINE OF SAID LOT, 257.93 FEET TO A POINT THAT IS SOUTH 89°51'00" EAST, MEASURED ALONG SAID SOUTH LINE, 350.00 FEET FROM THE SOUTHWEST CORNER OF SAID EAST 3/4THS OF LOT 5, SAID POINT BEING THE SOUTHEAST CORNER OF THAT CERTAIN PARCEL CONVEYED TO CRESCENT INDUSTRIES CORPORATION BY DEED RECORDED NOVEMBER 06, 1964 IN BOOK 6267, PAGE 857 OF OFFICIAL RECORDS OF SAID COUNTY; THENCE NORTH 0°05'32" EAST, ALONG THE EAST LINE OF SAID PARCEL AND ITS NORTHERLY PROLONGATION, 475.00 FEET; THENCE SOUTH 89°51'00" EAST, PARALLEL WITH SAID SOUTH LINE, 258.32 FEET TO THE EAST LINE OF SAID LOT; THENCE SOUTH 0°08'20" WEST, 475.00 FEET TO THE POINT OF BEGINNING.

APN: 0136-391-21-0-000

# Transaction History Report

Mowbray Waterman Property    LLC Title Report

E Rialto Ave, San Bernardino, CA 92408

APN: 0136-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

San Bernardino County Data as of: 01/29/2025

## Current Owner: Mowbray Waterman Property LLC

Vesting: A Limited Liability Company
2021 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 06/23/2021 | Deed Transfer | $70,000 | | | Mowbray Waterman Property LLC | Van Johnson Rikke |
| | Sale Date: 06/17/2021 | | Doc Type: Deed Transfer | | Doc #: 2021.284743 | |
| | Title: First American Title | | | | | |
| 06/23/2021 | Deed Transfer | | | | Johnson Rikke Van | Johnson Sharon Louse |
| | Sale Date: 06/17/2021 | | Doc Type: Deed Transfer | | Doc #: 2021.284742 | |
| | Title: First American Title | | | | | |
| 06/19/2017 | Deed Transfer | | | | Van Johnson Rikke | Johnson Bonnie S |
| | Sale Date: 06/17/2017 | | Doc Type: Deed Transfer | | Doc #: 2017.249091 | |
| | Title: None Available | | | | | |
| 12/18/2012 | Deed Transfer | | | | Johnson Bonnie S | Global World Trust |
| | Sale Date: 12/17/2012 | | Doc Type: Deed Transfer | | Doc #: 2012.538585 | |
| | Title: Orange Coast Title Co. | | | | | |
| 09/10/2012 | Deed Transfer | | | | Global World Trust | Johnson Bonnie S |
| | Sale Date: 09/06/2012 | | Doc Type: Deed Transfer | | Doc #: 2012.370781 | |
| | Title: | | | | | |
| 04/05/1996 | Deed Transfer | $36,837 | | | Johnson, Bonnie | |
| | Sale Date: 03/29/1996 | | Doc Type: Deed Transfer | | Doc #: 1996.118046 | |
| | Title: | | | | | |



Recording Requested By:
First American Title Insurance Company
National Commercial Services, Ontario, CA



Electronically
Recorded in Official Records
County of San Bernardino
Bob Dutton
Assessor-Recorder-County Clerk

**RECORDING REQUESTED BY:**
First American Title Insurance Company National
Commercial Services

**MAIL TAX STATEMENT**
**AND WHEN RECORDED MAIL DOCUMENT TO:**
Robin Mowbray
686 East Mill Street, 2nd Floor
San Bernardino, CA 92408

NCS-1063534-ONT1

**DOC# 2021-0284743**

| | |
|---|---|
| 06/23/2021 03:02 PM SAN | Titles: 1    Pages: 4 |
| | |
| 14311 | Fees $33.00 |
| | Taxes $77.00 |
| | CA SB2 Fee $0.00 |
| | Total $110.00 |

Space Above This Line for Recorder's Use Only

A.P.N.: 0136-301-17

File No.: NCS-1063534-ONT1 (PC)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$77.00**; CITY TRANSFER TAX **$0.00**;
SURVEY MONUMENT FEE **$0.00**

