# Exhibit 11

# Transaction History Report

Allen St, San Bernardino, CA 92408
APN: 0136-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

San Bernardino County Data as of: 01/15/2025

## Current Owner: Yayra LLC

Vesting:
2021 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 07/18/2024 | Trust Deed/Mortgage | $20,000,000 | Mowbray Waterman Property LLC | PNC Bank, National Association | | |
| | Loan Type: | | Doc Type: Trust Deed/Mortgage | | Doc #: 2024.168380 | |
| | Rate Type: | | Rate: | | Term: | |
| 04/25/2022 | Release | | | | | |
| | Orig. Rec Date: 06/09/2021 | | Orig. Doc #: 2021.261912 | | Doc #: 2022.154011 | |
| 06/09/2021 | Deed Transfer | $1,320,000 | | | Yayra LLC | Papaz Qof LLC |
| | Sale Date: 05/06/2021 | | Doc Type: Deed Transfer | | Doc #: 2021.261911 | |
| | Title: First American Title | | | | | |
| 06/09/2021 | Trust Deed/Mortgage | | Yayra LLC | Papaz Qof LLC | | |
| | Loan Type: | | Doc Type: Trust Deed/Mortgage | | Doc #: 2021.261912 | |
| | Rate Type: Est | | Rate: 2.900 | | Term: | |
| 01/29/2021 | Deed Transfer | $1,300,000 | | | Papaz Qof LLC | Exeter 14196 De LLC |
| | Sale Date: 12/17/2020 | | Doc Type: Deed Transfer | | Doc #: 2021.45969 | |
| | Title: First Amer Ttl Ins Co Ncs | | | | | |
| 01/09/2015 | Deed Transfer | $330,000 | | | Exeter 14196 De LLC | Inland Real Estate Group LLC |
| | Sale Date: 10/14/2014 | | Doc Type: Deed Transfer | | Doc #: 2015.10127 | |
| | Title: First American Title | | | | | |
| 01/09/2015 | Deed Transfer | | | | Kaemerle Harold K JR | Kaemerle Sharie J |
| | Sale Date: 01/07/2015 | | Doc Type: Deed Transfer | | Doc #: 2015.10126 | |
| | Title: First American Title | | | | | |
| 01/19/2012 | Deed Transfer | $276,341 | | | Inland Real Estate Group LLC | Mortgage Lender Services |
| | Sale Date: 01/13/2012 | | Doc Type: Deed Transfer | | Doc #: 2012.20304 | |
| | Title: Orange Coast Title | | | | | |
| 01/05/2012 | Assignment | | | | | |
| | Orig. Date: 04/22/2008 | | | Previous Lender: | | |
| | Orig. Doc #: 2008.178693 | | | Doc #: 2012.4501 | | |
| 01/05/2012 | Assignment | | | | | |
| | Orig. Date: 04/22/2008 | | | Previous Lender: | | |
| | Orig. Doc #: 2008.178693 | | | Doc #: 2012.4501 | | |
| 12/01/2011 | Notice Of Trustee Sale | | | | | |
| | Title: | | Orig. Date: 04/22/2008 | | Filing Date: | |
| | Trustee: | | Orig. Doc #: 2008.178693 | | Doc #: 2011.508523 | |
| 12/01/2011 | Notice Of Trustee Sale | | | | | |
| | Title: | | Orig. Date: 04/22/2008 | | Filing Date: | |
| | Trustee: | | Orig. Doc #: 2008.178693 | | Doc #: 2011.508523 | |
| 08/22/2011 | Notice Of Default | | | | | |
| | Title: | | Orig. Date: 04/22/2008 | | Filing Date: | |
| | Trustee: | | Orig. Doc #: 2008.178693 | | Doc #: 2011.352324 | |
| 04/22/2008 | Deed Transfer | | | | Pavlich Carlene / Pavlich Clinton | Pavlich, Clinton |
| | Sale Date: 03/27/2008 | | Doc Type: Deed Transfer | | Doc #: 2008.178692 | |
| | Title: Ticor Title | | | | | |



| Date | Type | Amount | Borrower | Lender | | |
|------|------|--------|----------|--------|--|--|
| 05/09/2002 | Trust Deed/Mortgage | $160,000 | Pavlich Carlene / Pavlich Clinton | First Federal Bank |  |  |
|  | Loan Type: Conventional |  | Doc Type: Trust Deed/Mortgage |  | Doc #: 2008.178693 |  |
|  | Rate Type: Var |  | Rate: |  | Term: |  |
| 05/09/2002 | Assignment |  |  | Previous Lender: |  |  |
|  | Orig. Date: 05/09/2002 |  |  |  |  |  |
|  | Orig. Doc #: 2002.238307 |  |  | Doc #: 2002.238308 |  |  |
| 05/09/2002 | Assignment |  |  | Previous Lender: |  |  |
|  | Orig. Date: 05/09/2002 |  |  |  |  |  |
|  | Orig. Doc #: 2002.238307 |  |  | Doc #: 2002.238308 |  |  |
| 05/09/2002 | Assignment |  |  | Previous Lender: |  |  |
|  | Orig. Date: 05/09/2002 |  |  |  |  |  |
|  | Orig. Doc #: 2002.238307 |  |  | Doc #: 2002.238308 |  |  |
| 05/09/2002 | Deed Transfer | $220,000 |  |  | Pavlich, Clinton | Rohr, Martin H |
|  | Sale Date: 05/02/2002 |  | Doc Type: Deed Transfer |  | Doc #: 2002.238306 |  |
|  | Title: First American Title |  |  |  |  |  |
| 05/09/2002 | Trust Deed/Mortgage | $160,000 | Pavlich Clinton | Rohr, Martin H |  |  |
|  | Loan Type: Conventional |  | Doc Type: Trust Deed/Mortgage |  | Doc #: 2002.238307 |  |
|  | Rate Type: Fix |  | Rate: |  | Term: |  |
| 06/08/1989 | Deed Transfer | $155,000 |  |  | Rohr Martin H & | Swanson Marjorie |
|  | Sale Date: 06/01/1989 |  | Doc Type: Deed Transfer |  | Doc #: 1989.207031 |  |
|  | Title: United Title |  |  |  |  |  |
| 06/08/1989 | Trust Deed/Mortgage | $85,000 | Rohr Martin H & | Swanson Marjorie |  |  |
|  | Loan Type: Conventional |  | Doc Type: Trust Deed/Mortgage |  | Doc #: |  |
|  | Rate Type: |  | Rate: 1111 |  | Term: |  |



**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo ( ) is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

# Transaction History Report

**9546 Elder Creek Rd, Sacramento, CA 95829-9306**
APN: 066-0010-032-0000

Sacramento County Data as of: 01/16/2025

### Current Owner: Mowbray Waterman Property LLC

Vesting: A Limited Liability Company
2022 - Present

| Date | Type | Amount | Borrower(s) | Lender | Buyer | Seller |
|------|------|--------|-------------|--------|-------|--------|
| 12/17/2024 | Release | | | | | |
| | Orig. Rec Date: 08/02/2006 | | Orig. Doc #: 20060802.1419 | | Doc #: 20241217.9 | |
| 12/13/2024 | Release | | | | | |
| | Orig. Rec Date: 08/02/2006 | | Orig. Doc #: 20060802.1418 | | Doc #: 20241213.553 | |
| 07/18/2024 | Trust Deed/Mortgage | $20,000,000 | Mowbray Waterman Property LLC | PNC Bank, National Association | | |
| | Loan Type: | | Doc Type: Trust Deed/Mortgage | | Doc #: 20240718.862 | |
| | Rate Type: | | Rate: | | Term: | |
| 08/16/2022 | Deed Transfer | $2,200,000 | | | Mowbray Waterman Property LLC | Frank And Delma Carson Family 1992 Revocable Trust |
| | Sale Date: 08/09/2022 | | Doc Type: Deed Transfer | | Doc #: 20220816.788 | |
| | Title: Placer Title | | | | | |
| 12/28/2006 | Modification | | | | | |
| | Orig. Rec Date: | | Orig. Doc #: | | Doc #: 20061228.1053 | |
| 08/02/2006 | Deed Transfer | | | | Owner Name Unavailable | Owner Name Unavailable |
| | Sale Date: 07/31/2006 | | Doc Type: Deed Transfer | | Doc #: 20060802.1417 | |
| | Title: Chicago Title | | | | | |
| 08/02/2006 | Trust Deed/Mortgage | $4,600,000 | Owner Name Unavailable | Umpqua Bank | | |
| | Loan Type: Conventional | | Doc Type: Trust Deed/Mortgage | | Doc #: 20060802.1418 | |
| | Rate Type: Fix | | Rate: 7 | | Term: | |


© 2025 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE: FAF    PAGE 1 OF 1

**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo () is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

Recording Requested By
Fidelity National Title

**Recording requested by, and after recording mail to:**

PNC Bank, National Association

300 Fifth Avenue
Pittsburgh, PA 15222
Attention: Lisa Stauffer

Assessor's Parcel Number: 066-0010-032-0000
3011605'2 - KY

~~CALIFORNIA GOVERNMENT CODE SECTION 27388.1 FEES $225.00 FOR THREE OR MORE TITLES IN ONE TRANSACTION - CAP REACHED~~.

| | |
|---|---|
| **Sacramento County** | |
| **Donna Allred, Clerk/Recorder** | |

| Doc # **202407180862** | Fees | $412.00 |
|---|---|---|
| 7/18/2024   3:17:59 PM | Taxes | $0.00 |
| MAL   Electronic | PCOR | $0.00 |
| Titles      5 | | |
| Pages     30 | Paid | $412.00 |

THIS DEED OF TRUST IS INTENDED TO CONSTITUTE A FINANCING STATEMENT FILED AS A FIXTURE FINANCING STATEMENT UNDER THE CALIFORNIA COMMERCIAL CODE.

