Ahren A. Tiller, Esq. [SBN 250608]
BLC LAW CENTER, APC
1230 Columbia St., Suite 1100
San Diego, CA 92101
Telephone No. (619) 894-8831
Facsimile No. (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Creditors / Movants
JAIME RODRIGUEZ, and
ANA LIDIA GOMEZ

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation<br><br>Debtor and<br>Debtor-in-Possession, | BK Case No.: 8:24-bk-12674-TA<br><br>Chapter 11<br><br>**MOVANTS' REPLY TO BANK OF THE SIERRA'S OPPOSITION TO MOTION TO SUBSTANTIVELY CONSOLIDATE PINO TREE SERVICES, INC., MOWBRAY WATERMAN PROPERTY, LLC, AND PHOENIX TRAFFIC MANAGEMENT WITH THE DEBTOR'S BANKRUPTCY CASE**<br><br>Date:   March 5, 2025<br>Time:   10:00am<br>Location: 411 West Fourth St. Ctrm 5B<br>              Santa Ana, CA 92701<br><br>Hon. Theodor C. Albert |

Creditors, JAIME RODRIGUEZ and ANA LIDIA GOMEZ (collectively referred to as "Movants") file the following Reply to Bank of the Sierra's ("Sierra Bank")'s Opposition (ECF No. 310) to the Movants' Motion to Substantively Consolidate Pino Tree Service, Inc. ("PTS"), Mowbray Waterman Property, LLC ("MWP), and Phoenix Traffic Management ("PTM") with the Debtor in this Bankruptcy Case ("Motion"), as follows:

-1-

# REPLY

## I.

## INTRODUCTION

Sierra Bank's Opposition to Movants' Motion makes contradictory statements about its alleged reliance when making its Loan. These statements, however, are immaterial to whether MWP should be consolidated into Debtor's bankruptcy case. Sierra Bank's Opposition provides nothing more than a two-sentence conclusory statement alleging an unexplained harm if MWP were brought into Debtor's bankruptcy case. In reality, Sierra Bank holds a purchase money deed of trust on real estate that has a very large equity cushion, far beyond the loan amount and nothing about that would change if MWP were consolidated into the Debtor's Bankruptcy Case. Furthermore, even if Sierra Bank's unexplained "harm" by having MWP brought into bankruptcy were true – they are still rendered moot by MWP filing its own Chapter 11 case in this District three hour prior to Sierra Bank's Opposition being filed.

## II.

## ARGUMENT

In its Opposition, Sierra Bank asserts that Movants' Motion should be denied because when Sierra Bank made its Loan to MWP, it "at all times treated MWP as separate and distinct from any and all other persons and entities" (Oppos., ECF 310, 2:13-14). It also asserts that Sierra Bank "…relied on the value of the Mill St. Property that was being given as collateral" (Oppos., ECF 310, 2:20-21), and then goes on to summarily conclude that… "it would harm Sierra Bank to have its collateral included in the Debtor's bankruptcy estate" (Oppos. ECF 310, 4:3-6), without ever actually explaining *what* that alleged harm to Sierra Bank would be.

Sierra Bank's loan for $2.9 million is secured by a deed of trust to the property commonly known as 686 Mill St. San Bernardino, CA 92408 ("Mill St."). The Sierra Bank loan was issued in July of 2020 as part of the purchase of the Mill St. property by MWP. The Sierra Bank Loan is the sole (and therefore senior) secured loan on the Mill St. property (Ex. 8, pp. 48), and in July of 2020 when MWP purchased the Mill St. Property, MWP paid $4,600,000.00 as the purchase price (Ex. 8, pp. 48). As such, Sierra Bank's loan has an equity cushion above its lien of at least $1.6 million. Thus, as a threshold matter, Sierra Bank is entirely unharmed by MWP being consolidated into the Debtor's bankruptcy case, as

-2-

1 MWP would retain its purchase money security in the Mill St. property, and it has a significant equity
2 cushion well above the loan amount.

