**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   (310) 440-4100
Facsimile:    (310) 691-1943

Counsel for The Original Mowbray's Tree
Service, Inc., Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC.,<br><br>      Debtor and Debtor-In-Possession. | Case No. 8:24-bk-12674-TA<br><br>Chapter 11<br><br>**DEBTOR'S RESPONSE TO PATHWARD, N.A.'S JOINDER IN MOTIONS TO APPOINT CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a), AND TO SUBTANTIVELY CONSOLIDATE PINO TREE SERVICE, INC., MOWBRAY WATERMAN PROPERTY, LLC AND PHOENIX TRAFFIC MANAGEMENT, INC. WITH DEBTOR'S BANKRUPTCY CASE; AND DECLARATION OF ROBERT S. MARTICELLO**<br><br>**<u>Hearing Information:</u>**<br>Date:    March 5, 2025<br>Time:   10:00 a.m.<br>Ctrm:   5B<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

    The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby files this response (the "**Response**") to *Pathward,*

1

*N.A.'s Joinder In Motions to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a), and to Substantively Consolidate Pino Tree Service, Inc., Mowbray Waterman Property, LLC and Phoenix Traffic Management, Inc. With Debtor's Bankruptcy Case* [Docket No. 347] (the "**Joinder**").  In support of the Response, the Debtor submits the attached declaration of Robert S. Marticello.

The Joinder filed by Pathward, N.A. ("**Pathward**"), should be rejected for multiple reasons.

First, Pathward failed to timely file its Joinder.  The deadline to file a response to a motion is 14 days before the hearing on the motion.  *See* L.B.R. 9013-1(f)(1) & (2).  A party opposing a motion has the right to respond to a "written statement in support" within 7 days prior to the hearing on the motion.  *See* L.B.R. 9013-1(g).  This response deadline further evidences the intent that any joinder be filed 14 days before the hearing on the motion.  Here, the deadline for Pathward to join the Motion was February 19, 2025.  However, Pathward filed its Joinder only a few days before the hearing, on February 28, 2025, thereby depriving the Debtor of the week to which it was entitled to respond.

Second, Pathward's Joinder does not merely join in the Motion.  Rather, Pathward raises entirely new and unrelated arguments focusing on the character of Pathward's agreements with the Debtor.

Third, in addition to being procedurally defective, Pathward's joinder is substantively flawed.  Pathward's support of the Motion is premised on the assumption that the Debtor's agreements with Pathward, which the Debtor understands Pathward acquired from Altec Capital Services, LLC ("**Altec**"), are true operating leases.  They are not.  The Debtor's agreements with Pathward are security agreements.  This fact was explained to Pathward in detail and, to date, has gone unrefuted.  The analysis provided by the Debtor to Pathward is attached hereto as **Exhibit 1**.  The "slow walk" alleged by Pathward is, in reality, Pathward's insistence on true lease treatment in the face of the Debtor's analysis to the contrary that Pathward is unable to rebut.  Moreover, as Pathward has been informed, the Debtor is developing proposed plan treatment for

2

Pathward as a part of the Debtor's efforts to develop such for the equipment lenders and lessors for all of the Debtor's approximately *800* financed and leased equipment. Pathward is the equipment lender with respect to only a very small subset of the Debtor's equipment.

Because Pathward's agreements are not true leases, the Debtor is not required to assume or reject the agreements pursuant to 11 U.S.C. § 365 or to make the monthly payments in the amount set forth in the agreements. Pathward's assertion that arrearages have been accumulating is not true, and is neither supported by the law nor the facts of this case. As a secured creditor, Pathward is entitled to adequate protection only if and to the extent it can demonstrate there has been a diminution in value. Moreover, the Debtor has been making payments on account of its financed and leased equipment as permitted by the Debtor's cash collateral budget approved by this Court, *including the equipment that is the subject to Pathward's Joinder*. Pathward is aware of this fact.[1] (*See* Ex. 1.) Pathward has not demonstrated that it is receiving anything less than it is entitled to under the Bankruptcy Code considering the true nature of its agreements.

