**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
4675 MacArthur Ct, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (949) 247-3998

Counsel for The Original Mowbray's Tree Service, Inc., the Debtor and Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No: 8:24-bk-12674-TA |
| THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., | Chapter 11 |
| | **CHAPTER 11 STATUS REPORT** |
| Debtor and Debtor-in-Possession. | **Status Conference (Via Zoom for Government):**<br>Date:  April 24, 2025<br>Time:  10:00 a.m.<br>Ctrm:  5B<br>         411 West Fourth Street<br>         Santa Ana, CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby submits this chapter 11 status report. This status report is intended to update the Court on matters since the prior status conference on March 13, 2025.

*///*

*///*

*///*

1
STATUS REPORT
10507208.1

## I.     GENERAL BACKGROUND

On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary chapter 11 petition.  The Debtor provides vegetation management services that include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**").  Historically, utility companies have been the Debtor's primary clients, including California's largest energy utility, PG&E as well as Southern California Edison.  The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state.  The Debtor also provides services in Florida and North Carolina.

Prior to the Petition Date, the Debtor retained Brian Weiss of Force Ten Partners, LLC, as its Chief Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring process, including this Case.

## II.     THE DEBTOR'S DISCLOSURE STATEMENT AND PLAN

On February 21, 2025, the Court entered an order extending the Debtor's deadline to file a plan and disclosure statement to, and including, March 14, 2025.  (*See* Docket No. 323.)  On March 14, 2025, the Debtor filed its proposed disclosure statement [Docket No. 363] and plan [Docket No. 365] (the "**Plan**").

The Plan is a reorganizing plan that marshals significant value from all estate assets for the benefit of creditors.  Through the Debtor's ongoing operations, the Plan proposes to collectively pay over **$36,000,000** to creditors holding allowed claims.  The Plan pays all allowed secured claims in full.  As provided in the Plan, allowed general unsecured creditors will receive a *pro rata* share of **$15,674,000**, *plus* any net proceeds from recoveries on account of any avoidance actions against insiders and certain other claims vested in a plan trust.

The payments in the Plan include substantial value from affiliates and address claims against the affiliates.  The pre-petition loan owing from Pino Tree Service, Inc. ("**PTS**"), will

2
STATUS REPORT
10507208.1

be paid in full less than one year after the Plan's Effective Date.  The Reorganized Debtor is projected to receive management fees and equipment rent from PTS of nearly $10.8 million per year, *plus* annual distributions. The projected annual distributions from PTS collectively exceed $14.5 million over the term of the Plan.  In addition, the Reorganized Debtor is projected to receive over $700,000 annually from Phoenix Traffic Management, Inc. ("**PTM**"), on account of management fees and equipment rent.  Any avoidance actions or claims of the estate to recover on the pre-petition loan balances owing from PTM and Mowbray Waterman Property, LLC (in excess of the amounts projected to be paid to the Reorganized Debtor) are being vested in the plan trust.

The Debtor has not yet set its disclosure statement for hearing.  The Debtor is engaging in discussions with various parties concerning the Plan and the treatment therein.  In addition, the Debtor wanted to provide the Court-appointed examiner an opportunity to review the Plan's terms

### III.    STATUS OF OPERATIONS

The Debtor continues to operate in accordance with the orders of this Court.  The Court has authorized the use of cash collateral pursuant to six orders. (*See* Docket Nos. 72, 162, 211, 244, 256, and 268.)  The Debtor negotiated consensual cash collateral terms with its primary secured creditor, PNC Bank, N.A ("**PNC**").  Pursuant to a stipulation with PNC that was approved by order entered on January 24, 2025 (the "**Stipulation**"), the Debtor is currently authorized to use cash collateral on the terms of the Stipulation and in accordance with the budget attached to the Court's order as **Exhibit 1** (the "**Current Budget**"). (*See* Docket Nos. 255 and 268.)  The Current Budget ends on April 18, 2025.  On April 8, 2025, the Debtor filed a motion requesting authorization to continue to use cash collateral on the same terms as in the Stipulation pursuant to a new 13-week budget. (*See* Docket No. 394.)

The Debtor's operating cash flow and cash on hand have exceeded the amounts projected in the approved budgets.  As of March 28, 2025, the Debtor's cash on hand was approximately $12,412,652 (up from $4,479,479 as of the Petition Date).  This increase in

cash is attributable to, among other factors, a $4,000,000 principal payment from PTS. This is in addition to other payments from PTS and PTM. The Debtor's cash on hand as of March 28, 2025, exceeded its projected cash on hand as of that date by approximately $2,841,129. From January 24, 2024 through March 28, 2025, the Debtor has exceeded its receipts by $1,262,812 or 25.6% as compared to the Current Budget and its operating expenses were less than budgeted by $657,321 or 11.9%. During the period covered by the Current Budget through March 28, 2025, the Debtor paid $942,156 to PNC, equipment lenders, and equipment lessors collectively, which included principal payments.

