1 | **RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
2 | *rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
3 | *msimon@raineslaw.com*
4675 MacArthur Ct, Suite 1550
4 | Newport Beach, CA 92660
Telephone:   (310) 440-4100
5 | Facsimile:   (949) 247-3998

6 | Counsel for The Original Mowbray's Tree
Service, Inc., Debtor and Debtor-In-Possession
7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 | In re:

12 | THE ORIGINAL MOWBRAY'S TREE
SERVICE, INC.,

13 |                           Debtor and

14 |              Debtor-In-Possession.

| Case No. 8:24-bk-12674-TA

Chapter 11

**MOTION TO APPROVE (I) SETTLEMENT AGREEMENT AND (II) STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF**

[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby files this *Motion to Approve (I) Settlement Agreement and (II) Stipulation for Relief from the Automatic Stay Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**").  In support of the Motion, the Debtor submits the following memorandum of points and authorities and the attached declaration of Brian Weiss.

MOTION

## I.    **INTRODUCTION**

Prior to the petition date, John K. Trotter, Jr., as the then trustee of the PG&E Fire Victim Trust (the "**FVT**"), filed a complaint (the "**Complaint**") against the Debtor and others in a certain action entitled *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.*, San Francisco Superior Court Case No. CGC-21-589438 (the "**Action**").  The Action is part of a coordinated proceeding with various other lawsuits entitled California North Bay Fire Cases, Judicial Council Coordination Proceeding (JCCP) No. 4955 (the "**JCCP**").  The Debtor seeks the Court's approval of the following: (a) the settlement agreement with the FVT attached hereto as **Exhibit 1** (the "**Settlement Agreement**"); and (b) the stipulation for relief from the automatic stay attached hereto as **Exhibit 2** (the "**Stipulation**").

The terms of the Settlement Agreement are fair and equitable.  The Settlement Agreement resolves the Debtor's involvement in the Action.  Under the Settlement Agreement, the Debtor is required to pay the sum of $1,200,000.00, *which will be made solely from insurance*, and the parties are exchanging mutual releases.  The Stipulation provides for relief from the automatic stay for the limited purpose of effectuating the Settlement Agreement, including seeking approval of the Settlement Agreement from the state court in the Action.  Accordingly, the Debtor requests that the Court grant the Motion and approve the Settlement Agreement and the Stipulation.

## II.    **STATEMENT OF FACTS**

### A.    **General Background**

On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 case (the "**Chapter 11 Case**" or "**Case**").  The Debtor is operating as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

Established in 1972 by Gloria and John Mowbray (the "**Founders**"), Mowbray's has been a cornerstone in California for providing vegetation management services for over 50 years. Mowbray's began as a modest venture and has grown into a resilient company, dedicated to

MOTION

safeguarding communities and the environment.  Mowbray's continues to be a family owned and operated business, is a member of WMBE (Women and Minority Business Enterprise), and is committed to providing its client-partners with the safest and most efficient solution to their vegetation management needs.

The services provided by the Debtor include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**"). Tree-trimming around power lines, clearing vegetation to prevent forest fires, removal of debris and charred remains after major wildfires in California, and assisting with damage remediation in response to hurricanes—these are the types of important services that the Debtor provides to the communities in which it serves.  Historically, utility companies have been the Debtor's primary clients.  The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state.  The Debtor also provides services in Florida and North Carolina.

Prior to the Petition Date, the Debtor retained Brian Weiss of Force Ten Partners, LLC as its Chief Restructuring Officer to lead the Debtor through its formal restructuring process, including this Case.

### B.    The Settlement Agreement

On January 28, 2021, John K. Trotter, Jr., as the then trustee of the FVT, filed the Complaint against the Debtor and others to initiate the Action.  The Complaint alleged breach of contract, negligence, and other claims against the Debtor for its purported involvement in multiple wildfires caused by PG&E's power grid.  PG&E asserted that the wildfires were a result of separate failures by the Debtor and other service providers.  PG&E's claims were assigned to the FVT to compensate wildfire victims.  On November 5, 2024, the Debtor filed a *Notice of Stay of Proceedings* in the JCCP, along with a copy of its voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 19, 2025, the FVT filed a proof of claim listing the claim amount as "unliquidated." (Claim No. 149-1.)

