Ahren A. Tiller, Esq. [SBN 250608]
BLC LAW CENTER, APC
1230 Columbia St., Suite 1100
San Diego, CA 92101
Telephone No. (619) 894-8831
Facsimile No. (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Creditors / Movants
JAIME RODRIGUEZ, and
ANA LIDIA GOMEZ

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation<br><br>Debtor and<br>Debtor-in-Possession, | BK Case No.: 8:24-bk-12674-SC<br><br>Chapter 11<br><br>**MOVANTS, JAIME RODRIGUEZ AND ANA LIDIA GOMEZ'S REPLY TO MOWBRAY WATERMAN PROPERTY, LLC (MWP) AND PHOENIX TRAFFIC MANAGEMENT, INC. (PTM)'S OPPOSITION TO MOTION TO COMPEL DISCOVERY AND/OR REQUEST MWP ANSWER QUESTIONS AT ITS 341(a) MEETING**<br><br>Date: May 28, 2025<br>Time: 10:00am<br>Location: 411 West Fourth St. Ctrm 5B<br>Santa Ana, CA 92701<br><br>Honorable Scott Clarkson |

Creditors, JAIME RODRIGUEZ and ANA LIDIA GOMEZ (collectively referred to as "Movants") file the following Reply to Mowbray Waterman Property, LLC ("MWP") and Phoenix Traffic Management, Inc. (PTM)'s Opposition (ECF No. 312) to the Movants' Motion to Compel Discovery Responses and Testify at MWP's 341(a) ("Motion"), as follows:

**REPLY**

**I.**

**INTRODUCTION**

In this situation, the Parties were unequivocally granted the right to conduct discovery, pursuant to this Court's Order (See ECF No. 362, ¶ 8), and the Court's Oral Ruling (See ECF No. 386). This Court granted discovery to investigate the facts surrounding the over $12.4 million dollars of "oral loans" provided to PTM and MWP, respectively by the Debtor, and the millions of other transfers to and from Robin Mowbray's wholly owned entities.

Contrary to Respondent's Opposition, the Court did not merely cast aside the allegations in Movants' Motion as baseless. To illustrate the gravity of the interrelated conflicts between Ms. Mowbray's wholly owned entities, prior to Judge Albert's unfortunate passing, he stated at the hearing at minute 47:49 in pertinent part as follows:

> JUDGE ALBERT: ***There is too much smoke for there not to be fire***, and so I need to find out how bad the fire is and whether it requires other remedies. I am not Mr. Tiller going to at this point indulge into the laws most extreme remedies, which is to combine entities which ostensibly are separate. *That could be on the table later, it depends a lot on what the Examiner tells me…*
>
> JUDGE ALBERT: *Discovery is open at this point. I don't want to hear squabbles about what you can and cannot discover, as far as I am concerned the more information I have, the better I like it.*"
>
> (See ECF No. 386 [audio recording of 3/5/2025 hearing] Minutes 47:49 – 50:20).

In this case, the Respondents did not provide a single discovery response, nor put forth a single objection to Movants' discovery, yet rather Respondents merely assert that discovery is not allowed, despite the written order granting discovery, and the clear oral ruling above. Thus, LBR 7026-1(c) simply has no application to the instant dispute. See *In re Metallic Blue Dev. Llc*, No. 2:22-bk-16483-ER, 2023 Bankr. LEXIS 1849, at *6 (Bankr. C.D. Cal. 2023).

Lastly, MWP is claiming discovery is not allowed pursuant to 11 U.S.C. § 362(a), thus MWP cannot have it both ways, because if they wish to seek bankruptcy protection, then they have a duty to answer questions at their 341(a). Therefore, Movants respectfully request MWP to either (a) respond to discovery; or (b) answer questions at its related bankruptcy case's 341(a) meeting of creditors, as MWP and PTM should not be allowed to delay and obstruct any further.

