**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
4675 MacArthur Ct, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 499-4877

Counsel for The Original Mowbray's Tree Service, Inc., the Debtor and Debtor-In-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No: 8:24-bk-12674-SC |
| THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., | Chapter 11 |
| | **CHAPTER 11 STATUS REPORT** |
| Debtor and Debtor-in-Possession. | <u>**Status Conference (Via Zoom for Government)**</u>**:** |
| | Date:   August 6, 2025 |
| | Time:   1:30 p.m. |
| | Ctrm:   5C |
| |             411 West Fourth Street |
| |             Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby submits this chapter 11 status report. This status report is intended to inform the Court of relevant matters prior to the reassignment of this case, and update the Court on matters post-reassignment.

///

///

///

1

STATUS REPORT

## I. GENERAL BACKGROUND

On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary chapter 11 petition. The Debtor is operating as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed or designated. As discussed below, one party filed a motion to appoint a chapter 11 trustee that was denied by the Court. In ruling on that motion, the Court appointed an examiner, who recently filed a report that vindicated the Debtor.

The Debtor provides vegetation management services that include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**"). Historically, utility companies have been the Debtor's primary clients, including California's largest energy utility, PG&E, as well as Southern California Edison. The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state. The Debtor also provides services in multiple states outside of California.

Prior to the Petition Date, the Debtor retained Brian Weiss of Force Ten Partners, LLC, as its Chief Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring process, including this Case.

## II. THE DEBTOR'S DISCLOSURE STATEMENT AND PLAN

On February 21, 2025, the Court entered an order extending the Debtor's deadline to file a plan and disclosure statement to, and including, March 14, 2025. (*See* Docket No. 323.) On March 14, 2025, the Debtor filed its proposed disclosure statement [Docket No. 363] (the "**Disclosure Statement**") and plan [Docket No. 365] (the "**Plan**").

The Plan is a reorganizing plan that marshals significant value from all estate assets for the benefit of creditors. Through the Debtor's ongoing operations, the Plan proposes to

collectively pay over **$36,000,000** to creditors holding allowed claims.  The Plan pays all allowed secured claims in full.  Under the Plan, as currently drafted, allowed general unsecured creditors will receive a *pro rata* share of **$15,674,000**, *plus* any net proceeds from recoveries on account of any avoidance actions against insiders and certain other claims vested in a plan trust.

The payments in the Plan include substantial value from affiliates and address claims against the affiliates.  The pre-petition loan owing from Pino Tree Service, Inc. ("**PTS**"), will be paid in full less than one year after the Plan's Effective Date.  The Reorganized Debtor is projected to receive management fees and equipment rent from PTS of nearly $10.8 million per year, *plus* annual distributions. The projected annual distributions from PTS collectively exceed $14.5 million over the term of the Plan.  In addition, the Reorganized Debtor is projected to receive over $700,000 annually from Phoenix Traffic Management, Inc. ("**PTM**"), on account of management fees and equipment rent.  As provided in the Plan, in its current form, any avoidance actions or claims of the Estate to recover on the pre-petition loan balances owing from PTM and Mowbray Waterman Property, LLC (in excess of the amounts projected to the paid to the Reorganized Debtor) are being vested in the plan trust.

The Debtor has engaged in negotiations with multiple creditors.  The Debtor reached consensual plan treatment with Pathward, N.A., resolving a vigorously contested proceeding in the process.  The Debtor believes that it has also reached consensual plan treatment with its largest equipment lender and lessor, Altec Capital Services, LLC.  The Debtor has reached an agreement in principle with Jamie Rodriguez and Ana Lidia Gomez (the "**Rodriguez Plaintiffs**").  The Debtor is also involved in negotiations with Bank of America, Ford Motor Credit, and John Deere.  As a result, the Debtor will be amending the Plan and the Disclosure Statement to incorporate consensual plan treatment.

The Disclosure Statement is set for hearing on August 6, 2025.  As discussed below, the Disclosure Statement has not yet been heard as the Debtor voluntarily continued the hearing from a prior date at the request of the examiner as part of a stipulation to extend the deadline of his report.

