1    **RAINES FELDMAN LITTRELL LLP**
     Robert S. Marticello, State Bar No. 244256
2    *rmarticello@raineslaw.com*
     Michael L. Simon, State Bar No. 300822
3    *msimon@raineslaw.com*
     4675 MacArthur Ct, Suite 1550
4    Newport Beach, CA 92660
     Telephone:    (310) 440-4100
5    Facsimile:    (310) 499-4877

6    Counsel for The Original Mowbray's Tree Service,
     Inc., Debtor and Debtor-In-Possession
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                       **SANTA ANA DIVISION**

11   In re:                                    Case No: 8:24-bk-12674-SC

12   THE ORIGINAL MOWBRAY'S TREE               Chapter 11
     SERVICE, INC.,
13                                             **DEBTOR'S MOTION FOR A BRIDGE
                              Debtor and       ORDER PRESERVING EXCLUSIVITY
14                   Debtor-in-Possession.     PERIOD UNDER 11 U.S.C. § 1121(c)(3)
                                               PURSUANT TO 11 U.S.C. § 1121(d);
15                                             MEMORANDUM OF POINTS AND
                                               AUTHORITIES**
16
                                               [No Hearing Requested]
17

18

19   **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

20   **JUDGE, AND ALL INTERESTED PARTIES:**

21        The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the

22   above-captioned case (the "**Debtor**"), hereby files this *Motion for Bridge Order Extending*

23   *Exclusivity Period Under 11 U.S.C. § 1121(c)(3) Pursuant to 11 U.S.C. § 1121(d)* (the

24   "**Bridge Motion**").  In support of the Bridge Motion, the Debtor submits the following

25   memorandum of points and authorities and the concurrently-filed declaration of Brian Weiss

26   (the "**Weiss Declaration**").

27

28

1    I.      **INTRODUCTION**

2          The Debtor's exclusivity period to solicit acceptances of its plan currently runs through

3    August 15, 2025.  (*See* Docket No. 380.)  Concurrently with this motion, the Debtor has filed a

4    motion to extend its exclusivity period to solicit acceptances of its plan (the "**Exclusivity**

5    **Motion**") for four months to and including December 15, 2025.  The Debtor is noticing the

6    Exclusivity Motion for hearing on September 10, 2025, the date set for certain other related

7    matters in this Case, including the continued hearing on the approval of the Debtor's disclosure

8    statement.  A motion to extend exclusivity must be filed, but need not be heard, before

9    exclusivity expires.  *See* 11 U.S.C. § 1121(d).  However, given that one party has already filed

10   a competing plan during the Debtor's exclusivity in violation of § 1121, the Debtor brings this

11   Bridge Motion out of an abundance of caution to avoid any ambiguity and to preserve the

12   *status quo* with respect to the Debtor's exclusivity pending the hearing on the Exclusivity

13   Motion.

14         Based thereon, and as further set forth below, the Debtor respectfully requests the entry

15   of an order in the form attached hereto as **Exhibit 1** preserving the Debtor's exclusivity period

16   to solicit acceptances on its plan pending the resolution of the Exclusivity Motion on regular

17   notice.

18

19   II.     **BACKGROUND**

20         On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary chapter 11

21   petition.  The Debtor is operating as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of

22   the Bankruptcy Code.

23         On December 9, 2024, the Court entered an order establishing March 1, 2025, as the

24   deadline by which the Debtor must file its plan of reorganization and disclosure statement.

25   (*See* Docket No. 206.)  On February 21, 2025, the Court entered an order extending that

26   deadline to and including March 14, 2025.  (*See* Docket No. 323.)  On March 14, 2025, the

27   Debtor filed its plan of reorganization [Docket No. 365] (the "**Plan**") and its disclosure

28   statement [Docket No. 363] (the "**Disclosure Statement**").

1    On March 20, 2025, the Court entered an order extending (i) the Debtor's exclusive

2  period to file a chapter 11 plan through and including March 18, 2025, and (ii) the Debtor's

3  exclusive period to solicit acceptances of a chapter 11 plan through and including August 15,

4  2025.  (*See* Docket No. 380.)

