Ahren A. Tiller, Esq. [SBN 250608]
BLC LAW CENTER, APC
1230 Columbia St., Suite 1100
San Diego, CA 92101
Telephone No. (619) 894-8831
Facsimile No. (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Creditors
JAIME RODRIGUEZ, and
ANA LIDIA GOMEZ

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

|  |  |
|---|---|
| In re | BK Case No.: 8:24-bk-12674-TA |
|  | Chapter 11 |
| THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation | |
| Debtor and Debtor-in-Possession, | **CREDITORS, JAIME RODRIGUEZ AND ANA LIDIA GOMEZ'S REPLY TO RONNIE JORDAN'S OBJECTION TO AMENDED PLAN AND DISCLOSURE STATEMENT** |
|  | Date:   September 10, 2025 Time:  1:30 pm Location: 411 West Fourth St. Ctrm 5C         Santa Ana, CA 92701 |
|  | Honorable Scott Clarkson |

Creditors, JAIME RODRIGUEZ and ANA LIDIA GOMEZ (collectively referred to as "Rodriquez Creditors") file the following Reply to RONNIE JORDAN ("Jordan")'s Omnibus Objection to the Debtor's Amended Joint Chapter 11 Plan ("Plan") (ECF No. 695) and Disclosure Statement ("Disclosure Statement") (ECF No. 693), filed on the docket as ECF No. 798, as follows:

-1-

**REPLY**

**I.**

**INTRODUCTION**

Proof of Claim No. 148-3, allegedly owed to the Debtor's former CEO, Ronnie Jordan ("Jordan"), is disputed and *has never been liquidated*.  Here, despite this Court granting Jordan relief from the stay to return to state court and liquidate said alleged Claim on February 3, 2025 (ECF No. 273), Jordan has refused to do so. Instead, in an attempt to force a "hostile takeover" of the Debtor via the competing "Jordan Plan," here Jordan has filed a flurry of pleadings in an attempt to hinder and delay confirmation of the Plan and Disclosure Statement.  Most recently, on July 31, 2025, Jordan amended his Proof of Claim No. 148 to "double" the alleged amounts owed to a staggering $63,833,202.00, based upon imaginary punitive damages and fines doubling said already grossly exaggerated damage claim (See Amended Proof of Claim ["POC"] No. 148-3).

Here, Jordan's over $63 Million Dollar Amended Proof of Claim is a fiction, asserted to support the *dubious* claim that Jordan is somehow now the largest General Unsecured Creditor of these jointly administered Estates.  However, unlike Jordan, the Rodriquez Creditors actually obtained a State Court Judgment, which with fees and costs (actually awarded by a Court) possess a judgment totaling: $91,269,853.20 (See POC No. 143-1).  Contrary to Jordan's Objection (ECF No. 788, pp. 10:3-4), the Roriguez Creditors' claim does not contain "questionable interest calculations," yet rather contains fees and costs *awarded by the California Superior Court* pursuant to Cal. Civ. C. § 3288 (See POC 143-1, Ex. 4).  By comparison, Jordan's Claim consists of $10 Million in profit sharing (10%) per an alleged *oral agreement* with the Chairwoman's brother (*i.e.* an 11 U.S.C. § 510(b) subordinated Security Claim), and then $20 Million in speculative punitive damages, which Jordan then just decided to double on July 31, 2025 per Cal. Labor Code § 970 to total: $63,833,202.00 (See POC 148-3).  Thus, if any claim needs to be subordinated – it is Jordan's grossly exaggerated disputed securities claim.

In this situation, despite the Objection's accusations, here the Rodriguez Creditors have not entered a "secret deal" with the Debtors, yet rather the "settlement in principle" is the Plan's agreement to pay General Unsecured Creditors $25 million, up to $55 million in profit sharing.

-2-

In Re The Original Mowbray's Tree Service, Inc.  8:24-bk-12674-TA
Creditor's Reply to Ronnie Jordan's Objection to Plan and Disclosure Statement

## II.

## ARGUMENT

**A. RONNIE JORDAN'S CLAIM IS UNLIQUIDATED, DISPUTED, AND SUBJECT TO DISSALLOWANCE AND/OR SUBORDINATION UNDER MULTIPLE PROVISIONS OF THE BANKRUPTCY CODE**

Contrary to his Objections, Jordan is *not the largest general unsecured creditors of this Estate.*  Further, the claim asserted by Ronnie Jordan is unliquidated, contested, and potentially subject to disallowance and/or subordination pursuant to various sections of the Bankruptcy Code, such as 11 U.S.C. §§ 510(b), 502(d), and 726(a)(4).

