**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Michael L. Simon (State Bar No. 300822)
*msimon@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Attorneys for The Original Mowbray's Tree Service, Inc., Debtor and Debtor-In-Possession

**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**
Roye Zur, State Bar No. 273875
*rzure@elkinskalt.com*
Lauren N. Gans, State Bar No. 247542
*lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524
Telephone: (310) 746-4400
Facsimile: (310) 746-4499

Attorneys for Mowbray Waterman Property, LLC, and Robin Elaine Mowbray, Debtors and Debtors in-Possession

**FILED & ENTERED**

**SEP 18 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA- SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>    Debtor and Debtor-in-Possession.<br><br>In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>    Debtor and Debtor-in-Possession.<br><br>In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>    Debtor and Debtor-in-Possession. | Case No.: 8:24-bk-12674-SC<br><br>Chapter: 11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC)<br><br>**ORDER (1) APPROVING SECOND AMENDED DISCLOSURE STATEMENT DESCRIBING SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION; AND (2) CONTINUING STATUS CONFERENCE**<br><br>**<u>Disclosure Statement Hearing</u>:**<br>Date: September 10, 2025<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>      411 W Fourth Street<br>      Santa Ana, CA 92701 |

|  |  |
|---|---|
| ☐ Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br><br>☐ Affects MOWBRAY WATERMAN PROPERTY, LLC<br><br>☐ Affects ROBIN ELAINE MOWBRAY<br><br>☒ Affects All Debtors | **Plan Confirmation Hearing:**<br>Date:  February 18, 2026<br>Time:  1:30 p.m.<br>Ctrm:   5C<br>           411 W Fourth Street<br>           Santa Ana, CA 92701<br><br>**Continued Status Conference:**<br>Date:  February 18, 2026<br>Time:  1:30 p.m.<br>Ctrm:   5C<br>           411 W Fourth Street<br>           Santa Ana, CA 92701 |

On September 10, 2025, at 1:30 p.m., the above-captioned Court held a hearing (the "**Disclosure Statement Hearing**") on the adequacy of the Disclosure Statement (as defined below) filed by The Original Mowbray's Tree Service, Inc. ("**MTS**"), Mowbray Waterman Property, LLC ("**MWP**"), and Robin Elaine Mowbray ("**Robin Mowbray**" and collectively with MTS and MWP, the "**Debtors**"), the debtors and debtors-in-possession in the above-captioned jointly administered cases, and a status conference. Robert S. Marticello and Michael L. Simon of Raines Feldman Littrell LLP appeared on behalf of MTS. Roye Zur of Elkins Kalt Weintraub Reuben Gartside LLP appeared on behalf of MWP and Robin Mowbray. All other appearances were as noted on the record.

On August 13, 2025, the Debtors filed the *First Amended Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 693] (the "**FADS**"), the *Index of Exhibits In Support of First Amended Joint Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 697] (the "**Index**"), and the *First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 695] (the "**FAP**"). On September 3, 2025, Ronnie Jordan filed an objection to the FADS [Docket No. 798] (the "**Jordan Objection**"). On September 9, 2025, the Debtors filed a reply to the Jordan Objection [Docket No. 826] (the "**Reply**").

At the Disclosure Statement Hearing, the Court approved the Disclosure Statement (as defined below) with the amendments reflected in the Reply and a modification stated on the record during the Disclosure Statement Hearing to be incorporated into a further revised

Second Amended Disclosure Statement (the "**Second Amended Disclosure Statement**") and Second Amended Plan (the "**Second Amended Plan**") to be filed by September 19, 2025, with notices of redlines of the Second Amended Disclosure Statement relative to the FADS and of the Second Amended Plan relative to the FAP (collectively, the "**Notice of Redlines**").

The Second Amended Disclosure Statement, as may be further modified or revised consistent with this Order, shall be referred to as the "**Disclosure Statement.**" The Second Amended Plan, as may be further modified or revised with this Order, shall be referred to as the "**Plan.**" Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Disclosure Statement.

Having considered the Disclosure Statement, the Reply, and all other pleadings filed in support thereof (*see* Docket No. 825), the Jordan Objection and all other pleadings filed in opposition, objection, or response to the Disclosure Statement, the statements of counsel made on the record at the Disclosure Statement Hearing, and finding that notice and service were proper, sufficient cause appearing therefor, and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that:

1. The Disclosure Statement is **APPROVED** as containing adequate information as required by 11 U.S.C. § 1125.

2. The hearing to consider the confirmation of the Plan is scheduled for **February 18, 2026,** at **1:30 p.m.** (the "**Plan Confirmation Hearing**").

