ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
  *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Mowbray Waterman Property, LLC
and Robin Elaine Mowbray

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>    Debtor and Debtor-in-Possession.<br><br>In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>    Debtor and Debtor-in-Possession.<br><br>In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>    Debtor and Debtor-in-Possession.<br><br>☐  Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br><br>☒  Affects MOWBRAY WATERMAN PROPERTY, LLC<br><br>☐  Affects ROBIN ELAINE MOWBRAY<br><br>☐  Affects All Debtors | Case No.:  8:24-bk-12674-SC<br><br>Chapter: 11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC)<br><br>**SUPPLEMENT TO MOWBRAY WATERMAN PROPERTY, LLC'S MOTION FOR ENTRY OF AN ORDER:**<br><br>**(1) AUTHORIZING THE DEBTOR TO EMPLOY CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS; (2) ESTABLISHING PROCEDURES TO EMPLOY ADDITIONAL ORDINARY COURSE PROFESSIONALS AS NECESSARY; AND (3) AUTHORIZING THE DEBTOR TO COMPENSATE AND REIMBURSE ORDINARY COURSE PROFESSIONALS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ROBIN MOWBRAY, JOSEPH HORZEN OF SOREN McADAM, MICHAEL KIM OF CKB VIENNA LLP, AND CRAIG WILSON OF FULLERTON, LEMANN, SCHAEFER & DOMINICK LLP.**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]<br>[Relates to Docket No. 99 in Case No. 8:25-bk-10542-SC] |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Mowbray Waterman Property, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), hereby files this *Supplement* (the "Supplement") *to Motion for Entry of an Order (1) Authorizing the Debtor to Employ Certain Professionals in the Ordinary Course of Business and (2) Establishing Procedures To Employ Additional Ordinary Course Professionals as Necessary; and (3) Authorizing the Debtor to Compensate and Reimburse Ordinary Course Professional* (the "Motion").[1] In support of the Supplement, the Debtor submits the following memorandum of points and authorities and the attached supplemental declarations of Joseph Horzen of Soren McAdam, Michael Kim of CKB Vienna LLP and Craig Wilson of Fullerton, Lemann, Schaefer & Dominick LLP.

As set forth in the Motion, the Debtor believes that the continued employment of Soren, CKB and Fullerton is necessary to avoid disruption of the Debtor's business and is in the best interests of the estate and stakeholders. The Debtor seeks an order approving their respective employment on the terms, and based on the representation, set forth in the declarations of Joseph Horzen of Soren McAdam (Exhibit "B"), Michael Kim of CKB Vienna LLP (Exhibit "C") and Craig Wilson of Fullerton, Lemann, Schaefer & Dominick LLP (Exhibit "D") attached to the Motion, and the supplemental declarations attached hereto as Exhibits E, F and G.

As set forth in the attached supplemental declarations, the Soren, CKB and Fullerton (the "Current OCPs") will only bill the Debtor for work performed for the Debtor and not worked for other parties in interest. The supplemental declarations also clarify the billing rates of other professions employed by the Current OCPs who may perform work for the Debtor, and set forth whether any amount are owed to by Current OCPs, and whether such amounts are for services rendered pre or post-Petition.

After discussions with the Office of the United States Trustee ("OUST"), the Debtor has agreed to alter the OCP Procedures to provide that the Debtor will file and serve the Statement at

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

quarterly intervals during the pendency of the Case, rather than bi-annually. The Debtor will also disclose amounts paid to OCPs in its Monthly Operating Reports. Lastly, the Debtor has amended the Proposed Order to provide that it is authorized to employ the Current OCPs without the submission of individual employment applications.

The Debtor respectfully requests entry of the amended proposed order attached hereto as Exhibit H, granting the relief requested herein, and such other and further relief as is just and proper.

DATED: September 21 , 2025    ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: /s/ Lauren Gans
ROYE ZUR
LAUREN GANS
Attorneys for Debtor and Debtor-in-Possession
Mowbray Waterman Property, LLC

# EXHIBIT E

## DECLARATION JOSEPH HORZEN

I, Joseph Horzen, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner of Soren McAdam ("Soren"). I submit this supplemental declaration in Support of the *Supplement* (the "Supplement") *to the Motion for Entry of an Order (1) Authorizing the Debtor to Employ Certain Professionals in the Ordinary Court of Business and (2) Establishing Procedures to (a) Employ Additional Ordinary Course Professionals; and (2) to Compensate Ordinary Course Professional* (the "Motion"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. Soren will only bill the Debtor for work performed for this Debtor and not work performed for other parties in interest.

