**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
4675 MacArthur Ct, Suite 1550
Newport Beach, CA 92660
Telephone:   (310) 440-4100
Facsimile:    (310) 691-1943

Counsel for The Original Mowbray's Tree Service,
Inc., Debtor and Debtor-In-Possession

**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**
Roye Zur, State Bar No. 273875
*rzure@elkinskalt.com*
Lauren N. Gans, State Bar No. 247542
*lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524
Telephone:  (310) 746-4400
Facsimile:  (310) 746-4499

Attorneys for Mowbray Waterman Property, LLC,
and Robin Elaine Mowbray, Debtors and Debtors in-
Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>          Debtor and Debtor-in-Possession. | Case No.:   8:24-bk-12674-SC<br><br>Chapter:  11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC) |
| In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>          Debtor and Debtor-in-Possession. | **JOINT OPPOSITION TO RONNIE JORDAN'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE** |
| In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>          Debtor and Debtor-in-Possession. | |
| ☐    Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC. | |

1

☐ Affects MOWBRAY WATERMAN PROPERTY, LLC

☐ Affects ROBIN ELAINE MOWBRAY

☒ Affects All Debtors

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

The Original Mowbray's Tree Service, Inc. ("**MTS**"), Mowbray Waterman Property, LLC, and Robin Elaine Mowbray, the debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "**Debtors**"), file this joint opposition to the *Application for Order Setting Hearing on Shortened Notice* [Docket No. 1158] (the "**OST Application**") concerning the emergency motion for order staying and/or abstention (the "**Motion**") filed by Ronnie Jordan ("**Jordan**") with respect to MTS's *Motion for Order Disallowing, Subordinating, and Estimating Proof of Claim No. 148-3 filed by Ronnie Jordan* [Docket No. 1126] and the *Joint Motion of Mowbray Waterman Property, LLC, and Robin Elaine Mowbray for Order Disallowing, Subordinating, and/or Estimating Proof of Claim No. 4-2 and Proof of Claim No. 8-2 filed by Ronnie Jordan* [Docket No. 1133] (collectively, the "**Objections**").

## I.   <u>OPPOSITION</u>

The Debtors will obviously defer to the Court as to when it would like the Motion heard.  However, the Debtors file this opposition to the OST Application simply to note that the OST Application, as well as the Motion, are misleading and are based on Jordan's mischaracterization of the Objections to Jordan's proofs of claim in the Debtors' respective cases (collectively, the "**Claims**").  Jordan is continuing his pattern of making arguments to this Court that are simply not true (and demonstrably so).

The OST Application and the Motion are based on a faulty premise.  The Debtors do not seek to liquidate, or adjudicate the merits of, the Claims under applicable non-bankruptcy law before this Court and the state court.  As such, there are no parallel proceedings involving

the same issues and no risk of inconsistent rulings.  (*See* OST App., Catanzarite Decl. at 24 of 27, ¶ 8.)  The Objections do not violate the Court's prior orders in any way (in word or in spirit).  (*See id.* at 1 of 27, § 2.a.)  The Claims will be *liquidated* under state law in state court through a jury trial as Jordan hopes.  However, Jordan cannot escape the provisions of the Bankruptcy Code.  Jordan should be forced to face the consequences of his actions, *i.e.*, of filing claims in these cases in a strategically chosen amount untethered to reality and that are in far excess of the express limitations imposed by the Bankruptcy Code.

Contrary to Jordan's arguments, the Objections raise bankruptcy-specific issues regarding the allowance, subordination, and estimation of the Claims under the Bankruptcy Code.  These are each *core* matters within the *exclusive* jurisdiction of the Court.  *See, e.g., In re Fairchild Aircraft Corp.*, 1990 WL 119650, at *8-9 (Bankr. W.D. Tex. 1990) (stating that there is a "clear distinction" between the liquidation and allowance of a claim and that claim allowance and estimation are within the exclusive jurisdiction of the federal court).  That is, *only this Court* can decide the issues raised in the Objections.

More specifically, the Debtors seek to disallow the Claims based on the caps expressly imposed in §§ 502(b)(4) and (b)(7) of the Bankruptcy Code and, alternatively, to subordinate any remaining portion of the Claims under § 510(b).  The Debtors' objections under §§ 502(b)(4) and (7) and their request for subordination under § 510(b) raise *only* bankruptcy issues arising under the Code and have nothing to do with the merits of the Claims under state law.  As demonstrated by the Objections, §§ 502(b)(4) and (b)(7) permit the Court to disallow the Claims and § 510(b) permits the Court to subordinate the Claims *assuming they are otherwise valid under state law*.

