**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
4675 MacArthur Ct, Suite 1550
Newport Beach, CA 92660
Telephone:    (310) 440-4100
Facsimile:    (310) 499-4877

Counsel for The Original Mowbray's Tree Service, Inc., Debtor and Debtor-In-Possession

**FILED & ENTERED**

**NOV 25 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>        Debtor and Debtor-in-Possession.<br><br>In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>        Debtor and Debtor-in-Possession.<br><br>In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>        Debtor and Debtor-in-Possession.<br><br>☒ Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br>☐ Affects MOWBRAY WATERMAN PROPERTY, LLC<br>☐ Affects ROBIN ELAINE MOWBRAY<br>☐ Affects All Debtors | Case No.: 8:24-bk-12674-SC<br><br>Chapter: 11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC)<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING:**<br><br>**(1) SALE OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); AND**<br><br>**(2) EMPLOYMENT OF RITCHIE BROS. AUCTIONEERS (AMERICA) INC. AS AUCTIONEER**<br><br>**Hearing Information:**<br>**Date:** November 20, 2025<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 5C<br>        411 West Fourth Street,<br>        Santa Ana, CA 92701 |

1

ORDER

1  On November 20, 2025, in the above-captioned Court, a hearing was held on the *Debtor's Motion for Order Authorizing: (1) Sale of Personal Property Pursuant to 11 U.S.C. §§ 363(b) and (f); and (2) Employment of Ritchie Bros. Auctioneers (America) Inc. as Auctioneer* [Docket No. 1152] (the "**Motion**") filed by The Original Mowbray's Tree Service, Inc., the affected debtor and debtor-in-possession in the above captioned jointly-administered cases (the "**Debtor**"). Appearances were as noted on the record. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

  Having considered the Motion and all declarations, exhibits, and other papers submitted in support of the Motion, and the lack of opposition to the Motion, finding that notice and service of the Motion are proper, and for good cause shown,

  **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted.

2. The Debtor is authorized to employ Ritchie Bros. Auctioneers (America), Inc. ("**Ritchie Brothers**") as an auctioneer pursuant to 11 U.S.C. § 327 to sell the Equipment at the Auction pursuant to the Agreement attached to the Motion as Exhibit 1.

3. The terms of the Agreement are approved except as modified herein.

4. Ritchie Brothers is authorized to sell the Equipment at the Auction on, and such sale(s) shall be, an as-is, where-is basis, without representations or warranties, free and clear of any and all liens and interests pursuant to 11 U.S.C. §§ 363(b) and (f).

5. Ritchie Brothers is authorized to be paid the Commission in accordance with the Agreement without further order of the Court.

6. The Debtor is authorized to execute any documents or take any actions reasonably necessary to consummate the sale of the Equipment at the Auction.

7. Except as permitted in Paragraph 8 below, Ritchie Brothers shall auction each item of Equipment individually and provide the Debtor with detailed post-sale reporting. In the event the detailed post-sale reporting does not allocate any portion of the sale proceeds received by the Debtor to any of the Equipment (the "**Unallocated Equipment**"), the Debtor and any entities who asserted a lien in the Unallocated Equipment prior to the Auction shall

cooperate in good faith to determine how the sale proceeds should be allocated amongst the Unallocated Equipment and whose lien shall attach to the sale proceeds of the Unallocated Equipment in accordance with paragraph 9 below based on the pro-rated fair market value of such Unallocated Equipment.

8. In the event that, at the Auction, a bidder submits a lump sum bid on multiple items of Equipment that does not allocate the amount of its lump sum bid by the individual items of Equipment bid on (each, a "**Lump Sum Bid**"), and such Lump Sum Bid exceeds the collective amount of the highest bids received on the multiple items of Equipment subject to such Lump Sum Bid (the "**Lump Sum Bid Equipment**"), Ritchie Brothers shall immediately notify the Debtor, PNC Bank, N.A. ("**PNC**"), and Altec Capital Services, LLC ("**Altec**" and collectively with the Ritchie Brothers, the Debtor, and PNC, the "**Consultation Parties**"). Altec shall receive such notice only if Altec has a lien or lessor's interest in any of the Lump Sum Bid Equipment. The Consultation Parties shall immediately cooperate in good faith to (a) determine whether to accept the Lump Sum Bid; and (b) in the event the Lump Sum Bid is a winning bid, and solely for purposes of allocating the sale proceeds, pro rate the amount of the winning Lump Sum Bid amongst the Lump Sum Equipment based on the pro-rated fair market value of such Lump Sum Equipment.

9. The Debtor shall hold the proceeds received from the Auction in a segregated account. Any liens of Altec or PNC against the Equipment shall attach to the sale proceeds received by the Debtor in the same amount, priority, force, and effect as such lien currently exists against such Equipment, subject to any and all rights and defenses of the Debtor or any party in interest, which are expressly reserved. Such proceeds shall not be further distributed from the Debtor's segregated account absent an agreement of the Debtor and the applicable lienholder or a Court order authorizing such.

10. Any requirements for lodging periods of this order imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy rules are waived.

///

///

11. The stay of this Order imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules is waived.

###

Date: November 25, 2025

Scott C. Clarkson
United States Bankruptcy Judge