**FILED & ENTERED**

**JAN 27 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>      Debtor and Debtor-in-Possession. | Lead Case No. 8:24-bk-12674-SC<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC)<br><br>**ORDER RE:**<br>**(1) THE ORIGINAL MOWBRAY'S TREE SERVICE, INC.'S MOTION FOR ORDER DISALLOWING, SUBORDINATING, AND ESTIMATING PROOF OF CLAIM NO. 148-3 [DK. 1126]; AND**<br>**(2) MOWBRAY WATERMAN PROPERTY, LLC'S AND ROBIN ELAINE MOWBRAY'S JOINT MOTION FOR ORDER DISALLOWING, SUBORDINATING, AND/OR ESTIMATING PROOF OF CLAIM NO. 4-2 (AGAINST WATERMAN) AND PROOF OF CLAIM NO. 8-2 (AGAINST ROBIN) [DK. 1133]**<br><br>**Vacated Hearings:**<br>Date:    January 28, 2026<br>Time:    9:00 AM<br>Place:    Courtroom 5C<br>            411 West Fourth Street<br>            Santa Ana, CA 92701 |
| In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>      Debtor and Debtor-in-Possession. | |
| In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>      Debtor and Debtor-in-Possession. | |
| ☐  Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br>☐  Affects MOWBRAY WATERMAN PROPERTY, LLC<br>☐  Affects ROBIN ELAINE MOWBRAY<br>☒  Affects All Debtors | |

The Court has considered the *Motion for Order Disallowing, Subordinating, and Estimating Proof of Claim No. 148-3* filed by The Original Mowbray's Tree Service, Inc. [Dk. 1126] and the *Joint Motion of Mowbray Waterman Property, LLC and Robin Elaine Mowbray for Order Disallowing, Subordinating, and/or Estimating Proof of Claim No. 4-2 (Against Waterman) and Proof of Claim No. 8-2 (Against Robin) Filed by Ronnie Jordan* [Dk. 1133] filed on November 10, 2025 (collectively, the "Motions"), together with the respective joinders, oppositions, replies, and the docket as a whole. For the reasons set forth below, the Court has determined that a hearing is not necessary and hereby GRANTS the Motions in part as set forth herein and estimates the Proofs of Claim Numbers 148-3, 4-2, and 8-2 at $0.00 for voting purposes only under 11 U.S.C. § 502(c)(1) and Fed. R. Bankr. P. 3018(a), with all other matters deferred and continued until resolution of the underlying pending state court action.

The pleadings demonstrate that Proof of Claim No. 148-3, filed by Creditor Ronnie Jordan in the amount of $63,833,202.00; Proof of Claim No. 4-2, filed by Jordan in the amount of $43,495,996.00; and Proof of Claim No. 8-2, filed by Jordan in the amount of $63,833,202.00 are based primarily on an alleged oral agreement that is the subject of a pending state court action set for jury trial on March 9, 2026, for which this Court has granted relief from stay. The existence, enforceability, and scope of the alleged agreement, Jordan's insider status, the circumstances of his termination, and the nature of the claimed compensation are all disputed and will be adjudicated in that proceeding. Because liquidation of the claim depends on unresolved state law issues that will not be resolved before plan confirmation, fixing or liquidating the claim at this time would unduly delay the administration of the case. Accordingly, estimation is required under 11 U.S.C. § 502(c)(1).

The Court further finds that estimation is necessary to permit the Chapter 11 cases to proceed toward confirmation, and that estimation for voting purposes is expressly authorized by Fed. R. Bankr. P. 3018(a). The Court has broad discretion in selecting the method of estimation and need only make a reasonable procedural estimate to allow the case to move forward. *See In re Falk,* 2013 Bankr. LEXIS 4645 (B.A.P. 9th Cir. 2013); *In re N. Am. Health Care, Inc.*, 544 B.R. 684 (Bankr. C.D. Cal. 2016).

2

Given that no determinations have yet been made on the enforceability of the alleged agreement or the legal theories underlying the claim, and that the merits will be resolved in the pending state court action, the Court's best estimate of the claim for voting purposes is $0.00. This estimate is made solely for purposes of plan voting and confirmation, including application of the best interest of creditors test, and does not constitute a determination of the validity, allowability, priority, subordination, or ultimate amount of the claim for purposes of distribution.

Accordingly, the Court finds good cause to:

1. Defer determination of disallowance under 11 U.S.C. §§ 502(b)(4) and 502(b)(7), and subordination under 11 U.S.C. § 510(b), pending resolution of the state court action. A continued hearing will occur on May 20, 2026, at 1:30 p.m. A joint status report addressing the state court proceeding must be filed two weeks prior to the hearing.

2. GRANT the Motions in part and estimate Proof of Claim Nos. 148-3 (against The Original Mowbray's Tree Service, Inc.), 4-2 (against Mowbray Waterman Property, LLC), and 8-2 (against Robin Elaine Mowbray) at $0.00 for voting purposes only under 11 U.S.C. § 502(c)(1) and Fed. R. Bankr. P. 3018(a).

**IT IS SO ORDERED.**

###

Date: January 27, 2026

Scott C. Clarkson
United States Bankruptcy Judge