

**FILED & ENTERED**

**JAN 27 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>      Debtor and Debtor-in-Possession. | Lead Case No. 8:24-bk-12674-SC<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC) |
| In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>      Debtor and Debtor-in-Possession. | **ORDER DENYING DEBTOR'S MOTION FOR ORDER EQUITABLY SUBORDINATING CLAIM OF RONNIE JORDAN WITHOUT PREJUDICE**<br><br>**Vacated Hearing:**<br>Date:     January 28, 2026<br>Time:    9:00 AM<br>Place:   Courtroom 5C<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |
| In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>      Debtor and Debtor-in-Possession. | |
| ☒   Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br><br>☐   Affects MOWBRAY WATERMAN PROPERTY, LLC<br><br>☐   Affects ROBIN ELAINE MOWBRAY<br><br>☐   Affects All Debtors | |

1    The Court has considered *Debtor The Original Mowbray's Tree Service, Inc.'s Motion for Order Equitably Subordinating Claim of Ronnie Jordan Pursuant to 11 U.S.C. § 510(c) and for Attorney's Fees and Costs* filed August 20, 2025 [Dk. 721] (the "Motion"), the opposition, the reply, the supplemental briefing, and the docket as a whole, and finds that this matter is appropriate for determination without a further hearing. Accordingly, for the reasons set forth below, the Court hereby DENIES the Motion without prejudice and VACATES the January 28, 2026 hearing.

On October 2, 2025, the Court heard oral argument on the Motion and took the matter under submission. By Order entered October 10, 2025 [Dk. 963], the Court directed supplemental briefing and continued the hearing to address whether equitable subordination or alternative remedies were appropriate, including vote designation under 11 U.S.C. § 1126(e), sanctions under 11 U.S.C. § 105(a), and estimation of Creditor Ronnie Jordan's claim for voting purposes. The parties filed significant briefing in response to the foregoing order.

Subsequently, in connection with Debtor's Motion for Order Disallowing, Subordinating, and Estimating Proof of Claim No. 148-3, the Court has estimated Jordan's claim at $0.00 for purposes of plan voting under 11 U.S.C. § 502(c) and Federal Rule of Bankruptcy Procedure 3018(a), and has deferred determination of the ultimate validity, amount, and priority of the claim pending resolution of the related state court litigation.

In light of that ruling, the Court finds that equitable subordination under 11 U.S.C. § 510(c) is not necessary or appropriate at this time. Estimation of the claim at zero for voting purposes, and in consideration of the best interest of creditors test, fully addresses the only practical effect of the alleged conduct on the confirmation process, and there is no present need to impose the extraordinary remedy of equitable subordination.

Moreover, equitable subordination requires a showing of inequitable conduct resulting in injury to creditors or unfair advantage to the claimant. *See Feder v. Lazar (In re Lazar)*, 83 F.3d 306, 309 (9th Cir. 1996). Given that Jordan's claim has been estimated at zero for voting purposes, and that no determination has yet been made regarding the merits of the underlying claim, the Court finds that the record does not presently support the imposition of equitable subordination, or other relief at this time.

Accordingly, Debtor's Motion for Order Equitably Subordinating Claim of Ronnie Jordan [Dk. 721] is DENIED without prejudice.

**IT IS SO ORDERED.**

###

Date: January 27, 2026

Scott C. Clarkson
United States Bankruptcy Judge

3