[  X  ] computed on the consideration or full value of property conveyed, OR
[     ] computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[     ] unincorporated area; [ X ] City of **San Bernardino**, and
EXEMPT FROM BUILDING HOMES AND JOBS ACTS FEE PER GOVERNMENT CODE 27388.1(a)(2)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Rikke Van Johnson, a married man as his sole and separate property**

hereby GRANTS to **Mowbray Waterman Property, LLC, a California limited liability company**

the following described property in the City of **San Bernardino**, County of **San Bernardino**, State of **California**:

**PARCEL 1 :**

**THOSE PORTIONS OF LOT 21, BLOCK 45, RANCHO SAN BERNARDINO, IN THE CITY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7, PAGE 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN THE BOUNDARIES OF THAT CERTAIN STRIP OF LAND, 60 FEET IN WIDTH, AS DESCRIBED IN THAT CERTAIN INDENTURE TO THE SAN BERNARDINO VALLEY TRACTION COMPANY, RECORDED ON MARCH 31, 1910 IN BOOK 355, PAGE 233 OF DEEDS, IN THE OFFICE OF SAID COUNTY RECORDER AND THAT CERTAIN PARCEL OF LAND DESCRIBED IN THE GRANT DEED TO THE PACIFIC ELECTRIC RAILWAY COMPANY, RECORDED ON NOVEMBER 10, 1943 IN BOOK 1642, PAGE 174 OF OFFICIAL RECORDS, IN SAID RECORDER'S OFFICE.**

**EXCEPTING THEREFROM THAT PORTION THEREOF LYING WITHIN THE BOUNDARIES OF THAT CERTAIN PARCEL OF LAND, AS DESCRIBED IN THAT CERTAIN GRANT DEED TO THE CITY OF SAN BERNARDINO, DATED APRIL 15, 1969 AND RECORDED JUNE 16, 1969 IN BOOK 7250 PAGE 387 OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:**

**BEGINNING AT A POINT ON THE WEST LINE OF SAID LOT 21, WHICH IS 304.15 FEET SOUTH OF THE NORTHWEST CORNER OF SAID LOT 21;**

**THENCE NORTH 89° 42' 42" EAST TO A POINT ON A LINE THAT IS PARALLEL WITH AND 50.00 FEET EAST OF, MEASURED AT RIGHT ANGLES FROM THE CENTER LINE OF WATERMAN AVENUE;**

Mail Tax Statements To:  **SAME AS ABOVE**

--------------------------------------------------------------------------------

Grant Deed - continued

Date:  **06/17/2021**

THENCE NORTH ALONG SAID PARALLEL LINE, A DISTANCE OF 32.49 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 20.00 FEET;

THENCE NORTHEASTERLY AND EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 90°, A DISTANCE OF 31.42 FEET;

THENCE NORTH 89° 33' 50" EAST 5.00 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTH, HAVING A RADIUS OF 344.00 FEET;

THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 14° 28' 47", A DISTANCE OF 86.94 FEET TO THE BEGINNING OF A REVERSE CURVE, CONCAVE TO THE SOUTH, HAVING A RADIUS OF 20.00 FEET;

THENCE SOUTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 78° 24' 31", A DISTANCE OF 27.37 FEET TO A POINT OF TANGENCY ON THE EASTERLY LINE OF THAT CERTAIN PARCEL CONVEYED TO THE SAN BERNARDINO VALLEY TRACTION COMPANY BY DEED RECORDED MARCH 31, 1910 IN BOOK 355, PAGE 233 OF DEEDS, RECORDS OF SAID COUNTY;

THENCE NORTH 26° 30' 26" WEST ALONG THE NORTHEASTERLY LINE OF SAID TRACTION COMPANY PROPERTY, A DISTANCE OF 280.00 FEET MORE OR LESS TO THE NORTH LINE OF SAID LOT 21;