# Deed of Trust, Assignment of Leases and Rents, Security Agreement, Fixture Filing ~~and Request for Notice~~

⚛ **PNC**

THIS DEED OF TRUST AND FIXTURE FILING (this "**Deed of Trust**") is made as of July 9, 2024, by and between **MOWBRAY WATERMAN PROPERTY, LLC, a California limited liability company** (the "**Grantor**") as trustor, with an address at 686E. Mill Street, San Bernardino, CA92408 and **Fidelity National Title Company, a California corporation** (the "**Trustee**"), with an address at 4400 MacArthur Blvd #200, Newport Beach, CA 92660 for the benefit of **PNC BANK, NATIONAL ASSOCIATION**, a national banking association (the "**Bank**"), with an address at 901 Via Piemonte, Suite 140, Ontario, California 91764, as beneficiary of this Deed of Trust.

**WHEREAS**, the Grantor is the owner of that certain real property described in <u>Exhibit A</u> attached hereto and made a part hereof, together with the improvements now or hereafter erected thereon;

318764850.2

FIDELITY NATIONAL TITLE INSURANCE COMPANY HAS RECORDED THIS INSTRUMENT BY REQUEST AS AN ACCOMMODATION ONLY AND HAS NOT EXAMIINED IT FOR REGULARITY AND SUFFICIENCY OR AS ITS EFFECT UPON THE TITLE TO ANY REAL PROPERTY THAT MAY BE DESCRIBED THEREIN.

**WHEREAS,** the Grantor has borrowed from the Bank, is providing a guaranty of one or more borrowings from the Bank by others, or is otherwise executing and delivering this Deed of Trust as collateral security for one or more borrowings from the Bank, with an initial (but not necessarily permanent) principal credit limit of **TWENTY MILLION DOLLARS ($20,000,000)** dated October 28, 2022 (the "**Loan**"), which Loan is evidenced by, among other things, one or more promissory notes in favor of the Bank made by The Original Mowbray's Tree Service, Incorporated, a California corporation (as the same may be amended, supplemented or replaced from time to time, the "**Note**") and the Guaranty and Suretyship Agreement dated October 28, 2022 by and between the Grantor and the Bank (the "**Guaranty**"). The Loan may also be governed by the terms and conditions of a letter agreement or loan agreement and other ancillary documents dated on or before the date of this Deed of Trust (as the same may be amended, supplemented or replaced from time to time, the "**Agreement**"); and

**WHEREAS,** the Grantor and the Bank have entered into, are entering into, or may enter into from time to time after the date hereof, or the Grantor has provided, is providing or may provide from time to time a guaranty of, or collateral security for, one or more interest rate swaps, caps, collars, options or other interest rate protection transactions, one or more foreign exchange transactions, including spots, forwards, options or other similar transactions providing for the purchase of one currency in exchange for the sale of another currency, total return swaps, commodity swaps, commodity options, and/or any other transaction that is similar to any of the transactions referred to above and which is a forward, swap, future, option or other derivative on one or more rates, currencies, commodities, debt securities or other debt instruments (collectively, the "**Transactions**"), the termination of which could produce payments owing to the Bank, pursuant to an ISDA Master Agreement or other similar agreement (as the same may be amended, supplemented or replaced from time to time, the "**Master Agreement**") (the obligations owing to the Bank under the Master Agreement, as supplemented by the Transactions, being herein called the "**Hedge Obligations**");

**NOW, THEREFORE**, for the purpose of securing the payment and performance of the following obligations (collectively called the "**Obligations**"):

(A)    The Loan, the Note, the Agreement, the Guaranty, the Hedge Obligations, and all other debts, liabilities, obligations, covenants and duties owing by the Grantor or The Original Mowbray's Tree Service, Incorporated, a California corporation (the "**Borrower**"), Robin Mowbray ("**Mowbray**"), and Grantor (Grantor, together with Mowbray, the "**Guarantors**") (or any of them) to the Bank, whether direct or indirect, absolute or contingent, joint or several, due or to become due, now existing or hereafter arising under the Loan, the Note, the Agreement or the Hedge Obligations;

(B)    Any amendments, extensions, renewals and increases of or to any of the foregoing, and all costs and expenses of the Bank and/or the Trustee incurred in the documentation, negotiation, modification, enforcement, collection and otherwise in connection with any of the foregoing, including reasonable attorneys' fees and expenses;

- 2 -

(C)     Any sums advanced by the Bank or which may otherwise become due pursuant to the provisions of the Note, the Agreement, the Master Agreement, this Deed of Trust, the Guaranty or any other document or instrument at any time delivered to the Bank to evidence or secure any of the Obligations (as each of the same may be amended, supplemented or replaced from time to time, collectively, the "**Loan Documents**"); and

(D)     This deed of trust is given for the purpose of creating a lien on the Property in order to secure not only any existing indebtedness, but also future advances, whether such advances are obligatory or to be made at the option of the Bank, or otherwise, and whether made before or after default or maturity or other similar events, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust, although there may be no advance made at the time of the execution hereof and although there may be no indebtedness outstanding at the time any advance is made.  Notwithstanding the reduction of the amount(s) secured hereby at any time to zero, this Deed of Trust shall remain in full force and effect until such time as reconveyance thereof is filed of record.

For purposes of clarity and avoidance of doubt, the Environmental Indemnity Agreement(s), if any, executed under separate cover by Grantor or Borrower (or any of them) in favor of the Bank are specifically excluded from the Obligations secured by this Deed of Trust.

The Grantor, for good and valuable consideration, receipt of which is hereby acknowledged, and intending to be legally bound hereby, does hereby irrevocably give, grant, bargain, sell, convey, assign, transfer, hypothecate, pledge, set over and confirm unto the Trustee, in trust with power of sale, forever, all of the Grantor's right, title, estate, claim and interest in the following described property, all accessions and additions thereto, all substitutions therefor and replacements and proceeds thereof, and all reversions and remainders of such property now owned or held or hereafter acquired (collectively, the "**Property**"), to wit:

(a)     All of the Grantor's estate in that certain tract or parcel of land located at and commonly known as 9546 Elder Creek Rd, Sacramento, CA ("**Property Address**"), in the State of California, County(ies) of Sacramento, as more specifically described in Exhibit A, which is attached hereto and incorporated herein by reference; together with all of the easements, rights of way, privileges, liberties, hereditaments, gores, streets, alleys, passages, ways, waters, watercourses, air rights, oil rights, gas rights, mineral rights and all other rights and appurtenances thereunto belonging or appertaining, and all of the Grantor's estate, right, title, interest, claim and demand therein and in the public streets and ways adjacent thereto, either in law or in equity (the "**Land**");

(b)     All the buildings, structures and improvements of every kind and description now or hereafter erected or placed on the Land, and all facilities, fixtures, machinery, apparatus, appliances, installations, equipment and other goods, which in each case have become so related to the Land that an interest in them arises under real property law, including all building

- 3 -

materials to be incorporated into such buildings, all electrical equipment necessary for the operation of such buildings and heating, air conditioning and plumbing equipment now or hereafter attached to, appurtenant to, located in or used in connection with those buildings, structures or other improvements on the Land (the "**Improvements**");

        (c)     All of the Grantor's right, title and interest in and to all agreements, plans, franchises, management agreements, approvals (whether issued by a governmental authority or otherwise) and other documentation or written or recorded work product required for or in any way related to the development, construction, renovation, use, occupancy or ownership of the Improvements, if any, whether now existing or hereafter arising (the "**Development Documents**"), including all (i) plans, specifications and other design work for buildings and utilities, (ii) architect's agreements and construction contracts and warranties, (iii) environmental reports, surveys and other engineering work product, (iv) permits and licenses and (v) agreements of sale, purchase options and agreements for easements and rights of way benefiting the Land, and the Grantor further covenants and agrees to execute and deliver to the Trustee or Bank, on demand, such additional assignments and instruments as the Bank may require to implement, confirm, maintain or continue any grant or assignment of rights in the Development Documents;

        (d)     All rents, income, issues and profits arising or issuing from the Land and the Improvements and advantages and claims against guarantors of any Leases (defined below) (the "**Rents**") including the Rents arising or issuing from all leases (including, without limitation, oil and gas leases), licenses, subleases or any other use or occupancy agreement now or hereafter entered into covering all or any part of the Land and Improvements (the "**Leases**"), all of which Leases and Rents are hereby assigned to the Bank by the Grantor. The foregoing assignment shall include all fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties, and all cash or securities deposited under Leases to secure performance of lessees of their obligations thereunder, whether such cash or securities are to be held until the expiration of the terms of such leases or applied to one or more installments of rent coming due prior to the expiration of such terms. The foregoing assignment extends to Rents arising both before and after the commencement by or against the Grantor of any case or proceeding under any Federal or State bankruptcy, insolvency or similar law, and is intended as an absolute assignment and not merely the granting of a security interest. The Grantor, however, shall have a license to collect, retain and use the Rents so long as no Event of Default shall have occurred and be continuing or shall exist. The Grantor will execute and deliver to the Bank, on demand, such additional assignments and instruments as the Bank may require to implement, confirm, maintain and continue the assignment of Rents hereunder;

        (e)     All proceeds of the conversion, voluntary or involuntary, of any of the foregoing specified in (a) through (d) above into cash or liquidated claims; and

        (f)     This Deed of Trust constitutes a "Security Agreement" on the personal property expressly specified in this Deed of Trust within the meaning of the Uniform Commercial Code (the "**UCC**"). Without limiting any of the other provisions of this Deed of Trust, the Grantor,

- 4 -

as debtor (as defined in the UCC), expressly grants unto the Bank, as secured party, a security interest in the following personal property of the Grantor, all whether now owned or hereafter acquired or arising:  (i) accounts arising out of or derived from the Land, Improvements, Development Documents, Rents or Leases (including health-care-insurance receivables and credit card receivables); (ii) fixtures located on, affixed to, or attached to the Land or the Improvements; and (iii) all cash and noncash proceeds (including insurance proceeds) of all of the foregoing property, all products thereof and all additions and accessions thereto, substitutions therefor and replacements thereof.  By its signature hereon, the Grantor hereby irrevocably authorizes the Bank to file against the Grantor one or more financing, continuation or amendment statements pursuant to the UCC, with respect to the personal property expressly set forth in this Deed of Trust, in form satisfactory to the Bank, and the Grantor will pay the costs of preparing and filing the same in all jurisdictions in which such filing is deemed by the Bank to be necessary or desirable in order to perfect, preserve and protect its security interests.  The Grantor will also execute and deliver to the Bank on demand such other instruments as the Bank may require in order to perfect, protect and maintain such security interests under the UCC on the aforesaid collateral.  The Grantor hereby grants to the Bank a security interest in the property expressly identified in this Deed of Trust to which Article 9 of the UCC is applicable and the proceeds (cash and noncash) thereof.  The Bank shall have all the rights and remedies of a secured party under said UCC with respect to such property.