3 Further, the Mill St. Property is leased to the County of San Bernardino (the "County") pursuant
4 to a Lease Agreement between the County and the prior owners of the Mill St. Property. "The term of
5 lease with the County expired and the County continues to occupy the premises on a month-to-month
6 basis at the rate of $35,124 per month. MWP pays approximately $15,153 to Sierra Bank per month."
7 (ECF No. 316 - Decl. Sainos at 6, ¶ 22.). Therefore, there is substantial rental revenue, which assures the
8 loan payments will remain current, and is a strong indication that Sierra Bank's equity cushion is well
9 above the purchase price, since a property generating such a large amount of rent, would like be valued
10 above $4.6 Million.

11 Separately, the crux of Sierra Bank's "argument" – *i.e.,* the one conclusory sentence that it would
12 cause Sierra Bank harm to have its collateral included in a bankruptcy estate, is rendered moot by the fact
13 that on February 19, 2025 about three hours prior to when SIERRA BANK filed its opposition, MWP
14 filed its own Chapter 11 bankruptcy case in this same district (See Ex. 1 – CDCA BK Case No.: 6:25-
15 10930). In fact, in it's bankruptcy filing, MWP stated under penalty of perjury on its petition in response
16 to question 11 of the Voluntary Petition "Why is the case filed in this district?" that it was filed in the
17 Central District because "A bankruptcy case concerning debtor's affiliate, general partner, or partnership
18 is pending in this district." Thus, any specious and conclusory "harm" alleged by Sierra Bank, due to
19 MWP being included in a bankruptcy estate has already occurred by virtue of MWP having filed its own
20 related case in this District.

21 Furthermore, while Sierra Bank also asserts in its Opposition that it treated and viewed MWP as
22 a wholly-separate and distinct entity from the Debtor, it also admits that the Debtor is a guarantor to the
23 loan provided to MWP and makes the contradictory assertion that "Indeed, when it made the Loan Sierra
24 Bank specifically relied on the Debtor being a separate and distinct entity that would guaranty payment
25 and performance of the Sierra Bank Loan as set forth in the Corporate Guaranty." (Decl. Loader ECF
26 311, ¶ 3). If Sierra Bank were relying on the Debtor for *payment* of its loan, and on the *collateral* of
27 MWP for securing its loan, then none of that will change by virtue of MWP being consolidated into
28 Debtor's bankruptcy case. Debtor's obligations on the note are already impacted by its own bankruptcy

-3-

filing, and consolidating MWP's bankruptcy case into the Debtor's will have zero impact on Sierra Bank's position as a fully secured purchase money lienholder on the Mill St. property.

As laid out extensively in Movants' Motion as well as the multiple Replies to the Oppositions thereto, however, Movants would be significantly harmed by not consolidating MWP into the Debtor's bankruptcy estate. MWP owns multiple real estate properties aside from the Mill St. property – all of which it obtained solely via use of funds from the Debtor. MWP is only a real estate holding company for the Debtor - not some independent entity with its own reason for business. Denying Movants Motion would place MWP's other real estate holdings (which the Debtor paid for) beyond the reach of the Debtor's creditors and cause significant harm and prejudice to the Movants as well as all Creditors of the Debtor.

### III.

### CONCLUSION

For the foregoing reasons, Sierra Bank identifies no harm that would be caused to it by MWP being consolidated into Debtor's bankruptcy case. It does not identify any harm because there is none. Sierra Bank holds the sole and senior secured lien position on the Mill St. Property, and there is over $1.6 million in equity above the entirety of Sierra Bank's loan to protect its interests. Furthermore, any specious claims that by virtue of MWP being brought into a bankruptcy, Sierra Bank would be harmed are rendered moot by MWP's own Chapter 11 filing 3 hours prior to Sierra Bank's opposition being filed. While there would be zero harm to Sierra Bank by consolidating MWP into the Debtor's Bankruptcy Case, there would be significant harm and prejudice to Movants and the Debtor's other Creditors by preventing them from including the other real estate assets owned by MWP (and paid for by the Debtor) into the Debtor's Bankruptcy Case.