Fourth, Pathward does not dispute that the Debtor's leasing of otherwise idle equipment to an affiliate benefits this estate and its creditors. Pathward does not dispute that such leases have resulted in meaningful sums paid to the Debtor. Rather, Pathward simply wants the Debtor to pay it more (and to do so without Pathward having to sustain its burden related thereto). Neither a trustee nor substantive consolidation will change the character of Pathward's agreements or entitle Pathward to the payments set forth in its agreements as if such agreements are true leases.

Fifth, as demonstrated by the very arguments made in Pathward's late-filed Joinder, Pathward's reason for joining the Motion is transparent—it hopes to leverage the Debtor into providing it with the true lease treatment to which it is not entitled. The Debtor believes this fact is further evidenced by the communications between respective counsel of the Debtor and Pathward, which can be provided should the Court desire.

---

[1] The payments have been made to Pathward's servicer, Altec. The Debtor has been informed that, effective sometime in January 2025, Pathward is no longer using Altec as its servicer.

1    Sixth, if Pathward's belated Joinder is considered at all, it weighs in favor of denying the Motion. Again, Pathward's position is based on a faulty premise that its agreements with the Debtor constitute true leases, as opposed to secured financing. Pathward has failed to identify any cause for appointing a chapter 11 trustee. Moreover, notably, while Pathward joins in the request for consolidation, nowhere does Pathward state that it viewed the Debtor and any affiliate as a single indistinguishable entity. The inference from this omission should be that Pathward did not view the Debtor and any affiliate as a single entity, which supports denying the Motion.

Respectfully submitted,

DATED: March 3, 2025    **RAINES FELDMAN LITTRELL LLP**

By:    */s/ Robert S. Marticello*
ROBERT S. MARTICELLO
MICHAEL L. SIMON
*Counsel to the Debtor and Debtor-In-Possession*

4

## **DECLARATION OF ROBERT S. MARTICELLO**

I, Robert S. Marticello, declare under penalty of perjury as follows:

1. I am a partner with Raines Feldman Littrell LLP, attorneys of record for The Original Mowbray's Tree Service, Inc. (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Case**").  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the Debtor's response to *Pathward, N.A.'s Joinder In Motions to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a), and to Substantively Consolidate Pino Tree Service, Inc., Mowbray Waterman Property, LLC and Phoenix Traffic Management, Inc. With Debtor's Bankruptcy Case* [Docket No. 347] (the "**Joinder**").

2. Attached hereto as **Exhibit 1** is a true and correct copy of an email I sent Mr. Thomas Shuck, counsel for Pathward, N.A., on January 30, 2025, with the preceding emails in the email chain omitted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of March, 2025, at Newport Beach, California.

*/s/ Robert S. Marticello*
ROBERT S. MARTICELLO

1

# EXHIBIT "1"

| | |
|---|---|
| **From:** | Robert S. Marticello |
| **Sent:** | Thursday, January 30, 2025 11:01 AM |
| **To:** | Thomas E. Shuck |
| **Cc:** | Michael L. Simon |
| **Subject:** | RE: MTS-Pathward Lease Cure and Assumption |

SETTLEMENT COMMUNICATION – FRE 408

Hello Tom,

I have spent some time looking into the issues you have raised and have two points.

First, the Debtor has made payments to Altec, Pathward's servicer, for October through January in accordance with the Debtor's authorized use of cash collateral and the Court-approved budgets. The Debtor has confirmed that the payments made to Altec include payments on account of the equipment you are inquiring about. To the extent that Pathward has not received those payments, then it needs to speak with Altec.

Second, based on my review of the sample Equipment Lease TRAC (the "**Agreement**") between the Debtor and Altec Capital Services, LLC ("**Altec**") that you sent to me and the case law summarized below, the Agreement constitutes a capital lease, and not a true lease. I am providing my analysis below for your review and to aid in our discussions.