### IV. COMPLIANCE WITH STATUTORY REQUIREMENTS

The Debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107. The Debtor's 341(a) meeting on creditors was completed on January 3, 2025. (*See* Docket No. 242.) The Debtor has timely paid quarterly United States Trustee's fees and has filed its monthly operating reports to date. Moreover, as discussed above, the Debtor filed the Disclosure Statement and Plan by the March 14, 2025, deadline.

### V. CLAIMS BAR DATE

The claims bar date has passed. By order entered on December 9, 2024, the Court set a bar date of 60 days following service of the bar date notice as the deadline for the Debtor to serve written notice of the bar date. (*See* Docket No. 206.) On December 23, 2024, the Debtor served written notice of the bar date. (*See* Docket No. 235.) Based on the date of service, the bar date was February 20, 2025. (*See* Docket No. 232.)

### VI. THE EXAMINER'S APPOINTMENT

On February 7, 2025, judgment creditors Jaime Rodriguez and Ana Lidia Gomez filed the *Motion to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a); and a Motion to Substantively Consolidate Pino Tree Services, Inc., Mowbray Waterman Property, LLC, and Phoenix Traffic Management, Inc. With the Debtor's Bankruptcy Case* [Docket No. 286] (the

"**Trustee and Substantive Consolidation Motion**"). On March 14, 2025, the Court entered an order denying the Trustee and Substantive Consolidation, directing the United States Trustee to appoint an examiner, and directing the examiner to file a report within 90 days of the examiner's appointment. (*See* Docket No. 362.) On March 18, 2025, the United States Trustee filed an *Application for Order Approving Appointment of Examiner*. (*See* Docket No. 369.) On March 18, 2025, the Court entered an order approving the United States Trustee's application and appointed Donald T. Fife as the examiner (the "**Examiner**").

Shortly after the Examiner's appointment, he met with the CRO and the Debtor via Zoom and separately at the Debtor's offices in San Bernadino, and the Debtor voluntarily provided an initial batch of documents to the Examiner. On March 25, 2025, the Examiner served a document request on the Debtor. A little over a week later, on April 3, 2025, the Debtor made an initial production to the Examiner in response to his request and the Debtor is currently in the process of assembling additional responsive information. Pursuant to the Court's order, the Examiner's report is due June 16, 2025.

## VII.  CONCLUSION

The Debtor proposes a continued status conference approximately 90 days from the April 24, 2025, status conference.

DATED: April 10, 2025  **RAINES FELDMAN LITTRELL LLP**

By:  */s/ Robert S. Marticello*
ROBERT S. MARTICELLO
MICHAEL L. SIMON
*Counsel for the Debtor and Debtor-In-Possession*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**4675 MacArthur Ct, Suite 1550, Newport Beach, CA 92660.**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **4/10/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) **4/10/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **4/10/2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **4/10/2025** | Ja'Nita Fisher | */s/ Ja'Nita Fisher* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kenneth J Catanzarite    kcatanzarite@catanzarite.com**
- **Jessica L Giannetta    jessica@giannettaenrico.com, melanie@giannettaenrico.com**
- **Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com**
- **Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com**
- **Raffi Khatchadourian    raffi@hemar-rousso.com**
- **Valery Loumber    valloumlegal@gmail.com**
- **Michael B Lubic    michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com**
- **James MacLeod    jmacleod@dunninglaw.com, nancy@dunninglaw.com**
- **Robert S Marticello    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com**
- **David W. Meadows    david@davidwmeadowslaw.com**
- **Karen S. Naylor    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com**
- **Queenie K Ng    queenie.k.ng@usdoj.gov**
- **Estela O Pino    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com**
- **Donald W Reid    don@donreidlaw.com, 5969661420@filings.docketbird.com**
- **Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com**
- **Amitkumar Sharma    amit.sharma@aisinfo.com**
- **Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com**
- **Thomas E Shuck    tshuck@pmcos.com, efilings@pmcos.com**
- **Michael Simon    msimon@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com**
- **Ahren A Tiller    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com**
- **Mandy Youngblood    csbk@gmfinancial.com**
- **Roye Zur    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**