MOTION

Prior to the Petition Date, on September 24, 2024, the Debtor and Cathy Yanni, current trustee of the FVT, entered into the Settlement Agreement.  The Settlement Agreement provides, *inter alia*, that the Debtor shall, solely through its insurance carriers, pay or cause to be paid to the FVT the total lump sum of $1,200,000.00 (the "**Settlement Amount**").[1]  The Debtor is informed that certain insurance carriers have agreed to pay the Settlement Amount in full.  (*See* Ex. 1 at ¶ 1.)  The Settlement Agreement is expressly contingent on the entry of an order by the Superior Court in the JCCP determining that the settlement was reached in good faith pursuant to California Code of Civil Procedure section 877.6 (the "**Good Faith Order**").  (*Id.* at ¶ 2.)  The Superior Court in the JCCP has set a deadline of May 16, 2025 for the Debtor to file, in the JCCP, any order from the Court or other document that would allow the Superior Court to hear the motion for a Good Faith Order.

The FVT and the Debtor have also agreed to mutual releases (the "**Mutual Releases**") as specified in the Settlement Agreement.  (*See* Ex. 1 at ¶ 4.)  The Mutual Releases include claims arising from the North Bay Fires and the Action.  (*Id.*)  Both parties reserve the right to pursue claims against other defendants, but the releases apply solely to each other in relation to the matters specified in the Settlement Agreement.

### C.    The Stipulation

The parties negotiated the Stipulation seeking the Court's approval to lift the automatic stay imposed by § 362 with respect to the Action.  The basis for lifting the automatic stay is for the sole and exclusive purpose of allowing the Debtor and the FVT to fully effectuate the Settlement Agreement.  (*See* Ex. 2 at ¶ 1.)  The parties will effectuate the Settlement Agreement by prosecution of the motion for a Good Faith Order before the Superior Court in the JCCP.  Upon the entry of such Good Faith Order, the Debtor will be permitted to cause the remittance of the Settlement Amount to the FVT solely to the extent that the Settlement Amount is payable from, or covered by, the Debtor's applicable insurance policies.  (*Id.*)

---

[1]  In the event of an inconsistency between the Settlement Agreement and the summary in this Motion, the Settlement Agreement shall control.

MOTION

The Stipulation provides that, in the event of non-payment from the Debtor's applicable insurance policies within thirty (30) days after entry of the Good Faith Order, the Mutual Releases set forth in the Settlement Agreement will be ineffective.  (*See* Ex. 2 at ¶ 2.)  The Settlement Agreement will become null and void and of no further effect.  (*Id.*)  In such case, the FVT will be entitled to assert its full quantum of damages and liability against the Debtor *solely* as a proof of claim in the Case (whether the Case remains in chapter 11 or is converted to chapter 7), or, if the Case is dismissed, in all other cases.  (*Id.*)

## III.  <u>LEGAL ARGUMENT</u>

Bankruptcy Rule 9019(a) provides, in part, that a court may approve a compromise per motion by the trustee and after a hearing on notice to the debtor, all creditors, and all interested parties.  The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through litigation, and interests of creditors, and the reasonableness of the compromise.  *In re A & C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986).

In approving a settlement agreement, the court must find that it is fair and equitable and the product of good-faith negotiations.  *See id.*  Generally speaking, the court may defer to the business judgment of the debtor-in-possession or trustee in deciding whether to settle a matter. *See In re Mickey Thompson Entertainment Group, Inc.,* 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003). The court need not conclude that the proposed settlement is the best possible compromise, but only that the settlement is "within the reasonable range of litigation possibilities."  *See In re World Health Alternatives, Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citation omitted).  Similarly, the court need not, and should not conduct a "mini-trial" on the compromised claims but simply determine that disputes related to those claims exist.  *See In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997) ("When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues.  A mini-trial on the merits is not required.");

MOTION

1  *see also In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986) ("[T]he court's

2  assessment does not require resolution of the issues, but only their identification, so that the

3  reasonableness of the settlement may be evaluated.").  It is enough that the court conclude the

4  probability of success is uncertain.  *See, e.g., In re America West Airlines, Inc.,* 214 B.R. 382, 386

5  (Bankr. D. Ariz. 1997).

6        **A.    Approving the Settlement Agreement**

7        The Settlement Agreement between the Debtor and the FVT is in the best interests of the

8  Debtor and the estate.  The Settlement Agreement resolves the Debtor's involvement in the Action

9  at no cost to the estate.  Rather, the Settlement Payment will be paid solely by applicable

10  insurance.  The Settlement Agreement eliminates a potential claim in the Case that would dilute

11  recoveries for other creditors.  The Mutual Releases between the parties ensure that the Debtor is

12  free from additional claims related to the North Bay Fires, the JCCP, and the Action.  Absent the

13  Settlement Agreement, the Debtor expects that the FVT claim would need to be liquidated (either

14  before this Court or the state court where the Action is pending).  Thus, the Settlement Agreement

15  avoids the cost and risks of protracted litigation to determine the merits and amount of the FVT's

16  asserted claim.  Ultimately, the agreement provides certainty and contributes to the Debtor's

17  efforts to maximize the return for its creditors, making it a prudent and beneficial step in the

18  reorganization process.