## II.

## ARGUMENT

### A. LOCAL RULE 7026-1(3)(A) DOES NOT APPLY TO THIS DISPUTE

Central District of California Bankruptcy Court Local Rule 7026-1(3) does not apply here, because there were zero discovery responses provided by Respondents – as Respondents are taking the position that no discovery is even allowed. As Judge Robles explained in a similar situation, LBR 7026-1(3) is applicable to circumstances where the Parties have a dispute over the validity of an objection – not whether discovery can be propounded at all.

See *In re Metallic Blue Dev. Llc*, No. 2:22-bk-16483-ER, 2023 Bankr. LEXIS 1849, at *5-6 (Bankr. C.D. Cal. July 25, 2023) ("This argument is also without merit because LBR 7026-1(c)(3) does not apply to the dispute raised by the Debtor. LBR 7026-1(c) is triggered when a party takes the position that a specific discovery request is objectionable. For example, a typical objection triggering the obligation to file the written stipulation mandated by LBR 7026-1(c) would be an assertion that the information requested through discovery was protected by the work-product privilege or the attorney-client privilege. By contrast, the Debtor here asserts only that Movants' 'meet and confer' efforts were inadequate. Significantly, the Debtor does not object to any of the specific categories of discovery set forth in the proposed subpoenas appended to the Application. Under these circumstances, Movants were not required to file a LBR 7026-1(c) stipulation. In fact, the Court has difficulty even envisioning what information an LBR 7026-1(c) stipulation would contain. In sum, LBR 7026-1(c) simply has no application to the instant dispute.").

Here, the Movants sent multiple emails and conducted a discovery conference call with Counsel for Respondents, yet just like in *In Re Metallic,* there were absolutely zero responses, objections, or anything the Parties could have "stipulated to," as the very fact that "discovery is allowed" is in dispute here. Thus, Respondents arguments that the Motion fails to comply with LBR 7026-1(c) should be disregarded, as no further "stipulation" or "meet and confer" efforts would have helped to resolve this dispute, yet rather (according to Respondents) there was nothing to stipulate to, as Respondents assert there was no discovery allowed to be disputed.

**B. DISCOVERY WAS ALLOWED BY THIS COURT**

Contrary to Respondents' Opposition, this Court did not summarily disregard the Movants' Motion for Substantive Consolidation, yet rather granted the Motion in part, via appointing an Examiner, and denied the rest of the relief *without prejudice.* Then, when specifically asked whether the Movants could conduct discovery due to this being a "Contested Matter," the Court very clearly stated: "discovery is open."

One need only listen to the short 3-minute audio recording of the conclusion of oral arguments at the March 5, 2025 hearing on Movants' Motion, whereby at minutes 47:49 to 50:20 Judge Albert stated:

> JUDGE ALBERT: ***There is too much smoke for there not to be fire***, and so I need to find out how bad the fire is and whether it requires other remedies. I am not Mr. Tiller going to at this point indulge into the laws most extreme remedies, which is to combine entities which ostensibly are separate. *That could be on the table later, it depends a lot on what the Examiner tells me*….
>
> MOVANT'S COUNSEL - TILLER: I would ask that we have some limited discovery, and purely because this is a contested matter.
>
> JUDGE ALBERT: *Discovery is open at this point. I don't want to hear squabbles about what you can and cannot discover, as far as I am concerned the more information I have, the better I like it.*"
>
> (See ECF No. 386 [audio recording of 3/5/2025 hearing – Minutes 47:49 – 50:20 [emphasis added]).

This was further memorialized in the written Order itself, which stated on paragraph 8, as follows:

> For purposes of this Order, the following entities: (1) Pino Tree Services, Inc.; (2) Mowbray Waterman Property, LLC; and (3) Phoenix Traffic Management, Inc.; are collectively referred to as the "Affiliates." *The Debtor, Jaime Rodriguez and Ana Lidia Gomez, and the Affiliates* ***are collectively referred to as the "Parties."***
>
> 8. As a compromise in connection with agreeing to a consensual form of order, ***the Parties agree that they and the Examiner may propound discovery*** in accordance with Federal Rule of Bankruptcy Procedure ("FRBP") 9014, and the rules made applicable by such FRBP 9014 (such applicable rules, together with FRBP 9014, the "Rules"), subject to the responding party's(ies) rights and objections in response to any such discovery under the Rules and the Bankruptcy Code.
>
> (ECF No. 362, pp. 2, lns. 10-13, & pp. 3-4, ¶ 8 [emphasis added]).