III. **THE DEBTOR'S EXCLUSIVITY PERIODS AND RONNIE JORDAN'S VIOLATION THEREOF**

On December 9, 2024, the Court entered an order [Docket No. 206] establishing March 1, 2025, as the deadline by which the Debtor must file its plan of reorganization and disclosure statement. On February 21, 2025, the Court entered an order extending the deadline by which the Debtor must file its plan of reorganization and disclosure statement to March 14, 2025. On March 14, 2025, the Debtor filed its Disclosure Statement and Plan.

On March 20, 2025, the Court entered an order extending the Debtor's exclusive period to solicit acceptances of a chapter 11 plan through and including August 15, 2025. (*See* Docket No. 380.)

On July 16, 2023, Ronnie Jordan filed the *Motion By Creditor Ronnie Jordan for Order Terminating Debtor's Periods of Exclusivity for the Filing of a Plan and Obtaining Acceptance Thereof, So As to Permit the Filing of a Competing Plan by Jordan's Mowbray Acquisition LLC* [Docket No. 540] (the "**Jordan Motion**"). In support of the Jordan Motion, Jordan submitted a declaration [Docket No. 542] (the "**Jordan Declaration**"). Attached to the Jordan Declaration are Jordan's proposed plan (the "**Jordan Plan**") and Jordan's proposed disclosure statement (the "**Jordan Disclosure Statement**").

The Debtor's opposition to the Jordan Motion is being filed concurrently with this status report. For the reasons set forth in the Debtor's opposition, the Jordan Motion should be denied. Among other reasons, by filing the Jordan Plan, Jordan violated §§ 1121 and 1125 of the Bankruptcy Code. As such, the Jordan Plan cannot meet the requirements for confirmation in § 1129(a)(1) and (2). Jordan's violations also give rise to additional remedies, such as monetary sanctions and the subordination of his claim in the case to all other claims and equity interests. The Debtor reserves all rights.

IV. **STATUS OF OPERATIONS**

The Debtor continues to operate in accordance with the orders of this Court. The Court has authorized the use of cash collateral pursuant to nine orders. (*See* Docket Nos. 72,

1   162, 211, 244, 256, 268, 421, 462 and 532.)  The Debtor negotiated final consensual cash
2   collateral usage with its primary secured creditor, PNC Bank, N.A ("**PNC**"), three times,
3   including through October 17, 2025.  (*See, e.g.,* Docket Nos. 268, 459 and 532.)
4         To date, the Debtor has generated positive cash flow.  The Debtor's cash on hand
5   increased from $4,479,479 to $9,993,152 as of July 18, 2025.  Moreover, the Debtor has kept
6   its operations within the current budget approved by the Court (*see* Docket No. 532, Ex. 1)
7   (the "**Current Budget**") or has performed better than projected.  During the period covered by
8   the Current Budget through July 18, 2025, the Debtor's cash on hand exceeded its projected
9   cash on hand by $1,657,206 or 19.9% and its operating expenses were less than budgeted by
10  $1,790,915 or 26.8%.  During the period covered by the Current Budget through July 18,
11  2025, the Debtor paid $2,091,809 to PNC, equipment lenders, and equipment lessors
12  collectively, which included principal payments.

14  **V.    COMPLIANCE WITH STATUTORY REQUIREMENTS**
15        The Debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and
16  1107.  The Debtor's 341(a) meeting on creditors was completed on January 3, 2025.  (*See*
17  Docket No. 242.)  The Debtor has timely paid quarterly United States Trustee's fees and has
18  filed its monthly operating reports to date, with the exception of its June monthly operating
19  report, which will be filed shortly and prior to the status conference.  Moreover, as discussed
20  above, the Debtor filed the Disclosure Statement and Plan by the March 14, 2025, deadline.

22  **VI.   CLAIMS BAR DATE**
23        The claims bar date has passed.  By order entered on December 9, 2024, the Court set
24  a bar date of 60 days following service of the bar date notice as the deadline for the Debtor to
25  serve written notice of the bar date.  (*See* Docket No. 206.)  On December 23, 2024, the
26  Debtor served written notice of the bar date.  (*See* Docket No. 235.)  Based on the date of
27  service, the bar date was February 20, 2025.  (*See* Docket No. 232.)

## VII. THE EXAMINER'S APPOINTMENT

On February 7, 2025, Jaime Rodriguez and Ana Lidia Gomez filed the *Motion to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a); and a Motion to Substantively Consolidate Pino Tree Services, Inc., Mowbray Waterman Property, LLC, and Phoenix Traffic Management, Inc. With the Debtor's Bankruptcy Case* [Docket No. 286] (the "**Trustee Motion**"). The Trustee Motion was set for hearing on March 5, 2025. The Trustee Motion was opposed by the Debtor, MWP, PTS, Bank of the Sierra, and PNC.