5    As more fully discussed in the Exclusivity Motion, the initial hearing on the Debtor's

6  Disclosure Statement proceeded on August 6, 2025.  The Court instructed the Debtor to make

7  certain amendments to the Disclosure Statement and continued the hearing to September 10,

8  2025.  The Court ordered the Debtor to file an amended disclosure statement and plan by

9  August 13, 2025.  The Court entered a scheduling order reflecting its rulings on August 11,

10  2025.  (*See* Docket No. 603.)  The Debtor will be refiling its first amended plan and disclosure

11  statement by the date ordered by the Court with the edits required by the Court and certain

12  additional edits.

13

14  **III.    GROUNDS EXIST TO PRESERVE THE *STATUS QUO* PENDING**

15  **RESOLUTION OF THE EXCLUSIVITY MOTION**

16    A chapter 11 debtor has the exclusive right to file a plan during the first 120 days of a

17  bankruptcy case and obtain acceptance of its plan during the first 180 days of the case.  *See* 11

18  U.S.C. § 1121.  A bankruptcy court can increase the exclusivity periods for "cause."  *See* 11

19  U.S.C. § 1121(d)(1).  In addition, under § 105(a), the Court "may issue any order . . . that is

20  necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

21    Pursuant to § 1121(d), a court may extend a debtor's exclusivity periods "on request of

22  a party in interest *made within the respective period specified in subsections (b) and (c) of this*

23  section and after notice and a hearing. . . ."  *See* 11 U.S.C. § 1121(d) (emphasis added).  This

24  language in § 1121 has been interpreted to mean that while a motion to extend an exclusivity

25  period must be made prior to the expiration of such period, as extended, the motion need not

26  be heard and granted by the bankruptcy court before exclusivity expires.  *See, e.g.*, California

27  Practice Guide, Operating as Chapter 11 Debtor in Possession (DIP), Ch. 11-B ("So long as

28  the motion is *filed* before the exclusivity period expires, it can be *heard after* the period

1    expires. . . .  If granted, the extension of time will apply retroactively from the date it would

2    have expired to the new extended date." (emphasis in original)); *In re Perkins*, 71 B.R. 294,

3    295-96 and 300 (W.D. Tenn. 1987) (upholding extensions of exclusivity, including by motions

4    made during exclusivity and granted after exclusivity, as extended, expired); *In re Michigan*

5    *Produce Haulers, Inc.*, 525 B.R. 408, 412 (Bankr. W.D. Mich. 2015) ("The Debtor requested

6    an extension of this 180–day period prior to its expiration. That request is timely under §

7    1121(d)(1)."); *In re iCAP Enterprises, Inc.*, Case No. 23-01243-WLH11, Docket No. 1076

8    (Bankr. E.D. Wa. 2024) (granting second emergency *ex parte* motion for a bridge order).

9          Preservation of the Debtor's exclusivity period is appropriate under § 1121(d)(1).  The

10    Debtor filed the Exclusivity Motion timely within the period required by the Code.  For the

11    reasons set forth in the Exclusivity Motion, the Debtor believes that cause exists to extend

12    exclusivity for approximately four months to and including December 15, 2025.  The Court

13    can grant the Exclusivity Motion on regular notice and, in doing so, exclusivity will be

14    extended retroactively from August 15, 2025.  However, Ronnie Jordan has already

15    improperly filed a competing plan during the Debtor's exclusivity in violation of § 1121. (*See*

16    Docket No. 542 at Ex. 2.)  As such, out of an abundance of caution, to avoid any ambiguity,

17    and to ensure the *status quo* with respect to the Debtor's exclusivity, the Debtor seeks an order

18    affirmatively preserving the Debtor's exclusivity period to solicit acceptances on its plan

19    pending the resolution of the Exclusivity Motion on regular notice.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1  **IV.  CONCLUSION**

2      Based upon the foregoing, the Debtor respectfully requests that the Court grant the

3  Bridge Motion and enter an order substantially in the form of **Exhibit 1** attached hereto, and

4  order such further relief as the Court deems just and proper.