Here, Jordan's claim should be disallowed pursuant to 11 U.S.C. § 502(d) (as alleged in the related Adversary Proceeding), due to Jordan's failure to return fraudulently transferred property that was intended to be held in trust until the resolution of their protracted litigation. Additionally, the Jordan's Claim stems from an alleged oral agreement to provide Jordan 10% of the Debtor's profits, rendering it a securities claim that is subject to subordination under 11 U.S.C. § 510(b). Finally, although Jordan repeatedly cites the Rodriguez Creditors' $49 million punitive damages award (completely ignoring the $43 Million in actual damages awarded), ironically his own claim includes over $20 million in punitive damages, which he then decided on July 31, 2025 to double to $40+ million, per California Labor Code § 970 (constituting a fine or penalty); consequently, in sum, Jordan's full claim is result of an alleged "sweat equity" investment, punitive damages, and fines under Cal. Labor Code § 970, which warrants subordination under 11 U.S.C. §§ 510(b) and/or 726(a)(4).

Thus, until Jordan's Claim is actually liquidated, this Court should cease from allowing Jordan to further delay these proceedings, by claiming inadequate disclosures, when in fact all Jordan wants is to enact his hostile takeover of the Debtor - via the "Jordan Plan."

**B. THERE IS NO "SECRET DEAL" BETWEEN THE LARGEST GENERAL UNSECURED CREDITORS, YET MERELY A CONSENSUAL PLAN**

As explained in the Debtor's Reply, the Rodriguez Creditors do not have a "secret deal," yet rather the true largest General Unsecured Creditors (*i.e.*, Rodriguez Creditors), after a year of

-3-

1   intense litigation and negotiations, with the assistance of the Examiner and his Counsel, have

2   negotiated a consensual plan in principal, the terms of which are set forth in the Debtor's Joint

3   Amended Plan and, at present, only in the Joint Amended Plan.  Contrary to Jordan's Objection,

4   there is no 'secret written agreement[.]" There is no separate settlement agreement between the

5   parties.  The Joint Amended Plan sets forth the terms discussed.  After intense negotiations, and

6   after Rodriguez Creditors filed the Motion for SubCon and Appointment of an Examiner, the

7   Parties engaged in mediation and came to agreed upon terms of a Plan.[1]

8          Therefore, the Debtors' Amended Disclosure Statement should be approved.

9   **C.  SUBSTANTIVE CONSOLIDATION IS APPROPRIATE, AS SET FORTH IN THE**

10          **EXAMNER'S LENGTHY REPORT**

11          The Rodriguez Creditors were the Parties that moved for Substantive Consolidation

12  ("SubCon").  In response, Judge Albert denied the Motion "without prejudice," and left the option

13  on the table, yet felt it was premature to order SubCon without first appointing an Examiner.  The

14  Examiner, Donald Fife, in turn drafted a Report recommending that Mowbray Waterman

15  Property, LLC's ("MWP") be consolidated with the Debtor.  After conducting a thorough review

16  of the Debtor and MWP's financial affairs, over several months, the Examiner concluded that the

17  Ninth Circuit's *Bonham* factors supported substantive consolidation. *In re: Bonham*, 229 F.3d 750

18  (9th Cir. 2000).

19          Here, Jordan even filed a Declaration in support of said Motion for SubCon.  Thus,

20  Jordan's newfound Opposition to SubCon is clearly just a delay tactic.  Jordan is not a creditor of

21  MWP *any more than the Rodriguez Creditors*.  In this situation, Jordan was a creditor of the

22  Debtor, and the only theory by which Jordan could recover from MWP is via an "alter-ego"

23  theory, which is exactly why MWP should (which the Examiner and Debtor agree) be

24  substantively consolidated with the Debtor.

25

26

27  [1] As has been explained previously, the Rodriguez Creditors and the Debtor have reached an
    agreement in principle, and the Rodriguez Creditors reserve all rights with respect the terms of the
28  Amended Plan.  However, the consensual key material terms set forth in the Amended Plan and
    Disclosure Statement are filed on the docket, thus they have been disclosed.

1    Therefore, the Opposition to Subtantive Consolidation should be denied, as this Court has

2    the authority, and the power to approve the SubCon request via its eventual Order Confirming the

3    Amended Plan.

4                                               **III.**

5                                        **CONCLSUSION**

6    For the foregoing reason, this Court should cease from allowing Jordan from further

7    delaying these proceedings.  Jordan is a disgruntle former CEO, who asserts a dubious claim for

8    wrongful termination, despite being the CEO who oversaw the Debtor's operations when the $92

9    Million Judgment [consisting of $49 million in punitive damages] Claim held by the Rodriguez

10   Creditors arose.  Here, the Debtor's Disclosure Statement provides enough detail to allow a

11   hypothetical reasonable investor, typical of the holders of claims or interests in the case to make

12   an informed judgment about whether to accept or reject the proposed plan.