3. On or before **September 19, 2025**, the Debtors shall file the Second Amended Disclosure Statement, the Second Amended Plan, and the Notice of Redlines;

4. On or before **September 19, 2025**, the Debtors shall cause the following to be transmitted by first class mail to (a) all known creditors who have timely filed a proof of claim in these Cases or who are listed in the Debtors' bankruptcy schedules, including any amendments thereto, (b) all parties to any remaining executory contracts or unexpired leases with the Debtors according to the Debtors' bankruptcy schedules, including any amendments

thereto, (c) all parties who have requested special notice, and (d) counsel for the United States Trustee:

    a.    Notice of the Plan Confirmation Hearing, which shall include notice of the deadlines to object to confirmation of the Plan and the deadline to return ballots accepting or rejecting the Plan;

    b.    The Disclosure Statement, the Plan, and all accompanying exhibits;

    c.    This Order; and

    d.    If the party is entitled to vote on the Plan, an appropriate form of ballot with appropriate voting instructions.

5.    Ballots accepting or rejecting the Plan must be returned so that they are actually received by MTS's counsel, Raines Feldman Littrell LLP, Attn: Michael L. Simon, 4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660, msimon@raineslaw.com, by no later than **October 24, 2025, at 5 p.m. Pacific Time.**

6.    Any responses, oppositions, or objections to confirmation of the Plan shall be filed with the Court and served on MTS's counsel, Raines Feldman Littrell LLP, Attn: Robert S. Marticello, 4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660, and counsel for MWP and Robin Mowbray, Elkins Kalt Weintraub Reuben Gartside LLP, Attn: Roye Zur, 10345 W. Olympic Blvd., Los Angeles, CA 90064, by no later than **January 16, 2026**.

7.    The Debtors shall file with the Court and serve on counsel for the United States Trustee a memorandum in support of confirmation of the Plan (the "**Confirmation Memo**"), a tabulation of votes on the Plan, and any declaration(s) or other evidence in support of confirmation of the Plan by no later than **February 5, 2026**.

8.    Any reply to the Confirmation Memo shall be filed with the Court and served on MTS's counsel, Raines Feldman Littrell LLP, Attn: Robert S. Marticello, 4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660, and counsel for MWP and Robin Mowbray, Elkins Kalt Weintraub Reuben Gartside LLP, Attn: Roye Zur, 10345 W. Olympic Blvd., Los Angeles, CA 90064, by no later than **February 13, 2026**.

9. Prior to the dissemination of the Disclosure Statement as provided herein, the Debtors shall have the authority to make modifications to the Disclosure Statement, the Plan, and the related documents and papers, so long as such modifications are non-substantive, typographical, conforming and/or ministerial in nature or are to incorporate the revisions to the Disclosure Statement approved by the Court, without further notice or order of the Court.

10. Parties shall disclose the identity, by a notice filed with the Court, of any declarant or witness it may use in connection with the Plan Confirmation Hearing to offer expert testimony by no later than September 17, 2025.

11. Parties shall serve any and all discovery related to the Plan Confirmation Hearing by no later than October 17, 2025 and may serve such discovery by email.

12. Objections or other written responses, or documents that must be produced in response, to any discovery served in accordance with Paragraph 11 of this Order shall be served or produced, as applicable, by November 20, 2025.

13. Any depositions related to the Plan Confirmation Hearing shall be conducted by December 19, 2025.

14. Expert reports shall be filed by no later than December 11, 2025.

15. The Debtors may agree to modify or extend the dates and deadlines in paragraphs 10 through 14 of this Order as to any particular counterparty by written agreement with such counterparty without the need for a further order.

///
///
///
///
///
///
///
///

16. In the event that there are any discovery disputes, the applicable parties must meet and confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute after such meet and confer, the parties shall contact Chambers and advise Chambers that a dispute exists and then shall prepare and file a joint stipulation or joint pleading of disagreement regarding such dispute(s) and request for hearing by Zoom. The parties are excused from complying with LBR 7026-1(c).

###

Approved as to form:

**GOE FORSYTHE & HODGES LLP**

By: _____/s/_____
     Rob P. Goe
     Attorneys for Ronnie Jordan

Date: September 18, 2025

Scott C. Clarkson
United States Bankruptcy Judge

16. In the event that there are any discovery disputes, the applicable parties must meet and confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute after such meet and confer, the parties shall prepare and file a joint stipulation or joint pleading of disagreement regarding such dispute(s) and request for hearing by Zoom. The parties are excused from complying with LBR 7026-1(c).

###

Approved as to form:

**GOE FORSYTHE & HODGES LLP**

By: _____
Rob P. Goe
Attorneys for Ronnie Jordan