3. Soren's current customary hourly rates, subject to change from time to time, are as follows:

| | |
|---|---|
| Staff | $190/hr |
| Seniors | $221/hr |
| Supervisor | $252/hr |
| Manager | $294/hr |
| Principal | $391/hr |
| Partner | $425/hr |

In the normal course of business, Soren revises its regular hourly rates and advises that, effective January 1 of each year, the aforementioned rates will be revised to the regular hourly rates that will be in effect at that time.

4. Soren was not owned anything from the Debtor as of the Petition Date, or the filing of the Motion on July 22, 2025. Since the filing of the Motion, Soren has incurred $24,750 in fees and $0 in expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: September 18, 2025

_____
Joseph Horzen

# EXHIBIT F

## DECLARATION OF MICHAEL I. KIM OF CKB VIENNA LLP

I, Michael I. Kim, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the managing partner of CKB Vienna LLP ("CKB"). I submit this declaration in Support of the *Supplement* ("Supplement") *to the Motion for Entry of an Order (1) Authorizing the Debtor to Employ Certain Professionals in the Ordinary Court of Business and (2) Establishing Procedures to (a) Employ Additional Ordinary Course Professionals; and (2) to Compensate Ordinary Course Professional* (the "Motion"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. CKB will only bill the Debtor for work performed for this Debtor and not work performed for other parties in interest.

3. CKB's current customary hourly rate for all attorneys is $485.00, subject to change from time to time. In the normal course of business, CKB revises its regular hourly rates and advises that, effective January 1st of each year, the aforementioned rate will be revised to the regular hourly rate that will be in effect at that time.

4. CKB was not owned anything from the Debtor as of the Petition Date, or the filing of the Motion on July 22, 2025. Since the filing of the Motion, CKB has incurred $0.00 in fees and $0.00 in expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: September 2, 2025


Michael Kim

# EXHIBIT G

## DECLARATION OF CRAIG WILSON

I, Craig Wilson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner of Fullerton, Lemann, Schaefer & Domick, LLP ("Fullerton"). I submit this declaration in Support of the *Supplement* ("Supplement") *to the Motion for Entry of an Order (1) Authorizing the Debtor to Employ Certain Professionals in the Ordinary Court of Business and (2) Establishing Procedures to (a) Employ Additional Ordinary Course Professionals; and (2) to Compensate Ordinary Course Professional* (the "Motion"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. Fullerton will only bill the Debtor for work performed for this Debtor and not work performed for other parties in interest.

3. Fullerton's current customary hourly rates, subject to change from time to time, are as follows:

**ATTORNEY BILLING RATES:**

**Partners**

| | | |
|---|---|---|
| Wilfrid C. Lemann | (WCL) | $475 |
| Michael R. Schaefer | (MRS) | $475 |
| Thomas W. Dominick | (TWD) | $450 |
| Craig E. Wilson | (CEW) | $425 |
| David P. Colella | (DPC) | $400 |

**Associate Attorneys**

| | | |
|---|---|---|
| Aric M. Davison | (AMD) | $350 |
| Mark H. McGuire | (MHM) | $350 |

**Of Counsel**

| | | |
|---|---|---|
| Sara L. Parker | (SLP) | $300 |

**STAFF BILLING RATES:**

**Paralegals & Legal Assistants**

| | | |
|---|---|---|
| Angela C. Depue | (ACD) | $145 |

| | | | |
|---|---|---|---|
| 1 | Araceli L. Patiño | (ALP) | $145 |
| 2 | Barbara A. Sieber | (BAS) | $135 |
| 3 | Cristina Macias-Graves | (CG) | $125 |
| 4 | Deborah J. Marsh | (DJM) | $145 |
| 5 | Doreen R. Kennedy | (DRK) | $145 |
| 6 | Karen A. Spear | (KAS) | $135 |
| 7 | Lisa E. Dunham | (LED) | $145 |
| 8 | Melissa E. Hart | (MEH) | $145 |
| 9 | Norma E. Manocchi | (NEM) | $145 |
| 10 | Sarah D. Randolph | (SDR) | $145 |
| 11 | Susie Carrillo | (SC) | $145 |
| 12 | Terri L. Nelson | (TLN) | $145 |

In the normal course of business, Fullerton revises its regular hourly rates and advises that, effective January 1 of each year, the aforementioned rates will be revised to the regular hourly rates that will be in effect at that time.