The Debtors also seek to estimate the Claims (if and to the extent they are not disallowed) pursuant to § 502(c).  While estimation considers the merits of the Claims under applicable law in reaching an appropriate amount, it does not finally adjudicate them, but, instead, establishes the amount of the Claims for purposes in the cases, such as for voting

1   purposes and for the requirements of confirmation of the Debtor's plan.[1]  *See, e.g. In re Pac.*

2   *Gas & Elec.Co.,* 295 B.R. 635, 642-43 (Bankr. N.D. Cal. 2003) (estimation requires a

3   reasonable estimate of "'the probable value of the claim.'"); *Matter of Interco Inc.*, 137 B.R.

4   993, 999 (Bankr. E.D. Mo. 1992) ("[T]he claims estimation process does not result in a

5   liquidated, non-bankruptcy claim; rather, it produces a claim that has been estimated for the

6   purpose of allowance in a bankruptcy case."); *Matter of Baldwin-United Corp.*, 55 B.R. 885,

7   898 (Bankr. S.D. Ohio 1985) (estimation "conclusively sets the outer limits of a claimant's

8   right to recover" where liquidation would unduly delay the administration of the case).

9        In sum, the state court cannot and will not decide any of the issues raised by the

10  Objections.  Jordan's assertion in the OST Application that the Debtors seek to litigate "the

11  merits" of the Claims that "are already being litigated in" state court is false.  (*See* OST App. at

12  2 of 27, § 2.c.; *see also id.*, Catanzarite Decl. at 23 of 27, at ¶ 6.)  Jordan's assertion in the OST

13  Application that the Objections run afoul of the Court's prior four orders is false.  (*See* OST

14  App. at 1 or 27, § 2.a.)  The Court has not decided any of the issues presented by the

15  Objections.  Jordan is mischaracterizing the nature of the Objections to make the Motion seem

16  meritorious (when it is not) because he is concerned with the merit of the Objections (as he

17  should be).

18       Against this backdrop, the Debtors submit that there is no emergency basis or cause to

19  hear the Motion on anything other than regular notice.  The OST Application should be denied

20  (as should the Motion once it is heard).  For example, law of the case is inapplicable because

21  the Objections do not revisit, or seek reconsideration of, the Court's stay relief orders or any

22  issues previously decided by the Court.  Moreover, abstention under 28 U.S.C. § 1334(c)(2),

23  which is relied upon by Jordan, is inapplicable to core matters, such as a claim objection.  *See*

24  *In re Bellucci*, 119 B.R. 763, 773 (Bankr. E.D. Cal. 1990) ("The objection to claim is a core

25  proceeding that 'arises in' the bankruptcy case and, for that reason alone, is ineligible for

27  ___
[1]   In addition to estimation being within the Court's core and exclusive jurisdiction, the Court
raised the possibility of estimation in its *Order Directing Supplemental Briefing and Setting Continued
Hearing on Debtor's Motion for Equitable Subordination* [Docket No. 963].

1    mandatory abstention.").  The Debtors have no objection to the Motion being set on December

2    10, 2025, at 1:30 p.m. to be heard with the Objections.

3

4                                                    Respectfully submitted,

5    DATED:  November 18, 2025              **RAINES FELDMAN LITTRELL LLP**

6

7                                              By:   */s/ Robert S. Marticello*

8                                                    ROBERT S. MARTICELLO
                                                     MICHAEL L. SIMON
9                                                    Counsel for Debtor and Debtor-in-Possession,
                                                     The Original Mowbray's Tree Service, Inc.
10

11   DATED:  November 18, 2025              **ELKINS KALT WEINTRAUB REUBEN**
                                            **GARTSIDE LLP**
12

13                                             By:   _____

14                                                   ROYE E. ZUR
                                                     LAUREN N. GANS
15                                                   Attorneys for Debtors and Debtors-in-Possession
                                                     Mowbray Waterman Property, LLC, and Robin
16                                                   Elaine Mowbray

17

18

19

20

21

22

23

24

25

26

27

28

                                              5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **JOINT OPPOSITION TO RONNIE JORDAN'S
APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**November 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 18, 2025**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**Personal Delivery**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 18, 2025 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Shraddha Bharatia**    notices@becket-lee.com
- **Jeffrey W Broker**    jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**    kcatanzarite@catanzarite.com
- **Lauren N Gans**    lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jessica L Giannetta**    jessica@giannettalawcorp.com, melanie@giannettaenrico.com
- **Robert P Goe**    rgoe@goeforlaw.com,
  kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall F Goldberg**    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**    bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Valery Loumber**    valloumlegal@gmail.com
- **Michael B Lubic**    michael.lubic@klgates.com,
  jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**    jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Estela O Pino**    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**    don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**    tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**    msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Derek A Simpson**    derek@dsimpsonlegal.com
- **Ahren A Tiller**    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**    csbk@gmfinancial.com
- **Roye Zur**    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                           **F 9013-3.1.PROOF.SERVICE**