THENCE WEST ALONG SAID NORTH LINE OF LOT 21, 20.00 FEET MORE OR LESS TO THE NORTHWEST CORNER OF LOT 21, SAID POINT BEING ON THE EAST LINE OF SAID WATERMAN AVENUE;

THENCE SOUTH ALONG SAID WEST LINE TO LOT 21 AND THE EAST LINE OF SAID WATERMAN AVENUE A DISTANCE OF 96.15 FEET TO THE SOUTHWESTERLY LINE OF SAID TRACTION COMPANY PROPERTY;

THENCE SOUTHEASTERLY ALONG SAID TRACTION COMPANY PROPERTY, A DISTANCE OF 120.00 FEET MORE OR LESS TO A POINT THAT IS DUE EAST OF A POINT, WHICH IS 204.15 FEET SOUTH OF THE NORTHWEST CORNER OF SAID LOT 21;

THENCE DUE WEST A DISTANCE OF 52.84 FEET MORE OR LESS TO THE EAST LINE OF SAID WATERMAN AVENUE, SAID POINT ALSO BEING THE WEST LINE OF SAID LOT 21;

THENCE DUE SOUTH ALONG SAID WEST LINE A DISTANCE OF 100.00 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM THAT PORTION THEREOF LYING SOUTHERLY OF THE EASTERLY PROLONGATION OF THE SOUTH LINE OF THAT CERTAIN PARCEL OF LAND AS DESCRIBED IN THAT CERTAIN GRANT DEED TO BONNIE S. JOHNSON, RECORDED ON NOVEMBER 29, 1994, AS INSTRUMENT NO. 94472327, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALSO EXCEPTING THEREFROM ALL MINERALS AND MINERAL RIGHTS, INTERESTS, AND ROYALTIES, INCLUDING, WITHOUT LIMITING, THE GENERALITY THEREOF, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS WELL AS METALLIC OR OTHER SOLID MINERALS, IN AND UNDER THE PROPERTY; HOWEVER, GRANTOR OR ITS SUCCESSORS AND ASSIGNS, SHALL NOT HAVE THE RIGHT FOR ANY PURPOSE WHATSOEVER TO ENTER UPON, INTO OR THROUGH THE SURFACE OF THE PROPERTY IN CONNECTION THEREWITH, AS RESERVED BY SOUTHEAST PACIFIC TRANSPORTATION COMPANY IN THE DEED RECORDED APRIL 5, 1996

Grant Deed - continued

Date: **06/17/2021**

**AS INSTRUMENT NO. 96-118046 OFFICIAL RECORDS.**

**PARCEL 2:**

**THAT PORTION OF LOT 21, BLOCK 45, RANCHO SAN BERNARDINO, IN THE CITY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 7, PAGE 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN THE BOUNDARIES OF THAT CERTAIN PARCEL OF LAND, AS DESCRIBED IN THAT CERTAIN GRANT DEED TO THE PACIFIC ELECTRIC RAILWAY COMPANY, RECORDED ON NOVEMBER 10, 1943 IN BOOK 1642, PAGE 175 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPTING THEREFROM ALL MINERALS AND MINERAL RIGHTS, INTERESTS, AND ROYALTIES, INCLUDING, WITHOUT LIMITING, THE GENERALITY THEREOF, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, AS WELL AS METALLIC OR OTHER SOLID MINERALS, IN AND UNDER THE PROPERTY; HOWEVER, GRANTOR OR ITS SUCCESSORS AND ASSIGNS, SHALL NOT HAVE THE RIGHT FOR ANY PURPOSE WHATSOEVER TO ENTER UPON, INTO OR THROUGH THE SURFACE OF THE PROPERTY IN CONNECTION THEREWITH, AS RESERVED BY SOUTHEAST PACIFIC TRANSPORTATION COMPANY IN THE DEED RECORDED APRIL 5, 1996 AS INSTRUMENT NO. 96-118046 OFFICIAL RECORDS.**

Grant Deed - continued

Date: **06/17/2021**

A.P.N.: 0136-301-17

File No.: NCS-1063534-ONT1 (PC)