TO HAVE AND TO HOLD the Property and all other interests described above unto the Trustee; BUT IN TRUST, NEVERTHELESS to secure to the Bank and the Trustee for the benefit of the Bank the payment and performance of all of the Obligations; PROVIDED, HOWEVER, that until the occurrence of an Event of Default, the Grantor shall have the sole right to remain in peaceful possession of the Property; PROVIDED, FURTHER HOWEVER, that if the Grantor and any other obligor or guarantor of any of the Obligations shall pay, perform and satisfy in full all of the Obligations, then, upon written request of Grantor, and upon proof to the satisfaction of the Bank that the Obligations have been paid, performed and satisfied in full (or upon terms otherwise agreed to in writing by the Bank), the Bank shall, at the Grantor's expense, request that Trustee reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee; subject, however, to the survival of certain rights and benefits in accordance with Section 31 (Survival; Successors and Assigns) hereof.  Such request and reconveyance shall operate as a reassignment of the Rents assigned to Beneficiary in this Deed of Trust.

1.    **Representations and Warranties.**  The Grantor represents and warrants to the Bank that (i) the Grantor has good and marketable title to an estate in fee simple absolute in the Land and Improvements and has all right, title and interest in all other property constituting a part of the Property, in each case free and clear of all liens and encumbrances, except as to Permitted Encumbrances and (ii) the Grantor's name, organizational information and address are true and complete as set forth in the heading of this Deed of Trust.  This Deed of Trust is a valid and enforceable first lien on the Property (except as to Permitted Encumbrances).  The Grantor shall preserve such title as it warrants herein and the validity and priority of the lien hereof and shall

- 5 -

forever warrant and defend the same to the Bank against the claims of all persons. "**Permitted Encumbrance(s)**" means, at any particular time, (a) liens for taxes, assessments, or governmental charges not then due and payable or not then delinquent; (b) liens, easements, encumbrances, and restrictions on the Property that are allowed by the Bank to appear in Schedule B, with Parts I and II of an ALTA title policy to be issued to the Bank following recordation of the Deed of Trust; and (c) liens in favor of or consented to in writing by the Bank.

      2.    **Affirmative Covenants.**  Until all of the Obligations shall have been fully paid, satisfied and discharged the Grantor shall:

      (a)    Legal Requirements.  Promptly comply with and conform to all present and future laws, statutes, codes, ordinances, orders and regulations and all covenants, restrictions and conditions which may be applicable to the Grantor or to any of the Property (the "**Legal Requirements**").

      (b)    Impositions.  Before interest or penalties are due thereon and otherwise when due, the Grantor shall pay all taxes of every kind and nature, all charges for any easement or agreement maintained for the benefit of any of the Property, all general and special assessments (including any condominium or planned unit development assessments, if any), levies, permits, inspection and license fees, all water and sewer rents and charges, and all other charges and liens, whether of a like or different nature, imposed upon or assessed against the Grantor or any of the Property (the "**Impositions**").  Within thirty (30) days after the payment of any Imposition, the Grantor shall deliver to the Bank written evidence acceptable to the Bank of such payment.  The Grantor's obligations to pay the Impositions shall survive the Bank's taking title to (and possession of) the Property through foreclosure, deed-in-lieu or otherwise, as well as the termination of the Deed of Trust including by merger into a deed.

      (c)    Maintenance of Security.  Use, and permit others to use, the Property only for its present use or such other uses as permitted by applicable Legal Requirements and approved in writing by the Bank.  The Grantor shall keep the Property in good condition and order and in a rentable and tenantable state of repair and will make or cause to be made, as and when necessary, all repairs, renewals, and replacements, structural and nonstructural, exterior and interior, foreseen and unforeseen, ordinary and extraordinary, provided, however, that no structural repairs, renewals or replacements shall be made without the Bank's prior written consent.  The Grantor shall not remove, demolish or alter the Property nor commit or suffer waste with respect thereto, nor permit the Property to become deserted or abandoned.  The Grantor covenants and agrees not to take or permit any action with respect to the Property which will in any manner impair the security of this Deed of Trust or the use of the Property as set forth in the Loan Documents.

      3.    **Leases.**  Any or all Leases of all or any part of the Property shall be subject in all respects to the Bank's prior written consent, shall be subordinated to this Deed of Trust and to the Bank's rights and, together with any and all Rents, shall be assigned at the time of execution to the Bank as additional collateral security for the Obligations, all in such form, substance and detail as

- 6 -

is satisfactory to the Bank in its sole discretion.  The Grantor shall not, without the prior written consent of the Bank, (i) further assign or attempt to assign the Leases or any portion of the Rents due and payable or to become due and payable thereunder, (ii) alter, modify, amend or change the terms of any of the Leases or surrender, renew, cancel or terminate the same or do anything whatsoever affecting any guaranty of any of the Leases or consent to any of the foregoing, (iii) accept prepayments of any portion of the Rents for a period of more than one (1) month in advance, (iv) enter into any lease, license or other agreement for occupancy after the date hereof for the Property, or any part thereof, or (v) discount any future accruing Rents.  At the Bank's request, the Grantor shall assign to the Bank, by written instrument satisfactory to the Bank, all Leases of the Property, and all security deposits made by tenants in connection with such Leases.  On assignment to the Bank of any such Lease, the Bank shall succeed to all rights and powers of the Grantor with respect to such Lease, and the Bank, in its sole and absolute discretion, shall have the right to modify, extend, or terminate such Lease and to execute other further leases with respect to the Property that is the subject of such assigned lease.

    **4.**    **Due on Sale or Encumbrance Clause.**  The Grantor shall not sell, convey or otherwise transfer any interest in the Property (whether voluntarily or by operation of law), or agree to do so, without the Bank's prior written consent, including (a) any sale, conveyance, encumbrance, assignment, or other transfer of (including installment land sale contracts), or the grant of a security interest in, all or any part of the legal or equitable title to the Property, except as otherwise permitted hereunder; (b) any lease of all or any portion of the Property; (c) any sale, conveyance, assignment, or other transfer of, or the grant of a security interest in, any share of stock of the Grantor, if a corporation, or any partnership interest in the Grantor, if a partnership, or any membership interest, if a limited liability entity, except in favor of the Bank; or (d) change or permit to be changed the character or use of the Property, or drill or extract or enter into any lease for the drilling or extracting of oil, gas, or other hydrocarbon substances or any mineral of any kind or character on the Property.  Any default under this section shall cause an immediate acceleration of the Obligations without any demand by the Bank, and the Bank may exercise all rights and remedies in this Deed of Trust.

    **5.**    **Mechanics' Liens.**  Prior to the Grantor performing any construction or other work on or about the Property for which a lien could be filed against the Property, the Grantor shall enter into a written contract ("**Construction Contract**") with the contractor who is to perform such work, or materialman providing materials (each a "**Contractor**"), containing a provision whereby (i) the Contractor shall, at the request of the Grantor or Bank, verify in an affidavit in a form approved by the Bank that all labor and materials furnished by the Contractor, including all applicable taxes, have been paid by the Contractor up to the date of such requested affidavit, (ii) the Contractor shall, upon the request of the Grantor or Bank, at no cost to Bank, post a bond guaranteeing payment for labor and materials provided by all subcontractors, sub-subcontractors and materialmen and subsequently obtain advance lien waivers from such parties in a form acceptable to Bank, (iii) the Contractor agrees to subordinate any lien against the Property, whether obtained under the mechanics' lien laws or otherwise, to the lien, right, title and terms of the Loan Documents and all advances to be made thereunder and to include a similar provision in contracts

- 7 -

with all subcontractors, sub-subcontractors and materialmen with respect to liens obtained by such parties and (iv) the Contractor agrees that foreclosure or a conveyance in lieu of a foreclosure of the liens and security interests securing the Obligations shall be fully and automatically effective to terminate and extinguish all of Contractor's liens and claims of any kind against the Property and to include a similar provision in contracts with all subcontractors, sub-subcontractors and materialmen with respect to liens obtained by such parties. Notwithstanding the foregoing, if mechanics' or other liens shall be filed against the Property purporting to be for labor or material furnished or to be furnished on behalf of the Grantor, or for any other reason relating to the acts or omissions of the Grantor, then the Grantor shall at its expense, cause such lien to be discharged of record by payment, bond or otherwise within fifteen (15) days after the filing thereof. If the Grantor shall fail to cause such lien to be discharged of record within the fifteen (15) day period, the Bank may, in Bank's sole discretion, cause such lien to be discharged by payment, bond or otherwise without investigation as to the validity thereof or as to any offsets or defenses thereto, and the Grantor shall, upon demand, reimburse the Bank for all amounts paid and costs incurred in connection therewith including, without limitation, attorneys' fees and disbursements.