Dated: February 26, 2025,        Submitted by:    */s/ Ahren A. Tiller, Esq.*
　　　　　　　　　　　　　　　　　　　　　　　　　Ahren A. Tiller, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　Bankruptcy Law Center, APC
　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Movants
　　　　　　　　　　　　　　　　　　　　　　　　　JAIME RODRIGUEZ and
　　　　　　　　　　　　　　　　　　　　　　　　　ANA LIDIA GOMEZ

-4-

*In Re The Original Mowbray's Tree Service, Inc.* 8:24-bk-12674-TA
Movants' Reply to Sierra Bank's Opposition to Motion to Consolidate and Appoint a Chapter 11 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1230 Columbia St., Ste. 1100 San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): _____
[x] Reply to Opposition to Motion to Appoint Trustee and for Substantive Consolidation and Declarations of Ahren Tiller and Response to Evidentiary Objections, filed in support of Reply
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/26/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   [x] See attached service list

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/26/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
[x] Hon Theodor C. Albert - via overnight mail
   United States Bankruptcy Court
   411 West Fourth St., Ste. 5085 / Ctrm 5B
   Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/26/2025 | Michaela Brown | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-3.1.PROOF.SERVICE

*In re The Original Mowbray's Tree Service, Inc.*

No.: 8:24-bk-12674-TA

**ATTACHED SERVICE LIST**

- ☑ Robert S Marticello on behalf of Debtor The Original Mowbray's Tree Service, Inc. - rmarticello@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- ☑ Michael Simon on behalf of Debtor The Original Mowbray's Tree Service, Inc. - msimon@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- ☑ Roye Zur on behalf of Creditor Mowbray Waterman Property, LLC - rzur@elkinskalt.com, lwageman@elkinskalt.com; 1648609420@filings.docketbird.com; rzur@ecf.courtdrive.com
- ☑ Roye Zur on behalf of Creditor Phoenix Traffic Management, Inc. - rzur@elkinskalt.com, lwageman@elkinskalt.com; 1648609420@filings.docketbird.com; rzur@ecf.courtdrive.com
- ☑ Jeffrey S Shinbrot on behalf of Interested Party Pino Tree Service Inc.- jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- ☑ Jessica L Giannetta on behalf of Creditor Bank of the Sierra - jessica@giannettaenrico.com, melanie@giannettaenrico.com
- ☑ United States Trustee (SA) - ustpregion16.sa.ecf@usdoj.gov
- ☑ Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA) - queenie.k.ng@usdoj.gov
- ☑ Kenneth J Catanzarite on behalf of Interested Party Ronnie Jordan - kcatanzarite@catanzarite.com
- ☑ Marshall F Goldberg on behalf of Creditor Altec Capital c/o Glass & Goldberg- mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- ☑ Alan Craig Hochheiser on behalf of Creditor AmTrust North America, Inc. on behalf of Southern Insurance Company - ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- ☑ Raffi Khatchadourian on behalf of Interested Party Courtesy NEF - raffi@hemar-rousso.com
- ☑ Valery Loumber on behalf of Creditor Guifen He - valloumlegal@gmail.com
- ☑ Valery Loumber on behalf of Creditor Ping Liu - valloumlegal@gmail.com
- ☑ Michael B Lubic on behalf of Creditor PNC Bank, N.A.- michael.lubic@klgates.com, jonathan.randolph@klgates.com, klgatesbankruptcy@klgates.com
- ☑ James MacLeod on behalf of Creditor John Deere Construction & Forestry Company, c/o The Dunning Law Firm, APC - jmacleod@dunninglaw.com, nancy@dunninglaw.com
- ☑ David W. Meadows on behalf of Creditor Southern California Edison - david@davidwmeadowslaw.com

- ☑ Estela O Pino on behalf of Creditor Pamela Metcalf-Kunellis - epino@epinolaw.com, staff@epinolaw.com; clerk@epinolaw.com
- ☑ Amitkumar Sharma on behalf of Creditor Ally Bank c/o AIS Portfolio Services, LLC- amit.sharma@aisinfo.com
- ☑ Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company, LLC, c/o AIS Portfolio Services, LLC - amit.sharma@aisinfo.com
- ☑ Thomas E Shuck on behalf of Interested Party Courtesy NEF - tshuck@pmcos.com, efilings@pmcos.com
- ☑ Sharon Z. Weiss on behalf of Creditor Bank of America, N.A.- sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- ☑ Mandy Youngblood on behalf of Interested Party Courtesy NEF - csbk@gmfinancial.com