The pivotal factor in determining whether a lease is a true lease or a capital lease is "whether the lessee acquires an ownership interest or equity interest in the property. . . ." *See In re Grubbs Const. Co.*, 319 B.R. 698, 719 (Bankr. M.D. Fla. 2005). This factor is one of the factors considered by the Ninth Circuit BAP. *See In re Falk Farms, Inc.*, 88 B.R. 254, 256 (B.A.P. 9th Cir. 1988). In analyzing whether a lessee acquires equity in "leased" equipment, the court in *Grubbs* stated:

> For instance, if the lessee is entitled to any surplus of proceeds after the lessor claims liquidated damages under the agreement, then the agreement recognizes an "equity" in the lessee.
>
> On the other hand, the Leases provide that in the event that there is a deficiency after a repossession and sale, the lessor may recover the deficiency from the lessee. This provision also recognizes the creation of an equity or pecuniary interest in the lessee.

*In re Grubbs Const. Co.*, 319 B.R. 698, 719 (Bankr. M.D. Fla. 2005).

In *Grubbs*, the bankruptcy court interpreted a very similar TRAC agreement. In discussing TRAC leases, and in ultimately finding that the TRAC lease in that case constituted a financing arrangement, the court stated:

> The typical TRAC lease includes termination and default provisions under which the lessee is obligated at termination to return the vehicle to the lessor. At that time, the lessor is required to dispose of the vehicle at wholesale in a commercially reasonable manner. If the amount realized at this sale exceeds the agreed depreciated value, the lessee receives the surplus. If the sale amount is less than the agreed depreciated value, the lessee is liable to the lessor for the deficit.
>
> For example, in *Tillery,* decided under Ohio law, the court considered an open-end lease agreement substantially similar to the TRAC Lease in this case and concluded that "(t)he termination formula recognizes the equity of the 'Lessee,' in the vehicle because he is required to bear the loss or receive the gain from its wholesale disposition."

1

*In re Grubbs Const. Co.*, 319 B.R. at 719 (internal citations omitted).

Here, like the TRAC lease in *Grubbs*, at the end of the Agreement, the Equipment is to be sold by Altec and the proceeds are to be distributed as follows: (1) first, to pay the costs of sale; (2) second, to Altec up to the TRAC Amount (*i.e.*, 20% of the Total Cost), and (3) third, any surplus to the Debtor. (*See* Agreement at § 19.) Moreover, if the sale proceeds do not satisfy the TRAC Amount, then the Debtor is obligated to pay the deficiency. (*See id.*)

The statement below that the agreement has "a FMV purchase option" is not entirely accurate. Further, even if that fact were true, it is not determinative. *See In re Grubbs Const. Co.*, 319 B.R. at 718 ("the inclusion of a fair market value option (and even the total absence of any option at all) does not require a finding that the agreement is a true lease."). While Section 14 of the Agreement states that the Debtor may purchase the Equipment for "the then fair market value of the Equipment[,"] that purchase option is subject to the sale process and disposition of proceeds in Section 19 of the Agreement. (*See* Agreement at § 19.) Thus, the Debtor is not required to pay the fair market value of the Equipment. Rather, the Equipment will be sold and, once Lessor receives the TRAC Amount, any surplus or equity is paid to the Debtor.

Similar to the facts in *Grubbs*, the Debtor must insure the Equipment, and the Debtor is responsible for the payment of taxes associated with the Equipment. (*See* Agreement at § 13, requiring that the Debtor "procure and maintain" at the Debtor's "sole cost and expense" the specified insurance with respect to the Equipment; *see also id.* at § 7, requiring that the Debtor pay "all sales, use, property, excise and other taxes . . . upon the Equipment[.]"); *In re Grubbs Const. Co.*, 319 B.R. 698, 720 (Bankr. M.D. Fla. 2005) (stating that the debtor "bears the risk of any loss[,]" "is obligated to insure the Equipment[,]" and "is responsible for the repayment of all taxes associated with the leased property. . . ."). The Debtor also bears the entire risk of loss under the Agreement. (*See* Agreement at § 12, requiring the Debtor to either replace the Equipment or pay the "Lessor's Loss," which sum equals all rent under the Agreement, plus the TRAC Amount.) Upon any default, the entire Lessor's Loss is accelerated and becomes due and payable. (*See id.* at § 18.)