19        **B.    The Court Should Approve the Stipulation**

20        Federal Rule of Bankruptcy Procedure 4001(d) authorizes the Court to approve a

21  stipulation to modify the automatic stay.  *See* Fed. R. Bankr. P. 4001(d)(1)(A)(iii).  Relief from the

22  automatic stay is appropriate when authorized for "cause."  *See* 11 U.S.C. § 362(d)(1).  Here,

23  cause exists because the Stipulation is being entered into solely to lift the automatic stay for the

24  purpose of implementing the Settlement Agreement.  More specifically, relief from the automatic

25  stay is being granted to allow the Superior Court to issue the Good Faith Order and permit

26  payment of the Settlement Amount.  While, under the Stipulation, if the Settlement Amount is not

27  paid to FVT within 30 days of the entry of the Good Faith Order, then the Mutual Releases are not

28

MOTION

effective and FVT can assert its full quantum of damages and liability against the Debtor by its proof of claim in the Case, the Stipulation reserves the Debtor's right and defenses in response thereto.

**IV.    CONCLUSION**

The Settlement Agreement and the Stipulation are the result of days of negotiation between the Debtor and the FVT and represent a fair and reasonable outcome for all concerned.  For the reasons set forth above, the Debtor believes it is in the best interests of the estate and a proper exercise of its business judgment for the Court to approve the Motion.

Respectfully submitted,

DATED:  April 11, 2025                    **RAINES FELDMAN LITTRELL LLP**


By:    */s/ Robert S. Marticello*
        ROBERT S. MARTICELLO
        MICHAEL L. SIMON
        Counsel to the Debtor and Debtor-In-Possession,
        The Original Mowbray's Tree Service, Inc

### <u>DECLARATION OF BRIAN WEISS</u>

I, Brian Weiss, declare as follows:

1.     I am the Chief Restructuring Officer ("**CRO**") of The Original Mowbray's Tree Service, Inc. ("**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion to Approve (I) Entry into Settlement Agreement and (II) Stipulation for Relief from the Automatic Stay Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**").  Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.     Upon my appointment as CRO, I was informed that the Debtor had been engaged in the Action with the FVT.

3.     The Debtor engaged in settlement discussions with Cathy Yanni that resulted in the Settlement Agreement.  A true and correct copy of the Settlement Agreement is attached as **Exhibit 1** to the Motion.

4.     I believe that the Settlement Agreement represents a fair and equitable compromise. The Settlement Agreement resolves the Debtor's involvement in the Action at no cost to the estate. Rather, the Settlement Payment will be paid solely by applicable insurance.  The Settlement Agreement eliminates a potential claim in the Case that would dilute recoveries for other creditors. The Mutual Releases between the parties ensure that the Debtor is free from additional claims related to the North Bay Fires, the JCCP, and the Action.  Absent the Settlement Agreement, the Debtor could be required to liquidate FTV's asserted claim (either before this Court or the state court where the Action is pending).  Thus, the Settlement Agreement avoids the cost and risks of protracted litigation to determine the merits and amount of the FVT's asserted claim.  Ultimately, the Settlement Agreement provides certainty and contributes to the Debtor's efforts to maximize the return for its creditors, making it a prudent and beneficial step in the reorganization process.

DECLARATION

1       5.      A true and correct copy of the Stipulation is attached as **Exhibit 2** to the Motion.  I

2   believe the Stipulation is appropriate because it lifts the automatic stay for the purpose of

3   implementing the Settlement Agreement, *i.e.*, to allow the Superior Court to issue the Good Faith

4   Order and permit payment of the Settlement Amount.

5       6.      For all of these reasons, I believe that the Settlement Agreement and Stipulation

6   represent a positive outcome for the estate that will inure to the benefit of all of the Debtor's

7   creditors.

8       I declare under penalty of perjury under the laws of the United States of America that the

9   foregoing is true and correct.

10      Executed on this _ 4th day of April, 2025, at ___Irvine_____, California.

11

12                                                              _____
                                                                BRIAN WEISS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION

# EXHIBIT "1"

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of September 24, 2024, by and among the following (collectively, "the Parties," and each, a "Party"):  Cathy Yanni, trustee of the PG&E Fire Victim Trust ("FVT") and The Original Mowbray's Tree Service, Inc. ("Mowbray's").

# RECITALS

This Agreement is entered into on the basis of the following facts:

A.    On January 28, 2021, John K. Trotter, Jr., as the then trustee of the FVT, filed a complaint against Mowbray's and others in that certain action entitled *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.;* San Francisco Superior Court Case No. CGC-21-589438 (the "Action").