Therefore, based upon the clear statements on the record in response to Movants' Counsel's request for discovery, whereby the Court stated that "discovery is open," in addition to

the Order itself stating that the Parties and Examiner could conduct discovery, the Respondents' arguments that there is no "contested matter" and discovery is not allowed should be denied. Thus, Respondents should be compelled to respond to Movants' discovery.

**C. CONTRARY TO RESPONDENTS' SELECT CASELAW QUOATATIONS, DISCOVERY RIGHTS UNDER FRBP 9014 ARE NOT EXTINGUISHED MERELY BECAUSE THERE WAS A HEARING ON THE MATTER**

In order to argue that discovery is not allowed, Respondents copy and pasted into their Opposition pages 298-299 of the argument section written by Judge Barish in the case of *In re Baroni*, 643 B.R. 253, 298-99 (Bankr. C.D. Cal. 2022) (Oppos. Pp. 7, lns. 11-26). However, when one reads that full opinion, it is clear that the court in *Baroni* was in fact dissuaded from allowing discovery, not due to the request being "so close to the hearing," but because said Motion involved frivolous allegations that the Trustee committed illegal conduct, and the court found that no discovery would be beneficial to the resolution of that case. This was explained in *Baroni* whereby that court stated, "[T]his obstinate attempt to conduct discovery was improper for multiple reasons. First, the Court expressly denied the Debtor's oral request to conduct discovery. She and Antognini proceeded with discovery anyway." *In re Baroni,* 643 B.R., at 298.

Further, the Opposition misleadingly cites to the Ninth Circuit BAP's decision in *Khachikyan v. Hahn* (In re Khachikyan), 335 B.R. 121, 127 (B.A.P. 9th Cir. 2005) for the proposition that "…where one wants discovery in a contested matter, it is generally too late to wait to the day of the ***hearing on the merits*** to request to conduct discovery in the future…" (emphasis added).

However, if one actually reads the ruling of in *Khachikyan* in its entirety, the key word was that discovery was propounded just prior to the "hearing on the merits" – not the first hearing, which has not yet occurred here. Further, the Ninth Circuit BAP in *Khachikyan* found no error in denying discovery, because "…the debtor was unable to point to *any utility to discovery under the circumstances*. Hence, the court did not err in refusing further opportunity for discovery." *Id.* at 128. In both of those cases, those courts found that the utility of discovery was

unnecessary, and merely used the timing of the hearing as further reason to deny discovery and summarily rule on the Motions without the need to gather further evidence.

However, in this case, the "hearing on the merits" has not yet occurred. Unlike the hearing in *Khachikyan*, here the Court appointed an Examiner, and ordered a Report to be issued, and denied the Motion for SubCon *without prejudice*, and specifically stated in open court and in the Order that the Parties could conduct discovery pursuant to FRBP 9014 (ECF No. 362, ¶ 8). Thus, all of Respondents' citations regarding FRBP 9014 are distinguishable and inapplicable, and run contrary to this Court's prior clear written order and oral ruling.

**D. BASED UPON THE UNDISPUTED FACTS, THE DEBTOR AND AFFILIATES NEED TO BE INVESTIGATED, THUS RESPONDENTS SHOULD BE COMPELLED TO RESPOND TO DISCOVERY**

Despite Respondents' joint Opposition, whereby they attempt to re-write the history of this case, this is not a "fishing expedition," nor an attempt by Movants to harass this unrelated non-debtor entity. Contrary to their claims, the Movants did not fail "…to offer any evidence that any creditor viewed or treated the Debtor and its affiliates as a single indistinguishable economic unit." (Oppo. pp. 4, fn 1). Quite to the contrary, this Court was troubled by the millions in intercompany transfers between the Affiliates and the Debtor. Here, after reviewing the Motion for SubCon and Motion to Appoint a Trustee, the Court specifically stated that it would not "rule out" ordering Substantive Consolidation in the future (*i.e.*, "it could be on the table later"), yet wanted more information before this Court ordered such a drastic remedy, by stating as follows:

> JUDGE ALBERT: ***There is too much smoke for there not to be fire***, and so I need to find out how bad the fire is and whether it requires other remedies. I am not Mr. Tiller going to at this point indulge into the laws most extreme remedies, which is to combine entities which ostensibly are separate. *That could be on the table later, it depends a lot on what the Examiner tells me*….
>
> (See ECF No. 386 – Minutes 47:49 – 50:20 [emphasis added]).

To now attempt to argue that the Motion was denied in its entirety, and there is no "contested matter" is at the very best a gross mischaracterization of what occurred at the hearing. The lengths the Affiliates will go to obstruct, delay, and refuse to answer questions should give this Court great pause. Here, the Court specifically ordered Mr. Fife to be appointed as an

Examiner, due to the extensive evidence of the comingling of assets, revenue, employees, vehicles, equipment, and even the use of the same CFO for all four (4) related entities.

In their Opposition, Respondents attempt to recast the outcome of the Movants' Motion by summarily stating, "The Substantive Consolidation Motion fell woefully short of meeting the high burden required for a substantive consolidation motion." (Oppo. 4:2-3). However, when the Court merely reviews just the *material undisputed facts* admitted in the flurry of Oppositions and supporting Declarations filed by the Debtor and its Affiliates, it is clear why Judge Albert stated, "[T]here is too much smoke for there not to be fire" and ordered that: "discovery is open." (ECF No. 386, Minutes 47:49 – 50:20).

The Material Undisputed Facts regarding the Debtor and its Affiliates are as follows:

**1. <u>Undisputed Facts Regarding Debtor's Business Operations</u>:**

- In 2020, the Debtor had $471 million in business revenue, and turned a profit of $69.2 million (ECF No. 3 –Sainos Decl., ¶ 38).
- The Debtor is owned 100% by Robin Mowbray (ECF No. 316 - Decl. Sainos, ¶ 5).
- In addition to serving as the Debtor's CFO, Ruben Sainos provides chief financial officer services to PTS and PTM. He also assists with the bookkeeping for MWP (*Id.*, ¶ 3).
- The CRO, Mr. Weiss reports to Robin Mowbray in her capacity as the Director of the Debtor's Board of Directors (ECF No. 315, ["Weiss Decl."] ¶ 5).
- As of October 18, 2023, the Debtor had approximately 440 employees (ECF 286, Ex. 2).
- As of the Petition Date, the Debtor had 200 Employees (Sainos Decl., ¶ 19).
- The February Monthly Operating Report states that the Debtor has reduced its workforce to only 95 full-time employees as of: 2/28/24 (ECF No. 393 - MOR, pp. 1).
- The Debtor's 2/2025 Operating Report, listed a Net Income *Loss of $-2,456,369 since the Petition Date* (ECF No. 393 – 2/25 MOR, pp. 2).
- The Debtor shares a large storage yard on S. Waterman Ave., *without fences or borders*, consisting of 9 total parcels of land. Debtor owns 3 of the 9 Parcels of the storage yard, the other three parcels are owned by MWP, and the final 3 of 9 Parcels are owned by Robin Mowbray's parents (the "Founders") (ECF No. 286, Ex. 8, 9, & 19, pp. 14, ln. 55).

- During the first seven (7) months of this Bankruptcy Case, the Debtor has not filed any applications for insider compensation, nor lease assumption motions for any of these inter-company leases and agreements (See Entire BK Docket).