On March 14, 2025, the Court entered an order denying the Trustee Motion and directing the United States Trustee to appoint an examiner (the "**Examiner Order**"). (*See* Docket No. 362.) Donald T. Fife was appointed as the examiner (the "**Examiner**"). The Examiner's report was due within 90 days of his appointment. Generally speaking, the Examiner was tasked with evaluating the various allegations in the Trustee Motion and the related pleadings.

The report was originally due on June 16, 2025. However, the Examiner requested that the Debtor and certain other parties stipulate to an extension of the deadline to file the report, to which the parties agreed. In addition, one of the parties conditioned their willingness to stipulate with the Examiner to a continuance of the hearing on the Debtor's Disclosure Statement. (*See* Docket No. 489.) The Debtor agreed to continue the hearing on its Disclosure Statement. The Examiner's report was filed on July 14, 2025 [Docket No. 538] (the "**Report**").

From the Debtor's perspective, the Examiner's Report vindicated the Debtor. As reflected in Report, the Debtor was cooperative with the Examiner and his requests for information, both written and through interviews. All of the information requested by the Examiner was provided in a timely fashion.

One of the primary allegations in the Trustee Motion was that Debtor engaged in a concerted plan to transfer assets and revenues to PTS. This included that the Debtor did not bid on contracts with SCE in order to steer the contracts to PTS. (*See* Report at 16.) The Examiner's investigation found in favor of the Debtor on such allegations. (*See id.* at 17:3-7

and 26-28.)  The Examiner found that rent and management fees charged to its affiliates were reasonable.  (*See id.* at 11:14-17.)  The Examiner stated that the rent charged to the Debtor by MWP for office space appeared to be under market.  (*See id.* at 21:1-2.)  The Examiner found that the amount charged by Phoenix Traffic Management, Inc., for services is below market.  (*See id.* at 15:26-16:10.)  The Examiner did not determine "that the Debtor is promoting the interests of Affiliates at the expense of the Creditors of the Estate."  (*See id.* at 24:14-16.)  The Examiner found there were "adequate controls on accounting to keep the financial affairs of each of the Debtor and the Affiliated Entities separate."  (*See id.* at 24:16-18.)  The Examiner stated that the provisions of the Plan vesting Insider Avoidance Actions in the Plan Trust were reasonable.  (*See id.* at 25:18-21.)  The Examiner stated that a chapter 11 trustee was not necessary.  (*See id.* at 24:9-13.)   The Examiner noted the willingness of the Debtor and the Debtor's counsel to amend the Plan to benefit general unsecured creditors.  (*See id.* at 24:7-9.)

## VIII. CONCLUSION

If the Court approves the Disclosure Statement, as to be amended, at the August 6, 2025 hearing, the Debtor proposes that the status conference be continued to the date of the confirmation hearing set by the Court.  If the Disclosure Statement is not approved, the Debtor proposes a continued status conference approximately 90 days from the August 6, 2025, status conference.

DATED:  July 23, 2025               **RAINES FELDMAN LITTRELL LLP**

By:     */s/ Robert S. Marticello*
ROBERT S. MARTICELLO
MICHAEL L. SIMON
*Counsel for the Debtor and Debtor-In-Possession*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 STATUS REPORT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 23, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Personal Delvery**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 23, 2025 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Jeffrey W Broker**  jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**  kcatanzarite@catanzarite.com
- **Jessica L Giannetta**  jessica@giannettaenrico.com, melanie@giannettaenrico.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall F Goldberg**  mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**  ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**  bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**  raffi@hemar-rousso.com
- **Valery Loumber**  valloumlegal@gmail.com
- **Michael B Lubic**  michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**  jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Robert S Marticello**  rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**  david@davidwmeadowslaw.com
- **Karen S. Naylor**  Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov, kenneth.m.misken@usdoj.gov
- **Estela O Pino**  epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**  don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Todd C. Ringstad**  becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**  amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**  jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**  tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**  msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Ahren A Tiller**  ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**  sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**  bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**  csbk@gmfinancial.com
- **Roye Zur**  rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**