5

6  DATED:  August 12, 2025                    **RAINES FELDMAN LITTRELL LLP**

7                                             By:  */s/ Robert S. Marticello*
                                                  ROBERT S. MARTICELLO
8                                                 MICHAEL L. SIMON
                                                  Counsel for The Original Mowbray's Tree
9                                                 Service, Inc., Debtor and Debtor-In-Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT 1

1    **RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256

2    *rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822

3    *msimon@raineslaw.com*
4675 MacArthur Ct, Suite 1550

4    Newport Beach, CA 92660
Telephone:   (310) 440-4100

5    Facsimile:   (310) 691-1943

6

Counsel for The Original Mowbray's Tree Service,

7    Inc., the Debtor and Debtor-In-Possession

8             **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10              **SANTA ANA DIVISION**

11    In re:                      Case No: 8:24-bk-12674-SC

12

THE ORIGINAL MOWBRAY'S TREE      Chapter 11

13    SERVICE, INC.,

14                          **ORDER GRANTING DEBTOR'S
MOTION FOR A BRIDGE ORDER
PRESERVING EXCLUSIVITY**

15             Debtor and           **PERIOD UNDER 11 U.S.C. §**

     Debtor-in-Possession.         **1121(c)(3) PURSUANT TO 11 U.S.C.**

16                          **§ 1121(d)**

17

18        On August 12, 2025, The Original Mowbray's Tree Service, Inc., the debtor and

19    debtor-in-possession in the above-captioned case (the "**Debtor**") filed the *Debtor's Motion for*

20    *Bridge Order Extending Exclusivity Period Under 11 U.S.C. § 1121(c)(3) Pursuant to 11*

21    *U.S.C. § 1121(d)* (the "**Bridge Motion**").  All capitalized terms not expressly defined herein

22    shall have the meanings ascribed to them in the Bridge Motion.

23        Having considered the Bridge Motion, all papers submitted in support of the Bridge

24    Motion, including the *Motion to Extend Exclusivity Period Under 11 U.S.C. § 1121(c)(3)*

25    *Pursuant to 11 U.S.C. § 1121(d)* filed on August 11, 2025 (the "**Exclusivity Motion**"), and

26    finding that notice and service of the Bridge Motion were proper.

27

28

1

1      **IT IS HEREBY ORDERED** that:

2      1.      The Bridge Motion is granted;

3      2.      The Debtor's exclusivity period to solicit acceptances of a chapter 11 plan

4  pursuant to 11 U.S.C. § 1121(c)(3) is extended to and including the date upon which the Court

5  enters an order resolving the Exclusivity Motion;

6      3.      The intent of this order is to maintain the status quo with respect to the Debtor's

7  exclusivity period under 11 U.S.C. § 1121(c)(3) as of the date of the filing of the Exclusivity

8  Motion; and

9      4.      Nothing in this order prejudices the Debtor's right to seek further extensions of

10  its exclusivity period under 11 U.S.C. § 1121(c)(3).

###

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660


A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR A BRIDGE ORDER**
**PRESERVING EXCLUSIVITY PERIOD UNDER 11 U.S.C. § 1121(c)(3) Pursuant to 11 U.S.C. § 1121(d);**
**MEMORANDUM OF POINTS AND AUTHORITIES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**August 12, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 12, 2025**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 12, 2025 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                               **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Jeffrey W Broker**    jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**    kcatanzarite@catanzarite.com
- **Lauren N Gans**    lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jessica L Giannetta**    jessica@giannettalawcorp.com, melanie@giannettaenrico.com
- **Robert P Goe**    rgoe@goeforlaw.com,
  kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.co
  m
- **Marshall F Goldberg**    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**    bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Valery Loumber**    valloumlegal@gmail.com
- **Michael B Lubic**    michael.lubic@klgates.com,
  jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**    jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Estela O Pino**    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**    don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**    tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**    msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Ahren A Tiller**    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-
  sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-
  sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**    csbk@gmfinancial.com
- **Roye Zur**    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.