13   Therefore, Jordan's objection to the disclosure statement should be denied.

14

15   Dated: September 9, 2025,        Submitted by:        _/s/ Ahren A. Tiller, Esq._

16                                                          Ahren A. Tiller, Esq.
                                                           Bankruptcy Law Center, APC

17                                                          Attorneys for Creditors
                                                           JAIME RODRIGUEZ

18

19

20

21

22

23

24

25

26

27

28

In Re The Original Mowbray's Tree Service, Inc.  8:24-bk-12674-TA
Creditor's Reply to Ronnie Jordan's Objection to Plan and Disclosure Statement

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 1230 Columbia St., Ste. 1100 San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): _____
 [x]  Reply to Ronnie Jordan's Objection to Amended Disclosure Statement _____
_  _____     __     _____     __     _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/09/2025 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 [x] See attached service list

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/09/2025 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

 [x] Hon Scott Clarkson
    United States Bankruptcy Court
    411 West Fourth St., Ste. 5085 / Ctrm 5C
    Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/09/2025 | Michaela Brown | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**F 9013-3.1.PROOF.SERVICE**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*In re The Original Mowbray's Tree Service, Inc.*

No.: 8:24-bk-12674-SC

### ATTACHED SERVICE LIST

☑ Robert S Marticello on behalf of Debtor The Original Mowbray's Tree Service, Inc. - rmarticello@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com

☑ Michael Simon on behalf of Debtor The Original Mowbray's Tree Service, Inc. - msimon@raineslaw.com, bclark@raineslaw.com; jfisher@raineslaw.com

☑ Roye Zur on behalf of Creditor Mowbray Waterman Property, LLC - rzur@elkinskalt.com, lwageman@elkinskalt.com; 1648609420@filings.docketbird.com; rzur@ecf.courtdrive.com

☑ Roye Zur on behalf of Creditor Phoenix Traffic Management, Inc. - rzur@elkinskalt.com, lwageman@elkinskalt.com; 1648609420@filings.docketbird.com; rzur@ecf.courtdrive.com

☑ Jeffrey S Shinbrot on behalf of Interested Party Pino Tree Service Inc.- jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com

☑ Jessica L Giannetta on behalf of Creditor Bank of the Sierra - jessica@giannettaenrico.com, melanie@giannettaenrico.com

☑ United States Trustee (SA) - ustpregion16.sa.ecf@usdoj.gov

☑ Queenie K Ng on behalf of U.S. Trustee United States Trustee (SA) - queenie.k.ng@usdoj.gov

☑ Kenneth J Catanzarite on behalf of Interested Party Ronnie Jordan - kcatanzarite@catanzarite.com

☑ Marshall F Goldberg on behalf of Creditor Altec Capital c/o Glass & Goldberg- mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com

☑ Alan Craig Hochheiser on behalf of Creditor AmTrust North America, Inc. on behalf of Southern Insurance Company - ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com

☑ Raffi Khatchadourian on behalf of Interested Party Courtesy NEF - raffi@hemar-rousso.com

☑ Valery Loumber on behalf of Creditor Guifen He - valloumlegal@gmail.com

☑ Valery Loumber on behalf of Creditor Ping Liu - valloumlegal@gmail.com

☑ Michael B Lubic on behalf of Creditor PNC Bank, N.A.- michael.lubic@klgates.com, jonathan.randolph@klgates.com, klgatesbankruptcy@klgates.com

☑ James MacLeod on behalf of Creditor John Deere Construction & Forestry Company, c/o The Dunning Law Firm, APC - jmacleod@dunninglaw.com, nancy@dunninglaw.com

☑ David W. Meadows on behalf of Creditor Southern California Edison -

david@davidwmeadowslaw.com

☑ Estela O Pino on behalf of Creditor Pamela Metcalf-Kunellis - epino@epinolaw.com, staff@epinolaw.com; clerk@epinolaw.com

☑ Amitkumar Sharma on behalf of Creditor Ally Bank c/o AIS Portfolio Services, LLC- amit.sharma@aisinfo.com

☑ Amitkumar Sharma on behalf of Creditor Ford Motor Credit Company, LLC, c/o AIS Portfolio Services, LLC - amit.sharma@aisinfo.com

☑ Thomas E Shuck on behalf of Interested Party Courtesy NEF - tshuck@pmcos.com, efilings@pmcos.com

☑ Sharon Z. Weiss on behalf of Creditor Bank of America, N.A.- sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

☑ Mandy Youngblood on behalf of Interested Party Courtesy NEF - csbk@gmfinancial.com