4. Fullerton was owed $489.00 as of the Petition date and has waived its claim for fees or expenses due pre-Petition.

5. Fullerton is owed $550.00 in fees and $0.00 in expenses for services rendered post-Petition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: 9/4/2025

DocuSigned by:

Craig E. Wilson

Craig Wilson

# EXHIBIT H

**AMENDED PROPOSED ORDER EXHIBIT H**

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
  *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Debtor and Debtor-in-Possession
Mowbray Waterman Property, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>　　　　Debtor. | Case No. 8:25-bk-10542-SC<br><br>Chapter 11<br><br>**ORDER**<br><br>**(1) AUTHORIZING THE DEBTOR TO EMPLOY CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS;**<br><br>**(2) ESTABLISHING PROCEDURES TO EMPLOY ADDITIONAL ORDINARY COURSE PROFESSIONALS AS NECESSARY; AND**<br><br>**(3) AUTHORIZING THE DEBTOR TO COMPENSATE AND REIMBURSE ORDINARY COURSE PROFESSIONALS**<br><br>Hon. Scott C. Clarkson |

5704043.1

4

The Court having read and considered the *Motion for Entry of an Order (1) Authorizing the Debtor to Employ Certain Professionals in the Ordinary Course of Business and (2) Establishing Procedures To Employ Additional Ordinary Course Professionals as Necessary; and (3) Authorizing the Debtor to Compensate and Reimburse Ordinary Course Professional* (the "Motion")[2] [Docket No.      ] and the Supplement to the Motion [Docket No.      ] filed by Mowbray Waterman Property, LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this case and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; no opposition to the Motion having been filed and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtor hereby is authorized to employ Soren McAdam to provide general accounting and tax services to the Debtor on the terms, and based on the representation, set forth in the declaration of Joseph Horzen, attached to the Motion as Exhibit "B" and the Supplement to the Motion as Exhibit "E" and without the submission of an individual employment application.

3. The Debtor hereby is authorized to employ CKB Vienna LLP to serve as litigation counsel in the Jordan Litigation (among other matters) to the Debtor on the terms, and based on the representation, set forth in the declaration of Michael Kim, attached to the Motion as Exhibit "C"

---

[2] Capitalized terms used and not defined herein have the meanings ascribed in the Motion.

the Supplement to the Motion as Exhibit "F" and without the submission of an individual employment application.

4.  The Debtor hereby is authorized to employ Fullerton, Lemann, Schaefer & Dominick LLP to serve as general corporate counsel to the Debtor on the terms, and based on the representation, set forth in the declaration of Craig Wilson, attached to the Motion as Exhibit "D" the Supplement to the Motion as Exhibit "G" and without the submission of an individual employment application.

5.  The Debtor is authorized, but not directed, to retain, compensate, and reimburse OCPs in accordance with the following approved procedures (the "OCP Procedures"):

   a) Before the Debtor may compensate an OCP, the Debtor must first file and serve upon the creditors included on the Debtor's Bankruptcy Rule 1007(d) list and the Office of the United States Trustee (collectively, the "Reviewing Parties") a declaration of such OCP substantially in the form attached as Exhibit 1 to this Order (the "OCP Declaration")

   b) The OCP Declaration shall set forth the following information: ((i) a description of the proposed scope of services to be provided by the OCP; (ii) the rate(s) proposed to be charged for the services; (iii) a statement concerning the OCP's representation of any persons who are parties in interest in the case and that the OCP does not hold any interest adverse to the Debtor or the estate with respect to the services that the OCP is to provide to the Debtor in the case; (iv) a statement of the time records kept by the OCP pre-petition in the ordinary course and confirming that, upon approval of the OCP's retention in accordance with this Order, the OCP will maintain such time records in the ordinary course of business with respect to services provided to the Debtor post-petition; (v) with respect to any OCP who provides legal services, a statement confirming that, upon approval of the OCP's retention in accordance with this Order, the OCP will maintain time records in the ordinary course of business with respect to services provided to the Debtor post-petition; and (vi) if the OCP is holding a retainer as of the Petition Date, it shall disclose the amount of the retainer. The respective OCP may apply its prepetition retainer against any prepetition claims once its retention is approved pursuant to the OCP Procedures.

   c) To the extent the Debtor determines it is appropriate to retain additional OCPs, the Debtor will file and serve on Reviewing Parties an OCP Declaration for such professional. The Reviewing Parties will have 14 days after service of an OCP Declaration (the "Objection Deadline") to object to the Debtor's employment of such OCP. Any objecting party will file and serve any objection upon each of the Reviewing Parties and the respective OCP on or before the Objection Deadline. The Objection Deadline may be extended by written consent of the Debtor to facilitate resolution of any informal objection. If any such objection