Dated: June 18, 2021

*Rikke Van Johnson*

Rikke Van Johnson

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF California )SS

COUNTY OF San Bernardino

On 6-18-2021 before me, N. Scales , Notary Public, personally appeared Rikke Van Johnson

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*This area for official notarial seal.*

Notary Signature

N. SCALES
Commission No. 2268541
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires DECEMBER 23, 2022
NCC1

# Transaction History Report

Allen St, San Bernardino, CA 92408
APN: 0136-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

San Bernardino County Data as of: 01/29/2025

## Current Owner: Mowbray Waterman Property LIC

Vesting:
2022 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|---|---|---|---|---|---|---|
| 04/25/2022 | Release | | | | | |
| | Orig. Rec Date: 06/09/2021 | | Orig. Doc #: 2021.261912 | | Doc #: 2022.154011 | |
| 04/25/2022 | Deed Transfer | $2,165,000 | | | Mowbray Waterman Property LIC | Yayra LLC |
| | Sale Date: 04/21/2022 | | Doc Type: Deed Transfer | | Doc #: 2022.154010 | |
| | Title: First American Title | | | | | |
| 06/09/2021 | Deed Transfer | $1,320,000 | | | Yayra LLC | Papaz Qof LLC |
| | Sale Date: 05/06/2021 | | Doc Type: Deed Transfer | | Doc #: 2021.261911 | |
| | Title: First American Title | | | | | |
| 06/09/2021 | Trust Deed/Mortgage | | Yayra LLC | Papaz Qof LLC | | |
| | Loan Type: | | Doc Type: Trust Deed/Mortgage | | Doc #: 2021.261912 | |
| | Rate Type: Est | | Rate: 2.900 | | Term: | |
| 01/29/2021 | Deed Transfer | $1,300,000 | | | Papaz Qof LLC | Exeter 14196 De LLC |
| | Sale Date: 12/17/2020 | | Doc Type: Deed Transfer | | Doc #: 2021.45969 | |
| | Title: First Amer Ttl Ins Co Ncs | | | | | |
| 01/09/2015 | Deed Transfer | $330,000 | | | Exeter 14196 De LLC | Inland Real Estate Group LLC |
| | Sale Date: 10/14/2014 | | Doc Type: Deed Transfer | | Doc #: 2015.10127 | |
| | Title: First American Title | | | | | |
| 01/09/2015 | Deed Transfer | | | | Kaemerle Harold K JR | Kaemerle Sharie J |
| | Sale Date: 01/07/2015 | | Doc Type: Deed Transfer | | Doc #: 2015.10126 | |
| | Title: First American Title | | | | | |
| 01/19/2012 | Deed Transfer | $276,341 | | | Inland Real Estate Group LLC | Mortgage Lender Services |
| | Sale Date: 01/13/2012 | | Doc Type: Deed Transfer | | Doc #: 2012.20304 | |
| | Title: Orange Coast Title | | | | | |
| 01/05/2012 | Assignment | | | | | |
| | Orig. Date: 04/22/2008 | | | Previous Lender: | | |
| | Orig. Doc #: 2008.178693 | | | Doc #: 2012.4501 | | |
| 01/05/2012 | Assignment | | | | | |
| | Orig. Date: 04/22/2008 | | | Previous Lender: | | |
| | Orig. Doc #: 2008.178693 | | | Doc #: 2012.4501 | | |
| 12/01/2011 | Notice Of Trustee Sale | | | | | |
| | Title: | | Orig. Date: 04/22/2008 | | Filing Date: | |
| | Trustee: | | Orig. Doc #: 2008.178693 | | Doc #: 2011.508523 | |
| 12/01/2011 | Notice Of Trustee Sale | | | | | |
| | Title: | | Orig. Date: 04/22/2008 | | Filing Date: | |
| | Trustee: | | Orig. Doc #: 2008.178693 | | Doc #: 2011.508523 | |
| 08/22/2011 | Notice Of Default | | | | | |
| | Title: | | Orig. Date: 04/22/2008 | | Filing Date: | |
| | Trustee: | | Orig. Doc #: 2008.178693 | | Doc #: 2011.352324 | |
| 04/22/2008 | Deed Transfer | | | | Pavlich Carlene / Pavlich Clinton | Pavlich, Clinton |
| | Sale Date: 03/27/2008 | | Doc Type: Deed Transfer | | Doc #: 2008.178692 | |
| | Title: Ticor Title | | | | | |