6.    **Insurance**.  The Grantor shall keep the Property continuously insured, in an amount not less than the cost to replace the Property or an amount not less than eighty percent (80%) of the full insurable value of the Property, whichever is greater, covering such risks and in such amounts and with such deductibles as are satisfactory to the Bank and its counsel including insurance against loss or damage by fire, with extended coverage and against other hazards as the Bank may from time to time require.  With respect to any property under construction or reconstruction, the Grantor shall maintain builder's risk insurance. The Grantor shall also maintain comprehensive general public liability insurance, in an amount of not less than One Million Dollars ($1,000,000) per occurrence and Two Million Dollars ($2,000,000) general aggregate per location, which includes contractual liability insurance for the Grantor's obligations under the Leases, and worker's compensation insurance.  All property and builder's risk insurance shall include protection for continuation of income for a period of twelve (12) months, in the event of any damage caused by the perils referred to above.  All policies, including policies for any amounts carried in excess of the required minimum and policies not specifically required by the Bank, shall be with an insurance company or companies satisfactory to the Bank, shall be in form satisfactory to the Bank, shall meet all coinsurance requirements of the Bank, shall be maintained in full force and effect, shall be assigned to the Bank, with premiums prepaid, as collateral security for payment of the Obligations, shall be endorsed with a standard mortgagee clause in favor of the Bank and shall provide for at least thirty (30) days' notice of cancellation to the Bank.  Such insurance shall also name the Bank as an additional insured under the comprehensive general public liability policy and the Grantor shall also deliver to the Bank a copy of the replacement cost coverage endorsement. If the Property is located in an area which has been identified by any governmental agency, authority or body as a flood hazard area, then the Grantor shall maintain a flood insurance policy covering the Property in an amount equal to the lesser of (a) the original amount of the Obligations or (b) the maximum limit of coverage available under the federal program; provided, however, the Bank may require greater amounts in its sole discretion.

318764850.2

7. **Rights of Bank to Insurance Proceeds.** In the event of loss, the Bank shall have the exclusive right to adjust, collect and compromise all insurance claims, and the Grantor shall not adjust, collect or compromise any claims under said policies without the Bank's prior written consent. Each insurer is hereby authorized and directed to make payment under said policies, including return of unearned premiums, directly to the Bank instead of to the Grantor and the Bank jointly, and the Grantor appoints the Bank as the Grantor's attorney-in-fact, which appointment is irrevocable and coupled with an interest, to endorse any draft therefor. All insurance proceeds may, at the Bank's sole option, be applied to all or any part of the Obligations and in any order (notwithstanding that such Obligations may not then otherwise be due and payable) or to the repair and restoration of any of the Property under such terms and conditions as the Bank may impose.

8. **Installments for Insurance, Taxes and Other Charges.** Upon the Bank's request, the Grantor shall pay to the Bank monthly, an amount equal to one-twelfth (1/12) of the annual premiums for the insurance policies referred to hereinabove and the annual Impositions and any other item which at any time may be or become a lien upon the Property (the "**Escrow Charges**"). The amounts so paid shall be used in payment of the Escrow Charges so long as no Event of Default shall have occurred. No amount so paid to the Bank shall be deemed to be trust funds, nor shall any sums paid bear interest. The Bank shall have no obligation to pay any insurance premium or Imposition if at any time the funds being held by the Bank for such premium or Imposition are insufficient to make such payments. If, at any time, the funds being held by the Bank for any insurance premium or Imposition are exhausted, or if the Bank determines, in its sole discretion, that such funds will be insufficient to pay in full any insurance premium or Imposition when due, the Grantor shall promptly pay to the Bank, upon demand, an amount which the Bank shall estimate as sufficient to make up the deficiency. Upon the occurrence of an Event of Default, the Bank shall have the right, at its election, to apply any amount so held against the Obligations due and payable in such order as the Bank may deem fit, and the Grantor hereby grants to the Bank a lien upon and security interest in such amounts for such purpose.

9. **Condemnation.** The Grantor, immediately upon obtaining knowledge of any potential or threatened condemnation or taking, or upon the institution of any proceedings for the condemnation or taking, by eminent domain of any of the Property, shall notify the Bank of such threat or the pendency of such proceedings. The Bank may participate in any related negotiations or proceedings and the Grantor shall deliver to the Bank all instruments requested by it to permit such participation. Any award or compensation for property taken or for damage to property not taken, whether as a result of condemnation proceedings or negotiations in lieu thereof, is hereby assigned to and shall be received and collected directly by the Bank, and any award or compensation shall be applied, at the Bank's option, to any part of the Obligations and in any order (notwithstanding that any of such Obligations may not then be due and payable) or to the repair and restoration of any of the Property under such terms and conditions as the Bank may impose.

10. **Environmental Matters.**

- 9 -

(a)    For purposes of this Section 10, the term "**Environmental Laws**" shall mean all federal, state and local laws, regulations and orders, whether now or in the future enacted or issued, pertaining to the protection of land, water, air, health, safety or the environment. The term "**Regulated Substances**" shall mean all substances regulated by Environmental Laws, or which are known or considered to be harmful to the health or safety of persons, or the presence of which may require investigation, notification or remediation under the Environmental Laws. The term "**Contamination**" shall mean the discharge, release, emission, disposal or escape of any Regulated Substances into the environment.

(b)    The Grantor represents and warrants (i) that no Contamination is present at, on or under the Property and that no Contamination is being or has been emitted onto any surrounding property; (ii) all operations and activities on the Property have been and are being conducted in accordance with all Environmental Laws, and the Grantor has all permits and licenses required under the Environmental Laws; (iii) no underground or aboveground storage tanks are or have been located on or under the Property; and (iv) no legal or administrative proceeding is pending or threatened relating to any environmental condition, operation or activity on the Property, or any violation or alleged violation of Environmental Laws. These representations and warranties shall be true as of the date hereof, and shall be deemed to be continuing representations and warranties which must remain true, correct and accurate during the entire duration of the term of this Deed of Trust.

(c)    The Grantor shall ensure that, at its sole cost and expense, the Property and the conduct of all operations and activities thereon comply and continue to comply with all Environmental Laws. The Grantor shall notify the Bank promptly and in reasonable detail in the event that the Grantor becomes aware of any violation of any Environmental Laws, the presence or release of any Contamination with respect to the Property, or any governmental or third party claims relating to the environmental condition of the Property or the conduct of operations or activities thereon. The Grantor also agrees not to permit or allow the presence of Regulated Substances on any part of the Property, except for those Regulated Substances (i) which are used in the ordinary course of the Grantor's business, but only to the extent they are in all cases used in a manner which complies with all Environmental Laws; and (ii) those Regulated Substances which are naturally occurring on the Property. The Grantor agrees not to cause, allow or permit the presence of any Contamination on the Property.

(d)    The Trustee and the Bank shall not be liable for, and the Grantor shall indemnify, defend and hold the Trustee and the Bank and the Indemnified Parties (as hereinafter defined) and all of their respective successors and assigns harmless from and against all losses, costs, liabilities, damages, fines, claims, penalties and expenses (including reasonable attorneys', consultants' and contractors' fees, costs incurred in the investigation, defense and settlement of claims, as well as costs incurred in connection with the investigation, remediation or monitoring of any Regulated Substances or Contamination) that the Trustee and the Bank or any Indemnified Party may suffer or incur (including as holder of the Deed of Trust, as mortgagee in possession or as successor in interest to the Grantor as owner of the Property by virtue of a power of sale,

- 10 -

foreclosure or acceptance of a deed in lieu of foreclosure) as a result of or in connection with (i) any Environmental Laws (including the assertion that any lien existing or arising pursuant to any Environmental Laws takes priority over the lien of the Deed of Trust); (ii) the breach of any representation, warranty, covenant or undertaking by the Grantor in this Section 10; (iii) the presence on or the migration of any Contamination or Regulated Substances on, under or through the Property; or (iv) any litigation or claim by the government or by any third party in connection with the environmental condition of the Property or the presence or migration of any Regulated Substances or Contamination on, under, to or from the Property.

(e)    Upon the Bank's request, the Grantor shall execute and deliver an Environmental Indemnity Agreement satisfactory in form and substance to the Bank, to more fully reflect the Grantor's representations, warranties, covenants and indemnities with respect to the Environmental Laws.

(f)    Environmental Remedies.

(i)    Bank may sue for breach of Grantor's covenants, representations, warranties, and/or indemnities set forth in this Deed of Trust, in any separate environmental indemnity or other agreement relating to environmental matters, pursuant to California Code of Civil Procedure Section 736, and may seek the recovery of any and all costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses actually incurred by Bank (collectively the "**Environmental Costs**") or advanced by Bank for the cleanup, remediation, or other response action required by law, or which Bank believes necessary to protect the Property, it being conclusively presumed between Bank and Grantor that all such Environmental Costs incurred or advanced by Bank relating to the cleanup, remediation, or other response action of or to the Property were made by Bank in good faith.

(ii)    In the event that any portion of the Property is determined to be "environmentally impaired" (as defined in California Code of Civil Procedure Section 726.5(e)(3)) or to be an "affected parcel" (as defined in California Code of Civil Procedure Section 726.5(e)(1)), then, without otherwise limiting or in any way affecting Bank's or Trustee's rights and remedies under this Deed of Trust, Bank may elect to exercise its right under California Code of Civil Procedure Section 726.5(a) to: (A) waive its lien on such environmentally impaired or affected portion of the Property; and (B) exercise: (1) the rights and remedies of an unsecured creditor, including reduction of its claim against Grantor to judgment; and (2) any other rights and remedies permitted by law. For purposes of determining Bank's right to proceed as an unsecured creditor under California Code of Civil Procedure Section 726.5(a), Grantor shall be deemed to have willfully permitted or acquiesced in a release or threatened release of hazardous materials, within the meaning of California Code of Civil Procedure Section 726.5(d)(1), if the release or threatened release of hazardous materials was knowingly or negligently caused or contributed to by any lessee, occupant, or user of any portion of the Property and Grantor knew or should have known of the activity by such lessee, occupant, or user which caused or contributed to the release or

- 11 -

threatened release. All Environmental Costs and costs and expenses, including, but not limited to, attorneys' fees, incurred by Bank in connection with any action commenced under this Section, including any action pursuant to California Code of Civil Procedure Section 736 or California Code of Civil Procedure Section 726.5(b), plus interest thereon at the Default Rate until paid, shall be added to the Obligations secured by this Deed of Trust and shall be due and payable to Bank upon its demand.