These facts also satisfy the majority of the factors (all factors based on the terms of the agreement) that are considered by the Ninth Circuit BAP:

| | |
|---|---|
| 1. Whether the lessee is given the option to purchase the equipment, and if so, whether the option price is nominal. | As discussed above, the Debtor is not required to pay the fair market value at the end of the Agreement. Rather, the Equipment is sold, Altec receives the remaining 20% balance (the TRAC Amount), and the Debtor receives any surplus. (*See* Agreement at §§ 14 & 19.) |
| 2. Whether the lessee acquired any equity in the equipment. | Yes. (*See* Agreement at § 19.) |
| 3. Whether the lessee is required to bear the entire risk of loss. | Yes. (*See* Agreement at § 12.) |
| 4. Whether the lessee is required to pay all charges and taxes imposed upon ownership. | Yes. (*See* Agreement at § 7.) |
| 5. Whether there is a provision for acceleration of rent payments. | Yes. (*See* Agreement at § 18.) |

*See In re Falk Farms, Inc.*, 88 B.R. 254, 256 (B.A.P. 9th Cir. 1988).

In the end, the Agreement is designed pay Altec a fixed sum – the Lessor's Loss (all lease payments, plus the TRAC Amount). The Agreement is a capital lease with the Lessor's Loss constituting the purchase price financed. At the end of the Agreement, the remaining balance of the TRAC Amount is owed, is paid through a sale, and any equity is paid to the Debtor. The Agreement is a capital lease. Happy to discuss further once you review.

**Robert S. Marticello  |**  Partner



3200 Park Center Drive, Suite 250 Costa Mesa, CA 92626
main: (310) 440-4100 | direct: (949) 783-7606
e: rmarticello@raineslaw.com | w: www.raineslaw.com

---

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient; unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, and destroy the email, and any and all copies thereof, including any attachment(s), without reading them or saving them in any manner.  Thank you.

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**4675 MacArthur Ct., Suite 1550, Newport Beach, CA 92660.**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S RESPONSE TO PATHWARD, N.A.'S JOINDER IN MOTIONS TO APPOINT CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a), AND TO SUBTANTIVELY CONSOLIDATE PINO TREE SERVICE, INC., MOWBRAY WATERMAN PROPERTY, LLC AND PHOENIX TRAFFIC MANAGEMENT, INC. WITH DEBTOR'S BANKRUPTCY CASE; AND DECLARATION OF ROBERT S. MARTICELLO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **3/3/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **3/3/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **3/3/2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **3/3/2025** | Ja'Nita Fisher | */S/ Ja'Nita Fisher* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - **Kenneth J Catanzarite    kcatanzarite@catanzarite.com**
   - **Jessica L Giannetta    jessica@giannettaenrico.com, melanie@giannettaenrico.com**
   - **Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com**
   - **Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com**
   - **Raffi Khatchadourian    raffi@hemar-rousso.com**
   - **Valery Loumber    valloumlegal@gmail.com**
   - **Michael B Lubic    michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com**
   - **James MacLeod    jmacleod@dunninglaw.com, nancy@dunninglaw.com**
   - **Robert S Marticello    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com**
   - **David W. Meadows    david@davidwmeadowslaw.com**
   - **Queenie K Ng    queenie.k.ng@usdoj.gov**
   - **Estela O Pino    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com**
   - **Donald W Reid    don@donreidlaw.com, 5969661420@filings.docketbird.com**
   - **Amitkumar Sharma    amit.sharma@aisinfo.com**
   - **Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com**
   - **Thomas E Shuck    tshuck@pmcos.com, efilings@pmcos.com**
   - **Michael Simon    msimon@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com**
   - **Ahren A Tiller    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com**
   - **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
   - **Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com**
   - **Mandy Youngblood    csbk@gmfinancial.com**
   - **Roye Zur    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**