B.    The Action was coordinated with various other lawsuits in the coordinated proceeding entitled *California North Bay Fire Cases,* Judicial Council Coordination Proceeding (JCCP) No. 4955 (the "JCCP").

C.    Without admitting any liability or wrongdoing whatsoever, the FVT, on the one hand, and Mowbray's, on the other hand, now wish to settle and resolve all claims between them, whether known or unknown, under the terms and conditions specified herein.

D.    Where referenced herein, the term "the North Bay Fires" refers to all of the wildfire events alleged in the Action and the JCCP, including the fires occurring and/or beginning on or around September 9, 2015, known as the Butte Fire; the fires occurring and/or beginning on or around October 2017, including, but not limited to, the fires known as 37, Adobe, Atlas, Blue, Cascade, Cherokee, Honey, LaPorte, Lobo, Maacama/Youngs, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian/Oakmont, Redwood/Potter Valley, Sulphur, and Tubbs; and the fires occurring and/or beginning on or around November 8, 2018, known as the Camp Fire, inclusive of all of the areas and property burned as a result of these fires and as alleged in the Action.

4881-9502-8968, v. 2                                    Doc ID: e2b76dc3a227c26a364f7bd24211a08cbd60b175

**AGREEMENT**

NOW, THEREFORE, in light of the foregoing Recitals which the Parties agree are incorporated herein as part of this Agreement, and in consideration of the representations, warranties, promises, and releases contained herein, the Parties agree to the following terms and conditions:

1.    SETTLEMENT PAYMENT.   Subject to the terms of this Agreement, Mowbray's shall, through its insurance carriers, pay or cause to be paid the total amount of ONE MILLION, TWO HUNDRED THOUSAND DOLLARS AND ZERO CENTS (US $1,200,000.00) (the "Settlement Payment"). The Settlement Payment shall be made in accordance with the instructions to be provided by the FVT.

2.    TIME FOR PAYMENT; GOOD FAITH SETTLEMENT.   The Parties stipulate and agree that the settlement reflected in this Agreement is a good faith settlement pursuant to California Code of Civil Procedure section 877.6.  The settlement reflected in this Agreement is expressly contingent on a determination by the Court that the settlement was reached in good faith pursuant to Code of Civil Procedure section 877.6.  The Settlement Payment shall be paid by Mowbray's in accordance with the FVT's instructions no later than thirty (30) days after entry of an order by the Superior Court in the JCCP determining the settlement reflected in this Agreement to be a good faith settlement under section 877.6 of the California Code of Civil Procedure (the "Good Faith Order"). Mowbray's shall move for such determination promptly after execution of this Agreement by all Parties, in no event later than October 18, 2024, and shall seek to have this motion heard on the first available hearing date. All of the Parties shall support the good faith settlement determination requested in such motion.

3.    DISMISSAL OF ACTIONS AGAINST MOWBRAY'S.  As a condition of making the Settlement Payment, the FVT shall first deliver or cause to be delivered to counsel of record for Mowbray's an executed Request for Dismissal ("RFD"), with prejudice, as against Mowbray's in the Action.  The executed RFD shall be held in escrow by counsel of record for Mowbray's pending Mowbray's payment of the Settlement Payment.  In the event the Settlement Payment is timely made in full and in accordance with this Agreement, counsel for Mowbray's shall file and serve the RFD within three (3) business days thereafter.

4881-9502-8968, v. 2

Doc ID: e2b76dc3a227c26a364f7bd24211a08cbd60b175

As a condition of making the Settlement Payment, the Parties shall jointly request an order from the court which states that this Agreement resolves any and all claims or possible claims against Mowbray's that arise out of or are in any way connected, directly or indirectly, with the North Bay Fires, and ends Mowbray's involvement in the JCCP. Should any action thereafter be filed against Mowbray's with respect to any claims arising out of the North Bay Fires and that are subject to this Agreement, the FVT will support and cooperate with any motion filed by Mowbray's seeking to dismiss any claims that may be filed after execution of this Agreement, provided that (i) the FVT's obligation to support and cooperate with any such motion shall end once the FVT is fully administered, (ii) nothing in the foregoing shall cause the FVT to be liable to Mowbray's or to owe any money to Mowbray's in connection with its support, and (iii) the FVT will not take a position adverse to any of its constituent beneficiary Fire Victims.