**2. <u>Undisputed Material Facts Regarding Mowbray Waterman Property, LLC</u>**

- MWP admits Robin Mowbray owns 51% of the membership interests in MWP, while the remaining 49% are owned by the Gloria Mowbray Separate Property Trust (the "Trust"), which is Robin Mowbray's deceased mother's Trust (ECF No. 312, 2:16-17).
- MWP purchased 686 Mill Street, San Bernardino, CA ("Mill St."), for $4,600,000, by the Debtor guaranteeing the loan to Sierra Bank, and advancing "…$1,821,000 to MWP in connection with the purchase (via three deposits into escrow on February 13, June 25, and July 8, 2020)" (ECF No. 286, Ex. 2, pp. 7, ¶ 5; see also Ex. 17).
- "The term of lease with the County of San Bernardino (the "County") for the Mill St. Property expired and the County continues to occupy the premises on a month-to month basis at the rate of $35,124 per month. MWP pays approximately $15,153 to Bank of The Sierra per month on account of its mortgage secured by the Mill St. Property." (ECF No. 316 – Decl. Sainos, ¶ 22).
- "As reflected in the Debtor's Schedules, MWP owes the Debtor $3,889,126.31 on account of the MWP Loans." (ECF No. 315, Sainos Decl., ¶ 13).
- "Under the Mill St. Lease, the Debtor is currently being charged $10,000 per month. The Debtor is not paying rent to MWP in cash. Rather, the monthly rent is being paid through a credit against the MWP Loans." (*Id.,* at ¶ 14). "The rate charged for Debtor's rent for its office at Mill St. is approximately $7.15 per square foot…" (*Id*., at ¶ 15).
- The Debtor's and the Affiliates' Chief Financial Officer, Ruben Sainos stated in his February 19, 2025 Declaration that, "…market rates for office space in San Bernardino are $18.11 per square foot." (ECF No. 315, Decl. Weiss, ¶ 14). However, he did not supply a factual basis or his qualifications to provide said FRE 702 expert testimony (*Id.*).

- However, the publicly available San Bernardino County website: www.sbcounty.gov states that market rates for office space in San Bernardino County in 2023 was in fact $2.03 per square foot.[1]
- MWP co-guaranteed, and allowed PNC to record $20 million deeds of trust against its real property located at: 9546 Elder Creek Rd, Sacramento, CA 95829, and Allen St. San Bernardino, CA 92408 (*i.e.*, exactly 91 days prior to the Bankruptcy Case filing) (ECF No. 286., Ex. 8, pp. 6; & Ex. 11, pp. 2).
- On February 19, 2025, just hours before MWP's Opposition to Movants' Motion was due, MWP filed for Chapter 11 Bankruptcy in the Central District of California (See CDCA BK Case No.: 6:25-10930). This Court had this related Bankruptcy Case of MWP reassigned to this Department (See Docket).

**3. Undisputed Material Facts Regarding Phoenix Traffic Management, Inc.**

- On March 30, 2021, Phoenix Traffic Management, Inc. ("PTM") was formed by its 100% Shareholder Robin Mowbray, with its principal place of business being once again, the same corporate headquarters as the Debtor and MWP (686 E. Mill Street) (ECF No. 286, Ex. 9, pp. 2-4).
- "PTM is owned by Robin Mowbray. PTM provides traffic management services pursuant to a contractor's license. Richard Mowbray is the CEO of PTM." (ECF No. 316, ¶ 5).
- Pursuant to written management agreements, the Debtor provides administrative support services to PTS and PTM. These administrative support services include human resources, IT, fleet management, and certain director and officer services." (*Id.* at ¶ 7).
- The Debtor paid $2,883,526.67 to PTM from October 25, 2023 to February 13, 2024 in the 12 months prior to filing Bankruptcy (ECF No. 170 – SOFA, pp. 160).
- Separate from said payments listed above, "As reflected in the Debtor's Schedules, PTM owed the Debtor $2,463,400.89 on account of the PTM Loan." (ECF No. 315, ¶ 11).