5704043.1                         2

cannot be consensually resolved by the Debtor within 14 days of its receipt, the objection will be scheduled for adjudication by the Court. If no objection is filed by any of the Reviewing Parties by the Objection Deadline, the Debtor will be authorized to employ such OCP in accordance with the OCP Procedures. If, after a hearing, the retention of an OCP is not approved, the respective professional shall not be entitled to compensation from the Debtor for any work performed on behalf of the Debtor, including from the Petition Date through the date of the order denying such retention, unless its employment is subsequently approved by the Court.

d) Once an OCP is retained in accordance with the OCP Procedures, the Debtor may pay such professional 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); provided that the total fees and costs for all OCPs does not exceed the amounts in the budget approved by the Court with respect to cash collateral, subject to permitted variances.

e) If the total fees and costs for all OCPs does not comply with the budget approved by the Court with respect to cash collateral, subject to permitted variances, the OCPs must apply for approval by the Court of all the fees and expenses in excess of such budget in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court, provided, however, that if the OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its OCP Declaration, and no party objects thereto or any such objection is resolved, such OCP shall not be required to submit an interim or final fee application solely because such professional's fees and expenses exceeded the amounts in the budget approved by the Court with respect to cash collateral.

f) At three month intervals (each, a "Quarter") during the pendency of the Case, the Debtor shall file with the Court and serve on the Reviewing Parties no later than thirty (30) days after the end of such Quarter (with the first end of a Quarter occurring December 31, 2025) a statement ("Statement") that shall include the following information for each OCP: (i) the name of each OCP; (ii) the amounts paid per month to each OCP as compensation for services rendered and reimbursement of expenses incurred by such OCP during the Quarter; and (iii) a brief statement of the type of services rendered. The Debtor will continue to file a Statement through the earlier of the dismissal or conversion of this Case or the confirmation of a chapter 11 plan. The version of the Statement served on the Office of the United States Trustee will include any invoices of the OCP for the period covered by the Statement otherwise required by this Order.

g) The Reviewing Parties shall file and serve on the Debtor, and any applicable OCP, objections to the payments made to such OCP within ten (10) calendar days following the filing of each Statement. If an objection to the fees and/or expenses of an OCP is timely filed and served, such fees and expenses shall be subject to

5704043.1                                         3

review and approval by the Court pursuant to § 330 of the Bankruptcy Code. Any fees and expenses that are ultimately not allowed by the Court after resolution of such an objection shall be subject to disgorgement

6.   The entry of this Order and approval of the OCP Procedures does not affect the Debtor's ability to (i) dispute any invoice submitted by an OCP and (ii) retain additional OCPs from time to time as the need arises, and the Debtor reserves all of its rights with respect thereto.

7.   If an OCP is holding a retainer as of the Petition Date, it shall disclose the amount of the retainer in its OCP Declaration. The respective OCP may apply its prepetition retainer against any prepetition claims once its retention is approved in accordance with this Order or the OCP Procedures.

8.   The Debtor is authorized to take any and all actions necessary to effectuate the relief granted in this Order.

9.   The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

5704043.1    4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **SUPPLEMENT TO MOWBRAY WATERMAN PROPERTY, LLC'S MOTION FOR ENTRY OF AN ORDER: (1) AUTHORIZING THE DEBTOR TO EMPLOY CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS; (2) ESTABLISHING PROCEDURES TO EMPLOY ADDITIONAL ORDINARY COURSE PROFESSIONALS AS NECESSARY; AND (3) AUTHORIZING THE DEBTOR TO COMPENSATE AND REIMBURSE ORDINARY COURSE PROFESSIONALS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ROBIN MOWBRAY, JOSEPH HORZEN OF SOREN McADAM, MICHAEL KIM OF CKB VIENNA LLP, AND CRAIG WILSON OF FULLERTON, LEMANN, SCHAEFER & DOMINICK LLP** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 29, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shraddha Bharatia**     notices@becket-lee.com
- **Jeffrey W Broker**     jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**     kcatanzarite@catanzarite.com
- **Lauren N Gans**     lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jessica L Giannetta**     jessica@giannettalawcorp.com, melanie@giannettaenrico.com
- **Robert P Goe**     rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall F Goldberg**     mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**     ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**     bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**     raffi@hemar-rousso.com
- **Valery Loumber**     valloumlegal@gmail.com
- **Michael B Lubic**     michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**     jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Kathleen P March**     kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**     rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**     david@davidwmeadowslaw.com
- **Karen S. Naylor**     Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Estela O Pino**     epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**     don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Todd C. Ringstad**     becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**     amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**     jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**     tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**     msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Derek A Simpson**     derek@dsimpsonlegal.com
- **Ahren A Tiller**     ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                            **F 9013-3.1.PROOF.SERVICE**

- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**   csbk@gmfinancial.com
- **Roye Zur**   rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 29, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 29, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 29, 2025 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**