 © 2025 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE: FAF

| Date | Type | Amount | Party 1 | Party 2 | Detail | Name 1 | Name 2 |
|---|---|---|---|---|---|---|---|
| 04/22/2008 | Trust Deed/Mortgage | $250,000 | Pavlich Darlene / Pavlich Clinton | First National Title | Doc #: 2008.178693 | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Term: | | |
| | Rate Type: Var | | Rate: | | | | |
| 05/09/2002 | Assignment | | | | | | |
| | Orig. Date: 05/09/2002 | | | Previous Lender: | | | |
| | Orig. Doc #: 2002.238307 | | | Doc #: 2002.238308 | | | |
| 05/09/2002 | Assignment | | | | | | |
| | Orig. Date: 05/09/2002 | | | Previous Lender: | | | |
| | Orig. Doc #: 2002.238307 | | | Doc #: 2002.238308 | | | |
| 05/09/2002 | Assignment | | | | | | |
| | Orig. Date: 05/09/2002 | | | Previous Lender: | | | |
| | Orig. Doc #: 2002.238307 | | | Doc #: 2002.238308 | | | |
| 05/09/2002 | Deed Transfer | $220,000 | | | Pavlich, Clinton | Rohr, Martin H |
| | Sale Date: 05/02/2002 | | Doc Type: Deed Transfer | | Doc #: 2002.238306 | | |
| | Title: First American Title | | | | | | |
| 05/09/2002 | Trust Deed/Mortgage | $160,000 | Pavlich Clinton | Rohr, Martin H | | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: 2002.238307 | | |
| | Rate Type: Fix | | Rate: | | Term: | | |
| 06/08/1989 | Deed Transfer | $155,000 | | | Rohr Martin H & | Swanson Marjorie |
| | Sale Date: 06/01/1989 | | Doc Type: Deed Transfer | | Doc #: 1989.207031 | | |
| | Title: United Title | | | | | | |
| 06/08/1989 | Trust Deed/Mortgage | $85,000 | Rohr Martin H & | Swanson Marjorie | | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: | | |
| | Rate Type: | | Rate: 1111 | | Term: | | |



© 2025 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE: FAF

**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo (✓verified) is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

First American Title Insurance Company.
National Commercial Services, Ontario, CA

NCS-1102218-ONT1
**RECORDING REQUESTED BY:**
First American Title Company

**MAIL TAX STATEMENT**
**AND WHEN RECORDED MAIL DOCUMENT TO:**
Mowbray Waterman Property, LLC
686 E. Mill St., 2nd Floor
San Bernardino, CA 92408

Recorded in Official Records
San Bernardino County
Bob Dutton
Assessor-Recorder-County Clerk

**DOC# 2022-0154010**

| 04/25/2022 | Titles: 1 | Pages: 3 | |
|---|---|---|---|
| 10:32 AM | | | |
| SAN | Fees | | $20.00 |
| | Taxes | | $2381.50 |
| T1585 | CA SB2 Fee | | $0.00 |
| | Total | | $2401.50 |

Space Above This Line for Recorder's Use Only

A.P.N.: 0136-251-28-0-000 and 0136-251-29-0-000 and 0136-251-30-0-000 and 0136-251-31-0-000 and 0136-251-40-0-000

File No.: RTE-6778176 (df)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$2,381.50**; CITY TRANSFER TAX $;
SURVEY MONUMENT FEE $