    (iii) Grantor acknowledges and agrees that notwithstanding any term or provision contained herein or in the other Loan Documents, all Environmental Costs incurred pursuant to this Deed of Trust and all judgments and awards entered against Grantor in respect of or pertaining to the provisions of this Section, shall be exceptions to any nonrecourse or exculpatory provision of the Loan Documents, whether specifically set forth in the Loan Documents or provided by statute, and Grantor shall be fully and personally liable for all such Environmental Costs and for all such judgments and awards entered against Grantor thereunder, and such liability shall not be limited to the original principal amount of the Obligations. Grantor's obligations with respect to such Environmental Costs and judgments and awards shall survive a foreclosure, deed in lieu of foreclosure, release, reconveyance, or any other transfer of the Property or this Deed of Trust.

    **11.** **Inspection of Property.** The Trustee and the Bank or their agents shall have the right to enter the Property at any reasonable hour for the purpose of inspecting the order, condition and repair of the buildings and improvements erected thereon, as well as the conduct of operations and activities on the Property. The Trustee and the Bank may enter the Property (and cause the Bank's employees, agents and consultants to enter the Property), upon prior written notice to the Grantor, to conduct any and all environmental testing deemed appropriate by the Bank in its sole discretion. The environmental testing shall be accomplished by whatever means the Bank may deem appropriate, including the taking of soil samples and the installation of ground water monitoring wells or other intrusive environmental tests. The Grantor shall provide the Trustee and the Bank (and the Bank's employees, agents and consultants) reasonable rights of access to the Property as well as such information about the Property and the past or present conduct of operations and activities thereon as the Trustee or the Bank shall reasonably request.

    **12.** **Events of Default.** The occurrence of any one or more of the following events shall constitute an "**Event of Default**" hereunder: (a) any Event of Default (as such term is defined in any of the Loan Documents); (b) any termination event under the Master Agreement; (c) any default under any of the Obligations that does not have a defined set of "Events of Default" and the lapse of any notice or cure period provided in such Obligations with respect to such default; (d) demand by the Bank under any of the Obligations that have a demand feature; (e) the Grantor's failure to perform any of its obligations under this Deed of Trust or under any Environmental Indemnity Agreement executed and delivered pursuant to Section 10(e); (f) falsity, inaccuracy or material breach by the Grantor of any written warranty, representation or statement made or furnished to the Bank by or on behalf of the Grantor; (g) an uninsured material loss, theft, damage, or destruction to any of the Property, or the entry of any judgment against the Grantor or any lien

- 12 -

against or the making of any levy, seizure or attachment of or on the Property; (h) the Bank's failure to have a lien on the Property with the priority required under Section 1; (i) any indication or evidence received by the Bank that the Grantor may have directly or indirectly been engaged in any type of activity which, in the Bank's discretion, might result in the forfeiture of any property of the Grantor to any governmental entity, federal, state or local; (j) foreclosure proceedings are instituted against the Property upon any other lien or claim, whether alleged to be superior or junior to the lien of this Deed of Trust; or (k) the Grantor's failure to pay any Impositions as required under Section 2(b), or to maintain in full force and effect any insurance required under Section 6.

13. **Remedies.** If an Event of Default occurs, the Bank may, acting alone or together with or through the Trustee or any agents or attorneys at the Bank's option and without demand, notice or delay, do one or more of the following:

(a) <u>Acceleration.</u> The Bank may declare that all sums payable under the Loan Documents are immediately due and payable in full, whereupon all such sums shall be immediately due and payable in full regardless of any installment payment provisions, maturity date, or other terms and conditions of any Loan Document.

(b) <u>Enter, Manage, Control.</u> The Bank may enter upon the Land and Improvements, exclude the Grantor, and anyone claiming by, through or under Grantor, from the Land and Improvements, exercise all rights and powers of the Grantor with respect to the Property, and/or collect all Rents or other income thereof.

(c) <u>Sell Pursuant to Power of Sale.</u> The Bank may instruct the Trustee to sell the Property at such time and place, after such notice, and in accordance with such procedures as may be required or permitted by applicable law. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Trustee shall deliver to the purchaser a Trustee's deed conveying the Property so sold without any covenant or warranty, express or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. The Grantor hereby authorizes and empowers the Trustee to sell the Property as aforesaid. This POWER OF SALE shall not be exhausted in the event any proceeding is dismissed before all Obligations are satisfied in full.

(d) <u>Other Proceedings.</u> The Bank may proceed by suit or suits at law or in equity or by any other appropriate remedy to protect and enforce the rights of the Trustee and the Bank, whether for the specific performance of any covenant or agreement contained in the Loan Documents, or in aid of the execution of any power therein granted, or to foreclose this Deed of Trust, or to sell the Property under the judgment or decree of a court or courts of competent jurisdiction, or otherwise.

(e) <u>Appointment of Receiver.</u> Except as otherwise required by applicable law, the Bank may, as a matter of right, without notice to the Grantor, without regard to the adequacy of the security and whether incidental to a proposed sale of the Property or otherwise, seek the

- 13 -

immediate APPOINTMENT OF A RECEIVER of the Property and of the Rents and Leases, with all such powers as the court making such appointment shall confer, and the earnings, revenues, rents, issues and profits and other income thereof or therefrom are hereby assigned to the Trustee as additional security under this Deed of Trust.

(f)     Exercise Rights as Secured Party.  The Bank may exercise all of the rights and remedies of a secured party under the UCC and any similar California law, including but not limited to California Commercial Code Sections 9102(a)(40) and 9502(c).  By exercising any of Bank's rights or remedies under the California Commercial Code, Grantor acknowledges and agrees that Bank shall not be deemed to have exercised any equitable right of setoff, foreclosed any statutory banker's lien, initiated or prosecuted any "action" to enforce the rights and obligations secured by this Deed of Trust, or the Loan Documents, as the term "action" is used in California Code of Civil Procedure Section 726, or to have violated the "security first" principle of California Code of Civil Procedure Section 726. Accordingly, the exercise of any or all of Bank's rights and remedies under the California Commercial Code shall not in any way prejudice or affect Bank's right to initiate and complete a judicial or non-judicial foreclosure under this Deed of Trust.  This Deed of Trust evidences the consensual granting of a personal property security interest in any personal property as permitted by the California Commercial Code. The parties do not intend that the exercise by Bank of any of its rights or remedies hereunder shall have any different consequences under California Code of Civil Procedure Section 726 than the exercise of rights or remedies under any other security agreement under which a secured party has been granted a security interest in other types of personal property.  The Grantor waives any notice of disposition of any personal property, provided to the extent any such notice is required and cannot be waived, the Grantor agrees that such notice shall be deemed reasonable and shall fully satisfy any requirement for notice if such notice is mailed, postage prepaid, to Grantor at least five (5) days before the time of disposition.

**14.**     **Bank May Bid.**  Upon any sale made by virtue of this Deed of Trust, the Bank may bid for and acquire the Property or any part thereof, and may make settlement for the purchase price by crediting to the Obligations the net sales price after deducting therefrom the Bank's Expenses (as hereinafter defined), together with interest at the default rate provided in the Note (the "**Default Rate**"), and any other sums which Bank is authorized to deduct under this Deed of Trust and applicable law.

**15.**     **Expenses.**  The performance of each and every obligation on the Grantor's part under the Loan Documents shall be at the sole expense of the Grantor, and neither the Bank nor the Trustee shall have any obligation for any such expenses.  In addition to any other amounts required to be paid by the Grantor under the Loan Documents or with respect to the Property, the Grantor shall pay the following (collectively called the "**Expenses**"): (a) all filing, registration and recording costs and fees and all federal, state, county and municipal stamp taxes and other taxes, duties, imposts, assessments and charges in connection with the recordation or filing of any Loan Documents or related instruments, and any documents in connection with any foreclosure, deed in lieu of foreclosure or other dispositions of the Property following an Event of Default; (b)

- 14 -

all fees, costs and expenses incident to any foreclosure, deed in lieu of foreclosure or other disposition of the Property pursuant to exercise by the Bank and/or the Trustee of their rights and remedies upon any Event of Default, including but not limited to, in case of foreclosure, fees for same charged by the Trustee as provided by applicable law; (c) all costs and expenses in connection with the development, construction, management, operation, maintenance, repair and replacement of the Property; and (d) all other costs and expenses included as part of the Obligations (as defined above). All Expenses paid or incurred by the Bank or the Trustee shall be reimbursed by the Grantor to the Bank on demand (provided no such demand shall be required if an Event of Default has occurred), shall bear interest at the Default Rate from the date of demand (or the date an Event of Default occurs if no demand has been made) until paid, and shall, together with such interest, constitute part of the Obligations.

16.    **Application of Proceeds.**  Trustee shall apply the proceeds of any sale made by virtue of this Deed of Trust in the following order: (a) to all reasonable costs and expenses of the sale, including but not limited to reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

17.    **Bank's Right to Protect Security.**  The Bank is hereby authorized to do any one or more of the following, irrespective of whether an Event of Default has occurred: (a) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Trustee or the Bank hereunder; (b) purchase such insurance policies covering the Property as the Bank may elect if the Grantor fails to maintain the insurance coverage required hereunder; and (c) take such action as the Bank may determine to pay, perform or comply with any Impositions or Legal Requirements, to cure any Events of Default and to protect its security in the Property. Any amounts expended by Bank pursuant to this Section, with interest thereon at the Note rate, shall become additional indebtedness of Grantor secured by this Deed of Trust. Unless Grantor and Bank agree to other terms of payment, such amounts shall be payable upon notice from Bank to Grantor requesting payment thereof. Nothing contained in this Section shall require Bank to incur any expense or take any action hereunder.