4.    <u>MUTUAL RELEASES</u>

a.    Except with respect to the obligations set forth in this Agreement, effective upon receipt by the FVT of the Settlement Payment in accordance with Section 2 of this Agreement, the FVT releases and forever discharges Mowbray's and each of its current and former attorneys, parents, subsidiaries, affiliated companies, shareholders, members, agents, representatives, insurers including, but not limited to, United Specialty Insurance Company and Swiss Re Corporate Solutions Capacity Insurance Corporation as successor by merger with North American Capacity Insurance Company, employees, officers, directors, partners, and owners, in each case in their capacity as such (collectively, the "Mowbray's Released Parties"), from any and all claims, demands, causes of action, damages, debts, injuries, liabilities, accounts, costs, expenses, and liens, of any kind or nature, whether now known or unknown, fixed or contingent, suspected or unsuspected, which arise out of or are in any way connected, directly or indirectly, with the North Bay Fires, the JCCP, the Action, the allegations contained in the Action, or any allegations that could have been contained therein. For avoidance of doubt, the release set forth in this paragraph operates as a release by the FVT, and, by operation of Pacific Gas and Electric Company and PG&E Corporation's rights having been legally assigned to the FVT, release of the same claims by Pacific Gas and Electric Company, and PG&E Corporation, of any and all actual or potential claims arising out of the North Bay Fires, whether or not

heretofore asserted, against Mowbray's and the Mowbray's Released Parties. Such released claims include without limitation any and all claims against Mowbray's and the Mowbray's Released Parties for full or partial indemnification or contribution, express or implied, and for the expenses incurred in connection with the Action or the JCCP. For further clarity, and notwithstanding any provisions of this Agreement, the FVT is not releasing its claims against any defendants in the Action or the JCCP other than Mowbray's.

b.      Except with respect to the obligations set forth in this Agreement, effective upon payment of the Settlement Payment in accordance with Section 2 of this Agreement, Mowbray's hereby releases and forever discharges the FVT and each of its current and former trustees, attorneys, shareholders, members, agents, representatives, insurers, employees, officers, directors, partners, and owners, from any and all claims, demands, causes of action, damages, debts, injuries, liabilities, accounts, costs, expenses, and liens, of any kind or nature, whether now known or unknown, fixed or contingent, suspected or unsuspected, which arise out of or are in any way connected, directly or indirectly, with the North Bay Fires, the Action, the allegations contained therein, or any allegations that could have been contained therein.

c.      Each of the Parties to this release expressly **waives** the provisions of Section 1542 of the Civil Code of the State of California, and acknowledges that such Party is familiar with and understands that section, which provides as follows:

**A general release does not extend to the claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

In connection with such waiver and the releases in Sections 4.a., 4.b., and 4.c., each Party acknowledges that such Party may hereafter discover facts in addition to or different from those which such Party now knows or believes to be true, but that it is such Party's intention hereby to fully, finally, and forever settle and release all such claims, matters, disputes, and differences, known or unknown, fixed or contingent, suspected or unsuspected, except as specifically set forth in this Agreement.  The releases given herein shall be and remain in effect as full and complete releases notwithstanding the discovery

Doc ID: e2b76dc3a227c26a364f7bd24211a08cbd60b175

or existence of any such additional or different facts.

      d.      Each of the Parties covenants and agrees that such Party will not make, assert, or maintain any claim, demand, action, suit, or proceeding that is released in this Agreement.

      5.      <u>NO ADMISSIONS</u>.

Nothing in this Agreement shall constitute or be construed as an admission by any of the Parties of any wrongdoing or legal liability of any kind.  The terms and conditions of this Agreement constitute a compromise and settlement of disputed claims and an accord and satisfaction of contested matters.

      6.      <u>NOTICES</u>.

Any notice under this Agreement shall be made by both email and by personal delivery or overnight courier, addressed as follows or at any other street address (no post office boxes) as the Parties may later designate in writing:


      <u>To the FVT</u>:

      Cathy Yanni, Trustee of the Fire Victim Trust,
      c/o
      David Molton
      DMolton@brownrudnick.com
      Brown Rudnick LLP
      7 Times Square
      New York, NY 10036

      with a copy to:

      Khaldoun Baghdadi
      kbaghdadi@WalkupLawOffice.com
      Walkup, Melodia, Kelly & Schoenberger
      650 California St, 26th Floor
      San Francisco, CA 94108

      and

      Sean Higgins
      shiggins@andrewsthornton.com
      Andrews & Thornton
      4701 Von Karman Ave., Suite 300
      Newport Beach, CA 92660

To Mowbray's:

Michael I. Kim, Esq.
CKB Vienna LLP
9531 Pittsburgh Avenue
Rancho Cucamonga, CA  91730
mkim@ckbvienna.com

with a copy to:

David M. Levy, Esq.
Jonathan W. Heck, Esq.
Van De Poel, Levy, Thomas LLP
1600 South Main Plaza, Suite 325
Walnut Creek, CA  94596
dlevy@vanlevylaw.com
jheck@vanlevylaw.com

7.      SUCCESSORS AND ASSIGNS.

This Agreement, together with the releases herein contained, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest, and assignees of the respective Parties.