[1] According the San Bernardino County's Publicly Available Website: www.sbcounty.gov "Office rents increased 4% between the fourth quarters of 2022 and 2023, from $1.95 /square foot to **$2.03/square foot,** respectively." https://indicators.sbcounty.gov/economy/commercial-real-estate-market/

- The PTM Loan reflects a combination of advances by the Debtor to PTM used to fund PTM's operating expenses and credits for rent and equipment leased by the Debtor to PTM. The current balance due to the Debtor on the PTM Loan was: $2,477,565.62 as of December 17, 2024 (ECF No. 286, Ex. 2, pp. 6, ¶ 4).
- Despite the PTM Loan balance exceeding $2.4 million, the Parties have never drafted nor executed any written loan agreement (*Id.*).
- "The Debtor leases certain equipment to PTM pursuant to a Master Vehicle and Equipment Lease Agreement dated March 1, 2022 (the "PTM Equipment Lease")." (ECF No. 316 – Decl. Sainos, ¶ 18).

Thus, this Court should disregard MWP and PTM's claims that, "…the Motion is replete with false and unsupported factual assertions." (ECF No. 312, 2:10). As laid out above, the undisputed facts set forth in Respondents' *own declarations*, provide the unequivocal basis for Movants to conduct discovery into the complex intermingled relationships and comingled finances of the Debtor and its Affiliates.

**E. MOWBRAY WATERMAN PROPERTY, LLC CANNOT INVOKE THE AUTOMATIC STAY AS TO DISCOVERY, YET ALSO FAIL TO ANSWER QUESTIONS AT THEIR 341(a) MEETING FROM MOVANTS**

Mowbray Waterman Property, LLC ("MWP") is owned by Robin Mowbray (*i.e.*, the 100% shareholder of the Debtor) and her deceased mother's Trust, for which Ms. Mowbray is the Trustee and Managing Member. MWP purchased admittedly over seven (7) pieces of real property with the funds given to it by the Debtor, which cost over $10 million to purchase (ECF No. 286, Ex. 2, pp. 5, & Ex. 8-9). "[A]s reflected in the Debtor's Schedules, MWP owed the Debtor $3,889,126.31 on account of the MWP Loans." (ECF No. 315, Sainos Decl., ¶ 13). Despite Debtor labeling these transfers as "loans," said $1,821,000 in total payments to purchase Mill St. were made 10, 6, and 5 months respectively, before MWP and Debtor executed their mere 112-word, one paragraph, MWP Loan Agreement dated 12/31/2020 (ECF No. 286, Ex. 10 & 17). Thus, the Mill St. purchase was yet another "oral loan," which was later partially memorialized in writing unilaterally by Robin Mowbray (ECF No. 286, Ex. 10).

On the date MWP's Opposition to the Mx for SubCon was due, MWP filed for Chapter 11 Bankruptcy Protection, and is now invoking the automatic stay to pause discovery, as an alternative theory to delay and stall disclosing information to Movants (Oppo. pp. 11, fn. 4).

Thus, pursuant to 11 U.S.C. § 105(a), should this Court hold that these proceedings are stayed, then Movants respectfully request an Order compelling MWP to answer questions of Movants at their 341(a) Meeting instead, and set a briefing schedule for Movants to request that the stay be lifted as to discovery into the Movants' Motion and nullified *nunc pro tunc* pursuant to 11 U.S.C. § 362(d). In sum, MWP cannot have the benefits of the Stay, yet also fail to comply with their duties of disclosure under the Bankruptcy Code. MWP is hiding the whereabouts of millions of dollars in Estate Property transfers, and continuing to draw down on their loan balance for "rent credits" paid by the Debtor to rent space in properties the Debtor in fact purchased. Thus, MWP needs to be compelled to cooperate in Movants' investigation into their affairs.

**III.**

**CONCLSUSION**

For the foregoing reasons, the Respondents should be compelled to respond to Movants' discovery pursuant to FRCP 37.

Further, since MWP filed for Bankruptcy Protection, Movants respectfully request this Court enter an Order either (a) finding that the Movants are creditors of MWP, and thus barred from conducting discovery pursuant to 11 U.S.C. § 362(a)(1) & (a)(6), yet allowed to examine the Debtor at the June 5, 2025 Continued 341(a) Meeting of Creditors; or (b) a finding that Movants are not creditors of MWP, therefore they cannot ask questions at the 341(a) Meeting, yet MWP is compelled to respond to Movants' third-party discovery pursuant to 11 U.S.C. § 105(a). As it would be unjust to allow MWP to be afforded the protections of the Code, yet not required to comply with 11 U.S.C. §§ 341 and 343.