[ **x** ]   computed on the consideration or full value of property conveyed, OR

[   ]   computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,

[   ]   unincorporated area;  [ x ]  City of **San Bernardino**, and

EXEMPT FROM BUILDING HOMES AND JOBS ACTS FEE PER GOVERNMENT CODE 27388.1(a)(2)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Yayra LLC, a California limited liability company**

hereby GRANTS to **Mowbray Waterman Property, LLC, a California limited liability company**

the following described property in the City of **San Bernardino**, County of **San Bernardino**, State of **California**:

**PARCEL NO. 1:**

**LOT 6 AND THE SOUTH 50 FEET OF LOTS 12, 13, 14 AND 15, BLOCK "D", OF SHAY'S HALF ACRES NO. 2, IN THE CITY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 23 OF MAPS, PAGE(S) 60 RECORDS OF SAID COUNTY, AND THAT PORTION OF DOROTHY STREET, NOW VACATED, LYING BETWEEN THE NORTH AND SOUTH BOUNDARY LINES OF SAID LOT 6, EXTENDED WEST TO THE EAST LINE OF THE RIGHT OF WAY OF THE ATCHISON, TOPEKA AND SANTA FE RAILROAD: ALSO THAT PORTION OF BLOCK 8, OF THE RANCHO SAN BERNARDINO, IN THE CITY OF SAN BERNARDINO, AS PER PLAT RECORDED IN BOOK 23 OF MAPS, PAGE(S) 60, RECORDS OF SAID COUNTY, DESCRIBED AS FOLLOWS:**

**BEGINNING AT A POINT 579.30 FEET NORTH OF THE SOUTHEAST CORNER OF SAID BLOCK 8; THENCE NORTH 50 FEET ALONG THE WEST LINE OF ALLEN STREET; THENCE WEST 402.13 FEET; MORE OR LESS, TO THE EAST LINE OF THE RIGHT OF WAY OF THE ATCHISON, TOPEKA AND SANTA FE RAILWAY; THENCE SOUTHEASTERLY ALONG SAID RIGHT OF WAY LINE TO THE NORTHWEST CORNER OF LOT 7, IN BLOCK "E" OF SHAY'S HALF ACRES NO. 2, RECORDED IN BOOK 23 OF MAPS, PAGE 60, RECORDS OF SAID COUNTY; THENCE EAST 395.21 FEET TO THE POINT OF BEGINNING; BEING THAT PARCEL OF LAND, AS SHOWN ON PLAT RECORDED IN BOOK 23 OF MAPS, PAGE(S) 60, RECORDS OF SAID COUNTY, AS MARTIN STREET AND PORTION OF DOROTHY STREET.**

Mail Tax Statements To: **SAME AS ABOVE**

Grant Deed - continued

Date: **04/21/2022**

**NOTE: SAID MARTIN STREET AND PORTION OF DOROTHY STREET WERE VACATED BY ORDINANCE NO. 1305 OF THE COMMON COUNCIL OF THE CITY OF SAN BERNARDINO, RECORDED OCTOBER 8, 1926 IN BOOK 146, PAGE(S) 200, OFFICIAL RECORDS.**

**PARCEL NO. 2:**

**LOT 5 AND A PORTION OF LOTS 12, 13, 14 AND 15 IN BLOCK "D" OF SHAY'S A HALF ACRES NO. 2, AND A PORTION OF DOROTHY STREET ABANDONED, IN THE CITY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 23 OF MAPS, PAGE(S) 60, RECORDS OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:**

**BEGINNING AT A POINT 679.30 FEET NORTH OF THE SOUTHEAST CORNER OF BLOCK 8, RANCHO SAN BERNARDINO, AS PER PLAT RECORDED IN BOOK 7 OF MAPS, PAGE(S) 2, RECORD OF SAID COUNTY; THENCE NORTH ALONG THE WEST LINE OF ALLEN STREET 50 FEET; THENCE WEST 409.58 FEET, MORE OR LESS, TO THE EAST LINE OF THE RIGHT OF WAY OF THE ATCHISON, TOPEKA AND SANTA FE RAILROAD; THENCE SOUTHEASTERLY ALONG SAID RIGHT OF WAY LINE TO A POINT DUE WEST OF THE POINT OF BEGINNING; THENCE EAST TO THE POINT OF BEGINNING.**