18.    **Appointment of Bank as Attorney-in-Fact.**  The Bank, or any of its officers, is hereby irrevocably appointed attorney-in-fact for the Grantor (without requiring any of them to act as such), such appointment being coupled with an interest, to do any or all of the following: (a) collect the Rents after the occurrence of an Event of Default; (b) settle for, collect and receive any awards payable under Section 9 from the authorities making the same; and (c) execute, deliver and file, at Grantor's sole cost and expense such instruments as the Bank may require in order to perfect, protect and maintain its liens and security interests on any portion of the Property.

19.    **Certain Waivers.**  To the fullest extent permitted by law, the Grantor hereby waives (a) any appointment, valuation, stay, extension or redemption laws now or hereafter in force which could prevent or hinder the enforcement or foreclosure of the lien of this Deed of Trust, or the absolute sale of the Property, or the final or absolute putting into possession thereof,

- 15 -

immediately after such sale, of the purchaser thereof, (b) any claim against the Bank or the Trustee for any entry on the Land or Improvements, and (c) any and all right to have the estates comprised in the security created hereby marshalled upon any foreclosure of the lien of this Deed of Trust and agrees that the Trustee, or any court having jurisdiction to foreclose such lien, may sell the Property as an entirety or in such one or more parcels as they may deem appropriate. Grantor's waiver as set forth herein is intended to include, but not be limited to, Grantor's wavier of any rights or defenses which Grantor might otherwise be entitled to as a guarantor pursuant to Sections 580a, 580b, 580d, 580e or 726 (including any fair value limitations under §726 of that Code) of the California Code of Civil Procedure, and all benefits of California Code of Civil Procedure Section 431.70 and any right that Grantor may have to offset any portion of the Obligations by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Grantor may have against Bank. Grantor waives the right to assert any statute of limitations as a defense to the Loan Documents and the Obligations secured by this Deed of Trust, to the fullest extent permitted by law.

A. Grantor, by execution of this Deed of Trust, represents to the Bank that the relationship between Grantor and Borrower is such that Grantor has access to all relevant facts and information on the Obligations and on Borrower, and that the Bank can rely on Grantor's having such access. Grantor waives and agrees not to assert any duty of the Bank to disclose to Grantor any facts that it may now know or later learn about Borrower, regardless of whether the Bank has reason to believe that any such facts materially increase the risk beyond that which Grantor intends to assume, has reason to believe that such facts are unknown to Grantor, or has a reasonable opportunity to communicate such facts to Grantor. Grantor is fully responsible for being and keeping informed of Borrower's financial condition and all circumstances bearing on the risk of nonpayment of any Obligation secured by this Deed of Trust.

B. Grantor waives all rights and defenses that Grantor may have because Borrower's debt is secured by real property. This means, among other things, that (a) the Bank may collect from Grantor without first foreclosing on any real or personal property collateral pledged by Borrower; and (b) if the Bank forecloses on any real property collateral pledged by Borrower, then (i) the amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price, and (ii) the Bank may collect from Grantor even if the Bank, by foreclosing on the real property collateral, has destroyed any right Grantor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Grantor may have because Borrower's debt is secured by real property. These rights and defenses include any rights or defenses based on California Code of Civil Procedure §580a, §580b, §580d, or §726.

C. On a default under the Obligations, or any part of it, the Bank may elect to foreclose nonjudicially or judicially against any real or personal property security it holds for the Obligations or any part of it, or exercise any other remedy. No such action by the Bank shall release or limit the liability of Grantor, even if the effect of that action is to deprive

- 16 -

Grantor of the right to collect reimbursement from Borrower or any other person for any sums paid to the Bank, or to obtain reimbursement by means of any security held by the Bank for the Obligations, or to impair any subrogation right Grantor may have.

D. Grantor waives demand, protest, and notice of any kind, including, without limiting the generality of the foregoing, notice of the existence, creation, or incurring of new or additional indebtedness, or of any action or nonaction by Borrower, the Bank, any endorser, any creditor of Borrower or Grantor under this or any other instrument, or any other person whatsoever, in connection with any Obligations or evidence of Obligations held by the Bank as collateral or in connection with any Obligations secured by this Deed of Trust.

E. With or without notice to Grantor, the Bank may, in its sole and absolute discretion, at any time and from time to time, in such manner and on such terms as it considers best: (a) apply any and all payments or recoveries from Borrower, from Grantor, from any trustor or endorser, or realized from any security, in such manner, order, and priority as the Bank elects, to any Obligation of Borrower to the Bank whether or not such Obligation is secured by this Deed of Trust or is otherwise secured or is due at the time of such application; and (b) refund to Borrower any payment received by the Bank on any Obligation secured by this Deed of Trust, and payment of the amount refunded shall be fully secured by this Deed of Trust.

F. No exercise or nonexercise by the Bank of any right hereby or otherwise given it, no dealing by the Bank with Borrower or any other person, and no change, impairment, or suspension of any right or remedy of the Bank, shall in any way affect any obligation of Grantor under this Deed of Trust or give Grantor any recourse against the Bank.

G. Without limiting the foregoing, Grantor waives and agrees not to assert or take advantage of:

    a. Any right to require the Bank to proceed against Borrower or any other person or any security now or later held by the Bank or to pursue any other remedy whatsoever, including any such right or any other right set forth in California Civil Code §2845 or §2850;

    b. Any defense based on any legal disability of Borrower or any other person, or any discharge or limitation of the liability of Borrower or any other person to the Bank, or any restraint or stay applicable to actions against Borrower or any other person, whether such disability, discharge, limitation, restraint, or stay is consensual, or by order of a court or other governmental authority, or arising by operation of law or any liquidation, reorganization, receivership, bankruptcy, insolvency, debtor-relief proceeding, or from any other use;

    c. Presentment, demand, protest, setoffs, counterclaims, and notice of any kind;

    d. Any defense based on the modification, renewal, extension, or other alteration of the Obligations;

- 17 -

e. Any defense based on The Bank's negligence, including the failure to record an interest under the Deed of Trust, the failure to protect any security interest, or the failure to file a claim in any bankruptcy of Borrower, Grantor, or of any other person;

f. Any defense based on a statute of limitations to the fullest extent permitted by law and any defense based on the Bank's delay in enforcing the Deed of Trust;

g. All rights of subrogation, reimbursement, indemnity, contribution, any other rights that may become available to Grantor under California Civil Code §§2787–2856, inclusive, all rights to enforce any remedy that the Bank may have against Borrower or any other person, and all rights to participate in any security held by the Bank for the Obligations, including any such right or any other right set forth in California Civil Code §1845, §2848, or §2849, until the Obligations have been performed in full, and any defense based on the impairment of any subrogation rights that Grantor may have;

h. Any defense based on or arising from any defense that Borrower may have to the performance of any part of the Obligations;

i. Any defense to recovery by the Bank of a deficiency after a nonjudicial sale of real or personal property, any defense based on the unavailability to the Bank of recovery of a deficiency judgment after nonjudicial sale of real or personal property, or based on or arising from Division 9 or any other applicable division of the California Commercial Code;

j. Any defense based on the death, incapacity, lack of authority, or termination of existence or revocation by any person(s) or entity(ies), or the substitution of any party to this Deed of Trust;

k. Any defense based on or related to Grantor's lack of knowledge of Borrower's financial condition;

l. Any defense based on California Civil Code §2809; and

m. Any defense or right based on the acceptance by the Bank or an affiliate of the Bank of a deed in lieu of foreclosure, without extinguishing the debt, even if such acceptance destroys, alters, or otherwise impairs subrogation rights of Grantor, or the right of Grantor to proceed against Borrower for reimbursement, or both.

**20.   Rights of Bank, Trustee Cumulative.**  Each right, power and remedy of the Bank or the Trustee provided in the Loan Documents shall be in addition to every other right, power or remedy, and the exercise or beginning of the exercise by the Bank or the Trustee of any one or more of such rights, powers or remedies shall not preclude the simultaneous or later exercise by the Bank or the Trustee of any or all such other rights, powers or remedies.

- 18 -

318764850.2

21. **Trustee's Liability; Powers.** Except as otherwise required by applicable law, the Trustee shall not be obligated to perform any act required of the Trustee hereunder unless requested by the Bank in writing and the Trustee is indemnified against all loss, cost, liability and expense. The Trustee shall be protected in acting upon any document believed by the Trustee to be genuine and shall not have any liability hereunder except for willful misconduct or gross negligence. The Trustee may at any time consult with counsel, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or not taken by the Trustee in accordance with such opinion of counsel. The Trustee shall be vested with all powers of trustees under deeds of trust covering real property in the State of California. On the Bank's written request reciting that all sums secured hereby have been paid, surrender of the Note and this Deed of Trust to Trustee for cancellation and retention by Trustee, and payment by Borrower of any reconveyance fees customarily charged by Trustee, Trustee shall reconvey, without warranty, the Property then held by Trustee under this Deed of Trust. The recitals in such reconveyance of any matters of fact shall be conclusive proof of their truthfulness. The grantee in such reconveyance may be described as "the person or persons legally entitled to the Property." Such request and reconveyance shall operate as a reassignment of the Rents assigned to the Bank in this Deed of Trust.

22. **Substitution of Trustee.** The Trustee shall be deemed to have accepted this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. From time to time, by substitution in comportment with then applicable law, the Bank may appoint another trustee or trustees to act in the place and stead of the Trustee or any successor to the Trustee. A writing executed and acknowledged by Bank, and containing the name of the original beneficiary (Bank), Trustee and Grantor, the book and page where this instrument is recorded (or, if applicable, the recorder's document number), and the name and address of the successor Trustee, and recorded pursuant to the provisions of this section shall be conclusive proof of the proper substitution of a new trustee. The successor Trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. Any Trustee may resign by sending a written resignation to the Bank.

23. **Notices.** All notices, demands, requests, consents, approvals and other communications required or permitted hereunder ("Notices") must be in writing and will be effective upon receipt. Except as otherwise required by applicable law, notices may be given in any manner to which the parties may separately agree, including electronic mail. Except as otherwise required by applicable law, and without limiting the foregoing, first-class mail, facsimile transmission and commercial courier service are hereby agreed to as acceptable methods for giving Notices. Regardless of the manner in which provided, Notices may be sent to a party's address as set forth above or to such other address as any party may supply in writing to the other for such purpose in accordance with this section. Grantor hereby requests that copies of the notice of default and notice of sale be sent to Grantor at the Property Address.