8.      ENTIRE AGREEMENT.

This Agreement contains the entire agreement and understanding concerning the subject matter hereof and supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral, unless otherwise expressly set forth herein. Each of the Parties hereto acknowledges and represents that it has not made, nor has its respective agents or attorneys made, any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the other Party to execute this Agreement, and acknowledges and warrants that it is not executing this Agreement in reliance on any promise, representation, or warranty not contained herein.

9.      AMENDMENTS AND MODIFICATIONS.

This Agreement may not be amended, modified, terminated, or superseded, other than by an instrument in writing, signed by the Party against whom enforcement of the amendment, modification, termination, or supersession is sought.

4881-9502-8968, v. 2

Doc ID: e2b76dc3a227c26a364f7bd24211a08cbd60b175

10.     <u>NO WAIVER</u>.

A waiver by a Party of a breach of any of the terms of this Agreement shall not be construed as a waiver of any subsequent breach of the same or any other term of this Agreement.

11.     <u>GOVERNING LAW; VENUE</u>.

This Agreement is to be governed by, and construed in accordance with, the laws of the State of California. Any action arising out of or relating to this Agreement shall be brought in a state or federal court of competent jurisdiction located in the County of San Francisco, State of California.

12.     <u>ATTORNEYS' FEES</u>.

Each of the Parties shall bear its own attorneys' fees, costs and expenses incurred in connection with the Action and the JCCP, the matters released by this Agreement, and the negotiation, documentation and execution of this Agreement.  In the event any litigation or other proceeding is brought to enforce the terms of this Agreement, or in the event of any litigation or other proceeding involving, arising out of, or in connection with this Agreement, including any litigation or other proceeding in pursuit of claims released under this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees, expenses and costs.

13.     <u>FURTHER DOCUMENTS</u>.

The Parties agree to execute promptly all additional documents necessary to complete and effectuate this Agreement.

14.     <u>DISCLOSURE OF SETTLEMENT OR SETTLEMENT AGREEMENT</u>

The Parties consent to each other disclosing the existence of this Agreement and the amount of the agreed-upon Settlement Payment to the public. Further, the Parties agree that any press release or public statement issued by any of the Parties concerning the Settlement Payment or this Agreement will include a statement that "the claims resolved by the settlement are allegations only and there has been no determination of liability. Mowbray's denies the allegations and denies any liability for the North Bay Fires."

15.     <u>REPRESENTATIONS AND WARRANTIES</u>.

Each of the Parties to this Agreement represents, warrants, and agrees as follows:

a.     This Agreement in all respects has been voluntarily and knowingly executed

by such Party.

b.     Such Party has had an opportunity to seek and has sought legal advice from legal counsel of such Party's choice with respect to the advisability, including tax consequences, of executing this Agreement.

c.     Such Party has made such investigation of the facts pertaining to this Agreement as such Party deems necessary.

d.     The terms of this Agreement are the result of negotiations among the Parties and are entered into in good faith by the Parties in accordance with California law.

e.     This Agreement has been carefully read by such Party and the contents hereof are known and understood by such Party.

f.     Such Party has not heretofore assigned or transferred any matter released by this Agreement or any part or portion thereof to anyone who is not a Party to this Agreement. Such Party agrees to indemnify and hold harmless the opposing Party from any claims resulting from any assignment or transfer by such Party, or asserted by any assignee or transferee from such Party.

g.     Such Party does not believe that any covenant, provision, or term of this Agreement is invalid for any reason.

16.     <u>INTERPRETATION</u>.

This document was mutually negotiated and drafted by the Parties.  No provision of this Agreement shall be interpreted for, or against, a Party because such Party drafted or requested such provision.

17.     <u>HEADINGS</u>.

The headings on paragraphs and subparagraphs of this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.

18.     <u>COUNTERPARTS</u>.

This Agreement may be signed in counterparts, each of which shall be deemed an original for all purposes.  Facsimile and electronic signatures to this Agreement shall for all purposes be deemed originals and shall bind the Parties delivering such signatures via fax or email.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date first set forth above.