Dated: May 20, 2025, Submitted by:

/s/ Ahren A. Tiller, Esq.
Ahren A. Tiller, Esq.
Bankruptcy Law Center, APC
Attorneys for Movants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1230 Columbia St., Ste. 1100 San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): ______________________________
[x] **Movants' Reply to Opposition to Motion to Compel Discovery Responses**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)

**05/20/2025**______, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[x] See attached service list

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **05/20/2025** _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[x] **Hon Scott Clarkson** - via overnight mail
United States Bankruptcy Court
411 West Fourth St., Ste. 5085 / Ctrm 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/20/2025 | Michaela Brown | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ATTACHED SERVICE LIST**

- ☑ Robert S Marticello on behalf of Debtor The Original Mowbray's Tree Service, Inc. - rmarticello@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- ☑ Michael Simon on behalf of Debtor The Original Mowbray's Tree Service, Inc. - msimon@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com
- ☑ Roye Zur on behalf of Creditor Mowbray Waterman Property, LLC - rzur@elkinskalt.com, lwageman@elkinskalt.com; 1648609420@filings.docketbird.com; rzur@ecf.courtdrive.com
- ☑ Roye Zur on behalf of Creditor Phoenix Traffic Management, Inc. - rzur@elkinskalt.com, lwageman@elkinskalt.com; 1648609420@filings.docketbird.com; rzur@ecf.courtdrive.com
- ☑ Jeffrey S Shinbrot on behalf of Interested Party Pino Tree Service Inc.- jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- ☑ Jessica L Giannetta on behalf of Creditor Bank of the Sierra - jessica@giannettaenrico.com, melanie@giannettaenrico.com
- ☑ United States Trustee (SA) - ustpregion16.sa.ecf@usdoj.gov
- ☑ Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA) - queenie.k.ng@usdoj.gov
- ☑ Kenneth J Catanzarite on behalf of Interested Party Ronnie Jordan - kcatanzarite@catanzarite.com
- ☑ Marshall F Goldberg on behalf of Creditor Altec Capital c/o Glass & Goldberg- mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- ☑ Alan Craig Hochheiser on behalf of Creditor AmTrust North America, Inc. on behalf of Southern Insurance Company - ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- ☑ Raffi Khatchadourian on behalf of Interested Party Courtesy NEF - raffi@hemar-rousso.com
- ☑ Valery Loumber on behalf of Creditor Guifen He - valloumlegal@gmail.com
- ☑ Valery Loumber on behalf of Creditor Ping Liu - valloumlegal@gmail.com
- ☑ Michael B Lubic on behalf of Creditor PNC Bank, N.A.- michael.lubic@klgates.com, jonathan.randolph@klgates.com, klgatesbankruptcy@klgates.com
- ☑ James MacLeod on behalf of Creditor John Deere Construction & Forestry Company, c/o The Dunning Law Firm, APC - jmacleod@dunninglaw.com, nancy@dunninglaw.com
- ☑ David W. Meadows on behalf of Creditor Southern California Edison - david@davidwmeadowslaw.com

- ☑ Estela O Pino on behalf of Creditor Pamela Metcalf-Kunellis - epino@epinolaw.com, staff@epinolaw.com; clerk@epinolaw.com
- ☑ Amitkumar Sharma on behalf of Creditor Ally Bank c/o AIS Portfolio Services, LLC- amit.sharma@aisinfo.com
- ☑ Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company, LLC, c/o AIS Portfolio Services, LLC - amit.sharma@aisinfo.com
- ☑ Thomas E Shuck on behalf of Interested Party Courtesy NEF - tshuck@pmcos.com, efilings@pmcos.com
- ☑ Sharon Z. Weiss on behalf of Creditor Bank of America, N.A.- sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- ☑ Mandy Youngblood on behalf of Interested Party Courtesy NEF - csbk@gmfinancial.com