**PARCEL NO. 3:**

**LOT 4 AND THAT PORTION OF LOTS 12, 13, 14 AND 15, BLOCK "D", SHAYS HALF ACRES NO. 2, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 23 OF MAPS, PAGE(S) 60, RECORDS OF SAID COUNTY, AND THAT PORTION OF DOROTHY STREET, AS SHOWN ON SAID MAP, DESCRIBED AS FOLLOWS:**

**BEGINNING AT A POINT ON THE WEST LINE OF ALLEN STREET, WHICH POINT IS 729.30 FEET NORTH OF THE SOUTHEAST CORNER OF BLOCK 8 OF THE RANCHO SAN BERNARDINO; THENCE NORTH 50 FEET ALONG THE WEST
LINE OF ALLEN STREET; THENCE WEST 424.48 FEET, MORE OR LESS, TO THE EASTERLY LINE OF THE ATCHISON, TOPEKA AND SANTA FE RAILROAD RIGHT OF WAY; THENCE SOUTHEASTERLY ALONG SAID RIGHT OF WAY LINE TO A POINT DUE WEST OF THE POINT OF BEGINNING; THENCE EAST 417.03 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.**

Grant Deed - continued

Date: **04/19/2022**

A.P.N.: 0136-251-28-0-000 and 0136-251-                    File No.: RTE-6778176 (df)
29-0-000 and 0136-251-30-0-000 and
0136-251-31-0-000 and 0136-251-40-0-000

Dated:  April 19, 2022

Yayra LLC, a California limited liability company

By:_____
Name: Yester Ayrapetyan
Title: Authorized Signor

---

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

STATE OF _California_____ )SS

COUNTY OF _Los Angeles_____ )

On _4/20/2022_____ before me, _Rose Moreszos, Notary Public,_ Notary Public, personally appeared
_Yester Ayrapetyan_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    _This area for official notarial seal._

_____
Notary Signature

ROSE MORESZES
Notary Public - California
Los Angeles County
Commission # 2397544
My Comm. Expires Apr 14, 2026

# Transaction History Report

Mowbray Waterman Property    LLC Title Report    Page 78 of 83

**Waterman Ave, San Bernardino, CA 92408**
APN: 0136-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

San Bernardino County Data as of: 01/29/2025

## Current Owner: Mowbray Waterman Property LLC

Vesting: Lifetime Couple
2017 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|---|---|---|---|---|---|---|
| 09/05/2017 | Deed Transfer | $100,000 | | | Mowbray Waterman Property LLC | Tallackson Aurora |
| | Sale Date: 09/05/2017 | | Doc Type: Deed Transfer | | Doc #: 2017.363181 | |
| | Title: Chicago Title Company | | | | | |
| 09/05/2017 | Deed Transfer | | | | Acosta Aurora / Chacon Magdalena | Albanez Trinidad |
| | Sale Date: 08/15/2017 | | Doc Type: Deed Transfer | | Doc #: 2017.363179 | |
| | Title: Chicago Title Inland Empire | | | | | |



**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo (✓verified) is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

RECORDED AT THE REQUEST OF
CHICAGO TITLE - INLAND EMPIRE

**RECORDING REQUESTED BY**

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name
Street     MOWBRAY WATERMAN PROPERTY, LLC., A
Address    CALIFORNIA LIMITED LIABILITY COMPANY &
City       1845 BUSINESS CENTER DR STE 215
State      SAN BERNARDINO, CA 92408
Zip

Electronically Recorded in Official Records, County of San Bernardino        9/05/2017
                                                                             04:24 PM
**BOB DUTTON**                                                               NC
ASSESSOR - RECORDER - CLERK
607 Chicago Title Company



Doc #: **2017-0363181**

| | Titles: | 1 | Pages: | 4 |
|---|---|---|---|---|
| | | | Fees | 44.00 |
| | | | Taxes | 110.00 |
| | | | Other | .00 |
| | | | PAID | 154.00 |