24. **Further Acts.** If required by the Bank, the Grantor will execute all documentation necessary for the Bank to obtain and maintain perfection of its liens and security interests in the

- 19 -

Property.  The Grantor will, at the cost of the Grantor, and without expense to the Bank, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, assignments, notices of assignment, transfers and assurances as the Bank shall, from time to time, require for the better assuring, conveying, assigning, transferring or confirming unto the Bank the property and rights hereby conveyed, or which Grantor may be or may hereafter become bound to convey or assign to the Bank, or for carrying out the intent of or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust.  The Grantor grants to the Bank an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to the Bank under this Deed of Trust or the other Loan Documents, at law or in equity, including the rights and remedies described in this section.

26. **25.    Changes in the Laws Regarding Taxation.**  If any law is enacted or adopted or amended after the date of this Deed of Trust which deducts the Obligations from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Grantor or the Bank's interest in the Property, the Grantor will pay such tax, with interest and penalties thereon, if any.  If the Bank determines that the payment of such tax or interest and penalties by the Grantor would be unlawful or taxable to the Bank or unenforceable or provide the basis for a defense of usury, then the Bank shall have the option, by written notice of not less than ninety (90) days, to declare the entire Obligations immediately due and payable.

**26.    Recording Taxes; Documentary Stamps.**  If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to this Deed of Trust or the other Loan Documents, or impose any recording or other tax or charge on the same, the Grantor will pay for the same, with interest and penalties thereon, if any.

**27.    Preservation of Rights.**  No delay or omission on the part of the Bank or the Trustee to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power, nor will the Bank's action or inaction impair any such right or power.  The Bank's and Trustee's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which they may have under other agreements, at law or in equity.  The Bank and the Trustee may exercise any one or more of its rights and remedies without regard to the adequacy of its security.

**28.    Illegality.**  If any provision contained in this Deed of Trust should be invalid, illegal or unenforceable in any respect, it shall not affect or impair the validity, legality and enforceability of the remaining provisions of this Deed of Trust.

**29.    Changes in Writing.**  No modification, amendment or waiver of, or consent to any departure by the Grantor from, any provision of this Deed of Trust will be effective unless made in a writing signed by the Bank, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given.  No notice to or demand on the Grantor will

- 20 -

318764850.2

entitle the Grantor to any other or further notice or demand in the same, similar or other circumstance.

      **30.**    **Entire Agreement.**  This Deed of Trust (including the documents and instruments referred to herein) constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

      **31.**    **Survival; Successors and Assigns.**  This Deed of Trust will be binding upon and inure to the benefit of the Grantor, the Trustee and the Bank and their respective heirs, executors, administrators, successors and assigns; provided, however, that the Grantor may not assign this Deed of Trust in whole or in part without the Bank's prior written consent and the Bank at any time may assign this Deed of Trust in whole or in part; and provided, further, that the rights and benefits under the sections entitled "Environmental Matters", "Inspection of Property" and "Indemnity" shall also inure to the benefit of any persons or entities who acquire title or ownership of the Property from or through the Bank or through action of the Bank (including a foreclosure, sheriff's or judicial sale).  The provisions of the sections entitled "Environmental Matters", "Inspection of Property" and "Indemnity" shall survive the termination, satisfaction or release of this Deed of Trust, the foreclosure of this Deed of Trust or the delivery of a deed in lieu of foreclosure.

      **32.**    **Interpretation.**  In this Deed of Trust, unless the Bank and the Grantor otherwise agree in writing, the singular includes the plural and the plural the singular; words importing any gender include the other genders; references to statutes are to be construed as including all statutory provisions consolidating, amending or replacing the statute referred to; the word "or" shall be deemed to include "and/or", the words "including", "includes" and "include" shall be deemed to be followed by the words "without limitation"; references to articles, sections (or subdivisions of sections) or exhibits are to those of this Deed of Trust; and references to agreements and other contractual instruments shall be deemed to include all subsequent amendments and other modifications to such instruments, but only to the extent such amendments and other modifications are not prohibited by the terms of this Deed of Trust.  Section headings in this Deed of Trust are included for convenience of reference only and shall not constitute a part of this Deed of Trust for any other purpose.  If this Deed of Trust is executed by more than one party as Grantor, the obligations of such persons or entities will be joint and several.

      **33.**    **Indemnity.**  The Grantor agrees to indemnify each of the Trustee, the Bank, each legal entity, if any, who controls, is controlled by or is under common control with the Trustee and the Bank and each of their respective directors, officers, employees and agents (the "**Indemnified Parties**"), and to defend and hold each Indemnified Party harmless from and against, any and all claims, damages, losses, liabilities and expenses (including all fees and charges of internal or external counsel with whom any Indemnified Party may consult and all expenses of litigation and preparation therefor) which any Indemnified Party may incur, or which may be asserted against any Indemnified Party by any person, entity or governmental authority (including any person or entity claiming derivatively on behalf of the Grantor), in connection with or arising out of or

relating to the matters referred to in this Deed of Trust or in the other Loan Documents, whether (a) arising from or incurred in connection with any breach of a representation, warranty or covenant by the Grantor, or (b) arising out of or resulting from any suit, action, claim, proceeding or governmental investigation, pending or threatened, whether based on statute, regulation or order, or tort, or contract or otherwise, before any court or governmental authority, whether incurred in connection with litigation, mediation, arbitration, other alternative dispute processes, administrative proceedings and bankruptcy proceedings, and any and all appeals from any of the foregoing; provided, however, that the foregoing indemnity agreement shall not apply to any claims, damages, losses, liabilities and expenses solely attributable to an Indemnified Party's gross negligence or willful misconduct. The indemnity agreement contained in this section shall survive the termination of this Deed of Trust, payment of any Obligations and assignment of any rights hereunder. The Grantor may participate at its expense in the defense of any such action or claim.

34. **Governing Law and Jurisdiction.** This Deed of Trust has been delivered to and accepted by the Bank and will be deemed to be made in the State where the Bank's office indicated above is located. THIS DEED OF TRUST WILL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF THE PARTIES HERETO DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE WHERE THE BANK'S OFFICE INDICATED ABOVE IS LOCATED, EXCLUDING ITS CONFLICT OF LAWS RULES, EXCEPT THAT THE LAWS OF THE STATE WHERE THE APPLICABLE PROPERTY IS LOCATED (IF DIFFERENT FROM THE STATE WHERE SUCH OFFICE OF THE BANK IS LOCATED) SHALL GOVERN THE CREATION, PERFECTION, ENFORCEMENT AND FORECLOSURE OF THE LIENS CREATED HEREUNDER ON THE APPLICABLE PROPERTY OR ANY INTEREST THEREIN. The Grantor hereby irrevocably consents to the exclusive jurisdiction of any state or federal court for the county or judicial district where the Bank's office indicated above is located; and consents that all service of process be sent by nationally recognized overnight courier service directed to the Grantor at the Grantor's address set forth herein and service so made will be deemed to be completed on the business day after deposit with such courier; provided that nothing contained in this Deed of Trust will prevent the Bank from bringing any action, enforcing any award or judgment or exercising any rights against the Grantor individually, against any security or against any property of the Grantor within any other county, state or other foreign or domestic jurisdiction. The Bank and the Grantor agree that the venue provided above is the most convenient forum for both the Bank and the Grantor. The Grantor waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Deed of Trust.

35. **Bank, Trustee Have No Liability.** Neither the Bank nor the Trustee shall have any liability whatsoever to the Grantor or any other person for the performance or non-performance by the Grantor under any lease, contract, permit, lien or other agreement or obligation of the Grantor with respect to the Property. No approval, waiver or other action or inaction by the Bank or the Trustee with respect to any such matter shall render the Bank or the Trustee liable in any way to the Grantor or any other person.

36. **Authorization to Obtain Credit Reports.** By signing below, each Grantor who is an individual provides written authorization to the Bank or its designee (and any assignee or

- 22 -

potential assignee hereof) authorizing review of the Grantor's personal credit profile from one or more national credit bureaus. Such authorization shall extend to obtaining a credit profile in considering the Obligations and/or this Deed of Trust and subsequently for the purposes of update, renewal or extension of such credit or additional credit and for reviewing or collecting the resulting account.

37. **Change in Name or Locations.** The Grantor hereby agrees that if the location of any of the Improvements changes from the Land, or if the Grantor changes its name, its type of organization, its state of organization (if Grantor is a registered organization), its principal residence (if Grantor is an individual), its chief executive office (if Grantor is a general partnership or non-registered organization) or establishes a name in which it may do business that is not the current name of the Grantor, the Grantor will immediately notify the Bank in writing of the additions or changes.

38. **Fixture Filing.** The filing or recording of this Deed of Trust is intended to and will constitute a financing statement filed as a fixture filing under California Commercial Code Sections 9102(a)(40) and 9502(c) with respect to that portion of the Property which is or is to become fixtures and/or equipment which has become so related to the Land that an interest in them arises under real property law. The "Secured Party" is Bank and the "Debtor" is Grantor. The name, type of organization, jurisdiction of organization, and mailing addresses of the Secured Party and of the Debtor are set out in the first paragraph of this Deed of Trust. The land to which the fixtures and equipment are related is the Land, and Grantor is the record owner of the Land. Grantor agrees that Bank may file this Deed of Trust, or a copy of it, in the real estate records or other appropriate index or in the Office of the Secretary of State of the State of California and such other states as the Bank may elect, as a financing statement for any of the items specified above as comprising the subject portion of the Property.