Dated: _9/24/2024_

_____
Cathy Yanni, trustee of the PG&E
Fire Victim Trust


Dated: _09 / 25 / 2024_

_____
The Original Mowbray's Tree
Service, Inc.

By: _Richard Mowbray_____
Name: _____
Title: _CEO_____

4881-9502-8968, v. 2

Doc ID: e2b76dc3a227c26a364f7bd24211a08cbd60b175



Audit trail

| | |
|---|---|
| **Title** | Trotter v PG&E |
| **File name** | Settlement_Agreem...FVT_Executed_.pdf |
| **Document ID** | e2b76dc3a227c26a364f7bd24211a08cbd60b175 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **09 / 25 / 2024** 13:36:16 UTC | Sent for signature to Richard Mowbray (richard@mowbrays.com) from info@ckbvienna.com IP: 47.180.128.205 |
| **VIEWED** | **09 / 25 / 2024** 15:07:25 UTC | Viewed by Richard Mowbray (richard@mowbrays.com) IP: 47.176.82.74 |
| **SIGNED** | **09 / 25 / 2024** 15:07:43 UTC | Signed by Richard Mowbray (richard@mowbrays.com) IP: 47.176.82.74 |
| **COMPLETED** | **09 / 25 / 2024** 15:07:43 UTC | The document has been completed. |

# EXHIBIT "2"

1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Seven Times Square
3  New York, New York 10036
   Telephone:     (212) 209-4800
4  Facsimile:     (212) 209-4801

5  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 77438)
6  jmiliband@brownrudnick.com
   Cathrine M. Castaldi (SBN 156089)
7  ccastaldi@brownrudnick.com
   Seventh Floor
8  2211 Michelson Drive
   Irvine, California 92612
9  Telephone:   (949) 752-7100
   Facsimile:   (949) 252-1514
10
   *Attorneys for Trustee of the PG&E Fire Victim*
11 *Trust*

12            **UNITED STATES BANKRUPTCY COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

14

15 | In re                                      | Case No. 8:24-bk-12674-TA
16 | THE ORIGINAL MOWBRAY'S TREE                | Chapter 11
17 | SERVICE, INC., a Delaware corporation,     | **STIPULATION FOR RELIEF FROM THE**
                                                | **AUTOMATIC STAY TO EFFECTUATE**
18 |         Debtor and                         | **SETTLEMENT AGREEMENT**
   |         Debtor-in-Possession               | **BETWEEN DEBTOR AND PG&E FIRE**
19 |                                            | **VICTIM TRUST**

20

21

22

23

24

25

26

27

28

10502673.2

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case ("**Mowbray's**" or the "**Debtor**") and Cathy Yanni, trustee of the PG&E Fire Victim Trust (the "**FVT**"), by and through their counsel, enter into this Stipulation (the "**Stipulation**") and respectfully represent as follows:

<u>**RECITALS**</u>

A.      On January 28, 2021, John K. Trotter, Jr., as the then trustee of the FVT, filed a complaint (the "**Complaint**") against Mowbray's and others in that certain action entitled *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.*; San Francisco Superior Court Case No. CGC-21-589438 (the "**Action**").  A copy of the Complaint is attached hereto as **Exhibit A**.

B.      The Action was coordinated with various other lawsuits in the coordinated proceeding entitled California North Bay Fire Cases, Judicial Council Coordination Proceeding (JCCP) No. 4955 (the "**JCCP**").

C.      On September 24, 2024, Mowbray's and the FVT entered into a settlement agreement (the "**Settlement Agreement**") that provides, *inter alia*, that Mowbray's shall, solely through its insurance carriers, pay or cause to be paid to the FVT the total lump sum of one million two hundred thousand dollars ($1,200,000) (the "**Settlement Amount**") and mutual releases between the FVT and Mowbray's.  Mowbray's is informed that certain insurance carriers have agreed to pay the Settlement Amount in full.  The settlement reflected in the Settlement Agreement is expressly contingent on entry of an order by the Superior Court in the JCCP determining that the settlement was reached in good faith pursuant to Code of Civil Procedure section 877.6 (the "**Good Faith Order**").  A copy of the Settlement Agreement is attached hereto as **Exhibit B**.

10502673.2

D.      On October 18, 2024, Mowbray's commenced the above-captioned case under Chapter 11 of the Bankruptcy Code.

E.      On November 5, 2024, the Debtor filed a *Notice of Stay of Proceedings* in the JCCP, along with a copy of its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

F.      On February 19, 2025, the FVT timely filed a proof of claim in the above-captioned Chapter 11 case.

G.      On March 27, 2025, the Superior Court in the JCCP set a deadline of May 16, 2025 for the Debtor to file, in the JCCP, any order from the Bankruptcy Court or other document that would allow the Superior Court to hear the motion for a Good Faith Order.

H.      The Debtor and the FVT desire to lift the automatic stay imposed by section 362 of the Bankruptcy Code in the Debtor's above-captioned Chapter 11 case so that they may take the necessary steps to fully effectuate the Settlement Agreement, including the prosecution of the motion for a Good Faith Order before the Superior Court in the JCCP and thereafter the remittance of the Settlement Amount to the FVT solely to the extent that the Settlement Amount is payable or covered by the Debtor's insurance policies.