ORDER NO.   ~~711742320~~  7/0/71.2326
ESCROW NO.  7631-JB

RECORDERS USE ONLY

# GRANT DEED

TAX PARCEL NO. 0136-301-01-0-000

The undersigned grantor declares that the documentary transfer tax is     $110.00     and is

___X___ computed on the full value of the interest of the property conveyed, or is

_____ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.

The land, tenements or realty is located in

_____ unincorporated area ___X___ city    San Bernardino _____ and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

AURORA TALLACKSON, a Widow, and MAGDELENA CHACON, a Married Woman, and THERESA RAMOS,
a Married Woman as Joint Tenants    *AKA: Magdalena Chacon
                                   * who aquired title as Aurora Acosta

hereby GRANT(S) to

MOWBRAY WATERMAN PROPERTY, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY

The following described real property in the City of San Bernardino, County of San Bernardino, State of California:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF EXHIBIT A.

Dated    08/30/2017

> A notary public or other officer completing this certificate verifies only the
> identity of the individual who signed the document to which this certificate
> is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA,                    )
COUNTY OF San Bernardino                )
On  August 30, 2017                                before me,
    M. Strong                             , Notary Public
personally appeared   Aurora Tallackson and Theresa Ramos

*Aurora Tallackson*
AURORA TALLACKSON

*Magdelena Chacon*        AKA: Magdalena Chacon
MAGDELENA CHACON

*Theresa Ramos*
THERESA RAMOS

who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) ~~is~~/are subscribed to the within instrument and acknowledged to me that
~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by
~~his/her~~/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ , Notary Public

> **M. STRONG**
> Commission # 2123789
> Notary Public - California
> San Bernardino County
> My Comm. Expires Sep 12, 2019

(Notary Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW:   IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

SAME AS ABOVE
_____Name_____        _____Street Address_____        ____City & State____

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                )
County of _San BernArdino_    )

On _Aug 30, 2017_ before me, ___M. Strong - Notary Public___,
　　　*Date*　　　　　　　　　*Here Insert Name and Title of the Officer*

personally appeared _MAgdAlenA ChAcon_
　　　　　　　　　　　　*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**M. STRONG**
Commission # 2123789
Notary Public - California
San Bernardino County
My Comm. Expires Sep 12, 2019

Signature _____
　　　　　*Signature of Notary Public*

　　*Place Notary Seal Above*
──────────── **OPTIONAL** ────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

## ILLEGIBLE NOTARY SEAL DECLARATION

**GOVERNMENT CODE 27361.7**
**I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:**

**Name of Notary:  M. STRONG**

**Notary Identification Number: 2123789**

**County Where Bond Is Filed:  SAN BERNARDINO**

**Date Commission Exp:    SEP 12, 2019**

**Vender Identification Number: NNA1**

**Place of Execution: San Bernardino**

**DATE:   09/05/2017**

Synrgo, as agent

_____
**Signature**

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN BERNARDINO, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF LOT 21, BLOCK 45, RANCHO SAN BERNARDINO, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 7 OF MAPS, PAGE 2, RECORDS OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WEST LINE OF SAID LOT 21, 454.15 FEET SOUTH OF THE NORTHWEST CORNER OF SAID LOT 21; THENCE SOUTH ALONG SAID WEST LINE OF SAID LOT 21, 100 FEET; THENCE EAST TO THE WEST BOUNDARY OF THE RIGHT OF WAY OF THE SAN BERNARDINO VALLEY TRACTION COMPANY; THENCE NORTHWESTERLY ALONG THE WEST BOUNDARY OF SAID RIGHT OF WAY TO A POINT DUE EAST OF THE POINT OF BEGINNING; THENCE DUE WEST TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THE WEST 8.75 FEET THEREOF CONVEYED TO THE SAN BERNARDINO, A MUNICIPAL CORPORATION, BY DEED DATED JULY 9, 1968 AND RECORDED AS DOCUMENT NO. 390 ON JULY 25, 1968, IN BOOK 7065, PAGE 877, RECORDS OF SAID COUNTY.

APN: 0136-301-01-0-000