39. **Assignment of Rents.** This Section entitled "Assignment of Rents" shall be fully operative and effective to create a present security interest in existing and future Rents under California Civil Code Section 2938 without any further action on the part of Grantor or Bank and Bank shall be entitled, at its option, to all Rents whether or not Bank takes possession of the Property. Grantor hereby further grants to Bank the right to: (i) enter and take possession of the Property for the purpose of collecting the Rents; (ii) dispossess by the usual summary proceedings any tenant defaulting in the payment of Rents to Bank; (iii) rent the Property or any part thereof; and (iv) apply the Rents, after payment of all necessary charges and expenses (including attorneys' fees and costs), to the Obligations. After the occurrence of an Event of Default, Bank shall have the rights set forth in California Civil Code Section 2938 without notice to or demand upon Grantor, and without regard to the adequacy of the security for the Obligations. Bank shall immediately and automatically be entitled to receive, collect, and possess all Rents in accordance with California Civil Code Section 2938. Any entering upon and taking and maintaining of control of the Property or the Rents by Bank or the receiver and any application of Rents as provided herein shall not: (i) constitute Bank as a "mortgagee in possession" unless affirmatively elected by Bank in writing; (ii) make Bank an agent of Borrower; (iii) constitute an action, render the

- 23 -

Obligations unenforceable, violate California Code of Civil Procedure Section 726, or otherwise limit any rights available to Bank with respect to its security; or (iv) be deemed to create any bar to a deficiency judgment on the Obligations. Bank shall not be liable to Grantor, anyone claiming under or through Grantor, or anyone having an interest in the Property by reason of anything done or left undone by Bank hereunder, except as may be due to gross negligence or intentional acts of Bank, its employees, or agents. Neither Bank's application nor Bank's failure to apply the Rents in accordance with the terms hereof shall result in a loss of any lien or security interest which Bank may have in the Property, render the Obligations unenforceable, constitute a violation of California Code of Civil Procedure Section 726, or otherwise limit any right available to Bank with respect to its security. During an Event of Default, any and all Rents collected or received by the Grantor shall be accepted and held for the Bank in trust and shall not be commingled with the Grantor's funds and property, but shall be promptly paid over to the Bank.

     **40.**   **Non-Obligor Grantor.** The following person(s) are referred to in this numbered section as a "Non-Obligor Grantor": any Grantor who co-signs this Deed of Trust, but who is not also (i) borrowing from the Bank, or (ii) from time to time providing a separate guaranty to the Bank, as set forth in the WHEREAS clauses above. Any undersigned who is a Non-Obligor Grantor agrees that Bank and any other Grantor or Borrower (or any of them) (for purposes of this numbered section, hereinafter "Obligor") hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Obligations, without Non-Obligor Grantor's consent and without releasing Non-Obligor Grantor or modifying this Deed of Trust as to Non-Obligor Grantor's interest in the Property.

     (a)    Non-Obligor Grantor authorizes Bank to perform any of the following acts at any time, without notice to Non-Obligor Grantor and without affecting Bank's rights or Non-Obligor Grantor's obligations under this Deed of Trust: (i) alter any terms of the Obligations or any part of same, including renewing, compromising, extending or accelerating, or otherwise changing the time for payment of, or increasing or decreasing the rate of interest on, the Obligations or any part thereof; (ii) take and hold security for the Obligations, accept additional or substituted security for the Obligations, and subordinate, exchange, enforce, waive, release, compromise, fail to perfect, sell or otherwise dispose of any such security; (iii) apply any security now or later held for the Obligations in any order that Bank in its sole discretion may choose, and may direct the order and manner of any sale of all or any part of it and bid at any such sale; (iv) release any Obligor of their liability(ies) for the Obligations or any part of same; (v) substitute, add or release any one or more guarantors or endorsers of the Obligations; and (vi) extend other credit to any Obligor and take and hold security for the credit so extended, whether or not such security also secures the Obligations.

     (b)    To the greatest extent permitted by applicable law, Non-Obligor Grantor waives all of the following: (i) any right it may have to require Bank to proceed against any Obligor, proceed against or exhaust any security held by any Obligor, or pursue any other remedy in Bank's power to pursue, including any such right or any other right set forth in California Civil Code §2845 or §2850; (ii) any defense based on any legal disability of Obligor, any discharge or

- 24 -

limitation of the liability of Obligor to Bank, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Non-Obligor Grantor's obligations exceed or are more burdensome than those of Obligor; (iii) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of acceptance of this Deed of Trust and of the existence, creation, or incurring of new or additional indebtedness of Obligor, and demands and notices of every kind; (iv) any defense based on or arising out of any defense that Obligor may have to the payment or performance of the Obligations or any part of them; (v) any rights or defenses that are or may become available to Non-Obligor Grantor by reason of Sections 2787 to 2856, inclusive, of the California Civil Code, all rights to enforce any remedy that the Bank may have against Borrower or any other person, and all rights to participate in any security held by the Bank for the Obligations, including any such right or any other right set forth in California Civil Code §1845, §2848, or §2849, until the Obligations have been performed in full, and any defense based on the impairment of any subrogation rights that Grantor may have; (vi) until the Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the U.S. Code) or any successor statute, all rights to enforce any remedy that the Bank may have against Obligor, and all rights to participate in any security now or later to be held by Bank for the Obligations; (vii) any right or defense it may have at law or equity, including California Code of Civil Procedure Section 580a, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered; (viii) all rights and defenses that Non-Obligor Grantor may have because the Obligations may be secured by real property other than the Property hereby encumbered, and Non-Obligor hereby further affirms that (A) Bank may collect from Non-Obligor Grantor (including enforcing this Deed of Trust against Non-Obligor Grantor) without first foreclosing on any other real or personal property collateral securing the Obligations; and (B) if Bank forecloses on any real property collateral securing the Obligations: (1) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price, and (B) Bank may collect from Non-Obligor Grantor (including enforcing this Deed of Trust against Non-Obligor Grantor) even if Bank, by foreclosing on the real property collateral, has destroyed any right Non-Obligor Grantor may have to collect from Obligor. This is an unconditional and irrevocable waiver of any rights and defenses Non-Obligor Grantor may have because the Obligations may be secured by real property other than the Property hereby encumbered. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.

(c)     Non-Obligor Grantor assumes full responsibility for keeping informed of Obligor's financial condition and business operations and all other circumstances affecting Obligor's ability to pay and perform its obligations to Bank, and agrees that Bank shall have no duty to disclose to Non-Obligor Grantor any information which Bank may receive about Obligor's financial condition, business operations, or any other circumstances bearing on its ability to perform.

- 25 -

318764850.2

41.    **<u>Commercial Use Only</u>.** Grantor and Borrower (or any of them) shall use the Loan funds and all proceeds of the Obligations for business or commercial investment purposes only and shall not use such funds or proceeds for personal, family, or household purposes.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

318764850.2

**42.    WAIVER OF JURY TRIAL.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE GRANTOR IRREVOCABLY WAIVES ANY AND ALL RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS DEED OF TRUST, ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS DEED OF TRUST OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS.    THE GRANTOR ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.**

**43.    JUDICIAL REFERENCE.  TO THE EXTENT A PREDISPUTE WAIVER OF THE RIGHT TO TRIAL BY JURY IS NOT ENFORCEABLE UNDER APPLICABLE LAW, ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS ARISING OUT OF OR RELATING TO THIS DEED OF TRUST AND OTHER LOAN DOCUMENTS OR TRANSACTIONS CONTEMPLATED THEREBY, INCLUDING, WITHOUT LIMITATION, THE MAKING, PERFORMANCE, OR INTERPRETATION OF THIS DEED OF TRUST OR OTHER LOAN DOCUMENTS, SHALL BE HEARD BY A REFEREE AND RESOLVED BY JUDICIAL REFERENCE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §638. THE REFEREE SHALL BE AN ATTORNEY LICENSED TO PRACTICE LAW IN THE STATE OF CALIFORNIA AND EXPERIENCED AND QUALIFIED IN REAL ESTATE MATTERS OF THE TYPE CONTEMPLATED BY THIS DEED OF TRUST AND OTHER LOAN DOCUMENTS OR A RETIRED CALIFORNIA SUPERIOR OR APPELLATE COURT JUDGE.    THE PARTIES SHALL NOT SEEK TO APPOINT A REFEREE THAT MAY BE DISQUALIFIED PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §641 or §641.2 WITHOUT THE PRIOR WRITTEN CONSENT OF ALL PARTIES.  IF THE PARTIES ARE UNABLE TO AGREE UPON A REFEREE WITHIN TEN (10) CALENDAR DAYS AFTER ONE PARTY SERVES A WRITTEN NOTICE OF INTENT FOR JUDICIAL REFERENCE ON THE OTHER PARTY OR PARTIES, THEN THE REFEREE WILL BE SELECTED BY THE COURT IN ACCORDANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE §640(b). ANY DECISION OF THE REFEREE SHALL BE ENTERED AS A JUDGMENT IN THE COURT IN ACCORDANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE §§644 and 645.**

**The Grantor acknowledges that it has read and understood all the provisions of this Deed of Trust, including the waiver of jury trial and judicial reference, and has been advised by counsel as necessary or appropriate.**

**WITNESS** the due execution hereof as a document under seal, as of the date first written above, with the intent to be legally bound hereby.

- 27 -

318764850.2

**GRANTOR(S):**

**MOWBRAY WATERMAN PROPERTY, LLC, a California limited liability company**

By: _Robin E Mowbray_

Print Name: _Robin E. Mowbray_
Title: _Owner_

Robin E. Mowbray

See Attached
Notarial Certificate

- 28 -

ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _San Bernardino_

On _9 July 2024_ (date) before me, _Gina Gomez, Notary Public_

(insert name and title of the officer)

personally appeared _Robin E. Mowbray_,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

GINA GOMEZ
Notary Public - California
San Bernardino County
Commission # 2337994
My Comm. Expires Nov 21, 2024

- 29 -

**EXHIBIT A**

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1, as shown on the map entitled "Parcel Map of Carson Family Trust, Subdivision No. 05-786", which map was filed for record December 8, 2006, in Book 197 of Parcel Maps, Page 20, Sacramento County records

APN: 066-0010-032-0000