I.      The Debtor and the FVT agree that if the Settlement Amount is not remitted to the FVT in full no later than thirty (30) days after entry of the Good Faith Order as required under the Settlement Agreement, the mutual releases set forth in the Settlement Agreement shall not be effective, and the FVT shall be entitled to assert its full quantum of damages and liability against the Debtor as a proof of claim in the above-captioned bankruptcy case (whether the case remains in Chapter 11 or is converted to Chapter 7), or, in the event the bankruptcy case is dismissed, outside of the bankruptcy case, in all cases subject to any and all rights, arguments, and defenses of the Debtor, which are hereby expressly reserved.

3

10502673.2

## STIPULATION

Based on the foregoing, recitals, the Debtor and the FVT agree as follows:

1.    Upon approval by the Bankruptcy Court of this Stipulation, the automatic stay imposed by section 362 of the Bankruptcy Code in the Debtor's above-captioned chapter 11 case is lifted for the sole and exclusive purposes of allowing the Debtor and the FVT to fully effectuate the Settlement Agreement by prosecution of the motion for a Good Faith Order before the Superior Court in the JCCP and, upon the entry of such Good Faith Order, allowing and permitting the Debtor to cause (if and to the extent it is within its power to do so) the remittance of the Settlement Amount to the FVT solely to the extent that the Settlement Amount is payable from, or covered by, the Debtor's applicable insurance policies.

2.    If the Settlement Amount is not remitted to the FVT in full no later than thirty (30) days after entry of the Good Faith Order as required under the Settlement Agreement, the mutual releases set forth in the Settlement Agreement shall not be effective and the Settlement Agreement shall be null in void and of no further effect, and the FVT shall be entitled to assert its full quantum of damages and liability against the Debtor as a proof of claim in the above-captioned bankruptcy case (whether the case remains in Chapter 11 or is converted to Chapter 7), or, in the event the bankruptcy case is dismissed, outside of the bankruptcy case, in all cases subject to any and all rights, arguments, and defenses of the Debtor, which are hereby expressly reserved.

**IT IS SO STIPULATED.**

4

10502673.2

DATED: April 9, 2025                    BROWN RUDNICK LLP


                                        By:   /s/ Cathrine M. Castaldi
                                              DAVID J. MOLTON
                                              JOEL S. MILIBAND
                                              CATHRINE M. CASTALDI
                                              Attorneys for Trustee of the PG&E Fire Victim
                                              Trust

DATED: April 9, 2025                    RAINES FELDMAN LITTRELL, LLP


                                        By:   /s/ Robert S. Marticello
                                              ROBERT S. MARTICELLO
                                              MICHAEL SIMON
                                              Counsel for The Original Mowbray's Tree
                                              Service, Inc., Debtor and Debtor-in-Possession

5

10502673.2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**4675 MacArthur Ct., Suite 1550, Newport Beach, CA 92660.**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO APPROVE (I) SETTLEMENT AGREEMENT AND (II) STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **4/11/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **4/11/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **4/11/2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **4/11/2025** | Ja'Nita Fisher | */s/ Ja'Nita Fisher* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
- **Kenneth J Catanzarite    kcatanzarite@catanzarite.com**
- **Jessica L Giannetta    jessica@giannettaenrico.com, melanie@giannettaenrico.com**
- **Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com**
- **Alan Craig Hochheiser    ahochheiser@mauricewutscher.com,
  arodriguez@mauricewutscher.com**
- **Raffi Khatchadourian    raffi@hemar-rousso.com**
- **Valery Loumber    valloumlegal@gmail.com**
- **Michael B Lubic    michael.lubic@klgates.com,
  jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com**
- **James MacLeod    jmacleod@dunninglaw.com, nancy@dunninglaw.com**
- **Robert S Marticello    rmarticello@raineslaw.com,
  bclark@raineslaw.com;jfisher@raineslaw.com**
- **David W. Meadows    david@davidwmeadowslaw.com**
- **Karen S. Naylor    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com**
- **Queenie K Ng    queenie.k.ng@usdoj.gov**
- **Estela O Pino    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com**
- **Donald W Reid    don@donreidlaw.com, 5969661420@filings.docketbird.com**
- **Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com**
- **Amitkumar Sharma    amit.sharma@aisinfo.com**
- **Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com,
  sandra@shinbrotfirm.com;tanya@shinbrotfirm.com**
- **Thomas E Shuck    tshuck@pmcos.com, efilings@pmcos.com**
- **Michael Simon    msimon@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com**
- **Ahren A Tiller    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-
  sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-
  sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
- **Sharon Z. Weiss    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-
  7104@ecf.pacerpro.com**
- **Mandy Youngblood    csbk@gmfinancial.com**
- **Roye Zur    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**