Robert P. Goe – State Bar No. 137019
Jeffrey W. Broker – State Bar No. 53226
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Building D, Suite 210
Irvine, CA 92614
Email: rgoe@goeforlaw.com
        jbroker@goeforlaw.com
        cmanee@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Kenneth J. Catanzarite (SBN 113750)
**CATANZARITE LAW CORPORATION**
2331 West Lincoln Avenue
Anaheim, California 92801
Email: kcatanzarite@catanzarite.com
Telephone:     (714) 520-5544
Facsimile:      (714) 520-0680

Attorneys for Creditor Ronnie Jordan

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY TREE SERVICE, INC.,<br><br>            Debtor(s) | Chapter 11<br><br>LEAD CASE NO.: 8:24-bk-12674-SC<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO. 8:25-bk-10542-SC<br><br>CASE NO. 8:25-bk-10543-SC |
| In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>            Debtor(s) | **CREDITOR RONNIE JORDAN'S REPLY TO CONFIRMATION BRIEF AND FURTHER OBJECTION TO SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF** |
| In re:<br><br>ROBIN ELAINE MOWBRAY<br><br><br>            Debtor(s) | **POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATIONS OF JAMES WONG AND KENNETH CATANZARITE IN SUPPORT** |
| <u> X   </u>   Affects all Debtors | **[NOTICE OF LODGMENT OF DEPOSITION TRANSCRIPT OF BRIAN** |

0

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1 | ____ Affects
2 | ____ Affects
   | ____ Affects
3 |                            Debtor(s)

**WEISS AND EVIDENTIARY OBJECTIONS FILED CONCURRENTLY HEREWITH]**

**Hearing**:
Date:        February 18, 2025
Time:        1:30 p.m.
Place:       Courtroom 5C
             411 West Fourth Street.
             Santa Ana, CA 92701

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

I.    PRELIMINARY STATEMENT REGARDING JORDAN'S RIGHTS TO OBJECT
      TO THE PLAN ...................................................................................................... 1

II.   INTRODUCTION................................................................................................... 3

III.  SUPPLEMENTAL FACTUAL BACKGROUND ........................................... 6

      A.    The Events Leading to MTS's Downfall Connect Directly to the Inappropriate
            Releases Proposed to Debtors' Insiders and Other Failures to the Plan ................ 5

IV.   ARGUMENT........................................................................................................... 8

      A.    The Debtor Has the Burden of Proof on All Confirmation Elements and the Plan
            Is Lacking Any Meaningful Evidentiary Support.................................................... 8

      B.    The Plan Unquestionably Violates Section 1123(a)(4) .......................................... 9

      C.    The Plan Violations Section 1123(a)(5)(B) Because It Lacks an Adequate Means
            of Implementation as to Certain Plan Provisions.................................................. 11

      D.    Debtor's Brief Affirms that the MWP Consolidation Violates Section
            1123(a)(5)(C) ...................................................................................................... 11

      E.    The Plan Violates Section 1123(a)(5)(D) Because It Seeks to Distribute An
            Unencumbered Asset to a Single General Unsecured Creditor ............................ 17

      F.    Debtors Fail to Carry Their Burden on Approval of the Compromise ................. 18

      G.    The Rodriguez Compromise Is Unsupported by Evidence Unfair Inequitable and
            Cannot Be Approved............................................................................................ 22

      H.    The Plan Violates Section 1129(a)(2) Because Debtors Failed to Make Requisite
            Disclosures Pursuant to Section 1125................................................................. 27

      I.    The Plan Violates Section 1129(a)(3) Because It Was Not Proposed In Good Faith
            and Contains Various Provisions Forbidden By Law............................................ 28

      J.    The Plan Violates Section 1129(a)(7)................................................................. 29

K.   The MTS Plan Is Consensual Under Section 1129(a)(8) Solely as a Result of the Estimation Order ................................................................................................. 33

L.   The Plan Violates Section 1129(a)(11) ................................................................. 33

M.   Other Results of Jordan's Disenfranchisement and the Impact of His Plan Objections ........................................................................................................ 33

V.   **CONCLUSION** ............................................................................................................ **34**

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

Alexander v. Compton (In re Bonham), 229 F.3d 750, 767 (9th Cir. 2000) ......................... 12, 13

4

Everett v. Perez (In re Perez), 30 F.3d 1209 (9th Cir. 1994) ............................................... 4, 17

5

In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) ...................................................... 22

6

In re Am. HomePatient, Inc., 298 B.R. 152, 167 at n.12 (Bankr. M.D. Tenn. 2003)................. 14

7

In re Adelphia Commc'ns Corp., 368 B.R.140, 249 (Bankr. S.D.N.Y. 2007)............................... 9

8

In re Augie/Restivo Baking Co., 860 F.2d 515, 518 (2nd Cir. 1988)........................................... 12

9

In re Bashas' Inc., 437 B.R. 874 (Bankr. D. Ariz. 2010) ........................................................... 15

10

In re Bonham, 229 F.3d at 766 ............................................................................................... 12, 15

11

In re Clark, 692 F. App'x 946, 947 (9th Cir. 2017) .................................................................... 15

12

In re Coldwater Creek Inc., 2010 WL 11821801, at *8 (Bankr. D. Del. 2010)........................... 13

13

In re Global Indus. Techs., Inc. (In re GIT), 645 F.3d 201, 209 n.23 (3rd Cir. 2011).................. 2

14

In re Global Ocean Carriers Ltd., 251 B.R. 31 (Bankr. D. Del. 2000) ......................................... 8

15

In re Heron, Burchette, Ruckert & Rothwell, 148 B.R. 660 (Bankr. D. D.C. 1992)................... 10

16

In re Innovasystems, Inc., 2014 Bankr. LEXIS 5103 (Bankr. D. Del., 2014) ............................... 2

17

In re Marshall, 300 B.R. 507 (Bankr. C.D. Cal. 2003) ............................................................... 21

18

In re Owens Corning, 419 F.3d 195, 211 (3rd Cir. 2005)............................................................ 12

19

In re Sierra-Cal, 210 B.R. 168, 176 (Bankr. E.D. Cal. 1997) .............................................. 27, 30

20

In re Trevarrow Lanes, Inc., 183 B.R. 475 (Bankr. E.D. Mich 1995) ........................................... 8

21

In re Weinberg, 410 B.R. 19, 33 (9th Cir. BAP 2009) ................................................................ 21

22

In re Zaleha, 162 B.R. 309 (Bankr. D. Idaho 1993) ..................................................................... 8

23

Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. Pshp. (In re Ambanc La Mesa Ltd. Pshp.), 115

24

   F.3d 650, 653 (9th Cir. 1997) .................................................................................................. 10

25

Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869,

26

   884 (9th Cir. 2012).................................................................................................................... 2

27

Robertson v. Ryder (In re Ryder), 2016 Bankr. LEXIS 3633, *2-3 (Bankr. N.D. Cal. 2016) ..... 21

28

1   Schoenmann v. Bank of the West (In re Tenderloin Health, FKA), 849 F.3d 1231, 1237-1238

2      (9th Cir. 2017).................................................................................................................... 29

3

4   **Statutes**

5   11 U.S.C. § 101(32) ............................................................................................................ 21

6   11 U.S.C. § 1109(b) .............................................................................................................. 1

7   11 U.S.C. § 1123(a)(4)............................................................................................. 5, 9, 10, 18

8   11 U.S.C. § 1123(a)(5)(B) .................................................................................................. 11

9   11 U.S.C. § 1123(a)(5)(C) .................................................................................................. 11

10  11 U.S.C. § 1123(a)(5)(D) .................................................................................................. 17

11  11 U.S.C. § 1125................................................................................................................. 27

12  11 U.S.C. § 1129(a) .............................................................................................................. 8

13  11 U.S.C. § 1129(b) .............................................................................................................. 8

14  11 U.S.C. § 1129(a)(2)...................................................................................................... 6, 27

15  11 U.S.C. § 1129(a)(3)...................................................................................................... 6, 28

16  11 U.S.C. § 1129(a)(7)........................................................................................ 5, 7, 23, 29 30

17  11 U.S.C. § 1129(a)(8)........................................................................................................ 33

18  11 U.S.C. § 1129(a)(11)...................................................................................................... 33

19

20  California Civil Code 998 ...................................................................................... 25, 26, 30

21

22

23

24

25

26

27

28

Ronnie Jordan ("Jordan"), an unsecured creditor of The Original Mowbray's Tree Service, Inc. ("MTS"), Mowbray Waterman Property, LLC ("MWP"), and Robin Mowbray ("Robin", and together with MTS and MWP, "Debtors"), hereby files his reply ("Reply") in response to *Debtors' (1) Motion To Approve Non-Material Modifications To The Second Amended Joint Chapter 11 Plan Of Reorganization; (2) Memorandum In Support Of Confirmation Of The Second Amended Joint Chapter 11 Plan Of Reorganization; And (3) Omnibus Response To Objections To Confirmation* [Docket No. 1435] ("Debtors' Brief") and its related filings. Jordan continues to use, and incorporates, the definitions from Debtors' *Second Amended Joint Chapter 11 Plan of Reorganization* ("Plan"), unless terms are defined otherwise herein, and the definitions used in his preliminary objection [Docket No. 1378] ("Initial Objection") filed on January 16, 2026.

This Reply is supported by the Declaration of Kenneth Catanzarite ("Supp Catanzarite Dec."), the Request for Judicial Notice ("Supp RJN") and the Declaration of James Wong ("Supp Wong Dec.").  Additionally, Jordan lodges concurrently the transcript from the January 22, 2026 deposition MTS' Chief Restructuring Officer, Brian Weiss ("Weiss Deposition").[1]

## I.    PRELIMINARY STATEMENT REGARDING JORDAN'S RIGHTS TO OBJECT TO THE PLAN

Notwithstanding the Court's *Order Re: (1) The Original Mowbray's Tree Service, Inc.'s Motion For Order Disallowing, Subordinating, And Estimating Proof Of Claim No. 148-3 [Dk. 1126]; And (2) Mowbray Waterman Property, LLC's And Robin Elaine Mowbray's Joint Motion For Order Disallowing, Subordinating, And/Or Estimating Proof Of Claim No. 4- 2 (Against Waterman) And Proof Of Claim No. 8-2 (Against Robin) [Dk. 1133]* [Docket No. 1412] "Estimation Order"), Jordan continues to possess standing to object to all provisions of the Plan including for the purpose of preserving his objections.

On bankruptcy standing, the interests in a fair plan are paramount, and the bankruptcy court is open to all "parties in interest." 11 U.S.C. § 1109(b). A party denied standing in

---

[1] It is noteworthy and likely unprecedented that neither debtor Robin Mowbray (who is also the owner of MTS and MWP) nor Mr. Weiss the CRO have given any declaration in support of confirmation nor did they sign the Disclosure Statement or Plan. Based on their depositions, Jordan believes he knows why.  Jordan has filed a notice requesting their attendance at any confirmation hearing.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1   the bankruptcy court has appellate standing to challenge that determination. *See, e.g., In re Global Indus. Techs., Inc. (In re GIT)*, 645 F.3d 201, 209 n.23 (3rd Cir. 2011) (en banc).

2   *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 884

3   (9th Cir. 2012). Additionally, Jordan has Article III standing to oppose Debtors' Plan. *See Id*. at

4   887, *quoting* Collier on Bank. ¶ 1109.04 and citing *United States v. 5208 Franciscos Way*, 385

5   F.3d 1187, 1191 (9th Cir. 2004), ("[i]n the Chapter 11 context, Article III standing exists where

6   'the participant holds a financial stake in the outcome of the proceeding such that the participant

7   has an appropriate incentive to participate in an adversarial form to protect his or her interests.'")

8   The fact that his claim was estimated for voting purposes does not strip Jordan of standing

9   to object to confirmation. *See In re Innovasystems, Inc*., 2014 Bankr. LEXIS 5103 (Bankr. D.

10  Del., 2014).

11  …estimating the claim at $0 does not affect Proveris's standing to object to the plan, as
    the estimation is only for voting purposes, it does not necessarily disallow the claim. *See*

12  *generally In re Save Our Springs (S.O.S.) Alliance, Inc*., 388 B.R. 202, 222 (Bankr. W.D.
    Tex. 2008), *aff'd*, 632 F.3d 168 (5th Cir. 2011).

13
    Proveris is affected by the plan as a member of the unsecured class of creditors that may be
14  paid under the plan. The current plan provides for setting aside funds to pay
    Proveris should it prevail in the patent litigation, thus it has a stake in the outcome of the
15  plan confirmation process. Additionally, Proveris may be heard on any of the section
    1129(a) requirements for confirmation that this court must consider in deciding whether to
16  confirm the plan.

17  *Id*. at *30-31.

18  Debtors repeatedly mischaracterize the Court's Estimation Order, contending that Jordan

19  has no interest in various facets of the Plan. Contrary to the false statements in Debtors' Brief, the

20  Court has not disallowed Jordan's claims against the Debtors but the Court has estimated Jordan's

21  claims against all Debtors at $0.00 for voting purposes only (though the Estimation Order may

22  have intended broader purposes short of distributional purposes). Jordan has been forced to take

23  an appeal from the Court's Estimation Order, which harms Jordan by, among other things,

24  enabling Debtors to evade the absolute priority rule, among other potential detriments depending

25  on the Court's interpretation of the Estimation Order. Notwithstanding entry of the Estimation

26  Order, the jury trial in the matter styled *Ronnie D. Jordan v. The Original Mowbray's Tree*

27  *Service, Inc., et al*. filed January 18, 2022 (San Bernardino County Superior Court Case Number

28

2

CIVSB2201281) in the case against Mowbray's, MWP, Robin and Richard J (the "State Court Action") is March 9, 2026[2], just **nineteen (19) days** after the hearing on confirmation of the Plan, resulting in no undue delay for waiting for the same (especially given the pot plan nature of the Plan) and where the delay was deliberately sought by MTS' when its counsel successfully beseeched the Superior Court to defer trial to *after* Plan confirmation- facts unrebutted in connection with the estimation proceedings.[3]  Because Jordan believes he will prevail ultimately in reversing the Estimation Order and will be faulted down the line if he fails to properly demonstrate the prejudice resulting from impact of the Estimation Order on his rights vis a vis opposing confirmation of the Plan, and due to the vague provisions of the Estimation Order itself which leave Jordan unclear as to the extent of that ruling, Jordan submits this Reply with an eye on preserving all of his objections.

## II.    INTRODUCTION

What has become crystal clear is that the Debtors (MWP and Ms. Mowbray for certain) have breached their fiduciary duties to creditors by capitulating to the demands of the Rodriguez Plaintiffs by allowing an inflated claim, transferring to the Rodriguez Plaintiffs only certain MTS assets, and advocating for substantive consolidation of millions of dollars of assets of MWP, to which the Rodriguez Plaintiffs have no claim.  In exchange for this unholy alliance, the Rodriguez Plaintiffs "hold their nose" and let Debtors' insiders retain with no consequences $93 million in potential avoidable transfers and allow Robin Mowbray to keep the equity in MTS and other entities for free.  Moreover, counsel for Robin Mowbray and MWP admits the Rodriguez Parties had no claims against those estates but refused to file claim objections requiring Jordan to do so.

The Debtors belie a widespread consensus for the Plan, which does not exist. The largest creditor in the bankruptcy cases of Robin and MWP (and only significant unsecured creditor of MWP), Jordan, vehemently objects to the Plan. Other creditors have objected as well but given the

---

[2] On February 10, 2026, the motion of MTS and other defendants for summary adjudication was denied.  *See* Exhibit HH to the Supp Catanzarite Dec.

[3] On January 22, 2026, the CRO of MTS testified that he did not even know the date on which trial is scheduled on Mr. Jordan's state court complaint.  *See* Weiss Deposition at 59:9-11.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1  complete capitulation by <u>all</u> Debtors to the demands of the Rodriguez Plaintiffs and the

2  oversecured status of the primary secured lenders, there are no other creditors with as much as

3  Jordan to lose to stop the Plan's miscarriages of justice.  For his efforts in trying to stop a series of

4  egregiously insider friendly reorganization plans, Jordan has been subjected to a scorched earth

5  litigation strategy and is very closely situated to creditor's nightmare scenario described colorfully

6  by Justice Kozinski in *Everett v. Perez (In re Perez)*, 30 F.3d 1209 (9th Cir. 1994).[4]

7        Looking past their exaggerations of support and momentum, it is clear that the Plan cannot

8  be confirmed.  Debtors offer almost no evidence in support of confirmation. Instead, Debtors try

9  to invert the evidentiary burden for plan confirmation by arguing repeatedly that Jordan is required

10 to *disprove* the elements of confirmation and various factual assertions made by Debtors in their

11 Plan and solicitation materials Jordan has called into question or come forward with definitive

12 proof as to the facts that Debtors have sought to obscure and suppress.

13       The result is that Debtors ask the Court to confirm the Plan, which no officer or individual

14 debtor has signed, without any declaration from Robin Mowbray in support of her 'plan within the

15 Plan', or the CRO of MTS that has been paid astronomical amounts of money in MTS' case, or

16 any officer of MWP.  The only evidentiary submissions offered in support of the Plan constitute a

17 one-paragraph declaration from MTS CFO Ruben Sainos solely regarding auto-insurance

18 coverages, a declaration from MTS' bankruptcy counsel, Michael Simon, solely addressing ballot

19 receipts and Debtors' ballot tally, and a declaration from Chad Kurtz ("Kurtz Declaration"),

20 employee of Force 10 Advisors, LLC ("Force 10"), whose declaration solely discusses Plan

21 feasibility and Exhibit 11 to the Index, but offers nothing admissible on the latter issue.

22       In addition to the lack of evidentiary support, the Debtors' Brief only further illustrates that

23 the Plan is replete with fatal defects.  Among these include the MWP Consolidation term, which

24

25 [4] In that case, the Court stated aptly, "With each step, the day on which *Everett* will see his money recedes into the
26 distance, while he has had to keep paying a lawyer to represent his interests. The natural reluctance of most creditors
   to do just that is an incentive for many a debtor to prolong and complicate bankruptcy proceedings. The heavy scent of
   manipulation is in the air; vigilance on the part of the courts and, most especially, of the lawyers and other
27 professionals hired by the estate, is imperative if the process is to operate fairly." *Id*. at 1218. Like in *Everett*, MTS is
   before the Court on the third iteration of a proposed reorganization plan, not to mention the extensive additional
28 proceedings Jordan has had to defend.

4

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1    Debtors unavailingly argue can be approved in derogation of controlling Ninth Circuit law and the

2    Compromise, by which Debtors (fiduciaries and their counsel) are trying to facilitate sweeping

3    insider releases to all Insiders which are to be purchased by the Insiders using property of the

4    bankruptcy estates of Robin Mowbray and MWP.  In a tacit admission that Jordan is correct in

5    arguing there is a lack of consideration from or on behalf of the Insiders from such sources of

6    bankruptcy estate property, Debtors revert to arguing that the dividends to be paid under the Plan

7    justify their sweeping Insider releases, which is also against caselaw cited by Jordan. (As

8    discussed herein, the Plan violates section 1129(a)(7) and thus there is no heroic plan on the table

9    worth anyone's self-aggrandizement).

10        Likewise, another central term of the Plan, the Rodriguez Compromise, cannot be

11    approved.  Debtors are trying to funnel assets of MWP's bankruptcy estate to creditors of MTS,

12    most prominently, the Rodriguez Plaintiffs, who have no claim against MWP.  Jordan is the only

13    notable unsecured creditor of MWP and this provision upends the doctrine of substantive

14    consolidation and is not an appropriate term for MWP to agree to as a means of assuaging a

15    creditor of another debtor.  The Rodriguez Compromise also violates section 1123(a)(4) by trying

16    to transfer an estate asset, MTS' bad faith claims against its insurer, Everest, to only one of its

17    GUCs.  Moreover, there is no evidence of the value of this claim, nor any evidentiary submissions

18    at all regarding the Rodriguez Compromise, to demonstrate fairness and equitableness, nor to

19    support Debtors' factual contentions about the value of such claim(s) against Everest. Also

20    inequitable is that Debtors do not disagree that Rodriguez Plaintiffs obtained a punitive and non-

21    economic damage award 21 times the size of their economic damage award, in violation of the

22    law, or that there was no evidence presented on MTS' financial condition during the punitive

23    damage phase of trial, both facts providing MTS with great chances on appeal.  Yet, MTS seeks to

24    allow the full $91 million claim on par with the GUCs, despite a $49 million component of

25    punitive damages, which incidentally causes the Plan to fail the best interest of creditors test under

26    1129(a)(7) as to Class 16 creditors, two of whom object to the Plan.  MTS also does not dispute

27    that the Rodriguez Claim seeks over $800,000 in post-petition interest but seek to allow this

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1  portion of the claim in Class 16.

2  It is also more clear now than ever that the Plan violates section 1129(a)(2) because of all

3  of the nondisclosures of material facts.  The Plan also violates section 1129(a)(3) given the

4  rampant breaches of fiduciary duties in pursuing the Compromise and the Plan's blatant primary

5  purpose of seeking to help Insiders evade liability for bilking MTS of tens of millions of dollars,

6  potentially as high as $93 million, and helping the equity interest holders retain their interests and

7  control for no payment.

8  As noted above, the Plan fails the best interests of creditors test solely based on Debtors'

9  refusal to subordinate the punitive and non-economic damages presently classified in Class 16.

10  Additionally, Debtors' poor excuses for distorting facts and artificially undervaluing assets to

11  achieve a low liquidation value and Debtors' refusal and failure to present admissible evidence in

12  support of their liquidation analyses require denial of Plan confirmation.

13  Finally, Debtors' Brief fails to improve the bleak financial performance of MTS and the

14  lack of feasibility of the Plan which seeks to pay GUCs over an absurd nine (9) year term, during

15  which payments to Class 16 do not even commence until 2028. *See* p. 14 of 244 of Docket No.

16  892.

17  For all of the foregoing reasons and those set forth in the Initial Objection and for the

18  following reasons, confirmation of the Plan must be denied.

19  **III.    SUPPLEMENTAL FACTUAL BACKGROUND**

20  Since the Initial Objection was filed, the Court sustained Jordan's objections to the proofs

21  of claim filed by Rodriguez Plaintiffs against Robin Mowbray and MWP's bankruptcy estates,

22  which is now final.  A true and correct copy of the Court's *Order Sustaining Objections To Claims*

23  *7-1 And 10-1 [Dks. 1273 And 1263]* [Docket No. 1413] is attached to the Supp RJN as **Exhibit**

24  **"DD"**.

25  Additionally, on February 9, 2026, a hearing was held on MTS (and others') motion for

26  summary judgment or partial summary adjudication against Jordan in the State Court Action,

27  which Jordan won entirely.  The Superior Court's 24 page ruling issued on February 10, 2026

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1    denying MTS' motion is attached to the Supp Catanzarite Dec. as **Exhibit HH**.  As such, the

2    March 9, 2026 trial on Jordan's claims against the Debtors will proceed as scheduled.

3         After Jordan filed his Initial Objection, he deposed the CRO.  That deposition transcript is

4    being lodged with this Reply.  As discussed herein, the CRO testified that MTS obtained advice

5    from specialized insurance counsel within the firm of Raines Feldman, which is employed as

6    restructuring counsel.  Weiss Deposition at 73:25-74:25.  Based on a search of the first and second

7    interim fee applications filed by Raines Feldman in MTS' bankruptcy case, there appear to be no

8    entries by any specialized insurance counsel of MTS' restructuring counsel reflecting an analysis

9    of the Everest claims to be assigned to the Rodriguez Plaintiffs under the Plan.  *See* referenced fee

10    applications attached respectively as **Exhibits EE** and **FF** to the Supp RJN.  Additionally, MTS

11    failed to list any claims against Everest in its bankruptcy schedules.  An excerpt of its schedules is

12    attached to the RJN as **Exhibit GG**.

13         MTS filed its monthly operating reports for October, November and December 2025

14    woefully tardy and long after Jordan's deadline to submit expert reports.  In light of the

15    information revealed in these reports, Jordan submits a supplement to the Armory export report, a

16    true and copy of which is attached as **Exhibit KK** to the Supp Wong Declaration.

17          Additionally, given the Debtors' failure or unwillingness to demonstrate that the Plan's

18    non-subordination of the punitive damages and non-economic damages currently classified in

19    Class 16 do not cause the Plan to violate section 1129(a)(7), even though this is Debtors' burden

20    of proof, Jordan's counsel has prepared a summary of the claims against MTS and MWP as a

21    demonstrative exhibit to show that section 1129(a)(7) is in fact violated due to the failure of the

22    Plan to subordinate the punitive and non-economic damages of general unsecured creditors

23    ("GUC") in a class lower than Class 16.  This summary of the claims (filed as proof of claims or

24    scheduled as undisputed, not contingent, and liquidated) and calculations showing each creditor's

25    share of Class 16 is attached to the Catanzarite Declaration as **Exhibit II**.  Also included as part

26    of Exhibit II are lists of the unsecured creditors of MWP and Robin Mowbray, submitted to

27

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1    demonstrate the unsecured creditor bodies of both cases, including that Jordan is by far the largest

2    unsecured creditor in these cases.

3        Finally, in emails on which counsel for Debtors were copied, counsel for the Rodriguez

4    Plaintiffs asserted a "joint interest" privilege with Debtors' counsel regarding settlement

5    communications among them.  When Jordan sought to confirm Debtors' asserted the same joint

6    privilege being asserted as including them, they failed to respond to the email inquiry by Jordan's

7    counsel.  These email exchanges are attached to the Supp Catanzarite Dec. as **Exhibit JJ**.

8    Debtors' counsel in turn objected, as shown in the exhibits to the Initial Objection, to producing

9    such settlement communications under Federal Rule of Evidence 408.  Evidence of such

10   stonewalling (coupled with the lack of evidence in support of the Rodriguez Compromise) is

11   offered to demonstrate there have not been arm's length good faith negotiations nor proper

12   adherence to the parties respective and adversarial capacities and supports Jordan's Plan

13   objections.

14   **IV.    ARGUMENT**

15       **A.    The Debtor Has the Burden of Proof on All Confirmation Elements and the**
16       **Plan Is Lacking Any Meaningful Evidentiary Support**.

17       As the Plan proponents, the Debtors have the burden of establishing that each of the

18   requirements for confirmation of a plan set forth in section 1129(a) and (b) of the Bankruptcy

19   Code is satisfied.  *See*, *In re Global Ocean Carriers Ltd*., 251 B.R. 31 (Bankr. D. Del. 2000); *In*

20   *re Trevarrow Lanes, Inc*., 183 B.R. 475 (Bankr. E.D. Mich 1995); *In re Zaleha*, 162 B.R. 309

21   (Bankr. D. Idaho 1993).  If the Debtors fail to meet this burden with respect to any of these

22   requirements, confirmation must be denied.

23       Here, Debtors have submitted no evidence supporting objectionable provisions of the

24   Plan including the Compromise, Rodriguez Compromise, MWP Consolidation, and good faith

25   among other confirmation requirements.  The relief being sought is extraordinary including $93

26   million of Insiders releases and substantive consolidation.  Debtors offer the Kurtz Declaration in

27   an attempt to transmute Plan solicitation materials into evidence regarding the value of

28

8

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1   Avoidance Actions (of MTS), which fails.  No *attempt* is made to submit evidence of the value

2   for hypothetical liquidation purposes of any assets of any debtor, other than MTS' Avoidance

3   Actions.  Again, neither Ms. Mowbray nor Mr. Weiss submitted any declaration in support of the

4   Plan.  The Kurtz Declaration also discusses feasibility but fails to support such a finding.  Based

5   on the failure of Debtors to carry their burden, the Court should deny confirmation of the Plan.

6       **B.    The Plan Unquestionably Violates Section 1123(a)(4).**

7       Bankruptcy Code section 1123(a)(4) requires that a plan must "provide the same treatment

8   for each claim or interest of a particular class, unless the holder of a particular claim or interest

9   agrees to a less favorable treatment of such particular claim or interest."

10      Here, the Debtors have not responded to Jordan's objection to their allowance in full of the

11  Rodriguez Claim which includes 95-days of post-petition interest in the amount of $840,750 (No.

12  143 Part-3 p.6).[5]

13      More importantly, Debtors fail to demonstrate how the provision under the Plan (at 53:17-

14  24) by which MTS is assigning all of the bad faith claims it holds against its insurer, Everest, as

15  settlement consideration to Rodriguez Plaintiffs, is not a distribution to the Rodriguez Plaintiffs on

16  account of their claim. In support of their argument that this transfer of an MTS asset is somehow

17  not "treatment" of the Rodriguez Claim, Debtors cite *Adelphia Commc'ns Corp* which they claim

18  involved exculpation and release provisions that were "separate and independent provisions

19  negotiated and agreed to as part of the Settlement—available to any and all who support the

20  Settlement." *In re Adelphia Commc'ns Corp.*, 368 B.R.140, 249 (Bankr. S.D.N.Y. 2007). Such

21  facts are obviously distinguishable considering that the first party bad faith claim is an asset that

22  could be monetized for the benefit of paying all creditors, unlike exculpation and release

23  provisions, and it not being made "available to all who support" a Plan provision but instead

24  assigned just to the Rodriguez Plaintiffs as part of a compromise the primary purpose of which

25  involves the satisfaction of their claim through the Plan.

26

27  _____

28  [5] To further demonstrate Debtors' complete capitulation to the Rodriguez Plaintiffs, Debtors forced Jordan to object to
the claims filed by the Rodriguez Plaintiffs against MWP and Robin Mowbray.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1   Debtors also cite *In re Heron, Burchette, Ruckert & Rothwell*, 148 B.R. 660 (Bankr. D.

2   D.C. 1992) but that case provides no support to Debtors. The court in that case stated:

3   For reasons developed below, the court will overrule these objections. Nevertheless, the
4   plan does technically violate § 1123(a)(4), although the violation will have no practical
    consequence because everyone agrees that it is virtually certain that trade creditors entitled
5   to full payment ahead of Class IV(A) will never be paid in full. Section 3.22 of the plan
    provides that participating partners and guarantors with Class IV(A) claims will receive a
6   distribution at such time, if ever, that Class I(A), I(B), II, III(B), III(C), III(D)(1), III(D)(2),
    III(D)(3) and III(D)(4) claims have been paid in full and holders of Class III(A) claims
7   have been paid 25% of each such claim. In contrast, under § 3.24 of the plan, non-
    participating and defaulting participants with Class IV(A) claims "shall receive
8   Distributions from all remaining available cash only after all Allowed Claims, except for
    the Class IV(B) Allowed Claims, have been paid in full, and except that Class III(A) shall
9   receive twenty-five percent (25%) of their Allowed Claim." Thus, participating Class
    IV(A) partners will be entitled to receive a distribution ahead of non-participating Class
10  IV(A) partners. This is unequal treatment of members of the same class.

11  No one has focused on this specifically, for apparent good reason: all agree that the
12  distribution rights of Class IV(A) are worthless

13  *Id.* at 671.  However, in the same opinion, the court also stated,

14  Every partner who wants to receive the protection of the permanent injunction must agree
    to contribute to the plan and to release any claims against the other partners and creditors.
15  This policy is applied to every partner without regard to his status as a claim or interest
    holder. As such, it does not constitute treatment of a claim of a particular class for
16  purposes of § 1123(a)(4).

17  *Id.* at 672.

18   *Heron* seems to clearly conflict with the Ninth Circuit's requirement of denial of

19  confirmation when the court independently analyzes and finds a violation of section 1129(a).

20  *See Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. P'ship (In re Ambanc La Mesa)*, 115 F.3d 650,

21  653 (9th Cir. 1997).  Moreover, *Heron* is entirely distinguishable. For one, holders of Class 16

22  claims are not projected to receive no distribution.  Secondly, nobody other than Rodriguez

23  Plaintiffs can participate to receive a share of the Everest claims. Additionally, since all the

24  Rodriguez Compromise is doing is settling the Rodriguez Claim in exchange for Plan support by

25  offering allowance and payment terms on the claim, there is no question that the transfer of MTS'

26  property, the Everest claims, constitutes claim treatment that is more favorable for one GUC than

27  any other GUC, in violation of Section 1123(a)(4).

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

**C.** **The Plan Violates Section 1123(a)(5)(B) Because It Lacks an Adequate Means of Implementation as to Certain Plan Provisions.**

Jordan argued the Plan Trust is illusory because it will hold an empty bag as there will be no viable Avoidance Actions remaining.  Jordan noted the Plan's defined "Trust Causes of Action" doesn't include the "Excluded Claims" defined on page 82, which specifically include the "Released Claims" against the Insiders of over $38 million.  Debtors fail to rebut this objection or clarify what causes of action will be left to vest in the Plan Trust.

Additionally, the Plan does not explain any mechanism by which the MWP real estate is to be vested in MTS from a perspective of a chain of title (deed recordation) or if any tax consequences could arise from such transfers.

**D.** **Debtors' Brief Affirms that the MWP Consolidation Violates Section 1123(a)(5)(C).**

**1.** *Debtors' Argument In Support of the MWP Consolidation is Unsupported by Law and Unrestrained by Reason.*

The entire Plan falls apart if the MWP Consolidation is not approved. This is because, among other reasons, there was no separate voting for MWP (Jordan cast a ballot rejecting the WMP Plan) and there are no alternative treatments of any claims of MWP creditors.  Jordan has consistently maintained that Rodriguez Plaintiffs, for whom the MWP Consolidation is meant to benefit (Debtors' Brief at 34:10-12) have no claim against MWP.  Instead of MWP, under the control of Robin Mowbray and its woefully conflicted counsel, objecting to the facially invalid claim Rodriguez Plaintiffs filed against MWP, Jordan was required to incur costs to obtain disallowance of that claim to protect his interests.  The Court agreed with Jordan and has disallowed the Rodriguez Plaintiffs claims against MWP. *See* Docket 1413 (sustaining Jordan's objections to the Rodriguez Plaintiffs' claims filed against the Robin Mowbray and MWP bankruptcy estates).

Despite the Court's disallowance of the Rodriguez Claim against MWP, Debtors ask in the Debtors' Brief for the Court to develop a new species of substantive consolidation that is entirely

11

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

divorced from equitable principles. Debtors ask this Court to ignore binding Ninth Circuit law from *Alexander v. Compton (In re Bonham),* 229 F.3d 750 (9th Cir. 2000)[6] and the underpinning limitation of the doctrine that allows substantive consolidation to be used solely to "remedy the identifiable harms caused by entangled affairs, [but that] it may not be used offensively (for example, having a primary purpose to disadvantage tactically a group of creditors in the plan process or to alter creditor rights)." *In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2005). Debtors admit there are no entangled affairs to remedy. Instead, they make very clear that the MWP Consolidation is being proposed offensively and tactically to alter creditor rights, by funneling the value of MWP's assets to MTS creditors which hold no claims against MWP (among other very improper purposes discussed below) to the harm of Jordan, MWP's only significant unsecured creditor.

Debtors urge the Court to ignore established legal principles and caselaw and to instead resort to Bankruptcy Code section 105 to craft an unfounded ruling for strategic purposes- a common theme in this case. Specifically, they argue the Court can ignore the *Bonham* test because they seek substantive consolidation as part of a chapter 11 plan and because the provision is encompassed in a settlement (or two) proposed in the Plan.

In *Bonham*, the Ninth Circuit adopted the analysis used by the Second Circuit in considering substantive consolidation. That case, the Second Circuit explained, "The sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors." *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2nd Cir. 1988). Notably, the court did not state any other purposes, including the purpose of achieving confirmation at all costs, of granting advantage to Insiders by appeasement of their largest creditor, or the sacredness of approving plan settlements notwithstanding their unfair terms. In *Bonham*, the Ninth Circuit discussed the origins of substantive consolidation as an equitable remedy but never once offered any indication that a

---

[6] It bears repeating that Debtors admitted in response to Jordan's Plan discovery that they cannot meet the *Bonham* factors. *See* Catanzarite Declaration in support of the Initial Objection, **Exhibit P**, MWP's responses to Jordan's RFAs, responses 4 and 6.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1   different standard should apply between chapter 11 or chapter 7, or within a chapter 11 case,

2   between a motion or a plan. Without regard to any distinction advocated for by Debtors, the Ninth

3   Circuit explained "Two broad themes have emerged from substantive consolidation case law: in

4   ordering substantive consolidation, courts must (1) consider whether there is a disregard of

5   corporate formalities and commingling of assets by various entities; and (2) balance the benefits

6   that substantive consolidation would bring against the harms that it would cause." *Alexander v.*

7   *Compton (In re Bonham)*, 229 F.3d 750, 765 (9th Cir. 2000).

8           Despite arguing for deviation from *Bonham* for strategic purposes, Debtors fail to cite a

9   single case where any court applied a different standard in analyzing substantive consolidation on

10  the basis that the relief was proposed in a plan as opposed to a motion, just as they fail to cite any

11  case that approved substantive consolidation based on a different standard solely because it was

12  being proposed as part of a contractual agreement.  Ironically, Debtors argue that the MWP

13  Consolidation is a contractual term of their "Compromise" and "Rodriguez Compromise"

14  agreements that are set forth in the Plan but just as well could have been embodied in a separate

15  motion.  *See e.g.*, Debtors' Brief at 30:8-10.  Indeed, from a procedural standpoint, there was

16  nothing stopping the Debtors from seeking approval of the Compromise, Rodriguez Compromise

17  or MWP Consolidation in a separate motion (other than the doctrine of judicial estoppel), which

18  eviscerates their argument for a separate standard applicable to chapter 11 plans.[7]  If a party in

19  interest could achieve different results in chapter 11 by electing a procedure (plan, motion) using

20  nothing more than a coin toss, such result would be inconsistent with the equitable framework

21  governing bankruptcy proceedings and result in the miscarriage of justice.

22          Debtors cite *In re Coldwater Creek Inc.*, 2010 WL 11821801, at *8 (Bankr. D. Del. 2010)

23  for the unremarkable proposition that substantive consolidation has been approved in chapter 11

24  plans.  This case provides no legal analysis that would support the Debtors' argument that the

25  Court can or should deviate from *Bonham*'s standards or apply a different rubric.  The ruling cited

26

27  [7] It is notable that Jordan's counsel argued at the September 10, 2025 disclosure statement approval hearing that the
MWP Consolidation, which seeks extraordinary relief, should be heard on its own in a motion to require Debtors to
28  properly explain and support such an extraordinary request for relief with legal support and evidence.

13

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1  is the "Findings of Fact, Conclusions of Law and Order Confirming Modified Third Amended

2  Joint Plan of Liquidation of Coldwater Creek Inc. and its Debtor Affiliates Pursuant to Chapter 11

3  of the Bankruptcy Code."  It is not an appellate decision, does not discuss the legal standard the

4  court applied in considering substantive consolidation, and does not connote that any opposition

5  was levied to any provision of the plan, let alone the substantive consolidation term.  There is no

6  indication that substantive consolidation in that case was ordered based on any standard different

7  from that which applies in this Circuit or that any creditor was harmed as a result.  In other words,

8  the case is distinguishable because the MWP Consolidation significantly harms Jordan, is being

9  opposed, and as discussed below, is part of a plan settlement that cannot be approved, in part

10  because the MWP Consolidation is purportedly the primary consideration for sweeping releases of

11  the Debtors' Insiders, who do not own the assets being offered by MWP to MTS.

12      Debtors also cite *In re Am. HomePatient, Inc.*, 298 B.R. 152, 167 at n.12 (Bankr. M.D.

13  Tenn. 2003) where according to Debtors, substantive consolidation was approved because "the

14  recovery was more favorable with substantive consolidation than without substantive

15  consolidation or a liquidation."  Debtors' Brief 33:4-6.  However, this case too is inapposite

16  because the court applied a standard resembling of the *Bonham* test, stating,

17
18
19
> In exercising its equitable discretion, a bankruptcy court may consolidate cases involving
> related debtors. 11 U.S.C. §§ 105, 302(b); Fed. R. Bankr.P. 1015(b). "Substantive
> consolidation is employed in cases where the interrelationships of the debtors are
> hopelessly obscured and the time and expense necessary to attempt to unscramble them is
> so substantial as to threaten [**26]  the realization of any net assets for all of the
> creditors." ***First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin.***
20
> ***Servs.),*** 974 F.2d 712, 720 (6th Cir. 1992) (quoting ***Evans Temple Church of God in***
> ***Christ & Community Ctr., Inc. v. Carnegie Body Co. (In re Evans Temple Church of***
21
> ***God in Christ & Community Ctr., Inc.),*** 55 B.R. 976, 981 (Bankr. N.D. Ohio
> 1986)). **9** Implicit in this decision is the conclusion that the benefit--protection of the
22
> possible realization of any recovery for the majority of unsecured creditors-outweighs the
> potential harm to any particular creditor. *Id.* Thus, when substantive consolidation is
23
> ordered, there is, in effect, a determination that the circumstances of the cases warrant
> consolidation and that the best interests of the unsecured creditors are served by joining the
24
> assets and liabilities of two or more debtors. *Id.* In this case, the Official Committee of
> Unsecured Creditors co-proposed consolidation, and the testimony and other proof
25
> overwhelmingly establishes that substantive consolidation is not only appropriate but
> necessary for the efficient reorganization.
26
> Mr. Furlong and Mr. Mills testified very credibly and convincingly as to the need for
27
> substantive consolidation in this case. Those reasons included: (1) all of the company's
> cash is concentrated on the parent level which in turn pays all amounts due to the
28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1

2

3

4

company's creditors; (2) the officers and directors of the subsidiaries are the same; (3) all subsidiaries are fully owned; (4) all contracts are entered into at the parent level; (5) all employees are hired and paid at the parent level; (6) financial tax statements and tax returns are done on a consolidated basis; **10** (7) the senior secured debt holders named only the parent company as obligor on the credit facility (with subsidiaries as guarantors); (8) the senior secured debt holders required only consolidated reporting in the past; and (9) substantive consolidation is consistent with the overall business operations of the debtor. Their testimony was credible, uncontradicted, and persuasive.

5

6

The court finds no attempt by the debtor to manipulate or otherwise gerrymander votes by substantively consolidating these cases.

7

*Id*. at 165-166.  Likewise, Debtor's citation to *In re Bashas' Inc.*, 437 B.R. 874 (Bankr. D. Ariz.

8

2010) is unhelpful to their argument because that court stated and found, "Equality of distribution

9

is maintained because all creditors of all entities are proposed to be paid 100%, plus interest.

10

In *Bonham*, the presence of potential or actual <u>*harm*</u> drove the decision. Here, that concern has

11

never surfaced nor been articulated, such as improper transfers or fraudulent conveyances between

12

the entities."  *Id.* at, 929 (emphasis in original).  Likewise, *In re Clark*, 692 F. App'x 946, 947 (9th

13

Cir. 2017), cited by Debtors, followed *Bonham* and does not recite facts similar to this case.

14

Debtors have failed to demonstrate that *Bonham* does not apply.  Nor do the facts support

15

Debtors' truistic assertion that, "If and to the extent that the MWP Consolidation benefits any

16

Holder of Allowed General Unsecured Claims, it benefits them all." This contention is not only

17

unsupported by evidence but has been totally rebutted simply looking at the constituent creditors

18

of the respective Debtors, or simply considering that Jordan has a claim against MWP that has not

19

been disallowed while Rodriguez Plaintiffs' claim against MWP *has* been disallowed. If MWP

20

sells its real estate and uses the proceeds to pay its creditor body, Jordan is to receive 99.9% of the

21

net sales proceeds after Sierra Bank is paid on account of its lien (the only other unsecured claim

22

being the IRS for $300). If the real estate is given to MTS, he shares with a large creditor body

23

including the outsized $91 million claim of Rodriguez Plaintiffs recently disallowed against

24

MWP.

25

\\\

26

27

\\\

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

2.      ***This Case is a Perfect Illustration of Why Substantive Consolidation is an***

***Equitable Doctrine and Not Contractual In Nature.***

Debtors' argument that the MWP Consolidation is a contractual term of the Compromise

and/or Rodriguez Compromise raises a number of interesting questions and issues. Here, Debtors'

contend,

> The MWP Consolidation is part of the Compromise among the Debtors and the Trust. By
> the MWP Consolidation, MTS will receive the value of MWP's real estate that it helped
> purchase, the net equity of which is estimated at $4,693,847.6 (*See* Disclosure Statement
> Index, Ex. 11.) The Trust and Robin Mowbray are essentially contributing their net equity
> in MWP to MTS in exchange for releases—an exchange that yields a net benefit to MTS
> of $4,312,954 ($4,693,847 - $380,893). (*See id.*)

Debtors' Brief at 34:17-22.

The first question is who owns "the value of MWP's real estate"? And the second question

is whether it is a true statement that the "Trust and Robin are essentially contributing their net

equity in MWP to MTS in exchange for releases…"?  The first question is answered by section

541 of the Bankruptcy Code, given that MWP is in a bankruptcy case in which it and its counsel

owe fiduciary duties to MWP's creditors, not the Insiders or MTS creditors.  Therefore, it is

inaccurate, false and misleading for Debtors to represent in their Plan and its solicitation materials

that the Trust and Robin Mowbray are contributing the equity MWP's bankruptcy estate has in the

real estate it owns, or to pass this proposal off as valuable consideration coming from the Insiders

the Plan seeks to release.  From this standpoint, it boggles the mind that three fiduciaries and their

attorneys argue that "the voluntary MWP Consolidation falls within the range of

reasonableness."  Debtors' Brief at 35:3-6.  Clearly, substantive consolidation unmoored from

equitable principles would result in absurd abuses.  As discussed below, even if the MWP

Consolidation could be considered a purely contractual beast, the Compromise, which seeks to

allow Insiders to convey assets they do not own, but which are property of bankruptcy estates (in

one such case where Robin Mowbray is the estate fiduciary) to receive releases for bilking a

company of $40-93 million during a period when the company was tanking financially and

defending massive lawsuits, cannot be approved under Ninth Circuit law.

16

1
2

**3.** ***Debtors' Brief Fails to Rebut that the MWP Consolidation Is Prohibited By the***
***Doctrine of Judicial Estoppel.***

3
Debtors argue that the SubCon Order, as defined in the Initial Objection, did not involve

4
denial of the request to substantively consolidate MWP into MTS, the only debtor at the time

5
that the issue was litigated.  This position is clearly false.  Rodriguez Plaintiffs specifically

6
sought for the Court to consolidate MWP into MTS.  MTS and MWP opposed that specific

7
relief, as demonstrated with the utmost detail in the Initial Objection, which quoted from each

8
debtors' filings.  None of the relief sought by Rodriguez Plaintiffs was ordered.  Ergo, the

9
Debtors are taking a position now that is diametrically opposed from their vehement objections

10
to the request to consolidate MWP into MTS. Worse however is that they are contradicting

11
themselves in arguing that substantive consolidation is now miraculously fine, not harmful, and

12
totally appropriate, for purely strategic purposes.  They admitted they agreed to the MWP

13
Consolidation as Rodriguez Plaintiffs demanded.  Debtors' Brief at 35:3-6; 49:24-27. They need

14
Rodriguez Plaintiffs' vote to have any shot at confirming their Plan, which in turn allows the

15
Insiders releases and retention of their equity interests for free.  The heavy scent of manipulation

16
is indeed in the air.  *Everett v. Perez (In re Perez)*, 30 F.3d 1209 (9th Cir. 1994).

17
Therefore, each element of the doctrine of judicial estoppel has been satisfied and

18
Debtors' are precluded from the MWP Consolidation and the Plan cannot be confirmed based on

19
the invalid MWP Consolidation term.

20
**E.**    **The Plan Violates Section 1123(a)(5)(D) Because It Seeks to Distribute An**

21
**Unencumbered Asset to a Single General Unsecured Creditor.**

22
Bankruptcy Code Section 1123(a)(5)(D) requires that a plan provide for adequate means of

23
its implementation including permissively by providing for the "sale of all or any part of the

24
property of the estate, either subject to or free of any lien, or the distribution of all or any part of

25
the property of the estate among those having an interest in such property of the estate…"

26
As noted above, the Plan provides for the assignment as part of the Rodriguez Compromise

27
all claims the MTS bankruptcy estate has against Everest.  Plan at 53:17-24.  Here, this asset is not

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1  being distributed "among" those have an interest in it- meaning the creditors of MTS but is instead

2  being funneled to a single GUC.  This provision also violates Section 1123(a)(4), as noted above,

3  as well as the requirement that the agreement pursuant to which it is proposed, *i.e.* the Rodriguez

4  Compromise.  Debtors have failed to overcome this objection.

5        **F.      Debtors Fail to Carry Their Burden on Approval of the Compromise.**

6        As noted in the Initial Objection, the Debtors seek approval as a central feature of the Plan

7  of (1) the "Compromise" between MTS, Ms. Mowbray, MWP and the Trust [Plan pages 49-53];

8  and (2) releases of all the Insider defined Released Parties of at least $38,187,758.78 in avoidable

9  transfers, (defined as Released Claims) [Plan page 49].  Despite the detailed nature of the Initial

10  Objection the voluminous evidence submitted therewith, Debtors seek confirmation of the Plan

11  without any admissible evidence regarding the Compromise. There is no declaration, like one

12  would see in a Rule 9019 motion, and nothing admissible to support the factual assertions made

13  about the value of the supposed exchange.

14        **1.      *The Insiders Do Not Own the Consideration They Purport to Tender*.**

15        It is fortunate that proposed releases of Insiders are subjected to rigorous scrutiny by

16  bankruptcy courts because the Compromise is egregious and highly concerning.

17        Debtors do not dispute that the "Released Parties" is a sweeping definition for which no

18  list has been provided to identify beneficiaries of this term by name and that it includes the entire

19  Mowbray family and their entities. *See* e.g., Plan at 49:8-10. Debtors admit that the *identified*

20  Insiders received not less than **$38,187,758.87**[8] of transfers within four (4) years of the MTS

21  petition date (Plan at 50:14).  Debtors admit this sum includes $8.7 million paid from MTS'

22  coffers for Robin Mowbray's purchase of the other half interest of MTS' equity from the Trust.

23  Contrary to their arguments, Debtors have not disclosed the full details of who received the $8.7

24  million and for what purpose, or who benefitted from such transfers. **Exhibit "S"** to the

25

26

27  [8] The Examiners Report on page 25 states "Robin Mowbray and several related individuals and related entities have
received substantial payments during the 4-year period prior to the Petition Date. The Debtor has identified over $93.3

28  million of payments made to potential insiders during the past 4-years."

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1    Catanzarite Declaration in support of the Initial Objection was represented to be an accounting for

2    this money but the spreadsheets provided lack much clarity.

3         As detailed in the Initial Objection, no legally cognizable consideration is being received

4    by any Debtor for the Released Claims. Instead of addressing this argument, Debtors have tried to

5    focus on the supposed economic benefits of what the Insiders are contributing versus what MTS is

6    losing in wiping out all Avoidance Actions.  Specifically, they fail to address what gives Robin

7    Mowbray, the individual (as contrasted to Robin Mowbray the Debtor in possession) the ability to

8    agree to subordinate a claim against MTS, likely the largest asset of her bankruptcy estate, and to

9    obtain releases for she and her relatives and businesses.  She elevates her own interests in

10   protecting her family above the interests of her estate's creditors in breach of her fiduciary duties

11   but more fundamentally than that, she individually doesn't own the rights to her claim against

12   MTS as her claim is property of her bankruptcy estate.[9]  Debtors do not address this massive

13   conflict of interest and the capacity in which Robin Mowbray is torpedoing the value of her

14   estate's asset to help her family members and herself out.  Debtors repeat that Robin Mowbray's

15   claim subordination is part of the Insider consideration for the Compromise (Debtors' Brief at

16   44:10-11) but understandably, do not try to ascribe a dollar value to the contribution.  *See* Debtors

17   Brief at 44:24-45:1 ("At a minimum, the Trust and Robin Mowbray are contributing net value of

18   $4,312,954 through the equity in the real estate of MWP, which entity Robin Mowbray and the

19   Trust own.")

20        With regard to the notion that Robin Mowbray and the Trust are tendering the "net value"

21   of the real estate owned by the *bankruptcy estate* of MWP, it is a wonder that MWP's counsel

22   signed off on such a term.  Neither MWP nor its counsel have the creditors of their estate in mind

23   in seeking the MWP Consolidation or approval of the Compromise in the Plan in filing Debtors'

24   Brief and no explanation has been offered as to what right Robin Mowbray and the Trust are

25   permitted to bargain with MWP bankruptcy estate asserts during MWP's bankruptcy case.

26

27

28   [9] It should be disclosed the identity of the individuals who negotiated the Compromise for Robin's benefit.  Her estate
     should not be saddled with such fees.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

Finally, Debtors repeat their claim that the Plan payments count as consideration for the Insider releases under the Compromise, completely ignoring the law Jordan cited in the Initial Objection to the contrary, which stands for the obvious proposition that a debtor or its insiders do not receive brownie points let alone property for doing a good job in providing a reorganization by, for example, providing a decent dividend to creditors (arguable here given how infeasible and unfair the Plan is with incompetent management to run MTS post-confirmation).

**2.** ***There is No Admissible Evidence Regarding Any of the Financial Facets of the Compromise.***

As noted above, Debtors argue that the equity in MWP's real estate is worth approximately $4.3 million. They have not come forward with any valuation of such real estate and therefore, their argument is unsupported by evidence.

Likewise, the Debtors argue MTS' blanket releases of the Insiders is worth the value of the Avoidance Actions. Accepting this premise for argument purposes, they have no admissible evidence of the value of the Avoidance Actions. The Debtors attempt to pass off their Index Exhibit 11, a plan solicitation document, as an evidentiary submission of the value of Avoidance Actions. For one, the attempt to admit this document through the Kurtz Declaration fails. It is neither an expert valuation report[10], nor is it admissible as an evidentiary summary, nor does Mr. Kurtz lay any foundation for the document. Even if the Court were to overlook these fatal defects, the Claims Analysis is fundamentally flawed. For one, it fails to contemplate even the possibility that transfers were made with actual intent to hinder, delay or defraud creditors. Considering that MTS was in decline starting in 2020 but in full on financial collapse by 2022, and then considering the Insider transfers made during 2022, when MTS was beleaguered with lawsuits according to the SOFA, a moderately competent estate fiduciary would be able to prosecute claims based on actual intent since multiple badges of fraud were present. Additionally, the entire

---

[10] For one, Debtors' deadline for submission of any expert report was December 11, 2025 pursuant to paragraph 14 of Docket No. 896. Also, the CRO testified on 1/22/2026 that "We didn't perform a solvency opinion, we just analyzed solvency, which is a little different, where we looked at the networking (sic) capital and shareholder's equity based on the CPA reviewed financial statements for those years." Weiss Deposition at 30:19-31:3.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1   conclusion of the Claims Analysis is based on the contention of solvency in 2020-2022.  Despite

2   potentially facing $93 million in avoidable transfers, MTS elected not to engage a qualified

3   professional to perform a solvency analysis in the case (even though the accounting firm Grobstein

4   Teeple is employed in its case) and instead, relied on Force 10's interpretation of CPA Reviewed

5   Financial Statements (not included with Debtors' evidentiary submissions in support of the Plan)

6   to summarize the MTS' cash flow position. *See* Kurtz Declaration.

7       Neither Exhibit 11 nor any other Plan related submission contains evidence of Debtor's

8   "financial condition such that the sum of such entity's debts is greater than all of such entity's

9   property, at a fair valuation.." 11 U.S.C. section 101(32).  No valuation let alone any fair valuation

10  was made of assets and liabilities in Debtors' creation of Exhibit 11.  There is no affirmative

11  disclosure to creditors or otherwise about whether the CPA Reviewed Financial Statements are

12  based on generally accepted accounting principles ("GAAP"), though this is certainly a fair

13  inference from the fact they were purportedly "reviewed."  See *In re Marshall*, 300 B.R. 507

14  (Bankr. C.D. Cal. 2003) (discussing why GAAP does not apply to section 101(32)).  Additionally,

15  Exhibit 11 excludes any consideration of MTS' largest liabilities (collectively over $150 million in

16  debt).  *See* Weiss Deposition at 31:10-32:19 (discussing exclusion of liability to Rodriguez

17  Plaintiff solely based on MTS' counsel's advice to Force 10); *Id*. at 34:4-22 (discussing the

18  exclusion of any debt to Jordan solely based on MTS' counsel's advice to Force 10).  This is so

19  even though "fair valuation" applies to liabilities as well as assets.  *See Robertson v. Ryder (In re*

20  *Ryder)*, 2016 Bankr. LEXIS 3633, *2-3 (Bankr. N.D. Cal. 2016) citing *Merkel v. C.I.R.*, 192 F.3d

21  844, 851 (9th Cir.1999).  Moreover, the fact that Rodriguez Plaintiffs obtained a $91 million

22  judgment should be considered retrospectively in valuing the liability which dates back to 2019.

23  A bankruptcy court is free to consider subsequent events in valuing and adjusting assets and

24  determining liabilities for insolvency determinations. *In re Weinberg*, 410 B.R. 19, 33 (9th Cir.

25  BAP 2009).

26      \\\

27

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1     Here, remarkably, the only reason Index Exhibit 11 did not consider the largest claims

2  against MTS of nearly $150 million is because MTS' bankruptcy counsel advised Force 10 to

3  exclude these liabilities entirely for years 2020-2023.  Weiss Deposition pages 31-34.

4     In summary, the entire basis for the assertion that the Avoidance Actions are worth just

5  $380,893 is premised on purported solvency in 2020-2022 but the "evidence" to support this

6  contention is merely a Plan solicitation document, not a solvency analysis, that was

7  commandeered by MTS' bankruptcy attorneys to construct the image of solvency by deleting

8  MTS' largest liabilities from consideration and ignoring the legal standards applicable to

9  determining solvency in bankruptcy avoidance actions.  As such, there is no evidence of the value

10  of the Insider releases sought by Debtors to the harm of the MTS bankruptcy estate and therefore,

11  there is no evidence that granting such sweeping releases, especially under lens of rigorous

12  scrutiny, is remotely appropriate.

13     It is also worth noting that after Jordan provided evidence that the trust has four (4) real

14  properties with millions of dollars of equity Debtors did an about face (without any evidence) that

15  the compromise is fair and equitable not based on "collectability" but because MTS allegedly is

16  receiving value.  Debtors' Brief at 51:2-4.

17     **G.    The Rodriguez Compromise Is Unsupported by Evidence, Unfair, Inequitable**

18          **and Cannot Be Approved**.

19     Like with the Compromise, the Debtors' Brief does not argue within the framework

20  applicable to settlements by applying the *A&C Properties* factors to the facts of this case, nor is

21  there an iota of evidence offered regarding the Debtors' factual assertions about the value and

22  benefits of the Rodriguez Compromise.

23     Debtors try to defend various terms of the Rodriguez Compromise but do not attempt to

24  explain why the Debtors sought blanket releases for the RP Released Parties as part of the

25  Rodriguez Compromise.  The full terms of the Rodriguez Compromise are set forth on pages 53-

26  54 of the Plan, except, as it turns out, Debtors state the consideration from Rodriguez Plaintiffs is

27

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1   support of the Plan and that the MWP Consolidation is a term.  Omission of these facts from the

2   DS did not give proper disclosure.

3        The fact that the Rodriguez Compromise includes the MWP Consolidation as a term

4   means that it cannot be approved for all of the reasons set forth above.  Presumably, the MWP

5   Consolidation is the consideration being invalidly offered by Robin Mowbray and the Trust to

6   extract releases by Rodriguez Plaintiffs for the RP Released Parties.  Again, none of this is spelled

7   out because Debtors are trying to obscure these unseemly provisions.

8        Debtors intend to allow the Rodriguez Claim in full (all $91 million of it) and have

9   classified 100% of the claim with other GUCs when the law certainty permits and supports

10  subordinating the $49 million in punitive and non-economic damages portion of the claim (and

11  requires doing so in this case to pass section 1129(a)(7)), even though Debtors admit and/or do

12  not dispute:

13        •   The Rodriguez Claim includes a punitive damage award that is 21x the amount of

14            the economic damages;

15        •   The fact that punitive and noneconomic damages appear to have been awarded in

16            the absence of crucial evidence gives MTS a viable appeal to reverse the $49

17            million punitive damage award, as well as non-economic damages; or

18        •   That the Rodriguez Claim includes 95-days of post-petition interest in the amount

19            of $840,750 (No. 143 Part-3 p.6).

20        What's more is that MTS' CRO could not recall if MTS even sought a discount on the

21  claim and stated in his deposition that counsel sometimes attended discussions, (presumably

22  settlement related), without the CRO.  Weiss Deposition at 52:13-53:2. When asked if MTS even

23  tried to obtain a discount on the Rodriguez Judgment, the CRO testified "We did **intend** to

24  negotiate a discount and were unsuccessful."  Weiss Deposition 48:20-49:2 (emphasis added).

25  On January 22, 2026, the CRO was unaware that there was any upper legal limit for punitive

26  damage awards based on a numeric multiplier.  Weiss Deposition at 51:6-22. The CRO also

27  testified that MTS did not obtain any written legal opinion regarding the merits of the appeal from

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1  the Rodriguez Judgment but instead relied on restructuring counsel and stated "we have appellate

2  counsel", in reaching the decision that the appeal from the Rodriguez Judgment would likely not

3  succeed.  Weiss Deposition 69:1-70:6. However, the CRO could not identify the name of the law

4  firm on whose advice he was relying (directly or indirectly) that was MTS' appellate counsel.

5  Weiss Deposition at 36:7-24.  It is not clear whether MTS consulted with the attorneys who lost

6  the case as their "appellate counsel" or someone else. It bears worth repeating that even after the

7  CRO was deposed on January 22, 2026 on many topics relating to the Plan, including the

8  Rodriguez Compromise, that neither he nor any other person offered evidence to explain or try to

9  support the decision-making underlying this agreement that allows a $91 million claim against the

10  estate that appears to be readily reducible on appeal or at a minimum, appropriate for

11  subordination of a legally unprecedented $49 million punitive and non-economic damage award.

12        Also part of the Rodriguez Compromise is the proposal to transfer to Rodriguez MTS'

13  first part bad faith claim to Everest. Debtors misstate the law in arguing that there is no duty for

14  an insurer to accept a settlement in excess of policy limits, in an attempt to pass of this asset as

15  valueless.  However, first party bad faith claims are not so limited.  As explained by the

16  California Court of Appeal,

17       Plaintiffs allegations garner support from case law. (See, e.g., *Beck* v. *State Farm Mut.*

18  *Auto. Ins. Co.* (1976) 54 Cal.App.3d 347 [126 Cal.Rptr. 602] [insurer's unreasonable delay
   in providing benefits may constitute breach of implied covenant of good faith and fair
   dealing]; *Merritt* v. *Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 875 [110 Cal.Rptr. 511]

19  ["If a settlement offer is made in excess of policy limits, what obligations or duties then
   fall upon the parties to the policy? . . . Obviously, the first step is for the carrier on the
   tender of such an offer to communicate the offer to the assured."]; *Continental Cas.*

20  *Co.* v. *United States Fid. & Guar. Co.* (N.D.Cal. 1981) 516 F.Supp. 384 [under California

21  law, insurer breached implied covenant of good faith and fair dealing by failing to inform
   insured of offer in excess of policy limits in order to afford insured opportunity to

22  contribute to settlement]; *Allen* v. *Allstate Ins. Co.* (9th Cir. 1981) 656 F.2d 487, 490, fn.
   omitted [under California law, insurer held liable for excess judgment based on failure to

23  notify claimant of deficiency in offer's scope; claimants need not "begin settlement
   overtures with letter-perfect offers to which insurers need only respond 'Yes' or 'No.' **An

24  insurer's duty of good faith would be trifling if it did not require an insurer to
   explore the details of a settlement offer that could prove extremely beneficial to its**

25  **insured**."].)

26  *Heredia v. Farmers Ins. Exch.*, 228 Cal. App. 3d 1345, 1360 (1991) (emphasis added).

27

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1       Here, there is no evidence at all about what happened during the case that might expose

2 Everest to liability for bad faith or otherwise. The only information available that might relate to

3 liability of Everest is from the Rodriguez Claim, which incidentally attached the plaintiffs' CCP

4 998 $6 million offer to demonstrate that Rodriguez Plaintiffs were entitled to certain costs after

5 they achieved judgment in excess of their offer. Moreover, Jordan has not been able to obtain

6 facts that should be presented by Debtors voluntarily as part of their showing that the Rodriguez

7 Compromise is fair and equitable through his discovery efforts. Robin Mowbray's deposition

8 proved to be a complete dead end on this topic as she testified as follows:

9
      **Q: Can you tell me why the plan would transfer the first-party bad faith claim**
      **against the insurance company to Mr. Rodriguez separately as part of the settlement**

10       **agreement?**
      MS. GANS: Objection. Calls for a legal conclusion.

11       THE WITNESS: Like I said, I had these conversations with my counsel.
      BY MR. CATANZARITE:

12       **Q: Did you have them with Mr. Weiss?**
      A: Yes.

13       **Q: Okay. Tell me what your conversation was with Mr. Weiss.**
      A: I don't really recall everything. I don't really recall exactly what was said.

14       **Q: You don't recall anything that you discussed with Mr. Weiss about assigning the**
      **company's -- MTS's first-party bad faith claim to Mr. Rodriguez?**

15       MR. MARTICELLO: Objection to the extent assumes facts not in evidence that a claim
      exists.

16       THE WITNESS: I don't know.

17 Deposition of Robin Mowbray (lodged with the Initial Objection) at 114:12:115:7. This exchange

18 was followed by an even more difficult exchange (from the standpoint of trying to obtain clear

19 testimony and facts) about whether Everest had counsel present the entire trial and whether it had

20 anyone else monitoring the proceeding. *See Id*. at 115:8-117:8.

21       Through discovery, Jordan was further able to confirm that MTS failed to obtain any

22 formal written opinion about the merits of its appeal from the Rodriguez Judgment. Instead, the

23 CRO testified that MTS made no attempt to shop claims against Everest to insurance counsel,

24 including to see if anyone would accept the case on a contingency basis for the benefit of the

25 MTS bankruptcy estate as a whole. Weiss Deposition at 78:2-16. The CRO further testified that

26 "based on review of that potential claim with counsel **and the facts surrounding it**, they don't

27 believe that there is a value associated with that claim." *Id*. at 74:4-13 (emphasis added).

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1   However, the CRO's testimony made clear that he was not familiar with the facts surrounding the

2   claim MTS plans to transfer to Rodriguez Plaintiffs. For example, he did not know what a CCP

3   998 offer is during his deposition (43:12-24) or that such an offer had been made (*Id*.).  Moreover,

4   the CRO testified that MTS' bankruptcy attorneys consulted with other specialized insurance

5   counsel within their firm (Raines Feldman), about the value or merits of this claim but that the

6   CRO obtained no written opinion from MTS' attorneys.  Weiss Deposition at 73:25-74:25.

7   However, this claim is not listed in MTS' schedules (*See* Supp RJN **Exhibit GG**) and there

8   appears to be no time entries for any attorneys at Raines Feldman regarding such claims analysis

9   by restructuring counsel or the specialized insurance counsel within their firm.  *See* Fee

10  Applications attached to the Supp RJN as **Exhibits EE** and **FF**.

11          Given the lack of factual disclosure and the attempt of Debtors to invert the burden of

12  proof, there is no evidence that this term of the Rodriguez Compromise is fair and equitable or

13  that it reflects sound business judgment.  Instead, forgetting it is Debtors who have the burden of

14  proof, Debtors argue "MTS believes that the alleged "bad faith" claim against Everest assigned to

15  the Rodriguez Plaintiffs has no value **and there is no evidence to the contrary**."  Debtors' Brief

16  at 49:16-18 (emphasis added).[11]

17          In summary, the Rodriguez Compromise is not supported by any evidence from Debtors

18  and it appears based on the evidence Jordan submits that there was no good faith negotiation, that

19  there was no consideration of the impact allowing this claim would have on the estate or other

20  creditors.  All of the factual arguments made in the Debtors' Brief regarding the features of the

21  Rodriguez Compromise must be disregarded.  The Court should further infer that the lack of

22  argument or even unsupported explanation of the facts surrounding the first party bad faith claim

23  _____

24  [11] Debtors' logic as to its reasons for transferring the Everest claim outright makes no sense.  At his deposition, the
     CRO testified (at 75:5-14),

25          **Q: (BY MR. CATANZARITE:)· So tell me why if you are giving a claim that you have evaluated
            shouldn't be pursued because it is worth zero, but someone wants that claim badly and is willing to**

26          **take it and pursue it in litigation, why didn't you say something like, tell you what, I will give you this
            claim, but the estate wants 50 percent of what you get. Why didn't you say that?**

27  MR. MARTICELLO:· Objection, lacks foundation, improper hypothetical.

28  THE WITNESS: We didn't think it had value.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1   suggests that MTS has not done proper due diligence or that it is hiding facts to obscure that it is

2   transferring a very valuable asset away.  This is not a leap of the imagination by any means

3   considering the asset is desired by tort creditors represented by competent counsel who are not

4   only intimately familiar with what occurred during the litigation but insurance defense issues in

5   general.

6       **H.      The Plan Violates Section 1129(a)(2) Because Debtors Failed to Make**

7                 **Requisite Disclosures Pursuant to Section 1125.**

8          "The adequacy of disclosure is made an essential element for plan confirmation by way of

9   § 1129(a)(2), which requires that the proponent of the plan comply with the applicable provisions

10  of title 11. 11 U.S.C. § 1129(a)(2)."  *In re Sierra-Cal*, 210 B.R. 168, 176 (Bankr. E.D. Cal. 1997).

11  Here, the Debtors violated Bankruptcy Code section 1125 by failing and refusing to provide

12  accurate information about the Avoidance Action claims held by MTS.  Debtors call Jordan's

13  focus on the $8.7 million relating to Robin Mowbray's purchase a "red herring" but it is

14  indisputable that the circumstances surrounding such transfers were not disclosed.  Index Exhibit

15  10 does not disclose why such transfers were being made, for what purpose, nor does it identify

16  the many potential litigation targets.  This is true for all transfers listed- there is no context in

17  Debtors' Index Exhibits.  From the Exhibit S Jordan submitted with the Initial Objection, it is very

18  clear the transfers involving the $8.7 million include multiple litigation targets not identified by

19  Debtors and reveal widespread fraud, such as the April 14, 2022 payment of $315,000 to the IRS

20  for "Gloria Property Trust Federal Tax for 2021" (plus other massive tax payments for Gloria

21  Mowbray on or about that day) or where Robin Mowbray appears to have purchased Teslas

22  (plural) in April and May of 2022 ($155,348.88 on 4/18/2022 and $157,632.38 on 5/12/22) (in

23  addition to Mercedes Benz and other ongoing regular car payments charged to MTS) or the April

24  4, 2022 transfer for "FINAL FUNDS DUE FOR 34086 AVENUE H, YUCAIPA, CA 92399 FOR

25  RANDY $523,014.94 In Randy and Robin's name per Alan." Richard Mowbray was lucky to

26  obtain a "RICHARD MOWBRAY HOUSE- 2ND FLOOR THEATER, INTERNET & POOL

27  PROJECTION SCREEN*"* on September 27, 2022 for $33,659.79 and in that same month,

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

1   $113,489.73 was paid on Robin Mowbray's American Express.  *See* Exhibit S to Jordan's Initial

2   Objection, page 9 of 13  Debtors Exhibit 10 and Jordan's Exhibit S from the Initial Objection

3   unmistakably show countless other equally astonishing payments of large sums in a massive

4   aggregate amount reflecting that MTS was funding the lavish lifestyles of numerous relatives of

5   Robin Mowbray while the revenues were cratering and the company was facing massive liability

6   in court.

7       Debtors have not given any disclosure about the $3.5 million payment Jordan addressed in

8   his Initial Objection, which appears on page 9 of 13 of Exhibit S and is described generically as

9   "Taxes for Gloria Mowbray").  This easily could represent payment of estate tax liability arising

10  out of the gift in 2019 of 51% of MTS shares by the Trust to Robin Mowbray, since Gloria

11  Mowbray passed within three (3) years thereafter.

12      As revealed by the Debtors' Brief, the Plan also did not disclose the full terms of the

13  Rodriguez Compromise, since Debtors' Brief admits for the first time the Rodriguez Compromise

14  includes the MWP Consolidation as a bargained for term (49:24-27) and Debtors appear to

15  confirm that the only consideration from Rodriguez Plaintiffs is simply a vote in favor of the Plan.

16  Likewise, as discussed at length above, the claims MTS seeks to transfer to Rodriguez Plaintiffs

17  against Everest have not adequately been described or valued and were not even scheduled by

18  MTS.

19      **I.      The Plan Violates Section 1129(a)(3) Because It Was Not Proposed In Good**

20      **Faith and Contains Various Provisions Forbidden By Law.**

21      Based on all the evidence from Jordan and admissions from Debtors, it is very evident the

22  Plan is fundamentally unfair, is the product of a coordinated campaign against Jordan but in favor

23  of Rodriguez Plaintiffs and has a primary purpose to benefit the Insiders at the expense of the

24  respective bankruptcy estates.  Debtors have not come forward with testimony from any officer or

25  director of the Debtors to support and attempt to affirmatively show good faith.  Again, the CRO

26  has not offered any declaration in support of confirmation, nor has Robin Mowbray, the owner of

27  the equity in both corporate debtors.  The fact that the Plan funnels control over MTS and Robin

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

Mowbray's equity to Robin Mowbray for no payment is simply more evidence of bad faith. That MWP has jointly proposed a Plan which purports that its real estate assets are being exchanged by Insiders to obtain releases from MTS, and the fact that Jordan was forced to object to the proofs of claim filed by Rodriguez Plaintiffs against MWP and Robin Mowbray because the estate fiduciaries refused to do their jobs is irrefutable evidence of the bad faith motivating the Plan's proposals.

**J.    The Plan Violates Section 1129(a)(7).**

As with the rest of the Plan's central provisions or the Section 1129(a) requirement, the Plan cannot be confirmed because the Debtor offers no admissible evidence in support of the three liquidation analyses filed with the DS. No witness testifies about the value of any assets of the bankruptcy estates of Robin Mowbray or MWP, let alone the liquidation value or factual contentions made in the liquidation analyses of these debtors. The only evidence Debtors attempt to offer relates to the value of MTS Avoidance Actions but is inadmissible and fundamentally flawed. According to the Ninth Circuit,

> Although "[t]he hypothetical liquidation analysis **must be based on evidence and not assumptions** in order to meet the best interests of creditors test," Collier on Bankruptcy ¶ 1129.02 n.98 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) [hereinafter "Collier"] (citing In re Mcorp Fin., Inc., 137 B.R. 219, 228-29 (Bankr. S.D. Tex. 1992)), "a trustee's avoiding powers in a hypothetical chapter 7 case may [] affect the analysis," Id. ¶ 1129.02.

*Schoenmann v. Bank of the West (In re Tenderloin Health, FKA)*, 849 F.3d 1231, 1237 (9th Cir. 2017). Because there is no admissible evidence offered in support of Debtors' countless factual assertions in their liquidation analyses and Debtors' Brief, there is no pathway for Debtors to confirm the Plan on this defect alone.

*1.    Failure to Subordinate Punitive and Non-Economic Damages Causes the Debtor to Fail the Best Interest Test No Matter How Much It Undervalues Assets or Overstates Liabilities.*

Two Class 16 creditors, Jordan and Roger Cummings, objected that the Plan pays them less than they would receive in a chapter 7 or that the Debtors have failed to show this is not the case.

29

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1   As explained in *In re Sierra-Cal* 210 B.R. 168, 172 (E.D. Cal. 1997, J. Klein), all

2   Bankruptcy Code provision that apply in chapter 7 liquidations must be applied to a section

3   1129(a)(7) analysis.  Bankruptcy Code section 726(a)(4) automatically subordinates punitive and

4   non-economic damages to general unsecured claims in chapter 7. This case involves massive

5   punitive and noneconomic damage claims, the largest being the $49 million claim for punitive and

6   $32.5 million for non-economic damages asserted by Rodriguez Plaintiffs.  Pursuant to the

7   Judgment on Jury Verdict (Proof of Claim 7 pages 7 and 8) Jaimie Rodriguez had $2,305,000 of

8   past and future economic damages and a total of $30 million noneconomic divided $20 million

9   past and $10 million future, while Lidia Gomez had $0 past and future economic damages and

10  $2.5 million noneconomic divided $1 million past and $1.5 million future.  The $49 million

11  punitive damages alone were 21.2 times economic damages and noneconomic damages of $30

12  million as to Mr. Rodriguez were 14.7 times economic damages, while Ms. Gomez's noneconomic

13  damages of $2.5 million were infinite because she had $0 economic damages.  Overall, the

14  combined punitive and noneconomic damages were $81.5 million or 35.4 times economic

15  damages.  And considering the CCP 998 offer was $6 million illustrates the equitable nature of

16  allowing $81.5 million of punitive and noneconomic damages in the Rodriguez claim. Yet the

17  Debtors ignore the differences among GUCs asserted against MTS and focus only on the gross

18  distribution figure as opposed to their purported liquidation analysis.

19  Despite it being their burden, Debtors have not shown that the inclusion of 100% of the

20  punitive and non-economic damages of $81.5 million asserted against MTS results in creditors

21  being paid as much under the Plan.  However, simple arithmetic, which Debtors refused to supply,

22  shows the Plan fails the best interest test.

23  As reflected in **Exhibit II**, with the composition of Class 16 undisturbed and as it is

24  proposed in the Plan, Jordan holds 34.46037% of the total debt of $185,297,156.18.  If punitive

25  and noneconomic damages were properly subordinated for purposes of the analysis, Jordan's Class

26  16 claim is then 49.369% of the Class 16 debt.  Therefore, the Plan's payment of $25 million to

27  Class 16 would result in Jordan receiving $8,615,092.50.  Debtors concede certain upward

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

adjustments to a liquidation value of $18,903,810, which is still understated given Jordan's various other objections unrebutted by evidence or legitimate argument. Debtors' Brief at 55:5-8. Jordan's 49.369% share of this chapter 7 liquidation estate would be $9,332,621.96. These sheer numbers also fail to factor in any time value of money given the preposterous nine year Plan term, and the fact that payments to Class 16 will not even commence until 2028.

**2.**    ***Debtors Have Failed to Offer Any Legitimate Explanation for Their Blatant Undervaluation of Assets.***

Debtors argue that the best interest test estimates values based on the facts as they are expected to exist on the Effective Date of the Plan. Therefore, it makes little sense that Debtors would reach back in time to June 20, 2025 as the proper date for determining values for liquidation analyses done in September 2025 and where the numbers had materially changed since June. Nor does MTS explain why it would rely on books for its bank account balance for June 30, 2025 when the actual balance was two million more dollars on the selected date according to attachments to MTS' June 2025 MOR. Nor has MTS explained why using the June 30, 2025 net book value for cash makes sense based on what it expected the cash balance to be on the Effective Date. Debtors fail to rebut that a minimum upward adjustment to the MTS liquidation analysis cash estimate of $1,256,810 should be made.

Likewise, MTS' excuse for discounting the accounts receivable by 55.8% to 87.2% fails. Characteristically, without any admissible evidence, MTS has asserted the terms of unidentified contracts expose it to contract termination damages that would allow customers/clients to setoff against MTS receivables. In response to Jordan noting that no setoff may be taken to a Section 542(b) claim for turnover as a matter of law unless the alleged against the debtor arose pre-petition, MTS seems to asset the debt will have arisen post-petition even though the contracts are not identified as post-petition (or identified at all) and presumably, are executory service contracts with customers from the pre-petition era that, if rejected upon conversion, would give the other party a pre-petition claim that did not actually arise pre-petition. Therefore, no discount of MTS' AR is appropriate, and the liquidation value of MTS should be adjusted upward to 100% of the face value of the asset [$4,924,000] to correct the Plan's artificial devaluation.

Debtors state the MTS Liquidation Analysis assumes that, upon the liquidation of MTS, both PTM and PTS would also liquidate, with said assumption as to PTS being driven primarily by two factors. Both factors are lacking basis in fact. The first factor – non-conclusory assertion that MTS would no longer provide PTS with officer and director services, financial oversight and planning, human resources, payroll, and benefits services, and fleet management – is false on at least two levels. First, the most operative officer talent, Jacobus Pino, could and presumably would assume an operational or at minimum a consultative role with the buyer. Second, a third-party buyer of PTS would necessarily deem itself capable of assuming any void in officer and director services, financial oversight and planning, human resources, payroll, and benefits services, and fleet management. Debtors fail to explain how such a void as left by liquidation of MTS would disrupt the ability of PTS to be operated as a going concern by a third-party buyer. The second factor – that an MTS liquidation would deprive PTS of the equipment it needs to continue servicing its clients and that PTS does not have sufficient cash reserves to purchase the amount of equipment it needs from MTS – is false on at least two levels. First, a third-party buyer could bring its own equipment or lease same, arguendo, on the strength of PTS's own financials. Second, Debtors fail to provide any analyses regarding the [in]adequacy of PTS's cash reserves. Docket 1364 evidenced that PTS's Cash Balance at 9/30/2025 was $7,364,721 and its Working Capital at that same date was $10,756,398. Debtors do not even attempt to prove how such levels of Cash and Working Capital would be insufficient for PTS to finance its equipment needs. Similarly, Debtors' conclusory argument that PTM would be losing its two primary customers and that PTM would lose the oversight and management services that MTS provides likewise fails. Debtors provide no analyses as to whether PTM would be unable to remain solvent with PTS as its sole customer, much less if a third-party buyer would be able to augment PTM's profitability by providing PTM with additional traffic management work.

In general, Debtors merely restate or repackage the assumptions in responding to Jordan's objections about undervaluing other MTS assets but again, submits no admissible evidence to support its various factual assertions at its own peril.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

**K.    The MTS Plan Is Consensual Under Section 1129(a)(8) Solely as a Result of the Estimation Order.**

The Plan is only consensual under Section 1129(a)(8) as to MTS because the Court has estimated Jordan's claim at $0.00 which appears to be for the purposes of this Plan requirement. Jordan is appealing the Estimation Order. The only plan of MWP is that which is entirely premised on the MWP Consolidation as there was no separate voting for MWP and no separate or alternative plan for it in the event the MWP Consolidation is disapproved.

**L.    The Plan Violates Section 1129(a)(11).**

Debtors' Brief, supported by the Kurtz Declaration, argues that MTS is ahead of the Plan's projections for the year 2025. Jordan submits the Supp Wong Dec. and appended Supplemental Armory Report attached thereto as **Exhibit KK**, given in light of the fact that MTS finally filed its woefully late monthly operating reports for October, November and December of 2025 after the deadline for Jordan to submit expert reports. As explained by Mr. Wong in the Supplemental Armory Report, MTS is actually behind the Plan projections by approximately 19% for 2025. There is no other evidence offered in support of the feasibility of the Plan beyond the Kurtz Declaration, which narrowly discusses the performance of MTS (and necessarily PTS) for 2025. Nor has the Kurtz Declaration rendered the flat-lined projections on the income and expense side any more credible.

Therefore, Debtors have failed to carry their burden of proof of demonstrating the Plan is feasible.

**M.    Other Results of Jordan's Disenfranchisement and the Impact on His Plan Objections.**

As revealed in the Initial Objection, on December 19, 2025, during her deposition, Robin Mowbray testified, among other things, that she <u>personally</u> will receive (retain) the 100% of the stock in MTS pursuant to the Plan[12]. Jordan had not yet had the opportunity to depose the CRO.

---

[12] *See* Deposition Transcript page 122 lines 3-20,
   **Q:  Under the plan -- I'm sorry, Ms. Mowbray. Go ahead and finish your answer.**
   …**Can you tell me who ends up -- if the plan were confirmed, who is the owner of the MTS stock?**

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1  However, the CRO stated the exact understanding as well, that the Plan will vest MTS' equity

2  interests in Robin Mowbray.  Weiss Deposition at 20:21-21:24.  Had Jordan's claim not been

3  estimated at $0.00, he could and would have opposed the travesty of Robin Mowbray keeping

4  control of the MTS shares and her bankruptcy estate's equity interests without paying a dollar for

5  these and without any of the market testing required by the N. LaSalle, as discussed at length in

6  the Initial Objection.  There is no bidding, no valuation, and no market tested new value

7  contribution.

8       Jordan notes creditor Roger Cummings also objects to the "Plan's inequitable allocation of

9  value, prioritizing insiders…" Docket No. 1440 at 24:14-16.

10  **V.     CONCLUSION**

11       Based on the foregoing, the Plan should not be confirmed.

12  Dated:  February 13, 2026           Respectfully submitted by:

13             **GOE FORSYTHE & HODGES LLP**

14

15          By:  */s/Robert P. Goe*

16             Robert P. Goe

17             Charity J. Manee
           Attorneys for Creditor Ronnie Jordan

18

19

20

21

22

23

---

24      A:  That would be me.
    **Q:  You individually or you as trustee?**

25      A:  Me individually.
    **…**

26      **Q:  Individually. And that's your understanding?**
    A: I own the stocks.· Yes.

27      **Q: Okay. And you would pay how much for that?**
    [objections omitted]

28      THE WITNESS: At this time, I wouldn't – I don't know. Or I don't recall.

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

# REQUEST FOR JUDICIAL NOTICE

PLEASE TAKE NOTICE that Creditor Ronnie Jordan hereby requests pursuant to *Federal Rules of Evidence*, Rule 201, that the Court take judicial notice of the following attached exhibits:

**Exhibit "DD":**    *Order Sustaining Objections To Claims 7-1 And 10-1 [Dks. 1273 And 1263]* [Docket No. 1413].

**Exhibit "EE":**    *First Interim Fee Application of Raines Feldman Littrell LLP filed in the MTS bankruptcy case* [Docket No. 465].

**Exhibit "FF":**    *Second Interim Fee Application of Raines Feldman Littrell LLP filed in the MTS bankruptcy case* [Docket No. 1072].

**Exhibit "GG":**    Excerpts from MTS' Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket No. 170].

Dated:  February 13, 2026                Respectfully submitted by:

**GOE FORSYTHE & HODGES LLP**

By: */s/Robert P. Goe*
       Robert P. Goe
       Jeffrey W. Broker
       Charity J. Manee
       Attorneys for Creditor Ronnie Jordan

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1

## DECLARATION OF KENNETH J. CATANZARITE

2      I, Kenneth J. Catanzarite, have personal knowledge of each fact set forth in this declaration

3  based upon my observation of, participation in, and recollection of, the matters and events to

4  which I declare. I could and would competently testify to each fact set forth in this declaration if

5  called and duly sworn by this Court. I certify and declare as follows:

6      1.      I am a principal at Catanzarite Law Corporation attorneys since January 2022 for

7  Ronnie Jordan, an Unsecured Creditor in this case ("Jordan") as well as in his state court action

8  against The Original Mowbray's Tree Service Incorporated ("Mowbray's), Mowbray Waterman

9  Property LLC ("MWP"), Robin Mowbray ("Robin") and Richard J. Mowbray ("Richard J.").

10      2.      Myself and members of my firm filed and have continuously represented the

11  Plaintiff in *Ronnie D. Jordan v. The Original Mowbray's Tree Service, Inc., et al*. filed January 18,

12  2022 (San Bernardino County Superior Court Case Number CIVSB2201281) in the case against

13  Mowbray's, MWP, Robin and Richard J (the "State Court Action").

14      3.      I give this declaration in support of Creditor Ronnie Jordan's reply to *Debtors' (1)*

15  *Motion To Approve Non-Material Modifications To The Second Amended Joint Chapter 11 Plan*

16  *Of Reorganization; (2) Memorandum In Support Of Confirmation Of The Second Amended Joint*

17  *Chapter 11 Plan Of Reorganization; And (3) Omnibus Response To Objections To Confirmation*

18  [Docket No. 1435] ("Debtors' Brief") and in further support of Jordan's objection to Second

19  Amended Joint Disclosure Statement Describing First Amended Joint Chapter 11 Plan of

20  Reorganization ("Objection"). The defined terms used in this declaration have the same meaning

21  as set forth in the *Second Amended Joint Chapter 11 Plan of Reorganization* [ECF No. 893]

22  ("Plan") and *Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of*

23  *Reorganization* [ECF No. 891] ("DS") filed by the Original Mowbray's Tree Service, Inc.

24  ("MTS"), Mowbray Waterman Property, LLC ("MWP"), and Robin Mowbray ("Robin", and

25  together with MTS and MWP, "Debtors").

26      4.      On February 9, 2026, a hearing was held on the Motion of MTS and other

27  defendants in the State Court Action for summary judgment and/or partial summary adjudication.

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION

I attended that hearing and argued on behalf of Mr. Jordan.  On February 10, 2026, the Superior Court judge issued a 24-page ruling denying MTS and the other defendants' motion.  A true and correct copy of such ruling is attached hereto as **Exhibit "HH"** and is incorporated herein.

5.     Attached hereto and incorporated herein as **Exhibit "II"** is a demonstrative exhibit prepared by my firm staff, under my supervision, which summarizes attributes of the general unsecured creditors of MTS based on the filed proofs of claim or MTS' Schedule E/F and for creditors who were excused from filing a claim based on how MTS scheduled them.  Exhibit II also shows based on simple arithmetic, the percentage each unsecured creditor of MTS holds of Class 16 and what share of Class 16 MTS creditors would hold in the scenario in which Debtors or MTS were to subordinate the noneconomic and punitive damage portions of claims (which only exist in the claims of Jordan and the Rodriguez Plaintiffs).  Also part of Exhibit II are simple charts summarizing the claims against MWP and Robin, using the same methodology as the MTS portion of the exhibit, except the columns demonstrating the impact of removing punitive and noneconomic damages from the class pool.

6.     During the many discovery disputes that arose in connection with Jordan's Plan discovery, it was revealed in emails by Mr. Tiller that the Rodriguez Plaintiffs refused to produce pursuant to a subpoena issued by Jordan any of their settlement communications with Debtor in Possession counsel of MTS, MWP and Robin under an assertion of a joint interest privilege. Jordan attempted to find out by asking such Debtor In Possession counsel whether they agreed with Mr. Tiller's assertion of such privilege, to no avail.  True and correct copies of a portion of the emails exchanged between Mr. Tiller, who copied Debtor in Possession counsel for Debtors on the communication chain, and Jordan's counsel, including myself, are attached hereto as **Exhibit "JJ"** and are incorporated herein.

7.     Even though these communications have bearing on the central terms of the Plan and whether the Plan is being proposed in good faith, Jordan was unable to obtain the written settlement communications between Debtors and the Rodriguez Plaintiffs, which are shown to exist in various fee applications, due to timing constraints and the demands placed on Jordan and

37

his litigation team in theses cases and the State Court Action, involving multiple parallel complex proceedings moving at a fast pace.  For the sake of clarity, such records were also requested for Debtors who also refused to produce them, citing Rule 408 of the Federal Rules of Evidence.

I certify and declare under penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct.

Executed this 13th day of February, 2026 at Anaheim, California.

_____
Kenneth J. Catanzarite

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

# DECLARATION OF JAMES WONG

I, James Wong, declares as follows:

1.      I am the founder and principle of Armory Consulting Company, financial advisor to Creditor Ronnie Jordan ("Jordan").  I am an individual over the age of eighteen.  Except where otherwise stated, I have personal knowledge of the facts set forth in this declaration, if called to testify, I could and would testify competently that facts stated in this declaration are true and correct to the best of my knowledge and information.

2.      I am the principal of Armory, with over 30 years of experience in providing corporate restructuring, turnaround management, and forensic accounting, and related investigative financial services. I have served as an expert witness, chief restructuring officer, CEO, CFO, receiver, Plan trustee, and related fiduciary roles in numerous corporate and individual chapter 11 bankruptcies and out-of-court insolvency matters.  My curriculum vitae is attached as Exhibit B to the Armory Report (defined below).

3.      I make this declaration in support of Creditor Ronnie Jordan's reply to *Debtors' (1) Motion To Approve Non-Material Modifications To The Second Amended Joint Chapter 11 Plan Of Reorganization; (2) Memorandum In Support Of Confirmation Of The Second Amended Joint Chapter 11 Plan Of Reorganization; And (3) Omnibus Response To Objections To Confirmation* [Docket No. 1435] ("Debtors' Brief") and in further support of Jordan's objection to Second Amended Joint Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Reorganization ("Objection"). The defined terms used in this declaration have the same meaning as set forth in the *Second Amended Joint Chapter 11 Plan of Reorganization* [ECF No. 893] ("Plan") and *Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of Reorganization* [ECF No. 891] ("DS") filed by the Original Mowbray's Tree Service, Inc. ("MTS"), Mowbray Waterman Property, LLC ("MWP"), and Robin Mowbray ("Robin", and together with MTS and MWP, "Debtors").

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

4.    Armory was retained by Jordan as an expert with respect to the financial attributes of the Debtors' Plan.  I prepared an expert report containing Armory's conclusions regarding certain financial attributes of the Plan ("Armory Report"), which was previously filed by Jordan.

5.    At the time of the Armory Report, there were open discovery issues and MTS had not filed two of its monthly operating reports for the months of October and November 2025, which were delinquent.  MTS has since filed its monthly operating reports for the months of October and November 2025, and also belatedly has filed its report for December 2025.

6.    Additionally, since the submission of the Armory Report, the Court has disallowed the proofs of claim filed by the Rodriguez Plaintiffs against the bankruptcy estates of MWP and Robin Mowbray.

7.    Based on these developments and my prior reservation made to update and or supplement the Armory Report, I have prepared the Supplemental Armory Report, a true and correct copy of which is attached hereto as **Exhibit "KK"** and is incorporated herein.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 13th day of February 2026, at Irvine, California.

James Wong

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

# EXHIBIT DD

1

2

3

4

5

6

7

FILED & ENTERED

JAN 27 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

8     **UNITED STATES BANKRUPTCY COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10    In re:                                        Lead Case No. 8:24-bk-12674-SC

11    THE ORIGINAL MOWBRAY'S TREE          Chapter 11
      SERVICE, INC., a Delaware corporation,
12                                                  (Jointly Administered with Case Nos.
              Debtor and Debtor-in-Possession.     8:25-bk-10542-SC and 8:25-bk-10543-SC)
13    _____
                                                    **ORDER SUSTAINING OBJECTIONS TO
14    In re:                                        CLAIMS 7-1 AND 10-1 [DKS. 1273 AND 1263]**

15    MOWBRAY WATERMAN PROPERTY,
      LLC,                                          **Vacated Hearings:**
16                                                  Date:     January 28, 2026
              Debtor and Debtor-in-Possession.     Time:     9:00 AM
17    _____          Place:    Courtroom 5C
                                                              411 West Fourth Street
18    In re:                                                  Santa Ana, CA 92701

19    ROBIN ELAINE MOWBRAY,

20            Debtor and Debtor-in-Possession.
      _____
21
      ☐   Affects THE ORIGINAL MOWBRAY
22        TREE SERVICE, INC.

23    ☒   Affects MOWBRAY WATERMAN
          PROPERTY, LLC
24
      ☒   Affects ROBIN ELAINE MOWBRAY
25
      ☐   Affects All Debtors
26

27

28

1     The Court has considered the (1) *Motion for Order Disallowing, Subordinating, and Estimating Proof of Claim No. 10-1* in the individual case of Robin Elaine Mowbray [Dk. 1273], and (2) a parallel *Motion for Order Disallowing, Subordinating, and Estimating Proof of Claim No. 7-1* in the case of Mowbray Waterman Property, LLC [Dk. 1263] filed by Creditor Ronnie Jordan (collectively, the "Jordan Objections"). Both Proof of Claim No. 10-1 and Proof of Claim No. 7-1 were filed by Jaime Rodriguez and Ana Lidia Gomez (the "Rodriguez Creditors") and assert claims in excess of $90 million based on a state court tort judgment arising from a 2019 motor vehicle accident. The Court has determined that a hearing is not required and, and after considering the Jordan Objections and the docket as a whole, hereby SUSTAINS the Jordan Objections and VACATES the January 28, 2026 hearing.

     The Rodriguez Creditors have failed, as a matter of law, to establish any enforceable right to payment against either debtor under 11 U.S.C. § 502(b)(1). The Rodriguez claims attach and rely exclusively on a judgment entered against The Original Mowbray's Tree Service, Inc. and Jonathan Armando Gonzalez-Varillas, neither of whom is a debtor in either bankruptcy case. Neither Robin Elaine Mowbray nor Mowbray Waterman Property, LLC is a named judgment debtor, and neither was found liable in the underlying state court litigation. The alternative theories advanced in opposition either belong exclusively to the estate, have already been rejected in state court, or fail to satisfy the legal requirements for imposing liability on a non-judgment debtor.

     Accordingly, the Jordan Objections are SUSTAINED. The January 28, 2026 hearings are vacated.

     **IT IS SO ORDERED.**

Date: January 27, 2026

Scott C. Clarkson
United States Bankruptcy Judge

# EXHIBIT EE

1  **RAINES FELDMAN LITTRELL LLP**
   Robert S. Marticello, State Bar No. 244256
2  *rmarticello@raineslaw.com*
   Michael L. Simon, State Bar No. 300822
3  *msimon@raineslaw.com*
   4675 MacArthur Ct, Suite 1550
4  Newport Beach, CA 92660
   Telephone: (310) 440-4100
5  Facsimile: (310) 499-4877

6  Counsel for The Original Mowbray's Tree Service, Inc.,
   the Debtor and Debtor-In-Possession
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **SANTA ANA DIVISION**

11  In re:                                  Case No. 8:24-bk-12674-SC

12  THE ORIGINAL MOWBRAY'S TREE             Chapter 11
    SERVICE, INC.,
13                                          **FIRST INTERIM FEE APPLICATION OF**
                                            **RAINES FELDMAN LITTRELL LLP AS**
14          Debtor and Debtor in Possession. **COUNSEL FOR THE ORIGINAL**
                                            **MOWBRAY'S TREE SERVICE, INC.**
15                                          **FOR ALLOWANCE AND PAYMENT OF**
                                            **COMPENSATION AND**
16                                          **REIMBURSEMENT OF EXPENSES FOR**
                                            **THE PERIOD OCTOBER 18, 2024**
17                                          **THROUGH APRIL 30, 2025**

18                                          **[Supporting Declarations of Brian Weiss**
                                            **and Robert S. Marticello filed concurrently**
19                                          **herewith]**

20                                          **Hearing Information (Via ZoomGov):**
                                            Date:        June 18, 2025
21                                          Time:        1:30 p.m.
                                            Place:       Courtroom 5C or via Zoomgov
22                                                       411 W. Fourth Street
                                                         Santa Ana, CA 92701
23
                                            [Zoom hearing instructions available on the
24                                          Court's calendar at www.cacb.uscourt.gov]

25

26

27

28

**COVER SHEET**

| | |
|---|---|
| Name of Applicant: | Raines Feldman Littrell LLP |
| Authorized to Provide Professional Services to: | The Original Mowbray's Tree Service, Inc. |
| Date of Retention: | Order entered November 25, 2024 [Dkt. 187], Effective October 18, 2024 |
| Period for which Compensation and Reimbursement is Sought: | October 18, 2024 (Petition Date) through April 30, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $737,622.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $6,392.41 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $107,349.94 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $2,644.56 |
| TOTAL BALANCE DUE: | $634,019.91 |
| Blended Hourly Rate for Fee Period | $689.00 |

This is a:  ☐ Monthly   ☒ Interim   ☐ Final Application

1

## Table of Contents

2                                                                                     **(Page)**

3    I.      BACKGROUND ..................................................................................................1

4            A.      General Background ...............................................................................1

5            B.      Employment of RFL.............................................................................2

6            C.      Interim Compensation Procedures / Prepetition Retainer ....................2

7            D.      The Debtor Disclosure Statement and Plan...........................................3

8            E.      Status of Operations .............................................................................3

9            F.      Compliance with Statutory Requirements.............................................4

10           G.      Claims Bar Date ...................................................................................5

11           H.      The Examiner's Appointment ...............................................................5

12   II.     SERVICES RENDERED ....................................................................................5

13           A.      Case Administration (B110) .................................................................6

14           B.      Asset Analysis and Recovery (B120) ...................................................7

15           C.      Asset Disposition (B130) .....................................................................7

16           D.      Relief from Stay/Adequate Protection (B140) .....................................8

17           E.      Meetings and Communications with Creditors (B150)..........................8

18           F.      Fee Applications / Objections (B160) ...................................................9

19           G.      Employment Applications / Objections (B170) .....................................9

20           H.      Assumption / Rejection of Leases (B185) ...........................................10

21           I.      Other Contested Matters (B190) .........................................................10

22           J.      State Court Actions (B205) .................................................................11

23           K.      Business Operations (B210) ................................................................11

24           L.      Employee Benefits (B220) ..................................................................12

25           M.      Financing / Cash Collateral (B230)......................................................12

26           N.      Financial Filings (B235) ......................................................................13

27           O.      Claims Administration and Objections (B310) ......................................13

28

P.      Plan and Disclosure Statement (B320)..............................................................13

Q.      List of Expenses by Category.........................................................................13

R.      Hourly Rates..................................................................................................14

S.      Professionals..................................................................................................14

III.    THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED
        UPON THE APPLICABLE LAW ................................................................................14

A.      Evaluation of Requests for Compensation ............................................................14

B.      Section 330(a)(3) Factors ...............................................................................17

C.      Available Funds.............................................................................................17

IV.     CONCLUSION ..............................................................................................................18

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Blanchard v. Bergeron*,
    489 U.S. 87 (1989) .................................................................................. 16

4

*Blum v. Stenson*,
    465 U.S. 886 (1984) ................................................................................ 15

5

6

*Dang v. Cross*,
    422 F.3d 800 (9th Cir. 2005) ................................................................. 16

7

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................ 15

8

9

*In re Charles Russell Buckridge, Jr.*,
    367 B.R. 191 (C.D. Cal. 2007) .............................................................. 16

10

*In re Manoa Finance Co., Inc.*,
    853 F.2d 687 (9th Cir. 1988) ............................................................ 15, 16

11

12

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ............................................................ 15, 16

13

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975), *cert denied*, 425 U.S. 951 (1976) ................... 15, 16

14

15

*Meronk v. Arter & Hadden (In re Meronk)*,
    249 B.R. 208 (B.A.P. 9th Cir. 2000) ..................................................... 15

16

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986) ................................................................................ 16

17

18

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*,
    924 F.2d 955 (9th Cir. 1991) ................................................................. 16

19

## STATUTES

20

21

11 U.S.C. § 330(a)(1) ........................................................................................ 14

22

11 U.S.C. § 330(a)(3) .................................................................................. 15, 17

23

11 U.S.C. § 330(a)(3)(C) ................................................................................. 17

24

11 U.S.C. § 330(a)(3)(E) ................................................................................. 17

25

11 U.S.C. § 330(a)(3)(F) ................................................................................. 17

26

27

28

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Raines Feldman Littrell, LLP ("**RFL**" and/or the "**Firm**"), counsel to The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby files this First Interim Application for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred (the "**Application**") from October 18, 2024, through and including April 30, 2025 (the "**Interim Fee Period**"), requesting fees in the amount of **$737,622.00** and reimbursement of expenses in the amount of **$6,392.41** pursuant to §§ 330 and 331 of 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Bankruptcy Rule 2016-1(c).

This Application is based upon the contents hereof, together with the exhibits, the declarations of Brian Weiss and Robert S. Marticello, filed concurrently herewith, the pleadings, papers and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

I.    **BACKGROUND**

A.    **General Background**

On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary chapter 11 petition.  The Debtor provides vegetation management services that include, without limitation, manual and mechanical clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**").  Historically, utility companies have been the Debtor's primary clients, including California's largest energy utility, PG&E as well as Southern California Edison.  The Debtor also provides services to governmental agencies and cooperatives.

The Debtor is based in California and provides Vegetation Management Services throughout the state.  The Debtor also provides services in Florida and North Carolina.

1    Prior to the Petition Date, the Debtor retained Brian Weiss of Force Ten Partners, LLC, as

2    its Chief Restructuring Officer ("**CRO**") to lead the Debtor through its formal restructuring

3    process, including this Case.

4    **B.    Employment of RFL**

5    On November 5, 2024, the Debtor filed the *Application to Employ Raines Feldman Littrell*

6    *LLP, as General Bankruptcy Counsel Effective October 18, 2024* [Docket No. 154] (the

7    "**Retention Application**").  On November 25, 2024, the Court entered the *Order Approving*

8    *Application to Employ Raines Feldman Littrell LLP, as General Bankruptcy Counsel Effective*

9    *October 18, 2024* [Docket No. 187] (the "**Retention Order**").  A true and correct copy of the

10    Retention Order is attached hereto as **Exhibit A.**  The Retention Order approved monthly payment

11    procedures from RFL's retainer.  As of the Petition Date, RFL held a retainer in the amount of

12    $109,994.50.

13    Pursuant to the terms of the Retention Order, RFL submitted two Professional Fee

14    Statements to the Office of the U.S. Trustee as follows:

15    • Professional Fee Statement – No. 1 (October 18 2024 – October 31, 2024) for fees

16        in the amount of $62,149.50 and costs in the amount of $512.00.

17    • Professional Fee Statement – No. 2 (November 1, 2024 – November 30, 2024) for

18        fees in the amount of $70,598.50 and costs in the amount of $2,132.56.

19    RFL was paid $107,349.94 for fees and $2,644.56 for costs from the balance of the pre-

20    petition retainer.

21    **C.    Interim Compensation Procedures**

22    On January 28, 2025, the Debtor filed a *Motion of Debtor and Debtor in Possession for*

23    *Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of*

24    *Expenses for Professionals* (the "**Interim Compensation Procedures Motion**") [Docket No.

25    271].  On April 1, 2025, the Court entered an *Order Granting Motion for Authority to Establish*

26    *Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the

27    "**Interim Compensation Procedures Order**") [Docket No. 388].

28

**D.** **The Debtor Disclosure Statement and Plan**

On February 21, 2025, the Court entered an order extending the Debtor's deadline to file a plan and disclosure statement to, and including, March 14, 2025. (*See* Docket No. 323.)  On March 14, 2025, the Debtor filed its proposed disclosure statement [Docket No. 363] (the "**Disclosure Statement**") and plan [Docket No. 365] (the "**Plan**").  The Debtor's Disclosure Statement is set for hearing on July 2, 2025.

The Plan is a reorganizing plan that marshals significant value from all estate assets for the benefit of creditors.  Through the Debtor's ongoing operations, the Plan proposes to collectively pay over $36,000,000 to creditors holding allowed claims.  The Plan pays all allowed secured claims in full.  As provided in the Plan, allowed general unsecured creditors will receive a *pro rata* share of $15,674,000, *plus* any net proceeds from recoveries on account of any avoidance actions against insiders and certain other claims vested in a plan trust.

The payments in the Plan include substantial value from affiliates and address claims against the affiliates.  The pre-petition loan owing from Pino Tree Service, Inc. ("**PTS**"), will be paid in full less than one year after the Plan's Effective Date.  The Reorganized Debtor is projected to receive management fees and equipment rent from PTS of nearly $10.8 million per year, *plus* annual distributions. The projected annual distributions from PTS collectively exceed $14.5 million over the term of the Plan.  In addition, the Reorganized Debtor is projected to receive over $700,000 annually from Phoenix Traffic Management, Inc. ("**PTM**"), on account of management fees and equipment rent.  Any avoidance actions or claims of the Estate to recover on the pre-petition loan balances owing from PTM and Mowbray Waterman Property, LLC (in excess of the amounts projected to the paid to the Reorganized Debtor) are being vested in the plan trust.

**E.** **Status of Operations**

The Debtor continues to operate in accordance with the orders of this Court.  The Court has authorized the use of cash collateral pursuant to six orders.  (*See* Docket Nos. 72, 162, 211, 244, 256, and 268.)  The Debtor negotiated consensual cash collateral terms with its primary secured creditor, PNC Bank, N.A ("**PNC**").  Pursuant to a stipulation with PNC that was approved

by order entered on January 24, 2025 (the "**Cash Collateral Stipulation**"), the Debtor was authorized to use cash collateral through April 18, 2025, in accordance with the budget attached to that order as Exhibit 1 (the "**Current Budget**"). (*See* Docket Nos. 255 and 268.)

On April 8, 2025, the Debtor filed a motion requesting authorization to continue to use cash collateral on the same terms as in the Cash Collateral Stipulation pursuant to a new 13-week budget (the "**Cash Collateral Motion**"). (*See* Docket No. 394.)  Pursuant to a stipulation between PNC and the Debtor, the cash collateral motion was continued to May 28, 2025.  Prior to such hearing, PNC and the Debtor reached an agreement on the continued use of cash on a final basis pursuant to the prior Cash Collateral Stipulation with certain modifications as set forth in a further stipulation between PNC and the Debtor.  The Court entered an order on May 27, 2025, granting the Cash Collateral Motion and approving the stipulation between PNC and the Debtor.

The Debtor's operations have consistently tracked with, or have exceeded, its projections. As of May 16, 2025, the Debtor's cash on hand was approximately $11,778,346 (up from $4,479,479 as of the Petition Date).  This increase in cash is attributable to, among other factors, a $4,000,000 principal payment from PTS in December 2024.  This is in addition to other payments from PTS and PTM.  The Debtor's cash on hand as of May 16, 2025, exceeded its projected cash on hand as of that date by approximately $2,839,375.  From January 24, 2024 through May 16, 2025, the Debtor's receipts met its projections ($1,924,506 actual vs. $1,935,097 projected) and the Debtor's operating expenses were less than budgeted by $983,229 or 39.1%, which resulted in actual cumulative operating cash flow of $395,166 for such period (or $972,638 more than projected).

### F.    Compliance with Statutory Requirements

The Debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107. The Debtor's § 341(a) meeting on creditors (the "**Meeting of Creditors**") was completed on January 3, 2025.  (*See* Docket No. 242.)  The Debtor has timely paid quarterly United States Trustee's fees and has filed its monthly operating reports to date.  Moreover, as discussed above, the Debtor filed the Disclosure Statement and Plan by the March 14, 2025, deadline.

1    **G.    Claims Bar Date**

2          The claims bar date has passed.  By order entered on December 9, 2024, the Court set a bar

3    date of 60 days following service of the bar date notice by the Debtor.  (*See* Docket No. 206.)  On

4    December 23, 2024, the Debtor served written notice of the bar date.  (*See* Docket No. 235.)

5    Based on the date of service, the bar date was February 20, 2025.  (*See* Docket No. 232.)

6    **H.    The Examiner's Appointment**

7          On February 7, 2025, judgment creditors Jaime Rodriguez and Ana Lidia Gomez filed the

8    *Motion to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a); and a Motion to*

9    *Substantively Consolidate Pino Tree Services, Inc.*, *Mowbray Waterman Property, LLC, and*

10   *Phoenix Traffic Management, Inc. With the Debtor's Bankruptcy Case* [Docket No. 286] (the

11   **"Trustee and Substantive Consolidation Motion"**).  The Debtor and certain other parties

12   opposed the motion.  On March 14, 2025, the Court entered an order denying the Trustee and

13   Substantive Consolidation, directing the United States Trustee to appoint an examiner, and

14   directing the examiner to file a report within 90 days of the examiner's appointment.  (*See* Docket

15   No. 362.)  On March 18, 2025, the United States Trustee filed an *Application for Order Approving*

16   *Appointment of Examiner*.  (*See* Docket No. 369.)  On March 18, 2025, the Court entered an order

17   approving the United States Trustee's application and appointed Donald T. Fife as the examiner

18   (the **"Examiner"**).  Pursuant to the Court's order, the Examiner's report is due June 16, 2025.

19

20   **II.    SERVICES RENDERED**

21          In accordance with the *United States Trustee Guidelines for Reviewing Applications for*

22   *Compensation and Reimbursement of Expenses* (the **"UST Guidelines"**) and the Local Rules, RFL

23   classified all services performed for which compensation is sought into categories.  RFL attempted

24   to place the services performed in the category that best relates to the service provided.  However,

25   because certain services affected multiple categories, services pertaining to one category may

26   occasionally be included in another category.  The fact that similar services appear in several

27   different categories did not result in any duplication of work or billing.

28

RFL has established the following billing categories in this case to date:

- Case Administration (B110)
- Asset Analysis / Recovery (B120)
- Asset Disposition (B130)
- Relief Stay / Adequate Protection (B140)
- Meetings and Communications with Creditors (B150)
- Fee Applications / Objections (B160)
- Employment Applications / Objections (B170)
- Avoidance Actions (B180)
- Assumption / Rejection Leases (B185)
- Other Contested Matters / Omnibus Hearings (B190)
- Non-Working Travel (B195)
- Adversary Actions (B200)
- State Court Matters (B205)
- Business Operations (B210)
- Employee Benefits (B220)
- Financing / Cash Collateral (B230)
- Financial Filings (B235)
- Tax Issues (B240)
- Real Estate (B250)
- Claims Administration and Objections (B310)
- Plan and Disclosure Statement (B320)

**Exhibit B** includes the Firm's invoices for the Interim Fee Period, which includes detailed breakdowns of the time entries and expenses incurred. **Exhibit D** includes a Summary by Category.

During the Interim Fee Period, the Firm's attorneys and paraprofessionals expended a total of 1,070.20 hours for which compensation is requested.

The hourly rates of all professionals and paraprofessionals rendering services in these cases are set forth in the Billing Summary Chart on **Exhibit C** annexed hereto.

The Firm maintains computerized records of the daily time entries completed by all of the Firm's attorneys and paraprofessionals.

**A.    Case Administration (B110)**

This category primarily includes work related to administering the Case in an efficient manner and ensuring the Debtor complied with its obligations under the Bankruptcy Code. During the Interim Fee Period, the Firm, among other things: (i) prepared and filed the Debtor's voluntary petition and the Debtor's first-day motions and supporting declarations, prepared for and attended the hearings on the first-day motions, and prepared the orders granting those motions; (ii) addressed comments from the Office of the U.S. Trustee regarding the Debtor's first-day motions;

(iii) assisted the Debtor in preparing its 7-Day package for Office of the U.S. Trustee; (iv) prepared and filed a motion to extend the deadline for the Debtor to file its schedules and statement of financial affairs; (v) prepared and filed the Debtor's schedules and statement of financial affairs; (vi) prepared for and attended the initial debtor interview; (vii) prepared and filed numerous status reports and prepared for and attended the status conferences; and (viii) reviewed, analyzed and addressed issues concerning insurance.

The Firm also assisted the Debtor in resolving disputes with one of its unions related to a pending arbitration.  The Firm reviewed, analyzed and addressed issues regarding the union's demands, participated in various telephone conferences regarding the union's demands, negotiated and prepared a settlement with the union, and prepared a motion to approve the settlement with the union and an order granting the motion.

**Total Hours:  149.6  / Total Fees:  $98,424.50**

**B.    Asset Analysis and Recovery (B120)**

This category includes work related to analysis and/or recovery of assets of the Debtor. During the Interim Fee Period, the Firm, among other things: (i) participated in conference calls regarding PTS's repayment of the loan owing to the Debtor; (ii) reviewed and analyzed the financials of the Debtor's affiliates and review and responded to correspondence concerning the Debtor's affiliates; (iii) reviewed and responded to correspondence regarding insurance payments to be received by the Debtor; (iv) attended to issues related to the Debtor's receive of insurance proceeds related to a totaled vehicle; and (v) reviewed, analyzed and addressed issues regarding an asserted creditor's request for an assignment of a claim against insurer.

**Total Hours:  3.6 / Total Fees:      $2,424.50**

**C.    Asset Disposition (B130)**

This category includes work relating to the disposition of the Debtor's assets.  During the Interim Fee Period, the Firm, among other things: (i) prepared and filed a motion to establish procedures for the sale of de minimis assets of the Debtor (the **"Sale Motion"**); (ii) reviewed, analyzed and addressed issues regarding the Sale Motion; (iii) reviewed, analyzed and responded

1    to the opposition to the Sale Motion; (iv) prepared for and attended the hearing on the Sale

2    Motion; and (v) prepared and lodged order granting the Sale Motion.

3        **Total Hours:  27.7 / Total Fees:      $15,434.00**

4        **D.      Relief from Stay/Adequate Protection (B140)**

5        This category includes work relating to the automatic stay under § 362 and adequate

6    protection.  As of the Petition Date, the Debtor was a party to numerous pending lawsuits.

7    Multiple plaintiffs filed motions, at the very early stages of the Case, for relief from stay to

8    proceed with their respective pending matters in state court.  During the Interim Fee Period, the

9    Firm, among other things: (i) reviewed and analyzed the motions for relief from stay filed by

10   various plaintiffs; (ii) prepared and filed oppositions to the motions for stay relief; (iii) reviewed

11   and analyzed the replies filed in support of the motions for stay relief; (iv) prepared for and

12   attended the hearings on the motions for stay relief; and (v) participated in numerous telephone

13   conferences regarding the motions for stay relief.

14       The Debtor addressed issues related to the lawsuit by the PG&E Fire Victims Trust (the

15   "**FVT**").  The Firm reviewed, analyzed and responded to issues regarding a proposed settlement

16   with the FVT and a stipulation for stay relief related thereto, and prepared and filed the motion to

17   approve both the settlement agreement and the stipulation with the FVT.

18       The Firm also reviewed, analyzed and responded to the motion for relief from stay filed by

19   Pathward and/or to compel the Debtor to either assume or reject the Debtor's agreements with

20   Pathward (the "**Pathward Motion**").  The Firm prepared and filed an opposition to the Pathward

21   Motion, which opposition required an analysis of whether the Debtor's agreements with Pathward

22   are true leases, as Pathward incorrectly contends, or secured financing arrangements (as they are).

23       **Total Hours:  156.7 / Total Fees:      $110,211.00**

24       **E.      Meetings and Communications with Creditors (B150)**

25       This category includes work related to meetings and communications with creditors.

26   During the Interim Fee Period, the Firm, among other things: (i) prepared for and attended the

27   Meeting of Creditors; (ii) prepared a memo to the Debtor regarding the information needed

28

1   following the Meeting of Creditors; (iii) participated in numerous telephone conferences regarding

2   the information needed to respond to requests for information following Meeting of Creditors; (iv)

3   prepared a detailed written response to the questions of the United States Trustee and certain

4   creditors raised during the Meeting of Creditors; (v) reviewed documents to be produced to

5   various parties in response to questions at the Meeting of Creditors; and (vi) reviewed, analyzed

6   and responded to various creditors regarding their claims and the Case.

7       **Total Hours:  35.8    / Total Fees:  $28,847.00**

8       **F.      Fee Applications / Objections (B160)**

9       This category includes work related to fee application issues.  During the Interim Fee

10  Period, the Firm, among other things: (i) reviewed and revised pre-bills; (ii) prepared and filed a

11  motion for the Court's approval of interim compensation procedures (the **"ICP Motion"**); (iii)

12  reviewed and analyzed the opposition to the ICP Motion; (iv) prepared and filed reply in support

13  of the ICP Motion; (v) attended the hearing on the ICP Motion; (vi) worked with Office of the

14  U.S. Trustee to address its concerns regarding the ICP Motion and to prepare an order granting the

15  motion that resolved such concerns; (vii) finalized and filed monthly staffing reports for Force Ten

16  Partners; (viii) prepared Professional Fee Statement – No. 1 (April); (ix) prepared Professional Fee

17  Statement – No. 2 (March); (x) prepared and filed the notice to professionals of hearing on interim

18  fee applications; and (xi) begin preparation of first interim fee application.

19      **Total Hours:  33.9    / Total Fees:  $18,525.00**

20      **G.      Employment Applications / Objections (B170)**

21      This category includes work related to the retention of the Firm.  During the Interim Fee

22  Period, the Firm, among other things: (i) prepared and filed an application to employ Raines

23  Feldman Littrell LLP as counsel for the Debtor; (ii) prepared and filed an application to employ

24  Force Ten Partners, LLC as the Debtor's Chief Restructuring Officer; (iii) prepared and filed an

25  application to employ Hilco Valuation Services, LLC, to perform an appraisal of the Debtor's

26  equipment and machinery; (iv) prepared and lodged orders regarding the above-referenced

27  employment applications; (v) reviewed, analyzed and commented on the application to employ

28

1  Grobstein Teeple as the Debtor's Financial Advisors; (vi) prepared and filed motion authorizing

2  Debtor to employ and pay professionals utilized in the ordinary course of business (the **"OCP**

3  **Motion"**); (vii) reviewed, analyzed and responded to issues regarding the OCP Motion; (viii)

4  worked with Office of the U.S. Trustee to address its concerns regarding the OCP Motion and to

5  prepare an order granting the motion that resolved such concerns; and (ix) reviewed examiner's

6  application to employ Ringstad & Sanders LLP.

7        **Total Hours:  38.9    / Total Fees:  $25,822.50**

8        **H.**      <u>**Assumption / Rejection of Leases (B185)**</u>

9        This category includes work related to analyzing the Debtor's agreements.  This includes

10  assisting the Debtor in determining whether its numerous equipment agreements are true leases or

11  capital leases.  During the Interim Fee Period, the Firm, among other things: (i) reviewed,

12  analyzed and responded to issues regarding the Debtor's various agreements; (ii) prepared and

13  filed a motion to reject certain leases and prepared an order to grant such motion; (iii) reviewed,

14  analyzed and responded to numerous correspondence and issues regarding the Debtor's

15  agreements with Altec; (iv) reviewed, analyzed and responded to numerous correspondence and

16  issues regarding the agreements with other counterparties, such as John Deere; (v) researched and

17  prepared a memo analyzing whether each agreement of the Debtor was a capital lease or a true

18  lease; and (vi) reviewed, analyzed and responded to correspondence from various parties

19  regarding lease rejections.  In addition, some of the time in this category relates to the Firm's

20  analysis and review of the Pathward Motion and the preparation of the opposition to the Pathward

21  Motion.

22        **Total Hours:  56.0    / Total Fees:  $30,517.00**

23        **I.**      <u>**Other Contested Matters (B190)**</u>

24        This category is primarily comprised of the Firm's services in response to the Trustee and

25  Substantive Consolidation Motion.  During the Interim Fee Period, the Firm among other things:

26  (i) reviewed, analyzed and addressed issues regarding the Trustee and Substantive Consolidation

27  Motion; (ii) participated in numerous telephone conferences regarding the Trustee and Substantive

28

Consolidation Motion; (iii) prepared the Debtor's opposition to the Trustee and Substantive

Consolidation Motion and the declarations in support of the Debtor's opposition; (iv) reviewed and

analyzed the other oppositions the Trustee and Substantive Consolidation Motion; (v) reviewed

and analyzed reply filed in support of the Trustee and Substantive Consolidation Motion; (vi)

attended hearing on the Trustee and Substantive Consolidation Motion; (vii) prepared the order

denying the Trustee and Substantive Consolidation Motion and appointing the Examiner; (viii)

participated in conference calls with the Examiner; (ix) participated in conference calls regarding

the questions of, and documents requested by, the Examiner;  and (x) reviewed, analyzed and

responded to the Examiner's request for documents and information.

**Total Hours:  183.2   / Total Fees:  $137,630.00**

**J.    State Court Actions (B205)**

This category includes issues related to the state court actions involving the Debtor.

During the Interim Fee Period, the Firm, among other things: (i) participated in settlement

discussions with certain litigants; (ii) reviewed, analyzed and responded to issues regarding

potential settlements with litigants; (iii) reviewed, analyzed and addressed issues regarding the

settlement with the FVT; (iv) prepared notices of a stay of proceedings for filing in the pending

state court actions; and (v) reviewed, analyzed and responded to inquiries related to the status of

the various state court matters.

**Total Hours:  13.8    / Total Fees:  $10,232.50**

**K.    Business Operations (B210)**

This category includes issues related to the Debtor's business operations.  During the

Interim Fee Period, the Firm, among other things: (i) attended the hearings on the Debtor's first-

day motions, which sought relief to minimize disruption of the Debtor's business operations; (ii)

prepared an order granting the Debtor's first-day motion to prevent the termination of utilities; (iii)

prepared an order granting the Debtor's first-day motion to continue insurance programs; (iv)

prepared an order granting the Debtor's first-day cash management motion; (v) addressed issues

regarding the payment of the Debtor's subcontractor; (vi) participated in conference calls

regarding operational issues; (vii) reviewed, analyzed and addressed issues regarding adequate

assurance requests from utilities; (viii) participated in conference calls regarding the repayment of

the loan owed to the Debtor by PTS; (ix) attended to issues related to the renewal of the Debtor's

insurance; (x) prepared and filed motions authorizing the Debtor to incur insurance premium

financing (the "**Premium Finance Motions**"); (xi) reviewed, analyzed and responded to numerous

emails regarding the Premium Finance Motions; (xii) attended the hearings on the Premium

Finance Motions; (x) prepared orders granting the Premium Finance Motions; (xi) reviewed,

analyzed and addressed issues regarding payment of insurance premiums related to the Premium

Finance Motions; (xii) addressed issues regarding the Debtor's accounts at PNC; and (xiii)

reviewed, analyzed and addressed issues regarding the Debtor's worker's compensation policy.

**Total Hours:  64.4    / Total Fees:  $40,910.00**

**L.    Employee Benefits (B220)**

This category includes issues related to the Debtor's employee benefits.  During the Interim

Fee Period, the Firm, among other things: (i) prepared order granting the Debtor's motion to honor

employee obligations; and (ii) reviewed, analyzed and addressed issues regarding insider

compensation.

**Total Hours:  3.80    / Total Fees:  $2,033.00**

**M.    Financing / Cash Collateral (B230)**

This category includes work related to the Debtor's use of cash collateral.  During the

Interim Fee Period, the Firm, among other things: (i) reviewed and revised proposed cash

collateral budgets; (ii) prepared and filed the Debtor's first-day cash collateral motion; (iii)

prepared and filed numerous stipulations to continue the hearing on the cash collateral motion as

the Debtor negotiated with PNC; (iv) prepared and filed a supplement to the Debtor's cash

collateral motion; (v) negotiated consensual cash collateral terms with PNC; (vi) prepared and

filed the stipulation with PNC regarding the final use of cash collateral; (vii) reviewed, analyzed

and responded to various issues related to the Debtor's use of cash collateral; (viii) prepared and

1  filed a second motion for an order authorizing the Debtor's continued use of cash collateral; and

2  (ix) attended hearings on the Debtor's cash collateral motions.

3        **Total Hours:  86.3    / Total Fees:  $68,439.50**

4        **N.**       **Financial Filings (B235)**

5        This category includes work related to certain of the financial filings required by the

6  Debtor.  During the Interim Fee Period, the Firm, among other things: (i) prepared and filed

7  periodic reports regarding PTS; and (ii) prepared and filed the Debtors' Monthly Operating

8  Reports.

9        **Total Hours:  10.1    / Total Fees:  $6,138.50**

10        **O.**       **Claims Administration and Objections (B310)**

11        This category includes work related to the claims filed in the Case.  During the Interim Fee

12  Period, the Firm, among other things: (i) reviewed, analyzed and researched various filed claims;

13  (ii) prepared and filed a notice of the bar date set by the Court; and (iii) prepared a claims analysis.

14        **Total Hours:  21.1    / Total Fees:  $10,669.50**

15        **P.**       **Plan and Disclosure Statement (B320)**

16        This category includes work related to the Disclosure Statement and Plan.  During the

17  Interim Fee Period, the Firm, among other things: (i) prepared and filed a motion to extend the

18  Debtor's exclusivity periods; (ii) prepared the Debtor's Disclosure Statement and Plan; and (iii)

19  reviewed, analyzed and addressed issues regarding various settlement proposals regarding the

20  treatment in the Plan.

21        **Total Hours:  185.3  / Total Fees:  $131,363.50**

22        **Q.**       **List of Expenses by Category**

23        RFL advanced costs in connection with the performance of the services described in this

24  Application. During the Interim Fee Period, RFL incurred a total of **$6,392.41** in expenses.  As

25  this modest amount reflects, RFL made every effort to keep the costs in this case to a minimum. A

26  summary chart detailing the type and amount of expenses incurred during the Fee Period is

27  attached hereto as **Exhibit E.**

28

R.    **Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in these cases are set forth in the Billing Summary Chart on **Exhibit C** annexed hereto.

S.    **Professionals**

The biographies of the attorneys who primarily worked on this matter and a description of their professional experience and education are attached hereto as **Exhibit F.**  RFL has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

III.    **THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON THE APPLICABLE LAW**

The fees and expenses requested by this Application are an appropriate award for RFL's services in acting as counsel to the Debtor.

A.    **Evaluation of Requests for Compensation**

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of § 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under § 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

      (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In determining the amount of allowable fees under § 330(a) of the Bankruptcy Code, courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *See In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see also Meronk v. Arter & Hadden (In re Meronk)*, 249 B.R. 208, 213 (B.A.P. 9th Cir. 2000) (reiterating that *Monoa Finance* is the controlling authority and characterizing the factor test identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert denied*, 425 U.S. 951 (1976), as an "obsolete laundry list" now subsumed within more refined analyses).

The Supreme Court has evaluated the lodestar approach and endorses its usage. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a civil rights case, the Supreme Court held that while the *Johnson* factors might be considered in setting fees, the lodestar amount subsumed many of those factors. *See Hensley*, at 434, n. 9. The following year, another civil rights case, *Blum v. Stenson*, 465 U.S. 886 (1984), provided the so-called lodestar calculation: "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. . . .  Adjustments to that fee then may be made as necessary in the particular case." *Blum*, 465 U.S. at 888.

Then, in 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an *ad hoc* approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401, *et seq.*,

1    should be interpreted like that of the Civil Rights Act, 42 U.S.C. § 1983, the Supreme Court

2    expressly rejected the *ad hoc* application of the factors set forth in *Johnson* and thus *Kerr*, stating

3    that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable'

4    attorney's fee. . . ."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546,

5    563-66 (1986); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly

6    that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the

7    number of hours reasonably expended on the litigation times a reasonable hourly rate").

8        While the lodestar approach is the primary basis for determining fee awards under the

9    federal fee-shifting statutes and Bankruptcy Code, some of the *Johnson/Kerr* factors, previously

10   applied in an *ad hoc* fashion, can still apply in calculating the appropriate hourly rate to use under

11   the lodestar approach.  *In re Charles Russell Buckridge, Jr.*, 367 B.R. 191, 201 (C.D. Cal. 2007)

12   ("a court is permitted to adjust the lodestar up or down using a multiplier based on the criteria

13   listed in § 330 and its consideration of the *Kerr* factors not subsumed within the initial calculations

14   of the lodestar"); *see also Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the

15   lodestar amount after considering other factors that bear on the reasonableness of the fee");

16   *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991)

17   ("Although *Manoa* suggests that starting with the 'lodestar' is customary, it does not mandate such

18   an approach in all cases. . . .  Fee shifting cases are persuasive, but due to the uniqueness of

19   bankruptcy proceedings, they are not controlling.").

20       In accordance with the factors enumerated in § 330, it is respectfully submitted that the

21   amount requested by RFL is fair and reasonable give (a) the complexity of the case, (b) the time

22   expended, (c) the nature and extend of the services rendered, (d) the value of such services, and (e)

23   the costs of comparable services other than in a case under the Bankruptcy Code.  RFL's

24   representation of the Debtor in this case resulted in substantial benefits to the Debtor's estate and

25   the successful resolution of the Debtor's chapter 11 case with the confirmed Plan.

26       The time for which compensation is sought is detailed in the Firm's invoices for the Interim

27   Fee Period annexed hereto as **<u>Exhibit B</u>**.  RFL's services and time expenditures are reasonable in

28

1   light of the labor required and outcome achieved in this case.  RFL charges for its professional

2   services are based upon the time, nature, extent, and value of such services and the cost of

3   comparable services in the Los Angeles and Orange County areas, other than in a case under the

4   Bankruptcy Code.  The compensation the Firm seeks by way of this Application is the customary

5   compensation commonly sought by the Firm and other professionals representing trustees,

6   committees, and debtors in similar circumstances.

7        **B.**    <u>**Section 330(a)(3) Factors**</u>

8        Section 330(a)(3) of the Bankruptcy Code sets forth six factors to be considered by the

9   Court in determining the reasonableness of the fees requested.  11 U.S.C. § 330(a)(3) (2024).

10  Although several of these factors, such as the time involved and the timeliness of RFL's

11  performance, were addressed above, RFL believes three of the six factors should be discussed

12  separately again here.

13        First, § 330(a)(3)(C) of the Bankruptcy Code requires that the professional services be

14  necessary to the administration of, or beneficial at the time at which the service was rendered

15  toward completion of, the case.  RFL believes the facts of this Case make it evident that RFL's

16  services were both necessary and beneficial to the estate.  The Firm assisted the Debtor in

17  complying with its obligations under the Code and navigating the initial stages of the Case.

18  Moreover, the Firm assisted the Debtor in moving the Case forward towards a successful exit with

19  the preparation of the Disclosure Statement and the Plan.

20        Second, § 330(a)(3)(E) and (F) of the Bankruptcy Code requires the compensation to be

21  reasonable based on customary compensation charged by comparably skilled practitioners in cases

22  other than cases under the Bankruptcy Code.  In addition, RFL believes its attorneys are skilled

23  and have performed well in these cases, and that the fees charged by RFL are commensurate with

24  the fees charged by RFL's counterparts engaged in non-bankruptcy specialties of the law.

25        **C.**    <u>**Available Funds**</u>

26        The Debtor's operating cash flow and cash on hand have exceeded the amounts projected

27  in the approved budgets.  As of May 16, 2025, the Debtor's cash on hand was approximately

28

1     $11,778,346.  The Cash Collateral Stipulation permits the payment of the Firm's fees within the

2     Court-approved budgets.

3

4     **IV.**     <u>**CONCLUSION**</u>

5             WHEREFORE, RFL respectfully requests that this Court enter an order allowing, on a

6     interim basis, compensation in the amount of **$737,622.00** in fees and **$6,392.41** for

7     reimbursement of expenses incurred during the Interim Fee Period, and granting such other and

8     further relief as may be appropriate under the circumstances.

9

10                           Respectfully submitted,

11     Dated:  May 28, 2025             RAINES FELDMAN LITTRELL LLP

12                          By:    *<u>/s/ Robert S. Marticello</u>*

13                                 ROBERT S. MARTICELLO
                                 MICHAEL L. SIMON

14                                  *Counsel for the Debtor and Debtor in Possession*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## (Retention Order)

1  **RAINES FELDMAN LITTRELL LLP**
   Robert S. Marticello, State Bar No. 244256
2  *rmarticello@raineslaw.com*
   Michael L. Simon, State Bar No. 300822
3  *msimon@raineslaw.com*
   3200 Park Center Drive, Suite 250
4  Costa Mesa, CA 92626
   Telephone:    (310) 440-4100
5  Facsimile:    (310) 499-4877

6  Counsel for The Original Mowbray's Tree Service,
   Inc., Debtor and Debtor-In-Possession

7

FILED & ENTERED

NOV 25 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA  - SANTA ANA DIVISION**

10

11  In re                                     Case No. 8:24-bk-12674-TA

    THE ORIGINAL MOWBRAY'S TREE               Chapter 11
12  SERVICE, INC., a Delaware corporation
                                              **ORDER APPROVING**
13                          Debtor and        **APPLICATION TO EMPLOY**
                    Debtor-in-Possession.     **RAINES FELDMAN LITTRELL LLP**
14                                            **AS GENERAL BANKRUPTCY**
                                              **COUNSEL EFFECTIVE AS OF**
15                                            **OCTOBER 18, 2024**

16                                            [No Hearing Required Pursuant to Local
                                              Bankruptcy Rule 2014-1(b)(1) and
17                                            9013-1(o)]

18

19         On November 5, 2024, The Original Mowbray's Tree Service, Inc., the debtor and

20  debtor-in-possession in the above-captioned case (the "Debtor"), filed and served the

21  *Application to Employ Raines Feldman Littrell LLP as General Bankruptcy Counsel Effective*

22  *October 18, 2024* [Docket No. 154] (the "Application") and notice of the Application [Docket

23  No. 155] (the "Notice").  No opposition to or request for a hearing on the Notice or

24  Application was filed or served.  Having reviewed the Notice and Application and papers filed

25  in support thereof, service being proper, and good cause appearing therefrom,

26         **IT IS HEREBY ORDERED** that:

27         1.      The Application is approved in its entirety;

28

                                        1
                                      ORDER
10409973.1

2.      The Debtor is authorized to employ Raines Feldman Littrell LLP (the "Firm") as its general bankruptcy counsel effective October 18, 2024, on the terms and conditions set forth in the Application;

3.      The modified fee application procedures set forth in the Application with respect to the Retainer (as defined in the Application) are approved; and

4.      The Firm is authorized to apply the Retainer and any other available funds to its fees and expenses in accordance with the modified fee application procedures set forth in the Application.

<center>###</center>

Date: November 25, 2024

*Theodor C. Albert*

Theodor C. Albert
United States Bankruptcy Judge

<center>2</center>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

**(Invoices)**



1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 12/10/2024**
**Invoice Number: 127675**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10/18/2024 | BC | B110 | E-file Chapter 11 Petition (open new Voluntary Case) | 0.40 | 425.00 | 170.00 |
| 10/18/2024 | BC | B110 | Calendar order for relief and related deadlines | 0.20 | 425.00 | 85.00 |
| 10/18/2024 | JDF | B110 | Draft the Pro Hac Vice Application for CHC and related Order. | 0.40 | 310.00 | 124.00 |
| 10/18/2024 | JDF | B110 | Drafted the Proofs of service for the First Day Declarations; Cash Collateral; Wages/Payroll; Cash Management; Insurance; and Utilities Motions (0.3); Organized the exhibits and assembled the final PDFs (0.6); and E-filed all Motions and Declarations (0.4). | 1.30 | 0.00 | No Charge |
| 10/18/2024 | MLS | B110 | Finalize first day motions (cash collateral, cash management, payroll, insurance, and utilities), and supporting declarations (Sainos and Weiss) and exhibits, and prepare instructions to staff thereon. | 1.80 | 535.00 | 963.00 |
| 10/18/2024 | RSM | B110 | Preparation of order setting first day hearings | 0.40 | 850.00 | 340.00 |
| 10/18/2024 | RSM | B110 | Call with B. Weiss regarding next steps in case | 0.10 | 850.00 | 85.00 |
| 10/18/2024 | RSM | B110 | Call with R. Sainos regarding first-day hearings | 0.10 | 850.00 | 85.00 |
| 10/18/2024 | RSM | B110 | Revise and finalize first-day motions and declaration | 1.70 | 850.00 | 1,445.00 |
| 10/19/2024 | RSM | B110 | Call with B. Weiss regarding unsecured creditor issues | 0.20 | 850.00 | 170.00 |
| 10/19/2024 | RSM | B110 | Preparation for first day hearings and review first day motions | 3.20 | 850.00 | 2,720.00 |
| 10/20/2024 | MLS | B110 | Review proposed order setting hearings on first-day motions, and notice requirements. | 0.10 | 535.00 | 53.50 |

| 10/21/2024 | CHC | B110 | Review and analysis PNC form of order and draft cash management order (.8) Comms with R.Marticello, B.Weiss and M.Simon re same (.2) | 1.00 | 975.00 | 975.00 |
| 10/21/2024 | CHC | B110 | Call with R.Marticello regarding open matters for tomorrow's hearings | 0.40 | 975.00 | 390.00 |
| 10/21/2024 | CHC | B110 | Review, analysis and revise further cash management order (.4) Comms to R.Marticello regarding same (.1) | 0.50 | 975.00 | 487.50 |
| 10/21/2024 | JDF | B110 | Calendared the hearing on Debtor's First Day Motions. | 0.20 | 0.00 | No Charge |
| 10/21/2024 | JDF | B110 | Drafted the proof of service for the Declaration of MLS Regarding Notice of Hearing related to the Debtor's First Day Motions (0.1); E-filed the Declaration (0.1). | 0.20 | 0.00 | No Charge |
| 10/21/2024 | MLS | B110 | Review entered order setting hearings on shortened notice on first-day motions. | 0.10 | 535.00 | 53.50 |
| 10/21/2024 | MLS | B110 | Prepare email notice to certain creditors regarding first-day hearings. | 0.30 | 535.00 | 160.50 |
| 10/21/2024 | MLS | B110 | Research email service addresses and prepare notice of first-day hearings to top 20 list and secured creditors | 1.50 | 535.00 | 802.50 |
| 10/21/2024 | MLS | B110 | Prepare declaration regarding notice of hearings on first-day motions. | 0.50 | 535.00 | 267.50 |
| 10/21/2024 | RSM | B110 | Call with R. Sainos regarding contact info for potential secured creditors | 0.10 | 850.00 | 85.00 |
| 10/21/2024 | RSM | B110 | Call with R. Zur regarding the first day hearings | 0.30 | 850.00 | 255.00 |
| 10/21/2024 | RSM | B110 | Review and analysis of correspondence from R. Chinitz regarding Starr policies | 0.10 | 850.00 | 85.00 |
| 10/21/2024 | RSM | B110 | Review and analysis of redlined cash management order proposed by PNC | 0.30 | 850.00 | 255.00 |
| 10/21/2024 | RSM | B110 | Review first day pleadings and preparation for hearing thereon | 3.20 | 850.00 | 2,720.00 |
| 10/21/2024 | RSM | B110 | Preparation for first-day hearings | 2.70 | 850.00 | 2,295.00 |
| 10/22/2024 | JDF | B110 | E-filed the Pro Hac Vice Application on Non-Resident Attorney for CHGC and lodged the related Proposed Order. | 0.10 | 0.00 | No Charge |
| 10/22/2024 | MSM | B110 | Discuss status, next steps with R. Marticello | 0.20 | 780.00 | 156.00 |
| 10/22/2024 | RSM | B110 | Call with T. Quirk regarding settlement and the bankruptcy case | 0.50 | 850.00 | 425.00 |
| 10/22/2024 | RSM | B110 | Call with B. Weiss concerning settlement discussion with T. Quirk | 0.20 | 850.00 | 170.00 |
| 10/22/2024 | RSM | B110 | Attendance at first-day hearings | 0.90 | 850.00 | 765.00 |
| 10/22/2024 | RSM | B110 | Call with N. Goldenberg regarding OUST's comments on the first-day motions | 0.10 | 850.00 | 85.00 |
| 10/22/2024 | RSM | B110 | Call with M. Lubic regarding the first day hearings | 0.10 | 850.00 | 85.00 |

| 10/22/2024 | RSM | B110 | Call with N. Goldenberg regarding the bank accounts | 0.10 | 850.00 | 85.00 |
|---|---|---|---|---|---|---|
| 10/22/2024 | RSM | B110 | Review and revise the utilities and insurance orders | 0.30 | 850.00 | 255.00 |
| 10/23/2024 | CHC | B110 | Review and analysis 7-day package forms (.2) Call with R.Marticello re same (.1), Comms with B.Clark and J.Fisher re same (.1) Comms with R.Sainos and B.Clark re same (.1) | 0.50 | 975.00 | 487.50 |
| 10/23/2024 | JDF | B110 | Edited a recorder cover sheet with Costa Mesa office information (0.1); Attached the cover sheet to a certified copy of the Petition in preparation for it to be recorded with the county (0.1); Emailed with vendor to request for them to take the Petition to be recorded at the San Bernardino County Recorder-Clerk's office (0.1). | 0.30 | 310.00 | 93.00 |
| 10/23/2024 | MLS | B110 | Prepare correspondence to Ally Bank regarding duplicative appearances. | 0.10 | 535.00 | 53.50 |
| 10/23/2024 | RSM | B110 | Revise wage order | 0.50 | 850.00 | 425.00 |
| 10/23/2024 | RSM | B110 | Review the cash management order based on PNC's comments | 0.30 | 850.00 | 255.00 |
| 10/23/2024 | RSM | B110 | Call with M. Lubic regarding the cash management order | 0.10 | 850.00 | 85.00 |
| 10/23/2024 | RSM | B110 | Attention to 7-day package preparation | 0.30 | 850.00 | 255.00 |
| 10/23/2024 | RSM | B110 | Review the cash management order based on further revisions by PNC | 1.20 | 850.00 | 1,020.00 |
| 10/24/2024 | BC | B110 | Begin preparation of UST 7-Day package and Real Property Questionnaires. | 4.00 | 425.00 | 1,700.00 |
| 10/24/2024 | CHC | B110 | Follow up communications with B.Clark, R.Sainos and B.Weiss re 7-day package | 0.30 | 975.00 | 292.50 |
| 10/24/2024 | CHC | B110 | Analysis and drafting portion of 7-day package | 1.00 | 975.00 | 975.00 |
| 10/24/2024 | JDF | B110 | Lodged the Order for Interim Cash Coll Use, and the Order regarding Insurance Motion. | 0.20 | 0.00 | No Charge |
| 10/24/2024 | JDF | B110 | Downloaded the entered Order Granting on an Interim Basis, the Wages Motion (0.1); Calendared the continued hearing and related deadlines for all First Day Motions (0.1). | 0.20 | 0.00 | No Charge |
| 10/24/2024 | JDF | B110 | Calendared the Initial Debtor Interview. | 0.10 | 0.00 | No Charge |
| 10/24/2024 | JDF | B110 | Lodged the proposed Interim Order on the Cash Management Motion. | 0.10 | 0.00 | No Charge |
| 10/24/2024 | JDF | B110 | Downloaded and saved entered Orders Regarding Insurance Motion and the Motion for Continued Use of Bank Accounts and Cash Management System. | 0.10 | 0.00 | No Charge |
| 10/24/2024 | RSM | B110 | Revise the cash management order based on PNC's further comments | 0.30 | 850.00 | 255.00 |

| 10/24/2024 | RSM | B110 | Call with R. Sainos regarding timing of payment of wages and status of first day orders | 0.20 | 850.00 | 170.00 |
|---|---|---|---|---|---|---|
| 10/24/2024 | RSM | B110 | Call with R. Sainos regarding the wage motion | 0.10 | 850.00 | 85.00 |
| 10/24/2024 | RSM | B110 | Review of further edits to the cash management order from PNC | 0.20 | 850.00 | 170.00 |
| 10/24/2024 | RSM | B110 | Preparation of correspondence to N. Goldenberg regarding the revised cash management order | 0.10 | 850.00 | 85.00 |
| 10/25/2024 | CHC | B110 | Review, analysis and revise statement of issues report (.8), comms with R.Marticello re same (.1) | 0.90 | 975.00 | 877.50 |
| 10/25/2024 | CHC | B110 | Review and analysis of draft Schedules/SOFAs (.5) Comms with B.Weiss, et al re same (.2) | 0.70 | 975.00 | 682.50 |
| 10/25/2024 | RSM | B110 | Revise letter to SMUD regarding bankruptcy filing | 0.40 | 850.00 | 340.00 |
| 10/28/2024 | CHC | B110 | Comms with R.Marticello regarding independent contractor (.1) Review and analysis of pleading re same (.2) | 0.30 | 975.00 | 292.50 |
| 10/28/2024 | JDF | B110 | Calendar objection deadline related to Insider Compensation. | 0.10 | 0.00 | No Charge |
| 10/28/2024 | JDF | B110 | Drafted Proofs of Service for seven Insider Compensation forms; and edited a couple sections on the forms. | 0.20 | 0.00 | No Charge |
| 10/29/2024 | BC | B110 | Finalize 7-day Package | 3.00 | 425.00 | 1,275.00 |
| 10/29/2024 | CHC | B110 | Comms with B.Clark et al re 7-day package status and tasks | 0.20 | 975.00 | 195.00 |
| 10/30/2024 | BC | B110 | E-mail client regarding Schedule G (Landlords) and Real Property Questionnaires | 0.40 | 425.00 | 170.00 |
| 10/30/2024 | CHC | B110 | Comms with R.Sainos et al regarding SC Fuels issue (.2) ,Review and analysis of cash management motion and order regarding same (.2) | 0.40 | 975.00 | 390.00 |
| 10/30/2024 | CHC | B110 | Comms with Curtis Richardson re court cash management order (.1), Call with Diana Catchfall re same (.2), Comms with R.Sainos re same (.2) | 0.50 | 975.00 | 487.50 |
| 10/30/2024 | CHC | B110 | Review, analysis and respond with attachments to UST document inquiry (.2) Comms with RFL team re same (.1) | 0.30 | 975.00 | 292.50 |
| 10/30/2024 | CHC | B110 | Review and analysis of 7-day package (.3), Comms with B.Clark re same (.1), Comm to R.Marticello re same (.1) | 0.50 | 975.00 | 487.50 |
| 10/30/2024 | JDF | B110 | Downloaded the Order Granting Cash Collateral on an Interim Basis; and circulated all entered Orders to the team (0.1). | 0.10 | 0.00 | No Charge |
| 10/30/2024 | JDF | B110 | Created a Conflicts Check list. | 0.60 | 310.00 | 186.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/30/2024 | JDF | B110 | Emailed Christine of Hilco a list of parties-in-interest. | 0.10 | 310.00 | 31.00 |
| 10/30/2024 | RSM | B110 | Call with T. Quirk regarding settlement and the bankruptcy case | 0.20 | 850.00 | 170.00 |
| 10/31/2024 | BC | B110 | Revise Schedule G (Landlords) | 0.50 | 425.00 | 212.50 |
| 10/31/2024 | BC | B110 | Respond to e-mails regarding 7-Day package (.1) and deadline to file schedules (.1) | 0.20 | 425.00 | 85.00 |
| 10/31/2024 | CHC | B110 | Call with R.Marticello regarding various pending matters | 0.10 | 975.00 | 97.50 |
| 10/31/2024 | CHC | B110 | Draft motion to extend deadline to file Schedules (1.8), Comms with B.Weiss and R.Marticello regarding same (.2) Review, analysis and revise motion per B.Weiss and R.Marticello comments (.4), Comms with RFL team regarding filing and service of same (.1) | 2.50 | 975.00 | 2,437.50 |
| 10/31/2024 | CHC | B110 | Review and analysis R.Sainos comms regarding information for schedules (.2), Comms with B.Clark regarding same (.1) Comms with B.Weiss and R.Marticello regarding schedules/SOFAs (.1) | 0.40 | 975.00 | 390.00 |
| 10/31/2024 | CHC | B110 | Comms with R.Marticello regarding 7-day package (.1), Review, analysis and revise statement of issues (.1), Comms with B.Clark regarding same (.1) | 0.30 | 975.00 | 292.50 |
| 10/31/2024 | JDF | B110 | Created subfolders in the iManage system and organized documents in the client file. | 0.20 | 0.00 | No Charge |
| 10/31/2024 | MLS | B110 | Review correspondence from C. Callari regarding motion to extend deadline re schedules and SOFA, and prepare instructions to J. Fisher thereon. | 0.10 | 535.00 | 53.50 |
| 10/31/2024 | RSM | B110 | Revise the major issues for the 7-day package | 0.50 | 850.00 | 425.00 |
| 10/31/2024 | RSM | B110 | Call with B. Weiss regarding the schedules | 0.30 | 850.00 | 255.00 |
| 10/31/2024 | RSM | B110 | Revise the motion to extend the deadline to file the schedules | 0.40 | 850.00 | 340.00 |
| 10/31/2024 | RSM | B110 | Review and edit 7-day package | 1.20 | 850.00 | 1,020.00 |
| 10/31/2024 | RSM | B110 | Review and analysis of SCE deposit request | 0.20 | 850.00 | 170.00 |
| 10/30/2024 | MLS | B120 | Telephone conference with R. Marticello regarding case strategy. | 0.20 | 535.00 | 107.00 |
| 10/25/2024 | JDF | B140 | Downloaded the Motion for Relief regarding SBSC case Jordan v. Mowbray's (0.2); and calendar the hearing and related deadline (0.1). | 0.30 | 310.00 | 93.00 |
| 10/21/2024 | CHC | B170 | Review and approve PHV application | 0.10 | 975.00 | 97.50 |

| 10/23/2024 | CHC | B170 | Review, analysis on comment on draft OCP motion and related documents (.2), Comms to S.Motts re same (.1) | 0.30 | 975.00 | 292.50 |
|---|---|---|---|---|---|---|
| 10/24/2024 | CHC | B170 | Review, analysis and revise RFL employment application and related documents | 0.90 | 975.00 | 877.50 |
| 10/24/2024 | SMM | B170 | Revise and update motion re employment of ordinary course professionals | 2.40 | 425.00 | 1,020.00 |
| 10/28/2024 | CHC | B170 | Draft application to retain Hilco and related documents (3.8), Comms with B.Weiss re same (.1) Call with R.Marticello re same (.1) | 4.00 | 975.00 | 3,900.00 |
| 10/29/2024 | CHC | B170 | Review, analysis and revisions to comments to Hilco retention application papers (.4), Comms to C.Fredericks (Hilco) et al re same (.1) | 0.50 | 975.00 | 487.50 |
| 10/30/2024 | CHC | B170 | Comms with J.Fisher re updated conflicts list (.1), Review and analysis open items re RFL engagement (.1), comms to R.Marticello re same (.1) | 0.30 | 975.00 | 292.50 |
| 10/30/2024 | RSM | B170 | Revise the employment application | 0.50 | 850.00 | 425.00 |
| 10/31/2024 | CHC | B170 | Review, analysis and revise application to retain RFL (.2), Comms with R.Marticello re same (.1), Review and analysis of update application (.1) | 0.40 | 975.00 | 390.00 |
| 10/31/2024 | CHC | B170 | Analysis and draft application for Force10 | 1.60 | 975.00 | 1,560.00 |
| 10/31/2024 | CHC | B170 | Review, analysis and comment on application for Grobstein Teeple | 0.50 | 975.00 | 487.50 |
| 10/31/2024 | JDF | B170 | Prepared the exhibits for the Application to Employ RFL. | 0.10 | 0.00 | No Charge |
| 10/31/2024 | RSM | B170 | Review RFL's employment application | 0.20 | 850.00 | 170.00 |
| | | | | | | |
| 10/23/2024 | MLS | B185 | Prepare correspondence to S. Mott regarding motion to reject certain leases. | 0.10 | 535.00 | 53.50 |
| 10/25/2024 | CHC | B185 | Review equipment lease information received from B.Weiss (.2), Comms with R.Motts and R.Marticello re same (.2) | 0.40 | 975.00 | 390.00 |
| 10/25/2024 | SMM | B185 | Draft motion to reject leases | 1.80 | 425.00 | 765.00 |
| 10/28/2024 | SMM | B185 | Draft motion and notice re reject unexpired equipment leases | 2.50 | 425.00 | 1,062.50 |
| 10/30/2024 | SMM | B185 | Conduct research re IP licensing agreement and executory contract issues | 2.20 | 425.00 | 935.00 |
| | | | | | | |
| 10/18/2024 | RSM | B205 | Call with R. Mowbray regarding settlement discussions with R. Jordan | 0.40 | 850.00 | 340.00 |
| 10/21/2024 | RSM | B205 | Call with S. Cho regarding Jordan trial status | 0.20 | 850.00 | 170.00 |
| 10/22/2024 | RSM | B205 | Call with R. Mowbray and R. Mowbray regarding settlement discussions with R. Jordan | 1.00 | 850.00 | 850.00 |

| 10/22/2024 | RSM | B205 | Review and analysis of mediation with Rodriguez and settlement with Rodriguez | 0.20 | 850.00 | 170.00 |
|---|---|---|---|---|---|---|
| 10/23/2024 | MLS | B205 | Review and analysis of transcript from Rodriguez trial. | 0.40 | 535.00 | 214.00 |
| 10/23/2024 | RSM | B205 | Call with R. Sainos, R. Mowbray, and R. Mowbray regarding settlement discussions with R. Jordan and Rodriguez | 0.60 | 850.00 | 510.00 |
| 10/25/2024 | MLS | B205 | Review and analysis of motion for relief from stay filed by R. Jordan. | 0.30 | 535.00 | 160.50 |
| 10/25/2024 | RSM | B205 | Review of stay relief motion by Jordan | 0.20 | 850.00 | 170.00 |
| 10/30/2024 | RSM | B205 | Call with C. Castaldi regarding PG&E fire trust litigation | 0.20 | 850.00 | 170.00 |
| 10/30/2024 | RSM | B205 | Call with R. Zur regarding settlement discussions with litigation adversaries | 0.20 | 850.00 | 170.00 |
| 10/31/2024 | MLS | B205 | Review and analysis of notice of ruling re judgment in Rodriguez state court action. | 0.30 | 535.00 | 160.50 |
| | | | | | | |
| 10/21/2024 | MLS | B210 | Prepare proposed order granting utilities motion. | 0.40 | 535.00 | 214.00 |
| 10/21/2024 | MLS | B210 | Prepare proposed order granting motion to continue insurance programs. | 0.50 | 535.00 | 267.50 |
| 10/22/2024 | MLS | B210 | Prepare for hearings on first-day motions. | 0.30 | 535.00 | 160.50 |
| 10/22/2024 | MLS | B210 | Appearance at first-day hearings. | 0.80 | 535.00 | 428.00 |
| 10/22/2024 | MLS | B210 | Prepare order granting utilities motion on an interim basis. | 0.30 | 535.00 | 160.50 |
| 10/22/2024 | MLS | B210 | Prepare order granting insurance motion on an interim basis. | 0.30 | 535.00 | 160.50 |
| 10/22/2024 | RSM | B210 | Review and revise the proposed cash management order | 2.30 | 850.00 | 1,955.00 |
| 10/23/2024 | CHC | B210 | Review, analysis and comment on comments received to cash management motion (.2), Comms with R.Marticello re same (.2) | 0.40 | 975.00 | 390.00 |
| 10/23/2024 | MLS | B210 | Review and revise draft interim order granting utilities motion. | 0.10 | 535.00 | 53.50 |
| 10/24/2024 | MLS | B210 | Review and revise order granting motion relating to insurance programs. | 0.10 | 535.00 | 53.50 |
| 10/24/2024 | MLS | B210 | Review entered order granting utilities motion. | 0.10 | 535.00 | 53.50 |
| 10/24/2024 | MLS | B210 | Finalize interim order granting cash management motion. | 0.50 | 535.00 | 267.50 |
| 10/24/2024 | MLS | B210 | Review correspondence from SCE regarding utilities accounts. | 0.10 | 535.00 | 53.50 |
| 10/24/2024 | MLS | B210 | Review entered order granting cash management motion. | 0.10 | 535.00 | 53.50 |
| 10/24/2024 | MLS | B210 | Review entered order granting motion related to insurance programs. | 0.10 | 535.00 | 53.50 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 10/25/2024 | MLS | B210 | Review approved utilities procedures and prepare service list thereon. | 0.40 | 535.00 | 214.00 |
| 10/25/2024 | RSM | B210 | Attention to payment of subcontractor | 0.20 | 850.00 | 170.00 |
| 10/26/2024 | MLS | B210 | Research service addresses for utilities (.2) and prepare instructions to J. Fischer regarding service of utilities order. | 0.30 | 535.00 | 160.50 |
| 10/26/2024 | RSM | B210 | Call with R. Sainos regarding pending issues re operations | 0.20 | 850.00 | 170.00 |
| 10/29/2024 | MLS | B210 | Review correspondence from Russell Johnson regarding utilities accounts and prepare response. | 0.10 | 535.00 | 53.50 |
| 10/30/2024 | CHC | B210 | Review and analysis of Samsara license agreement (.3), Conduct research regarding same (.6), Comms with team regarding same (.1) | 1.00 | 975.00 | 975.00 |
| 10/30/2024 | CHC | B210 | Call with R.Sainos re Samsara IP license (.1), analysis of same (.1), email to R.Marticello re same (.1), follow up comms with R.Sainos re same (.1) | 0.40 | 975.00 | 390.00 |
| 10/31/2024 | RSM | B210 | Revise letter to vendors prepared by R. Sainos | 0.40 | 850.00 | 340.00 |
| 10/31/2024 | RSM | B210 | Call with R. Sainos regarding pending matters (payment of vendors and other issues) | 0.50 | 850.00 | 425.00 |
| | | | | | | |
| 10/21/2024 | MLS | B220 | Prepare proposed order granting motion regarding pre-petition employee related claims. | 1.40 | 535.00 | 749.00 |
| 10/22/2024 | MLS | B220 | Prepare order granting motion to pay employee obligations on an interim basis. | 0.30 | 535.00 | 160.50 |
| 10/24/2024 | MLS | B220 | Review entered order granting motion related to employee compensation. | 0.10 | 535.00 | 53.50 |
| 10/26/2024 | MLS | B220 | Review and revise notices of setting insider compensation (.5) and prepare correspondence to B. Weiss and R. Sainos thereon (.1). | 0.60 | 535.00 | 321.00 |
| 10/26/2024 | MLS | B220 | Review B. Weiss email and comments regarding insider compensation notices (.2), revise certain notices accordingly (.2), and prepare response (.1) | 0.50 | 535.00 | 267.50 |
| 10/27/2024 | MLS | B220 | Attention to notices of insider compensation and prepare instructions to staff regarding service thereof. | 0.30 | 535.00 | 160.50 |
| | | | | | | |
| 10/18/2024 | RSM | B230 | Review the revised cash collateral budget | 0.20 | 850.00 | 170.00 |
| 10/22/2024 | CHC | B230 | Review and analysis of PNC and B.Weiss comments to Cash Collateral order (.2), Comms with R.Marticello et al re same (.1) | 0.30 | 975.00 | 292.50 |
| 10/22/2024 | CHC | B230 | Call with R.Marticello post-initial hearings regarding update, issues and next steps | 0.20 | 975.00 | 195.00 |

EXHIBIT EE

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/22/2024 | MLS | B230 | Review and analysis of proposed revisions to proposed interim cash collateral order. | 0.20 | 535.00 | 107.00 |
| 10/22/2024 | RSM | B230 | Review PNC's comments to the cash collateral order and make further revisions | 0.50 | 850.00 | 425.00 |
| 10/31/2024 | MLS | B230 | Review correspondence from C. Kurtz regarding cash collateral order and prepare response. | 0.10 | 535.00 | 53.50 |
| 10/29/2024 | MLS | B310 | Review proof of claim filed by AIS Portfolio Services, LLC. | 0.10 | 535.00 | 53.50 |
| 10/30/2024 | MLS | B310 | Preliminary review and analysis of 20 proofs of claims filed by AmeriCredit Financial Services. | 0.40 | 535.00 | 214.00 |
| 10/31/2024 | MLS | B310 | Review proofs of claim filed by Ally Bank. | 0.10 | 535.00 | 53.50 |

|  |  |
|---|---|
| Sub-total Fees: | $62,149.50 |

**Expenses**

| | | |
|---|---|---|
| 10/30/2024 | Capital One, N.A.: 10/22/2024 - Pro Hac Vice Application Fee - Carollyn Callari | 500.00 |
| 10/30/2024 | Capital One, N.A.: 10/23/2024 - USDC - certified copy of Petition | 12.00 |

| | |
|---|---|
| Sub-total Expenses: | $512.00 |
| Total Current Billing: | **$62,661.50** |
| Total Now Due: | **$62,661.50** |

**Rate Summary**

| | | | |
|---|---|---|---|
| Carollynn H.G. Callari | 22.10 | hours at $975.00/hr | $21,547.50 |
| Bambi Clark | 8.70 | hours at $425.00/hr | $3,697.50 |
| Ja'Nita Fisher | 3.20 | hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 1.70 | hours at $310.00/hr | $527.00 |
| Robert S. Marticello | 29.10 | hours at $850.00/hr | $24,735.00 |
| Mark S. Melickian | 0.20 | hours at $780.00/hr | $156.00 |
| Stephen M. Mott | 8.90 | hours at $425.00/hr | $3,782.50 |
| Michael L. Simon | 14.40 | hours at $535.00/hr | $7,704.00 |
| Total hours: | 88.30 | | $62,149.50 |

EXHIBIT EE

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
      Wells Fargo Bank, N.A.
      Routing No.: 121000248
      Account No.: 4941981821
      BIC/Swift Code: WFBIUS6S
      Account Title: Raines Feldman Littrell LLP
      Client Name & Invoice #

**Pay by Check via Mail**:
      Raines Feldman Littrell LLP
      PO Box 848574
      Los Angeles, CA 90084-8574



1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 12/10/2024**
**Invoice Number: 127678**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| | | | Professional Services | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 11/01/2024 | BC | B110 | Finalize 7-Day Package for UST | 0.30 | 425.00 | 127.50 |
| 11/01/2024 | BC | B110 | Revise Statement of Financial Affairs (payments within 90 days / payments to professionals) | 2.00 | 425.00 | 850.00 |
| 11/01/2024 | CHC | B110 | Comms with R.Marticello regarding notices of stay | 0.10 | 975.00 | 97.50 |
| 11/01/2024 | JDF | B110 | Drafted the proof of service for the Motion for Extension to File Schedules (0.1); and e-filed the Motion and lodged the related Order (0.2). | 0.30 | 0.00 | No Charge |
| 11/01/2024 | MLS | B110 | Prepare order granting motion to extend deadline to file schedules, SOFA, and related documents. | 0.20 | 535.00 | 107.00 |
| 11/01/2024 | MLS | B110 | Prepare notice of stay for Jordan action (.2) and prepare correspondence to M. Cho thereon (.1). | 0.30 | 535.00 | 160.50 |
| 11/01/2024 | MLS | B110 | Review and revise supplement proof of service for motion to extend deadline to file schedules, SOFA, and related documents. | 0.20 | 535.00 | 107.00 |
| 11/02/2024 | RSM | B110 | Preparation of correspondence to J. Craig regarding settlement of utility objection | 0.10 | 850.00 | 85.00 |
| 11/03/2024 | CHC | B110 | Review and analysis B.Clark comms re schedules/SOFA (.1) Comms to B.Clark and R.Marticello re same (.1) | 0.20 | 975.00 | 195.00 |
| 11/03/2024 | CHC | B110 | Review information received from R.Sainos for Schedules and comms to R.Sainos regarding same | 0.10 | 975.00 | 97.50 |
| 11/04/2024 | BC | B110 | Revise schedules | 0.50 | 425.00 | 212.50 |

| 11/04/2024 | RSM | B110 | Call with R. Sainos, R. Mowbray, and R. Mowbray regarding pending matters (settlement negotiations with litigants, union claim, and other issues) | 0.80 | 850.00 | 680.00 |
|---|---|---|---|---|---|---|
| 11/04/2024 | RSM | B110 | Call with J. Craig regarding SCE's request for adequate assurance deposits | 0.20 | 850.00 | 170.00 |
| 11/04/2024 | RSM | B110 | Review letter to the unions | 0.40 | 850.00 | 340.00 |
| 11/04/2024 | RSM | B110 | Revise letter to Unions | 0.20 | 850.00 | 170.00 |
| 11/05/2024 | BC | B110 | Revise Schedules | 5.00 | 425.00 | 2,125.00 |
| 11/05/2024 | CHC | B110 | Review and analysis information from R.Sainos re schedules (.2), Comms with B.Clark et al re same (.1) | 0.30 | 975.00 | 292.50 |
| 11/05/2024 | MLS | B110 | Review and analysis of motion's compliance with notice requirements. | 0.20 | 535.00 | 107.00 |
| 11/05/2024 | MLS | B110 | Review entered order extending deadline to file schedules and SOFA. | 0.10 | 535.00 | 53.50 |
| 11/06/2024 | RSM | B110 | Meeting with R. Sainos, R. Mowbray, and B. Weiss regarding IDI preparation | 0.30 | 850.00 | 255.00 |
| 11/06/2024 | RSM | B110 | Attendance at the ID! | 0.60 | 850.00 | 510.00 |
| 11/07/2024 | CHC | B110 | Call with R.Marticello regarding various open matters | 0.10 | 975.00 | 97.50 |
| 11/07/2024 | CHC | B110 | Call with B.Clark regarding schedules (.2), Review J.Teeple comments to schedules (.1), Comms with J.Teeple, R.Sainos, et al re schedules (.1) | 0.40 | 975.00 | 390.00 |
| 11/07/2024 | JDF | B110 | Reviewed and cross-referenced initial filed creditors matrix of over 600 creditors with the draft amended creditors matrix to identify new creditors. | 2.50 | 310.00 | 775.00 |
| 11/07/2024 | RSM | B110 | Preparation of correspondence to R. Sainos and B. Weiss regarding settling with SCE | 0.20 | 850.00 | 170.00 |
| 11/08/2024 | JDF | B110 | Carefully reviewed and edited 20-pages of addresses on the mailing matrix from ECF (0.3); Emailed the list and Order Setting Scheduling and Case Management Conference to a vendor to serve (0.1). | 0.40 | 0.00 | No Charge |
| 11/08/2024 | JDF | B110 | Drafted the Proof of Service pleading of Order Setting Scheduling and Case Management Conference (0.2) and E-filed (0.1). | 0.30 | 0.00 | No Charge |
| 11/08/2024 | JDF | B110 | Downloaded entered Order Approve Stipulation to Continue Hearing on the Cash Collateral Motion (0.1); and calendared the new deadlines and hearing date (0.1). | 0.20 | 0.00 | No Charge |
| 11/08/2024 | MLS | B110 | Review entered order setting case management conference and prepare correspondence to staff regarding service of order. | 0.10 | 535.00 | 53.50 |

| 11/11/2024 | CHC | B110 | Review and analysis of various comms from B.Weiss et al re Schedules/SOFAs | 0.10 | 975.00 | 97.50 |
|---|---|---|---|---|---|---|
| 11/11/2024 | CHC | B110 | Review and analysis of comments/questions received to schedules/SOFAs (.2), Comms to B.Clark re same (.1), Review J.Teeple et al comms re same (.1) | 0.50 | 975.00 | 487.50 |
| 11/11/2024 | RSM | B110 | Review the draft schedules | 0.40 | 850.00 | 340.00 |
| 11/11/2024 | RSM | B110 | Review schedules and SOFA and edit | 0.60 | 850.00 | 510.00 |
| 11/12/2024 | BC | B110 | Revise Schedules and Statement of Financial Affairs | 4.20 | 425.00 | 1,785.00 |
| 11/12/2024 | CHC | B110 | Review comments from R.Sanos and J.Teetle re Schedules/SOFAs, comms with B.Clark re same | 0.20 | 975.00 | 195.00 |
| 11/12/2024 | MLS | B110 | Prepare global notes in support of schedules and SOFA. | 0.50 | 535.00 | 267.50 |
| 11/12/2024 | RSM | B110 | Review ordinary course professionals motion | 0.30 | 850.00 | 255.00 |
| 11/12/2024 | RSM | B110 | Review and revise schedules and SOFA | 1.70 | 850.00 | 1,445.00 |
| 11/12/2024 | RSM | B110 | Review list of transfers and preparation of memo regarding edits or questions thereto (for SOFA) | 1.80 | 850.00 | 1,530.00 |
| 11/13/2024 | BC | B110 | Review various e-mails regarding schedules | 0.40 | 425.00 | 170.00 |
| 11/13/2024 | BC | B110 | Revise schedules | 1.80 | 425.00 | 765.00 |
| 11/13/2024 | CHC | B110 | Review and analysis of Chad K. comments to Schedules/SOFAs (.1) Comms with RFL team re same (.1) | 0.20 | 975.00 | 195.00 |
| 11/13/2024 | MLS | B110 | Review correspondence from C. Callari regarding schedules and SOFA. | 0.10 | 535.00 | 53.50 |
| 11/13/2024 | MLS | B110 | Meeting with team regarding Schedules and SOFA. | 1.70 | 535.00 | 909.50 |
| 11/13/2024 | MLS | B110 | Review and analysis of draft schedules and SOFA. | 0.50 | 535.00 | 267.50 |
| 11/13/2024 | RSM | B110 | Zoom with R. Sainos, B. Weiss, M. Simon, J. Teeple, and K. Meachem to revise the schedules and SOFA | 1.50 | 850.00 | 1,275.00 |
| 11/13/2024 | RSM | B110 | Review and revise schedules and review comments from C. Kurtz | 0.80 | 850.00 | 680.00 |
| 11/14/2024 | BC | B110 | Revise schedules | 0.80 | 425.00 | 340.00 |
| 11/14/2024 | MLS | B110 | Review and analysis of draft schedules and SOFA. | 0.50 | 535.00 | 267.50 |
| 11/14/2024 | MLS | B110 | Prepare correspondence to B. Clark regarding changes to draft schedules. | 0.20 | 535.00 | 107.00 |
| 11/14/2024 | MLS | B110 | Telephone conference with R. Sainos regarding information for schedules. | 0.20 | 535.00 | 107.00 |
| 11/14/2024 | MLS | B110 | Prepare correspondence to B. Clark regarding revisions to schedules and SOFA. | 0.10 | 535.00 | 53.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/14/2024 | MLS | B110 | Review correspondence from R. Sainos regarding CKB Vienna and prepare correspondence to B. Clark regarding same. | 0.10 | 535.00 | 53.50 |
| 11/14/2024 | RSM | B110 | Review and revise riders to the SOFA | 0.80 | 850.00 | 680.00 |
| 11/14/2024 | RSM | B110 | Review and revise schedules, SOFA, and riders, and prepare Global Notes | 2.30 | 850.00 | 1,955.00 |
| 11/14/2024 | RSM | B110 | Further review and revision of schedules, SOFA, and riders, and prepare Global Notes | 1.80 | 850.00 | 1,530.00 |
| 11/15/2024 | BC | B110 | Revise schedules | 3.00 | 425.00 | 1,275.00 |
| 11/15/2024 | BC | B110 | Finalize and e-file Schedules and SOFAs | 1.00 | 425.00 | 425.00 |
| 11/15/2024 | MLS | B110 | Review and revise draft global notes regarding Schedules and SOFA. | 0.40 | 535.00 | 214.00 |
| 11/15/2024 | MLS | B110 | Review and analysis of proposed revisions to schedules and SOFA. | 0.40 | 535.00 | 214.00 |
| 11/15/2024 | RSM | B110 | Review and revise Schedules, SOFA, transfer riders, and Global Notes | 3.30 | 850.00 | 2,805.00 |
| 11/18/2024 | MLS | B110 | Prepare initial chapter 11 status report. | 3.20 | 535.00 | 1,712.00 |
| 11/18/2024 | MLS | B110 | Prepare chapter 11 status report. | 0.30 | 535.00 | 160.50 |
| 11/18/2024 | RSM | B110 | Preparation of correspondence to R. Mowbray's regarding the hearings scheduled for 11/19 | 0.10 | 850.00 | 85.00 |
| 11/20/2024 | JDF | B110 | Created an updated address list that consisted of 20 largest and secured creditors and parties that requested notice (0.3); Drafted the proof of service for the Initial Status Report (0.1); Assembled the exhibit to the Report, and e-filed (0.1). | 0.50 | 0.00 | No Charge |
| 11/20/2024 | JDF | B110 | Lodged final orders for Cash Management; Utilities; and Wages Motions. | 0.20 | 0.00 | No Charge |
| 11/20/2024 | MLS | B110 | Prepare correspondence to J. Fisher regarding status report. | 0.10 | 535.00 | 53.50 |
| 11/20/2024 | MLS | B110 | Review CRO comments to draft status report. | 0.10 | 535.00 | 53.50 |
| 11/20/2024 | RSM | B110 | Zoom with Grobstein Teeple, R. Sainos, and B. Weiss regarding the MOR | 0.80 | 850.00 | 680.00 |
| 11/20/2024 | RSM | B110 | Call with R. Sainos regarding creditor inquiries, the stay relief hearing, and other issues | 0.80 | 850.00 | 680.00 |
| 11/20/2024 | RSM | B110 | Review and revise final orders on first-day hearings | 0.20 | 850.00 | 170.00 |
| 11/20/2024 | RSM | B110 | Preparation of status report | 2.70 | 850.00 | 2,295.00 |
| 11/25/2024 | JDF | B110 | Downloaded the entered Orders related to the final basis for the Wages motion, Cash Management motion, and Utilities motion (0.2); and circulated to the team (0.1). | 0.30 | 0.00 | No Charge |
| 11/25/2024 | MLS | B110 | Review notice of non-appointment of official committee of unsecured creditors. | 0.10 | 535.00 | 53.50 |

| 11/27/2024 | JDF | B110 | Assembled the exhibits to the Application to Employ Hilco as Machinery and Equipment Appraiser (0.2); Drafted the proofs of service for the Application and Notice of Application (0.2); E-filed (0.1); and downloaded the conformed copies of each (0.1). | 0.60 | 0.00 | No Charge |
|---|---|---|---|---|---|---|
| 11/03/2024 | RSM | B140 | Preparation of opposition to Jordan's stay relief motion | 0.40 | 850.00 | 340.00 |
| 11/04/2024 | RSM | B140 | Review stay relief motion by R. Jordan and begin opposition | 0.50 | 850.00 | 425.00 |
| 11/04/2024 | RSM | B140 | Preparation of opposition to R. Jordan stay relief motion | 2.80 | 850.00 | 2,380.00 |
| 11/04/2024 | RSM | B140 | Preparation of opposition to R. Jordan stay relief motion | 0.80 | 850.00 | 680.00 |
| 11/05/2024 | JDF | B140 | Drafted the proof of service for the Opposition to the Motion for Relief filed by Ronnie Jordan (0.1); Assembled the PDF with the exhibit; and E-filed (0.1). | 0.20 | 0.00 | No Charge |
| 11/05/2024 | MLS | B140 | Review and revise draft opposition to motion for stay relief. | 1.10 | 535.00 | 588.50 |
| 11/05/2024 | MLS | B140 | Revise opposition to R. Jordan's motion for relief from stay. | 0.30 | 535.00 | 160.50 |
| 11/05/2024 | MLS | B140 | Finalize opposition to stay relief motion and prepare filing and service instructions to staff thereon. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | RSM | B140 | Revise opposition to Jordan stay relief motion | 1.80 | 850.00 | 1,530.00 |
| 11/05/2024 | RSM | B140 | Revise opposition to R. Jordan stay relief motion | 0.30 | 850.00 | 255.00 |
| 11/12/2024 | JDF | B140 | Downloaded the Reply of Ronnie Jordan in Support of his MFR (0.2); and circulated to the team (0.1). | 0.30 | 0.00 | No Charge |
| 11/12/2024 | MLS | B140 | Review and analysis of reply to opposition to motion for relief from stay (R. Jordan) and strategize thereon. | 0.70 | 535.00 | 374.50 |
| 11/18/2024 | MLS | B140 | Review tentative rulings for November 19th hearings and analysis of tentative ruling on Jordan stay relief motion. | 0.10 | 535.00 | 53.50 |
| 11/18/2024 | MLS | B140 | Review pending litigation matters. | 0.10 | 535.00 | 53.50 |
| 11/18/2024 | RSM | B140 | Call with R. Sainos, R. Mowbray, R. Mowbray, and R. Zur regarding the Court's tentative on the stay relief motion by R. Jordan | 0.30 | 850.00 | 255.00 |
| 11/18/2024 | RSM | B140 | Call with S. Cho regarding the stay relief motion by R. Jordan | 0.30 | 850.00 | 255.00 |
| 11/18/2024 | RSM | B140 | Call with R. Zur regarding R. Jordan matter and the non-debtor defendants | 0.70 | 850.00 | 595.00 |
| 11/18/2024 | RSM | B140 | Preparation for hearing on the stay relief motion by R. Jordan | 1.60 | 850.00 | 1,360.00 |

EXHIBIT EE

| 11/18/2024 | RSM | B140 | Preparation for hearing on the stay relief motion by R. Jordan and review Court's tentative ruling | 2.80 | 850.00 | 2,380.00 |
|---|---|---|---|---|---|---|
| 11/19/2024 | MLS | B140 | Review notice of opportunity to request a hearing on motion for stay relief by R. Jordan. | 0.10 | 535.00 | 53.50 |
| 11/19/2024 | RSM | B140 | Attendance at hearing on stay relief motion by R. Jordan | 0.50 | 850.00 | 425.00 |
| 11/19/2024 | RSM | B140 | Review proposed stay relief order and preparation of correspondence to K. Catanzarite regarding amending the order | 0.50 | 850.00 | 425.00 |
| 11/19/2024 | RSM | B140 | Call with R. Zur regarding R. Jordan stay relief motion | 0.60 | 850.00 | 510.00 |
| 11/19/2024 | RSM | B140 | Preparation of correspondence to R. Sainos and others regarding hearing on R. Jordan stay relief motion | 0.20 | 850.00 | 170.00 |
| 11/20/2024 | RSM | B140 | Call with B. Weiss regarding hearing on R. Jordan stay relief motion | 0.20 | 850.00 | 170.00 |
| 11/26/2024 | JDF | B140 | Downloaded the 7-part Motion for Relief filed by Rodriguez and Gomez (0.2); and circulated to team (0.1). | 0.30 | 0.00 | No Charge |
| 11/26/2024 | MLS | B140 | Review and analysis of motion for relief from stay filed by J. Rodriguez. | 1.10 | 535.00 | 588.50 |
| 11/26/2024 | RSM | B140 | Review and analysis of Rodriguez stay relief motion | 0.30 | 850.00 | 255.00 |
| 11/27/2024 | JDF | B140 | Reviewed and gathered zoomgov hearing info from the Court website for Judge TA's Dec. 17th calendar and added hearing info for the recently filed MFR to ProLaw | 0.20 | 0.00 | No Charge |
| 11/27/2024 | JDF | B140 | Downloaded the Supplemental ZoomGov Notice for the MFR filed by Rodriguez. | 0.10 | 0.00 | No Charge |
| 11/27/2024 | RSM | B140 | Review and analysis of issues related to the Rodriguez stay relief motion and the insurance | 0.40 | 850.00 | 340.00 |
| 11/29/2024 | MLS | B140 | Legal research regarding relief from the automatic stay interfering with administration of the case. | 0.50 | 535.00 | 267.50 |
| 11/29/2024 | MLS | B140 | Prepare opposition to Rodriguez motion for relief from the automatic stay. | 2.60 | 535.00 | 1,391.00 |
| 11/30/2024 | MLS | B140 | Prepare opposition to Rodriguez motion for relief from the automatic stay. | 1.10 | 535.00 | 588.50 |
| 11/01/2024 | CHC | B170 | Reviewing, analysis and revisions to Force10 application per comments received (.4), Comms with B.Weiss and R.Marticello re same (.1) | 0.50 | 975.00 | 487.50 |
| 11/01/2024 | CHC | B170 | Call with R.Marticello re retention applications (.1), Comms with R.Marticello and M.Simon regarding same (.1) | 0.20 | 975.00 | 195.00 |
| 11/01/2024 | MLS | B170 | Prepare notice of application to employ RFL as general bankruptcy counsel. | 0.30 | 535.00 | 160.50 |

| 11/01/2024 | MLS | B170 | Prepare correspondence to R. Sainos regarding applications to employ RFL and Force Ten. | 0.10 | 535.00 | 53.50 |
|---|---|---|---|---|---|---|
| 11/01/2024 | RSM | B170 | Revise F10's employment application | 0.30 | 850.00 | 255.00 |
| 11/01/2024 | RSM | B170 | Review GT employment application | 0.10 | 850.00 | 85.00 |
| 11/03/2024 | CHC | B170 | Review status and comms with C.Fredericks re Hilco retention application | 0.10 | 975.00 | 97.50 |
| 11/04/2024 | MLS | B170 | Prepare correspondence to R. Sainos regarding application to employ RFL and motion to retain Force Ten. | 0.10 | 535.00 | 53.50 |
| 11/04/2024 | MLS | B170 | Review and finalize application to employ RFL and notice of application, including preparation of exhibit and instructions to staff. | 0.20 | 535.00 | 107.00 |
| 11/04/2024 | MLS | B170 | Review and finalize motion to retain Force Ten and notice of motion, including preparation of exhibit and instructions to staff. | 0.20 | 535.00 | 107.00 |
| 11/05/2024 | CHC | B170 | Review and comms with R.Sainos regarding OCP professionals information (.1), Review, analysis and revise OCP motion and related documents (.4), Comms to R.Marticello and M.Simon re same (.1) | 0.60 | 975.00 | 585.00 |
| 11/05/2024 | JDF | B170 | Draft proofs of service for RFL Employment Application; Motion to Retain Force Ten; and the related Notices (0.2); Assembled the final PDFs of the Application and Motion with its respective exhibits (0.2); E-filed (0.2); and calendared the related deadline (0.1). | 0.70 | 0.00 | No Charge |
| 11/05/2024 | MLS | B170 | Prepare declaration of R. Sainos in support of Grobstein Teeple employment application. | 0.20 | 535.00 | 107.00 |
| 11/05/2024 | MLS | B170 | Review C. Callari mark ups to Grobstein Employment application (.1) and prepare correspondence to J. Teeple thereon (.1). | 0.20 | 535.00 | 107.00 |
| 11/05/2024 | MLS | B170 | Prepare notice of motion to retain ordinary course professionals. | 0.50 | 535.00 | 267.50 |
| 11/14/2024 | MLS | B170 | Prepare proposed order approving application to employ RFL as general bankruptcy counsel. | 0.50 | 535.00 | 267.50 |
| 11/15/2024 | MLS | B170 | Prepare proposed order granting motion to retain Force Ten. | 0.20 | 535.00 | 107.00 |
| 11/21/2024 | CHC | B170 | Comms with B.Weiss and Hilco team re Hilco retention | 0.10 | 975.00 | 97.50 |
| 11/23/2024 | MLS | B170 | Prepare declaration regarding non-opposition to RFL employment application. | 0.20 | 535.00 | 107.00 |
| 11/23/2024 | MLS | B170 | Prepare declaration regarding non-opposition to motion to retain Brian Weiss as CRO and for related relief. | 0.20 | 535.00 | 107.00 |

| 11/24/2024 | MLS | B170 | Prepare instructions to J. Fisher regarding filing and service of declaration re non-opposition to RFL employment application and order to lodge. | 0.10 | 535.00 | 53.50 |
|---|---|---|---|---|---|---|
| 11/24/2024 | MLS | B170 | Prepare proposed order granting F10 employment motion. | 0.10 | 535.00 | 53.50 |
| 11/24/2024 | MLS | B170 | Prepare instructions to J. Fisher regarding declaration re non-opposition to motion to approve retention of Force 10, and proposed order. | 0.10 | 535.00 | 53.50 |
| 11/25/2024 | JDF | B170 | Assembled the exhibits to the Dec re Non-Opposition to RFL Employment App (0.1); Drafted the proof of service of the Dec; and E-filed, and lodged the related Order (0.1). | 0.20 | 0.00 | No Charge |
| 11/25/2024 | JDF | B170 | Assembled the exhibits to the Dec re Non-Opposition to Force Ten Employment App (0.1); Drafted the proof of service of the Dec; and E-filed, and lodged the related Order (0.1). | 0.20 | 0.00 | No Charge |
| 11/25/2024 | MLS | B170 | Review entered order approving application to retain RFL. | 0.10 | 535.00 | 53.50 |
| 11/25/2024 | MLS | B170 | Review entered order granting motion for entry of an order authorizing the retention of Force Ten Partners and for related relief. | 0.10 | 535.00 | 53.50 |
| 11/25/2024 | MLS | B170 | Review and revise application to employ Hilco Valuation Services. | 1.30 | 535.00 | 695.50 |
| 11/25/2024 | MLS | B170 | Prepare proposed order approving application to employ Hilco. | 0.40 | 535.00 | 214.00 |
| 11/25/2024 | RSM | B170 | Review and revise the Hilco application | 0.30 | 850.00 | 255.00 |
| 11/26/2024 | JDF | B170 | Downloaded the entered Order Approving RFL Employment Application; and Order Granting Motion to Retain Force Ten. | 0.10 | 0.00 | No Charge |
| 11/26/2024 | MLS | B170 | Finalize application to employ Hilco and prepare correspondence thereon to C. Fredericks. | 0.20 | 535.00 | 107.00 |
| 11/26/2024 | MLS | B170 | Review and analysis of comments from Hilco to employment application and proposed order. | 0.20 | 535.00 | 107.00 |
| 11/26/2024 | MLS | B170 | Prepare correspondence to C. Fredericks regarding Hilco employment application and order. | 0.10 | 535.00 | 53.50 |
| 11/26/2024 | MLS | B170 | Prepare correspondence to B. Weiss regarding Hilco application. | 0.10 | 535.00 | 53.50 |
| 11/27/2024 | MLS | B170 | Review and finalize proposed order approving Hilco retention application. | 0.10 | 535.00 | 53.50 |
| 11/27/2024 | MLS | B170 | Review and finalize application to employ Hilco. | 0.40 | 535.00 | 214.00 |
| 11/27/2024 | MLS | B170 | Prepare notice of application to employ Hilco. | 0.70 | 535.00 | 374.50 |

| Date | | | | Hours | Rate | Amount |
|------|------|------|---|------|------|------|
| 11/27/2024 | MLS | B170 | Prepare instructions to J. Fisher regarding Hilco employment application and service of notice. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | CHC | B185 | Review, analysis and revise motion to reject certain equipment leases and related documents (.5), Call with R.Sainos re same (.1), Comms to R.Marticello re same (.1) Comms to S.Motts re same (.1) | 0.80 | 975.00 | 780.00 |
| 11/05/2024 | CHC | B185 | Review, analysis of comments received and further revisions to motion to reject leases and draft Weiss declaration related thereto (.9), Comms with R.Marticello, M.Simon and B.Weiss regarding same (.1) | 1.00 | 975.00 | 975.00 |
| 11/05/2024 | MLS | B185 | Review correspondence from C. Callari regarding lease rejection motion and prepare response. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | MLS | B185 | Telephone conference with C. Callari regarding lease rejection motion. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | MLS | B185 | Strategize regarding lease rejection motion with R. Marticello. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | MLS | B185 | Prepare notice of motion to reject certain unexpired leases. | 0.30 | 535.00 | 160.50 |
| 11/05/2024 | SMM | B185 | Gather exhibits/leases re motion to reject leases | 0.20 | 425.00 | 85.00 |
| 11/07/2024 | MLS | B185 | Review, revise and finalize motion for order authorizing rejection of certain unexpired leases. | 0.40 | 535.00 | 214.00 |
| 11/07/2024 | RSM | B185 | Review and revise motion to reject leases | 0.40 | 850.00 | 340.00 |
| 11/08/2024 | MLS | B185 | Review and finalize motion to reject certain leases and notice, and prepare instructions to J. Fisher thereon. | 0.40 | 535.00 | 214.00 |
| 11/08/2024 | MLS | B185 | Review correspondence from R. Sainos regarding certain leases. | 0.10 | 535.00 | 53.50 |
| 11/11/2024 | MLS | B185 | Review additional leases to reject and email re copier servicing agreement and revise motion to reject and supporting exhibits. | 1.20 | 535.00 | 642.00 |
| 11/11/2024 | MLS | B185 | Review correspondence from R. Sainos regarding Burtronics servicing agreement and prepare response thereon and regarding rejection motion. | 0.10 | 535.00 | 53.50 |
| 11/11/2024 | MLS | B185 | Review correspondence from R. Sainos regarding revised motion to reject certain leases. | 0.10 | 535.00 | 53.50 |
| 11/11/2024 | MLS | B185 | Prepare correspondence to B. Weiss regarding revised motion to reject certain leases. | 0.10 | 535.00 | 53.50 |

| 11/12/2024 | JDF | B185 | Prepared the final PDFs of the Motion for Order Authorizing Rejection of Certain Leases and the related Notice of Motion: drafted the proofs of service (0.1). Assembled the exhibits and signatures to the Motion (0.2); and E-filed (0.2); Calendared the deadline (0.1). | 0.60 | 0.00 | No Charge |
| 11/12/2024 | MLS | B185 | Revise notice of motion to reject leases and servicing agreement. | 0.20 | 535.00 | 107.00 |
| 11/12/2024 | MLS | B185 | Finalize motion to reject papers for filing and prepare instructions to staff regarding filing and service. | 0.10 | 535.00 | 53.50 |
| 11/18/2024 | MLS | B185 | Review correspondence from Bank of America counsel regarding lease rejection motion and R. Marticello regarding same, and response to R. Marticello regarding same. | 0.10 | 535.00 | 53.50 |
| 11/18/2024 | RSM | B185 | Review of correspondence from K. Hirsch regarding the lease rejection motion | 0.10 | 850.00 | 85.00 |
| 11/18/2024 | RSM | B185 | Preparation of correspondence to K. Hirsch regarding the lease rejection motion and other issues | 0.30 | 850.00 | 255.00 |
| 11/20/2024 | MLS | B185 | Review voicemail from Altec, attention to Altec leases, and leave voicemail in response. | 0.20 | 535.00 | 107.00 |
| 11/21/2024 | MLS | B185 | Telephone conference with M. Goldberg regarding Altec leases. | 0.10 | 535.00 | 53.50 |
| 11/21/2024 | MLS | B185 | Review correspondence from M. Goldberg regarding Altec leases. | 0.10 | 535.00 | 53.50 |
| 11/27/2024 | MLS | B185 | Review correspondence from M. Goldberg regarding Altec vehicles. | 0.10 | 535.00 | 53.50 |
| 11/27/2024 | MLS | B185 | Review and analysis of Everest indemnity policy. | 0.70 | 535.00 | 374.50 |
| 11/01/2024 | MLS | B205 | Prepare notice of stay for Rodriguez action (.2) and prepare correspondence to B. Cleeland thereon (.1). | 0.30 | 535.00 | 160.50 |
| 11/01/2024 | RSM | B205 | Review correspondence from J. Heck regarding the PG&E settlement and litigation | 0.10 | 850.00 | 85.00 |
| 11/01/2024 | RSM | B205 | Preparation of correspondence to R. Sainos, R. Mowbray, and R. Mowbray regarding settlement offer from R. Jordan | 0.10 | 850.00 | 85.00 |
| 11/04/2024 | MLS | B205 | Review and analysis of motion for relief from Stay of R. Jordan | 0.50 | 535.00 | 267.50 |
| 11/04/2024 | RSM | B205 | Draft response to R. Jordan settlement offer | 0.20 | 850.00 | 170.00 |
| 11/05/2024 | RSM | B205 | Preparation of correspondence to K. Catanzarite regarding his settlement proposal | 0.20 | 850.00 | 170.00 |
| 11/05/2024 | RSM | B205 | Review of further correspondence from K. Catanzarite regarding his settlement proposal and respond thereto | 0.10 | 850.00 | 85.00 |
| 11/13/2024 | MLS | B205 | Prepare correspondence to B. Cleeland regarding notice of stay in Rodriguez action. | 0.10 | 535.00 | 53.50 |

| 11/13/2024 | MLS | B205 | Review correspondence from B. Cleeland regarding Rodriguez action and prepare response. | 0.10 | 535.00 | 53.50 |
| 11/15/2024 | RSM | B205 | Preparation of email response to K. Catanzarite regarding settlement discussions | 0.20 | 850.00 | 170.00 |
| 11/18/2024 | RSM | B205 | Preparation of correspondence to C. Castaldi regarding the PGE settlement | 0.20 | 850.00 | 170.00 |
| 11/20/2024 | MLS | B205 | Attention to Rodriguez matter and leave voicemail for B. Cleeland thereon. | 0.10 | 535.00 | 53.50 |
| 11/20/2024 | MLS | B205 | Telephone conference with B. Cleeland regarding notice of stay in Rodriguez matter. | 0.10 | 535.00 | 53.50 |
| 11/20/2024 | MLS | B205 | Telephone conference with B. Cleeland regarding notice of stay in Rodriguez case. | 0.10 | 535.00 | 53.50 |
| 11/20/2024 | MLS | B205 | Prepare correspondence to B. Cleeland regarding notice of stay in Rodriguez case. | 0.10 | 535.00 | 53.50 |
| 11/27/2024 | MLS | B205 | Telephone conference with S. Cho regarding Jordan action and insurance issues. | 0.60 | 535.00 | 321.00 |
| 11/27/2024 | MLS | B205 | Legal research regarding alter ego issues in Jordan action. | 0.20 | 535.00 | 107.00 |
| 11/27/2024 | RSM | B205 | Call with S. Cho and M. Simon regarding the Rodriguez and Jordan matters | 0.40 | 850.00 | 340.00 |
| 11/27/2024 | RSM | B205 | Review Everest policy | 0.30 | 850.00 | 255.00 |
| 11/01/2024 | MLS | B210 | Prepare correspondence to R. Sainos and R. Marticello regarding deposits with utility providers. | 0.10 | 535.00 | 53.50 |
| 11/01/2024 | RSM | B210 | Review support related to Union grievance | 0.20 | 850.00 | 170.00 |
| 11/04/2024 | MLS | B210 | Review and analysis of objection to utilities motion filed by SCE. | 0.20 | 535.00 | 107.00 |
| 11/05/2024 | MLS | B210 | Prepare correspondence to C. Callari and RFL team regarding utilities order. | 0.10 | 535.00 | 53.50 |
| 11/11/2024 | MLS | B210 | Review correspondence from R. Sainos regarding insider compensation and prepare response. | 0.10 | 535.00 | 53.50 |
| 11/12/2024 | MLS | B210 | Review withdrawal of objection of SCE to utilities motion. | 0.10 | 535.00 | 53.50 |
| 11/12/2024 | MLS | B210 | Review correspondence from R. Sainos regarding insider compensation. | 0.10 | 535.00 | 53.50 |
| 11/19/2024 | MLS | B210 | Prepare final order on cash management motion. | 0.20 | 535.00 | 107.00 |
| 11/19/2024 | MLS | B210 | Prepare final order granting utilities motion. | 0.20 | 535.00 | 107.00 |
| 11/19/2024 | MLS | B210 | Prepare final order granting insurance motion. | 0.20 | 535.00 | 107.00 |
| 11/20/2024 | MLS | B210 | Prepare proposed order granting utilities motion on a final basis. | 0.10 | 535.00 | 53.50 |

| 11/20/2024 | MLS | B210 | Prepare proposed order granting motion for order to continue insurance programs and related relief on a final basis. | 0.20 | 535.00 | 107.00 |
|---|---|---|---|---|---|---|
| 11/20/2024 | MLS | B210 | Prepare proposed order granting cash management motion. | 0.20 | 535.00 | 107.00 |
| 11/20/2024 | RSM | B210 | Review of invoices from insurer on claims paid | 0.20 | 850.00 | 170.00 |
| 11/25/2024 | MLS | B210 | Review entered order granting cash management motion on a final basis. | 0.10 | 535.00 | 53.50 |
| 11/25/2024 | MLS | B210 | Review entered order granting utilities motion on a final basis. | 0.10 | 535.00 | 53.50 |
| 11/25/2024 | MLS | B210 | Review entered order granting motion authorizing payment of pre-petition employee related claims on a final basis. | 0.10 | 535.00 | 53.50 |
| 11/25/2024 | RSM | B210 | Call with R. Sainos regarding pending items (trial in R. Jordan matter, GUC claims in the case, cash collateral status) | 0.70 | 850.00 | 595.00 |
| 11/27/2024 | MLS | B210 | Attention to status of final order on insurance motion. | 0.10 | 535.00 | 53.50 |
| | | | | | | |
| 11/07/2024 | MLS | B220 | Review correspondence from R. Sainos regarding notices of insider compensation and prepare response. | 0.20 | 535.00 | 107.00 |
| 11/19/2024 | MLS | B220 | Prepare final order granting employee wage motion. | 0.20 | 535.00 | 107.00 |
| 11/20/2024 | MLS | B220 | Prepare proposed order granting, on a final basis, Debtor's emergency motion for entry of order authorizing payment of certain pre-petition employee related claims and granting related relief. | 0.20 | 535.00 | 107.00 |
| | | | | | | |
| 11/05/2024 | MLS | B230 | Prepare proposed stipulation to continue cash collateral hearing. | 0.50 | 535.00 | 267.50 |
| 11/05/2024 | MLS | B230 | Revise proposed stipulation to continue cash collateral hearing. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | MLS | B230 | Prepare proposed order approving stipulation to continue cash collateral hearing. | 0.30 | 535.00 | 160.50 |
| 11/05/2024 | RSM | B230 | Revise stipulation to continue cash collateral hearing | 0.10 | 850.00 | 85.00 |
| 11/06/2024 | JDF | B230 | Drafted the proof of service for the Stipulation With PNC Bank to Continue the Final Hearing on the Emergency Motion to Use Cash Collateral (0.1); E-filed the Stipulation and lodged the related Order (0.1). | 0.20 | 0.00 | No Charge |
| 11/06/2024 | MLS | B230 | Review executed stipulation to continue cash collateral hearing and revise proposed order thereon. | 0.20 | 535.00 | 107.00 |
| 11/06/2024 | MLS | B230 | Prepare instructions to J. Fisher regarding cash collateral stipulation and proposed order. | 0.10 | 535.00 | 53.50 |

| 11/08/2024 | MLS | B230 | Review entered order continuing cash collateral hearing. | 0.10 | 535.00 | 53.50 |
| 11/08/2024 | RSM | B230 | Review budget to actual variance report | 0.20 | 850.00 | 170.00 |
| 11/18/2024 | RSM | B230 | Review of budget to actual comparison | 0.20 | 850.00 | 170.00 |
| 11/18/2024 | RSM | B230 | Review budget and correspondence to R. Sainos, C. Kurtz, and B. Weiss regarding payment to PNC | 0.10 | 850.00 | 85.00 |
| 11/18/2024 | RSM | B230 | Preparation of correspondence to R. Sainos, B. Weiss, and C. Kurtz regarding budgeted payment to lessors | 0.20 | 850.00 | 170.00 |
| 11/02/2024 | RSM | B310 | Review and analysis of documentation related to Union claim and priority thereof | 0.30 | 850.00 | 255.00 |
| 11/04/2024 | MLS | B310 | Review proof of claim no. 29 filed by Ally Bank. | 0.10 | 535.00 | 53.50 |
| 11/05/2024 | MLS | B310 | Review and analysis of 7 proofs of claims filed by Ford Motor Credit. | 0.20 | 535.00 | 107.00 |
| 11/06/2024 | MLS | B310 | Review and analysis of proof of claim filed by IRS. | 0.10 | 535.00 | 53.50 |
| 11/07/2024 | MLS | B310 | Review and analysis of 6 proofs of claim filed by Ford Motor Credit/ | 0.20 | 535.00 | 107.00 |
| 11/12/2024 | MLS | B310 | Review correspondence from FasTrak California regarding claim. | 0.10 | 535.00 | 53.50 |
| 11/12/2024 | MLS | B310 | Prepare correspondence to R. Sainos regarding FasTrak claim. | 0.10 | 535.00 | 53.50 |
| 11/14/2024 | MLS | B310 | Telephone conference with E. Schulz from Safety Harbor Transfer regarding asserted claim and case generally. | 0.20 | 535.00 | 107.00 |
| 11/19/2024 | MLS | B310 | Review proof of claim filed by O'Reilly Automotive Parts. | 0.10 | 535.00 | 53.50 |
| 11/21/2024 | MLS | B310 | Review and analysis of proof of claim filed by SCE. | 0.10 | 535.00 | 53.50 |
| 11/22/2024 | MLS | B310 | Review proof of claim filed by Ally Bank. | 0.10 | 535.00 | 53.50 |

Sub-total Fees: $70,598.50

**Expenses**

| 11/01/2024 | First Legal Network: SAN BERNARDINO CO. RECORDER; RECORDING FEE; Job Date: 10/24/2024; Ordr No: 5939198; Inv. #10894759 | 103.00 |
| 11/01/2024 | First Legal Network: SAN BERNARDINO CO. RECORDER; eFILING; Job Date: 10/24/2024; Ordr No: 5939198; Inv. #10894759 | 32.00 |
| 11/01/2024 | Summit Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #126433 | 1,126.80 |
| 11/08/2024 | Summit Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #126524 | 836.76 |
| 11/27/2024 | Capital One, N.A.: 11/15/2024 - CA Central Bankruptcy Court - Filing fee for Amended Mailing Matrix | 34.00 |

EXHIBIT E

|  |  |
|---|---|
| Sub-total Expenses: | $2,132.56 |
|  |  |
| Total Current Billing: | **$72,731.06** |
| Previous Balance Due: | $62,661.50 |
| **Total Now Due:** | **$135,392.56** |

**Rate Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Carollynn H.G. Callari | 5.50 | hours at $975.00/hr | $5,362.50 |
| Bambi Clark | 19.00 | hours at $425.00/hr | $8,075.00 |
| Ja'Nita Fisher | 5.90 | hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 2.50 | hours at $310.00/hr | $775.00 |
| Robert S. Marticello | 43.20 | hours at $850.00/hr | $36,720.00 |
| Stephen M. Mott | 0.20 | hours at $425.00/hr | $85.00 |
| Michael L. Simon | 36.60 | hours at $535.00/hr | $19,581.00 |
| Total hours: | 112.90 | | $70,598.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
    Wells Fargo Bank, N.A.
    Routing No.: 121000248
    Account No.: 4941981821
    BIC/Swift Code: WFBIUS6S
    Account Title: Raines Feldman Littrell LLP
    Client Name & Invoice #

**Pay by Check via Mail**:
    Raines Feldman Littrell LLP
    PO Box 848574
    Los Angeles, CA 90084-8574



1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 5/6/2025**
**Invoice Number: 133365**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 12/03/2024 | MLS | B110 | Review tentative ruling for status conference and attention to claims bar date. | 0.10 | 535.00 | 53.50 |
| 12/04/2024 | MLS | B110 | Prepare scheduling order following status conference. | 0.50 | 535.00 | 267.50 |
| 12/04/2024 | RSM | B110 | Attendance at status conference | 0.60 | 850.00 | 510.00 |
| 12/05/2024 | JDF | B110 | Reviewed the case docket for the latest filing of schedules and printed them. | 0.10 | 0.00 | No Charge |
| 12/07/2024 | MLS | B110 | Attention to report requested by U.S. Trustee. | 0.10 | 535.00 | 53.50 |
| 12/07/2024 | MLS | B110 | Finalize scheduling order. | 0.10 | 535.00 | 53.50 |
| 12/07/2024 | RSM | B110 | Review and revise scheduling order | 0.20 | 850.00 | 170.00 |
| 12/09/2024 | JDF | B110 | Lodged the Scheduling Order. | 0.10 | 0.00 | No Charge |
| 12/09/2024 | JDF | B110 | Downloaded the entered Scheduling Order and circulated to the team (0.1); reviewed it and calendared additional deadlines (0.1). | 0.20 | 0.00 | No Charge |
| 12/09/2024 | MLS | B110 | Review entered scheduling order. | 0.10 | 535.00 | 53.50 |
| 12/10/2024 | RSM | B110 | Call with R. Sainos regarding affiliate payment protocols | 0.30 | 850.00 | 255.00 |
| 12/11/2024 | JDF | B110 | Updated calendared hearings. | 0.20 | 0.00 | No Charge |
| 12/11/2024 | JDF | B110 | Downloaded a few Orders and Notices that were filed today and circulated to the team. | 0.20 | 0.00 | No Charge |
| 12/11/2024 | RSM | B110 | Call with R. Zur regarding case status and next steps | 0.30 | 850.00 | 255.00 |
| 12/12/2024 | RSM | B110 | Preparation memo answering questions related to the 341(a) and review documents and accountings from R. Sainos related thereto | 2.60 | 850.00 | 2,210.00 |

| 12/17/2024 | MLS | B110 | Zoom meeting with R. Sainos, B. Weiss, C. Kurtz, and R. Marticello regarding various case issues. | 1.30 | 535.00 | 695.50 |
|---|---|---|---|---|---|---|
| 12/18/2024 | JDF | B110 | Organized a potential service list for the upcoming notice we plan to file. | 0.30 | 0.00 | No Charge |
| 12/18/2024 | JDF | B110 | Emailed with vendor regarding serving a notice on Monday December 23rd. | 0.10 | 0.00 | No Charge |
| 12/10/2024 | RSM | B120 | Call with B. Weiss regarding Pino cash balance and prepayment of LOC | 0.10 | 850.00 | 85.00 |
| 12/16/2024 | RSM | B120 | Review PTM financials | 0.30 | 850.00 | 255.00 |
| 12/30/2024 | MLS | B120 | Review correspondence from R. Sainos regarding insurance payment for car accident and prepare response. | 0.30 | 535.00 | 160.50 |
| 12/02/2024 | MLS | B140 | Prepare opposition to motion for stay relief filed by the Rodriguez plaintiffs. | 1.70 | 535.00 | 909.50 |
| 12/02/2024 | MLS | B140 | Review and analysis of proposed stipulation for relief from the automatic stay to effectuate settlement agreement between Debtor and PG&E Fire Victim Trust. | 0.20 | 535.00 | 107.00 |
| 12/02/2024 | MLS | B140 | Prepare opposition to motion for relief from stay filed by the Rodriguez Plaintiffs. | 1.00 | 535.00 | 535.00 |
| 12/02/2024 | RSM | B140 | Call with F. Frorio of Everest insurance regarding the Rodriguez matter and the insurance policy | 0.40 | 850.00 | 340.00 |
| 12/02/2024 | RSM | B140 | Revise opposition to Rodriguez stay relief motion | 1.30 | 850.00 | 1,105.00 |
| 12/02/2024 | RSM | B140 | Preparation of correspondence to R. Sainos and team regarding Rodriguez stay relief motion | 0.30 | 850.00 | 255.00 |
| 12/02/2024 | RSM | B140 | Revise opposition to Rodriguez stay relief motion | 0.30 | 850.00 | 255.00 |
| 12/02/2024 | RSM | B140 | Preparation of opposition to the Rodriguez stay relief motion | 0.20 | 850.00 | 170.00 |
| 12/02/2024 | RSM | B140 | Review Rodriguez phase II transcript | 0.20 | 850.00 | 170.00 |
| 12/03/2024 | JDF | B140 | Drafted the proof of service for the Opposition to the Rodriguez MFR (0.1); Assembled the exhibit and declaration to the Opposition (0.1); e-filed and downloaded the conformed copy to circulate to the team (0.1). | 0.30 | 0.00 | No Charge |
| 12/03/2024 | MLS | B140 | Legal research regarding whether automatic stay and 11 USC 108 toll deadline to appeal judgment. | 1.30 | 535.00 | 695.50 |
| 12/03/2024 | MLS | B140 | Review and analysis of Rodriguez judgment. | 0.20 | 535.00 | 107.00 |
| 12/03/2024 | MLS | B140 | Telephone conference with M. Tilner and P. Batalden regarding Rodriguez action. | 0.50 | 535.00 | 267.50 |

EXHIBIT EE

| 12/03/2024 | MLS | B140 | Prepare new section for stay relief opposition regarding annulment of stay as to judgment. | 1.00 | 535.00 | 535.00 |
|---|---|---|---|---|---|---|
| 12/03/2024 | MLS | B140 | Revise opposition to motion for relief from stay filed by the Rodriguez plaintiffs. | 0.50 | 535.00 | 267.50 |
| 12/03/2024 | MLS | B140 | Finalize opposition to motion for relief from the automatic stay by the Rodriguez plaintiffs and prepare instructions to J. Fisher thereon. | 0.10 | 535.00 | 53.50 |
| 12/03/2024 | RSM | B140 | Revise opposition to Rodriguez stay relief motion | 0.80 | 850.00 | 680.00 |
| 12/03/2024 | RSM | B140 | Zoom meeting with appellate counsel (Mitch and Peder) regarding the entry of the judgment in the Rodriguez matter and opposing the stay relief motion | 0.50 | 850.00 | 425.00 |
| 12/03/2024 | RSM | B140 | Review and analysis of judgment entered in Rodriguez case in violation of the stay | 0.20 | 850.00 | 170.00 |
| 12/03/2024 | RSM | B140 | Zoom with B. Weiss regarding pending items, the 341(a), the Rodriguez stay relief motion, and lease payments | 0.50 | 850.00 | 425.00 |
| 12/03/2024 | RSM | B140 | Call with R. Sainos regarding entry of judgment in Rodriguez case in violation of the automatic stay | 0.10 | 850.00 | 85.00 |
| 12/03/2024 | RSM | B140 | Preparation of opposition to Rodriguez stay relief motion (including revise based on change in approach and due to learning of post-petition judgment) | 3.40 | 850.00 | 2,890.00 |
| 12/04/2024 | MLS | B140 | Review and analysis of complaint by PG&E Fire Victim Trust against Mowbray's and proposed settlement agreement, stipulation for relief from stay thereon, and proposed order. | 1.10 | 535.00 | 588.50 |
| 12/04/2024 | MLS | B140 | Prepare redlines of proposed stipulation for relief from stay and order thereon regarding PG&E Fire Victim Trust's settlement with the Debtor. | 0.40 | 535.00 | 214.00 |
| 12/07/2024 | MLS | B140 | Attention to various outstanding items (scheduling order; OCP motion; PG&E fire victims settlement and stip; and fee statements). | 0.10 | 535.00 | 53.50 |
| 12/07/2024 | MLS | B140 | Attention to stipulation and settlement with PG&E Fire Victims Trust. | 0.10 | 535.00 | 53.50 |
| 12/08/2024 | MLS | B140 | Review and analysis of proposed stipulation for relief from stay from state court defense counsel and compare to PG&E Fire Victims Trust proposed stip, and settlement agreement. | 0.30 | 535.00 | 160.50 |
| 12/09/2024 | MLS | B140 | Attention to case status, OCP motion, and proposed stipulation and settlement with PG&E Fire Victims Trust. | 0.20 | 535.00 | 107.00 |
| 12/09/2024 | MLS | B140 | Prepare motion for order approving settlement agreement with FVT and stipulation for relief from the automatic stay. | 2.50 | 535.00 | 1,337.50 |

EXHIBIT EE

| 12/10/2024 | JDF | B140 | Downloaded the Rodriguez Reply to our Opposition to the MFR; and circulated to attorneys. | 0.10 | 0.00 | No Charge |
|---|---|---|---|---|---|---|
| 12/10/2024 | MLS | B140 | Review and analysis of reply to opposition to motion for stay relief filed by Rodriguez plaintiffs. | 0.30 | 535.00 | 160.50 |
| 12/10/2024 | RSM | B140 | Review reply on Rodriguez stay relief motion | 0.10 | 850.00 | 85.00 |
| 12/12/2024 | MLS | B140 | Prepare correspondence to J. Heck regarding proposed stipulation with PG&E fire victims trust. | 0.10 | 535.00 | 53.50 |
| 12/16/2024 | MLS | B140 | Review tentative ruling on Rodriguez motion for relief from stay. | 0.10 | 535.00 | 53.50 |
| 12/16/2024 | MLS | B140 | Attention to request in Rodriguez's motion for relief from stay to collect against supplemental payments provision. | 0.20 | 535.00 | 107.00 |
| 12/16/2024 | RSM | B140 | Call with M. Tilner regarding the Rodriguez stay relief motion | 0.20 | 850.00 | 170.00 |
| 12/16/2024 | RSM | B140 | Review the tentative ruling on the Rodriguez stay relief motion, the reply filed by the Rodriguez plaintiffs and prepare for the hearing on the motion | 0.70 | 850.00 | 595.00 |
| 12/17/2024 | RSM | B140 | Call with A. Tiller regarding the Rodriguez stay relief motion and other matters | 0.40 | 850.00 | 340.00 |
| 12/17/2024 | RSM | B140 | Preparation for Rodriguez stay relief hearing | 0.40 | 850.00 | 340.00 |
| 12/17/2024 | RSM | B140 | Attendance at Rodriguez stay relief hearing | 0.40 | 850.00 | 340.00 |
| 12/17/2024 | RSM | B140 | Preparation of correspondence to M. Tilner and B. Cleeland regarding the Rodriguez stay relief hearing | 0.20 | 850.00 | 170.00 |
| 12/18/2024 | MLS | B140 | Review declaration from K. Catanzarite regarding motion for relief from stay regarding R. Jordan action. | 0.10 | 535.00 | 53.50 |
| 12/18/2024 | RSM | B140 | Review and revise proposed order on Rodriguez stay relief motion | 0.10 | 850.00 | 85.00 |
| 12/19/2024 | RSM | B140 | Revise the Rodriguez stay relief order | 0.60 | 850.00 | 510.00 |
| 12/20/2024 | MLS | B140 | Review and analysis of proposed changes to order granting relief from stay regarding Rodriguez action. | 0.40 | 535.00 | 214.00 |
| 12/20/2024 | MLS | B140 | Review correspondence from A. Tiller regarding form of proposed order granting relief from stay. | 0.10 | 535.00 | 53.50 |
| 12/20/2024 | MLS | B140 | Review and revise draft response to A. Tiller regarding form of proposed order to grant relief from stay. | 0.30 | 535.00 | 160.50 |
| 12/20/2024 | MLS | B140 | Review correspondence from A. Tiller regarding relief from stay and analysis thereof. | 0.20 | 535.00 | 107.00 |
| 12/20/2024 | RSM | B140 | Revise Rodriguez stay relief order | 0.70 | 850.00 | 595.00 |

EXHIBIT EE

Exhibit 55 Page 54

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/20/2024 | RSM | B140 | Review and analysis of correspondence from A. Tiller regarding the revisions to the stay relief order | 0.30 | 850.00 | 255.00 |
| 12/20/2024 | RSM | B140 | Preparation of response to A. Tiller concerning the stay relief order and revise the order further | 0.50 | 850.00 | 425.00 |
| 12/26/2024 | MLS | B140 | Review and analysis of proposed redline of relief from stay order by A. Tiller. | 0.30 | 535.00 | 160.50 |
| 12/26/2024 | RSM | B140 | Review and revise revised stay relief order | 0.20 | 850.00 | 170.00 |
| 12/30/2024 | MLS | B140 | Review entered order granting Rodriguez's motion for relief from stay. | 0.10 | 535.00 | 53.50 |
| | | | | | | |
| 12/02/2024 | MLS | B150 | Review correspondence from IRS regarding tax return obligations. | 0.10 | 535.00 | 53.50 |
| 12/05/2024 | RSM | B150 | 341(a) preparation with B. Weiss | 0.60 | 850.00 | 510.00 |
| 12/05/2024 | RSM | B150 | Review schedules and other materials in preparation for 341(a) | 0.60 | 850.00 | 510.00 |
| 12/06/2024 | RSM | B150 | 341(a) preparation | 0.80 | 850.00 | 680.00 |
| 12/06/2024 | RSM | B150 | Attendance at 341(a) meeting | 2.50 | 850.00 | 2,125.00 |
| 12/06/2024 | RSM | B150 | Call with management team for Debtor regarding 341(a) | 0.60 | 850.00 | 510.00 |
| 12/06/2024 | RSM | B150 | Call with B. Weiss regarding reporting to provide pursuant to 341(a) | 0.20 | 850.00 | 170.00 |
| 12/07/2024 | RSM | B150 | Preparation of memo to MTS team with action items and information needed following 341 (a) meeting | 0.90 | 850.00 | 765.00 |
| 12/07/2024 | RSM | B150 | Review correspondence from K. Catanzarite and respond thereto regarding the workers compensation collateral and the Flexible Funding litigation | 0.30 | 850.00 | 255.00 |
| 12/07/2024 | RSM | B150 | Review further correspondence from K. Catanzarite regarding the workers compensation collateral | 0.10 | 850.00 | 85.00 |
| 12/09/2024 | RSM | B150 | Call with N. Goldenberg regarding the 341(a) | 0.10 | 850.00 | 85.00 |
| 12/09/2024 | RSM | B150 | Call with B. Weiss regarding the 341(a) response to be prepared | 0.10 | 850.00 | 85.00 |
| 12/09/2024 | RSM | B150 | Call with R. Sainos, R. Mowbray, B. Weiss, and C. Kurtz regarding information needed to respond to requests following the 341(a) meeting and related matters | 1.00 | 850.00 | 850.00 |
| 12/09/2024 | RSM | B150 | Preparation of correspondence to M. Goldberg regarding payments to Altec | 0.30 | 850.00 | 255.00 |
| 12/09/2024 | RSM | B150 | Prepare response from 341(a) | 0.30 | 850.00 | 255.00 |
| 12/10/2024 | JDF | B150 | Calendared the continued meeting of creditors. | 0.10 | 0.00 | No Charge |

| 12/10/2024 | RSM | B150 | Review and analysis of agreements to prepare response to questions during 341(a) | 0.70 | 850.00 | 595.00 |
|---|---|---|---|---|---|---|
| 12/10/2024 | RSM | B150 | Preparation of response to questions during 341(a) meeting | 0.60 | 850.00 | 510.00 |
| 12/11/2024 | RSM | B150 | Preparation of memo in response to questions at the 341(a) | 0.70 | 850.00 | 595.00 |
| 12/13/2024 | RSM | B150 | Preparation response to 341(a) meeting of creditors | 0.80 | 850.00 | 680.00 |
| 12/13/2024 | RSM | B150 | Preparation of response to 341(a) questions | 0.40 | 850.00 | 340.00 |
| 12/14/2024 | RSM | B150 | Review response to 341(a) questions | 0.40 | 850.00 | 340.00 |
| 12/15/2024 | RSM | B150 | Review and revise the response to the 341(a) questions | 1.70 | 850.00 | 1,445.00 |
| 12/16/2024 | RSM | B150 | Preparation of response to the 341(a) questions | 0.60 | 850.00 | 510.00 |
| 12/16/2024 | RSM | B150 | Review and revise response to 341(a) questions and review information related thereto | 0.60 | 850.00 | 510.00 |
| 12/17/2024 | MLS | B150 | Review and revise draft response to various questions from 341(a) meeting of creditors. | 0.40 | 535.00 | 214.00 |
| 12/17/2024 | RSM | B150 | Revise response to 341(a) questions | 1.40 | 850.00 | 1,190.00 |
| 12/17/2024 | RSM | B150 | Preparation of response to 341(a) questions | 0.30 | 850.00 | 255.00 |
| 12/18/2024 | MLS | B150 | Review and analysis of letter from A. Tiller regarding document requests. | 0.10 | 535.00 | 53.50 |
| 12/18/2024 | RSM | B150 | Review letter from A. Tiller requesting information | 0.10 | 850.00 | 85.00 |
| 12/18/2024 | RSM | B150 | Review R. Sainos' edits to the 341(a) response | 0.20 | 850.00 | 170.00 |
| 12/19/2024 | RSM | B150 | Revise the 341(a) response based on Ruben's edits | 1.30 | 850.00 | 1,105.00 |
| 12/19/2024 | RSM | B150 | Revise the 341(a) response | 0.60 | 850.00 | 510.00 |
| 12/19/2024 | RSM | B150 | Preparation of response to 341(a) questions | 1.20 | 850.00 | 1,020.00 |
| 12/20/2024 | MLS | B150 | Review and analysis of draft response to questions from 341(a) meeting of creditors. | 0.50 | 535.00 | 267.50 |
| 12/20/2024 | MLS | B150 | Teams meeting with R. Marticello, B. Weiss, R. Sainos, and A. Puterman regarding various case issues. | 0.70 | 535.00 | 374.50 |
| 12/20/2024 | RSM | B150 | Call with B. Weiss regarding the 341(a) response | 0.10 | 850.00 | 85.00 |
| 12/20/2024 | RSM | B150 | Revise the 341(a) response | 0.50 | 850.00 | 425.00 |
| 12/20/2024 | RSM | B150 | Revise the 341(a) response | 0.80 | 850.00 | 680.00 |
| 12/20/2024 | RSM | B150 | Review list of requested documents from Rodriguez | 0.30 | 850.00 | 255.00 |
| 12/20/2024 | RSM | B150 | Preparation response to 341(a) questions and review additional documentation | 1.20 | 850.00 | 1,020.00 |

EXHIBIT EE

| 12/20/2024 | RSM | B150 | Revise response to 341(a) questions to finalize and send | 0.20 | 850.00 | 170.00 |
|---|---|---|---|---|---|---|
| 12/26/2024 | RSM | B150 | Call with R. Zur regarding request for documents from affiliates | 0.20 | 850.00 | 170.00 |
| 12/26/2024 | RSM | B150 | Review leases and other documents to produce to A. Tiller | 0.70 | 850.00 | 595.00 |
| 12/29/2024 | MLS | B150 | Review correspondence from K. Catanzarite and analysis thereof | 0.20 | 535.00 | 107.00 |
| 12/30/2024 | RSM | B150 | Preparation of correspondence to R. Sainos regarding pending requests for information | 0.50 | 850.00 | 425.00 |
| | | | | | | |
| 12/05/2024 | MLS | B160 | Attention to pre-bills for October and November post-petition services. | 0.10 | 535.00 | 53.50 |
| 12/05/2024 | MLS | B160 | Review and revise pre-bills for October and November. | 0.50 | 535.00 | 267.50 |
| 12/07/2024 | MLS | B160 | Prepare RFL fee statements for October and November. | 0.20 | 535.00 | 107.00 |
| 12/09/2024 | MLS | B160 | Attention to September and October invoices. | 0.10 | 535.00 | 53.50 |
| 12/09/2024 | RSM | B160 | Call with B. Weiss regarding fee statements | 0.10 | 850.00 | 85.00 |
| 12/10/2024 | MLS | B160 | Prepare correspondence to M. Castro regarding billing codes for fee statement. | 0.10 | 535.00 | 53.50 |
| 12/10/2024 | MLS | B160 | Review and redact October and November invoices for confidential information | 1.10 | 535.00 | 588.50 |
| 12/10/2024 | MLS | B160 | Prepare instructions to J. Fisher regarding October and November fee statements. | 0.10 | 535.00 | 53.50 |
| 12/11/2024 | BC | B160 | Prepare Notice of Staffing Report for Force Ten Partners (10/18 - 11/30) | 0.40 | 425.00 | 170.00 |
| 12/26/2024 | MLS | B160 | Attention to RFL fee statements for October and November. | 0.10 | 535.00 | 53.50 |
| | | | | | | |
| 11/08/2024 | MLS | B170 | Review correspondence from D. Weiss regarding Grobstein Teeple employment application and prepare response. | 0.10 | 535.00 | 53.50 |
| 12/02/2024 | MLS | B170 | Prepare correspondence to C. Fredericks regarding Hilco appraisal application. | 0.10 | 535.00 | 53.50 |
| 12/03/2024 | MLS | B170 | Review and revise draft motion for entry of an order authorizing the debtor to employ professionals utilized in the ordinary course of business. | 1.20 | 535.00 | 642.00 |
| 12/04/2024 | MLS | B170 | Prepare proposed order granting motion for order authorizing debtor to employ professionals in the ordinary course. | 0.50 | 535.00 | 267.50 |
| 12/04/2024 | MLS | B170 | Prepare motion for order authorizing debtor to employ professionals in the ordinary course. | 0.80 | 535.00 | 428.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/05/2024 | MLS | B170 | Review and revise draft motion authorizing debtor to employ professionals utilized in the ordinary course. | 1.20 | 535.00 | 642.00 |
| 12/07/2024 | MLS | B170 | Revise motion to employ ordinary course professionals. | 0.30 | 535.00 | 160.50 |
| 12/07/2024 | RSM | B170 | Review and revise ordinary course professionals motion | 0.90 | 850.00 | 765.00 |
| 12/09/2024 | MLS | B170 | Prepare motion for order authorizing Debtor to employ professionals utilized in the ordinary course of business. | 1.00 | 535.00 | 535.00 |
| 12/10/2024 | RSM | B170 | Review revised ordinary course professional motion | 0.20 | 850.00 | 170.00 |
| 12/11/2024 | MLS | B170 | Prepare declaration of B. Weiss in support of ordinary course professionals motion. | 0.30 | 535.00 | 160.50 |
| 12/11/2024 | RSM | B170 | Revise ordinary course professionals motion | 1.40 | 850.00 | 1,190.00 |
| 12/12/2024 | MLS | B170 | Revise motion for entry of order authorizing Debtor to employ professionals utilized in the ordinary course. | 0.30 | 535.00 | 160.50 |
| 12/12/2024 | MLS | B170 | Prepare correspondence to B. Weiss regarding ordinary course professionals motion. | 0.10 | 535.00 | 53.50 |
| 12/12/2024 | RSM | B170 | Revise the OCP Motion | 1.30 | 850.00 | 1,105.00 |
| 12/17/2024 | JDF | B170 | Drafted the Declaration That No Party Requested a Hearing on the Hilco Employment Application and the proof of service (0.2). | 0.20 | 310.00 | 62.00 |
| 12/17/2024 | JDF | B170 | Downloaded the entered Order Granting Employment of Grobstein and saved to iManage. | 0.10 | 310.00 | 31.00 |
| 12/17/2024 | MLS | B170 | Prepare proposed order approving application to employ Hilco. | 0.20 | 535.00 | 107.00 |
| 12/17/2024 | MLS | B170 | Review draft declaration regarding non-opposition to Hilco employment application and prepare instructions to J. Fisher thereon and on proposed order. | 0.10 | 535.00 | 53.50 |
| 12/17/2024 | MLS | B170 | Review entered order approving Grobstein Teeple's employment application. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B170 | Review entered order approving Hilco employment application. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B170 | Prepare correspondence to C> Fredericks at Hilco regarding order approving employment. | 0.10 | 535.00 | 53.50 |
| 12/02/2024 | JDF | B185 | Assembled the final version of the Declaration re Nonopposition to the Motion to Reject Leases (0.2); and E-filed the Declaration and lodged the related Order (0.1). | 0.30 | 310.00 | 93.00 |
| 12/02/2024 | MLS | B185 | Prepare proposed order granting motion to reject certain unexpired leases. | 0.50 | 535.00 | 267.50 |
| 12/02/2024 | MLS | B185 | Prepare declaration regarding non-opposition to motion to reject certain unexpired leases. | 0.20 | 535.00 | 107.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/02/2024 | MLS | B185 | Prepare instructions to J. Fisher regarding filing and service of decl. re non-opposition to lease rejection motion, and lodgment of proposed order. | 0.10 | 535.00 | 53.50 |
| 12/02/2024 | RSM | B185 | Call with M. Goldberg regarding Altec's leases | 0.20 | 850.00 | 170.00 |
| 12/06/2024 | MLS | B185 | Review correspondence from John Deere Construction & Forestry Company regarding tractor agreements. | 0.10 | 535.00 | 53.50 |
| 12/09/2024 | MLS | B185 | Attention to leases with Altec. | 0.10 | 535.00 | 53.50 |
| 12/11/2024 | MLS | B185 | Review entered order granting motion to reject leases and servicing agreement. | 0.10 | 535.00 | 53.50 |
| 12/11/2024 | MLS | B185 | Prepare correspondence to client and CRO regarding order granting motion to reject certain leases. | 0.10 | 535.00 | 53.50 |
| 12/11/2024 | MLS | B185 | Review correspondence from R. Sainos regarding lease rejection order and prepare response. | 0.10 | 535.00 | 53.50 |
| 12/13/2024 | MLS | B185 | Review correspondence from R. Sainos regarding rejected leases and prepare response. | 0.10 | 535.00 | 53.50 |
| 12/23/2024 | RSM | B185 | Call with B. Weiss regarding the Altec lease payments | 0.10 | 850.00 | 85.00 |
| 12/03/2024 | MLS | B205 | Review correspondence from S. Cho regarding Jordan action. | 0.10 | 535.00 | 53.50 |
| 12/03/2024 | MLS | B205 | Prepare correspondence to B. Cleeland regarding judgment in Rodriguez action. | 0.10 | 535.00 | 53.50 |
| 12/04/2024 | RSM | B205 | Attention to proposed stipulation re PG&E trust settlement | 0.20 | 850.00 | 170.00 |
| 12/07/2024 | MLS | B205 | Review and analysis of Flexible Funding complaint against the Debtor. | 0.50 | 535.00 | 267.50 |
| 12/07/2024 | RSM | B205 | Review and analysis of settlement agreement with PG&E trust and revise proposed stipulation to permit settlement to proceed | 0.50 | 850.00 | 425.00 |
| 12/07/2024 | RSM | B205 | Review stipulation from J. Heck regarding the fire victims trust litigation | 0.10 | 850.00 | 85.00 |
| 12/12/2024 | JDF | B205 | Calendared trial dates for the Jordan v Mowbray's matter. | 0.10 | 0.00 | No Charge |
| 12/12/2024 | RSM | B205 | Call with S. Cho regarding the Jordan litigation | 0.50 | 850.00 | 425.00 |
| 12/13/2024 | RSM | B205 | Call with R. Zur regarding Jordan litigation and PNC negotiations | 0.50 | 850.00 | 425.00 |
| 12/02/2024 | JDF | B210 | Lodged the Final Order regarding the Insurance Motion. | 0.10 | 0.00 | No Charge |
| 12/02/2024 | MLS | B210 | Attention to and finalize order granting insurance motion on a final basis. | 0.20 | 535.00 | 107.00 |

| 12/02/2024 | MLS | B210 | Review entered order granting insurance motion. | 0.10 | 535.00 | 53.50 |
|---|---|---|---|---|---|---|
| 12/03/2024 | JDF | B210 | Drafted an internal proof of service of the Final Utilities Order. | 0.20 | 0.00 | No Charge |
| 12/03/2024 | MLS | B210 | Prepare instructions to J. Fisher regarding service of utilities order. | 0.10 | 535.00 | 53.50 |
| 12/07/2024 | RSM | B210 | Call with B. Weiss regarding cash flow projections | 0.10 | 850.00 | 85.00 |
| 12/09/2024 | RSM | B210 | Call with R. Sainos regarding payments to J. Pino | 0.30 | 850.00 | 255.00 |
| 12/09/2024 | RSM | B210 | Preparation of response B. Weiss concerning payments to J. Pino | 0.20 | 850.00 | 170.00 |
| 12/10/2024 | RSM | B210 | Review of correspondence from R. Sainos regarding insurance premium financing | 0.10 | 850.00 | 85.00 |
| 12/12/2024 | MLS | B210 | Review and analysis of financing agreement and related documents for general and cyber liability policies. | 0.70 | 535.00 | 374.50 |
| 12/12/2024 | MLS | B210 | Prepare motion for entry of an order authorizing the Debtor to incur debt for insurance premium financing. | 1.50 | 535.00 | 802.50 |
| 12/12/2024 | MLS | B210 | Review and analysis of authorization to purchase coverage of insurance premium financing in the ordinary course. | 0.50 | 535.00 | 267.50 |
| 12/12/2024 | RSM | B210 | Call with R. Sainos and B. Weiss regarding repayment of Pino LOC | 0.50 | 850.00 | 425.00 |
| 12/12/2024 | RSM | B210 | Attention to renewal of insurance expiring in December | 0.20 | 850.00 | 170.00 |
| 12/12/2024 | RSM | B210 | Review John Deere lease schedule and correspondence to R. Sainos regarding the same | 0.20 | 850.00 | 170.00 |
| 12/13/2024 | MLS | B210 | Prepare correspondence to R. Marticello regarding insurance premium financing authorization. | 0.30 | 535.00 | 160.50 |
| 12/13/2024 | MLS | B210 | Prepare correspondence to R. Sainos regarding authorization for insurance premium financing agreements. | 0.10 | 535.00 | 53.50 |
| 12/14/2024 | RSM | B210 | Review correspondence from C. Kurtz regarding Pino's cash flow and respond thereto | 0.10 | 850.00 | 85.00 |
| 12/16/2024 | RSM | B210 | Review correspondence from R. Sainos on payment of bill and respond | 0.10 | 850.00 | 85.00 |
| 12/16/2024 | RSM | B210 | Preparation of correspondence to R. Sainos regarding PTM operations and loan by Debtor to PTM | 0.30 | 850.00 | 255.00 |
| 12/17/2024 | MLS | B210 | Review and analysis of request from GL financing company. | 0.30 | 535.00 | 160.50 |
| 12/17/2024 | MLS | B210 | Prepare motion to incur insurance premium financing. | 1.50 | 535.00 | 802.50 |

| 12/17/2024 | MLS | B210 | Prepare declaration of B. Weiss in support of insurance premium financing motion. | 0.20 | 535.00 | 107.00 |
| 12/17/2024 | MLS | B210 | Prepare proposed order granting insurance premium financing motion. | 0.70 | 535.00 | 374.50 |
| 12/17/2024 | RSM | B210 | Zoom with R. Sainos, B. Weiss, C. Kurtz, and M. Simon regarding Phoenix loan, PTS LOC repayment, and other issues | 0.90 | 850.00 | 765.00 |
| 12/18/2024 | MLS | B210 | Review and analysis of proposed financing agreement with US Premium Finance. | 0.50 | 535.00 | 267.50 |
| 12/18/2024 | MLS | B210 | Prepare motion for order authorizing debtor to incur debt for insurance premium financing. | 0.40 | 535.00 | 214.00 |
| 12/18/2024 | MLS | B210 | Prepare correspondence to R. Sainos regarding motion for order authorizing debtor to incur debt for insurance premium financing. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B210 | Prepare correspondence to R. Sainos regarding general and cyber liability insurance. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B210 | Prepare correspondence to L. Rodriguez regarding form of proposed order for insurance premium financing motion. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B210 | Telephone conference with R. Sainos regarding insurance premium financing. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B210 | Telephone conference with L. Rodriguez regarding premium financing agreement. | 0.20 | 535.00 | 107.00 |
| 12/19/2024 | MLS | B210 | Review correspondence from L. Rodriguez regarding insurance cure period, revise draft order, and prepare response | 0.20 | 535.00 | 107.00 |
| 12/19/2024 | MLS | B210 | Telephone conference with R. Sainos regarding insurance premium financing. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B210 | Telephone conference with L. Rodriguez regarding form of proposed order for insurance premium financing. | 0.20 | 535.00 | 107.00 |
| 12/19/2024 | MLS | B210 | Review correspondence from A. Stetson regarding proposed order on financing agreement. | 0.10 | 535.00 | 53.50 |
| 12/19/2024 | MLS | B210 | Telephone conference with A. Hanes regarding insurance premium financing cancellation procedure and form of order. | 0.20 | 535.00 | 107.00 |
| 12/19/2024 | MLS | B210 | Prepare correspondence to A. Hanes at Stetson Insurance Funding regarding proposed form of premium financing order. | 0.10 | 535.00 | 53.50 |
| 12/20/2024 | JDF | B210 | Drafted the proofs of service for the Motion to Incur Debt; Application for Order Set Hearing on Shortened Time; and the Declaration ISO Application (0.2); Assembled the exhibits to the Motion (0.1); E-filed the Motion, Application and Declaration (0.2); and Lodged the Order (0.1). (No charge.4) | 0.20 | 310.00 | 62.00 |
| 12/20/2024 | MLS | B210 | Leave voicemail for A. Hanes as USPF regarding premium financing motion. | 0.10 | 535.00 | 53.50 |

| 12/20/2024 | MLS | B210 | Prepare correspondence to team with update regarding motion for insurance premium financing. | 0.20 | 535.00 | 107.00 |
|---|---|---|---|---|---|---|
| 12/20/2024 | MLS | B210 | Attention to notice requirements for premium financing motion. | 0.10 | 535.00 | 53.50 |
| 12/20/2024 | MLS | B210 | Review correspondence from A. Hanes regarding insurance premium financing cure period, and prepare response. | 0.20 | 535.00 | 107.00 |
| 12/20/2024 | MLS | B210 | Revise proposed order granting motion to approve insurance premium financing. | 0.20 | 535.00 | 107.00 |
| 12/20/2024 | MLS | B210 | Prepare correspondence to team regarding 10 -day cure period for proposed insurance premium financing agreement. | 0.10 | 535.00 | 53.50 |
| 12/20/2024 | MLS | B210 | Prepare application for order shortening time on financing motion (.5), proposed order thereon (.3), and declaration in support of application (.2). | 1.00 | 535.00 | 535.00 |
| 12/20/2024 | RSM | B210 | Call with R. Sainos and F10 regarding the Phoenix loan and other pending matters related to cash collateral | 0.50 | 850.00 | 425.00 |
| 12/21/2024 | MLS | B210 | Prepare correspondence to R. Sainos regarding payment of insurance premium financing. | 0.10 | 535.00 | 53.50 |
| 12/23/2024 | JDF | B210 | Reviewed various documents like the Vol Petition, Schedules, POCs to gather phone numbers and emails for parties to be served today by 5pm with the Motion to Incur Debt and related filed documents (1.0); Drafted a proof of service for the Notice of Hearing on the Motion to Incur Debt (0.4); Coordinated for FedEx labels to be created (0.2); Called over 30 parties to give telephonic notice of the hearing (1.2); emailed parties the notice and related documents (0.1); E-filed the Notice of Hearing (0.1). | 3.00 | 310.00 | 930.00 |
| 12/23/2024 | MLS | B210 | Telephone conference with Bankruptcy Court regarding hearing on shortened time on insurance premium financing motion. | 0.10 | 535.00 | 53.50 |
| 12/23/2024 | MLS | B210 | Review entered order granting hearing on shortened time on insurance premium financing motion. | 0.10 | 535.00 | 53.50 |
| 12/23/2024 | MLS | B210 | Prepare instructions to staff regarding notice of hearing on motion to obtain insurance premium financing. | 0.20 | 535.00 | 107.00 |
| 12/23/2024 | MLS | B210 | Review and revise notice of hearing on motion for insurance premium financing. | 0.20 | 535.00 | 107.00 |
| 12/23/2024 | SMM | B210 | Draft notice of hearing re insurance premium motion | 0.60 | 425.00 | 255.00 |

EXHIBIT EE

Exhibit 8 Page 54

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/30/2024 | MLS | B210 | Attention to declaration re notice and service regarding order setting hearing on insurance premium financing motion on shortened notice. | 0.10 | 535.00 | 53.50 |
| 12/02/2024 | JDF | B230 | Downloaded the entered Order Granting the Final Order regarding the Insurance Motion and circulated to the team. | 0.10 | 0.00 | No Charge |
| 12/02/2024 | MLS | B230 | Prepare proposed stipulation to continue final cash collateral hearing. | 0.70 | 535.00 | 374.50 |
| 12/02/2024 | RSM | B230 | Call with R. Sainos regarding pending issues, cash collateral, stay relief motion, the payments to lessors | 1.40 | 850.00 | 1,190.00 |
| 12/02/2024 | RSM | B230 | Attention to continuance of cash collateral hearing | 0.10 | 850.00 | 85.00 |
| 12/04/2024 | JDF | B230 | Checked the docket for any objections to the cash collateral motion. | 0.10 | 0.00 | No Charge |
| 12/04/2024 | RSM | B230 | Review of variance report for cash collateral | 0.20 | 850.00 | 170.00 |
| 12/06/2024 | RSM | B230 | Call with C. Kurtz regarding plan projections, liquidation analysis, and cash collateral budget | 0.50 | 850.00 | 425.00 |
| 12/07/2024 | RSM | B230 | Review proposed stipulation to continue cash collateral hearing | 0.10 | 850.00 | 85.00 |
| 12/10/2024 | JDF | B230 | Drafted the proof of service for the Stipulation with PNC Bank to Cont. the Final Cash Coll Hearing; and e-filed. | 0.10 | 310.00 | 31.00 |
| 12/10/2024 | MLS | B230 | Finalize stipulation to continue cash collateral hearing. | 0.10 | 535.00 | 53.50 |
| 12/10/2024 | MLS | B230 | Prepare proposed order approving stipulation to continue cash collateral hearing. | 0.30 | 535.00 | 160.50 |
| 12/10/2024 | RSM | B230 | Call with M. Lubic regarding the cash collateral hearing | 0.10 | 850.00 | 85.00 |
| 12/10/2024 | RSM | B230 | Review budget variance | 0.20 | 850.00 | 170.00 |
| 12/11/2024 | MLS | B230 | Review entered order approving stipulation to continue cash collateral hearing. | 0.10 | 535.00 | 53.50 |
| 12/12/2024 | RSM | B230 | Call with M. Lubic regarding cash collateral and plan issues | 1.10 | 850.00 | 935.00 |
| 12/16/2024 | RSM | B230 | Review updated MTS cash flow | 0.30 | 850.00 | 255.00 |
| 12/19/2024 | RSM | B230 | Review revised cash collateral budget | 0.30 | 850.00 | 255.00 |
| 12/19/2024 | RSM | B230 | Review correspondence and attached schedules from M. Goldberg concerning Altec payments | 0.30 | 850.00 | 255.00 |
| 12/20/2024 | RSM | B230 | Review and analysis of the revised cash collateral stipulation from PNC | 0.50 | 850.00 | 425.00 |
| 12/20/2024 | RSM | B230 | Review the Cash Collateral budget | 0.30 | 850.00 | 255.00 |
| 12/21/2024 | MLS | B230 | Review and analysis of M. Lubic's proposed cash collateral stipulation. | 0.60 | 535.00 | 321.00 |

| 12/21/2024 | RSM | B230 | Call with B. Weiss regarding the cash collateral stipulation | 0.10 | 850.00 | 85.00 |
|---|---|---|---|---|---|---|
| 12/21/2024 | RSM | B230 | Review and revise the cash collateral stipulation from PNC | 2.30 | 850.00 | 1,955.00 |
| 12/22/2024 | RSM | B230 | Review revised projections for the Debtor and Pino and further revise the PNC cash collateral stipulation | 0.50 | 850.00 | 425.00 |
| 12/23/2024 | RSM | B230 | Call with M. Goldberg regarding payments to Altec | 0.30 | 850.00 | 255.00 |
| 12/23/2024 | RSM | B230 | Revise the cash collateral stipulation | 1.20 | 850.00 | 1,020.00 |
| 12/23/2024 | RSM | B230 | Call with B. Weiss regarding the cash collateral budget | 0.10 | 850.00 | 85.00 |
| 12/24/2024 | RSM | B230 | Call with B. Weiss regarding the revised cash projections | 0.20 | 850.00 | 170.00 |
| 12/24/2024 | RSM | B230 | Review revised cash collateral projection | 0.30 | 850.00 | 255.00 |
| 12/26/2024 | RSM | B230 | Call with R. Sainos regarding the budget | 0.50 | 850.00 | 425.00 |
| 12/26/2024 | RSM | B230 | Review revised cash collateral budget | 0.40 | 850.00 | 340.00 |
| 12/26/2024 | RSM | B230 | Revise cash collateral stipulation | 0.50 | 850.00 | 425.00 |
| 12/30/2024 | MLS | B230 | Review and analysis of cash flow analysis. | 0.20 | 535.00 | 107.00 |
| 12/30/2024 | RSM | B230 | Call with B. Weiss regarding cash collateral and other pending items | 0.40 | 850.00 | 340.00 |
| 12/30/2024 | RSM | B230 | Call with A. Puterman regarding budget for Altec | 0.30 | 850.00 | 255.00 |
| 12/30/2024 | RSM | B230 | Review and analysis of issues related to Altec's request for payment and the budget | 0.40 | 850.00 | 340.00 |
| 12/30/2024 | RSM | B230 | Review revised cash collateral budget | 0.30 | 850.00 | 255.00 |
| 12/30/2024 | RSM | B230 | Review weekly variance report | 0.20 | 850.00 | 170.00 |
| 12/30/2024 | RSM | B230 | Review and analysis of seeking continued cash collateral use based on status of discussions with PNC | 0.20 | 850.00 | 170.00 |
| 12/30/2024 | RSM | B230 | Review information provided by Altec concerning requested payment | 0.20 | 850.00 | 170.00 |
| 12/31/2024 | RSM | B230 | Call with A. Puterman regarding the payments to Altec | 0.20 | 850.00 | 170.00 |
| 12/31/2024 | RSM | B230 | Call with M. Lubic regarding cash collateral issues | 0.80 | 850.00 | 680.00 |
| 12/31/2024 | RSM | B230 | Further call with A. Puterman regarding the payments to Altec | 0.40 | 850.00 | 340.00 |
| 12/31/2024 | RSM | B230 | Call with R. Sainos regarding cash collateral issues and other pending matters | 0.70 | 850.00 | 595.00 |
| 12/31/2024 | RSM | B230 | Preparation of correspondence to M. Goldberg regarding payments to Altec | 0.20 | 850.00 | 170.00 |

| 12/15/2024 | MLS | B235 | Review draft exhibits to periodic report for Pino Tree Service and prepare form report. | 0.50 | 535.00 | 267.50 |
| 12/15/2024 | RSM | B235 | Review draft Pino report and financials to be attached as exhibits and provide edits and questions | 1.10 | 850.00 | 935.00 |
| 12/16/2024 | RSM | B235 | Review revised exhibits to the report concerning Pino | 0.20 | 850.00 | 170.00 |
| 12/16/2024 | RSM | B235 | Review and analysis of correspondence from R. Sainos responding to my questions concerning Pino expense items related to Pino report | 0.20 | 850.00 | 170.00 |
| 12/17/2024 | MLS | B235 | Prepare periodic report for Pinot. | 0.30 | 535.00 | 160.50 |
| 12/17/2024 | MLS | B235 | Revise periodic report for Pino (.2) and prepare correspondence to team thereon (.1). | 0.30 | 535.00 | 160.50 |
| 12/17/2024 | RSM | B235 | Review and revise report on Pino | 0.20 | 850.00 | 170.00 |
| 12/19/2024 | JDF | B235 | Drafted the proof of service for the Periodic Statement (0.1); and e-filed (0.1). | 0.20 | 0.00 | No Charge |
| 12/19/2024 | MLS | B235 | Attention to Pino report. | 0.20 | 535.00 | 107.00 |
| 12/19/2024 | RSM | B235 | Revise Pino report | 0.20 | 850.00 | 170.00 |
| | | | | | | |
| 12/03/2024 | MLS | B310 | Legal research regarding noticing claims bar date by publication. | 0.50 | 535.00 | 267.50 |
| 12/06/2024 | MLS | B310 | Prepare notice of claims bar date. | 0.20 | 535.00 | 107.00 |
| 12/08/2024 | MLS | B310 | Review and analysis of two claims for insurance deductible payments by NIP Group. | 0.30 | 535.00 | 160.50 |
| 12/08/2024 | MLS | B310 | Prepare motion authorizing notice of claims bar date by publication. | 1.00 | 535.00 | 535.00 |
| 12/09/2024 | MLS | B310 | Review proof of claim filed by California Turf Equipment & Supply. | 0.10 | 535.00 | 53.50 |
| 12/10/2024 | MLS | B310 | Review and analysis of proof of claim filed by AmTrust North America. | 0.10 | 535.00 | 53.50 |
| 12/13/2024 | MLS | B310 | Review and analysis of proof of claim filed by Hanmi Bank. | 0.10 | 535.00 | 53.50 |
| 12/17/2024 | MLS | B310 | Finalize notice of claims bar date and prepare instructions to staff thereon. | 0.30 | 535.00 | 160.50 |
| 12/23/2024 | JDF | B310 | Filed the Notice of Bar Date (0.1); and Emailed vendor the conformed copy to proceed with serving (0.2). | 0.30 | 0.00 | No Charge |
| 12/23/2024 | MLS | B310 | Review notice of claims bar date and proof of service, and prepare instructions to J. Fisher thereon. | 0.10 | 535.00 | 53.50 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 12/26/2024 | JDF | B310 | Revised the Supplemental Proof of Service (0.1); and emailed the vendor to request signature on the supplemental proof of service related to the notice of bar date mailed 12/23/24. | 0.20 | 310.00 | 62.00 |
| 12/04/2024 | JDF | B320 | Calendared DS and Plan and claims bar date related deadlines (0.1). | 0.10 | 0.00 | No Charge |
| 12/04/2024 | MLS | B320 | Prepare disclosure statement. | 1.80 | 535.00 | 963.00 |
| 12/05/2024 | MLS | B320 | Prepare disclosure statement. | 2.10 | 535.00 | 1,123.50 |
| 12/06/2024 | MLS | B320 | Prepare disclosure statement. | 2.50 | 535.00 | 1,337.50 |
| 12/07/2024 | MLS | B320 | Prepare disclosure statement. | 1.90 | 535.00 | 1,016.50 |
| 12/10/2024 | RSM | B320 | Call with J. Teeple regarding plan preparation and riders needed | 0.20 | 850.00 | 170.00 |
| 12/10/2024 | RSM | B320 | Preparation of correspondence to K. Meachem regarding plan schedules | 0.10 | 850.00 | 85.00 |
| 12/10/2024 | RSM | B320 | Develop terms for plan treatment with PNC | 0.30 | 850.00 | 255.00 |
| 12/11/2024 | RSM | B320 | Call with B. Weiss regarding plan schedules and Pino loan | 0.30 | 850.00 | 255.00 |

Sub-total Fees: $90,555.00

**Expenses**

| | | |
|---|---|---|
| 12/30/2024 | FedEx: 20241224, Delivered Amtrust Financial Services, Inc. - 903 NW 65th St; Invoice # 872623836 | 27.05 |
| 12/30/2024 | FedEx: 20241224, Delivered Queenie K Ng - 411 West Fourth ST; Invoice # 872623836 | 15.08 |
| 12/30/2024 | FedEx: 20241224, Delivered Velocity Truck Center - 2429 Peck Road/Los Angeles Truct Centers, LLC; Invoice # 872623836 | 14.41 |
| 12/30/2024 | FedEx: 20241224, Delivered GM Financial - 4100 Embarcadero Drive; Invoice # 872623836 | 22.90 |
| 12/30/2024 | FedEx: 20241224, Delivered Starr Indemnity Liability Co - 399 Park Avenue; Invoice # 872623836 | 31.47 |
| 12/30/2024 | FedEx: 20241224, Delivered Banc of America Leasing & Capital - 3400 Pawtucket Avenue; Invoice # 872623836 | 26.89 |
| 12/30/2024 | FedEx: 20241224, Delivered The Toll Roads - 125 Pacifica/Violations Dept; Invoice # 872623836 | 14.41 |
| 12/30/2024 | FedEx: 20241224, Delivered Enterprise FM Trust - 9315 Olive Blvd; Invoice # 872623836 | 25.98 |
| 12/30/2024 | FedEx: 20241224, Delivered Altec Capital Services, LLC - 33 Inverness Center Parkway; Invoice # 872623836 | 25.98 |

Sub-total Expenses: $204.17

Total Current Billing: **$90,759.17**

Previous Balance Due: $135,392.56

EXHIBIT EE

|  | Total Payments: | ($109,994.50) |
|---|---|---|
|  | **Total Now Due:** | **$116,157.23** |

**Rate Summary**

| | | | |
|---|---|---|---|
| Bambi Clark | 0.40 | hours at $425.00/hr | $170.00 |
| Ja'Nita Fisher | 2.90 | hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 4.10 | hours at $310.00/hr | $1,271.00 |
| Robert S. Marticello | 70.30 | hours at $850.00/hr | $59,755.00 |
| Stephen M. Mott | 0.60 | hours at $425.00/hr | $255.00 |
| Michael L. Simon | 54.40 | hours at $535.00/hr | $29,104.00 |
| | Total hours: 132.70 | | $90,555.00 |

**Trust Account**

| | | Beginning Balance | $0.00 |
|---|---|---|---|
| 12/26/2024 | Transfer From Matter 7510-001 Entry No 132204 | | 109,994.50 |
| 12/26/2024 | Trust Application Approved 12/26 | | (109,994.50) |
| | | Ending Balance: | $0.00 |

**Payments**

| | | | |
|---|---|---|---|
| 12/26/2024 | Payment | Trust Application Approved 12/26 | 109,994.50 |
| | | Sub-total Payments: | $109,994.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
    Wells Fargo Bank, N.A.
    Routing No.: 121000248
    Account No.: 4941981821
    BIC/Swift Code: WFBIUS6S
    Account Title: Raines Feldman Littrell LLP
    Client Name & Invoice #

**Pay by Check via Mail**:
    Raines Feldman Littrell LLP
    PO Box 848574
    Los Angeles, CA 90084-8574

EXHIBIT EE



1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 5/12/2025**
**Invoice Number: 133965**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 01/03/2025 | JDF | B110 | Updated mailing lists with Bank of America attorneys addresses. | 0.20 | 310.00 | 62.00 |
| 01/14/2025 | JDF | B110 | Updated calendar with continued hearing dates. | 0.10 | 310.00 | 31.00 |
| 01/20/2025 | RSM | B110 | Review correspondence from R. Sainos regarding the union demand for arbitration and respond thereto | 0.20 | 880.00 | 176.00 |
| 01/20/2025 | RSM | B110 | Review and analysis of issues related to the Union demand for arbitration, the application of the stay, and the collective bargaining agreement | 1.20 | 880.00 | 1,056.00 |
| 01/20/2025 | RSM | B110 | Call with D. Pasternak regarding the Union demand for arbitration | 0.30 | 880.00 | 264.00 |
| 01/20/2025 | RSM | B110 | Call with D. Pasternak regarding settling the Union grievance | 0.30 | 880.00 | 264.00 |
| 01/22/2025 | RSM | B110 | Respond to correspondence from D. Pasternak concerning making a settlement offer to the union | 0.10 | 880.00 | 88.00 |
| 01/22/2025 | RSM | B110 | Review and respond to further correspondence from D. Pasternak concerning the union arbitration | 0.10 | 880.00 | 88.00 |
| 01/24/2025 | RSM | B110 | Review correspondence from D. Pasternak regarding the negotiations with the union | 0.10 | 880.00 | 88.00 |
| 01/31/2025 | RSM | B110 | Review and analyze settlement agreement with Union | 0.30 | 880.00 | 264.00 |
| 01/08/2025 | MLS | B130 | Attention to Knudsen motion and motion to sell de minimis assets and prepare instructions to S. Mott thereon. | 0.20 | 600.00 | 120.00 |
| 01/10/2025 | MLS | B130 | Attention to motion for order implementing procedures for the sale of de minimus assets. | 0.10 | 600.00 | 60.00 |

| 01/10/2025 | SMM | B130 | Draft expedited procedures de minimis assets motion | 3.30 | 495.00 | 1,633.50 |
|---|---|---|---|---|---|---|
| 01/13/2025 | SMM | B130 | Complete draft of de minimis assets motion | 2.30 | 495.00 | 1,138.50 |
| 01/16/2025 | RSM | B130 | Revise the sale motion | 1.10 | 880.00 | 968.00 |
| 01/16/2025 | RSM | B130 | Call with R. Sainos regarding de minimis assets to sell | 0.20 | 880.00 | 176.00 |
| 01/17/2025 | SMM | B130 | Research case law on 363(f)(2) and consent re de minimis assets motion | 0.70 | 495.00 | 346.50 |
| 01/17/2025 | SMM | B130 | Revise De Minimis Assets Motion re RM comments | 1.00 | 495.00 | 495.00 |
| 01/20/2025 | RSM | B130 | Review and revise the de minimis asset sale motion | 0.80 | 880.00 | 704.00 |
| 01/20/2025 | SMM | B130 | Revise De Minimis Assets Motion re RM comments | 1.60 | 495.00 | 792.00 |
| 01/21/2025 | SMM | B130 | Finalize revised draft of De Minimis Assets motion re R Marticello comments | 0.40 | 495.00 | 198.00 |
| 01/21/2025 | SMM | B130 | Draft notice of De Minimis Assets motion | 1.00 | 495.00 | 495.00 |
| 01/21/2025 | SMM | B130 | Email B Weiss, R Sainos, and R Marticello re final approval of De Minimis Assets motion | 0.10 | 495.00 | 49.50 |
| 01/22/2025 | RSM | B130 | Call with R. Sainos regarding the sale procedures order | 0.10 | 880.00 | 88.00 |
| 01/22/2025 | RSM | B130 | Review and revise the de minimis asset motion based on B. Weiss' comments | 0.50 | 880.00 | 440.00 |
| 01/22/2025 | SMM | B130 | Review De Minimis Assets motion re B Weiss comments (.2); confer with R Marticello re same (.4) | 0.60 | 495.00 | 297.00 |
| 01/23/2025 | RSM | B130 | Review and revise the de minimis asset motion | 0.50 | 880.00 | 440.00 |
| 01/23/2025 | RSM | B130 | Further revise de minimis asset sale motion based on R. Sainos' comments | 0.20 | 880.00 | 176.00 |
| 01/23/2025 | SMM | B130 | Finalize revised draft of de minimis assets motion re B Weiss and R Marticello comments | 1.60 | 495.00 | 792.00 |
| 01/23/2025 | SMM | B130 | Prepare redline version of finalized draft of de minimis assets motion for B Weiss review | 0.80 | 495.00 | 396.00 |
| 01/23/2025 | SMM | B130 | Revise and finalize notice of de minimis assets motion | 0.30 | 495.00 | 148.50 |
| 01/23/2025 | SMM | B130 | Review, analyze, and respond to emails with R Sainos, B Weiss, and R Marticello re De Minimis Assets motion filing | 0.10 | 495.00 | 49.50 |
| 01/23/2025 | SMM | B130 | Emails with B Weiss re reviewing and approving finalized De Minimis Assets motion | 0.10 | 495.00 | 49.50 |
| 01/23/2025 | SMM | B130 | Revise de minimis assets motion and notice re removing exhibit A language and specific list of assets | 0.20 | 495.00 | 99.00 |
| 01/23/2025 | SMM | B130 | Revise and finalize de minimis assets motion and notice re R Marticello comments on removing exhibit A reference | 0.20 | 495.00 | 99.00 |

| 01/23/2025 | SMM | B130 | Reviewing and responding to emails with R Marticello re drafting De Minimis Assets motion and revisions | 0.10 | 495.00 | 49.50 |
| 01/24/2025 | JDF | B130 | Drafted the proofs of service for the De Minimis Assets Motion and the related Notice (0.2); E-filed the Motion and Notice of Motion (0.3); and calendared the related opposition deadline (0.1). | 0.60 | 0.00 | No Charge |
| 01/24/2025 | RSM | B130 | Review and revise the de minimis asset motion and attention to service | 0.40 | 880.00 | 352.00 |
| 01/24/2025 | RSM | B130 | Final revision of de minimis asset motion | 0.20 | 880.00 | 176.00 |
| 01/24/2025 | SMM | B130 | Email R Marticello re service of de minimis assets motion | 0.20 | 495.00 | 99.00 |
| 01/24/2025 | SMM | B130 | Email J Fisher re filing and serving de minimis assets motion | 0.10 | 495.00 | 49.50 |
| 01/24/2025 | SMM | B130 | Revise de minimis assets motion re adding LBR 6004-1(b) notice language and RM comments | 0.40 | 495.00 | 198.00 |
| 01/24/2025 | SMM | B130 | Call with R Marticello re de minimis assets motion and additional notice language | 0.20 | 495.00 | 99.00 |
| 01/02/2025 | MLS | B140 | Prepare correspondence to P. Batalden regarding order lifting the stay as to Rodriguez action. | 0.10 | 600.00 | 60.00 |
| 01/09/2025 | RSM | B140 | Review submission by Rodriguez to state court regarding stay relief and entry of judgment | 0.10 | 880.00 | 88.00 |
| 01/20/2025 | RSM | B140 | Call with T. Shuck regarding the Altec/Pathward agreements and payment | 0.50 | 880.00 | 440.00 |
| 01/21/2025 | JDF | B140 | Downloaded the Motion for Relief Filed by Liu and He and the related Notice of Hearing (0.2); Calendared the hearing and deadlines (0.2). | 0.40 | 0.00 | No Charge |
| 01/21/2025 | MLS | B140 | Review and analysis of motion for relief from stay filed by P. Liu and G. He. | 0.30 | 600.00 | 180.00 |
| 01/27/2025 | MLS | B140 | Prepare opposition to P. Liu motion for relief from the automatic stay. | 0.60 | 600.00 | 360.00 |
| 01/27/2025 | MLS | B140 | Prepare opposition to motion for relief from stay by P. Liu. | 1.90 | 600.00 | 1,140.00 |
| 01/27/2025 | RSM | B140 | Review and revise opposition to the P. Liu stay relief motion | 0.70 | 880.00 | 616.00 |
| 01/27/2025 | RSM | B140 | Preparation opposition to P. Liu stay relief motion | 0.50 | 880.00 | 440.00 |
| 01/28/2025 | MLS | B140 | Prepare opposition to P. Liu's motion for relief from stay. | 1.00 | 600.00 | 600.00 |
| 01/28/2025 | MLS | B140 | Revise opposition to P. Liu motion for relief from stay. | 0.20 | 600.00 | 120.00 |
| 01/28/2025 | RSM | B140 | Review and revise opposition to P. Liu stay relief motion | 1.30 | 880.00 | 1,144.00 |

| 01/28/2025 | RSM | B140 | Preparation opposition to P. Liu stay relief motion | 1.60 | 880.00 | 1,408.00 |
|---|---|---|---|---|---|---|
| 01/28/2025 | RSM | B140 | Review and revise opposition to stay relief motion | 0.40 | 880.00 | 352.00 |

| 01/02/2025 | RSM | B150 | Call with B. Bodie regarding document production requests | 0.10 | 880.00 | 88.00 |
|---|---|---|---|---|---|---|
| 01/02/2025 | RSM | B150 | Call with B. Weiss to prepare for continued 341(a) meeting | 0.70 | 880.00 | 616.00 |
| 01/03/2025 | MLS | B150 | Telephone conference with Phoenix counsel. | 0.60 | 600.00 | 360.00 |
| 01/03/2025 | RSM | B150 | Preparation for continued 341(a) meeting (review schedules and memo with enclosures) | 0.50 | 880.00 | 440.00 |
| 01/03/2025 | RSM | B150 | Continued 341(a) meeting (1.2) and post-341 meeting with B. Weiss regarding the same | 1.50 | 880.00 | 1,320.00 |
| 01/03/2025 | RSM | B150 | Call with R. Zur and L. Gans regarding documents requested from Phoenix and Waterman | 0.60 | 880.00 | 528.00 |
| 01/10/2025 | RSM | B150 | Call with R. Zur regarding documents to produce for affiliates | 0.30 | 880.00 | 264.00 |
| 01/16/2025 | RSM | B150 | Preparation correspondence to Hamni Bank's counsel regarding payments | 0.10 | 880.00 | 88.00 |
| 01/16/2025 | RSM | B150 | Preparation correspondence to B. Weiss and R. Sainos regarding inquiries from Albach and Samsara | 0.10 | 880.00 | 88.00 |
| 01/23/2025 | RSM | B150 | Revise the response to K. Els concerning her claim | 0.40 | 880.00 | 352.00 |
| 01/23/2025 | RSM | B150 | Review schedules in response to claim asserted by K. Els | 0.20 | 880.00 | 176.00 |
| 01/24/2025 | RSM | B150 | Call with K. Els regarding her claim | 0.20 | 880.00 | 176.00 |

| 01/08/2025 | SMM | B160 | Draft motion re interim compensation fee procedures | 1.10 | 495.00 | 544.50 |
|---|---|---|---|---|---|---|
| 01/09/2025 | MLS | B160 | Attention to motion for interim compensation procedures. | 0.20 | 600.00 | 120.00 |
| 01/09/2025 | SMM | B160 | Draft motion re interim compensation fee procedures | 3.10 | 495.00 | 1,534.50 |
| 01/10/2025 | SMM | B160 | Draft monthly staffing report (10/18 - 11/30) and notice re Force Ten | 0.90 | 495.00 | 445.50 |
| 01/13/2025 | RSM | B160 | Review and revise notice of staffing and invoices for redaction for F10 | 0.40 | 880.00 | 352.00 |
| 01/13/2025 | SMM | B160 | Revise first monthly staffing report re Force Ten (.4); (.1) email R Marticello re same (.1) | 0.50 | 495.00 | 247.50 |
| 01/13/2025 | SMM | B160 | Review Force Ten's time entries and daily work re first monthly staffing report | 0.30 | 495.00 | 148.50 |
| 01/15/2025 | RSM | B160 | Revise the F10 staffing report | 0.20 | 880.00 | 176.00 |

| 01/17/2025 | BC | B160 | Finalize and e-file Notice of First Monthly Staffing Report for Force Ten Partners | 0.40 | 465.00 | 186.00 |
|---|---|---|---|---|---|---|
| 01/18/2025 | RSM | B160 | Revise interim compensation procedures motion | 0.70 | 880.00 | 616.00 |
| 01/20/2025 | SMM | B160 | Revise draft of ICP motion re R Marticello comments | 1.70 | 495.00 | 841.50 |
| 01/21/2025 | RSM | B160 | Revise the interim compensation procedures motion and declaration | 0.70 | 880.00 | 616.00 |
| 01/21/2025 | SMM | B160 | Email R Sainos re employee headcount for ICP motion | 0.10 | 495.00 | 49.50 |
| 01/21/2025 | SMM | B160 | Complete revisions to draft of ICP motion re R Marticello comments | 1.60 | 495.00 | 792.00 |
| 01/21/2025 | SMM | B160 | Finalize revised draft of ICP motion (.2); email B Weiss of Force Ten re same (.1) | 0.30 | 495.00 | 148.50 |
| 01/22/2025 | RSM | B160 | Review and revise interim compensation motion based on B. Weiss's comments | 0.20 | 880.00 | 176.00 |
| 01/22/2025 | SMM | B160 | Review ICP motion re B Weiss comments (.1); confer with R Marticello re same (.1) | 0.20 | 495.00 | 99.00 |
| 01/23/2025 | RSM | B160 | Revise the interim compensation procedures motion | 0.70 | 880.00 | 616.00 |
| 01/23/2025 | SMM | B160 | Finalize revised draft of ICP motion re B Weiss and R Marticello comments | 0.50 | 495.00 | 247.50 |
| 01/23/2025 | SMM | B160 | Prepare redline version of finalized draft of ICP motion for B Weiss review | 0.40 | 495.00 | 198.00 |
| 01/23/2025 | SMM | B160 | Draft notice of hearing re ICP motion | 0.50 | 495.00 | 247.50 |
| 01/23/2025 | SMM | B160 | Emails with B Weiss re review and approval of finalized ICP Motion | 0.10 | 495.00 | 49.50 |
| 01/24/2025 | RSM | B160 | Preparation correspondence to the OUST regarding the interim compensation motion | 0.10 | 880.00 | 88.00 |
| 01/24/2025 | SMM | B160 | Finalize draft of ICP motion re R Marticello final redlines | 0.20 | 495.00 | 99.00 |
| 01/28/2025 | JDF | B160 | Drafted the proofs of service for the Motion for Authority to Establish Procedures for Interim Compensation for Professionals and assembled the final Motion (0.1); E-filed the Motion and Notice (0.1). | 0.20 | 0.00 | No Charge |
| 01/28/2025 | SMM | B160 | Email R Marticello re notice requirement findings for ICP motion | 0.30 | 495.00 | 148.50 |
| 01/28/2025 | SMM | B160 | Email J Fisher re finalization of ICP motion and supporting documents | 0.10 | 495.00 | 49.50 |
| 01/17/2025 | SMM | B170 | Email B Clark re filing Force Ten staffing report | 0.10 | 495.00 | 49.50 |
| 01/21/2025 | JDF | B170 | Drafted the proofs of service for the Motion and related Notice (0.2); E-filed the OCP Motion and related Notice of Motion (0.2); Calendared deadline (0.1). | 0.50 | 0.00 | No Charge |

| Date | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 01/21/2025 | MLS | B170 | Review and revise ordinary course professionals motion. | 0.30 | 600.00 | 180.00 |
| 01/21/2025 | MLS | B170 | Prepare correspondence to B. Weiss regarding ordinary course professionals motion. | 0.10 | 600.00 | 60.00 |
| 01/10/2025 | MLS | B185 | Prepare correspondence to R. Sainos regarding lease rejection order and date. | 0.10 | 600.00 | 60.00 |
| 01/10/2025 | RSM | B185 | Respond to correspondence from R. Sainos on the effective date of the lease rejection | 0.10 | 880.00 | 88.00 |
| 01/13/2025 | DMM | B185 | Email with R. Marticello regarding lease analysis (0.2). | 0.20 | 650.00 | 130.00 |
| 01/13/2025 | RSM | B185 | Review analysis of leases of BOA and Altec concerning insurance | 0.80 | 880.00 | 704.00 |
| 01/16/2025 | RSM | B185 | Call with R. Sainos regarding lease payments and other pending matters | 0.30 | 880.00 | 264.00 |
| 01/20/2025 | RSM | B185 | Review and analysis of Altec trac leases and whether such leases are leases or financing based on Altec demand for payment | 0.70 | 880.00 | 616.00 |
| 01/21/2025 | RSM | B185 | Review and respond to correspondence from R. Sainos regarding Altec | 0.10 | 880.00 | 88.00 |
| 01/23/2025 | RSM | B185 | Review and analyze correspondence from T. Shuck concerning the Pathward leases | 0.10 | 880.00 | 88.00 |
| 01/24/2025 | RSM | B185 | Call with R. Sainos concerning lease equipment | 0.20 | 880.00 | 176.00 |
| 01/24/2025 | RSM | B185 | Preparation correspondence to R. Sainos and F10 regarding payment made on account of Altec equipment | 0.10 | 880.00 | 88.00 |
| 01/28/2025 | SMM | B185 | Review emails and analysis of lease documents re preparation of identifying capital and operating leases | 0.40 | 495.00 | 198.00 |
| 01/28/2025 | SMM | B185 | Analyze and classify leases re identifying capital and operating leases | 2.00 | 495.00 | 990.00 |
| 01/28/2025 | SMM | B185 | Draft memo re identifying capital and operating leases held by debtor | 1.80 | 495.00 | 891.00 |
| 01/29/2025 | SMM | B185 | Continue draft of memo re identifying capital and operating leases held by debtor | 4.10 | 495.00 | 2,029.50 |
| 01/30/2025 | SMM | B185 | Complete draft of memo re analyzing operating and capital leases (2.4); call with R Marticello re same (.2) | 2.60 | 495.00 | 1,287.00 |
| 01/31/2025 | SMM | B185 | Review and analyze Altec equipment leases re capital and operating lease research | 3.40 | 495.00 | 1,683.00 |
| 01/04/2025 | RSM | B205 | Review correspondence from J. Heck concerning the PG&E settlement and preparation of response thereto | 0.30 | 880.00 | 264.00 |
| 01/23/2025 | RSM | B205 | Call with R. Zur regarding Jordan litigation and plan issues | 0.30 | 880.00 | 264.00 |

| 01/24/2025 | RSM | B205 | Call with D. Courteau regarding the P. Liu lawsuit | 0.30 | 880.00 | 264.00 |
| 01/02/2025 | MLS | B210 | Review correspondence from B. Soder regarding order approving insurance premium financing and prepare response. | 0.20 | 600.00 | 120.00 |
| 01/02/2025 | MLS | B210 | Review correspondence from R. Sainos regarding Peerless Network and prepare response. | 0.10 | 600.00 | 60.00 |
| 01/02/2025 | MLS | B210 | Review and revise decl. of J. Fisher re notice and service re motion for order approving insurance premium financing. | 0.20 | 600.00 | 120.00 |
| 01/02/2025 | RSM | B210 | Preparation of correspondence to J. MacLeod regarding the John Deere equipment and revise schedule thereto | 0.30 | 880.00 | 264.00 |
| 01/03/2025 | JDF | B210 | Finalized Dec of JF regarding Notice and Service of Motion to Incur Debt (0.1); and e-filed (0.1). | 0.20 | 310.00 | 62.00 |
| 01/03/2025 | RSM | B210 | Call with B. Weiss regarding the insurance expense | 0.20 | 880.00 | 176.00 |
| 01/08/2025 | MLS | B210 | Telephone conference with A. Haynes regarding premium financing agreement for auto policy. | 0.20 | 600.00 | 120.00 |
| 01/08/2025 | MLS | B210 | Prepare correspondence to L. Rodriguez regarding financing agreement for auto policy. | 0.10 | 600.00 | 60.00 |
| 01/08/2025 | MLS | B210 | Exchange emails with L. Rodriguez regarding financing agreement for auto policy. | 0.10 | 600.00 | 60.00 |
| 01/08/2025 | MLS | B210 | Telephone conference with R. Marticello regarding insurance financing agreements and other matters. | 0.30 | 600.00 | 180.00 |
| 01/08/2025 | MLS | B210 | Exchange emails with L. Rodriguez regarding insurance financing agreements. | 0.20 | 600.00 | 120.00 |
| 01/08/2025 | MLS | B210 | Review correspondence from L. Rodriguez regarding financing for Auto Excess and Marine insurance policies. | 0.10 | 600.00 | 60.00 |
| 01/08/2025 | MLS | B210 | Review and analysis of insurance proposal for auto policy related to financing agreement. | 0.30 | 600.00 | 180.00 |
| 01/08/2025 | MLS | B210 | Review correspondence from L. Rodriguez regarding auto financing agreement and prepare response. | 0.20 | 600.00 | 120.00 |
| 01/08/2025 | MLS | B210 | Review correspondence from L. Rodriguez regarding auto excess and inland marine policies. | 0.20 | 600.00 | 120.00 |
| 01/08/2025 | MLS | B210 | Prepare for hearing on motion for order authorizing debtor to incur debt for insurance premium financing. | 0.80 | 600.00 | 480.00 |

| 01/08/2025 | RSM | B210 | Preparation of correspondence to L. Rodriguez regarding obtaining approval of premium financing | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 01/09/2025 | MLS | B210 | Prepare for hearing on motion to approve insurance premium financing agreement. | 0.50 | 600.00 | 300.00 |
| 01/09/2025 | MLS | B210 | Appearance at hearing on motion to approve insurance premium financing agreement. | 1.40 | 600.00 | 840.00 |
| 01/09/2025 | MLS | B210 | Prepare proposed order granting motion to obtain insurance premium financing and prepare instructions thereon to J. Fisher. | 0.40 | 600.00 | 240.00 |
| 01/10/2025 | JDF | B210 | Downloaded the entered Order Granting Motion to Incur Debt for Insurance Premium, and emailed to attorney MLS. | 0.10 | 0.00 | No Charge |
| 01/10/2025 | MLS | B210 | Attention to auto physical damage and auto liability premium financing agreement. | 0.20 | 600.00 | 120.00 |
| 01/10/2025 | MLS | B210 | Review entered order granting motion for order authorizing insurance premium financing agreement. | 0.10 | 600.00 | 60.00 |
| 01/10/2025 | MLS | B210 | Prepare correspondence to A. Haynes and L. Rodriguez regarding entered order approving insurance premium financing agreement for general and cyber liability policies. | 0.10 | 600.00 | 60.00 |
| 01/10/2025 | MLS | B210 | Review correspondence from A. Haynes regarding insurance premium financing agreements and prepare response. | 0.20 | 600.00 | 120.00 |
| 01/10/2025 | MLS | B210 | Review correspondence from L. Rodriguez regarding forthcoming forthcoming insurance premium financing agreements. | 0.10 | 600.00 | 60.00 |
| 01/10/2025 | RSM | B210 | Call with R. Sainos regarding insurance expense and other matters | 0.50 | 880.00 | 440.00 |
| 01/10/2025 | RSM | B210 | Preparation of correspondence to M. Lubic regarding the insurance expense | 0.30 | 880.00 | 264.00 |
| 01/10/2025 | RSM | B210 | Preparation of correspondence to R. Sainos and F10 regarding insurance questions from M. Lubic | 0.20 | 880.00 | 176.00 |
| 01/10/2025 | RSM | B210 | Call with D. Meadows regarding utility agreement and other matters | 0.40 | 880.00 | 352.00 |
| 01/22/2025 | MLS | B210 | Prepare correspondence to S. Mott regarding insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 01/23/2025 | MLS | B210 | Attention to insurance premium financing for auto excess, auto liability, and marine insurance policies. | 0.20 | 600.00 | 120.00 |
| 01/23/2025 | RSM | B210 | Review and analyze issues related to payment of insurance premium down payment | 0.30 | 880.00 | 264.00 |
| 01/23/2025 | RSM | B210 | Review and analyze Stetson premium finance agreement and invoice | 0.20 | 880.00 | 176.00 |
| 01/24/2025 | MLS | B210 | Telephone conference with S. Mott regarding insurance premium financing motion. | 0.20 | 600.00 | 120.00 |
| 01/24/2025 | RSM | B210 | Review list of equipment from T. Shuck | 0.10 | 880.00 | 88.00 |

| 01/24/2025 | SMM | B210 | Draft motion authorizing insurance premium financing (commercial auto and inland marine) | 2.20 | 495.00 | 1,089.00 |
|---|---|---|---|---|---|---|
| 01/26/2025 | MLS | B210 | Review and revise motion for order approving insurance premium financing for auto and inland marine insurance policies. | 0.50 | 600.00 | 300.00 |
| 01/28/2025 | MLS | B210 | Attention to financing agreement for auto policies and leave voicemail for A. Haynes. | 0.20 | 600.00 | 120.00 |
| 01/28/2025 | MLS | B210 | Telephone conference with A. Haynes regarding financing agreement for auto policies and inland marine. | 0.10 | 600.00 | 60.00 |
| 01/28/2025 | MLS | B210 | Review correspondence from L. Rodriguez and proposed financing agreement. | 0.20 | 600.00 | 120.00 |
| 01/29/2025 | RSM | B210 | Call with B. Weiss regarding renting equipment | 0.30 | 880.00 | 264.00 |
| 01/30/2025 | RSM | B210 | Call with R. Sainos regarding renting equipment | 0.10 | 880.00 | 88.00 |
| 01/31/2025 | MLS | B210 | Prepare proposed order approving insurance premium financing agreement with First Insurance Funding. | 1.30 | 600.00 | 780.00 |
| 01/31/2025 | MLS | B210 | Prepare correspondence to A. Haynes regarding proposed order approving insurance premium financing agreement with First Insurance Funding. | 0.10 | 600.00 | 60.00 |
| 01/31/2025 | MLS | B210 | Review correspondence from A. Haynes regarding insurance premium financing agreement? | 0.10 | 600.00 | 60.00 |
| 01/02/2025 | MLS | B230 | Prepare supplement to cash collateral motion. | 2.10 | 600.00 | 1,260.00 |
| 01/02/2025 | RSM | B230 | Call with A. Puterman regarding the cash collateral budget and insurance costs | 0.50 | 880.00 | 440.00 |
| 01/03/2025 | MLS | B230 | Review and analysis of redline to cash collateral stipulation from M. Lubic. | 0.40 | 600.00 | 240.00 |
| 01/03/2025 | RSM | B230 | Review redlines to the cash collateral stipulation by PNC and make further edits | 1.00 | 880.00 | 880.00 |
| 01/03/2025 | RSM | B230 | Review and respond to correspondence from K. Hirsch regarding payments to BOA | 0.20 | 880.00 | 176.00 |
| 01/03/2025 | RSM | B230 | Review most current cash collateral budget | 0.20 | 880.00 | 176.00 |
| 01/03/2025 | RSM | B230 | Review of correspondence from A. Puterman regarding the insurance budget and respond | 0.10 | 880.00 | 88.00 |
| 01/03/2025 | RSM | B230 | Revise cash collateral stipulation | 0.40 | 880.00 | 352.00 |
| 01/04/2025 | RSM | B230 | Revise the cash collateral stipulation | 0.90 | 880.00 | 792.00 |
| 01/05/2025 | RSM | B230 | Review further revised budget | 0.20 | 880.00 | 176.00 |
| 01/06/2025 | RSM | B230 | Zoom with R. Sainos and F10 regarding the cash collateral budget | 0.80 | 880.00 | 704.00 |

EXHIBIT EE

Exhibit 7 Page 54

| 01/06/2025 | RSM | B230 | Call with M. Lubic regarding the cash collateral stipulation and budget | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 01/06/2025 | RSM | B230 | Call with B. Weiss regarding the outstanding issues concerning the cash collateral stipulation | 0.60 | 880.00 | 528.00 |
| 01/06/2025 | RSM | B230 | Call with A. Puterman regarding the revisions to the cash collateral budget | 0.20 | 880.00 | 176.00 |
| 01/06/2025 | RSM | B230 | Further call with A. Puterman regarding the revisions to the cash collateral budget | 0.20 | 880.00 | 176.00 |
| 01/06/2025 | RSM | B230 | Preparation of correspondence to C. Kurtz regarding PNC's request for increased monthly payments | 0.20 | 880.00 | 176.00 |
| 01/06/2025 | RSM | B230 | Preparation of supplement to the cash collateral motion | 0.80 | 880.00 | 704.00 |
| 01/06/2025 | RSM | B230 | Revise revised cash collateral budget | 0.30 | 880.00 | 264.00 |
| 01/07/2025 | JDF | B230 | Drafted the proof of service for the Stipulation to Continue Final Hearing on Cash Coll Motion (0.2); Assembled the final pdf (0.1); E-filed the Stipulation and lodged the Order (0.1) | 0.40 | 0.00 | No Charge |
| 01/07/2025 | MLS | B230 | Prepare proposed stipulation to continue cash collateral hearing. | 0.20 | 600.00 | 120.00 |
| 01/07/2025 | MLS | B230 | Prepare proposed order approving stipulation to continue cash collateral hearing. | 0.20 | 600.00 | 120.00 |
| 01/07/2025 | MLS | B230 | Prepare instructions to J. Fisher regarding cash collateral stipulation and order. | 0.10 | 600.00 | 60.00 |
| 01/07/2025 | MLS | B230 | Review entered order approving stipulation to continue cash collateral hearing. | 0.10 | 600.00 | 60.00 |
| 01/07/2025 | RSM | B230 | Call with R. Sainos regarding the payments to PNC | 0.40 | 880.00 | 352.00 |
| 01/07/2025 | RSM | B230 | Revise stipulation and order to continue the cash collateral hearing | 0.20 | 880.00 | 176.00 |
| 01/07/2025 | RSM | B230 | Revise the cash collateral stipulation | 0.20 | 880.00 | 176.00 |
| 01/07/2025 | RSM | B230 | Review revised cash collateral budget | 0.10 | 880.00 | 88.00 |
| 01/07/2025 | RSM | B230 | Call with A. Puterman regarding the revised budget | 0.10 | 880.00 | 88.00 |
| 01/07/2025 | RSM | B230 | Further revise the cash collateral stipulation with respect to the AR ratio | 0.30 | 880.00 | 264.00 |
| 01/07/2025 | RSM | B230 | Review and respond to R. Sainos regarding the revised collateral package ratio in the cash collateral stipulation | 0.20 | 880.00 | 176.00 |
| 01/08/2025 | JDF | B230 | Updated the calendar for continued hearing on interim and final cash collateral orders. | 0.10 | 0.00 | No Charge |
| 01/08/2025 | RSM | B230 | Call with R. Sainos regarding the cash collateral stipulation | 0.30 | 880.00 | 264.00 |
| 01/08/2025 | RSM | B230 | Call with B. Weiss regarding the cash collateral stipulation | 0.10 | 880.00 | 88.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 01/08/2025 | RSM | B230 | Preparation of correspondence to M. Lubic regarding the remaining issues on the cash collateral stipulation | 0.30 | 880.00 | 264.00 |
| 01/09/2025 | JDF | B230 | Drafted the proof of service for the Supplement to the Cash Collateral Motion and assembled the exhibit to it (0.1); e-filed the Supplement (0.1). | 0.20 | 0.00 | No Charge |
| 01/09/2025 | RSM | B230 | Revise the supplement to the cash collateral motion | 0.70 | 880.00 | 616.00 |
| 01/09/2025 | RSM | B230 | Call with R. Sainos regarding the debt owed to Pino | 0.50 | 880.00 | 440.00 |
| 01/09/2025 | RSM | B230 | Call with A. Puterman regarding revisions to the budget | 0.20 | 880.00 | 176.00 |
| 01/09/2025 | RSM | B230 | Preparation of correspondence to team regarding revision of cash collateral budget | 0.10 | 880.00 | 88.00 |
| 01/10/2025 | RSM | B230 | Call with J. Shinbrot regarding forbearance agreement | 0.30 | 880.00 | 264.00 |
| 01/11/2025 | MLS | B230 | Telephone conference with R. Marticello re cash collateral. | 0.10 | 600.00 | 60.00 |
| 01/11/2025 | RSM | B230 | Call with B. Weiss regarding issues related to cash collateral, operations, and the plan | 0.80 | 880.00 | 704.00 |
| 01/11/2025 | RSM | B230 | Preparation for hearing on cash collateral, review budgets and prepare argument | 1.30 | 880.00 | 1,144.00 |
| 01/11/2025 | RSM | B230 | Review and analysis of issues related to PNC's request for a forbearance and new guaranties and develop plan restructuring terms related thereto | 0.90 | 880.00 | 792.00 |
| 01/13/2025 | RSM | B230 | Call with R. Sainos on selling equipment and cash collateral negotiations | 0.50 | 880.00 | 440.00 |
| 01/13/2025 | RSM | B230 | Call with A. Puterman regarding the collateral package calculation | 0.30 | 880.00 | 264.00 |
| 01/13/2025 | RSM | B230 | Review M. Lubic's further revisions to the cash collateral stipulation | 0.20 | 880.00 | 176.00 |
| 01/13/2025 | RSM | B230 | Preparation of correspondence to B. Weiss and R. Sainos regarding the further revisions to the cash collateral stipulation | 0.30 | 880.00 | 264.00 |
| 01/13/2025 | RSM | B230 | Review further edits from M. Lubic on the cash collateral stipulation | 0.20 | 880.00 | 176.00 |
| 01/13/2025 | RSM | B230 | Revise the cash collateral stipulation | 0.30 | 880.00 | 264.00 |
| 01/13/2025 | RSM | B230 | Preparation for continued cash collateral hearing | 3.30 | 880.00 | 2,904.00 |
| 01/13/2025 | RSM | B230 | Preparation of correspondence to M. Lubic concerning his revisions to the cash collateral stipulation | 0.10 | 880.00 | 88.00 |
| 01/13/2025 | RSM | B230 | Call with B. Weiss regarding the cash collateral stipulation | 0.10 | 880.00 | 88.00 |
| 01/13/2025 | RSM | B230 | Call with R. Sainos regarding the cash collateral stipulation | 0.10 | 880.00 | 88.00 |

| 01/13/2025 | RSM | B230 | Preparation for the cash collateral hearing | 0.40 | 880.00 | 352.00 |
|---|---|---|---|---|---|---|
| 01/14/2025 | MLS | B230 | Attention to cash collateral hearing, stipulation, and orders. | 0.20 | 600.00 | 120.00 |
| 01/14/2025 | MLS | B230 | Prepare order continuing cash collateral hearing and granting cash collateral authority on an interim basis. | 1.00 | 600.00 | 600.00 |
| 01/14/2025 | MLS | B230 | Prepare proposed order approving cash collateral stipulation. | 0.70 | 600.00 | 420.00 |
| 01/14/2025 | RSM | B230 | Call with M. Lubic in advance of the cash collateral hearing | 0.30 | 880.00 | 264.00 |
| 01/14/2025 | RSM | B230 | Review correspondence from M. Lubic regarding the cash collateral stipulation | 0.10 | 880.00 | 88.00 |
| 01/14/2025 | RSM | B230 | Attendance at continued cash collateral hearing | 0.40 | 880.00 | 352.00 |
| 01/14/2025 | RSM | B230 | Review and revise cash collateral order | 0.20 | 880.00 | 176.00 |
| 01/14/2025 | RSM | B230 | Revise cash collateral variance report | 0.20 | 880.00 | 176.00 |
| 01/14/2025 | RSM | B230 | Review final cash collateral stipulation | 0.30 | 880.00 | 264.00 |
| 01/14/2025 | RSM | B230 | Preparation of final cash collateral order | 0.20 | 880.00 | 176.00 |
| 01/15/2025 | JDF | B230 | Lodged the Continuing Use of Cash Collateral with exhibits. | 0.20 | 0.00 | No Charge |
| 01/15/2025 | RSM | B230 | Review and revise the cash collateral order | 0.40 | 880.00 | 352.00 |
| 01/15/2025 | RSM | B230 | Preparation of order approving cash collateral stipulation | 0.50 | 880.00 | 440.00 |
| 01/15/2025 | RSM | B230 | Review revised cash collateral stipulation | 0.20 | 880.00 | 176.00 |
| 01/16/2025 | JDF | B230 | Made a minor edit to the Stipulation Authorizing Use of Cash Collateral (0.1); Drafted the proof of service of the stipulation (0.1); E-filed (0.1). (No charge.2) | 0.30 | 310.00 | 93.00 |
| 01/16/2025 | RSM | B230 | Call with M. Lubic regarding the cash collateral stipulation | 0.30 | 880.00 | 264.00 |
| 01/16/2025 | RSM | B230 | Revise the cash collateral stipulation for filing | 0.20 | 880.00 | 176.00 |
| 01/17/2025 | MLS | B230 | Review entered order granting cash collateral motion and continuing hearing. | 0.10 | 600.00 | 60.00 |
| 01/17/2025 | MLS | B230 | Prepare correspondence to L. Rodriguez regarding financing agreements. | 0.10 | 600.00 | 60.00 |
| 01/20/2025 | RSM | B230 | Preparation of cash collateral order for stipulation | 0.20 | 880.00 | 176.00 |
| 01/20/2025 | RSM | B230 | Preparation for continued hearing on cash collateral | 0.30 | 880.00 | 264.00 |
| 01/21/2025 | RSM | B230 | Attendance at continued cash collateral hearing | 0.20 | 880.00 | 176.00 |
| 01/22/2025 | RSM | B230 | Review and revise the cash collateral order | 0.30 | 880.00 | 264.00 |

| 01/23/2025 | JDF | B230 | Assembled the exhibits with cover sheets to lodge with the Order Granting Interim and Final Orders on the Cash Collateral Motion (0.1); Lodged the proposed order with the exhibits attached (0.1). | 0.20 | 0.00 | No Charge |
|---|---|---|---|---|---|---|
| 01/23/2025 | RSM | B230 | Revise cash collateral order | 0.20 | 880.00 | 176.00 |
| 01/24/2025 | MLS | B230 | Review entered order granting cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 01/26/2025 | RSM | B230 | Review and analyze Altec lease provided by T. Shuck and preparation of memo to B. Weiss regarding whether true or capital lease | 1.30 | 880.00 | 1,144.00 |
| 01/27/2025 | RSM | B230 | Preparation of detailed research memo to respond to Pathward on capital vs. true lease issue | 1.00 | 880.00 | 880.00 |
| 01/27/2025 | RSM | B230 | Revise response to T. Shuck regarding the lease vs. financing issue | 0.60 | 880.00 | 528.00 |
| 01/27/2025 | RSM | B230 | Preparation of response to T. Shuck on the lease vs financing dispute | 0.40 | 880.00 | 352.00 |
| 01/28/2025 | RSM | B230 | Revise response to T. Shuck concerning the lease vs. financing dispute | 0.50 | 880.00 | 440.00 |
| 01/28/2025 | RSM | B230 | Preparation memo regarding leases and whether they are true leases or capital leases | 0.40 | 880.00 | 352.00 |
| 01/30/2025 | RSM | B230 | Preparation of memo to T. Shuck regarding lease vs. capital lease issue | 1.10 | 880.00 | 968.00 |
| 01/30/2025 | RSM | B230 | Call with M. Goldberg regarding Altec payments | 0.20 | 880.00 | 176.00 |
| 01/30/2025 | RSM | B230 | Call with B. Weiss regarding the lease issues | 0.20 | 880.00 | 176.00 |
| 01/30/2025 | RSM | B230 | Preparation correspondence to B. Weiss and R. Sainos regarding the payment requested by Altec | 0.40 | 880.00 | 352.00 |
| 01/30/2025 | RSM | B230 | Review and analyze the budget to actual variance and correspondence to F10 and the Debtor regarding the same | 0.30 | 880.00 | 264.00 |
| 01/31/2025 | RSM | B230 | Review and analyze weekly reporting package for PNC before sending | 0.20 | 880.00 | 176.00 |
| 01/07/2025 | RSM | B235 | Review the November MOR and financial statements | 0.40 | 880.00 | 352.00 |
| 01/08/2025 | JDF | B235 | Organized each supporting document and inserted cover sheets, and assembled to the Monthly Operating Reports for both October and November 2024. | 0.70 | 310.00 | 217.00 |
| 01/08/2025 | MLS | B235 | Review emails from team regarding monthly operating reports and prepare response. | 0.10 | 600.00 | 60.00 |
| 01/08/2025 | MLS | B235 | Exchange emails with C. Kurtz regarding monthly operating reports. | 0.10 | 600.00 | 60.00 |
| 01/09/2025 | JDF | B235 | E-filed the Monthly Operating Reports for October and November. | 0.20 | 310.00 | 62.00 |

EXHIBIT EE

| 01/09/2025 | MLS | B235 | Review and finalize October MORs and prepare instructions to J. Fisher thereon. | 0.40 | 600.00 | 240.00 |
| 01/10/2025 | RSM | B235 | Review PTM profit and loss | 0.20 | 880.00 | 176.00 |
| 01/15/2025 | MLS | B235 | Review correspondence from J. Teeple regarding monthly operating reports and prepare response. | 0.10 | 600.00 | 60.00 |
| 01/15/2025 | RSM | B235 | Review and analysis of the affiliate financials and statements | 0.40 | 880.00 | 352.00 |
| 01/27/2025 | MLS | B235 | Review correspondence from J. Teeple regarding December monthly operating report and prepare response. | 0.10 | 600.00 | 60.00 |
| 01/02/2025 | MLS | B310 | Review proof of claim filed by O'Reilly Automotive Stores Inc. | 0.10 | 600.00 | 60.00 |
| 01/12/2025 | MLS | B310 | Preparation of plan terms | 0.10 | 600.00 | 60.00 |
| 01/12/2025 | MLS | B310 | Review and analysis of proof of claim filed by G. He. | 0.10 | 600.00 | 60.00 |
| 01/31/2025 | SMM | B310 | Draft claims matrix identifying secured, priority, unsecured, and total claims | 2.60 | 495.00 | 1,287.00 |
| 01/08/2025 | MLS | B320 | Review cash on hand exhibit and prepare correspondence to A. Puterman thereon. | 0.30 | 600.00 | 180.00 |
| 01/15/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding liquidation analysis. | 0.10 | 600.00 | 60.00 |
| 01/15/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding litigation claims. | 0.30 | 600.00 | 180.00 |
| 01/15/2025 | RSM | B320 | Review and analysis of the transfer analysis | 0.20 | 880.00 | 176.00 |
| 01/15/2025 | RSM | B320 | Call with A. Puterman regarding the plan projections | 0.30 | 880.00 | 264.00 |
| 01/17/2025 | RSM | B320 | Call with MTS Team and F10 regarding plan projections and current cash flow | 1.00 | 880.00 | 880.00 |
| 01/17/2025 | RSM | B320 | Call with J. Shinbrot and R. Sainos regarding negotiations with PNC | 0.80 | 880.00 | 704.00 |
| 01/18/2025 | RSM | B320 | Review issues related to liquidation analysis | 0.30 | 880.00 | 264.00 |
| 01/24/2025 | RSM | B320 | Review and analysis of issues related to enabling litigants to seek insurance under the plan | 0.30 | 880.00 | 264.00 |
| 01/25/2025 | RSM | B320 | Call with B. Weiss regarding the terms of the plan | 0.70 | 880.00 | 616.00 |
| 01/30/2025 | RSM | B320 | Review and revise memo on all leases for plan treatment | 0.40 | 880.00 | 352.00 |

Sub-total Fees:      $91,335.00

**Expenses**

| | | |
|---|---|---|
| 01/01/2025 | Summitt Reprographics: PRINT, POSTAGE, LABOR HOURS; Inv. #126966 | 945.91 |
| 01/01/2025 | FedEx: 20241224, Delivered ALBACH FINANZ AG - SCHLIERSTRAE 20; Invoice # 234426532 | 62.78 |
| 01/06/2025 | FedEx: 20241224, Delivered Balboa Capital - 575 ANTON BLVD,1080; Invoice # 873170882 | 40.51 |
| 01/06/2025 | FedEx: 20241224, Delivered Linebarger Goggan Blair & Sampson - 4828 Loop Central Drive; Invoice # 873170882 | 23.46 |
| 01/13/2025 | FedEx: 20241224, Delivered Samsara Capital Finance - AZ - 16430 North Scottsdale Road; Invoice # 873771771 | 21.16 |

|  | |
|---|---|
| Sub-total Expenses: | $1,093.82 |
| Total Current Billing: | **$92,428.82** |
| Previous Balance Due: | $116,157.23 |
| **Total Now Due:** | **$208,586.05** |

**Rate Summary**

| | | |
|---|---|---|
| Bambi Clark | 0.40 hours at $465.00/hr | $186.00 |
| Ja'Nita Fisher | 2.90 hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 1.70 hours at $310.00/hr | $527.00 |
| David M. Madden | 0.20 hours at $650.00/hr | $130.00 |
| Robert S. Marticello | 61.80 hours at $880.00/hr | $54,384.00 |
| Stephen M. Mott | 46.40 hours at $495.00/hr | $22,968.00 |
| Michael L. Simon | 21.90 hours at $600.00/hr | $13,140.00 |
| Total hours: | 135.30 | $91,335.00 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
    Wells Fargo Bank, N.A.
    Routing No.: 121000248
    Account No.: 4941981821
    BIC/Swift Code: WFBIUS6S
    Account Title: Raines Feldman Littrell LLP
    Client Name & Invoice #

**Pay by Check via Mail**:
    Raines Feldman Littrell LLP
    PO Box 848574
    Los Angeles, CA 90084-8574



1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 5/12/2025**
**Invoice Number: 133966**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 02/05/2025 | JDF | B110 | Drafted the JF Declaration re Notice and Service of the Motion Incur Debt (0.1); and the Supplemental Proof of Service re Notice of Hearing (0.2); E-filed the Notice of Hearing, Supplemental POS, and Declaration (0.2). | 0.50 | 310.00 | 155.00 |
| 02/10/2025 | RSM | B110 | Call with B. Weiss regarding the liquidation analysis | 0.40 | 880.00 | 352.00 |
| 02/17/2025 | SMM | B110 | Draft 9019 motion re settlement agreement with Union | 2.60 | 495.00 | 1,287.00 |
| 02/18/2025 | MLS | B110 | Prepare draft written consent by board regarding CRO's authority. | 0.60 | 600.00 | 360.00 |
| 02/26/2025 | MLS | B110 | Prepare status report. | 1.50 | 600.00 | 900.00 |
| 02/26/2025 | RSM | B110 | Review and analyze correspondence from Q. Ng regarding the Debtor's DIP accounts and respond | 0.10 | 880.00 | 88.00 |
| 02/26/2025 | RSM | B110 | Call with R. Sainos regarding the OUST's questions related to the DIP account | 0.10 | 880.00 | 88.00 |
| 02/27/2025 | MLS | B110 | Prepare status report. | 1.60 | 600.00 | 960.00 |
| 02/27/2025 | MLS | B110 | Revise chapter 11 status report. | 0.30 | 600.00 | 180.00 |
| 02/27/2025 | RSM | B110 | Review and revise the status report | 0.50 | 880.00 | 440.00 |
| 02/27/2025 | RSM | B110 | Call with Q. Ng regarding the Debtor's bank accounts | 0.10 | 880.00 | 88.00 |
| 02/27/2025 | RSM | B110 | Review and analyze correspondence from R. Mowbray regarding the bidding with SCE and preparation of a response thereto | 0.20 | 880.00 | 176.00 |
| 02/28/2025 | MLS | B110 | Attention to questions from Q. Nguyen regarding cash management. | 1.70 | 600.00 | 1,020.00 |
| 02/28/2025 | RSM | B110 | Preparation correspondence to Q. Ng regarding the Debtor's bank accounts | 0.30 | 880.00 | 264.00 |

| 02/28/2025 | RSM | B110 | Review and analyze Debtor's bank statements | 0.30 | 880.00 | 264.00 |
|---|---|---|---|---|---|---|
| 02/03/2025 | BC | B120 | Research and respond to e-mail regarding schedules and claims analysis | 0.20 | 465.00 | 93.00 |
| 02/04/2025 | MLS | B120 | Review correspondence from C. Kurtz regarding Phoenix and Waterman and prepare response. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | MLS | B120 | Review correspondence from C. Kurtz regarding Dec MOR and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/20/2025 | MLS | B120 | Telephone conference with IAA Title Procurement regarding letter of direction for distribution of insurance proceeds. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | RSM | B130 | Preparation correspondence to K. Hirsch regrading plan discussions and the de minimis value motion | 0.10 | 880.00 | 88.00 |
| 02/07/2025 | MLS | B130 | Review opposition to de minimis asset motion. | 0.10 | 600.00 | 60.00 |
| 02/20/2025 | MLS | B130 | Review and analysis of oppositions to and requests for hearings on de minimis asset sale motion and motion to establish interim compensation procedures, and prepare instructions to staff regarding noticing hearings. | 0.30 | 600.00 | 180.00 |
| 02/24/2025 | JDF | B130 | Drafted the Notice of Hearing on the Motion For Expedited Procedures to Sale De Minimis Assets (0.2) and updated the draft Notice of Hearing on the Motion for Authority to Establish Procedures for Interim Compensation for OCP (0.2); Drafted the Supplemental ZoomGov Notices of Hearing on those Motions (0.2). | 0.60 | 310.00 | 186.00 |
| 02/24/2025 | JDF | B130 | Calendared the hearings for the Motion for Procedures to Sale De Minimus Assets; and the Motion to Extend Exclusivity Periods. | 0.10 | 0.00 | No Charge |
| 02/03/2025 | JDF | B140 | Downloaded and saved the Order Granting MFR for Ronnie Jordan and circulated to the team. | 0.10 | 0.00 | No Charge |
| 02/03/2025 | MLS | B140 | Review entered order granting R. Jordan's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 02/04/2025 | MLS | B140 | Review and analysis of stay relief reply filed by P. Liu. | 0.40 | 600.00 | 240.00 |
| 02/10/2025 | MLS | B140 | Review tentative ruling on P. Liu's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 02/10/2025 | RSM | B140 | Review and analyze pleadings for P. Liu stay relief motion and prepare for hearing | 0.60 | 880.00 | 528.00 |

EXHIBIT EE

| Date | | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 02/11/2025 | RSM | B140 | Call with J. Heck regarding the PG&E Trust settlement | 0.20 | 880.00 | 176.00 |
| 02/11/2025 | RSM | B140 | Attendance at stay relief hearing for P. Liu | 0.40 | 880.00 | 352.00 |
| 02/11/2025 | RSM | B140 | Review and analyze PGE Trust settlement stipulation | 0.20 | 880.00 | 176.00 |
| 02/12/2025 | JDF | B140 | Drafted the Order Granting Motion for Relief NonBankruptcy Forum Filed by Liu. | 0.20 | 310.00 | 62.00 |
| 02/12/2025 | RSM | B140 | Preparation stay relief order for P. Liu motion | 0.10 | 880.00 | 88.00 |
| 02/12/2025 | RSM | B140 | Review and analyze stipulation with PGE trust | 0.10 | 880.00 | 88.00 |
| 02/13/2025 | RSM | B140 | Review and revise stay relief order for P. Liu motion | 0.40 | 880.00 | 352.00 |
| 02/13/2025 | RSM | B140 | Review and revise stipulation with PG&E trust | 0.20 | 880.00 | 176.00 |
| 02/18/2025 | JDF | B140 | Downloaded the Motion for Relief filed by Metcalf-Kunellis (0.1); Calendared the hearing and deadline (0.1). | 0.20 | 0.00 | No Charge |
| 02/18/2025 | MLS | B140 | Review and analysis of motion for relief from stay filed by P. Metcalf-Kunellis. | 0.30 | 600.00 | 180.00 |
| 02/21/2025 | MLS | B140 | Review correspondence from R. Sainos regarding Verizon and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/21/2025 | RSM | B140 | Review and revise stipulation with the PG&E trust | 0.20 | 880.00 | 176.00 |
| 02/24/2025 | MLS | B140 | Review and analysis of motion for relief from stay filed by P. Metcalf-Kunellis. | 0.40 | 600.00 | 240.00 |
| 02/24/2025 | MLS | B140 | Review entered order granting P. Liu's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 02/24/2025 | MLS | B140 | Prepare opposition to motion for relief from stay filed by Pamela Metcalf-Kunellis. | 0.80 | 600.00 | 480.00 |
| 02/25/2025 | JDF | B140 | Drafted the proof of service for the Limited Opposition to the MFR filed by Metcalf-Kunellis (0.1); and E-filed the Limited Opposition (0.1). | 0.20 | 0.00 | No Charge |
| 02/25/2025 | MLS | B140 | Review correspondence from K. Dehoff re Metcalf-Kunellis action. | 0.10 | 600.00 | 60.00 |
| 02/25/2025 | MLS | B140 | Prepare opposition to motion for stay relief filed by P. Metcalf-Kunellis. | 0.70 | 600.00 | 420.00 |
| 02/25/2025 | MLS | B140 | Review correspondence from D. Courteau regarding P. Liu's stay relief order and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/25/2025 | MLS | B140 | Revise and finalize opposition to P. Metcalf-Kunellis stay relief motion. | 0.20 | 600.00 | 120.00 |
| 02/25/2025 | RSM | B140 | Revise opposition to Kunellis stay relief motion | 0.50 | 880.00 | 440.00 |
| 02/28/2025 | MLS | B140 | Attention to motion to approve stipulation and settlement with PG&E Fire Victims trust. | 0.20 | 600.00 | 120.00 |
| 02/28/2025 | SMM | B140 | Draft 9019 motion re stipulation with FVT for relief from stay re settlement agreement | 1.30 | 495.00 | 643.50 |

EXHIBIT EE

| 02/11/2025 | JDF | B150 | Completed the 341(a) Audio Recording Request form (0.1); and emailed the Office of the UST to submit the Request (0.1). | 0.20 | 310.00 | 62.00 |
|---|---|---|---|---|---|---|
| 02/12/2025 | JDF | B150 | Prepared a FedEx Pak for the UST Office Region 16 containing blank CDs and 341(a) Recordings Request Form and copy of urgent email sent to them 2/11/25. | 0.30 | 0.00 | No Charge |
| 02/13/2025 | JDF | B150 | Call with U.S. Trustee's Office to clarify 341(a) meeting recordings request and arranged pick up of CDs. | 0.20 | 310.00 | 62.00 |
| 02/13/2025 | JDF | B150 | Emailed with First Legal to arrange agent to pick up CDs from the UST office. | 0.20 | 0.00 | No Charge |
| 02/13/2025 | MLS | B150 | Review audio file of 341(a) hearing. | 0.60 | 600.00 | 360.00 |
| 02/17/2025 | RSM | B150 | Call with J. Pino regarding his claim | 0.10 | 880.00 | 88.00 |
| 02/24/2025 | RSM | B150 | Call with K. Catanzarite regarding revisiting settlement discussions with R. Jordan | 0.30 | 880.00 | 264.00 |
| 02/25/2025 | MLS | B150 | Review and analysis of 341(a) transcript from echo reporting. | 0.20 | 600.00 | 120.00 |
| | | | | | | |
| 02/11/2025 | JDF | B160 | Downloaded and saved Rodriguez Opposition and Request for Hearing on the Motion for Authority to Establish Interim Compensation for Professionals. | 0.10 | 0.00 | No Charge |
| 02/11/2025 | MLS | B160 | Review and analysis of opposition to motion to establish interim compensation procedures. | 0.10 | 600.00 | 60.00 |
| 02/12/2025 | JDF | B160 | Drafted the Notice of Hearing and the Supplemental Notice of Hearing via ZoomGov Audio and Video regarding the Motion for Authority to Establish Procedures for Interim Compensation for Professionals. | 0.80 | 310.00 | 248.00 |
| 02/24/2025 | JDF | B160 | Drafted proofs of service for the Notices of Hearing on the Motion for Procedures re Interim Compensation and on the Motion De Minimis Assets (0.2); Drafted the proofs of service on the Supplemental ZoomGov Notices related to those Motions (0.2); E-filed all four Notices (0.3). | 0.70 | 0.00 | No Charge |
| 02/24/2025 | JDF | B160 | Calendared the hearing on the Motion For Authority To Establish Procedures For Interim Compensation And Reimbursement Of Expenses of Professionals. | 0.10 | 0.00 | No Charge |
| 02/25/2025 | RSM | B160 | Review and respond to correspondence from Q. Ng regarding the ICP motion | 0.10 | 880.00 | 88.00 |
| 02/28/2025 | SMM | B160 | Revise ICP motion proposed order re UST true redline | 0.20 | 495.00 | 99.00 |

| 02/10/2025 | JDF | B170 | Drafted the Declaration That No Party Requested a Hearing regarding the motion for order authorizing debtor to employ professionals in the ordinary course of business. | 0.20 | 310.00 | 62.00 |
|---|---|---|---|---|---|---|
| 02/10/2025 | MLS | B170 | Review declaration regarding lack of objection to ordinary course professionals motion and proposed order, and prepare instructions to J. Fisher thereon. | 0.30 | 600.00 | 180.00 |
| 02/11/2025 | JDF | B170 | Drafted the Notice of Lodgment of Order re the Motion to Authorize Debtor to Employ Professionals in the Ordinary Course of Business (0.2). E-filed the Declaration That No Party Requested a Hearing on Motion and the Notice of Lodgment, lodged proposed Order (0.2). (No charge.2) | 0.20 | 310.00 | 62.00 |
| 02/11/2025 | MLS | B170 | Telephone conference with courtroom deputy regarding OCP order. | 0.10 | 600.00 | 60.00 |
| 02/12/2025 | MLS | B170 | Review entered order granting ordinary course professionals motion. | 0.10 | 600.00 | 60.00 |
| 02/20/2025 | MLS | B170 | Review entered order vacating order granting motion authorizing employment of professionals utilized in the ordinary course of business. | 0.10 | 600.00 | 60.00 |
| 02/24/2025 | RSM | B170 | Attention to OUST's comments on the OCP motion | 0.20 | 880.00 | 176.00 |
| 02/25/2025 | SMM | B170 | Revise proposed orders and supporting declarations for ICP and OCP motions re UST comments | 1.30 | 495.00 | 643.50 |
| 02/28/2025 | RSM | B170 | Review and revise edits to the ICP order and the OCP order and declaration to address the OUST's comments | 0.40 | 880.00 | 352.00 |
| 02/28/2025 | SMM | B170 | Revise OCP motion proposed order and OCP declaration re UST true redline | 0.30 | 495.00 | 148.50 |
| 02/03/2025 | SMM | B185 | Finalize review and analysis of Altec equipment leases re capital and operating lease research | 0.20 | 495.00 | 99.00 |
| 02/03/2025 | SMM | B185 | Review and analyze BOA equipment leases re capital and operating lease research | 1.80 | 495.00 | 891.00 |
| 02/03/2025 | SMM | B185 | Revise memo identifying capital and operating leases held by debtor re R Marticello comments | 2.10 | 495.00 | 1,039.50 |
| 02/04/2025 | SMM | B185 | Continue to revise memo identifying capital and operating leases held by debtor re R Marticello comments | 1.50 | 495.00 | 742.50 |
| 02/06/2025 | SMM | B185 | Complete revisions to memo identifying capital and operating leases held by debtor re R Marticello comments | 3.60 | 495.00 | 1,782.00 |

EXHIBIT EE

| 02/07/2025 | MLS | B185 | Review correspondence from M. Goldberg and prepare response. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 02/07/2025 | SMM | B185 | Review, analyze, and respond to R Marticello emails re operating and capital lease memo | 0.60 | 495.00 | 297.00 |
| 02/09/2025 | SMM | B185 | Review, analyze, and respond to R Marticello email re Altec and spreadsheets | 1.00 | 495.00 | 495.00 |
| 02/10/2025 | SMM | B185 | Review, analyze, and respond to R Marticello email re Altec and spreadsheets | 0.60 | 495.00 | 297.00 |
| 02/11/2025 | MLS | B185 | Review correspondence from C. Kurtz regarding leases and prepare response. | 0.20 | 600.00 | 120.00 |
| 02/12/2025 | SMM | B185 | Revise memo identifying capital and operating leases held by debtor re second round of revisions | 3.90 | 495.00 | 1,930.50 |
| 02/13/2025 | SMM | B185 | Finalize memo identifying capital and operating leases held by debtor re R Marticello final redline (.5); email B Weiss re same (.1) | 0.60 | 495.00 | 297.00 |
| 02/20/2025 | MLS | B185 | Review correspondence from Altec Capital regarding assignment of leases. | 0.10 | 600.00 | 60.00 |
| 02/21/2025 | MLS | B185 | Review correspondence from A. Puterman regarding certain lease information and prepare response. | 0.20 | 600.00 | 120.00 |
| 02/21/2025 | MLS | B185 | Review correspondence from T. Shuck regarding Pathward contracts and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/21/2025 | SMM | B185 | Identify and analyze BofA leases re VIN numbers (2.6); email A Puterman of Force Ten re same (.1) | 2.80 | 495.00 | 1,386.00 |
| 02/26/2025 | MLS | B185 | Review correspondence from T. Shuck regarding Pathward leases and prepare responses. | 0.20 | 600.00 | 120.00 |
| 02/27/2025 | MLS | B185 | Review correspondence from T. Shuck regarding Pathward leases. | 0.10 | 600.00 | 60.00 |
| 02/28/2025 | MLS | B185 | Review correspondence from T. Shuck regarding Pathward leases. | 0.10 | 600.00 | 60.00 |
| | | | | | | |
| 02/07/2025 | JDF | B190 | Downloaded and saved Rodriguez's Motion to Appoint Chapter 11 Trustee which contained 26 separate attachments on ECF (0.3); and emailed to attorneys (0.1). | 0.40 | 0.00 | No Charge |
| 02/07/2025 | MLS | B190 | Review and analysis of motion to appoint trustee and for substantive consolidation. | 1.30 | 600.00 | 780.00 |
| 02/07/2025 | MLS | B190 | Prepare correspondence to team regarding motion to appoint trustee and for substantive consolidation. | 0.10 | 600.00 | 60.00 |
| 02/07/2025 | RSM | B190 | Review and analyze motion for a trustee and research cited | 1.10 | 880.00 | 968.00 |
| 02/07/2025 | RSM | B190 | Call with B. Weiss regarding the motion for a trustee | 0.40 | 880.00 | 352.00 |

| Date | | | Description | Hours | Rate | Amount |
|------|---|---|-------------|-------|------|--------|
| 02/07/2025 | RSM | B190 | Review and analyze motion for appointment of a trustee | 0.70 | 880.00 | 616.00 |
| 02/08/2025 | MLS | B190 | Telephone conference with R. Marticello regarding trustee and substantive consolidation motion. | 0.30 | 600.00 | 180.00 |
| 02/08/2025 | RSM | B190 | Review Trustee Motion and being drafting opposition | 5.20 | 880.00 | 4,576.00 |
| 02/08/2025 | RSM | B190 | Call with B. Weiss regarding the Trustee Motion | 0.40 | 880.00 | 352.00 |
| 02/08/2025 | RSM | B190 | Further call with B. Weiss regarding the Trustee Motion | 0.20 | 880.00 | 176.00 |
| 02/09/2025 | RSM | B190 | Call with B. Weiss regarding the trustee motion and our response | 0.70 | 880.00 | 616.00 |
| 02/09/2025 | RSM | B190 | Call with B. Weiss regarding implications of substantive consolidation | 0.30 | 880.00 | 264.00 |
| 02/09/2025 | RSM | B190 | Preparation opposition to the trustee motion | 2.20 | 880.00 | 1,936.00 |
| 02/10/2025 | JDF | B190 | Calendared hearing and related deadlines from Rodriguez Motion to Appoint Ch 11 Trustee. | 0.20 | 0.00 | No Charge |
| 02/10/2025 | MLS | B190 | Review and analysis of motion to appoint trustee and for substantive consolidation. | 1.20 | 600.00 | 720.00 |
| 02/10/2025 | MLS | B190 | Prepare opposition to trustee motion. | 1.50 | 600.00 | 900.00 |
| 02/10/2025 | RSM | B190 | Preparation of opposition to the trustee motion | 0.40 | 880.00 | 352.00 |
| 02/10/2025 | RSM | B190 | Call with Q. Ng regarding the trustee motion, the OCP motion, and the ICP motion | 0.40 | 880.00 | 352.00 |
| 02/10/2025 | RSM | B190 | Call with M. Lubic regarding the trustee motion | 0.50 | 880.00 | 440.00 |
| 02/10/2025 | RSM | B190 | 693 | 1.40 | 880.00 | 1,232.00 |
| 02/11/2025 | JDF | B190 | Created and shared a OneDrive folder with Ruben. | 0.10 | 310.00 | 31.00 |
| 02/11/2025 | MLS | B190 | Prepare correspondence to C. Kurtz regarding information for opposition to trustee motion. | 0.20 | 600.00 | 120.00 |
| 02/11/2025 | MLS | B190 | Prepare opposition to motion to appoint trustee and for substantive consolidation. | 5.70 | 600.00 | 3,420.00 |
| 02/11/2025 | RSM | B190 | Call with R. Zur and R. Sainos regarding the trustee motion | 0.60 | 880.00 | 528.00 |
| 02/11/2025 | RSM | B190 | Review board resolution appointing B. Weiss as the CRO | 0.20 | 880.00 | 176.00 |
| 02/11/2025 | RSM | B190 | Preparation opposition to trustee motion | 0.60 | 880.00 | 528.00 |
| 02/12/2025 | MLS | B190 | Zoom meeting with R. Sainos and R. Marticello regarding trustee motion. | 1.70 | 600.00 | 1,020.00 |
| 02/12/2025 | MLS | B190 | Prepare correspondence to R. Sainos regarding information for opposition to trustee information. | 0.20 | 600.00 | 120.00 |

EXHIBIT EE

| 02/12/2025 | MLS | B190 | Telephone conference with R. Zur regarding motion for trustee and substantive consolidation. | 0.80 | 600.00 | 480.00 |
|---|---|---|---|---|---|---|
| 02/12/2025 | MLS | B190 | Prepare opposition to trustee and substantive consolidation motion. | 4.80 | 600.00 | 2,880.00 |
| 02/12/2025 | RSM | B190 | Review correspondence from C. Kurtz regarding Waterman and Phoenix and prepare response. | 0.50 | 880.00 | 440.00 |
| 02/12/2025 | RSM | B190 | Zoom with R. Sainos and M. Simon to discuss response to trustee motion allegations | 1.30 | 880.00 | 1,144.00 |
| 02/12/2025 | RSM | B190 | Call with M. Simon and R. Zur regarding the opposition to the trustee motion | 0.30 | 880.00 | 264.00 |
| 02/12/2025 | RSM | B190 | Preparation opposition to trustee motion | 0.90 | 880.00 | 792.00 |
| 02/13/2025 | MLS | B190 | Review and analysis of master services agreement between Pino and SCE. | 0.30 | 600.00 | 180.00 |
| 02/13/2025 | MLS | B190 | Prepare opposition to trustee and substantive consolidation motion. | 2.10 | 600.00 | 1,260.00 |
| 02/13/2025 | MLS | B190 | Prepare opposition to motion for trustee and substantive consolidation. | 4.10 | 600.00 | 2,460.00 |
| 02/13/2025 | RSM | B190 | Call with R. Zur regarding the trustee motion | 0.40 | 880.00 | 352.00 |
| 02/13/2025 | RSM | B190 | Preparation of opposition to trustee motion | 0.80 | 880.00 | 704.00 |
| 02/14/2025 | MLS | B190 | Prepare opposition to trustee motion. | 5.60 | 600.00 | 3,360.00 |
| 02/14/2025 | MLS | B190 | Prepare R. Sainos declaration in support of opposition to trustee motion. | 0.30 | 600.00 | 180.00 |
| 02/14/2025 | MLS | B190 | Prepare B. Weiss declaration in support of opposition to trustee motion. | 0.30 | 600.00 | 180.00 |
| 02/14/2025 | RSM | B190 | Preparation of opposition to trustee motion | 1.10 | 880.00 | 968.00 |
| 02/14/2025 | RSM | B190 | Call with J. Shinbrot regarding the trustee motion | 0.20 | 880.00 | 176.00 |
| 02/14/2025 | RSM | B190 | Call with M. Lubic regarding allegations in the trustee motion | 0.60 | 880.00 | 528.00 |
| 02/14/2025 | RSM | B190 | Preparation opposition to the trustee motion | 2.10 | 880.00 | 1,848.00 |
| 02/15/2025 | RSM | B190 | Preparation opposition to trustee motion | 4.70 | 880.00 | 4,136.00 |
| 02/15/2025 | RSM | B190 | Call with J. Shinbrot regarding the trustee motion | 0.40 | 880.00 | 352.00 |
| 02/15/2025 | RSM | B190 | Call with B. Weiss regarding the trustee motion | 0.10 | 880.00 | 88.00 |
| 02/15/2025 | RSM | B190 | Further call with J. Shinbrot regarding the trustee motion | 0.10 | 880.00 | 88.00 |
| 02/17/2025 | MLS | B190 | Prepare declaration of R. Sainos in support of opposition to trustee and substantive consolidation motion. | 1.40 | 600.00 | 840.00 |
| 02/17/2025 | MLS | B190 | Prepare opposition to trustee and substantive consolidation motion. | 0.50 | 600.00 | 300.00 |

| 02/17/2025 | MLS | B190 | Prepare declaration of R. Marticello in support of opposition to trustee and substantive consolidation motion. | 0.40 | 600.00 | 240.00 |
|---|---|---|---|---|---|---|
| 02/17/2025 | MLS | B190 | Prepare B. Weiss declaration in support of opposition to trustee and substantive consolidation motion. | 0.80 | 600.00 | 480.00 |
| 02/17/2025 | RSM | B190 | Revise the opposition to the trustee motion | 1.10 | 880.00 | 968.00 |
| 02/17/2025 | RSM | B190 | Call with J. Shinbrot regarding the trustee motion | 0.30 | 880.00 | 264.00 |
| 02/17/2025 | RSM | B190 | Preparation opposition to the trustee motion | 3.40 | 880.00 | 2,992.00 |
| 02/17/2025 | RSM | B190 | Preparation opposition to the trustee motion | 3.10 | 880.00 | 2,728.00 |
| 02/17/2025 | RSM | B190 | Preparation of opposition to the trustee motion | 0.70 | 880.00 | 616.00 |
| 02/18/2025 | MLS | B190 | Review and analysis of files regarding SCE bids (.4) and prepare correspondence to R. Mowbray and R. Sainos thereon (.1). | 0.50 | 600.00 | 300.00 |
| 02/18/2025 | MLS | B190 | Prepare correspondence to C. Kurtz regarding information for opposition to trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 02/18/2025 | MLS | B190 | Review correspondence from R. Mowbray regarding SCE bids. | 0.10 | 600.00 | 60.00 |
| 02/18/2025 | MLS | B190 | Prepare declaration of Richard Mowbray in support of opposition to trustee motion. | 0.50 | 600.00 | 300.00 |
| 02/18/2025 | MLS | B190 | Prepare declaration of R. Mowbray in support of oppositions to trustee and substantive consolidation motion. | 0.40 | 600.00 | 240.00 |
| 02/18/2025 | MLS | B190 | Review and analysis of declaration of J. Pino. | 0.30 | 600.00 | 180.00 |
| 02/18/2025 | MLS | B190 | Prepare exhibits in support of opposition to trustee and substantive consolidation motion. | 0.50 | 600.00 | 300.00 |
| 02/18/2025 | MLS | B190 | Review and analysis of trustee and substantive consolidation motion. | 1.30 | 600.00 | 780.00 |
| 02/18/2025 | MLS | B190 | Review correspondence from C. Kurtz regarding Debtor's post-petition performance. | 0.10 | 600.00 | 60.00 |
| 02/18/2025 | MLS | B190 | Revise draft declaration of Richard Mowbray. | 0.20 | 600.00 | 120.00 |
| 02/18/2025 | MLS | B190 | Revise declaration of Robin Mowbray and written consent. | 0.20 | 600.00 | 120.00 |
| 02/18/2025 | RSM | B190 | Review and revise the exclusivity motion | 0.20 | 880.00 | 176.00 |
| 02/18/2025 | RSM | B190 | Call with B. Weiss regarding the trustee motion | 0.20 | 880.00 | 176.00 |
| 02/18/2025 | RSM | B190 | Preparation opposition to the trustee motion | 1.50 | 880.00 | 1,320.00 |
| 02/18/2025 | RSM | B190 | Review and revise the declarations in support of the opposition to the trustee motion | 1.70 | 880.00 | 1,496.00 |
| 02/18/2025 | RSM | B190 | Preparation opposition to the trustee motion | 2.60 | 880.00 | 2,288.00 |
| 02/18/2025 | RSM | B190 | Call with R. Zur regarding the trustee motion | 0.20 | 880.00 | 176.00 |

| Date | Initials | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 02/18/2025 | RSM | B190 | Preparation opposition to the trustee motion | 2.40 | 880.00 | 2,112.00 |
| 02/18/2025 | RSM | B190 | Review and revise Declaration of R. Mowbray in support of the trustee opposition | 0.40 | 880.00 | 352.00 |
| 02/19/2025 | JDF | B190 | Assembled exhibits to Richard Mowbray's Declaration in preparation for the Opposition. | 0.20 | 310.00 | 62.00 |
| 02/19/2025 | JDF | B190 | Organized exhibit for Robin's Declaration In Support of Opposition to Mtn Appoint Ch 11 Trustee. | 0.10 | 310.00 | 31.00 |
| 02/19/2025 | JDF | B190 | Drafted the proofs of service for various pleadings related to the Opposition to Creditors' Motion Appoint the CH 11 Trustee (0.3); E-filed the five Declarations in Support of Opposition, Opposition, and Evidentiary Objections (0.5). | 0.80 | 0.00 | No Charge |
| 02/19/2025 | MLS | B190 | Revise opposition to trustee and substantive consolidation motion based on C. Kurtz's and R. Saino's comments. | 1.00 | 600.00 | 600.00 |
| 02/19/2025 | MLS | B190 | Review proposed redlines to Robin Mowbray declaration. | 0.20 | 600.00 | 120.00 |
| 02/19/2025 | MLS | B190 | Telephone conference with R. Marticello regarding opposition to trustee and substantive consolidation motion. | 0.30 | 600.00 | 180.00 |
| 02/19/2025 | MLS | B190 | Review draft declaration of J. Pino and prepare correspondence to J. Shinbrot. | 0.20 | 600.00 | 120.00 |
| 02/19/2025 | MLS | B190 | Review Richard Mowbray comments to draft declaration. | 0.20 | 600.00 | 120.00 |
| 02/19/2025 | MLS | B190 | Prepare correspondence to Robin Mowbray regarding declaration in support of trustee opposition. | 0.10 | 600.00 | 60.00 |
| 02/19/2025 | MLS | B190 | Prepare correspondence to Richard Mowbray regarding declaration in support of opposition to trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 02/19/2025 | MLS | B190 | Prepare evidentiary objections to Ronnie Jordan declaration. | 0.70 | 600.00 | 420.00 |
| 02/19/2025 | MLS | B190 | Revise declaration of Robin Mowbray and prepare correspondence to her thereon. | 0.20 | 600.00 | 120.00 |
| 02/19/2025 | MLS | B190 | Revise motion, including completing citations to exhibits. | 3.60 | 600.00 | 2,160.00 |
| 02/19/2025 | MLS | B190 | Review and analysis of opposition to substantive consolidation motion by Bank of Sierra. | 0.20 | 600.00 | 120.00 |
| 02/19/2025 | MLS | B190 | Telephone conference with R. Marticello regarding opposition to trustee and substantive consolidation motion. | 0.20 | 600.00 | 120.00 |
| 02/19/2025 | MLS | B190 | Final revisions to opposition to trustee and substantive consolidation motion. | 1.20 | 600.00 | 720.00 |
| 02/19/2025 | RSM | B190 | Call with R. Sainos regarding information in his declaration | 0.40 | 880.00 | 352.00 |

EXHIBIT EE

| 02/19/2025 | RSM | B190 | Call with B. Weiss regarding the opposition to the trustee motion | 0.10 | 880.00 | 88.00 |
|---|---|---|---|---|---|---|
| 02/19/2025 | RSM | B190 | Preparation opposition to the trustee motion and the declarations in support | 3.80 | 880.00 | 3,344.00 |
| 02/19/2025 | RSM | B190 | Preparation opposition to the trustee motion and the declarations in support | 0.60 | 880.00 | 528.00 |
| 02/19/2025 | RSM | B190 | Preparation opposition to the trustee motion and the declarations in support | 4.20 | 880.00 | 3,696.00 |
| 02/19/2025 | RSM | B190 | Preparation opposition to the trustee motion and the declarations in support | 0.80 | 880.00 | 704.00 |
| 02/20/2025 | JDF | B190 | Downloaded all responses to the Motion to appoint chapter 11 trustee to our database. | 0.20 | 0.00 | No Charge |
| 02/20/2025 | RSM | B190 | Call with R. Zur regarding the Waterman filing | 0.40 | 880.00 | 352.00 |
| 02/25/2025 | JDF | B190 | Drafted the proof of service and assembled the exhibit for the Supplement In Support of the Opp to Motion to Appoint Ch 11 Trustee (0.1); E-filed the Supplement (0.1). | 0.20 | 0.00 | No Charge |
| 02/25/2025 | MLS | B190 | Prepare supplement in support of opposition to trustee and substantive consolidation motion. | 0.50 | 600.00 | 300.00 |
| 02/25/2025 | RSM | B190 | Revise supplement to opposition to trustee motion | 0.10 | 880.00 | 88.00 |
| 02/26/2025 | MLS | B190 | Review correspondence from R. Zur regarding Rodriguez judgment creditors' discovery and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/26/2025 | MLS | B190 | Review and analysis of Judgment Creditors' reply re Pino in support of trustee motion. | 0.50 | 600.00 | 300.00 |
| 02/26/2025 | MLS | B190 | Review and analysis of Judgment Creditors' reply to Debtor's opposition to trustee motion. | 0.70 | 600.00 | 420.00 |
| 02/26/2025 | MLS | B190 | Review and analysis of Judgment Creditors' reply to PTM and MWP opposition to trustee motion. | 0.50 | 600.00 | 300.00 |
| 02/26/2025 | MLS | B190 | Review and analysis of declaration of A. Tiller in support of Judgment Creditors' replies. | 0.10 | 600.00 | 60.00 |
| 02/26/2025 | MLS | B190 | Review and analysis of Judgment Creditors' reply to Bank of Sierra's opposition to substantive consolidation motion. | 0.30 | 600.00 | 180.00 |
| 02/26/2025 | MLS | B190 | Review and analysis of Judgment Creditors' opposition to evidentiary objections to declaration of R. Jordan. | 0.30 | 600.00 | 180.00 |
| 02/26/2025 | MLS | B190 | Prepare correspondence to team regarding judgment creditors' filings regarding trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 02/26/2025 | RSM | B190 | Review and analyze reply in support of the trustee motion | 0.40 | 880.00 | 352.00 |
| 02/27/2025 | MLS | B190 | Review correspondence from R. Mowbray regarding Judgment Creditors' replies re trustee motion. | 0.10 | 600.00 | 60.00 |

| 02/27/2025 | MLS | B190 | Review and analysis of reply filed by PNC Bank in support of Debtor's opposition to trustee and substantive consolidation motion. | 0.30 | 600.00 | 180.00 |
|---|---|---|---|---|---|---|
| 02/27/2025 | RSM | B190 | Call with M. Lubic regarding the Rodriguez plaintiffs reply brief | 0.30 | 880.00 | 264.00 |
| 02/28/2025 | MLS | B190 | Review and analysis of reply papers regarding motion to appoint trustee and for substantive consolidation. | 0.50 | 600.00 | 300.00 |
| 02/28/2025 | MLS | B190 | Review joinder filed by Pathward, N.A. | 0.10 | 600.00 | 60.00 |
| 02/28/2025 | RSM | B190 | Review and analyze reply by the Rodriguez plaintiffs in support of the trustee motion | 0.40 | 880.00 | 352.00 |
| 02/03/2025 | MLS | B210 | Prepare motion for order authorizing debtor to enter into insurance premium financing agreement for commercial auto and inland marine policies. | 1.30 | 600.00 | 780.00 |
| 02/03/2025 | MLS | B210 | Prepare correspondence to A. Haynes regarding insurance premium financing motion. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | MLS | B210 | Review proposed revisions to insurance premium financing motion (.4), further revise (.2), and prepare correspondence to lender thereon (.1). | 0.70 | 600.00 | 420.00 |
| 02/04/2025 | MLS | B210 | Exchange multiple emails with L. Rodriguez and A. Haynes regarding insurance premium financing order. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | MLS | B210 | Prepare application for order shortening time on insurance premium financing motion. | 0.40 | 600.00 | 240.00 |
| 02/04/2025 | MLS | B210 | Prepare declaration of M. Simon in support of Application for Order Shortening Time on insurance premium financing motion. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | MLS | B210 | Prepare proposed order granting application for order shortening time on insurance premium financing motion. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | MLS | B210 | Telephone conference with Rosetta from FIRST regarding proposed form of insurance premium financing motion and order. | 0.20 | 600.00 | 120.00 |
| 02/04/2025 | MLS | B210 | Prepare correspondence to B. Weiss regarding insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 02/04/2025 | MLS | B210 | Prepare application for order shortening time, supporting declaration, and proposed order re insurance premium financing motion. | 0.40 | 600.00 | 240.00 |
| 02/05/2025 | MLS | B210 | Telephonic conference with court staff regarding hearing on shortened notice on insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 02/05/2025 | MLS | B210 | Review entered order setting hearing on shortened notice on insurance premium financing motion and prepare instructions to staff thereon. | 0.20 | 600.00 | 120.00 |

| 02/05/2025 | MLS | B210 | Prepare notice of hearing on insurance premium financing motion. | 0.30 | 600.00 | 180.00 |
| 02/05/2025 | MLS | B210 | Review supplemental proof of service and declaration re service from J. Fisher for insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 02/06/2025 | JDF | B210 | Lodge the proposed Order Granting the Motion for Authority to Incur Debt for Premium Insurance Financing | 0.10 | 0.00 | No Charge |
| 02/06/2025 | MLS | B210 | Review correspondence from C. Kurtz regarding insurance policies and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/06/2025 | MLS | B210 | Appearance at hearing on insurance premium financing motion. | 0.50 | 600.00 | 300.00 |
| 02/06/2025 | MLS | B210 | Prepare proposed order granting insurance premium financing motion. | 0.40 | 600.00 | 240.00 |
| 02/06/2025 | MLS | B210 | Review entered order granting insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 02/06/2025 | MLS | B210 | Prepare correspondence to broker and lender regarding insurance premium financing order. | 0.10 | 600.00 | 60.00 |
| 02/07/2025 | MLS | B210 | Telephone conference with R. Sainos regarding auto insurance. | 0.20 | 600.00 | 120.00 |
| 02/11/2025 | MLS | B210 | Prepare correspondence to insurance lender regarding funding of premium financing agreement. | 0.10 | 600.00 | 60.00 |
| 02/14/2025 | RSM | B210 | Call with B. Weiss regarding rent analysis | 0.10 | 880.00 | 88.00 |
| 02/17/2025 | MLS | B210 | Prepare correspondence to C. Kurtz regarding daily interest sweep on PNC account. | 0.20 | 600.00 | 120.00 |
| 02/25/2025 | MLS | B210 | Attention to disconnection of cell service by Verizon. | 0.20 | 600.00 | 120.00 |
| 02/25/2025 | MLS | B210 | Review correspondence from R. Sainos regarding utility disruption. | 0.10 | 600.00 | 60.00 |
| 02/28/2025 | MLS | B210 | Analysis of post-petition account activity. | 0.30 | 600.00 | 180.00 |
| 02/28/2025 | MLS | B210 | Prepare correspondence to R. Sainos regarding PNC accounts. | 0.10 | 600.00 | 60.00 |
| 02/28/2025 | MLS | B210 | Telephone conference with R. Marticello regarding account sweeps. | 0.10 | 600.00 | 60.00 |
| | | | | | | |
| 02/03/2025 | RSM | B230 | Review and analyze correspondence from R. Sainos with invoice that PNC requested be paid | 0.10 | 880.00 | 88.00 |
| 02/11/2025 | RSM | B230 | Review and revise memo to B. Weiss regarding each lease of the Debtor and whether it is a capital lease or a true lease | 0.70 | 880.00 | 616.00 |
| 02/11/2025 | RSM | B230 | Review weekly reporting to PNC | 0.20 | 880.00 | 176.00 |
| 02/20/2025 | RSM | B230 | Call with M. Lubic regarding extending the plan filing deadline in the cash collateral stipulation | 0.20 | 880.00 | 176.00 |

| 02/21/2025 | RSM | B230 | Preparation correspondence to T. Shuck in response regarding Pathward's demand for a cure | 0.30 | 880.00 | 264.00 |
| 02/26/2025 | RSM | B230 | Review and analyze correspondence from T. Shuck regarding the Pathward agreements and respond thereto | 0.30 | 880.00 | 264.00 |
| 02/28/2025 | RSM | B230 | Review and analyze correspondence from T. Shuck and respond thereto | 0.40 | 880.00 | 352.00 |
| 02/04/2025 | MLS | B235 | Review and finalize periodic report for Pinot. | 0.50 | 600.00 | 300.00 |
| 02/04/2025 | MLS | B235 | Review correspondence from C. Kurtz regarding Waterman and Phoenix and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/04/2025 | MLS | B235 | Prepare correspondence to B. Weiss regarding Pinot periodic report. | 0.10 | 600.00 | 60.00 |
| 02/06/2025 | MLS | B235 | Review correspondence from J. Teeple regarding December monthly operating report and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/17/2025 | MLS | B235 | Review and finalize December monthly operation report. | 0.50 | 600.00 | 300.00 |
| 02/18/2025 | JDF | B235 | E-filed the December 2024 MOR. | 0.10 | 0.00 | No Charge |
| 02/11/2025 | MLS | B310 | Review correspondence from C. Kurtz regarding Bank of America proof of claim and prepare response. | 0.10 | 600.00 | 60.00 |
| 02/14/2025 | SMM | B310 | Continue draft of claims matrix excel spreadsheet | 1.30 | 495.00 | 643.50 |
| 02/17/2025 | MLS | B310 | Attention to voicemail from J. Pino and J. Pino's scheduled claim. | 0.10 | 600.00 | 60.00 |
| 02/20/2025 | MLS | B310 | Telephone conference with IAA Title Procurement regarding requested letter of direction. | 0.20 | 600.00 | 120.00 |
| 02/21/2025 | MLS | B310 | Telephone conference with S. Mott regarding claims matrix. | 0.10 | 600.00 | 60.00 |
| 02/24/2025 | SMM | B310 | Continue draft of claims matrix re organizing proofs of claims filed | 2.00 | 495.00 | 990.00 |
| 02/27/2025 | JDF | B310 | Downloaded Proofs of Claim from ECF (0.5); Reviewed claims and added claim information to the Claims Analysis spreadsheet (2.0) (No charge.5) | 2.00 | 310.00 | 620.00 |
| 02/03/2025 | RSM | B320 | Preparation memo and analysis of all leases of the Debtor regarding whether financing or lease | 0.50 | 880.00 | 440.00 |
| 02/04/2025 | RSM | B320 | Preparation correspondence to M. Goldberg regarding plan discussions | 0.10 | 880.00 | 88.00 |

| 02/07/2025 | RSM | B320 | Review and analyze leases with BOA to determine whether capital leases or true leases | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 02/10/2025 | RSM | B320 | Call with M. Goldberg regarding scheduling a call to discuss the plan | 0.10 | 880.00 | 88.00 |
| 02/10/2025 | RSM | B320 | Review and revise memo to B. Weiss concerning the Debtor's leases for plan treatment | 0.50 | 880.00 | 440.00 |
| 02/11/2025 | RSM | B320 | Call with T. Shuck regarding the Pathward agreements | 0.20 | 880.00 | 176.00 |
| 02/11/2025 | RSM | B320 | Call with M. Goldberg regarding scheduling a call to discuss the plan | 2.30 | 880.00 | 2,024.00 |
| 02/12/2025 | RSM | B320 | Review and revise memo to B. Weiss regarding all leases of the Debtor and whether capital leases or true leases | 0.80 | 880.00 | 704.00 |
| 02/12/2025 | RSM | B320 | Preparation of plan terms | 1.20 | 880.00 | 1,056.00 |
| 02/13/2025 | RSM | B320 | Review and revise memo to B. Weiss regarding the Debtor's leases | 1.00 | 880.00 | 880.00 |
| 02/13/2025 | RSM | B320 | Preparation plan terms | 0.60 | 880.00 | 528.00 |
| 02/13/2025 | RSM | B320 | Review and revise memo to B. Weiss regarding the Debtor's leases for plan treatment | 0.80 | 880.00 | 704.00 |
| 02/13/2025 | SMM | B320 | Draft debtor's first exclusivity extension motion re plan and solicitation | 3.30 | 495.00 | 1,633.50 |
| 02/14/2025 | RSM | B320 | Call with Altec and counsel regarding plan treatment | 0.70 | 880.00 | 616.00 |
| 02/14/2025 | RSM | B320 | Call with B. Weiss regarding plan treatment for Altec | 0.20 | 880.00 | 176.00 |
| 02/14/2025 | RSM | B320 | Call with B. Weiss and K. Hirsch to discuss BOA plan treatment | 0.50 | 880.00 | 440.00 |
| 02/15/2025 | MLS | B320 | Prepare motion to extend exclusivity periods. | 0.80 | 600.00 | 480.00 |
| 02/16/2025 | MLS | B320 | Prepare motion to extend exclusivity periods and declaration of B. Weiss in support. | 2.30 | 600.00 | 1,380.00 |
| 02/17/2025 | MLS | B320 | For exclusivity motion, legal research regarding Bankruptcy Rule 9006 and President's Day. | 0.20 | 600.00 | 120.00 |
| 02/17/2025 | RSM | B320 | Revise the exclusivity motion | 0.70 | 880.00 | 616.00 |
| 02/17/2025 | RSM | B320 | Call with B. Weiss regarding the liquidation analysis | 0.10 | 880.00 | 88.00 |
| 02/17/2025 | SMM | B320 | Continue draft of claims matrix excel spreadsheet | 1.00 | 495.00 | 495.00 |
| 02/18/2025 | JDF | B320 | Drafted the Supplemental Notice of Hearing on the Motion to Extend Exclusivity (0.2); and drafted the proofs of service for the Motion and the regular Notice of Motion (0.2). (No charge.2) | 0.20 | 310.00 | 62.00 |

EXHIBIT EE

| 02/18/2025 | MLS | B320 | Prepare notice of motion to extend exclusivity periods. | 0.30 | 600.00 | 180.00 |
|---|---|---|---|---|---|---|
| 02/18/2025 | MLS | B320 | Revise motion to extend exclusivity periods. | 0.60 | 600.00 | 360.00 |
| 02/18/2025 | MLS | B320 | Prepare correspondence to B. Weiss regarding motion to extend exclusivity periods. | 0.10 | 600.00 | 60.00 |
| 02/18/2025 | MLS | B320 | Review correspondence from R. Sainos regarding exclusivity motion and revise motion thereon. | 0.20 | 600.00 | 120.00 |
| 02/18/2025 | RSM | B320 | Review and revise the exclusivity motion | 0.50 | 880.00 | 440.00 |
| 02/18/2025 | SMM | B320 | Continue draft of claims matrix excel spreadsheet | 1.00 | 495.00 | 495.00 |
| 02/19/2025 | RSM | B320 | Call with B. Weiss regarding the liquidation analysis | 0.10 | 880.00 | 88.00 |
| 02/19/2025 | SMM | B320 | Continue draft of claims matrix excel spreadsheet | 2.60 | 495.00 | 1,287.00 |
| 02/20/2025 | MLS | B320 | Prepare motion to extend deadline in scheduling order | 0.90 | 600.00 | 540.00 |
| 02/20/2025 | MLS | B320 | Prepare proposed order granting motion to extend deadline in scheduling order. | 0.30 | 600.00 | 180.00 |
| 02/20/2025 | MLS | B320 | Prepare disclosure statement. | 1.20 | 600.00 | 720.00 |
| 02/20/2025 | MLS | B320 | Telephone conference with R. Marticello regarding disclosure statement and plan. | 0.10 | 600.00 | 60.00 |
| 02/20/2025 | MLS | B320 | Prepare draft email to M. Lubic regarding extension. | 0.10 | 600.00 | 60.00 |
| 02/20/2025 | RSM | B320 | Call with B. Weiss regarding the liquidation analysis | 0.10 | 880.00 | 88.00 |
| 02/20/2025 | SMM | B320 | Continue draft of claims matrix excel spreadsheet | 3.30 | 495.00 | 1,633.50 |
| 02/21/2025 | JDF | B320 | Drafted the proof of service for the Motion to Extend Deadline in Scheduling Order (0.1); E-filed the Motion and lodged the related Order (0.1). | 0.20 | 0.00 | No Charge |
| 02/21/2025 | MLS | B320 | Revise motion to extend scheduling order deadline and proposed order. | 0.30 | 600.00 | 180.00 |
| 02/21/2025 | MLS | B320 | Review and analysis of draft liquidation analysis. | 0.80 | 600.00 | 480.00 |
| 02/21/2025 | MLS | B320 | Prepare correspondence to A. Puterman regarding rejected leases. | 0.10 | 600.00 | 60.00 |
| 02/21/2025 | MLS | B320 | Prepare disclosure statement. | 1.50 | 600.00 | 900.00 |
| 02/21/2025 | MLS | B320 | Review entered order granting motion to extend scheduling order deadline. | 0.10 | 600.00 | 60.00 |
| 02/21/2025 | RSM | B320 | Revise motion to extend plan filing deadline | 0.70 | 880.00 | 616.00 |
| 02/21/2025 | RSM | B320 | Review and revise liquidation analyses for Mowbray's and Pino | 1.60 | 880.00 | 1,408.00 |
| 02/22/2025 | MLS | B320 | Telephone conference with R. Marticello regarding plan. | 0.20 | 600.00 | 120.00 |

| 02/24/2025 | JDF | B320 | Drafted Amended Notice of Motion to Extend Exclusivity and the Amended Supplemental ZoomGov Notice of Hearing. | 0.30 | 310.00 | 93.00 |
|---|---|---|---|---|---|---|
| 02/24/2025 | JDF | B320 | E-filed the Amended Notices related to the Motion to Extend Exclusivity Periods. | 0.20 | 0.00 | No Charge |
| 02/24/2025 | MLS | B320 | Review and revise amended notices regarding hearing on exclusivity motion. | 0.10 | 600.00 | 60.00 |
| 02/24/2025 | MLS | B320 | Prepare disclosure statement. | 1.40 | 600.00 | 840.00 |
| 02/24/2025 | RSM | B320 | Call with R. Sainos regarding the plan projections and liquidation analysis | 0.60 | 880.00 | 528.00 |
| 02/24/2025 | RSM | B320 | Call with B. Weiss regarding the plan projections and terms | 0.30 | 880.00 | 264.00 |
| 02/24/2025 | RSM | B320 | Preparation plan treatment | 1.00 | 880.00 | 880.00 |
| 02/24/2025 | RSM | B320 | Preparation plan treatment | 2.60 | 880.00 | 2,288.00 |
| 02/24/2025 | SMM | B320 | Email B Weiss and team re proofs of claim filed by secured creditors | 0.10 | 495.00 | 49.50 |
| 02/24/2025 | SMM | B320 | Review, analyze, and respond to email from C Kurtz of Force Ten Partners re identifying capital/operating leases | 0.50 | 495.00 | 247.50 |
| 02/25/2025 | MLS | B320 | Review correspondence from M. Lubic regarding extension of plan filing milestone. | 0.10 | 600.00 | 60.00 |
| 02/25/2025 | MLS | B320 | Prepare disclosure statement. | 0.80 | 600.00 | 480.00 |
| 02/25/2025 | RSM | B320 | Call with B. Weiss regarding the liquidation analysis | 0.10 | 880.00 | 88.00 |
| 02/25/2025 | RSM | B320 | Call with B. Weiss regarding the plan terms for the GUC claims | 0.10 | 880.00 | 88.00 |
| 02/25/2025 | RSM | B320 | Preparation of plan treatment | 2.40 | 880.00 | 2,112.00 |
| 02/26/2025 | RSM | B320 | Review and analyze issues related to the utility contracts as it relates to the liquidation analysis | 0.50 | 880.00 | 440.00 |
| 02/26/2025 | SMM | B320 | Review, analyze, and respond to email from C Kurtz of Force Ten Partners re secured creditor lease documents and identification | 0.10 | 495.00 | 49.50 |
| 02/27/2025 | MLS | B320 | Prepare disclosure statement. | 2.30 | 600.00 | 1,380.00 |
| 02/27/2025 | RSM | B320 | Review and analyze analysis from C. Kurtz regarding alternative potential treatments with Pathward (and the economics related thereto) and preparation correspondence to B. Weiss regarding the same | 0.30 | 880.00 | 264.00 |
| 02/27/2025 | SMM | B320 | Review, analyze, and respond to email from A Puterman of Force Ten Partners re identifying capital or true lease schedule | 0.10 | 495.00 | 49.50 |
| 02/28/2025 | JDF | B320 | Continued to download Proofs of claims, reviewed and added information to Claims Analysis spreadsheet. | 2.50 | 0.00 | No Charge |

| 02/28/2025 | SMM | B320 | Review, analyze, and respond to email from C Kurtz of Force Ten Partners re operating lease analysis re secured creditor leases | 0.20 | 495.00 | 99.00 |
| 02/28/2025 | SMM | B320 | Revise the exclusivity motion | 0.40 | 495.00 | 198.00 |

| | | |
|---|---|---|
| Sub-total Fees: | | $151,415.50 |
| Total Current Billing: | | **$151,415.50** |
| Previous Balance Due: | | $208,586.05 |
| **Total Now Due:** | | **$360,001.55** |

**Rate Summary**

| Bambi Clark | 0.20 hours at $465.00/hr | $93.00 |
|---|---|---|
| Ja'Nita Fisher | 6.90 hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 5.80 hours at $310.00/hr | $1,798.00 |
| Robert S. Marticello | 88.20 hours at $880.00/hr | $77,616.00 |
| Stephen M. Mott | 40.30 hours at $495.00/hr | $19,948.50 |
| Michael L. Simon | 86.60 hours at $600.00/hr | $51,960.00 |
| Total hours: | 228.00 | $151,415.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
Bill.com: <u>https://app.bill.com/p/rainesfeldmanllp</u>
Credit Card: <u>https://secure.lawpay.com/pages/rainesfeldman/operating</u>

**Pay by Wire/ACH:**
      Wells Fargo Bank, N.A.
      Routing No.: 121000248
      Account No.: 4941981821
      BIC/Swift Code: WFBIUS6S
      Account Title: Raines Feldman Littrell LLP
      Client Name & Invoice #

**Pay by Check via Mail**:
      Raines Feldman Littrell LLP
      PO Box 848574
      Los Angeles, CA 90084-8574



<div align="right">

1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

</div>

**Invoice Date: 5/12/2025**
**Invoice Number: 133971**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

**Professional Services**

| | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 03/01/2025 | RSM | B110 | Call with B. Weiss and R. Sainos regarding the rent for MWP and the SCE bidding | 1.00 | 880.00 | 880.00 |
| 03/01/2025 | RSM | B110 | Review and analyze Excel file with bid pricing | 0.30 | 880.00 | 264.00 |
| 03/03/2025 | RSM | B110 | Preparation motion to approve settlement with the Union | 0.20 | 880.00 | 176.00 |
| 03/04/2025 | RSM | B110 | Call with M. Lubic regarding PNC bank accounts | 0.20 | 880.00 | 176.00 |
| 03/04/2025 | RSM | B110 | Review and respond to correspondence from Q. Ng concerning the DIP accounts | 0.10 | 880.00 | 88.00 |
| 03/06/2025 | MLS | B110 | Review and analysis of insider payments. | 1.00 | 600.00 | 600.00 |
| 03/07/2025 | RSM | B110 | Review and revise the motion to approve the compromise with the Union | 0.70 | 880.00 | 616.00 |
| 03/07/2025 | SMM | B110 | Email D Pasternak re finalizing 9019 settlement motion with Union and confirming information | 0.20 | 495.00 | 99.00 |
| 03/10/2025 | SMM | B110 | Complete revised draft of 9019 motion approving settlement agreement with Union re D Pasternak email | 0.10 | 495.00 | 49.50 |
| 03/11/2025 | MLS | B110 | Review correspondence from Q. Ng regarding various matters and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/11/2025 | MLS | B110 | Zoom meeting with B. Weiss, A. Puterman, R. Marticello, J. Teeple and K. Meacham regarding insider payment schedule. | 1.00 | 600.00 | 600.00 |
| 03/12/2025 | RSM | B110 | Preparation for status conference assuming dispute on the order | 0.50 | 880.00 | 440.00 |
| 03/13/2025 | MLS | B110 | Attention to courtroom deputy email regarding rescheduling of March 19th matters and prepare instructions to staff thereon. | 0.10 | 600.00 | 60.00 |
| 03/13/2025 | MLS | B110 | Review and analysis of draft amended SOFA. | 0.30 | 600.00 | 180.00 |

| 03/13/2025 | RSM | B110 | Attendance at status conference | 0.40 | 880.00 | 352.00 |
|---|---|---|---|---|---|---|
| 03/18/2025 | SMM | B110 | Finalize 9019 motion approving settlement agreement with Local Union 47 re filing motion | 0.10 | 495.00 | 49.50 |
| 03/19/2025 | RSM | B110 | Review and revise amended SOFA rider | 0.30 | 880.00 | 264.00 |
| 03/19/2025 | RSM | B110 | Review and analyze revised SOFA riders from Grobstein Teeple with payments during the 1 year and 2 year periods prior to the petition date | 0.40 | 880.00 | 352.00 |
| 03/19/2025 | SMM | B110 | Draft notice of motion re 9019 motion seeking approval of settlement agreement with union employees | 0.80 | 495.00 | 396.00 |
| 03/20/2025 | JDF | B110 | Drafted and finalized the proofs of service for the Motion 9019 With Local Union 47 and Notice of Motion (0.2); Drafted the Notice of Motion (0.3); e-filed (0.2); and updated case calendar with applicable deadlines (0.1). (No charge.5) | 0.30 | 310.00 | 93.00 |
| 03/20/2025 | JDF | B110 | Emailed vendor to serve the Notice of Motion 9019 on approximately 700 creditors. | 0.20 | 0.00 | No Charge |
| 03/20/2025 | MLS | B110 | Prepare list of items for staff to assemble for examiner. | 0.30 | 600.00 | 180.00 |
| 03/20/2025 | RSM | B110 | Review and revise notice of Union settlement motion | 0.20 | 880.00 | 176.00 |
| 03/20/2025 | RSM | B110 | Revise language for the amended SOFA | 0.30 | 880.00 | 264.00 |
| 03/21/2025 | MLS | B110 | Review correspondence from R. Sainos regarding union settlement status and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/25/2025 | MLS | B110 | Review correspondence from A. Cooper at OUST regarding insurance and MORs, and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/25/2025 | MLS | B110 | Review correspondence from A. Cooper regarding general liability coverage and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/11/2025 | MLS | B120 | Review and analysis of Robin Mowbray's schedules and SOFA. | 0.30 | 600.00 | 180.00 |
| 03/07/2025 | MLS | B130 | Attention to replies to oppositions to interim compensation procedures motion and de minimis asset motion. | 0.20 | 600.00 | 120.00 |
| 03/07/2025 | SMM | B130 | Draft reply to Rodriguez and Gomez opposition re de minimis assets motion | 0.20 | 495.00 | 99.00 |
| 03/12/2025 | RSM | B130 | Revise reply in support of sales procedures order | 0.50 | 880.00 | 440.00 |

| 03/13/2025 | MLS | B130 | Review and revise notices regarding rescheduled hearings on exclusivity motion, interim compensation procedures motion, and de minimis asset motion. | 0.20 | 600.00 | 120.00 |
|---|---|---|---|---|---|---|
| 03/17/2025 | RSM | B130 | Preparation for hearings on the sale procedures motion | 0.30 | 880.00 | 264.00 |
| 03/18/2025 | MLS | B130 | Observe hearing on exclusivity motion, motion to approve procedures related to the sale of de minimis assets, and motion to approve interim compensation procedures. | 0.40 | 600.00 | 240.00 |
| 03/18/2025 | RSM | B130 | Review and revise motion to approve sales procedures motion | 0.30 | 880.00 | 264.00 |
| 03/18/2025 | SMM | B130 | Draft proposed order granting de minimis assets motion | 1.20 | 495.00 | 594.00 |
| 03/19/2025 | MLS | B130 | Review and analysis of draft order on de minimis asset sale procedures. | 0.20 | 600.00 | 120.00 |
| 03/19/2025 | RSM | B130 | Preparation de minimis asset sale order | 0.60 | 880.00 | 528.00 |
| 03/20/2025 | JDF | B130 | Lodged multiple Orders; related to the Motion to Grant Procedures for Interim Compensation, Ordinary Course of Business Professionals, and Sale De Minimis (0.3); Prepared Notices of Lodgment of Orders (0.3); and E-filed (0.2). | 0.80 | 0.00 | No Charge |
| 03/20/2025 | RSM | B130 | Review and revise order approving sale procedures motion | 0.20 | 880.00 | 176.00 |
| | | | | | | |
| 03/03/2025 | RSM | B140 | Preparation motion to approve compromise with the PG&E trust | 0.20 | 880.00 | 176.00 |
| 03/03/2025 | SMM | B140 | Continue draft of 9019 motion re stipulation for relief from stay re settlement agreement | 1.50 | 495.00 | 742.50 |
| 03/04/2025 | SMM | B140 | Complete draft of 9019 motion re stipulation for relief from stay re settlement agreement | 1.80 | 495.00 | 891.00 |
| 03/10/2025 | MLS | B140 | Attention to pending stay relief motion by P. Metcalf-Kunellis to proceed with state court action and leave message for state court counsel thereon. | 0.20 | 600.00 | 120.00 |
| 03/10/2025 | MLS | B140 | Telephone conference with G. Ullrich regarding P. Metcalf-Kunellis action (.1) and prepare related correspondence to G. Ullrich thereon (.1) | 0.20 | 600.00 | 120.00 |
| 03/10/2025 | RSM | B140 | Call with L. Rodriguez regarding the insurance available for the Metcalf matter | 0.20 | 880.00 | 176.00 |
| 03/10/2025 | RSM | B140 | Call with E. Pino regarding the Metcalf stay relief hearing | 0.40 | 880.00 | 352.00 |
| 03/10/2025 | RSM | B140 | Review and analyze Metcalf stay relief motion exhibits in preparation for hearing | 0.40 | 880.00 | 352.00 |
| 03/10/2025 | RSM | B140 | Call with M. Kim regarding the insurance for the Metcalf matter | 0.20 | 880.00 | 176.00 |

| 03/11/2025 | MLS | B140 | Review commercial general liability policy and coverage thereunder for state court action. | 0.20 | 600.00 | 120.00 |
|---|---|---|---|---|---|---|
| 03/11/2025 | RSM | B140 | Attendance at Metcalf stay relief motion hearing | 0.30 | 880.00 | 264.00 |
| 03/11/2025 | RSM | B140 | Revise the order on the Metcalf stay relief motion | 0.30 | 880.00 | 264.00 |
| 03/11/2025 | SMM | B140 | Draft order granting relief from stay motion re Pamela Metcalf-Kunellis | 0.40 | 495.00 | 198.00 |
| 03/12/2025 | JDF | B140 | Downloaded the Order Granting the MFR Filed by Metcalf-Kunellis | 0.10 | 310.00 | 31.00 |
| 03/12/2025 | MLS | B140 | Review entered order granting motion for stay relief by P. Metcalf Kunelis. | 0.10 | 600.00 | 60.00 |
| 03/13/2025 | MLS | B140 | Review notice of entry of order granting stay relief by P. Metcalf Kunellis. | 0.10 | 600.00 | 60.00 |
| 03/18/2025 | RSM | B140 | Revise the motion to approve the PGE settlement | 0.40 | 880.00 | 352.00 |
| 03/19/2025 | RSM | B140 | Review and revise motion to approve settlement with FVT | 1.20 | 880.00 | 1,056.00 |
| 03/26/2025 | MLS | B140 | Review correspondence from G. Ullrich regarding automatic stay as to Metcalf-Kunellis action and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/27/2025 | SMM | B140 | Revise draft of motion for approval of settlement agreement and stipulation with FVT | 1.40 | 495.00 | 693.00 |
| 03/27/2025 | SMM | B140 | Research case law re revising draft of motion for approval of settlement agreement and stipulation with FVT | 0.90 | 495.00 | 445.50 |
| | | | | | | |
| 03/17/2025 | RSM | B150 | Call with B. Weiss regarding the ERTC question raised by the Rodriguez counsel | 0.10 | 880.00 | 88.00 |
| 03/19/2025 | RSM | B150 | Preparation correspondence to A. Tiller regarding the professionals fees in the financials and the ERTC | 0.70 | 880.00 | 616.00 |
| 03/19/2025 | RSM | B150 | Review and respond to A. Tiller's questions on the professional fee report | 0.10 | 880.00 | 88.00 |
| 03/28/2025 | MLS | B150 | Telephone conference with R. Zur regarding Mowbray Waterman Property 341(a). | 0.30 | 600.00 | 180.00 |
| | | | | | | |
| 03/07/2025 | SMM | B160 | Draft reply to Rodriguez and Gomez opposition re ICP motion | 1.00 | 495.00 | 495.00 |
| 03/11/2025 | SMM | B160 | Revise draft of reply to Rodriguez and Gomez opposition re ICP motion re UST comments and proposed order | 0.40 | 495.00 | 198.00 |
| 03/12/2025 | MLS | B160 | Prepare reply to opposition to interim compensation procedures motion. | 0.60 | 600.00 | 360.00 |
| 03/12/2025 | MLS | B160 | Revise proposed order granting interim compensation procedures. | 0.20 | 600.00 | 120.00 |

| 03/12/2025 | RSM | B160 | Revise reply in support of ICP motion | 0.60 | 880.00 | 528.00 |
| 03/17/2025 | MLS | B160 | Review tentative rulings for hearing on motions related to exclusivity, interim compensation procedures, and sale of de minimis assets. | 0.10 | 600.00 | 60.00 |
| 03/17/2025 | RSM | B160 | Preparation for hearing on the interim compensation procedures | 0.30 | 880.00 | 264.00 |
| 03/18/2025 | RSM | B160 | Revise order approving ICP motion | 0.10 | 880.00 | 88.00 |
| 03/20/2025 | RSM | B160 | Review and revise the order approving the ICP motion | 0.20 | 880.00 | 176.00 |
| 03/25/2025 | MLS | B160 | Review correspondence from B. Weiss regarding interim compensation procedure order and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/04/2025 | RSM | B170 | Review and respond to correspondence from Q. Ng concerning the OCP and ICP motions | 0.10 | 880.00 | 88.00 |
| 03/04/2025 | SMM | B170 | Email R Marticello re OCP motion proposed order redline changes and UST follow-up comments | 0.50 | 495.00 | 247.50 |
| 03/11/2025 | RSM | B170 | Preparation correspondence to Q. Ng regarding the OCP motion | 0.30 | 880.00 | 264.00 |
| 03/12/2025 | SMM | B170 | Email R Marticello re analyzing UST informal comments re OCP motion proposed order | 0.40 | 495.00 | 198.00 |
| 03/12/2025 | SMM | B170 | Email UST re informal comments re OCP motion proposed order | 0.10 | 495.00 | 49.50 |
| 03/20/2025 | SMM | B170 | Finalize declaration iso ordinary course professional re proposed order granting ordinary course professionals motion | 0.20 | 495.00 | 99.00 |
| 03/01/2025 | MLS | B190 | Review emails from team regarding SCE bids and prepare correspondence to R. Mowbray thereon. | 0.10 | 600.00 | 60.00 |
| 03/01/2025 | RSM | B190 | Review and analyze replies in support of the trustee motion (primarily in response to Debtor), including comparing each allegation concerning the CRO to the transcript cited | 3.30 | 880.00 | 2,904.00 |
| 03/03/2025 | MLS | B190 | Prepare response to joinder filed by Pathward, N.A. | 0.60 | 600.00 | 360.00 |
| 03/03/2025 | MLS | B190 | Prepare supplement to trustee opposition regarding Movants' false allegations. | 0.20 | 600.00 | 120.00 |
| 03/03/2025 | MLS | B190 | Prepare analysis of false allegations by movants in papers in support of motion to appoint a trustee and for substantive consolidation. | 1.30 | 600.00 | 780.00 |
| 03/03/2025 | MLS | B190 | Prepare analysis of false allegations in movants' trustee and substantive consolidation papers. | 1.10 | 600.00 | 660.00 |

| 03/03/2025 | MLS | B190 | Review and analysis of Movants' motion to appoint trustee and for substantive consolidation, and supporting and opposing papers, in preparation for hearing thereon. | 1.20 | 600.00 | 720.00 |
|---|---|---|---|---|---|---|
| 03/03/2025 | MLS | B190 | Zoom meeting with R. Marticello, J. Shinbrot, and R. Zur regarding hearing on motion to appoint trustee and for substantive consolidation. | 0.60 | 600.00 | 360.00 |
| 03/03/2025 | MLS | B190 | Revise and finalize response to Pathward joinder. | 0.30 | 600.00 | 180.00 |
| 03/03/2025 | MLS | B190 | Review correspondence from R. Sainos regarding trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 03/03/2025 | RSM | B190 | Meeting with R. Zur, J. Shinbrot, and M. Simon regarding the replies in support of the trustee motion | 0.80 | 880.00 | 704.00 |
| 03/03/2025 | RSM | B190 | Preparation response to Pathward joinder | 1.30 | 880.00 | 1,144.00 |
| 03/03/2025 | RSM | B190 | Review and analyze replies in support of trustee motion and prepare for hearing thereon | 3.80 | 880.00 | 3,344.00 |
| 03/03/2025 | RSM | B190 | Call with J. Shinbrot regarding the trustee motion | 0.30 | 880.00 | 264.00 |
| 03/04/2025 | JDF | B190 | Printed copies for RSM of all the pleadings we filed in regards to the Opposition to the Motion to Appoint Trustee. | 0.40 | 0.00 | No Charge |
| 03/04/2025 | MLS | B190 | Review tentative ruling on motion to appoint trustee, related legal research, and strategize thereon. | 1.20 | 600.00 | 720.00 |
| 03/04/2025 | RSM | B190 | Call with B. Weiss concerning the Court's tentative ruling on the trustee motion | 0.20 | 880.00 | 176.00 |
| 03/04/2025 | RSM | B190 | Call with R. Sainos concerning the Court's tentative ruling on the trustee motion | 0.20 | 880.00 | 176.00 |
| 03/04/2025 | RSM | B190 | Call with J. Shinbrot concerning the Court's tentative ruling on the trustee motion | 0.20 | 880.00 | 176.00 |
| 03/04/2025 | RSM | B190 | Review and analyze Court's tentative ruling on the trustee motion | 0.50 | 880.00 | 440.00 |
| 03/04/2025 | RSM | B190 | Preparation for hearing on the trustee motion | 3.80 | 880.00 | 3,344.00 |
| 03/04/2025 | RSM | B190 | Preparation for hearing on trustee motion (review records and preparation of arguments) | 1.30 | 880.00 | 1,144.00 |
| 03/04/2025 | RSM | B190 | Preparation for hearing on trustee motion (review records and preparation of arguments) | 2.70 | 880.00 | 2,376.00 |
| 03/05/2025 | MLS | B190 | Appearance at hearing on motion to appoint trustee and substantive consolidation. | 1.80 | 600.00 | 1,080.00 |
| 03/05/2025 | MLS | B190 | Telephone conference with R. Marticello and R. Zur regarding hearing on motion for a trustee and substantive consolidation. | 0.10 | 600.00 | 60.00 |

| Date | Attorney | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 03/05/2025 | MLS | B190 | Telephone conference with R. Marticello regarding hearing on motion to appoint a trustee and for substantive consolidation, and order denying motion. | 0.30 | 600.00 | 180.00 |
| 03/05/2025 | MLS | B190 | Prepare proposed order denying trustee and substantive consolidation motion. | 1.10 | 600.00 | 660.00 |
| 03/05/2025 | MLS | B190 | Review and revise draft proposed order denying trustee and substantive consolidation motion. | 0.20 | 600.00 | 120.00 |
| 03/05/2025 | RSM | B190 | Attendance at trustee motion hearing | 1.80 | 880.00 | 1,584.00 |
| 03/05/2025 | RSM | B190 | Call with B. Weiss regarding the trustee motion hearing | 0.20 | 880.00 | 176.00 |
| 03/05/2025 | RSM | B190 | Call with M. Lubic regarding the trustee motion hearing | 0.50 | 880.00 | 440.00 |
| 03/05/2025 | RSM | B190 | Call with R. Sainos regarding the trustee motion hearing | 0.10 | 880.00 | 88.00 |
| 03/05/2025 | RSM | B190 | Call with R. Zur regarding the trustee motion hearing and potential joint plan terms | 0.50 | 880.00 | 440.00 |
| 03/05/2025 | RSM | B190 | Call with R. Zur regarding the Court's tentative ruling | 0.10 | 880.00 | 88.00 |
| 03/05/2025 | RSM | B190 | Review and revise the order denying the trustee motion | 0.40 | 880.00 | 352.00 |
| 03/06/2025 | MLS | B190 | Review Q. Ng revisions to draft order on trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 03/06/2025 | RSM | B190 | Review and revise examiner order | 0.10 | 880.00 | 88.00 |
| 03/07/2025 | JDF | B190 | Completed the Audio Request Form for the March 5th hearing regarding the Motion to Appoint Chapter 11 Trustee (0.1); and e-filed (0.1). (No charge.1) | 0.10 | 310.00 | 31.00 |
| 03/07/2025 | MLS | B190 | Review correspondence from A. Tiller regarding proposed order denying trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 03/07/2025 | RSM | B190 | Review and analyze correspondence from A. Tiller regarding the examiner order and respond | 0.10 | 880.00 | 88.00 |
| 03/08/2025 | MLS | B190 | Review and analysis of redlined proposed order denying trustee and substantive consolidation motion from A. Tiller and T. Shuck. | 0.20 | 600.00 | 120.00 |
| 03/09/2025 | MLS | B190 | Review proposed order from A. Tiller and T. Shuck and redline proposed order. | 1.20 | 600.00 | 720.00 |
| 03/09/2025 | MLS | B190 | Prepare draft email to A. Tiller and T. Shuck regarding proposed order. | 0.30 | 600.00 | 180.00 |
| 03/10/2025 | MLS | B190 | Prepare redline of draft response email to A. Tiller regarding order denying trustee and substantive consolidation motion. | 0.20 | 600.00 | 120.00 |
| 03/10/2025 | MLS | B190 | Review correspondence from T. Shuck regarding proposed order. | 0.10 | 600.00 | 60.00 |

| 03/10/2025 | MLS | B190 | Review correspondence from A. Tiller regarding form of proposed order. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 03/10/2025 | RSM | B190 | Review and analyze A. Tiller's proposed changes to the examiner order, revise the order in response with comments, and preparation of correspondence to A. Tiller in response | 0.60 | 880.00 | 528.00 |
| 03/10/2025 | RSM | B190 | Review and analyze correspondence from A. Tiller regarding his proposed changes to the order and respond thereto | 0.40 | 880.00 | 352.00 |
| 03/10/2025 | RSM | B190 | Review and analyze T. Shuck's correspondence regarding the examiner order and respond thereto | 0.20 | 880.00 | 176.00 |
| 03/11/2025 | JDF | B190 | Drafted the Notice of Lodgment of Order to Deny the Rodriguez Motion to Appoint a Chapter 11 Trustee, and for UST to Appoint Examiner. | 0.20 | 310.00 | 62.00 |
| 03/11/2025 | MLS | B190 | Strategize regarding form of order on trustee and substantive consolidation motion and discovery issue raised by A. Tiller. | 0.20 | 600.00 | 120.00 |
| 03/11/2025 | MLS | B190 | Revise proposed order on trustee motion and prepare instructions to staff thereon. | 0.20 | 600.00 | 120.00 |
| 03/11/2025 | MLS | B190 | Review audio file of hearing on trustee motion. | 0.30 | 600.00 | 180.00 |
| 03/11/2025 | RSM | B190 | Call with J. Shinbrot regarding the examiner order | 0.20 | 880.00 | 176.00 |
| 03/11/2025 | RSM | B190 | Call with A. Tiller regarding the examiner order disputes and broader settlement discussions | 0.50 | 880.00 | 440.00 |
| 03/11/2025 | RSM | B190 | Call with R. Zur and J. Shinbrot regarding the examiner order | 0.50 | 880.00 | 440.00 |
| 03/11/2025 | RSM | B190 | Review and revise the examiner order to resolve pending disputes with movants | 0.40 | 880.00 | 352.00 |
| 03/12/2025 | JDF | B190 | Drafted the proof of service for the Debtor's Reply to Rodriguez and Gomez's Opposition to the Motion for Insider Compensation Procedures (0.1); Assembled the exhibit and e-filed the Reply (0.1). | 0.20 | 0.00 | No Charge |
| 03/12/2025 | MLS | B190 | Review and analysis of redline of proposed order denying trustee and substantive consolidation motion. | 0.20 | 600.00 | 120.00 |
| 03/12/2025 | MLS | B190 | Review and analysis of new proposed redline from A. Tiller on order denying trustee and substantive consolidation. | 0.40 | 600.00 | 240.00 |
| 03/12/2025 | RSM | B190 | Call with A. Tiller regarding examiner order and related matters | 0.70 | 880.00 | 616.00 |
| 03/12/2025 | RSM | B190 | Call with A. Tiller regarding the further edits to the examiner order | 0.30 | 880.00 | 264.00 |
| 03/12/2025 | RSM | B190 | Call with A. Tiller regarding the revisions to the examiner order and settlement prospects | 0.80 | 880.00 | 704.00 |

| 03/12/2025 | RSM | B190 | Further call with A. Tiller with final changes to the examiner order | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 03/12/2025 | RSM | B190 | Review and analysis further edits to the examiner order | 0.20 | 880.00 | 176.00 |
| 03/12/2025 | RSM | B190 | Preparation response to A. Tiller to the further edits to the examiner order | 0.20 | 880.00 | 176.00 |
| 03/12/2025 | RSM | B190 | Further revise the examiner order based on edits received | 0.20 | 880.00 | 176.00 |
| 03/12/2025 | RSM | B190 | Review and analyze hearing audio on examiner motion based on request from T. Shuck | 0.30 | 880.00 | 264.00 |
| 03/12/2025 | RSM | B190 | Attention to disputes concerning examiner order | 0.30 | 880.00 | 264.00 |
| 03/12/2025 | RSM | B190 | Preparation draft response to T. Shuck concerning his additional requested changes to the examiner order | 0.20 | 880.00 | 176.00 |
| 03/13/2025 | BC | B190 | Finalize and lodge Order Denying Motion to Appoint a Chapter 11 Trustee | 1.00 | 465.00 | 465.00 |
| 03/13/2025 | MLS | B190 | Prepare instructions to B. Clark regarding proposed order denying trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 03/13/2025 | RSM | B190 | Preparation redline of examiner order to circulate and correspondence regarding the same | 0.20 | 880.00 | 176.00 |
| 03/18/2025 | JDF | B190 | Reviewed docket for Notice of Appointment of Examiner. | 0.10 | 0.00 | No Charge |
| 03/18/2025 | JDF | B190 | Created a OneDrive shared folder for RSM. | 0.10 | 0.00 | No Charge |
| 03/18/2025 | MLS | B190 | Review application for order appointing an examiner. | 0.10 | 600.00 | 60.00 |
| 03/18/2025 | MLS | B190 | Review entered order appointing examiner. | 0.10 | 600.00 | 60.00 |
| 03/18/2025 | RSM | B190 | Call with D. Fife regarding the various allegations to be reviewed | 0.50 | 880.00 | 440.00 |
| 03/18/2025 | RSM | B190 | Preparation memo to MTS management team and professionals regarding information to assemble for the examiner by allegation | 0.80 | 880.00 | 704.00 |
| 03/18/2025 | RSM | B190 | Call with B. Weiss regarding assembling information for the examiner | 0.20 | 880.00 | 176.00 |
| 03/18/2025 | RSM | B190 | Review and analyze information provided by B. Weiss concerning the professional fee question from A. Tiller and supporting information | 0.20 | 880.00 | 176.00 |
| 03/18/2025 | RSM | B190 | Review and analyze D. Fife declaration | 0.10 | 880.00 | 88.00 |
| 03/19/2025 | RSM | B190 | Call with B. Weiss regarding the sharing of information with the examiner | 0.10 | 880.00 | 88.00 |
| 03/19/2025 | RSM | B190 | Preparation correspondence to D. Fife regarding initial Zoom with the CRO | 0.10 | 880.00 | 88.00 |

| 03/20/2025 | JDF | B190 | Added case pleadings to the OneDrive shared folder (0.2); and created additional subfolders (0.1). | 0.30 | 0.00 | No Charge |
|---|---|---|---|---|---|---|
| 03/20/2025 | MLS | B190 | Introductory Zoom meeting with B. Weiss, R. Marticello, D. Fife, K. Naylor, and T. Ringstadt. | 2.00 | 600.00 | 1,200.00 |
| 03/20/2025 | MLS | B190 | Telephone conference with B. Weiss and R. Marticello regarding examiner meeting. | 0.10 | 600.00 | 60.00 |
| 03/20/2025 | MLS | B190 | Prepare correspondence to A. Cooper at UST's office regarding insurance policy declarations. | 0.10 | 600.00 | 60.00 |
| 03/20/2025 | RSM | B190 | Zoom with B. Weiss, D. Fife, K. Sue Naylor, and T. Ringstad regarding the allegations by the Rodriguez Plaintiffs | 2.00 | 880.00 | 1,760.00 |
| 03/20/2025 | RSM | B190 | Call with J. Shinbrot regarding examiner investigation and providing information | 0.40 | 880.00 | 352.00 |
| 03/24/2025 | JDF | B190 | Continued organizing shared client file. | 0.10 | 0.00 | No Charge |
| 03/24/2025 | MLS | B190 | Review correspondence from B. Weiss regarding files to share with D. Fife and prepare response. | 0.30 | 600.00 | 180.00 |
| 03/24/2025 | MLS | B190 | Review files for production to examiner. | 0.30 | 600.00 | 180.00 |
| 03/24/2025 | MLS | B190 | Prepare correspondence to examiner and counsel regarding files for investigation and report. | 0.10 | 600.00 | 60.00 |
| 03/24/2025 | RSM | B190 | Call with B. Weiss regarding the examiner's site visit | 0.20 | 880.00 | 176.00 |
| 03/24/2025 | RSM | B190 | Review and analyze correspondence regarding the information to be shared with the examiner and respond with additional information | 0.10 | 880.00 | 88.00 |
| 03/25/2025 | MLS | B190 | Review examiner's requests for documents. | 0.20 | 600.00 | 120.00 |
| 03/26/2025 | MLS | B190 | Zoom meeting with J. Shinbrot and R. Sainos regarding discovery. | 0.40 | 600.00 | 240.00 |
| 03/26/2025 | MLS | B190 | Zoom meeting with R. Sainos regarding examiner and other matters. | 0.30 | 600.00 | 180.00 |
| 03/26/2025 | RSM | B190 | Review and analyze examiner's request for documents | 0.30 | 880.00 | 264.00 |
| 03/27/2025 | MLS | B190 | Telephone conference with R. Marticello regarding examiner requests. | 0.20 | 600.00 | 120.00 |
| 03/14/2025 | MLS | B205 | Prepare correspondence to B. Cleeland regarding post-judgment motions in Rodriguez matter. | 0.10 | 600.00 | 60.00 |
| 03/14/2025 | MLS | B205 | Review and analysis of post-judgment pleadings in Rodriguez matter. | 0.50 | 600.00 | 300.00 |
| 03/20/2025 | MLS | B205 | Review correspondence from K. Jensen regarding judgment creditors' state court filing and prepare response. | 0.20 | 600.00 | 120.00 |

| 03/20/2025 | MLS | B205 | Prepare correspondence to K. Jensen regarding bankruptcy status for state court litigation with judgment creditors. | 0.10 | 600.00 | 60.00 |
| 03/20/2025 | RSM | B205 | Call with K. Jensen regarding the Rodriguez Plaintiffs' allegations in response to the motion for a new trial | 0.20 | 880.00 | 176.00 |
| | | | | | | |
| 03/10/2025 | MLS | B210 | Review correspondence from R. Sainos regarding PNC accounts. | 0.10 | 600.00 | 60.00 |
| 03/11/2025 | RSM | B210 | Call with J. Teeple regarding the employee tax credit question | 0.10 | 880.00 | 88.00 |
| 03/12/2025 | RSM | B210 | Call with B. Weiss regarding the Debtor's prepetition consolidated financials | 0.20 | 880.00 | 176.00 |
| 03/17/2025 | MLS | B210 | Attention to insurance renewals. | 0.10 | 600.00 | 60.00 |
| 03/17/2025 | MLS | B210 | Prepare correspondence to L. Rodriguez regarding declarations for insurance policies for UST. | 0.10 | 600.00 | 60.00 |
| 03/20/2025 | RSM | B210 | Review and analyze correspondence from R. Sainos regarding the equipment | 0.20 | 880.00 | 176.00 |
| 03/21/2025 | SMM | B210 | Research case law re ordinary course of business transactions and standards re leasing equipment | 1.20 | 495.00 | 594.00 |
| 03/24/2025 | MLS | B210 | Review correspondence from R. Sainos regarding insurance premium financing audit and request for payment, analysis thereof, and prepare correspondence thereon to C. Kurtz and B. Weiss. | 0.40 | 600.00 | 240.00 |
| 03/25/2025 | MLS | B210 | Review correspondence from B. Weiss regarding payment of audited amount from insurance premium lender and prepare response. | 0.30 | 600.00 | 180.00 |
| 03/25/2025 | MLS | B210 | Review correspondence from R. Sainos regarding bond bills and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/26/2025 | MLS | B210 | Review correspondence from R. Sainos regarding Altec inspection and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/27/2025 | RSM | B210 | Attention to DIP account sweep | 0.10 | 880.00 | 88.00 |
| 03/31/2025 | MLS | B210 | Review and analysis of request for bond payments. | 0.30 | 600.00 | 180.00 |
| 03/31/2025 | RSM | B210 | Attention to payment of Mowbray's bond obligations | 0.20 | 880.00 | 176.00 |
| | | | | | | |
| 03/03/2025 | MLS | B230 | Review cash flow report. | 0.10 | 600.00 | 60.00 |
| 03/07/2025 | RSM | B230 | Preparation response to correspondence from T. Shuck regarding the Pathward equipment | 0.50 | 880.00 | 440.00 |
| 03/10/2025 | RSM | B230 | Call with R. Zur regarding lease expenses | 0.40 | 880.00 | 352.00 |

| 03/11/2025 | RSM | B230 | Call with R. Sainos regarding the use of the equipment financed with Pathward | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 03/11/2025 | RSM | B230 | Preparation correspondence to T. Shuck regarding the payments to Altec and the use of the Pathward financed equipment | 0.30 | 880.00 | 264.00 |
| 03/12/2025 | RSM | B230 | Call with A. Puterman regarding cash collateral reporting package | 0.10 | 880.00 | 88.00 |
| 03/25/2025 | MLS | B230 | Telephone conference with A. Puterman regarding case status and cash collateral budget. | 0.10 | 600.00 | 60.00 |
| | | | | | | |
| 03/03/2025 | MLS | B235 | Review Debtor's draft January monthly operating report and supporting files. | 0.20 | 600.00 | 120.00 |
| 03/04/2025 | JDF | B235 | E-filed the January 2025 MOR. | 0.20 | 0.00 | No Charge |
| 03/04/2025 | MLS | B235 | Review January monthly operating report. | 0.20 | 600.00 | 120.00 |
| 03/31/2025 | JDF | B235 | Prepared the February MOR for filing. | 0.30 | 310.00 | 93.00 |
| 03/31/2025 | MLS | B235 | Review February monthly operating report. | 0.10 | 600.00 | 60.00 |
| | | | | | | |
| 03/05/2025 | SMM | B310 | Revise draft of 9019 motion approving settlement agreement with Union re R Marticello comments and section 362 research | 2.30 | 495.00 | 1,138.50 |
| 03/05/2025 | SMM | B310 | Continue draft of claims matrix re finalizing proofs of claims for secured creditors, lessors, and state court litigants | 2.10 | 495.00 | 1,039.50 |
| 03/07/2025 | MLS | B310 | Review and analysis of Everest' Insurance's correspondence to Rodriguez Creditors regarding payment demand. | 0.20 | 600.00 | 120.00 |
| 03/07/2025 | RSM | B310 | Review and analyze letter from Everest to Rodriguez's counsel | 0.20 | 880.00 | 176.00 |
| 03/07/2025 | SMM | B310 | Further revise draft of 9019 motion approving settlement agreement with Union re R Marticello redline | 0.40 | 495.00 | 198.00 |
| 03/12/2025 | SMM | B310 | Email B Weiss of Force Ten Partners re review of motion seeking approval of settlement agreement with Local Union 47 | 0.10 | 495.00 | 49.50 |
| 03/17/2025 | MLS | B310 | Review correspondence from P. Wetzel regarding Pathward equipment. | 0.10 | 600.00 | 60.00 |
| 03/21/2025 | MLS | B310 | Review demand from T. Shuck and analysis thereof. | 0.20 | 600.00 | 120.00 |
| 03/24/2025 | MLS | B310 | Review correspondence from A. Puterman regarding insurance claim. | 0.10 | 600.00 | 60.00 |
| 03/31/2025 | MLS | B310 | Review correspondence from R. Sainos regarding G. Menn claim. | 0.10 | 600.00 | 60.00 |

| 03/03/2025 | MLS | B320 | Review and analysis of draft plan projections. | 0.80 | 600.00 | 480.00 |
|---|---|---|---|---|---|---|
| 03/03/2025 | MLS | B320 | Review and analysis of draft liquidation analysis. | 0.60 | 600.00 | 360.00 |
| 03/03/2025 | RSM | B320 | Call with M. Goldberg on status on status of plan projections | 0.20 | 880.00 | 176.00 |
| 03/03/2025 | RSM | B320 | Review and analyze draft plan projections | 0.20 | 880.00 | 176.00 |
| 03/04/2025 | MLS | B320 | Prepare disclosure statement. | 2.70 | 600.00 | 1,620.00 |
| 03/05/2025 | JDF | B320 | Downloaded POCs and added additional claims to the claims analysis spreadsheet. | 0.30 | 310.00 | 93.00 |
| 03/05/2025 | MLS | B320 | Prepare disclosure statement. | 0.70 | 600.00 | 420.00 |
| 03/05/2025 | MLS | B320 | Prepare disclosure statement. | 4.60 | 600.00 | 2,760.00 |
| 03/05/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding Mowbray's liquidation analysis. | 0.10 | 600.00 | 60.00 |
| 03/05/2025 | MLS | B320 | Telephone conference with R. Marticello regarding various plan issues. | 0.30 | 600.00 | 180.00 |
| 03/05/2025 | RSM | B320 | Call with B. Weiss regarding the plan projections | 0.30 | 880.00 | 264.00 |
| 03/05/2025 | RSM | B320 | Review and revise the plan projections and liquidation analysis for MTS and PTS | 2.10 | 880.00 | 1,848.00 |
| 03/05/2025 | RSM | B320 | Review and analyze customer contract termination provisions for the plan projections | 0.90 | 880.00 | 792.00 |
| 03/06/2025 | MLS | B320 | Review correspondence from C. Kurtz and B. Weiss regarding liquidation analysis. | 0.10 | 600.00 | 60.00 |
| 03/06/2025 | MLS | B320 | Strategize with R. Marticello regarding plan terms. | 0.50 | 600.00 | 300.00 |
| 03/06/2025 | MLS | B320 | Prepare disclosure statement, including provisions for treatment of general unsecured claims. | 1.90 | 600.00 | 1,140.00 |
| 03/06/2025 | MLS | B320 | Prepare disclosure statement. | 1.60 | 600.00 | 960.00 |
| 03/06/2025 | MLS | B320 | Zoom meeting with Force Ten and Grobstein Teeple teams regarding insider payment schedule and plan. | 1.00 | 600.00 | 600.00 |
| 03/06/2025 | MLS | B320 | Prepare disclosure statement sections on plan trust. | 1.40 | 600.00 | 840.00 |
| 03/06/2025 | RSM | B320 | Call with J. Teeple, K. Meachem, M. Simon, B. Weiss, and C. Kurtz regarding the insider payment schedule | 1.00 | 880.00 | 880.00 |
| 03/06/2025 | RSM | B320 | Call with B. Weiss regarding the plan terms and the collection of the loans | 0.60 | 880.00 | 528.00 |
| 03/06/2025 | RSM | B320 | Call with R. Zur regarding the treatment of amounts owed to MWP and PTM in the plan | 0.60 | 880.00 | 528.00 |
| 03/06/2025 | RSM | B320 | R. Sainos regarding the insider payment schedule for the plan | 0.20 | 880.00 | 176.00 |
| 03/06/2025 | RSM | B320 | Call with B. Weiss regarding insider payment schedule | 0.20 | 880.00 | 176.00 |

| 03/06/2025 | RSM | B320 | Call with R. Sainos the liquidation analysis | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 03/06/2025 | RSM | B320 | Review and revise the draft insider schedule for the plan | 0.80 | 880.00 | 704.00 |
| 03/06/2025 | RSM | B320 | Preparation of correspondence to F10 and GT teams regarding the draft insider schedule for the plan | 0.20 | 880.00 | 176.00 |
| 03/06/2025 | RSM | B320 | Preparation the disclosure statement and the plan terms, and review and revise the projections | 3.20 | 880.00 | 2,816.00 |
| 03/06/2025 | RSM | B320 | Continued preparation the disclosure statement and the plan terms | 0.40 | 880.00 | 352.00 |
| 03/06/2025 | SMM | B320 | Complete draft of claims matrix re organizing claims, uploading proof of claims pdfs, and reviewing amounts | 3.60 | 495.00 | 1,782.00 |
| 03/07/2025 | MLS | B320 | Prepare disclosure statement sections on means for implementation of the plan. | 2.30 | 600.00 | 1,380.00 |
| 03/07/2025 | RSM | B320 | Call with B. Weiss regarding the information from GT concerning the payments to Phoenix | 0.50 | 880.00 | 440.00 |
| 03/07/2025 | RSM | B320 | Preparation the disclosure statement and plan terms | 3.40 | 880.00 | 2,992.00 |
| 03/08/2025 | MLS | B320 | Prepare disclosure statement. | 0.50 | 600.00 | 300.00 |
| 03/08/2025 | RSM | B320 | Preparation of the disclosure statement | 4.60 | 880.00 | 4,048.00 |
| 03/08/2025 | RSM | B320 | Call with B. Weiss regarding the plan terms | 0.20 | 880.00 | 176.00 |
| 03/08/2025 | RSM | B320 | Further call with B. Weiss regarding the plan terms | 0.20 | 880.00 | 176.00 |
| 03/09/2025 | MLS | B320 | Prepare disclosure statement. | 1.70 | 600.00 | 1,020.00 |
| 03/10/2025 | MLS | B320 | Zoom meeting with R. Marticello, B. Weiss, C. Kurtz and A. Puterman regarding plan projections and liquidation analysis. | 1.20 | 600.00 | 720.00 |
| 03/10/2025 | MLS | B320 | Review draft plan projections and liquidation analysis. | 0.40 | 600.00 | 240.00 |
| 03/10/2025 | MLS | B320 | Review tentative ruling on stay relief motion. | 0.10 | 600.00 | 60.00 |
| 03/10/2025 | MLS | B320 | Prepare disclosure statement. | 1.80 | 600.00 | 1,080.00 |
| 03/10/2025 | MLS | B320 | Prepare disclosure statement. | 2.30 | 600.00 | 1,380.00 |
| 03/10/2025 | RSM | B320 | Zoom with F10 regarding questions and revisions with respect to the liquidation analyses and the plan projections | 1.20 | 880.00 | 1,056.00 |
| 03/10/2025 | RSM | B320 | Preparation of the disclosure statement and plan | 3.40 | 880.00 | 2,992.00 |
| 03/10/2025 | RSM | B320 | Continued preparation of plan and disclosure statement | 2.50 | 880.00 | 2,200.00 |
| 03/11/2025 | MLS | B320 | Prepare disclosure statement. | 2.10 | 600.00 | 1,260.00 |
| 03/11/2025 | MLS | B320 | Review revised draft projections. | 0.40 | 600.00 | 240.00 |

| 03/11/2025 | MLS | B320 | Prepare secured creditor treatment for plan. | 1.30 | 600.00 | 780.00 |
|---|---|---|---|---|---|---|
| 03/11/2025 | MLS | B320 | Prepare disclosure statement. | 1.50 | 600.00 | 900.00 |
| 03/11/2025 | RSM | B320 | Revise the Disclosure Statement | 0.50 | 880.00 | 440.00 |
| 03/11/2025 | RSM | B320 | Call with A. Tiller regarding our plan and various other issues | 1.40 | 880.00 | 1,232.00 |
| 03/11/2025 | RSM | B320 | Zoom with J. Teeple, K. Meachem, B. Weiss, M. Simon, and A. Puterman regarding the insider payment schedule for the plan | 1.00 | 880.00 | 880.00 |
| 03/11/2025 | RSM | B320 | Preparation of the plan and the disclosure statement | 2.10 | 880.00 | 1,848.00 |
| 03/12/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding IRS claim and prepare response. | 0.10 | 600.00 | 60.00 |
| 03/12/2025 | MLS | B320 | Strategize regarding plan terms. | 0.20 | 600.00 | 120.00 |
| 03/12/2025 | MLS | B320 | Review R. Sainos comments to draft disclosure statement. | 0.40 | 600.00 | 240.00 |
| 03/12/2025 | MLS | B320 | Prepare index of exhibits in support of disclosure statement. | 0.30 | 600.00 | 180.00 |
| 03/12/2025 | MLS | B320 | Review and analysis of draft insider payment schedule. | 0.30 | 600.00 | 180.00 |
| 03/12/2025 | MLS | B320 | Revise C. Kurtz's comments to disclosure statement and revise accordingly. | 1.30 | 600.00 | 780.00 |
| 03/12/2025 | MLS | B320 | Prepare overbid procedures. | 0.50 | 600.00 | 300.00 |
| 03/12/2025 | RSM | B320 | Call with R. Sainos regarding the Debtor's 2024 net income for the Disclosure Statement | 0.40 | 880.00 | 352.00 |
| 03/12/2025 | RSM | B320 | Call with M. Lubic regarding the DIP accounts | 0.40 | 880.00 | 352.00 |
| 03/12/2025 | RSM | B320 | Preparation potential plan terms for Pathward to send to T. Shuck | 0.30 | 880.00 | 264.00 |
| 03/12/2025 | RSM | B320 | Preparation of disclosure statement | 3.20 | 880.00 | 2,816.00 |
| 03/13/2025 | MLS | B320 | Prepare disclosure statement background sections. | 0.70 | 600.00 | 420.00 |
| 03/13/2025 | MLS | B320 | Prepare overbid procedures. | 1.40 | 600.00 | 840.00 |
| 03/13/2025 | MLS | B320 | Revise draft secured creditor treatment. | 0.40 | 600.00 | 240.00 |
| 03/13/2025 | MLS | B320 | Prepare claim objection sections for disclosure statement. | 0.40 | 600.00 | 240.00 |
| 03/13/2025 | MLS | B320 | Prepare disclosure statement. | 3.20 | 600.00 | 1,920.00 |
| 03/13/2025 | MLS | B320 | Prepare correspondence to Force 10 team regarding GUC payments. | 0.10 | 600.00 | 60.00 |
| 03/13/2025 | RSM | B320 | Call with C. Kurtz regarding the treatment for the equipment lenders | 0.30 | 880.00 | 264.00 |
| 03/13/2025 | RSM | B320 | Calls with C. Kurtz regarding treatment for various equipment lenders as I prepare such treatment (.2,.2, and.3) | 0.70 | 880.00 | 616.00 |

| 03/13/2025 | RSM | B320 | Further call with C. Kurtz regarding the treatment for BOA | 0.30 | 880.00 | 264.00 |
|---|---|---|---|---|---|---|
| 03/13/2025 | RSM | B320 | Preparation disclosure statement and plan | 0.80 | 880.00 | 704.00 |
| 03/13/2025 | RSM | B320 | Preparation disclosure statement and plan | 2.30 | 880.00 | 2,024.00 |
| 03/13/2025 | RSM | B320 | Revise the liquidation analyses notes | 0.50 | 880.00 | 440.00 |
| 03/13/2025 | RSM | B320 | Review and analyze the insider payment schedule | 0.70 | 880.00 | 616.00 |
| 03/13/2025 | RSM | B320 | Preparation of disclosure statement and plan | 4.10 | 880.00 | 3,608.00 |
| 03/14/2025 | BC | B320 | Revise Plan and Disclosure Statement | 1.50 | 465.00 | 697.50 |
| 03/14/2025 | MLS | B320 | Prepare correspondence to B. Clark regarding disclosure statement. | 0.10 | 600.00 | 60.00 |
| 03/14/2025 | MLS | B320 | Review C. Kurtz's and R. Saino's comments on disclosure statement. | 0.40 | 600.00 | 240.00 |
| 03/14/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding secured creditor treatment language. | 0.10 | 600.00 | 60.00 |
| 03/14/2025 | MLS | B320 | Prepare disclosure statement. | 3.90 | 600.00 | 2,340.00 |
| 03/14/2025 | MLS | B320 | Prepare plan. | 3.40 | 600.00 | 2,040.00 |
| 03/14/2025 | MLS | B320 | Review entered order denying trustee and substantive consolidation motion. | 0.10 | 600.00 | 60.00 |
| 03/14/2025 | RSM | B320 | Review and revise the plan overbid procedures | 0.60 | 880.00 | 528.00 |
| 03/14/2025 | RSM | B320 | Call with B. Weiss and R. Sainos regarding the plan projections | 0.50 | 880.00 | 440.00 |
| 03/14/2025 | RSM | B320 | Review and revise the disclosure statement and plan | 4.60 | 880.00 | 4,048.00 |
| 03/14/2025 | RSM | B320 | Review and revise plan and disclosure statement | 1.70 | 880.00 | 1,496.00 |
| 03/17/2025 | MLS | B320 | Prepare notice of hearing on adequacy of disclosure statement. | 0.40 | 600.00 | 240.00 |
| 03/17/2025 | RSM | B320 | Preparation for hearing on exclusivity motion | 0.40 | 880.00 | 352.00 |
| 03/18/2025 | RSM | B320 | Attendance at hearings on the exclusivity motion, the sales procedures, and the ICP motion | 0.50 | 880.00 | 440.00 |
| 03/18/2025 | RSM | B320 | Call with T. Shuck regarding Pathward's plan treatment | 0.20 | 880.00 | 176.00 |
| 03/19/2025 | RSM | B320 | Call with B. Weiss regarding joint plan with MWP | 0.10 | 880.00 | 88.00 |
| 03/20/2025 | MLS | B320 | Zoom meeting with R. Zur, L. Gans, R. Marticello, B. Weiss, and R. Sainos regarding plan. | 1.00 | 600.00 | 600.00 |
| 03/20/2025 | MLS | B320 | Prepare order granting motion to extend exclusivity periods. | 0.50 | 600.00 | 300.00 |
| 03/20/2025 | MLS | B320 | Review entered order granting exclusivity motion. | 0.10 | 600.00 | 60.00 |

| 03/20/2025 | RSM | B320 | Call with R. Zur, L. Gans, B. Weiss, and R. Sainos regarding potential compromise with MWP in connection with the Debtor's plan | 1.00 | 880.00 | 880.00 |
| 03/20/2025 | RSM | B320 | Review and revise exclusivity order | 0.10 | 880.00 | 88.00 |
| 03/20/2025 | RSM | B320 | Review and analyze correspondence from K. Hirsch regarding BOA's plan treatment | 0.10 | 880.00 | 88.00 |
| 03/22/2025 | RSM | B320 | Preparation correspondence to K. Hirsch regarding adequate protection payments and the plan treatment | 0.40 | 880.00 | 352.00 |

|  | Sub-total Fees: | $152,571.00 |

**Expenses**

| 03/01/2025 | First Legal Network: Pick-Up from: Ronald Reagan Federal Building and; Deliver to: Raines Feldman Littrell/ Ja.Nita; DELIVERY-SPECIAL VEHICLE; Job Date: 02/13/2025; Ctrl No: 17108568; Inv. #10965091 | 106.28 |
| 03/01/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: United States Bankruptcy Court; FILING-FAX/PDF RUSH; Job Date: 02/05/2025; Ctrl No: 17096690; Inv. #10965091 | 116.00 |
| 03/15/2025 | First Legal Network: Pick-Up from: Ronald Reagan Federal Building and; Deliver to: Raines Feldman Littrell/ Ja.Nita; DELIVERY-ASAP VEHICLE; Job Date: 03/10/2025; Ctrl No: 17145085; Inv. #10984642 | 102.67 |
| 03/20/2025 | Summit Reprographics: SCAN, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #127863 | 959.26 |

|  | Sub-total Expenses: | $1,284.21 |

|  | Total Current Billing: | **$153,855.21** |
|  | Previous Balance Due: | $360,001.55 |
|  | **Total Now Due:** | **$513,856.76** |

**Rate Summary**

| Bambi Clark | 2.50 | hours at $465.00/hr | $1,162.50 |
| Ja'Nita Fisher | 2.40 | hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 1.30 | hours at $310.00/hr | $403.00 |
| Robert S. Marticello | 105.50 | hours at $880.00/hr | $92,840.00 |
| Stephen M. Mott | 20.90 | hours at $495.00/hr | $10,345.50 |
| Michael L. Simon | 79.70 | hours at $600.00/hr | $47,820.00 |
| Total hours: | 212.30 | | $152,571.00 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
Bill.com: https://app.bill.com/p/rainesfeldmanllp
Credit Card: https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
     Wells Fargo Bank, N.A.
     Routing No.: 121000248
     Account No.: 4941981821
     BIC/Swift Code: WFBIUS6S
     Account Title: Raines Feldman Littrell LLP
     Client Name & Invoice #

**Pay by Check via Mail**:
     Raines Feldman Littrell LLP
     PO Box 848574
     Los Angeles, CA 90084-8574



1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 5/12/2025**
**Invoice Number: 133972**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| | | | Professional Services | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 04/02/2025 | SMM | B110 | Draft proposed order re granting 9019 motion approving settlement agreement with union | 0.30 | 495.00 | 148.50 |
| 04/03/2025 | RSM | B110 | Review and analyze correspondence from C. Kurtz regarding the Union settlement and respond thereto | 0.10 | 880.00 | 88.00 |
| 04/04/2025 | BC | B110 | Prepare Amended Statement of Financial Affairs | 0.80 | 465.00 | 372.00 |
| 04/04/2025 | RSM | B110 | Review and analyze amended SOFA and revise notes | 0.70 | 880.00 | 616.00 |
| 04/07/2025 | MLS | B110 | Zoom meeting with R. Marticello, R. Zur and J. Shinbrot regarding various case matters. | 0.60 | 600.00 | 360.00 |
| 04/07/2025 | MLS | B110 | Prepare status report. | 1.20 | 600.00 | 720.00 |
| 04/07/2025 | RSM | B110 | Review and analyze and respond to correspondence from B. Weiss regarding the amended SOFA | 0.10 | 880.00 | 88.00 |
| 04/08/2025 | MLS | B110 | Prepare chapter 11 status report. | 0.60 | 600.00 | 360.00 |
| 04/09/2025 | RSM | B110 | Review and revise the status report | 0.80 | 880.00 | 704.00 |
| 04/09/2025 | RSM | B110 | Review and analyze amended SOFA riders | 0.40 | 880.00 | 352.00 |
| 04/09/2025 | RSM | B110 | Review and analyze proposed order to approve the Union settlement | 0.10 | 880.00 | 88.00 |
| 04/10/2025 | RSM | B110 | Revise the status report | 0.90 | 880.00 | 792.00 |
| 04/10/2025 | RSM | B110 | Review and revise the status report | 0.90 | 880.00 | 792.00 |
| 04/10/2025 | RSM | B110 | Final review and revision of status report | 0.30 | 880.00 | 264.00 |
| 04/10/2025 | SMM | B110 | Finalize proposed order re granting 9019 motion approving settlement agreement with union | 0.20 | 495.00 | 99.00 |

| 04/14/2025 | JDF | B110 | Prepared the proof of service for the Declaration Regarding Nonopposition to the Motion 9019 Settlement with Local Union 47 (0.1); and Lodged proposed Order and e-filed the Declaration (0.1). | 0.20 | 0.00 | No Charge |
|---|---|---|---|---|---|---|
| 04/14/2025 | RSM | B110 | Review and revise order granting Union settlement | 0.20 | 880.00 | 176.00 |
| 04/16/2025 | RSM | B110 | Review and revise amended SOFA rider | 0.10 | 880.00 | 88.00 |
| 04/16/2025 | RSM | B110 | Respond to correspondence from D. Pasternak regarding settlement payments to the Union | 0.10 | 880.00 | 88.00 |
| 04/18/2025 | BC | B110 | E-file Amended Statement of Financial Affairs | 0.20 | 0.00 | No Charge |
| 04/23/2025 | MLS | B110 | Review correspondence from A. Cooper regarding workers compensation policy and prepare response. | 0.10 | 600.00 | 60.00 |
| 04/23/2025 | RSM | B110 | Preparation for status conference | 1.20 | 880.00 | 1,056.00 |
| 04/24/2025 | RSM | B110 | Attendance at status conference | 0.30 | 880.00 | 264.00 |
| 04/24/2025 | RSM | B110 | Call with B. Weiss regarding the status conference | 0.10 | 880.00 | 88.00 |
| | | | | | | |
| 04/02/2025 | MLS | B120 | Review correspondence from A. Tiller regarding Mowbray's Waterman Property. | 0.10 | 600.00 | 60.00 |
| 04/18/2025 | MLS | B120 | Telephone conference with IAA Title Procurement regarding vehicle loss. | 0.20 | 600.00 | 120.00 |
| 04/18/2025 | MLS | B120 | Prepare correspondence to S. Brown at IAA title procurement regarding vehicle loss. | 0.10 | 600.00 | 60.00 |
| 04/28/2025 | MLS | B120 | Review correspondence from IAA Title Procurement regarding payout of 2020 Chevy Colorado and prepare response. | 0.20 | 600.00 | 120.00 |
| 04/29/2025 | MLS | B120 | Review correspondence from IAA Title procurement regarding 2020 Chevy Colorado. | 0.10 | 600.00 | 60.00 |
| 04/29/2025 | MLS | B120 | Prepare correspondence to A. Ramirez at Mowbray's regarding 2020 Chevy Colorado. | 0.10 | 600.00 | 60.00 |
| 04/29/2025 | MLS | B120 | Review correspondence from A. Ramirez regarding 2020 Chevy Colorado. | 0.10 | 600.00 | 60.00 |
| 04/30/2025 | RSM | B120 | Review and analyze issues related to Rodriguez plaintiff's request for an assignment of claim against insurer | 0.80 | 880.00 | 704.00 |
| | | | | | | |
| 04/01/2025 | MLS | B130 | Review entered order granting motion for an order approving expedited procedures for the sale of de minimis assets. | 0.10 | 600.00 | 60.00 |
| 04/21/2025 | SMM | B130 | Draft first notice of intent to sell asset re order granting de minimis assets motion | 0.90 | 495.00 | 445.50 |
| 04/23/2025 | RSM | B130 | Review and revise sale notice | 0.20 | 880.00 | 176.00 |

| 04/02/2025 | RSM | B140 | Review and revise motion to approve settlement with PGE trust | 0.30 | 880.00 | 264.00 |
| 04/02/2025 | SMM | B140 | Finalize draft of 9019 motion approving settlement agreement and stipulation for relief from stay | 1.00 | 495.00 | 495.00 |
| 04/03/2025 | SMM | B140 | Draft notice of motion re motion seeking approval of settlement agreement and stipulation for relief from stay | 0.90 | 495.00 | 445.50 |
| 04/04/2025 | MLS | B140 | Review and analysis of state court order and revised stipulation for stay relief regarding PG&E Fire Victims Trust | 0.20 | 600.00 | 120.00 |
| 04/04/2025 | SMM | B140 | Revise stipulation with FVT for relief from stay re FVT comments re motion to approve settlement and stipulation | 0.20 | 495.00 | 99.00 |
| 04/04/2025 | SMM | B140 | Email B Weiss of Force Ten Partners re finalizing motion to approve settlement agreement and stipulation with FVT | 0.20 | 495.00 | 99.00 |
| 04/08/2025 | SMM | B140 | Review and finalize motion to approve settlement agreement and stipulation for relief from stay with the FVT re FVT comments to motion | 0.30 | 495.00 | 148.50 |
| 04/09/2025 | SMM | B140 | Email J Fisher re filing and finalizing motion to approve settlement agreement and stipulation with FVT | 0.10 | 495.00 | 49.50 |
| 04/11/2025 | SMM | B140 | Revise draft of supplemental proof of service re notice of motion approving settlement agreement and stipulation for relief from stay | 0.10 | 495.00 | 49.50 |
| 04/15/2025 | JDF | B140 | E-filed the Supplemental Proof of Service of the Notice of Motion 9019 Settlement With PG&E Fire Victims Trust. | 0.10 | 0.00 | No Charge |
| 04/16/2025 | MLS | B140 | Preliminary review and analysis of Pathward's motion for relief from the automatic stay. | 0.30 | 600.00 | 180.00 |
| 04/17/2025 | MLS | B140 | Review and analysis of Pathward motion for relief from stay and related relief. | 0.50 | 600.00 | 300.00 |
| 04/17/2025 | RSM | B140 | Preparation of opposition to Pathward's motion | 2.40 | 880.00 | 2,112.00 |
| 04/17/2025 | RSM | B140 | Call with R. Sainos regarding Pathward's motion | 0.20 | 880.00 | 176.00 |
| 04/17/2025 | RSM | B140 | Preparation opposition to Pathward motion | 3.40 | 880.00 | 2,992.00 |
| 04/17/2025 | SMM | B140 | Review and analyze Pathway motion re preparation for opposition | 1.30 | 495.00 | 643.50 |
| 04/17/2025 | SMM | B140 | Call with R Marticello re preparation/strategy for opposing pathway motion | 0.30 | 495.00 | 148.50 |
| 04/17/2025 | SMM | B140 | Draft opposition to Pathward's motion for relief from stay re ordinary course transaction research and argument | 1.20 | 495.00 | 594.00 |
| 04/18/2025 | RSM | B140 | Preparation opposition to Pathward motion | 3.70 | 880.00 | 3,256.00 |

| 04/18/2025 | SMM | B140 | Call with R Marticello and R Mowbray re opposition to relief from stay motion from Pathward | 0.20 | 495.00 | 99.00 |
|---|---|---|---|---|---|---|
| 04/18/2025 | SMM | B140 | Continue draft of opposition to Pathward's motion for relief from stay re ordinary course transaction research and argument | 2.10 | 495.00 | 1,039.50 |
| 04/19/2025 | RSM | B140 | Preparation opposition to Pathward motion | 2.80 | 880.00 | 2,464.00 |
| 04/21/2025 | RSM | B140 | Preparation opposition to Pathward motion | 1.10 | 880.00 | 968.00 |
| 04/21/2025 | RSM | B140 | Preparation opposition to Pathward motion | 2.40 | 880.00 | 2,112.00 |
| 04/21/2025 | SMM | B140 | Email J Heck (debtor's state court counsel) re status and process of FVT settlement motion | 0.10 | 495.00 | 49.50 |
| 04/21/2025 | SMM | B140 | Continue draft of opposition to Pathward's motion for relief from stay re research agreement modifications | 2.40 | 495.00 | 1,188.00 |
| 04/22/2025 | RSM | B140 | Preparation opposition to Pathward motion | 2.30 | 880.00 | 2,024.00 |
| 04/22/2025 | RSM | B140 | Preparation opposition to Pathward motion | 2.80 | 880.00 | 2,464.00 |
| 04/22/2025 | SMM | B140 | Continue draft of opposition to Pathward's motion for relief from stay re ordinary course and loan agreement analysis | 3.10 | 495.00 | 1,534.50 |
| 04/23/2025 | RSM | B140 | Preparation opposition to Pathward's motion | 1.90 | 880.00 | 1,672.00 |
| 04/23/2025 | RSM | B140 | Preparation opposition to Pathward motion | 0.50 | 880.00 | 440.00 |
| 04/23/2025 | SMM | B140 | Continue draft of opposition to Pathward's motion for relief from stay re finalize argument sections re ordinary course and loan agreement | 2.50 | 495.00 | 1,237.50 |
| 04/24/2025 | RSM | B140 | Preparation of opposition to Pathward motion | 2.30 | 880.00 | 2,024.00 |
| 04/24/2025 | SMM | B140 | Continue draft of opposition to Pathward's motion for relief from stay re finalize argument sections, review and compare drafts and debtor information | 3.60 | 495.00 | 1,782.00 |
| 04/25/2025 | RSM | B140 | Preparation opposition to Pathward motion (ordinary courses tests) | 2.80 | 880.00 | 2,464.00 |
| 04/25/2025 | RSM | B140 | Preparation opposition to Pathward motion (ordinary course tests) | 3.30 | 880.00 | 2,904.00 |
| 04/25/2025 | SMM | B140 | Draft declaration of R Mowbray iso opposition to Pathward's motion | 1.40 | 495.00 | 693.00 |
| 04/25/2025 | SMM | B140 | Draft declaration of R Sainos iso opposition to Pathward's motion | 1.10 | 495.00 | 544.50 |
| 04/26/2025 | RSM | B140 | Preparation opposition to Pathward motion | 3.80 | 880.00 | 3,344.00 |
| 04/26/2025 | SMM | B140 | Draft declaration of R. Marticello iso opposition to Pathward's motion | 0.40 | 495.00 | 198.00 |
| 04/27/2025 | SMM | B140 | Draft declaration of B Weiss iso opposition to Pathward's motion | 0.80 | 495.00 | 396.00 |

EXHIBIT EE

| 04/27/2025 | SMM | B140 | Continue draft of declaration of R Mowbray iso opposition to Pathward's motion re revise to align with updated draft of opposition | 0.10 | 495.00 | 49.50 |
|---|---|---|---|---|---|---|
| 04/27/2025 | SMM | B140 | Continue draft of declaration of R Sainos iso opposition to Pathward's motion re revise to align with updated draft of opposition | 1.10 | 495.00 | 544.50 |
| 04/27/2025 | SMM | B140 | Review and analyze updated draft of opposition to Pathward's motion re research case law for argument sections | 0.70 | 495.00 | 346.50 |
| 04/28/2025 | MLS | B140 | Review and analysis of Pathward's motion for stay relief and various forms of alternative relief, including supporting declarations and exhibits. | 0.80 | 600.00 | 480.00 |
| 04/28/2025 | MLS | B140 | Review and revise opposition to Pathward motion for stay relief and other requests for relief. | 1.40 | 600.00 | 840.00 |
| 04/28/2025 | RSM | B140 | Call with B. Weiss regarding the opposition to Pathward's motion | 0.20 | 880.00 | 176.00 |
| 04/28/2025 | RSM | B140 | Review and revise opposition to Pathward's motion | 2.60 | 880.00 | 2,288.00 |
| 04/28/2025 | RSM | B140 | Review and revise declarations in support of the opposition to Pathward's motion | 2.10 | 880.00 | 1,848.00 |
| 04/28/2025 | RSM | B140 | Review and revise the opposition to Pathward's motion based on B. Weiss's comments | 0.40 | 880.00 | 352.00 |
| 04/28/2025 | SMM | B140 | Analyze insurance coverage for leases re opposition to Pathward's motion on various forms of relief | 0.40 | 495.00 | 198.00 |
| 04/28/2025 | SMM | B140 | Research court authority and discretion re stay relief re opposition to Pathward's motion for various forms of relief | 1.00 | 495.00 | 495.00 |
| 04/29/2025 | MLS | B140 | Review correspondence from C. Kurtz regarding declaration in support of opposition to Pathward's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 04/29/2025 | MLS | B140 | Review audio file of hearing on motion to appoint trustee for opposition to Pathward's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 04/29/2025 | RSM | B140 | Call with R. Sainos regarding Pathward's motion and our opposition thereto | 0.60 | 880.00 | 528.00 |
| 04/29/2025 | RSM | B140 | Call with C. Kurtz regarding his declaration in support of the opposition to Pathward's motion | 0.30 | 880.00 | 264.00 |
| 04/29/2025 | RSM | B140 | Review and revise opposition to Pathward's motion and declarations in support | 2.60 | 880.00 | 2,288.00 |
| 04/29/2025 | RSM | B140 | Review and revise opposition to Pathward' s motion | 0.60 | 880.00 | 528.00 |
| 04/29/2025 | SMM | B140 | Review and finalize opposition to Pathward motion re argument sections, supporting declarations, case law, exhibits | 1.50 | 495.00 | 742.50 |

| 04/30/2025 | RSM | B150 | Call with A. Tiller regarding potential settlement | 0.60 | 880.00 | 528.00 |
|---|---|---|---|---|---|---|
| 04/01/2025 | MLS | B160 | Review entered order granting motion for order establishing interim compensation procedures. | 0.10 | 600.00 | 60.00 |
| 04/03/2025 | MLS | B160 | Attention to Force 10 staffing reports. | 0.10 | 600.00 | 60.00 |
| 04/14/2025 | RSM | B160 | Attention to noticing fee applications | 0.10 | 880.00 | 88.00 |
| 04/15/2025 | MLS | B160 | Review and analysis of Force 10 fee statements. | 0.20 | 600.00 | 120.00 |
| 04/15/2025 | RSM | B160 | Review and analyze F10 staffing report and invoices | 0.20 | 880.00 | 176.00 |
| 04/15/2025 | SMM | B160 | Draft notice to professionals re hearing date on first interim fee applications | 0.80 | 495.00 | 396.00 |
| 04/15/2025 | SMM | B160 | Draft Force Ten's notice of second monthly staffing report re reviewing reports and applicable procedures re notice | 1.70 | 495.00 | 841.50 |
| 04/16/2025 | RSM | B160 | Review and revise notice of fee hearing | 0.20 | 880.00 | 176.00 |
| 04/16/2025 | RSM | B160 | Review and revise notice of F10 monthly reports | 0.20 | 880.00 | 176.00 |
| 04/17/2025 | RSM | B160 | Review and analyze second notice of F10 staffing reports | 0.10 | 880.00 | 88.00 |
| 04/17/2025 | RSM | B160 | Review and analyze notice to professionals regarding fee hearing | 0.10 | 880.00 | 88.00 |
| 04/17/2025 | SMM | B160 | Finalize notice to professionals re hearing date on first interim fee applications | 0.60 | 495.00 | 297.00 |
| 04/17/2025 | SMM | B160 | Finalize Force Ten second notice of monthly staffing report | 0.10 | 495.00 | 49.50 |
| 04/21/2025 | MLS | B160 | Review correspondence from C. Kurtz regarding professionals' fees and prepare response. | 0.30 | 600.00 | 180.00 |
| 04/21/2025 | RSM | B160 | Review and analyze and respond to R. Sainos regarding payment of F10 fees | 0.10 | 880.00 | 88.00 |
| 04/29/2025 | BC | B160 | Review time in WIP (December - April) in preparation of First Interim Fee Application | 2.00 | 465.00 | 930.00 |
| 04/29/2025 | BC | B160 | Begin preparation of First Interim Fee Application | 1.00 | 465.00 | 465.00 |
| 04/29/2025 | MLS | B160 | Attention to interim fee application and prepare correspondence to B. Clark regarding preparation of application. | 0.20 | 600.00 | 120.00 |
| 04/29/2025 | MLS | B160 | Review pre-bill and categorize entries in accordance with UST Guidelines. | 1.60 | 600.00 | 960.00 |
| 04/08/2025 | MLS | B170 | Review examiner's application to employ Ringstad & Sanders LLP | 0.20 | 600.00 | 120.00 |

| 04/16/2025 | MLS | B170 | Review entered order granting motion for entry of an order authorizing debtor to employ professionals in the ordinary course. | 0.10 | 600.00 | 60.00 |
| 04/16/2025 | RSM | B185 | Review and analyze motion by Pathward for assumption | 1.70 | 880.00 | 1,496.00 |
| 04/16/2025 | RSM | B185 | Start preparation of opposition to Pathward motion | 0.50 | 880.00 | 440.00 |
| 04/02/2025 | MLS | B190 | Review and analysis of files for Examiner's request. | 1.70 | 600.00 | 1,020.00 |
| 04/03/2025 | MLS | B190 | Review files related to Pino stock purchase. | 0.30 | 600.00 | 180.00 |
| 04/03/2025 | RSM | B190 | Review documents to produce to examiner | 1.80 | 880.00 | 1,584.00 |
| 04/03/2025 | RSM | B190 | Preparation correspondence to T. Ringstad with examiner production | 0.20 | 880.00 | 176.00 |
| 04/03/2025 | RSM | B190 | Call with R. Zur regarding production of documents and potential plan terms | 1.00 | 880.00 | 880.00 |
| 04/04/2025 | MLS | B190 | Zoom call with R. Marticello, J. Shinbrot and R. Zur regarding various matters. | 1.00 | 600.00 | 600.00 |
| 04/04/2025 | RSM | B190 | Meeting with R. Zur, M. Simon, and J. Shinbrot regarding document production | 1.00 | 880.00 | 880.00 |
| 04/07/2025 | RSM | B190 | Call with A. Tiller regarding discovery and related issues | 1.00 | 880.00 | 880.00 |
| 04/07/2025 | RSM | B190 | Call with J. Shinbrot, R. Zur, and M. Simon regarding discovery | 0.50 | 880.00 | 440.00 |
| 04/07/2025 | RSM | B190 | Review and analyze issues related to providing to the Rodriguez Plaintiffs the documents provided to the receiver | 0.30 | 880.00 | 264.00 |
| 04/07/2025 | RSM | B190 | Review and analyze the Debtor's consolidated financials | 0.20 | 880.00 | 176.00 |
| 04/07/2025 | RSM | B190 | Call with J. Shinbrot regarding discovery | 0.10 | 880.00 | 88.00 |
| 04/08/2025 | RSM | B190 | Preparation of correspondence to B. Weiss regarding sharing the document production to the examiner with the Rodriguez Plaintiffs | 0.30 | 880.00 | 264.00 |
| 04/09/2025 | RSM | B190 | Preparation memo to B. Weiss regarding discovery | 0.50 | 880.00 | 440.00 |
| 04/09/2025 | RSM | B190 | Review and analyze documents to be produced to examiner | 0.60 | 880.00 | 528.00 |
| 04/10/2025 | RSM | B190 | Review and analyze documents to produce to examiner (documents related to PTS purchase) | 0.40 | 880.00 | 352.00 |
| 04/10/2025 | RSM | B190 | Preparation correspondence to A. Tiller regarding discovery | 0.20 | 880.00 | 176.00 |
| 04/10/2025 | RSM | B190 | Call with R. Zur regarding discovery | 0.40 | 880.00 | 352.00 |

| 04/11/2025 | RSM | B190 | Review and analyze new information to be provided to the examiner (Folder 9) | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 04/11/2025 | RSM | B190 | Review and analyze new information to produce to examiner (Folder 8) | 1.30 | 880.00 | 1,144.00 |
| 04/11/2025 | RSM | B190 | Call with B. Weiss regarding the documents to produce to the examiner | 0.20 | 880.00 | 176.00 |
| 04/11/2025 | RSM | B190 | Call with R. Sainos regarding the document production to the examiner | 0.20 | 880.00 | 176.00 |
| 04/16/2025 | RSM | B190 | Call with J. Shinbrot and R. Zur regarding response to discovery demands from Rodriguez Plaintiffs | 0.50 | 880.00 | 440.00 |
| 04/16/2025 | RSM | B190 | Preparation response to A. Tiller regarding discovery | 0.30 | 880.00 | 264.00 |
| 04/16/2025 | RSM | B190 | Review and analyze issues related to Rodriguez's request for assignment against insurer | 0.70 | 880.00 | 616.00 |
| 04/17/2025 | RSM | B190 | Review and analyze correspondence from A. Tiller concerning discovery | 0.10 | 880.00 | 88.00 |
| 04/18/2025 | RSM | B190 | Call with T. Ringstad regarding the examiner's investigation and issues related thereto | 0.60 | 880.00 | 528.00 |
| 04/18/2025 | RSM | B190 | Call with R. Zur to relay examiner's requests | 0.50 | 880.00 | 440.00 |
| 04/18/2025 | RSM | B190 | Call with B. Weiss to discuss my conversation with examiner's counsel | 0.40 | 880.00 | 352.00 |
| 04/22/2025 | MLS | B190 | Review questions from T. Ringstad and analysis thereof. | 0.20 | 600.00 | 120.00 |
| 04/22/2025 | RSM | B190 | Review and analyze financial information from the CPA for production to the examiner | 0.50 | 880.00 | 440.00 |
| 04/22/2025 | RSM | B190 | Call with R. Sainos regarding the financial information from the CPA | 0.30 | 880.00 | 264.00 |
| 04/22/2025 | RSM | B190 | Call with B. Weiss regarding the financial information from the CPA | 0.20 | 880.00 | 176.00 |
| 04/22/2025 | RSM | B190 | Preparation correspondence to J. Teeple regarding the information from the CPA | 0.10 | 880.00 | 88.00 |
| 04/30/2025 | MLS | B190 | Review and analysis of draft responses to examiner questions. | 0.50 | 600.00 | 300.00 |
| | | | | | | |
| 04/03/2025 | RSM | B205 | Review and revise motion to approve settlement with FVT | 0.40 | 880.00 | 352.00 |
| 04/08/2025 | MLS | B205 | Review correspondence from A. Tiller regarding minute order on JNOV and motion for a new trial, and discovery stipulation. | 0.10 | 600.00 | 60.00 |
| 04/14/2025 | RSM | B205 | Call with P. Bataldan regarding next steps in the Rodriguez matter | 0.20 | 880.00 | 176.00 |
| 04/16/2025 | RSM | B205 | Call with P. Batalden regarding the appeal | 0.20 | 880.00 | 176.00 |
| 04/21/2025 | RSM | B205 | Call with R. Zur regarding negotiations with R. Jordan | 0.30 | 880.00 | 264.00 |

| 04/01/2025 | MLS | B210 | Zoom meeting with L. Rodriguez and R. Sainos regarding insurance obligations. | 0.50 | 600.00 | 300.00 |
|---|---|---|---|---|---|---|
| 04/01/2025 | MLS | B210 | Review correspondence from B. Weiss regarding Altec inspection. | 0.10 | 600.00 | 60.00 |
| 04/02/2025 | MLS | B210 | Attention to insurance obligations. | 0.20 | 600.00 | 120.00 |
| 04/04/2025 | RSM | B210 | Call with R. Sainos regarding the bond insurance premiums | 0.20 | 880.00 | 176.00 |
| 04/04/2025 | RSM | B210 | Review and analyze the bond insurance premium invoices and preparation of memo related thereto | 0.60 | 880.00 | 528.00 |
| 04/08/2025 | JDF | B210 | Finalized edits to February MOR and e-filed. | 0.10 | 310.00 | 31.00 |
| 04/08/2025 | MLS | B210 | Attention to insurance obligations. | 0.10 | 600.00 | 60.00 |
| 04/08/2025 | RSM | B210 | Call with R. Sainos regarding payroll | 0.10 | 880.00 | 88.00 |
| 04/14/2025 | RSM | B210 | Review and analyze correspondence from R. Sainos regarding info needed for CPA and respond thereto | 0.10 | 880.00 | 88.00 |
| 04/14/2025 | RSM | B210 | Begin preparation of summaries for CPA of pending matters | 0.30 | 880.00 | 264.00 |
| 04/15/2025 | MLS | B210 | Prepare correspondence to L. Rodriguez regarding workers compensation insurance declaration. | 0.10 | 600.00 | 60.00 |
| 04/15/2025 | RSM | B210 | Research regarding insurance supplemental payment standing and recovery | 0.50 | 880.00 | 440.00 |
| 04/15/2025 | RSM | B210 | Preparation of case and litigation summaries for R. Sainos and review relevant information related thereto | 1.80 | 880.00 | 1,584.00 |
| 04/16/2025 | RSM | B210 | Revise the summaries for the CPA | 0.10 | 880.00 | 88.00 |
| 04/18/2025 | RSM | B210 | Call with R. Mowbray regarding Debtor's pre-petition leasing | 0.30 | 880.00 | 264.00 |
| 04/21/2025 | MLS | B210 | Review correspondence from C. Kurtz regarding Force Ten staffing reports and prepare response. | 0.10 | 600.00 | 60.00 |
| 04/23/2025 | MLS | B210 | Review correspondence from M. Gaines at Acrisure regarding workers compensation policy and letter from insurance company regarding US Trustee notice. | 0.20 | 600.00 | 120.00 |
| 04/23/2025 | MLS | B210 | Prepare correspondence to A. Cooper at UST's office regarding Debtor's workers compensation policy. | 0.10 | 600.00 | 60.00 |
| 04/23/2025 | MLS | B210 | Prepare correspondence to M. Gaines at Acrisure regarding workers compensation policy. | 0.10 | 600.00 | 60.00 |
| 04/23/2025 | RSM | B210 | Call with R. Sainos regarding leasing revenue | 0.10 | 880.00 | 88.00 |
| 04/23/2025 | RSM | B210 | Review and analyze issues related to payment of bond premiums | 0.20 | 880.00 | 176.00 |

| 04/24/2025 | MLS | B210 | Review workers compensation policy. | 0.20 | 600.00 | 120.00 |
| 04/24/2025 | MLS | B210 | Prepare correspondence to A. Cooper regarding workers compensation policy. | 0.10 | 600.00 | 60.00 |
| 04/25/2025 | MLS | B210 | Review correspondence from A. Cooper regarding workers compensation policy. | 0.10 | 600.00 | 60.00 |
| 04/25/2025 | RSM | B210 | Call with R. Sainos regarding pre-petition leasing | 0.10 | 880.00 | 88.00 |
| 04/26/2025 | RSM | B210 | Call with B. Weiss regarding operations and selling equipment | 0.30 | 880.00 | 264.00 |
| 04/27/2025 | RSM | B210 | Review and analyze information from R. Sainos regarding leasing revenues | 0.20 | 880.00 | 176.00 |
| | | | | | | |
| 04/01/2025 | MLS | B230 | Prepare motion for entry of order authorizing use of cash collateral. | 1.20 | 600.00 | 720.00 |
| 04/02/2025 | MLS | B230 | Prepare motion for order authorizing continued use of cash collateral. | 1.60 | 600.00 | 960.00 |
| 04/02/2025 | MLS | B230 | Prepare declaration of B. Weiss in support of cash collateral motion. | 0.40 | 600.00 | 240.00 |
| 04/02/2025 | MLS | B230 | Prepare form 4001-2 exhibit for cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 04/02/2025 | RSM | B230 | Call with A. Puterman regarding the cash collateral budget | 0.30 | 880.00 | 264.00 |
| 04/02/2025 | RSM | B230 | Review and analyze the cash collateral budget | 0.40 | 880.00 | 352.00 |
| 04/02/2025 | RSM | B230 | Preparation cash collateral motion | 2.30 | 880.00 | 2,024.00 |
| 04/03/2025 | MLS | B230 | Review correspondence from C. Kurtz regarding budget. | 0.10 | 600.00 | 60.00 |
| 04/03/2025 | RSM | B230 | Preparation cash collateral motion | 1.70 | 880.00 | 1,496.00 |
| 04/03/2025 | RSM | B230 | Call with A. Puterman regarding the revised budget | 0.20 | 880.00 | 176.00 |
| 04/03/2025 | RSM | B230 | Preparation cash collateral motion | 1.30 | 880.00 | 1,144.00 |
| 04/04/2025 | MLS | B230 | Telephone conference with A. Puterman regarding budget. | 0.10 | 600.00 | 60.00 |
| 04/04/2025 | MLS | B230 | Revise cash collateral motion. | 0.30 | 600.00 | 180.00 |
| 04/04/2025 | MLS | B230 | Prepare correspondence to B. Weiss regarding cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 04/04/2025 | RSM | B230 | Call with A. Puterman regarding the cash collateral budget | 0.10 | 880.00 | 88.00 |
| 04/05/2025 | MLS | B230 | Review correspondence from B. Weiss regarding cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 04/05/2025 | MLS | B230 | Prepare declaration of R. Sainos in support of cash collateral motion (.2) and prepare correspondence to B. Weiss thereon (.1). | 0.30 | 600.00 | 180.00 |
| 04/07/2025 | MLS | B230 | Telephone conference with B. Weiss regarding cash collateral budget. | 0.10 | 600.00 | 60.00 |

| 04/07/2025 | MLS | B230 | Revise cash collateral motion. | 0.30 | 600.00 | 180.00 |
|---|---|---|---|---|---|---|
| 04/07/2025 | MLS | B230 | Prepare proposed order granting cash collateral motion. | 0.30 | 600.00 | 180.00 |
| 04/07/2025 | MLS | B230 | Prepare form 4001-2 exhibit for cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 04/07/2025 | MLS | B230 | Prepare application for order shortening time on cash collateral motion. | 0.40 | 600.00 | 240.00 |
| 04/07/2025 | MLS | B230 | Prepare proposed order granting application and setting hearing on shortened notice for cash collateral motion. | 0.30 | 600.00 | 180.00 |
| 04/07/2025 | MLS | B230 | Prepare declaration of R. Marticello in support of application for order shortening time. | 0.30 | 600.00 | 180.00 |
| 04/07/2025 | MLS | B230 | Review revisions to cash collateral motion from A. Puterman and revise motion. | 0.30 | 600.00 | 180.00 |
| 04/07/2025 | MLS | B230 | Prepare correspondence to B. Weiss and A. Puterman regarding cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 04/07/2025 | MLS | B230 | Review C. Kurtz's and A. Puterman's comments to cash collateral motion and revise motion. | 0.20 | 600.00 | 120.00 |
| 04/07/2025 | RSM | B230 | Review and revise cash collateral motion | 0.30 | 880.00 | 264.00 |
| 04/07/2025 | RSM | B230 | Review and respond to correspondence from C. Kurtz regarding the cash collateral motion | 0.10 | 880.00 | 88.00 |
| 04/08/2025 | MLS | B230 | Revise application for order setting hearing on cash collateral motion on shortened time. | 0.10 | 600.00 | 60.00 |
| 04/08/2025 | MLS | B230 | Revise proposed order approving application for order setting hearing on cash collateral motion on shortened time. | 0.10 | 600.00 | 60.00 |
| 04/08/2025 | MLS | B230 | Finalize cash collateral motion and application for order shortening time and related papers for filing, and prepare instructions to staff thereon. | 0.30 | 600.00 | 180.00 |
| 04/08/2025 | RSM | B230 | Call with M. Lubic regarding case status and cash collateral use | 0.70 | 880.00 | 616.00 |
| 04/08/2025 | RSM | B230 | Review and revise cash collateral motion, application to shorten and supporting pleadings | 0.50 | 880.00 | 440.00 |
| 04/09/2025 | JDF | B230 | Calendared the hearing and related deadline for the Motion for Continued Use of Cash Collateral. | 0.10 | 0.00 | No Charge |
| 04/09/2025 | MLS | B230 | Review entered order granting application setting hearing on cash collateral motion on shortened time. | 0.10 | 600.00 | 60.00 |
| 04/09/2025 | MLS | B230 | Prepare list of service addresses for service on shortened time of cash collateral papers and related instructions for J. Fisher. | 0.60 | 600.00 | 360.00 |
| 04/09/2025 | MLS | B230 | Prepare notice of hearing on cash collateral motion. | 0.30 | 600.00 | 180.00 |

| 04/09/2025 | RSM | B230 | Call with Courtroom deputy regarding notice of cash collateral motion | 0.10 | 880.00 | 88.00 |
|---|---|---|---|---|---|---|
| 04/09/2025 | RSM | B230 | Review and analyze Court's order shortening time on the cash collateral motion | 0.10 | 880.00 | 88.00 |
| 04/17/2025 | JDF | B230 | Finalized and e-filed the Declaration of Ja'Nita Fisher Regarding Notice and Service of the Motion for Continued Use of Cash Collateral. | 0.20 | 310.00 | 62.00 |
| 04/17/2025 | RSM | B230 | Call with M. Lubic regarding cash collateral use | 0.50 | 880.00 | 440.00 |
| 04/21/2025 | MLS | B230 | Prepare proposed cash collateral order granting motion for entry of order authorizing continued use of cash collateral. | 0.30 | 600.00 | 180.00 |
| 04/21/2025 | MLS | B230 | Analysis of proposed solutions and comments from M. Lubic regarding cash collateral. | 0.10 | 600.00 | 60.00 |
| 04/21/2025 | RSM | B230 | Preparation for hearing on cash collateral motion | 0.60 | 880.00 | 528.00 |
| 04/21/2025 | RSM | B230 | Call with M. Lubic regarding continued cash collateral use and the hearing on the cash collateral motion | 0.30 | 880.00 | 264.00 |
| 04/21/2025 | RSM | B230 | Preparation stipulation for continued cash collateral use and order thereon | 1.10 | 880.00 | 968.00 |
| 04/21/2025 | RSM | B230 | Review and analyze M. Lubic's changes to the cash collateral stipulation and make further revisions | 0.80 | 880.00 | 704.00 |
| 04/21/2025 | RSM | B230 | Call with B. Weiss regarding the cash collateral discussions with PNC | 0.20 | 880.00 | 176.00 |
| 04/21/2025 | RSM | B230 | Call with A. Puterman regarding the cash collateral budget | 0.20 | 880.00 | 176.00 |
| 04/22/2025 | MLS | B230 | Review tentative ruling for hearing on cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 04/22/2025 | RSM | B230 | Attendance at cash collateral hearing | 1.00 | 880.00 | 880.00 |
| 04/23/2025 | MLS | B230 | Review entered order approving stipulation to continue cash collateral hearing and for interim cash collateral authority. | 0.10 | 600.00 | 60.00 |
| 04/23/2025 | RSM | B230 | Preparation correspondence to R. Sainos regarding cash collateral authority | 0.10 | 880.00 | 88.00 |
| 04/24/2025 | RSM | B230 | Call with J. Shinbrot on cash collateral discussions with PNC | 0.40 | 880.00 | 352.00 |
| 04/01/2025 | MLS | B235 | Attention to Pino periodic report and prepare correspondence to C. Kurtz thereon. | 0.20 | 600.00 | 120.00 |
| 04/24/2025 | MLS | B235 | Review emails from F10, Q. Ng, and R. Marticello regarding March MOR. | 0.10 | 600.00 | 60.00 |
| 04/24/2025 | MLS | B235 | Review March MOR emails and files. | 0.20 | 600.00 | 120.00 |
| 04/29/2025 | MLS | B235 | Review and finalize form 426 report. | 0.80 | 600.00 | 480.00 |
| 04/29/2025 | MLS | B235 | Prepare correspondence to B. Weiss regarding form 426 report. | 0.10 | 600.00 | 60.00 |

| Date | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 04/29/2025 | RSM | B235 | Review and analyze PTS report | 0.20 | 880.00 | 176.00 |
| 04/11/2025 | RSM | B310 | Call with R. Zur regarding claims analysis | 0.50 | 880.00 | 440.00 |
| 04/14/2025 | SMM | B310 | Review, analyze, and respond to email from R Marticello re proofs of claim filed re state court litigation | 0.10 | 495.00 | 49.50 |
| 04/17/2025 | MLS | B310 | Analysis of supplement payments request from Rodriguez parties. | 0.10 | 600.00 | 60.00 |
| 04/28/2025 | MLS | B310 | Review and analysis of Pathward's proofs of claim | 0.20 | 600.00 | 120.00 |
| 04/30/2025 | MLS | B310 | Review and analysis of amended proof of claim of R. Jordan. | 0.30 | 600.00 | 180.00 |
| 04/08/2025 | RSM | B320 | Call with BOA and counsel and C. Kurtz regarding the plan treatment | 0.60 | 880.00 | 528.00 |
| 04/09/2025 | RSM | B320 | Review and analyze correspondence from J. McCloud regarding John Deere's plan treatment | 0.10 | 880.00 | 88.00 |
| 04/09/2025 | SMM | B320 | Email C Kurtz of Force Ten re analysis of claim treatment of equipment lessor under plan | 0.10 | 495.00 | 49.50 |
| 04/10/2025 | RSM | B320 | Preparation memo to B. Weiss regarding proposed compromised treatment with John Deere and review John Deere security agreements related thereto | 0.50 | 880.00 | 440.00 |
| 04/10/2025 | RSM | B320 | Review and analyze correspondence from C. Kurtz with further analysis on the claims of John Deere and respond thereto | 0.10 | 880.00 | 88.00 |
| 04/14/2025 | RSM | B320 | Review and analyze plan settlement proposal from K. Hirsch | 0.20 | 880.00 | 176.00 |
| 04/16/2025 | RSM | B320 | Review and analyze claim and payment analysis from BOA regarding the plan treatment | 0.30 | 880.00 | 264.00 |
| 04/16/2025 | RSM | B320 | Review and analyze correspondence from Altec's counsel regarding the plan treatment | 0.20 | 880.00 | 176.00 |
| 04/22/2025 | RSM | B320 | Review and analyze questions from T. Ringstad relating to the plan | 0.20 | 880.00 | 176.00 |
| 04/22/2025 | RSM | B320 | Call with R. Zur regarding the potential compromise with MWP | 0.10 | 880.00 | 88.00 |
| 04/23/2025 | MLS | B320 | Review and analysis of draft plan projections. | 0.10 | 600.00 | 60.00 |
| 04/23/2025 | RSM | B320 | Call with B. Weiss regarding the memo responding to the examiner's plan questions | 0.50 | 880.00 | 440.00 |
| 04/30/2025 | MLS | B320 | Telephone conference with R. Marticello regarding Rodriguez and R. Jordan claims and plan. | 0.40 | 600.00 | 240.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/30/2025 | RSM | B320 | Review and analyze issues related to terms of global settlement and revised plan terms and potential recoveries for creditors | 2.20 | 880.00 | 1,936.00 |

|  |  |
|---|---|
| Sub-total Fees: | $118,997.50 |

**Expenses**

| | |
|---|---|
| 04/30/2025  Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128144 | 1,165.65 |

|  |  |
|---|---|
| Sub-total Expenses: | $1,165.65 |
| **Total Current Billing:** | **$120,163.15** |
| Previous Balance Due: | $513,856.76 |
| **Total Now Due:** | **$634,019.91** |

**Rate Summary**

| | | |
|---|---|---|
| Bambi Clark | 0.20  hours at $0.00/hr | $0.00 |
| Bambi Clark | 3.80  hours at $465.00/hr | $1,767.00 |
| Ja'Nita Fisher | 0.40  hours at $0.00/hr | $0.00 |
| Ja'Nita Fisher | 0.30  hours at $310.00/hr | $93.00 |
| Robert S. Marticello | 96.40  hours at $880.00/hr | $84,832.00 |
| Stephen M. Mott | 32.90  hours at $495.00/hr | $16,285.50 |
| Michael L. Simon | 26.70  hours at $600.00/hr | $16,020.00 |
| Total hours: | 160.70 | $118,997.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
Bill.com: https://app.bill.com/p/rainesfeldmanllp
Credit Card: https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
      Wells Fargo Bank, N.A.
      Routing No.: 121000248
      Account No.: 4941981821
      BIC/Swift Code: WFBIUS6S
      Account Title: Raines Feldman Littrell LLP
      Client Name & Invoice #

**Pay by Check via Mail**:
      Raines Feldman Littrell LLP
      PO Box 848574
      Los Angeles, CA 90084-8574

**EXHIBIT C**

**Summary of Timekeepers for the Period**
**October 7, 2024 through April 30, 2025**

| Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert S. Marticello | Partner | $880.00 | 351.9 | $309,672.00 |
| Robert S. Marticello | Partner | $850.00 | 142.6 | $121,210.00 |
| Total: RSM | | | 494.5 | $430,882.00 |
| | | | | |
| Carollynn H.G. Callari | Partner | $975.00 | 27.6 | $26,910.00 |
| Total: CHC | Partner | | 27.6 | $26,910.00 |
| Total: BAS | | | | |
| | | | | |
| Mark S. Melickian | Partner | $780.00 | 0.2 | $156.00 |
| Total: MSM | | | 0.2 | $156.00 |
| | | | | |
| Michael L. Simon | Associate | $600.00 | 214.90 | $128,940.00 |
| Michael L. Simon | Associate | $535.00 | 105.4 | $56,389.00 |
| Total: MLS | | | 320.3 | $185,329.00 |
| | | | | |
| David M. Madden* | Associate | $650.00 | 0.2 | $130.00 |
| Total: DMM | | | 0.2 | $130.00 |
| | | | | |
| Stephen M. Mott | Associate | $495.00 | 140.5 | $69,547.50 |
| Stephen M. Mott | Associate | $425.00 | 9.7 | $4,122.50 |
| Total: SMM | | | 150.2 | $73,670.00 |
| | | | | |
| Bambi Clark | Paralegal | $465.00 | 6.9 | $3,208.50 |
| Bambi Clark | Paralegal | $425.00 | 28.1 | $11,942.50 |

| Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bambi Clark | Paralegal | No Charge | 0.2 | $0.00 |
| Total: BC | | | 35.2 | $15,151.00 |
| | | | | |
| Ja'Nita Fisher | Paralegal | $310.00 | 17.40 | 5,394.00 |
| Ja'Nita Fisher | Paralegal | No Charge | 24.60 | $0.00 |
| Total: JF | | | 42 | $5,394.00 |
| **Totals:** | | | **1,070/.20** | **$737,622.00** |

*Attorney David Madden is no longer with the Firm.

**EXHIBIT D**

**Summary of Compensation for the Period**

**October 7, 2024 through April 30, 2025**

**By Category**

| Category | Hours Billed for Interim Fee Period | Total for Interim Fee Period |
|---|---|---|
| B110 – Case Administration | 149.6 | $98,424.50 |
| B120 – Asset Analysis and Recovery | 3.6 | $2,424.50 |
| B130 – Asset Disposition | 27.7 | $15,434.00 |
| B140 – Relief from Stay / Adequate Protection | 156.7 | $110,211.00 |
| B150 – Meetings and Communications with Creditors | 35.8 | $28,847.00 |
| B160 – Fee Applications / Objections | 33.9 | $18,525.00 |
| B170 – Employment Applications / Objections | 38.9 | $25,822.50 |
| B185 – Assumption/Rejection Leases | 56.0 | $30,517.00 |
| B190 – Other Contested Matters | 183.2 | $137,630.00 |
| B205 – State Court Actions | 13.8 | $10,232.50 |
| B210 – Business Operations | 64.4 | $40,910.00 |
| B220 – Employee Benefits | 3.8 | $2,033.00 |
| B230 – Financing / Cash Collateral | 86.3 | $68,439.50 |
| B235 – Financial Filings | 10.1 | $6,138.50 |
| B310 – Claims Administration and Objections | 21.1 | $10,669.50 |
| B320 – Plan and Disclosure Statement | 185.3 | $131,363.50 |
| **TOTAL:** | **1070.2** | **$737,622.00** |

**EXHIBIT E**

**Summary of Expenses Reimbursement Requested**

**For the Period October 7, 2024 through April 30, 2025**

| Date | Category | Amount | Descriptions |
|------|----------|--------|--------------|
| 11/1/24 | Attorney Service | 32.00 | First Legal Network: SAN BERNARDINO CO. RECORDER; eFILING; Job Date: 10/24/2024; Ordr No: 5939198; Inv. #10894759 |
| 11/1/24 | Attorney Service | 103.00 | First Legal Network: SAN BERNARDINO CO. RECORDER; RECORDING FEE; Job Date: 10/24/2024; Ordr No: 5939198; Inv. #10894759 |
| 3/1/25 | Attorney Service | 116.00 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: United States Bankruptcy Court; FILING-FAX/PDF RUSH; Job Date: 02/05/2025; Ctrl No: 17096690; Inv. #10965091 |
| 3/1/25 | Attorney Service | 106.28 | First Legal Network: Pick-Up from: Ronald Reagan Federal Building and; Deliver to: Raines Feldman Littrell/ Ja.Nita; DELIVERY-SPECIAL VEHICLE; Job Date: 02/13/2025; Ctrl No: 17108568; Inv. #10965091 |
| 3/15/25 | Attorney Service | 102.67 | First Legal Network: Pick-Up from: Ronald Reagan Federal Building and; Deliver to: Raines Feldman Littrell/ Ja.Nita; DELIVERY-ASAP VEHICLE; Job Date: 03/10/2025; Ctrl No: 17145085; Inv. #10984642 |
| **Subtotal** | **Attorney Services** | **459.95** | |
| 12/30/24 | Federal Express | 25.98 | FedEx: 20241224, Delivered Altec Capital Services, LLC - 33 Inverness Center Parkway; Invoice # 872623836 |
| 12/30/24 | Federal Express | 25.98 | FedEx: 20241224, Delivered Enterprise FM Trust - 9315 Olive Blvd.; Invoice # 872623836 |
| 12/30/24 | Federal Express | 15.08 | FedEx: 20241224, Delivered Queenie K Ng - 411 West Fourth ST; Invoice # 872623836 |
| 12/30/24 | Federal Express | 26.89 | FedEx: 20241224, Delivered Banc of America Leasing & Capital - 3400 Pawtucket Avenue; Invoice # 872623836 |
| 12/30/24 | Federal Express | 22.90 | FedEx: 20241224, Delivered GM Financial - 4100 Embarcadero Drive; Invoice # 872623836 |
| 12/30/24 | Federal Express | 31.47 | FedEx: 20241224, Delivered Starr Indemnity Liability Co - 399 Park Avenue; Invoice # 872623836 |
| 12/30/24 | Federal Express | 14.41 | FedEx: 20241224, Delivered Velocity Truck Center - 2429 Peck Road/Los Angeles Truct Centers, LLC; Invoice # 872623836 |
| 12/30/24 | Federal Express | 14.41 | FedEx: 20241224, Delivered The Toll Roads - 125 Pacifica/Violations Dept.; Invoice # 872623836 |
| 12/30/24 | Federal Express | 27.05 | FedEx: 20241224, Delivered Amtrust Financial Services, Inc. - 903 NW 65th St; Invoice # 872623836 |
| 1/1/25 | Federal Express | 62.78 | FedEx: 20241224, Delivered ALBACH FINANZ AG - SCHLIERSTRAE 20; Invoice # 234426532 |
| 1/6/25 | Federal Express | 23.46 | FedEx: 20241224, Delivered Linebarger Goggan Blair & Sampson - 4828 Loop Central Drive; Invoice # 873170882 |
| 1/6/25 | Federal Express | 40.51 | FedEx: 20241224, Delivered Balboa Capital - 575 ANTON BLVD,1080; Invoice # 873170882 |
| 1/13/25 | Federal Express | 21.16 | FedEx: 20241224, Delivered Samsara Capital Finance - AZ - 16430 North Scottsdale Road; Invoice # 873771771 |
| **Subtotal** | **Federal Express** | **352.08** | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Date | Category | Amount | Descriptions |
|---|---|---:|---|
| 10/30/24 | Filing Fee | 500.00 | Capital One, N.A.: 10/22/2024 - Pro Hac Vice Application Fee - Carollyn Callari |
| 10/30/24 | Filing Fee | 12.00 | Capital One, N.A.: 10/23/2024 - USDC - certified copy of Petition |
| 11/27/24 | Filing Fee | 34.00 | Capital One, N.A.: 11/15/2024 - CA Central Bankruptcy Court - Filing fee for Amended Mailing Matrix |
| **Subtotal** | **Filing Fee** | **546.00** | |
| | | | |
| 11/1/24 | Outside Copy Services | 1,126.80 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #126433 |
| 11/8/24 | Outside Copy Services | 836.76 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #126524 |
| 1/1/25 | Outside Copy Services | 945.91 | Summitt Reprographics: PRINT, POSTAGE, LABOR HOURS; Inv. #126966 |
| 3/20/25 | Outside Copy Services | 959.26 | Summitt Reprographics: SCAN, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #127863 |
| 4/30/25 | Outside Copy Services | 1,165.65 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128144 |
| **Subtotal Outside Copy Services** | | **$5,034.38** | |
| | | | |
| **TOTAL** | **EXPENSES** | **$6,392.41** | |

1

# EXHIBIT F

2

**Attorney Biographies**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## ROBERT S. MARTICELLO

### PARTNER



✉ rmarticello@raineslaw.com

📞 949-783-7606

📇 Download vCard

**Robert S. Marticello** is a partner of Raines Feldman Littrell, LLP, focusing his practice on business reorganization and related litigation. He has extensive experience representing a wide range of parties in complex chapter 11 bankruptcy cases and out-of-court restructurings, including debtors, committees, secured and unsecured creditors, equity holders, trustees, asset purchasers, and others. Mr. Marticello has represented clients in a variety of industries, including real estate, restaurant, retail, logistics, and technology, and in multiple forums across the United States. He is also skilled in representing plaintiffs and defendants in bankruptcy avoidance actions and nondischargeability actions.

Mr. Marticello is a recognized leader in the field of insolvency. The American Bankruptcy Institute honored him with its inaugural "40 Under 40" award, recognizing him as one of the top insolvency professionals under the age of 40 in the United States. This recognition marked the second time that Mr. Marticello was acknowledged as an emerging talent. He was selected to participate in the National Conference of Bankruptcy Judges' Next Generation Program, which is designed for 40 up-and-coming bankruptcy attorneys in the country. Mr. Marticello has also been consistently named a "Super Lawyer" by Super Lawyers Magazine and recognized by Best Lawyers in the field of Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law.

Mr. Marticello is a well-respected speaker and author on insolvency issues, frequently presenting on current and expected trends in the industry. His expertise and scholarship in bankruptcy law makes him a valuable resource for clients and colleagues alike.

Mr. Marticello holds leadership roles in a number of professional organizations. He currently serves as the Vice Chair of the Lawyer Representative Coordinating Committee to the Ninth Circuit, and, in that role, Mr. Marticello assists in the planning of the annual Ninth Circuit Judicial Conference. He is also a Director of the Federal Bar Association (Orange County Chapter) and the Turnaround Management Association (Southern California Chapter). Mr. Marticello was President of the California Bankruptcy Forum from 2015-2016 and served as a Director of the Orange County Bankruptcy Forum from 2008-2011, with a term as President from 2010-2011.

Mr. Marticello's legal career began with a strong foundation in bankruptcy law, having served as a law clerk to the Honorable John E. Ryan and the Honorable Robert N. Kwan, both United States Bankruptcy Judges for the Central District of California.

Prior to joining Raines Feldman Littrell, LLP, Mr. Marticello was a founding partner of the bankruptcy boutique Smiley Wang-Ekvall, LLP.

---

### PROFESSIONAL ACTIVITIES ＋

› Vice Chair, Lawyer Representative Coordinating Committee, 2023-Present
› Board Member, Federal Bar Association, Orange County Chapter, 2021-Present
› Board Member, Turnaround Management Association Southern California Chapter, 2022-Present
› Co-Chair, American Bankruptcy Institute Business Reorganization Committee
› Co-Chair of the Lawyer Representatives to the Ninth Circuit Judicial Conference, 2018-2022

### Areas of Practice

| BANKRUPTCY | ❯ |
|---|---|

### Education

› California Western School of Law, J.D., 2005
› California State University, Chico, 2001

### Admissions

› State Bar of California
› United States Bankruptcy Court for the Central, Northern, Eastern, Southern Districts of California
› United States Court of Appeals for the Ninth Circuit
› United States Bankruptcy Appellate Panel of the Ninth Circuit
› United States District Courts for the Central, Southern, Eastern and Northern Districts of California

> Director, Orange County Bankruptcy Forum, 2008-2011
> President, California Bankruptcy Forum, 2015-2016
> Officer, California Bankruptcy Forum, 2012-2016
> Director, California Bankruptcy Forum, 2009-2017
> President, Orange County Bankruptcy Forum, 2010-2011

---

SPEAKING ENGAGEMENTS                                    +

> Speaker, *Third Party Releases*, Ninth Circuit Judicial Conference, 2022
> Speaker, *Key Concepts in Post-COVID Real Estate Restructurings*, American Bankruptcy Institute Webinar, 2021
> Speaker, *Searching for Dry Land: Real Estate Bankruptcies*, 33rd Annual California Bankruptcy Conference, 2021
> Panelist, *Commercial Landlord/Tenant Issues in the Era of a Pandemic*, Orange County Bankruptcy Forum, 2021
> Panelist, *"Flatten the Curve": A Panel Discussion on the "Novel" Issues Impacting Bankruptcy Cases Due to the COVID-19 Pandemic*, Orange County Bar Association, Commercial Law & Bankruptcy Section, 2020
> Speaker, *COVID-19 & the Legal "Vaccine" – Discussion of Contractual Defenses in Response to the COVID-19 Pandemic*, Orange County Bar Association, Business & Corporate Section and Business Litigation Section, 2020
> Panelist, *Current Trends and Issues in Chapter 11 Cases*, Ninth Circuit Conference of Chief Bankruptcy Judges and Lawyer Representatives, 2019
> Speaker, *Protecting Your Client: Top Issues Every Corporate Attorney Should Know About Bankruptcy*, Orange County Bar Association, 2019
> Speaker, *Bankruptcy Fundamentals for Business Litigators*, Orange County Bar Association, 2019
> Panelist, *Crossfire*, ABI Battlegroup West, 2019
> Panelist, *Judicial Estoppel and Bankruptcy Cases: Inconsistent Positions, Judicial Integrity, and Unfair Advantage*, Ninth Circuit Judicial Conference, 2017
> Speaker, *The Allowance of Defense Fees in the Wake of the U.S. Supreme Court's Decision in Baker Botts*, Central District Conference of Judges and Lawyer Representatives, Bankruptcy Breakout Session, 2017
> Panelist, *Valuation Issues in Bankruptcy*, Ninth Circuit Conference of Chief Bankruptcy Judges and Lawyer Representatives, 2017
> Speaker, *Chapter 11 Recent Developments*, Orange County Bar Association Commercial Law & Bankruptcy Section, 2014
> Moderator, *Asset Sales in Bankruptcy*, Orange County Bar Association Commercial Law & Bankruptcy Section, 2012
> Speaker, *Rules of the Game: Sports Teams in Bankruptcy*, Peter Elliott American Inn of Court, 2011

---

PUBLICATIONS                                    +

> Author, *Johnson & Johnson is Hoping that Second Time is the Charm*, Federal Bar Association, Orange County Chapter Newslwetter, 2023
> Author, *With Bankruptcy Court's Extraordinary Power Comes Great Responsibility and Some Negative Publicity*, Los Angeles Daily Journal Top Bankruptcy Lawyers Supplement, 08-24-2022
> Author, *The New Year Could Be the Hardest One Yet for the Hotel Industry*, Worth, 01-12-2022
> Author, *Bankruptcy is a Last Resort: Here Are Some Other Steps to Take During the Coronavirus Pandemic*, Los Angeles Daily Journal, 03-27-2020
> Author, *Bankruptcy Code Offers Relief to (Very) Small Businesses*, Los Angeles Daily Journal, 09-04-2019
> Author, *Bankruptcy Can Provide Landlords a Safe Harbor from Retail Storm*, Chain Store Age, 02-20-2019
> Author, *Sears' Biggest Sale (Itself) Offers Valuable Lessons for Retail*, Law 360, 01-16-2019
> Author, *Is Consignment Enough?*, Supply Chain World, 07-11-2016
> Author, *Bankruptcy Can Help Tech Firms Survive an Impending Bubble and Preserve Value*, CEOWORLD Magazine, 05-09-2016
> Author, *Learn from Sports Authority Bankruptcy*, Los Angeles Daily Journal, 04-15-2016
> Author, *Retail Bankruptcies on the Rise: How to Avoid Becoming a Statistic*, Apparel, 02-24-2016



# CAROLLYNN H.G. CALLARI

**PARTNER**

✉ ccallari@raineslaw.com
☎ 917-790-7103
🔗 LinkedIn Profile
💳 Download vCard

**CAROLLYNN H.G. CALLARI** has more than twenty years of corporate and bankruptcy law experience at the AmLaw 100 law firms Willkie Farr & Gallagher LLP and Venable LLP.

Carollynn is a general corporate advisor to her clients, providing counsel on day-to-day legal issues, acquisitions and commercial agreements. She advises borrowers and lenders in connection with distressed loans and serves as outside general counsel to portfolio companies. Carollynn frequently assists clients with implementing growth and turnaround strategies as well as strategic corporate planning and business transactions. She also has extensive experience in sophisticated business reorganization and restructuring matters, having worked across the full spectrum of Chapter 11 cases as well as counseling parties in workouts and restructuring matters conducted outside of judicial settings, and general commercial transactions.

For over a decade, Ms. Callari was the Executive Director and a board member of the New York Chapter of Opus Connect, a professional organization with members comprised of private equity, family office, and other capital providers. She continues to bring professionals in the financial industry together. For several years she served as an adjunct instructor at New York University's School of Continuing and Professional Studies, teaching a workouts, restructurings and bankruptcy course. She is a speaker at conferences addressing corporate bankruptcy issues and investments in distressed assets. Ms. Callari is also a qualified bankruptcy mediator having completed the American Bankruptcy Institute 40-hour bankruptcy mediation program at St. John's University School of Law.

SIGNIFICANT TRANSACTIONS    +

›  Represented debtors in a number of large bankruptcy cases including retailers, such as The Hechinger Company, Frank's Nursery & Crafts, Petrie Retail, Inc., and Winkelman's and manufacturers such as Werner Holding Co (DE) Inc.
›  Represented energy provider PG&E National Energy Group, where she helped direct prepetition negotiations with creditors representing more than $2 billion in debt to facilitate the debtor filing bankruptcy with a pre-negotiated plan.
›  Represented the telecommunications company XO Communications, Inc. in the prepetition and postpetition sale processes resulting in competing offers and entry into an $800 million investment agreement.
›  Representation of various sized private equity groups in connection with investments in distressed companies, including representing a purchaser in a $365 million bankruptcy acquisition.
›  Handled numerous auctions involving the disposition of fee owned properties and more than 500 real property leases and managed the claims objection and reconciliation process for thousands of claims.
›  Represented investors and creditors (including secured lenders, trade creditors, landlords, indenture trustees, ad hoc committees and other interested parties) in Chapter 11 cases, such as Extended Stay Inc., General Growth Properties, Lehman Brothers Holdings Inc., US Mortgage Corp., Global Crossing Ltd., Teleglobe

## Areas of Practice

**BANKRUPTCY** ›

**CORPORATE, FINANCE, SECURITIES & M&A** ›

**FIDUCIARY REPRESENTATION SERVICES** ›

**ENTERTAINMENT & MEDIA** ›

**ENTERTAINMENT & MEDIA TRANSACTIONS** ›

## EDUCATION

› J.D., St. John's University School of Law (cum laude, Dean's List)

› B.S., Brooklyn College of Business, Management and Finance (magna cum laude, Dean's List)

## ADMISSIONS

› State Bar of New York

› State Bar of New Jersey

Communications Corporations, Worldwide Direct Inc., Alliant Protection Services Inc., Access Cardiosystems Inc., A&P and Borders Inc.

---

PROFESSIONAL AFFILIATION    +

> American Bar Association
> New York City Bar Association
> New York State Bar Association
> Association for Corporate Growth
> Turnaround Management Association
> Opus Connect
> Women in the Boardroom

---

INSIGHTS    +

> Raines Feldman Continues to Attract Top New York Talent as Leaders of Elite Corporate and Bankruptcy Boutiques Reunite

---

© Copyright 2025. Raines Feldman Littrell LLP. All rights reserved.
Sitemap | Disclaimers | A PaperStreet Web Design



## MARK S. MELICKIAN

### PARTNER

✉ mmelickian@raineslaw.com
☎ 312-704-2174
in LinkedIn Profile
☰ Download vCard

Mark is a member of the firm's Bankruptcy, Litigation and Corporate practice groups.

Mark advises companies, their principals, and their investors and stakeholders in both healthy and distressed situations, with a focus on economic and practical solutions to the business and legal problem at hand. In addition to helping clients navigate financially-distressed situations, Mark advises clients on capital-raising transactions, opportunistic asset purchases and sales, business expansions, business transformations, and corporate governance matters.

Clients include public and privately held companies, their principals, secured and unsecured creditors, asset purchasers, landlords, tenants, and investors, as well as assignees, creditors' committees, bankruptcy trustees, receivers, and similar parties unique to the commercial bankruptcy and restructuring sectors.

He regularly writes and speaks on issues pertaining to business matters involving business transformation and financial challenges, including serving as co-Editor in Chief of the American Bankruptcy Institute's treatise on agricultural bankruptcies. He has been published in the American Bankruptcy Institute Journal, the Bankruptcy Strategist, Law.com, Norton Bankruptcy Law Adviser, DailyDAC, and Student Lawyer. He is currently a contributing author to the treatises Commercial Bankruptcy Litigation (Thomson Reuters), and Strategic Alternatives for and Against Distressed Businesses (Thomson Reuters) and has written for the Cornell University Legal Ethics Library, Wiley Bankruptcy Law Update, and the treatise Ginsberg & Martin on Bankruptcy (Aspen). During law school, Mark won the Peter Lisagor Award for Exemplary Journalism from the Society of Professional Journalists for his monthly articles for *Student Lawyer*, an America Bar Association publication.

Mark is rated AV Preeminent (5.0/5.0) by Martindale-Hubbell and has been named as an Illinois Super Lawyer by Thomson Reuters and a Leading Lawyer by Leading Lawyer Magazine (Chicago).

He has served on the board of several organizations over the years, including roles as a director of Chicago's Public Interest Law Initiative, an organization dedicated to expanding pro bono legal representation in Chicago, and San Francisco's Law Center to Prevent Gun Violence (now known as the Giffords Law Center), a national public policy organization dedicated to the reduction of gun-related violence in our communities. He is currently on the Board of Directors of the Chicago/Midwest chapter of the Turnaround Management Association. When he is not lawyering, Mark plays guitar and keys for the Fomites, a Chicago-based band that covers post-punk, post-Mod, alternative British/American/Australian music.

---

SIGNIFICANT ENGAGEMENTS                                    +

› Served as special healthcare reorganization counsel and lead transaction counsel to Central Iowa Healthcare in its chapter 11 bankruptcy case in the Southern District of Iowa, a hospital and clinic system serving four Iowa counties. In 2017, led a successful

### Areas of Practice

**TRIALS, LITIGATION & DISPUTE RESOLUTION** ›

**CORPORATE, FINANCE, SECURITIES & M&A** ›

**BANKRUPTCY** ›

### Education

› J.D., Northwestern University School of Law, Dean's List, Senior Research Honors

› B.A., Colorado State University

### Admissions

› State of Illinois

› U.S. Court of Appeals, Seventh Circuit

› U.S. District Court, Central District of Illinois

› U.S. District Court, Northern District of Illinois

Section 363 sale of hospital assets to a large not for profit healthcare system, resulting in uninterrupted operations and the retention of over 95% of hospital employees.

> Counsel to global financial institution and special litigation counsel to Horace Fox, the chapter 7 Trustee, in the chapter 7 liquidation of Sage Enterprises, Inc. (Bankr. N.D. Ill.), a $400+ million annual revenue supplier of on-board supplies to the airline industry. Co-lead counsel and coordinator of the team that successfully prosecuted a $2.2 million contract collection dispute action against Continental Airlines, and successfully defended the lender and debtor in a multi-million-dollar litigation brought by a vendor under the Perishable Commodities Agricultural Act.

> Counsel to official bankruptcy committees of creditors or equity holders in the following cases – *In re Keast Enterprises, Inc., et al* (Bankr. S.D. Iowa); *In re Etcher Farms, Inc. et al.* (Bankr. S.D. Iowa); *In re Quadrant 4 Systems Corp.* (Bankr. N.D. Ill.); *In re AgFeed USA LLC et al* (Bankr. D. Del.); *In re World Marketing Chicago LLC, et al* (Bankr. N.D. Ill.); *In re Newton Manufacturing* (Bankr. S.D. Iowa); *In re Lyons Workspace Products* (Bankr. N.D. Ill.); *In re: Natural Pork Production II LLC* (Bankr. S.D. Iowa); *In re Trainor Glass Company* (Bankr. N.D. Ill.); *In re JS II, LLC* (Bankr. N.D. Ill.); *In re Builders Plumbing & Supply Co.* (Bankr. C.D. Cal.); *In re Golden Bear Oil Specialties* (Bankr. N.D. Ill.); *In re Telehub Communication Corporation* (Bankr. N.D. Ill.); *In re Emerald Casino* (Bankr. N.D. Ill.); *In re Midcom Communications, Inc.* (Bankr. E.D. Mich.)

> Counsel to chapter 11 trustees, liquidating trustees and plan administrators in various notable chapter 11 cases, including: *In re AgFeed USA, LLC et al.* (Bankr. D. Del.); *In re Trainor Glass Company* (Bankr. N.D. Ill.); *In re World Marketing Chicago et al* (Bankr. N.D. Ill.); *In re Newton Manufacturing* (Bankr. S.D. Iowa); *In re Food Management Group LLC* (Bankr. S.D.N.Y.); *In re Duke & King Acquisition, Inc.* (Bankr. D. Minn.); *In re Workflow Management Corp.* (Bankr. E.D. Va.); *In re Favorite Brands International Holding Corp.* (Bankr. D. Del.); *In re Golden Bear Oil Specialties* (Bankr. M.D. Cal.).

> Counsel to one of the nation's largest financial institutions in the chapter 11 reorganization of Kmart Corporation (Bankr. N.D. Ill.), in which the client held mortgages on approximately 100 of Kmart's owned or leased retail properties and distribution centers.

> Counsel to a multi-national Fortune 500 insurance and professional services company in numerous large chapter 11 cases over the past few years including In re Patriot Coal (Bankr. E.D. Mo.) and In re AMR Corporation (Bankr. S.D.N.Y.).

> Counsel to the collateral trustee of a 26-aircraft leasing trust secured by commercial aircraft leased to the following entities in their chapter 11 cases – Delta Air Lines, Inc. (Bankr. S.D.N.Y.), United Air Lines (Bankr. N.D. Ill.), and Northwest Airlines Corporation (Bankr. S.D. N.Y.).

> Counsel to the Liquidating Trustee for Favorite Brands International Holding Corporation (Bankr. D. Del.) throughout the liquidation and closure of its $300 million estate.

>

---

## RECOGNITIONS    +

> Selected by peers as a *Leading Lawyer* in: Bankruptcy & Workout Law: Commercial
> Peter Lisagor Award for Exemplary Journalism, Columns/Commentary (1993) – given by The Chicago Headline Club ([http://headlineclub.org/](http://headlineclub.org/))
> 0/5.0 Overall Client Rating – AV Preeminent – Martindale.com
> Selected by peers for inclusion in Illinois Super Lawyers
> Turnaround Management Association, Chicago/Midwest Chapter – 2022 Outstanding Service of the Year Award (as chair of the Continuing Education Committee)
> TMA Global Transaction of the Year (2013) – counsel to the Official Committee of Equity Security Holders in AgFeed USA, LLC
> The M&A Advisor 12th Annual Turnaround Award (2018) – Section 363 Sale of the Year ($10MM to $25MM), Sale of Central Iowa Healthcare (CIH) assets to Allen Health Systems, Inc. (UnityPoint)
> The M&A Advisor 8th Annual Turnaround Award (2014) – Restructuring Deal of the Year – Consumer and Retail Products Sector – Sale of Certain Assets of Natural Pork Production II, LLP to AMVC and the Handlos Family

---

## PROFESSIONAL AFFILIATIONS    +

> Turnaround Management Association, Chicago/Midwest Chapter – Numerous

> *Law Center to Prevent Gun Violence* (San Francisco, CA) – Board of Directors (2009-2014)
> *Adoption-Link* (Oak Park, IL) – Board of Directors, Secretary and Executive Committee (2007-2015)
> *Public Interest Law Initiative* (Chicago, IL) – Board of Directors (2008-2015)
> *Near North Montessori School* (Chicago, IL) – Board of Directors (2004-08), Chair of Audit and Corporate Governance Committees

PUBLICATIONS AND SPEAKING ENGAGEMENTS                                    +

<u>Books</u>

> Co-Editor in Chief and Contributor, "*Chapter 12 from A to Z:  A Guide to Bankruptcies of Family Farmers and Family Fishermen*," (American Bankruptcy Institute, 2021)

<u>Chapters</u>

> Contributing Author, "*Strategic Alternatives For and Against Distressed Businesses*," Thomson Reuters (2022)
> Contributing Author, "*Commercial Bankruptcy Litigation*," Thomson Reuters (2017 through 2022 editions)
> Co-author of Illinois Institute of Continuing Legal Education Treatise on Bankruptcy Claims (2022)
> Contributing Author, *Reorganizing Failing Businesses:  A Comprehensive Review and Analysis of Financial Restructuring and Business Reorganization*, 3rd Edition (American Bar Association, 2017).
> Contributing Author and Editor, *A Guide for Nonprofit Organizations:  Bankruptcy Issues* (The Law Project of the Chicago Lawyers Committee for Civil Rights, 2014).
> Contributions to other treatises include the *Wiley Bankruptcy Law Update, Ginsberg & Martin on Bankruptcy, Norton Bankruptcy Law Adviser*, and the *Cornell University Legal Ethics Library*.

<u>Articles</u>

Contributing Editor and Author, *The Bankruptcy Strategist* (ALM Publications, monthly newsletter) – author/co-author of:

> There is No Post-Confirmation True-Up of Projected Disposable Income in Sub V (May 2021)
> The ABCs of Assignments for the Benefit of Creditors (July 2020)
> Advertising 363 Sales in the Digital Age (May 2020)
> Debtor v. UST:  Retention of a Chief Restructuring Officer (with Expanded Powers) (Nov 2018)
> Mission Impossible? Addressing WARN Act Liability in Liquidating Mid-Market Liquidating Cases (February 2017)
> A Cure by Any Other Name (February 2016)
> The Troubled Energy and Production (Oil And Gas) Sector (Sept 2016)

*American Bankruptcy Institute Journal*

> Author, "*What Good are PPP Funds in Bankruptcy?  Plenty Good*" (Oct 2020)
> Co-author, *"Lenders Given Cause to ReLAX:  Supreme Court Unanimously Upholds Credit-Bidding Rights for Chapter 11 Sales in RadLAX"* (Aug 2012)

*DailyDAC*

> Author, "*Legacies of the Jevic Case:  Structured Dismissals Five Years after the Fall*" (DailyDAC Jan 19, 2022)
> Co-author, "*PPP Loans for Chapter 11 Debtors? Maybe ... But You Have Other Options*" (DailyDAC, June 1, 2020)

**Representative Speaking and Panel Engagements**

> Financial Poise/West LegalEd – Moderator – Bankruptcy 301 annual series of three webinars on commercial chapter 11 bankruptcy issues aimed at sophisticated practitioners (15 webinars from 2017 to present)

<ul>
<li>Turnaround Management Association (Chicago/Midwest) – Moderator, Health Care Webinar (June 2022)</li>
<li>Northwest Suburban Bar Association of Illinois, <em>Options for Businesses Facing Financial Pressure</em> (April 2010)</li>
<li>Chicago-Area Chambers of Commerce, <em>How to Plan and Execute for Effective Board Meetings and Committee Formation</em> (May 2008)</li>
</ul>

INSIGHTS                                                                +

<ul>
<li>Raines Feldman Enters Chicago Market through Addition of Established Business Firm Sugar Felsenthal Grais & Helsinger</li>
</ul>

© Copyright 2025. Raines Feldman Littrell LLP. All rights reserved.
Sitemap | Disclaimers | A PaperStreet Web Design

## MICHAEL L. SIMON

### ASSOCIATE

✉ msimon@raineslaw.com
📞 310-620-9343
📇 Download vCard



Michael L. Simon is an associate at Raines Feldman Littrell LLP, and focuses his practice on bankruptcy, insolvency and business reorganization matters, and business litigation. His experience includes representing chapter 11 debtors, creditors' committees, trustees, secured and unsecured creditors, judgment creditors, and receivers in various bankruptcy and insolvency proceedings.

Mr. Simon received his undergraduate degree in finance and economic policy from New York University's Leonard N. Stern School of Business in 2009. He received his J.D. from Pepperdine University School of Law and his Certificate in Dispute Resolution from the Straus Institute for Dispute Resolution in 2014. While in law school, Mr. Simon served judicial externships to the Honorable Robert N. Kwan, United States Bankruptcy Judge for the Central District of California, and the Honorable Valerie B. Fairbank, United States District Court Judge for the Central District of California. After law school, he served a judicial clerkship to the Honorable Robert N. Kwan from 2015 to 2017.

Mr. Simon served as a director for the Orange County Bankruptcy Forum from 2019 through 2022 and was recognized as a Southern California Super Lawyers Rising Star from 2020 through 2023, and a Best Lawyers In America: Ones to Watch from 2021 through 2024.

### Areas of Practice

BANKRUPTCY ›

### Education

› Pepperdine University School of Law, J.D., 2014
› New York University, B.S., 2009

### Admissions

› State Bar of California
› United States Bankruptcy Court for the Central District of California
› United States District Courts for Central, Eastern, Southern and Northern Districts of California
› United States Bankruptcy Appellate Panel of the Ninth Circuit
› United States Court of Appeals for the Ninth Circuit

© Copyright 2025. Raines Feldman Littrell LLP. All rights reserved.
Sitemap | Disclaimers | A PaperStreet Web Design



## STEPHEN M. MOTT

### ASSOCIATE

✉ smott@raineslaw.com
📞 310-620-9334
🪪 Download vCard

Stephen M. Mott is an associate at Raines Feldman Littrell LLP, and concentrates his practice in bankruptcy, insolvency and business reorganization matters, and fiduciary representation.

Mr. Mott received his undergraduate degree in history and philosophy from the State University of New York at Geneseo in 2019. He received his J.D. from The George Washington University Law School in 2022. While in law school, Mr. Mott served judicial externships to the Honorable Elizabeth L. Gunn, United States Bankruptcy Judge for the District of Columbia, and the Honorable Robert E. Grossman, United States Bankruptcy Judge for the Eastern District of New York. He also served as a legal intern for the Executive Office of United States Trustees. After law school, Mr. Mott served a judicial clerkship to the Honorable Deborah J. Saltzman, United States Bankruptcy Judge for the Central District of California.

### PROFESSIONAL AFFILIATIONS +

▸ American Bankruptcy Institute
▸ Los Angeles Bankruptcy Forum

### Areas of Practice

**BANKRUPTCY** ❯

**CORPORATE, FINANCE, SECURITIES & M&A** ❯

### Education

▸ The George Washington University Law School, 2022, J.D.
▸ State University of New York at Geneseo, 2019, B.S.

### Admissions

▸ State Bar of New York

© Copyright 2025. Raines Feldman Littrell LLP. All rights reserved.
Sitemap | Disclaimers | A PaperStreet Web Design

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4675 MacArthur Ct. Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **FIRST INTERIM FEE APPLICATION OF RAINES FELDMAN LITTRELL LLP AS COUNSEL FOR THE ORIGINAL MOWBRAY'S TREE SERVICE, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 18, 2024 THROUGH APRIL 30, 2025**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 28, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/28/2025 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kenneth J Catanzarite**    kcatanzarite@catanzarite.com
- **Jessica L Giannetta**    jessica@giannettaenrico.com, melanie@giannettaenrico.com
- **Marshall F Goldberg**    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Valery Loumber**    valloumlegal@gmail.com
- **Michael B Lubic**    michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**    jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Estela O Pino**    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**    don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**    tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**    msimon@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Ahren A Tiller**    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**    csbk@gmfinancial.com
- **Roye Zur**    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    EXHIBIT EE                    **F 9013-3.1.PROOF.SERVICE**
Page 151 of 164

# EXHIBIT FF

1   **RAINES FELDMAN LITTRELL LLP**
    Robert S. Marticello, State Bar No. 244256
2   *rmarticello@raineslaw.com*
    Michael L. Simon, State Bar No. 300822
3   *msimon@raineslaw.com*
    4675 MacArthur Ct, Suite 1550
4   Newport Beach, CA 92660
    Telephone: (310) 440-4100
5   Facsimile: (310) 499-4877

6   Counsel for The Original Mowbray's Tree Service, Inc.,
    the Debtor and Debtor-In-Possession
7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                          **SANTA ANA DIVISION**

11  | In re: | Case No.: 8:24-bk-12674-SC |
    |---|---|
12  | THE ORIGINAL MOWBRAY'S TREE | Chapter: 11 |

13  In re:                                  Case No.: 8:24-bk-12674-SC

    THE ORIGINAL MOWBRAY'S TREE             Chapter: 11
    SERVICE, INC., a Delaware corporation,
                                            (Jointly Administered with Case Nos.
              Debtor and Debtor-in-Possession.   8:25-bk-10542-SC and 8:25-bk-10543-SC)

14  In re:                                  **SECOND INTERIM FEE APPLICATION**
                                            **OF RAINES FELDMAN LITTRELL LLP**
15  MOWBRAY WATERMAN PROPERTY,              **AS COUNSEL FOR THE ORIGINAL**
    LLC,                                    **MOWBRAY'S TREE SERVICE, INC.**
16                                          **FOR ALLOWANCE AND PAYMENT OF**
              Debtor and Debtor-in-Possession.   **COMPENSATION AND**
17                                          **REIMBURSEMENT OF EXPENSES FOR**
    In re:                                  **THE PERIOD MAY 1, 2025 THROUGH**
18                                          **OCTOBER 15, 2025**
    ROBIN ELAINE MOWBRAY,
19                                          **[Supporting Declarations of Brian Weiss**
              Debtor and Debtor-in-Possession.   **and Robert S. Marticello filed concurrently**
20                                          **herewith]**

21  ☒   Affects THE ORIGINAL MOWBRAY      **Hearing Information (Via ZoomGov):**
        TREE SERVICE, INC.                 Date:   November 18, 2025
22                                         Time:   10:00 a.m.
    ☐   Affects MOWBRAY WATERMAN           Place:  Courtroom 5C or via Zoomgov
23      PROPERTY, LLC                              411 W. Fourth Street
                                                   Santa Ana, CA 92701
24  ☐   Affects ROBIN ELAINE MOWBRAY
                                           [Zoom hearing instructions available on the
25  ☐   Affects All Debtors                Court's calendar at www.cacb.uscourt.gov]

26

27

28

# COVER SHEET

| | |
|---|---|
| Name of Applicant: | Raines Feldman Littrell LLP |
| Authorized to Provide Professional Services to: | The Original Mowbray's Tree Service, Inc. |
| Date of Retention: | Order entered November 25, 2024 [Docket No. 187], effective October 18, 2024 (Petition Date) |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2025 through October 15, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $599,791.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $19,145.22 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| TOTAL BALANCE DUE: | $618,936.72 |
| Blended Hourly Rate for Fee Period | $717.90 |
| Prior Applications: | First Interim Fee Application of Raines Feldman Littrel LLP as Counsel for the Original Mowbray's Tree Service, Inc. for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 18, 2024 Through April 30, 2025 [Docket No. 465] |

This is a:    ☐ Monthly    ☒ Interim    ☐ Final Application

# Table of Contents

**(Page)**

I.    BACKGROUND ................................................................................................1

    A.    General Background ...............................................................................1

    B.    Employment of RFL ..............................................................................2

    C.    Interim Compensation Procedures ........................................................3

    D.    First Interim Fee Application ................................................................3

    E.    The Examiner ........................................................................................3

    F.    The Debtor's Negotiations .....................................................................4

    G.    The Disclosure Statement and Plan ......................................................4

    H.    The Exclusivity Motions, Including Jordan's Motion to Terminate
        Exclusivity, and the Subordination Motion ..........................................6

    I.    Status of Operations ..............................................................................7

    J.    Compliance with Statutory Requirements ............................................9

II.    SERVICES RENDERED ................................................................................9

    A.    Case Administration (B110) ................................................................10

    B.    Asset Analysis and Recovery (B120) ..................................................10

    C.    Asset Disposition (B130) ....................................................................11

    D.    Relief from Stay/Adequate Protection (B140) ....................................11

    E.    Fee Applications / Objections (B160) .................................................12

    F.    Employment Applications / Objections (B170) ..................................13

    G.    Other Contested Matters (B190) .........................................................13

    H.    Adversary Actions (B200) ..................................................................14

    I.    State Court Actions (B205) .................................................................14

    J.    Business Operations (B210) ................................................................14

    K.    Financing / Cash Collateral (B230) ....................................................15

    L.    Financial Filings (B235) .....................................................................15

    M.    Claims Administration and Objections (B310) ...................................15

N.      Plan and Disclosure Statement (B320)..............................................16

O.      List of Expenses by Category.......................................................17

P.      Hourly Rates...........................................................................17

Q.      Professionals...........................................................................17

III.    THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED ......................17

A.      Evaluation of Requests for Compensation ....................................17

B.      Section 330(a)(3) Factors ........................................................20

C.      Available Funds......................................................................21

IV.     CONCLUSION ..............................................................................21

# TABLE OF AUTHORITIES

## CASES

Blanchard v. Bergeron,
    489 U.S. 87 (1989) ............................................................................................ 17

Blum v. Stenson,
    465 U.S. 886 (1984) .......................................................................................... 16

Dang v. Cross,
    422 F.3d 800 (9th Cir. 2005) ............................................................................ 17

Hensley v. Eckerhart,
    461 U.S. 424 (1983) .......................................................................................... 16

In re Charles Russell Buckridge, Jr.,
    367 B.R. 191 (C.D. Cal. 2007) ......................................................................... 17

In re Manoa Finance Co., Inc.,
    853 F.2d 687 (9th Cir. 1988) ....................................................................... 16, 17

Johnson v. Georgia Highway Express, Inc.,
    488 F.2d 714 (5th Cir. 1974) ....................................................................... 16, 17

Kerr v. Screen Extras Guild, Inc.,
    526 F.2d 67 (9th Cir. 1975), cert denied, 425 U.S. 951 (1976) ................... 16, 17

Meronk v. Arter & Hadden (In re Meronk),
    249 B.R. 208 (B.A.P. 9th Cir. 2000) ................................................................ 16

Pennsylvania v. Del. Valley Citizens' Council for Clean Air,
    478 U.S. 546 (1986) .......................................................................................... 17

Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,
    924 F.2d 955 (9th Cir. 1991) ............................................................................. 17

## STATUTES

11 U.S.C. § 330(a)(1) ........................................................................................... 15

11 U.S.C. § 330(a)(3) ...................................................................................... 16, 18

11 U.S.C. § 330(a)(3)(C) ...................................................................................... 18

11 U.S.C. § 330(a)(3)(E) ...................................................................................... 18

11 U.S.C. § 330(a)(3)(F) ....................................................................................... 18

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY
JUDGE:**

Raines Feldman Littrell, LLP ("**RFL**" and/or the "**Firm**"), counsel to The Original
Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the above-captioned jointly-
administered case (the "**Debtor**"), hereby files this Second Interim Application for Allowance of
Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary
Expenses Incurred (the "**Application**") from May 1, 2025, through and including October 15,
2025 (the "**Interim Fee Period**"), requesting fees in the amount of **$599,791.50** and
reimbursement of expenses in the amount of **$19,145.22** pursuant to §§ 330 and 331 of 11 U.S.C.
§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure
(the "**Bankruptcy Rules**") and Local Bankruptcy Rule 2016-1(c).

This Application is based upon the contents hereof, together with the exhibits, the
declarations of Brian Weiss and Robert S. Marticello, filed concurrently herewith, the pleadings,
papers and records on file in this case, and any evidence or argument that the Court may entertain
at the time of the hearing on the Application.

## I.    BACKGROUND

### A.    General Background

On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for
relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11
case (the "**Chapter 11 Case**" or "**Case**").  The Debtor is operating as a debtor in possession
pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  On September 5, 2025, the Court
entered an order approving the joint administration of the Case with the chapter 11 cases of
Mowbray Waterman Property, LLC ("**MWP**"), and Robin Elaine Mowbray ("**Robin Mowbray**"
and together with the Debtor and MWP, the "**Debtors**").

The services provided by the Debtor include, without limitation, manual and mechanical
clearing, integrated vegetation management, storm and emergency, right-of-way maintenance, and

1  high-hazard tree removal and crane services (collectively, "**Vegetation Management Services**").

2  Tree-trimming around power lines, clearing vegetation to prevent forest fires, removal of debris

3  and charred remains after major wildfires in California, and assisting with damage remediation in

4  response to hurricanes—these are the types of important services that the Debtor provides to the

5  communities in which it serves.  Historically, utility companies have been the Debtor's primary

6  clients.  The Debtor also provides services to governmental agencies and cooperatives.

7       The Debtor is based in California and provides Vegetation Management Services

8  throughout the state, as well as in Florida and North Carolina.  Prior to the Petition Date, the

9  Debtor retained Brian Weiss of Force Ten Partners, LLC, as its Chief Restructuring Officer to lead

10  the Debtor through its formal restructuring process, including this Case.

11       **B.**    **Employment of RFL**

12       On November 5, 2024, the Debtor filed the *Application to Employ Raines Feldman Littrell*

13  *LLP, as General Bankruptcy Counsel Effective October 18, 2024* [Docket No. 154] (the

14  "**Retention Application**").  On November 25, 2024, the Court entered the *Order Approving*

15  *Application to Employ Raines Feldman Littrell LLP, as General Bankruptcy Counsel Effective*

16  *October 18, 2024* [Docket No. 187] (the "**Retention Order**").  A true and correct copy of the

17  Retention Order is attached hereto as **Exhibit A.**  The Retention Order approved monthly payment

18  procedures from RFL's retainer.  As of the Petition Date, RFL held a retainer in the amount of

19  $109,994.50.

20       Pursuant to the terms of the Retention Order, RFL submitted two Professional Fee

21  Statements to the Office of the U.S. Trustee as follows:

22       • Professional Fee Statement – No. 1 (October 18, 2024 – October 31, 2024) for fees

23           in the amount of $62,149.50 and costs in the amount of $512.00.

24       • Professional Fee Statement – No. 2 (November 1, 2024 – November 30, 2024) for

25           fees in the amount of $70,598.50 and costs in the amount of $2,132.56.

26       RFL was paid $107,349.94 for fees and $2,644.56 for costs from the balance of the pre-

27  petition retainer.

28

1    **C.    Interim Compensation Procedures**

2    On January 28, 2025, the Debtor filed the *Motion of Debtor and Debtor in Possession for*

3    *Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of*

4    *Expenses for Professionals* [Docket No. 271] (the **"Interim Compensation Procedures**

5    **Motion"**).  On April 1, 2025, the Court entered the *Order Granting Motion for Authority to*

6    *Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*

7    [Docket No. 388] (the **"Interim Compensation Procedures Order"**).

8    **D.    First Interim Fee Application**

9    On May 28, 2025, the Firm filed the *First Interim Fee Application of Raines Feldman*

10    *Littrell LLP as Counsel for The Original Mowbray's Tree Service, Inc. for Allowance and*

11    *Payment of Compensation and Reimbursement of Expenses for the Period October 18, 2024*

12    *through April 30, 2025* [Docket No. 465], seeking $737,622.00 in compensation and $6,392.41 in

13    expense reimbursement.  On June 18, 2025, the Court entered an order [Docket No. 498] allowing

14    the amounts requested in full.

15    **E.    The Examiner**

16    On February 7, 2025, creditors Jaime Rodriguez and Ana Lidia Gomez (together, the

17    **"Rodriguez Plaintiffs"**) filed the *Motion to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §*

18    *1104(a); and a Motion to Substantively Consolidate Pino Tree Services, Inc.*, *Mowbray Waterman*

19    *Property, LLC, and Phoenix Traffic Management, Inc. With the Debtor's Bankruptcy Case*

20    [Docket No. 286] (the **"Trustee Motion"**).  The Debtor and certain other parties opposed the

21    motion.  On March 14, 2025, the Court entered an order denying the Trustee and Substantive

22    Consolidation, directing the United States Trustee to appoint an examiner, and directing the

23    examiner to file a report within 90 days of the examiner's appointment.  (*See* Docket No. 362.)  On

24    March 18, 2025, the United States Trustee filed an *Application for Order Approving Appointment*

25    *of Examiner*.  (*See* Docket No. 369.)  On March 18, 2025, the Court entered an order approving

26    the United States Trustee's application and appointed Donald T. Fife as the examiner (the

27    **"Examiner"**).

28

1    The Examiner's report was filed on July 14, 2025 [Docket No. 538] (the **"Report"**).  From

2    the Debtor's perspective, the Report vindicated the Debtor.  As reflecting in the Report, the Debtor

3    was cooperative with the Examiner and his requests for information, both written and through

4    interviews.  All of the information requested by the Examiner was provided in a timely fashion.

5    (*See* Report at 5:10-11.)

6    **F.    The Debtor's Negotiations**

7    During the Interim Fee Period, the Firm, on behalf of the Debtor, engaged in robust

8    negotiations with several creditors.  The Debtor reached consensual plan treatment with Pathward

9    N.A. (**"Pathward"**), resolving a vigorously contested proceeding in the process.  The Debtor

10   reached consensual plan treatment with Altec Capital Services, LLC (**"Altec"**), its largest

11   equipment lender and lessor.  The Debtor engaged in negotiations with several equipment lenders

12   and lessors and its senior secured creditor, PNC Bank, N.A. (**"PNC"**).  As discussed in more detail

13   below, the Debtor also engaged in negotiations and reached an agreement in principle with the

14   Rodriguez Plaintiffs.

15   **G.    The Disclosure Statement and Plan**

16   On March 14, 2025, the Debtor filed its original plan of reorganization [Docket No. 365]

17   and its disclosure statement [Docket No. 363] (the **"Original Disclosure Statement"**).  On August

18   6, 2025, the Original Disclosure Statement came on for hearing for the first time.  Ronnie Jordan

19   and Debra Danner filed objections to the Original Disclosure Statement.  The Rodriguez Plaintiffs

20   and PNC filed reservations of rights pending certain contemplated amendments.

21   On July 19, 2025, the Debtor reached a settlement in principle with the Rodriguez

22   Plaintiffs.  That settlement necessitated significant changes to the Plan, including to improve the

23   treatment for allowed general unsecured claims.  As such, on July 30, 2025, the Debtor filed

24   redlines of its first amended disclosure statement and first amended plan with its reply in support

25   of its Original Disclosure Statement [Docket No. 608] (the **"DS Reply"**).  (*See* Docket Nos. 609,

26   Exs. 1 and 2.)  The amended plan also included revised consensual treatment negotiated with

27   certain equipment lenders and lessors, *i.e.,* Altec, Pathward, and John Deere.

28

1    The hearing on the Debtor's Original Disclosure Statement proceeded on August 6, 2025.

2 The Court instructed the Debtor to make certain amendments to the Original Disclosure Statement

3 to consensually address the objections by Ronnie Jordan ("**Jordan**") and Debra Danner.  The

4 Court continued the hearing to September 10, 2025, and ordered the Debtor to file an amended

5 disclosure statement and plan by August 13, 2025.

6    On August 13, 2025, the Debtors filed the *First Amended Joint Disclosure Statement*

7 *Describing First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 693] (the

8 "**FADS**") and the *First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 694] (the

9 "**FAP**").  Jordan filed an objection to the FADS [Docket No. 798] and the Debtor filed a reply to

10 Jordan's objection [Docket No. 826].  On September 10, 2025, the FADS came on for hearing and

11 the Court approved the FADS with certain amendments.

12    On September 18, 2025, the Court entered an *Order (1) Approving Second Amended Joint*

13 *Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of Reorganization; and*

14 *(2) Continuing Status Conference* [Docket No. 896] (the "**Disclosure Statement Order**").

15    In accordance with the Disclosure Statement Order, on September 18, 2025, the Debtors

16 filed the *Second Amended Joint Disclosure Statement Describing Second Amended Joint Chapter*

17 *11 Plan of Reorganization* (the "**Disclosure Statement**") [Docket No. 891] and the *Second*

18 *Amended Joint Chapter 11 Plan of Reorganization* (the "**Plan**") [Docket No. 893].  The Disclosure

19 Statement is a 149-page document supported by 224-pages of exhibits that collectively provide

20 substantival information regarding the Debtors, their assets, liabilities, and operations.  The

21 projections and analyses accompanying the Disclosure Statement contain detailed assumptions

22 upon which they are based.  The financial information supporting the Disclosure Statement and

23 Plan is comprehensive and reflects the thorough work and analysis of the Debtors and the Debtors'

24 professionals, including the Firm.

25    A hearing on confirmation of the Plan is scheduled for February 18, 2026.  The Plan is a

26 joint plan proposed by three Debtors, the Debtor, MWP, and Robin Mowbray.  As to the Debtor,

27 the Plan is a reorganizing plan that saves MTS's business and the jobs of its employees.  The Plan

28

1  marshals significant value from all of the Debtor's estate assets for the benefits of creditors and

2  proposes to pay an amount that exceeds an estimated **$46,000,000** over the Plan's term to the

3  holders of allows claims.  The Plan proposes all of the Debtor's secured creditors in full and a

4  minimum of $25,000,000 for creditors holding allowed general unsecured claims.

5      **H.**    **The Exclusivity Motions, Including Jordan's Motion to Terminate Exclusivity,**

6          **and the Subordination Motion**

7        On July 16, 2025, two days after the Report was filed, Jordan filed the *Motion By Creditor*

8  *Ronnie Jordan for Order Terminating Debtor's Periods of Exclusivity for the Filing of a Plan and*

9  *Obtaining Acceptance Thereof, So As to Permit the Filing of a Competing Plan By Jordan's*

10  *Mowbray Acquisition LLC* [Docket No. 540] (the **"Motion to Terminate Exclusivity"**).  In

11  support of the Motion to Terminate Exclusivity, Jordan filed a declaration with Jordan's competing

12  plan and disclosure statement.  (*See* Docket No. 542.)  On July 23, 2025, the Debtor filed an

13  opposition to the Motion to Terminate Exclusivity.  (*See* Docket No. 575.)

14        On August 12, 2025, the Debtor filed the (1) *Debtor's Motion to Extend Exclusivity Period*

15  *Under 11 U.S.C. § 1121(c)(3) Pursuant to 11 U.S.C. § 1121(d)* [Docket No. 676] (the **"Debtor's**

16  **Exclusivity Motion"**) and (2) the Debtor's Motion for Bridge Order Extending Exclusivity Period

17  Under 11 U.S.C. § 1121(c)3) [Docket No. 679] (the **"Bridge Motion"**).  On August 14, 2025, the

18  Court entered an order granting the Bridge Motion and extended the Debtor's exclusivity period to

19  solicit acceptances of a chapter 11 plan pursuant to 11 U.S.C. § 1121(c)(3) to and including the

20  date upon which the Court enters an order resolving the Debtor's Exclusivity Motion.  [Docket No.

21  696].

22        On August 27, 2025, Jordan filed an opposition to the Debtor's Exclusivity Motion. (*See*

23  Docket No. 763.)  On September 3, 2025, the Debtor filed a reply to Jordan's opposition.  (*See*

24  Docket No. 795.)

25        On September 10, 2025, Jordan's Motion to Terminate Exclusivity and the Debtor's

26  Exclusivity Motion came on for hearing.  On September 23, 2025, the Court entered orders

27  denying Jordan's Motion to Terminate Exclusivity [Docket No. 929] and granting the Debtor's

28

1  Exclusivity Motion [Docket No. 928] and extending the Debtor's exclusivity period to solicit

2  acceptances of a chapter 11 plan pursuant to 11 U.S.C. § 1121(c)(3) through and including

3  December 15, 2025.

4    On August 20, 2025, the Debtor filed the *Motion for Order Equitably Subordinating Claim*

5  *of Ronnie Jordan Pursuant to 11 U.S.C. § 510(c) and for Attorney's Fees and Costs* [Docket No.

6  721] (the "**Subordination Motion**").  By the Subordination Motion, the Debtor requested that the

7  Court subordinate Jordan's claim due to Jordan's willful and knowing violations of §§ 1121 and

8  1125 of the Bankruptcy Code.  On September 3, 2025, Jordan filed an opposition to the

9  Subordination Motion.  (*See* Docket No. 793.)  On September 10, 2025, the Debtor filed a reply to

10  Jordan's opposition to the Subordination Motion.  (*See* Docket No. 828.)  On October 2, 2025, the

11  Court held a hearing on the Subordination Motion and took the motion under submission.  On

12  October 10, 2025, the Court entered the *Order Directing Supplemental Briefing and Setting*

13  *Continued Hearing on Debtor's Motion for Equitable Subordination*, by which the Court

14  authorized supplemental briefing and set a further hearing on December 10, 2025.  (*See* Docket

15  No. 963.)

16    **I.**  <u>**Status of Operations**</u>

17    The Debtor continues to operate in accordance with the orders of this Court.  The Court

18  has authorized the use of cash collateral pursuant to nine orders.  (*See* Docket Nos. 72, 162, 211,

19  244, 256, 268, 462, 532 and 976.)

20    On April 8, 2025, the Debtor filed the *Debtor's Motion for Entry of Order Authorizing*

21  *Continued Use of Cash Collateral* [Docket No. 394] (the "**Second Cash Collateral Motion**").

22  Pursuant to a stipulation with PNC that was approved by order entered on April 22, 2025 [Docket

23  No. 419], the Court continued the hearing on the Second Cash Collateral Motion to May 20, 2025,

24  and authorized the use of cash collateral in accordance with the budget attached to the Second

25  Cash Collateral Motion through the continued hearing. On May 19, 2025, the Court entered an

26  order continuing the hearing on the Second Cash Collateral Motion to May 28, 2025.  (*See* Docket

27  No. 453.)  Pursuant to a second Stipulation Authorizing Use of Cash Collateral [Docket No. 459]

28

1  (the "**Second Stipulation**") between the Debtor and PNC, which was approved by an order

2  entered on May 27, 2025, the Court authorized the Debtor to use cash collateral on a final basis in

3  accordance with the budget attached to the Second Stipulation through July 17, 2025 and on the

4  terms and conditions of the Second Stipulation. (*See* Docket No. 462.)  The Second Stipulation

5  permitted the Debtor to continue cash collateral use on the terms of the *Stipulation Authorizing*

6  *Use of Cash Collateral* [Docket No. 255] (the "**First Stipulation**") with certain specified

7  modifications.

8         On July 10, 2025, the Debtor filed the *Debtor's Motion for Entry of Order Authorizing*

9  *Continued Use of Cash Collateral* [Docket No. 522] (the "**Third Cash Collateral Motion**").

10  Pursuant to a third Stipulation Authorizing Use of Cash Collateral [Docket No. 531] (the "**Third**

11  **Stipulation**") between the Debtor and PNC, which was approved by the order entered on July 14,

12  2025, the Court authorized the Debtor to use cash collateral on a final basis in accordance with the

13  Prior Budget through October 17, 2025 and on the terms and conditions of the Third Stipulation.

14  (See Docket No. 532.)  The Third Stipulation permitted the Debtor to continue cash collateral use

15  on the terms of the First Stipulation as modified by the Second Stipulation.

16         On September 24, 2025, the Debtor the *Debtor's Motion for Entry of Order Authorizing*

17  *Continued Use of Cash Collateral* [Docket No. 934] (the "**Fourth Cash Collateral Motion**").  At

18  a hearing on October 15, 2025, the Court entered an order granting the Fourth Cash Collateral

19  Motion and authorized the Debtor's use cash collateral on a final basis from October 18, 2025,

20  through and including February 27, 2026, pursuant to the terms and conditions of the First

21  Stipulation, as modified by the Second and Third Stipulations.  (*See* Docket No. 976.)

22         Post-petition, the Debtor has generated positive cash flow.  The Debtor's cash on hand

23  increased from $4,238,515 as of the Petition Date to $10,137,712 as of October 17, 2025.

24  Moreover, during the period covered by the budget approved by the order granting the Fourth

25  Cash Collateral Motion (*see* Docket No. 976) through October 17, 2025, the Debtor's operating

26  cash flow exceeded its projected operating cash flow by $823,731 or 56.9%.  During the period

27  covered by that budget through October 17, 2025, the Debtor paid $1,578,714 to PNC, equipment

28

lenders, and equipment lessors collectively, which includes principal payments.  This sum is in
addition to amounts paid during the prior cash collateral periods.

**J.    Compliance with Statutory Requirements**

The Debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107.
The Debtor's § 341(a) meeting on creditors (the "**Meeting of Creditors**") was completed on
January 3, 2025.  (*See* Docket No. 242.)  The Debtor has timely paid quarterly United States
Trustee's fees and has filed its monthly operating reports to date.

## II.    SERVICES RENDERED

In accordance with the *United States Trustee Guidelines for Reviewing Applications for
Compensation and Reimbursement of Expenses* (the "**UST Guidelines**") and the Local Rules, RFL
classified all services performed for which compensation is sought into categories.  RFL attempted
to place the services performed in the category that best relates to the service provided.  However,
because certain services affected multiple categories, services pertaining to one category may
occasionally be included in another category.  The fact that similar services appear in several
different categories did not result in any duplication of work or billing.

RFL has established the following billing categories in this case to date:

- Case Administration (B110)
- Asset Analysis / Recovery (B120)
- Asset Disposition (B130)
- Relief Stay / Adequate Protection (B140)
- Meetings and Communications with Creditors (B150)
- Fee Applications / Objections (B160)
- Employment Applications / Objections (B170)
- Avoidance Actions (B180)
- Assumption / Rejection Leases (B185)
- Other Contested Matters / Omnibus Hearings (B190)
- Non-Working Travel (B195)
- Adversary Actions (B200)
- State Court Matters (B205)
- Business Operations (B210)
- Employee Benefits (B220)
- Financing / Cash Collateral (B230)
- Financial Filings (B235)
- Tax Issues (B240)
- Real Estate (B250)
- Claims Administration and Objections (B310)
- Plan and Disclosure Statement (B320)

1    **Exhibit B** includes the Firm's invoices for the Interim Fee Period, which includes detailed

2    breakdowns of the time entries and expenses incurred.  **Exhibit D** includes a Summary by

3    Category.

4    During the Interim Fee Period, the Firm's attorneys and paraprofessionals expended a total

5    of 824 hours for which compensation is requested.

6    The hourly rates of all professionals and paraprofessionals rendering services in these cases

7    are set forth in the Billing Summary Chart on **Exhibit C** annexed hereto.

8    The Firm maintains computerized records of the daily time entries completed by all of the

9    Firm's attorneys and paraprofessionals.

10    **A.**    **Case Administration (B110)**

11    This category primarily includes work related to administering the Case in an efficient

12    manner and ensuring the Debtor complied with its obligations under the Bankruptcy Code.

13    During the Interim Fee Period, the Firm, among other things: (i) prepared and filed various status

14    reports and attended status conferences; (ii) prepared and lodged a scheduling order; (iii)

15    participated in numerous telephone conferences with the CRO and others regarding the status of

16    Case; (iv) prepared and filed a motion for joint administration of the Debtors' cases; (v) responded

17    to Jordan' objection to the joint administration motion and attended the hearing thereon; and (vi)

18    prepared and filed an amended master mailing matrix.

19    **Total Hours:  25.6    / Total Fees:  $16,197.50**

20    **B.**    **Asset Analysis and Recovery (B120)**

21    This category includes work related to analysis and/or recovery of potential assets of the

22    Debtor.  During the Interim Fee Period, the Firm, among other things: (i) reviewed and analyzed

23    the Debtor's claims against MWP; and (ii) prepared and filed proofs of claim against MWP and

24    Robin Mowbray.

25    **Total Hours:  3.2 / Total Fees:      $2,119.00**

26

27

28

C.    **Asset Disposition (B130)**

This category includes work relating to the disposition of the Debtor's assets.  During the Interim Fee Period, the Firm, among other things: (i) prepared and filed four notices for the sale of de minimis assets of the Debtor; and (ii) reviewed, analyzed, and addressed issues regarding same.

**Total Hours:  7.1 / Total Fees:    $3,658.50**

D.    **Relief from Stay/Adequate Protection (B140)**

This category includes work relating to motions filed by certain parties for relief from the automatic stay under § 362.  The Firm, reviewed, analyzed and addressed issues regarding the following motions for relief from stay:

**The Pathward Motion**

During the Interim Fee Period, the Firm, among other things: (i) reviewed, analyzed, and responded to Pathward's reply in support of their motion for relief from stay and/or to compel the Debtor to either assume or reject the Debtor's agreements with Pathward [Docket No. 410] (the **"Pathward Motion"**); (ii) prepared a joint status report regarding the Pathward Motion; (iii) reviewed, analyzed, and prepared a counteroffer to settle the Pathward Motion; (iv) prepared for and attended a hearing on the Pathward Motion; and (v) negotiated a withdrawal of the Pathward Motion and prepared a plan support agreement with Pathward.

**The AmeriCredit Motion**

The Firm (i) reviewed and analyzed AmeriCredit Financial Services' motion for relief from stay [Docket No. 449] (the **"AmeriCredit Motion"**); (ii) prepared and filed a response [Docket No. 484] to the AmeriCredit Motion; and (iii) reviewed, analyzed, and responded to communications regarding a proposed resolution of the AmeriCredit Motion.

**The Ford Motor Credit Motions**

The Firm (i) reviewed and analyzed several motions for relief from stay filed by Ford Motor Credit (collectively, the **"Ford Motor Credit Motions"**); (ii) conducted numerous discussions and negotiations with counsel for Ford Motor Credit in an to attempt to resolve the

Ford Motor Credit Motions, which have resulted in an agreement in principle; and (iii) entered into numerous stipulations to continue the hearings on the Ford Motor Credit Motions.

<p align="center">**The Debra Danner Motions**</p>

The Firm (i) reviewed, analyzed, and responded to the motion for relief from stay filed by Debra Danner [Docket No. 585] and the motion by Debra Danner requesting a report and recommendation from the district court [Docket No. 586]; (ii) prepared and filed a limited opposition to Debra Danner's motion; and (iii) prepared for and attended hearings on Debra Danner's motions; and (iv) prepared an order denying the Debra Danner's motion for relief from the automatic stay.

<p align="center">**The Ally Bank Motions**</p>

The Firm (i) reviewed and analyzed the various motions for relief filed by Ally Bank (the "**Ally Bank Motions**"); and (ii) reviewed and entered into certain stipulations to continue the hearings on the Ally Bank Motions.

<p align="center">**The David Skale Motion**</p>

The Firm reviewed, analyzed, and prepared a response to the motion for relief from stay filed by David Skale [Docket No. 876].

<p align="center">**The PG&E Fire Victims Trust Motion**</p>

The Debtor reviewed, analyzed, and addressed issues regarding finalizing the order approving the settlement related to a lawsuit by the PG&E Fire Victims Trust.

**Total Hours:  53.9 / Total Fees:      $38,648.00**

**E.      Fee Applications / Objections (B160)**

This category includes work related to fee applications.  During the Interim Fee Period, the Firm, among other things: (i) reviewed and revised pre-bills; (ii) prepared and filed a notice to professionals of hearing on first interim fee applications; (iii) prepared and filed the first interim fee application on behalf of the Firm; (iv) prepared the omnibus order granting first interim fee applications; (vi) reviewed, analyzed, and responded to issues regarding the deadlines and

1  protocols for ordinary course professionals; and (vii) reviewed and filed staffing reports on behalf

2  of CRO (Force Ten).

3  **Total Hours:  22.4    / Total Fees:  $13,098.00**

4  **F.    Employment Applications / Objections (B170)**

5  This category includes work related to the retention of ordinary course professionals

6  ("**OCP**").  During the Interim Fee Period, the Firm, among other things: (i) reviewed, analyzed

7  and addressed issues relating to employment of OCP; (ii) reviewed and filed declarations pursuant

8  to the OCP procedures that were approved by the Court; and (iii) prepared an application to

9  employ an auctioneer and addressed issues regarding same.

10  **Total Hours:  4.2    / Total Fees:  $2,604.50**

11  **G.    Other Contested Matters (B190)**

12  The time in this category is primarily comprised of the Firm's services cooperating with the

13  Examiner, addressing discovery sought by the Rodriguez Plaintiffs after the Examiner was

14  appointed, and in pursuing the Subordination Motion.  During the Interim Fee Period, with respect

15  to the appointment of the Examiner, the Firm, among other things: (i) participated in conference

16  calls with the Examiner and his counsel; (ii) reviewed, analyzed, and responded to the Examiner's

17  requests for documents and information; (iii) reviewed and analyzed the Examiner's Report; (iv)

18  participated in a conference call with the CRO regarding the Examiner's Report; (v) reviewed and

19  analyzed the Rodriguez Plaintiffs' motion to compel discovery responses (the "**Motion to**

20  **Compel**") and other discovery propounded by the Rodriguez Plaintiffs in connection with the

21  appointment of the Examiner; (vi) participated in numerous telephone conferences regarding the

22  written discovery and depositions sought by the Rodriguez Plaintiffs; (vii) reviewed and revised a

23  stipulation regarding a mediation to be attended by the Debtor, MWP, PNC, and Jordan; and (viii)

24  prepared objections to deposition notices and subpoenas by the Rodriguez Plaintiffs.

25  The Firm spent time in this category pursuing the motion to remedy Jordan's violations of

26  the Bankruptcy Code.  The Firm: (i) prepared the Subordination Motion; (ii) participated in

27  various telephone conferences regarding the Subordination Motion; (iii) reviewed and analyzed

28

Jordan's opposition to the Subordination Motion; (iv) prepared and filed a reply in support of the

Subordination Motion; (v) prepared for and attended the hearing on the Subordination Motion; and

(vi) reviewed and analyzed the order directing supplemental briefing on the Subordination Motion.

The Firm also spent time in this category attending to the grievance asserted by Local Union 47 of

the IBEW (the "**Union**"), including reviewing the relevant agreements and other information

related thereto.

**Total Hours:  136.1   / Total Fees:  $100,312.50**

**H.      Adversary Actions (B200)**

This category includes issues related to action Debra Danner commenced in district court.

During the Interim Fee Period, the Firm, (i) reviewed and analyzed the complaint and motion

pursuant to 28 U.S.C. § 157 filed by Debra Danner; (ii) reviewed and responded to

correspondence from Debra Danner's counsel regarding the action; and (iii) reviewed and revised

a proposed stipulated order to resolve action.

**Total Hours:  8.3      / Total Fees:  $5,077.50**

**I.      State Court Actions (B205)**

This category includes issues related to the state court actions involving the Debtor.

During the Interim Fee Period, the Firm, among other things: (i) reviewed, analyzed, and

addressed issues regarding the Debtor's appeal of the judgment held by the Rodriguez Plaintiffs;

and (ii) reviewed, analyzed, and responded to various inquiries related to the status of the various

state court matters.

**Total Hours:  4.1      / Total Fees:  $3,325.00**

**J.      Business Operations (B210)**

This category includes issues related to the Debtor's business operations.  During the

Interim Fee Period, the Firm, among other things: (i) reviewed, analyzed, and addressed issues

regarding insurance payments on certain financed vehicles; (ii) attended to matters with respect to

the Union as referenced above, including participating in numerous telephone conferences related

thereto; (iii) prepared and filed a motion for to incur debt for an insurance premium financing

agreement to allow the Debtor to procure auto excess insurance coverage (the "**Premium Financing Motion**"); (iv) reviewed, analyzed and responded to various e-mails regarding the Premium Financing Motion; (v) prepared the order granting the Premium Financing Motion; (vi) reviewed, analyzed and addressed issues regarding payment of insurance premiums related to the Premium Financing Motion; (vii) reviewed and responded to correspondence regarding the cancellation of the agreement with Vestis to avoid unnecessary costs; and (viii) participated in a telephone conference regarding certain personnel issues.

**Total Hours: 15.4    / Total Fees:  $11,299.50**

**K.    Financing / Cash Collateral (B230)**

This category includes work related to the Debtor's use of cash collateral.  During the Interim Fee Period, the Firm, among other things: (i) reviewed, analyzed, and responded to various e-mails regarding the terms concerning the Debtor's use of cash collateral; (ii) reviewed and analyzed proposed cash collateral budgets; (iii) reviewed, analyzed, and responded to e-mails regarding an alleged default under the cash collateral stipulation with PNC and strategized regarding the issues related thereto; (iv) negotiated consensual cash collateral use terms with PNC; (v) addressed issues regarding payments to Bank of America; (vi) prepared and filed stipulations authorizing continued use of cash collateral; and (vii) prepared and filed the Third and Fourth Cash Collateral Motions.

**Total Hours: 43.8    / Total Fees:  $29,306.00**

**L.    Financial Filings (B235)**

This category includes work related to certain financial filings required for the Debtor. During the Interim Fee Period, the Firm, among other things prepared, reviewed, and filed the Debtor's Monthly Operating Reports.

**Total Hours: 2.9    / Total Fees:  $1,315.00**

**M.    Claims Administration and Objections (B310)**

This category includes work related to the claims filed in the Case.  During the Interim Fee Period, the Firm, among other things: (i) reviewed, analyzed, and researched various filed claims;

1    (ii) reviewed and analyzed recorded UCC-1 financing statements; (iii) reviewed, analyzed and

2    responded to various e-mails regarding claims asserted against the Debtor; (iv) participated in

3    various telephone conferences regarding various claims; and (v) performed legal research

4    regarding various issues related to certain asserted claims.

5         **Total Hours:  37.0    / Total Fees:  $29,860.00**

6         **N.    Plan and Disclosure Statement (B320)**

7         The majority of the Firm's time during the Interim Fee Period related to the Debtor's

8    Disclosure Statement and Plan, including the prior versions thereof.  The Debtor's Plan and

9    Disclosure Statement were a substantial undertaking and the Debtor, through the Firm, engaged in

10   negotiations with multiple creditors (secured and unsecured) regarding the terms of the Plan.

11   Those negotiations led to consensual treatment, necessitating amendments to the Plan and the

12   Disclosure Statement.  The Firm also spent time in this category opposing Jordan's attempt to

13   terminate the Debtor's exclusivity period, extending the Debtor's exclusivity, and responding to

14   Jordan's objections to the Debtor's Disclosure Statement.

15        More specifically, during the Interim Fee Period, the Firm, among other things: (i)

16   reviewed, analyzed, and responded to various parties regarding their treatment under the Plan; (ii)

17   reviewed and analyzed objections to the Original Disclosure Statement; (iii) prepared a reply in

18   support of the Original Disclosure Statement; (iv) attended the hearing on the Original Disclosure

19   Statement; (v) negotiated consensual plan treatment with Altec, Pathward, and John Deere, and

20   prepared plan support agreements thereon; (vi) negotiated consensual plan treatment with the

21   Rodriguez Plaintiffs; (vii) prepared the FADS and FAP; (viii) reviewed and analyzed Jordan's

22   Motion to Terminate Exclusivity; (ix) prepared and filed the opposition to the Motion to

23   Terminate Exclusivity; (x) reviewed and analyzed Jordan's opposition to the FADS and prepared a

24   reply thereto; (xi) prepared the Debtor's Exclusivity Motion and the Bridge Motion; (xii) reviewed

25   Jordan's opposition to the Debtor's Exclusivity Motion and prepared a reply thereto; (xiii) prepared

26   for and attended hearings on the FADS and the Motion to Terminate Exclusivity; (ixv) prepared

27   the order approving the Disclosure Statement; (xv) prepared the plan trust agreement ordered by

28

the Court; (xvi) prepared the Disclosure Statement and Plan; (xvii) prepared and filed the notice of

hearing on confirmation of the Plan; (xviii) prepared the Plan solicitation packages and mailing

matrix; (ixx) prepared ballots; (xx) prepared and filed Debtor's expert witness list for the Plan

confirmation hearing; and (xxii) reviewed, analyzed, and addressed issues regarding various

settlement proposals related to certain treatment under the Plan.

**Total Hours:  460.0   / Total Fees:   $342,970.50**

**O.      List of Expenses by Category**

RFL advanced costs in connection with the performance of the services described in this

Application. During the Interim Fee Period, RFL incurred a total of **$19,145.22** in expenses,

including for service of the Plan solicitation packages.  As this amount reflects, RFL made every

effort to keep the costs in this case to a minimum.  A summary chart detailing the type and amount

of expenses incurred during the Interim Fee Period is attached hereto as **Exhibit E.**

**P.      Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in these cases

are set forth in the Billing Summary Chart on **Exhibit C** annexed hereto.

**Q.      Professionals**

The biographies of the attorneys who primarily worked on this matter and a description of

their professional experience and education are attached hereto as **Exhibit F.**  RFL has no

understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the

fees to be awarded in these proceedings, except to be shared among members of the Firm.

**III.     THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED**

The fees and expenses requested by this Application are an appropriate award for RFL's

services in acting as counsel to the Debtor.

**A.      Evaluation of Requests for Compensation**

Section 331 of the Bankruptcy Code provides for interim compensation of professionals

and incorporates the substantive standards of § 330 of the Bankruptcy Code to govern the Court's

1  award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may

2  award a professional employed under § 327 of the Bankruptcy Code "reasonable compensation for

3  actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11

4  U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and

5  reimbursement:

> In determining the amount of reasonable compensation to be awarded,
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of
> the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and expertise in the
> bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this title.

18  11 U.S.C. § 330(a)(3).

19      In determining the amount of allowable fees under § 330(a) of the Bankruptcy Code,

20  courts are to be guided by the same "general principles" as are to be applied in determining awards

21  under the federal fee-shifting statutes, with "some accommodation to the peculiarities of

22  bankruptcy matters."  *See In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see*

23  *also Meronk v. Arter & Hadden (In re Meronk)*, 249 B.R. 208, 213 (B.A.P. 9th Cir. 2000)

24  (reiterating that *Monoa Finance* is the controlling authority and characterizing the factor test

25  identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) and *Kerr v.*

26  *Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert denied*, 425 U.S. 951 (1976), as an

27  "obsolete laundry list" now subsumed within more refined analyses).

28

The Supreme Court has evaluated the lodestar approach and endorses its usage. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a civil rights case, the Supreme Court held that while the *Johnson* factors might be considered in setting fees, the lodestar amount subsumed many of those factors. *See Hensley*, at 434, n. 9. The following year, another civil rights case, *Blum v. Stenson*, 465 U.S. 886 (1984), provided the so-called lodestar calculation: "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. . . . Adjustments to that fee then may be made as necessary in the particular case." *Blum*, 465 U.S. at 888.

Then, in 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an *ad hoc* approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401, *et seq*., should be interpreted like that of the Civil Rights Act, 42 U.S.C. § 1983, the Supreme Court expressly rejected the *ad hoc* application of the factors set forth in *Johnson* and thus *Kerr*, stating that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee. . . ." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate").

While the lodestar approach is the primary basis for determining fee awards under the federal fee-shifting statutes and Bankruptcy Code, some of the *Johnson/Kerr* factors, previously applied in an *ad hoc* fashion, can still apply in calculating the appropriate hourly rate to use under the lodestar approach. *In re Charles Russell Buckridge, Jr.*, 367 B.R. 191, 201 (C.D. Cal. 2007) ("a court is permitted to adjust the lodestar up or down using a multiplier based on the criteria listed in § 330 and its consideration of the *Kerr* factors not subsumed within the initial calculations of the lodestar"); *see also Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee"); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991)

1    ("Although *Manoa* suggests that starting with the 'lodestar' is customary, it does not mandate such

2    an approach in all cases. . . .  Fee shifting cases are persuasive, but due to the uniqueness of

3    bankruptcy proceedings, they are not controlling.").

4           In accordance with the factors enumerated in § 330, it is respectfully submitted that the

5    amount requested by RFL is fair and reasonable give (a) the complexity of the case, (b) the time

6    expended, (c) the nature and extend of the services rendered, (d) the value of such services, and (e)

7    the costs of comparable services other than in a case under the Bankruptcy Code.  RFL's

8    representation of the Debtor in this case resulted in substantial benefits to the Debtor's estate and

9    the successful resolution of the Debtor's chapter 11 case with the confirmed Plan.

10          The time for which compensation is sought is detailed in the Firm's invoices for the Interim

11   Fee Period annexed hereto as **Exhibit B**.  RFL's services and time expenditures are reasonable in

12   light of the labor required and outcome achieved in this case.  RFL charges for its professional

13   services are based upon the time, nature, extent, and value of such services and the cost of

14   comparable services in the Los Angeles and Orange County areas, other than in a case under the

15   Bankruptcy Code.  The compensation the Firm seeks by way of this Application is the customary

16   compensation commonly sought by the Firm and other professionals representing trustees,

17   committees, and debtors in similar circumstances.

18          **B.      Section 330(a)(3) Factors**

19          Section 330(a)(3) of the Bankruptcy Code sets forth six factors to be considered by the

20   Court in determining the reasonableness of the fees requested.  11 U.S.C. § 330(a)(3).  Although

21   several of these factors, such as the time involved and the timeliness of RFL's performance, were

22   addressed above, RFL believes three of the six factors should be discussed separately again here.

23          First, § 330(a)(3)(C) of the Bankruptcy Code requires that the professional services be

24   necessary to the administration of, or beneficial at the time at which the service was rendered

25   toward completion of, the case.  RFL believes the facts of this Case make it evident that RFL's

26   services were both necessary and beneficial to the estate.  The Firm assisted the Debtor in

27   complying with its obligations under the Code.  Moreover, the Firm assisted the Debtor in moving

28

the Case forward towards a successful exit.  During the Interim Fee Period, the Firm assisted in the Debtor in securing the approval of the Disclosure Statement.

Second, § 330(a)(3)(E) and (F) of the Bankruptcy Code requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  In addition, RFL believes its attorneys are skilled and have performed well in these cases, and that the fees charged by RFL are commensurate with the fees charged by RFL's counterparts engaged in non-bankruptcy specialties of the law.

**C.    Available Funds**

The Debtor's operating cash flow and cash on hand have exceeded the amounts projected in the budgets approved by the Court.  As of October 17, 2025, the Debtor's cash on hand was approximately $10,137,712.  The *Order Granting Debtor's Motion for Entry of Order Authorizing Continued Use of Cash Collateral* [Docket No. 976] and the budget approved under that order authorize the payment of the amount of fees and expenses requested by the Firm under the Application (subject to this Court's review and up to the amounts set forth in the budget).

**IV.    CONCLUSION**

WHEREFORE, RFL respectfully requests that this Court enter an order allowing, on an interim basis, compensation in the amount of **$599,791.50** in fees and **$19,145.22** for reimbursement of expenses incurred during the Interim Fee Period, and granting such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

Dated:  October 28, 2025          RAINES FELDMAN LITTRELL LLP

By:    */s/ Robert S. Marticello*
          ROBERT S. MARTICELLO
          MICHAEL L. SIMON
          *Counsel for the Debtor and Debtor in Possession*

# EXHIBIT A

## (Retention Order)

1   **RAINES FELDMAN LITTRELL LLP**
    Robert S. Marticello, State Bar No. 244256
2   *rmarticello@raineslaw.com*
    Michael L. Simon, State Bar No. 300822
3   *msimon@raineslaw.com*
    3200 Park Center Drive, Suite 250
4   Costa Mesa, CA 92626
    Telephone:    (310) 440-4100
5   Facsimile:    (310) 499-4877

6   Counsel for The Original Mowbray's Tree Service,
    Inc., Debtor and Debtor-In-Possession

7

8              **UNITED STATES BANKRUPTCY COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA  - SANTA ANA DIVISION**

10

11  In re                                    Case No. 8:24-bk-12674-TA

12  THE ORIGINAL MOWBRAY'S TREE              Chapter 11
    SERVICE, INC., a Delaware corporation
13                                            **ORDER APPROVING**
                        Debtor and           **APPLICATION TO EMPLOY**
14             Debtor-in-Possession.         **RAINES FELDMAN LITTRELL LLP**
                                             **AS GENERAL BANKRUPTCY**
15                                           **COUNSEL EFFECTIVE AS OF**
                                             **OCTOBER 18, 2024**
16
                                             [No Hearing Required Pursuant to Local
17                                           Bankruptcy Rule 2014-1(b)(1) and
                                             9013-1(o)]
18

19          On November 5, 2024, The Original Mowbray's Tree Service, Inc., the debtor and

20  debtor-in-possession in the above-captioned case (the "Debtor"), filed and served the

21  *Application to Employ Raines Feldman Littrell LLP as General Bankruptcy Counsel Effective*

22  *October 18, 2024* [Docket No. 154] (the "Application") and notice of the Application [Docket

23  No. 155] (the "Notice").  No opposition to or request for a hearing on the Notice or

24  Application was filed or served.  Having reviewed the Notice and Application and papers filed

25  in support thereof, service being proper, and good cause appearing therefrom,

26          **IT IS HEREBY ORDERED** that:

27          1.      The Application is approved in its entirety;

28

                                            1
10409973.1

FILED & ENTERED

NOV 25 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

1        2.      The Debtor is authorized to employ Raines Feldman Littrell LLP (the "Firm")

2 as its general bankruptcy counsel effective October 18, 2024, on the terms and conditions set

3 forth in the Application;

4        3.      The modified fee application procedures set forth in the Application with

5 respect to the Retainer (as defined in the Application) are approved; and

6        4.      The Firm is authorized to apply the Retainer and any other available funds to its

7 fees and expenses in accordance with the modified fee application procedures set forth in the

8 Application.

9                                    ###

Date: November 25, 2024

Theodor C. Albert
United States Bankruptcy Judge

2

10409973.1

1

2
                                 **EXHIBIT B**

3
                                 **(Invoices)**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Raines Feldman Littrell LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 10/27/2025**
**Invoice Number: 140668**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 05/19/2025 | MLS | B110 | Review and analysis of updated list of legal actions from M. Kim and compare to schedules, SOFA, and claims register; review dockets for certain specific matters to determine status. | 0.80 | 600.00 | 480.00 |
| 05/27/2025 | BC | B110 | Review Order Continuing Status Conference; calendar continued Status Conference and related deadlines | 0.10 | 465.00 | 46.50 |
| 05/27/2025 | MLS | B110 | Review entered order continuing status conference. | 0.10 | 600.00 | 60.00 |
| 05/28/2025 | RSM | B110 | Call with B. Weiss regarding case status | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B110** | | **Case Administration** | | | **762.50** |
| | | | | | | |
| 05/05/2025 | RSM | B120 | Review and analyze correspondence from K. Catanzarite regarding MTS's claim against MWP | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B120** | | **Asset Analysis and Recovery** | | | **176.00** |
| | | | | | | |
| 05/07/2025 | SMM | B130 | Draft notice of sale of de minimis assets re two wooden sheds | 0.20 | 495.00 | 99.00 |
| 05/08/2025 | MLS | B130 | Review and revise proposed notice of intent to sell 2 sheds pursuant to de minimis asset sale procedures. | 0.20 | 600.00 | 120.00 |
| 05/08/2025 | MLS | B130 | Prepare correspondence to B. Weiss regarding proposed notice of intent to sell 2 sheds pursuant to de minimis asset sale procedures. | 0.10 | 600.00 | 60.00 |
| 05/12/2025 | MLS | B130 | Review correspondence from R. Sainos regarding sale of truck under de minimis asset sale procedures and prepare response. | 0.20 | 600.00 | 120.00 |
| 05/12/2025 | MLS | B130 | Review correspondence from R. Sainos regarding sale notice for sheds and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/23/2025 | MLS | B130 | Prepare correspondence to R. Sainos regarding shed sales. | 0.10 | 600.00 | 60.00 |

| 05/30/2025 | MLS | B130 | Review correspondence from R. Sainos regarding equipment auction. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| | **Sub-total: B130** | | **Asset Disposition** | | | **579.00** |

| 05/02/2025 | SMM | B140 | Draft proposed order re approving settlement agreement and stipulation with FVT | 0.40 | 495.00 | 198.00 |
|---|---|---|---|---|---|---|
| 05/05/2025 | RSM | B140 | Review and revise order approving settlement with FVT | 0.30 | 880.00 | 264.00 |
| 05/06/2025 | MLS | B140 | Review and analysis of Pathward reply to opposition to its motion for relief from stay and other relief. | 0.40 | 600.00 | 240.00 |
| 05/06/2025 | RSM | B140 | Review and analyze Pathward's reply in support of its motion | 0.50 | 880.00 | 440.00 |
| 05/07/2025 | MLS | B140 | Prepare correspondence to team regarding Pathward reply. | 0.10 | 600.00 | 60.00 |
| 05/07/2025 | RSM | B140 | Review and analyze case law cited by Pathward in its opposition | 0.80 | 880.00 | 704.00 |
| 05/07/2025 | RSM | B140 | Continued review of case law cited by Pathward in its reply | 0.30 | 880.00 | 264.00 |
| 05/07/2025 | RSM | B140 | Review and analyze correspondence from C. Kurtz regarding the Pathward motion and respond thereto | 0.20 | 880.00 | 176.00 |
| 05/07/2025 | SMM | B140 | Complete draft of declaration re no party requested a hearing re motion to approve settlement and stipulation with FVT | 0.30 | 495.00 | 148.50 |
| 05/08/2025 | MLS | B140 | Review entered order continuing hearing on motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 05/08/2025 | RSM | B140 | Preparation correspondence to the Debtor regarding Pathward motion | 0.10 | 880.00 | 88.00 |
| 05/08/2025 | SMM | B140 | Review and analyze Pathward's reply re Pathward relief from stay motion re strategize response | 0.70 | 495.00 | 346.50 |
| 05/09/2025 | RSM | B140 | Review and analyze correspondence from J. Heck and respond thereto on the FVT settlement order | 0.10 | 880.00 | 88.00 |
| 05/09/2025 | RSM | B140 | Review and analyze declaration of non-opposition and order on the FVT settlement | 0.10 | 880.00 | 88.00 |
| 05/09/2025 | RSM | B140 | Review and analyze case law cited by Pathward in its reply | 0.50 | 880.00 | 440.00 |
| 05/10/2025 | RSM | B140 | Review and analyze Pathward's reply brief and supporting case law | 2.40 | 880.00 | 2,112.00 |
| 05/10/2025 | RSM | B140 | Review and analyze Pathward agreements and Altec financing statements | 0.50 | 880.00 | 440.00 |
| 05/10/2025 | RSM | B140 | Review and analyze Pathward opposition and supporting case law | 0.90 | 880.00 | 792.00 |
| 05/12/2025 | RSM | B140 | Review and analyze Pathward Reply | 1.00 | 880.00 | 880.00 |
| 05/12/2025 | RSM | B140 | Review and analyze case law related to whether the Debtor's equipment leases are true leases or secured financing | 2.40 | 880.00 | 2,112.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 05/15/2025 | MLS | B140 | Review and analysis of AmeriCredit Financial Services' motion for relief from the automatic stay. | 0.20 | 600.00 | 120.00 |
| 05/19/2025 | MLS | B140 | Review and analysis of motion for relief from stay by AmeriCredit Financial Services, and related insurance issues. | 0.50 | 600.00 | 300.00 |
| 05/19/2025 | MLS | B140 | Prepare correspondence to M. Jafarnia regarding Americredit Financial Services' motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 05/19/2025 | RSM | B140 | Attention to stay relief motion regarding totaled vehicle | 0.10 | 880.00 | 88.00 |
| 05/22/2025 | MLS | B140 | Prepare correspondence to M. Farnia regarding relief from stay motion. | 0.10 | 600.00 | 60.00 |
| 05/23/2025 | MLS | B140 | Review entered order granting motion to approve compromise with JVT. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B140** | | **Relief-Stay/Adequate Protection** | | | **10,629.00** |
| | | | | | | |
| 05/01/2025 | BC | B160 | Prepare Notice of Hearing on First Interim Fee Applications of Retained Professionals | 0.50 | 465.00 | 232.50 |
| 05/05/2025 | SMM | B160 | Review, analyze, and respond to emails with R Marticello re timeline and requirements for payments for professionals | 0.10 | 495.00 | 49.50 |
| 05/06/2025 | MLS | B160 | Review correspondence from M. Castro regarding RFL interim fee application and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/07/2025 | RSM | B160 | Review and analyze firm's invoices for fee application | 0.20 | 880.00 | 176.00 |
| 05/08/2025 | BC | B160 | Revise First Interim Fee Application | 4.50 | 465.00 | 2,092.50 |
| 05/08/2025 | MLS | B160 | Review and analysis of draft first interim fee application of Grobstein Teeple. | 0.20 | 600.00 | 120.00 |
| 05/09/2025 | BC | B160 | Revise First Interim Fee Application (.8); Prepare Declarations in Support (.8); Revise Notice of Hearing (.2) | 1.80 | 465.00 | 837.00 |
| 05/09/2025 | MLS | B160 | Review all invoices for RFL's first interim fee application, including for redactions, and email instructions to accounting thereon. | 2.20 | 600.00 | 1,320.00 |
| 05/12/2025 | BC | B160 | Update finale numbers for First Interim Fee Application. | 0.50 | 465.00 | 232.50 |
| 05/12/2025 | BC | B160 | Update Interim Fee Application, Notice and Supporting Declarations to reflect Judge reassignment and new hearing date and time. | 0.40 | 465.00 | 186.00 |
| 05/12/2025 | MLS | B160 | Emails with B. Clark and M. Castro regarding RFL's first interim fee application. | 0.10 | 600.00 | 60.00 |
| 05/12/2025 | MLS | B160 | Review correspondence from B. Weiss and D. Weiss regarding Grobstein Teeple fee application and declaration, and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/27/2025 | MLS | B160 | Review correspondence from B. Clark regarding RFL interim fee application and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/27/2025 | RSM | B160 | Review and revise Firm's fee application and review of the Firm's invoices | 3.70 | 880.00 | 3,256.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 05/28/2025 | BC | B160 | Prepare and e-file First Interim Fee Application (1.0); supporting Declarations (.5); and Notice of Hearing regarding same (.5) | 2.00 | 465.00 | 930.00 |
| 05/28/2025 | MLS | B160 | Exchange emails with B. Clark regarding interim fee application notice and prepare | 0.10 | 600.00 | 60.00 |
| 05/28/2025 | RSM | B160 | Review and revise fee application | 0.80 | 880.00 | 704.00 |
| 05/29/2025 | MLS | B160 | Attention to noticing of hearing on fee applications and discuss with R. Marticello. | 0.10 | 600.00 | 60.00 |
| 05/29/2025 | MLS | B160 | Telephone conference with N. Bolte, courtroom deputy, regarding scheduling of fee applications. | 0.20 | 600.00 | 120.00 |
| 05/29/2025 | MLS | B160 | Review notice of errata and amended notice of hearing for fee applications and prepare instructions to B. Clark thereon. | 0.10 | 600.00 | 60.00 |
| 05/29/2025 | RSM | B160 | Call with OUST regarding fee apps | 0.30 | 880.00 | 264.00 |
| | **Sub-total: B160** | | **Fee Applications/Objections** | | | **10,940.00** |
| | | | | | | |
| 05/05/2025 | MLS | B170 | Review entered order approving application to employ Ringstad & Sanders. | 0.10 | 535.00 | 53.50 |
| 05/14/2025 | RSM | B170 | Review and analyze Court's order approving OCP procedures and preparation of memo to M. Kim regarding eh same | 0.30 | 880.00 | 264.00 |
| 05/29/2025 | MLS | B170 | Prepare application to employ auctioneer and for related relief. | 1.60 | 600.00 | 960.00 |
| 05/29/2025 | MLS | B170 | Prepare statement of disinterestedness and supporting declaration for application to employ auctioneer. | 0.60 | 600.00 | 360.00 |
| | **Sub-total: B170** | | **Employment Applications/Objections** | | | **1,637.50** |
| | | | | | | |
| 05/01/2025 | MLS | B190 | Review and analysis of revised draft responses to examiner's questions. | 0.40 | 535.00 | 214.00 |
| 05/01/2025 | RSM | B190 | Preparation memo in response to Examiner's questions | 3.30 | 850.00 | 2,805.00 |
| 05/01/2025 | RSM | B190 | Call with B. Weiss regarding the responses to the examiner's questions | 0.30 | 850.00 | 255.00 |
| 05/02/2025 | RSM | B190 | Call with J. Shinbrot on issues related to examiner's investigation | 0.50 | 850.00 | 425.00 |
| 05/02/2025 | RSM | B190 | Continued preparation response to examiner's questions | 1.70 | 850.00 | 1,445.00 |
| 05/02/2025 | RSM | B190 | Continued preparation response to examiner's questions | 1.30 | 850.00 | 1,105.00 |
| 05/03/2025 | RSM | B190 | Review and revise memo responding to the examiner's questions | 0.80 | 880.00 | 704.00 |
| 05/05/2025 | RSM | B190 | Call with R. Zur regarding negotiations with R. Jordan and mediation | 0.50 | 880.00 | 440.00 |
| 05/05/2025 | RSM | B190 | Review and analyze B. Weiss's comments on the responses to the examiner's questions | 0.20 | 880.00 | 176.00 |
| 05/06/2025 | MLS | B190 | Review and analysis of judgment creditors' motion to compel discovery responses and motion for relief related to MWP's 341(a) meeting of creditors. | 0.30 | 600.00 | 180.00 |

| 05/06/2025 | RSM | B190 | Call with R. Zur regarding motion to compel discovery by Rodriguez Plaintiffs | 0.60 | 880.00 | 528.00 |
|---|---|---|---|---|---|---|
| 05/06/2025 | RSM | B190 | Call with A. Puterman regarding information related to the projections to respond to the Examiner's questions | 0.40 | 880.00 | 352.00 |
| 05/06/2025 | RSM | B190 | Review and analyze the Rodriguez plaintiffs' motion to compel | 0.20 | 880.00 | 176.00 |
| 05/06/2025 | RSM | B190 | Review and revise the memo responding to the examiner's questions | 0.50 | 880.00 | 440.00 |
| 05/06/2025 | RSM | B190 | Review and revise the memo responding to the examiner's questions based on additional information from F10 | 2.70 | 880.00 | 2,376.00 |
| 05/06/2025 | RSM | B190 | Review and revise memo responding to the examiner's questions concerning the plan and the projections | 0.70 | 880.00 | 616.00 |
| 05/06/2025 | RSM | B190 | Review and analyze correspondence from S. Cho regarding K. Catazarite's request to share financials and respond thereto | 0.10 | 880.00 | 88.00 |
| 05/07/2025 | RSM | B190 | Revise and finalize response to examiner's questions | 2.20 | 880.00 | 1,936.00 |
| 05/07/2025 | RSM | B190 | Revise memo in response to D. Fife's questions | 0.80 | 880.00 | 704.00 |
| 05/09/2025 | RSM | B190 | Call with T. Ringstad regarding information for the report | 0.10 | 880.00 | 88.00 |
| 05/09/2025 | RSM | B190 | Call with R. Sainos regarding pending items (the examiner report, discussions with PNC, and the plan) | 1.60 | 880.00 | 1,408.00 |
| 05/13/2025 | MLS | B190 | Review and analysis of Pathward joinder to judgment creditors' motion to compel. | 0.20 | 600.00 | 120.00 |
| 05/13/2025 | MLS | B190 | Review and analysis of MWP's and PTM's opposition to motion to compel. | 0.30 | 600.00 | 180.00 |
| 05/13/2025 | RSM | B190 | Call with R. Zur regarding the motion to compel | 0.30 | 880.00 | 264.00 |
| 05/19/2025 | RSM | B190 | Review and analyze PTS financials for production to examiner | 0.20 | 880.00 | 176.00 |
| 05/19/2025 | RSM | B190 | Review and analyze and respond to correspondence from R. Sainos regarding the Pathward joinder | 0.20 | 880.00 | 176.00 |
| 05/20/2025 | MLS | B190 | Review and analysis of judgment creditors' reply to opposition to motion to compel. | 0.30 | 600.00 | 180.00 |
| 05/20/2025 | MLS | B190 | Review and analysis of joinder to motion to compel filed by Pathward and strategize thereon. | 0.20 | 600.00 | 120.00 |
| 05/20/2025 | RSM | B190 | Call with R. Sainos regarding pending matters (Pathward settlement, the disclosure statement hearing, the examiner's report | 0.60 | 880.00 | 528.00 |
| 05/20/2025 | RSM | B190 | Review and analyze Rodriguez reply in support of motion to compel and evaluate response thereto | 0.50 | 880.00 | 440.00 |
| 05/22/2025 | RSM | B190 | Call with R. Zur regarding settlement discussion with R. Jordan | 0.50 | 880.00 | 440.00 |
| 05/23/2025 | RSM | B190 | Preparation correspondence to Debtor and F10 regarding meeting with R. Zur and T. Ringstad | 0.20 | 880.00 | 176.00 |
| 05/27/2025 | RSM | B190 | Calls with T. Ringstad regarding pending items for the examiner's report (.2 and .4) | 0.60 | 880.00 | 528.00 |

| 05/27/2025 | RSM | B190 | Call with R. Zur regarding the discovery motion and questions from the examiner | 0.40 | 880.00 | 352.00 |
| 05/28/2025 | MLS | B190 | Telephone conference with R. Zur and R. Marticello regarding hearing on motion to compel and other matters. | 0.60 | 600.00 | 360.00 |
| 05/28/2025 | RSM | B190 | Call with R. Zur regarding motion to compel outcome | 0.70 | 880.00 | 616.00 |
| 05/29/2025 | MLS | B190 | Review draft stipulation and order regarding mediation with Mowbray Waterman Property, PNC Bank and R. Jordan. | 0.30 | 600.00 | 180.00 |
| 05/29/2025 | RSM | B190 | Review and revise mediation stipulation | 0.30 | 880.00 | 264.00 |
| | **Sub-total: B190** | | **Other Contested Matters/ Omnibus Hearing** | | | **21,561.00** |
| | | | | | | |
| 05/02/2025 | RSM | B200 | Preparation response to examiner's questions | 1.40 | 850.00 | 1,190.00 |
| 05/13/2025 | RSM | B200 | Review and analyze of Pathward joinder in motion to compel and begin response thereto | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B200** | | **Adversary Actions** | | | **1,366.00** |
| | | | | | | |
| 05/05/2025 | RSM | B205 | Review and respond to correspondence from D. Pasternak regarding the Union settlement | 0.10 | 850.00 | 85.00 |
| 05/14/2025 | RSM | B205 | Review and analyze list of litigation from M. Kim | 0.10 | 880.00 | 88.00 |
| 05/29/2025 | RSM | B205 | Zoom with MTS and appellate counsel regarding the Rodriguez judgment appeal | 1.00 | 880.00 | 880.00 |
| | **Sub-total: B205** | | **State Court Matters** | | | **1,053.00** |
| | | | | | | |
| 05/12/2025 | RSM | B210 | Review and analyze issues related to insurance payment on financed vehicle | 0.30 | 880.00 | 264.00 |
| 05/14/2025 | RSM | B210 | Call with B. Weiss regarding Pino's financials | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B210** | | **Business Operations** | | | **440.00** |
| | | | | | | |
| 05/05/2025 | MLS | B230 | Review correspondence from M. Lubic regarding alleged events of default | 0.10 | 600.00 | 60.00 |
| 05/05/2025 | RSM | B230 | Preparation correspondence to B. Weiss regarding cash collateral terms with PNC | 0.40 | 850.00 | 340.00 |
| 05/05/2025 | RSM | B230 | Review and analyze cash collateral stipulation with PNC and the Court's order | 0.20 | 880.00 | 176.00 |
| 05/05/2025 | RSM | B230 | Review and analyze correspondence from M. Lubic claiming a default under the cash collateral stipulation | 0.10 | 880.00 | 88.00 |
| 05/06/2025 | MLS | B230 | Strategize regarding cash collateral resolution with PNC Bank. | 0.20 | 600.00 | 120.00 |
| 05/06/2025 | RSM | B230 | Call with M. Lubic regarding cash collateral terms | 0.50 | 880.00 | 440.00 |
| 05/07/2025 | RSM | B230 | Call with B. Weiss regarding the discussions with PNC concerning cash collateral use | 0.20 | 880.00 | 176.00 |

| 05/08/2025 | RSM | B230 | Call with J. Shinbrot regarding cash collateral negotiations with PNC | 0.30 | 880.00 | 264.00 |
|---|---|---|---|---|---|---|
| 05/09/2025 | RSM | B230 | Call with M. Lubic regarding cash collateral terms | 0.50 | 880.00 | 440.00 |
| 05/09/2025 | RSM | B230 | Preparation of correspondence to M. Lubic regarding cash collateral terms | 0.40 | 880.00 | 352.00 |
| 05/09/2025 | RSM | B230 | Review and revise response to M. Lubic regarding the cash collateral terms | 0.10 | 880.00 | 88.00 |
| 05/09/2025 | RSM | B230 | Call with B. Weiss regarding PNC negotiations | 0.20 | 880.00 | 176.00 |
| 05/12/2025 | RSM | B230 | Preparation correspondence to M. Lubic regarding cash collateral proposal | 0.10 | 880.00 | 88.00 |
| 05/12/2025 | RSM | B230 | Preparation correspondence to B. Weiss and R. Sainos regarding negotiations with PNC | 0.40 | 880.00 | 352.00 |
| 05/12/2025 | RSM | B230 | Review and analyze and respond to correspondence from B. Weiss regarding the disputes with PNC concerning cash collateral | 0.20 | 850.00 | 170.00 |
| 05/13/2025 | MLS | B230 | Attention to emails from M. Lubic regarding cash collateral. | 0.20 | 600.00 | 120.00 |
| 05/13/2025 | MLS | B230 | Review and revise draft correspondence to M. Lubic regarding cash collateral. | 0.30 | 600.00 | 180.00 |
| 05/13/2025 | RSM | B230 | Zoom with the Debtor and F10 regarding cash collateral issues and selling equipment | 0.80 | 880.00 | 704.00 |
| 05/13/2025 | RSM | B230 | Preparation response to PNC in response that cash collateral use terminated | 1.70 | 880.00 | 1,496.00 |
| 05/13/2025 | RSM | B230 | Review and revise response to M. Lubic regarding the alleged termination of cash collateral use | 0.40 | 880.00 | 352.00 |
| 05/14/2025 | MLS | B230 | Review correspondence from M. Lubic regard cash collateral stipulation. | 0.10 | 600.00 | 60.00 |
| 05/14/2025 | RSM | B230 | Review and revise milestones for new cash collateral stipulation with PNC | 0.20 | 880.00 | 176.00 |
| 05/15/2025 | RSM | B230 | Preparation correspondence to B. Weiss regarding revised cash collateral milestones | 0.20 | 880.00 | 176.00 |
| 05/15/2025 | RSM | B230 | Review and analyze and respond to correspondence from B. Weiss regarding the milestones | 0.10 | 880.00 | 88.00 |
| 05/16/2025 | RSM | B230 | Review and analyze correspondence from C. Kurtz regarding payments to BOA | 0.20 | 880.00 | 176.00 |
| 05/16/2025 | RSM | B230 | Call with C. Kurtz regarding payments to BOA | 0.10 | 880.00 | 88.00 |
| 05/16/2025 | RSM | B230 | Preparation correspondence to M. Lubic regarding the milestones in the cash collateral stipulation | 0.10 | 880.00 | 88.00 |
| 05/19/2025 | BC | B230 | Calendar continued hearing on motion to use cash collateral | 0.10 | 0.00 | No Charge |
| 05/19/2025 | MLS | B230 | Review entered order continuing hearings on cash collateral and motion to compel. | 0.10 | 600.00 | 60.00 |
| 05/19/2025 | RSM | B230 | Call with C. Kurtz regarding a potential settlement with Pathward | 0.40 | 880.00 | 352.00 |
| 05/19/2025 | RSM | B230 | Review and analyze and respond to correspondence from R. Sainos regarding the weekly reports to PNC | 0.20 | 880.00 | 176.00 |

| 05/22/2025 | MLS | B230 | Prepare stipulation authorizing cash collateral use. | 1.20 | 600.00 | 720.00 |
|---|---|---|---|---|---|---|
| 05/22/2025 | MLS | B230 | Prepare proposed order granting cash collateral motion and approving cash collateral stipulation. | 0.40 | 600.00 | 240.00 |
| 05/22/2025 | RSM | B230 | Call with R. Sainos, C. Kurtz, and A. Puterman, and R. Sainos regarding payments to lenders, plan discussions, and other pending matters | 0.80 | 880.00 | 704.00 |
| 05/22/2025 | RSM | B230 | Review and revise cash collateral stipulation with PNC | 0.50 | 880.00 | 440.00 |
| 05/23/2025 | BC | B230 | Prepare and e-file Stipulation to Use Cash Collateral | 0.80 | 465.00 | 372.00 |
| 05/23/2025 | MLS | B230 | Review revised draft stipulation for continued use of cash collateral. | 0.10 | 600.00 | 60.00 |
| 05/23/2025 | RSM | B230 | Review and analyze PNC's edits to the cash collateral stipulation | 0.10 | 850.00 | 85.00 |
| 05/23/2025 | RSM | B230 | Preparation correspondence to Debtor and F10 regarding final cash collateral stipulation terms | 0.20 | 880.00 | 176.00 |
| 05/23/2025 | RSM | B230 | Review and revise proposed cash collateral order | 0.10 | 880.00 | 88.00 |
| 05/23/2025 | RSM | B230 | Preparation correspondence to J. Dreher regarding the potential timing of the refinance | 0.10 | 880.00 | 88.00 |
| 05/26/2025 | MLS | B230 | Review tentative rulings on motion to compel and motion for order authorizing continued use of cash collateral. | 0.10 | 600.00 | 60.00 |
| 05/27/2025 | MLS | B230 | Review entered order granting cash collateral motion and approving cash collateral stipulation. | 0.10 | 600.00 | 60.00 |
| 05/30/2025 | RSM | B230 | Review and analyze draft settlement communication to Pathward | 0.20 | 880.00 | 176.00 |
| | | **Sub-total: B230** | **Financing / Cash Collateral** | | | **10,891.00** |
| | | | | | | |
| 05/02/2025 | MLS | B310 | Review and analysis of amended proof of claim of US Bank Equipment Finance. | 0.10 | 535.00 | 53.50 |
| 05/07/2025 | MLS | B310 | Review correspondence from B. Weiss and R. Sainos regarding BOA claim related to particular vehicle and analysis thereof. | 0.30 | 600.00 | 180.00 |
| 05/09/2025 | MLS | B310 | Review correspondence from C. Kurtz regarding claims analysis and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/10/2025 | MLS | B310 | Revise and update claims matrix based on recently filed proofs of claim (.3) and prepare correspondence to C. Kurtz thereon (.1). | 0.40 | 600.00 | 240.00 |
| 05/10/2025 | MLS | B310 | Review and analysis of recorded UCC-1s. | 0.30 | 600.00 | 180.00 |
| 05/12/2025 | MLS | B310 | Review correspondence from C. Kurtz regarding claims matrix and related claims questions, and prepare response. | 0.20 | 600.00 | 120.00 |
| 05/12/2025 | MLS | B310 | Prepare template correspondence to creditors asserting unfiled pre-petition claims. | 0.30 | 600.00 | 180.00 |
| 05/12/2025 | RSM | B310 | Review and revise letter to new parties asserting claims against the Debtor | 0.30 | 880.00 | 264.00 |

| 05/13/2025 | MLS | B310 | Review correspondence from R. Sainos regarding inquiry regarding pre-petition claim and prepare response. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 05/13/2025 | MLS | B310 | Prepare correspondence to R. Tyler regarding alleged pre-petition claim. | 0.10 | 600.00 | 60.00 |
| 05/13/2025 | MLS | B310 | Prepare correspondence to Rick Reformado regarding alleged pre-petition claim. | 0.10 | 600.00 | 60.00 |
| 05/13/2025 | RSM | B310 | Review and revise letter to creditors regarding asserted claim and the POC bar date | 0.20 | 880.00 | 176.00 |
| 05/14/2025 | MLS | B310 | Exchange emails with C. Kurtz regarding claims matrix. | 0.10 | 600.00 | 60.00 |
| 05/15/2025 | BC | B310 | Review filed Proof of Claims | 2.50 | 465.00 | 1,162.50 |
| 05/15/2025 | MLS | B310 | Attention to alleged claim of R. Reformado and leave voicemail thereon. | 0.10 | 600.00 | 60.00 |
| 05/19/2025 | BC | B310 | Calendar continued hearing on motion to compel answers 341(a) questions | 0.10 | 0.00 | No Charge |
| 05/19/2025 | BC | B310 | Prepare Supplemental Proof of Service Regarding Bar Notice | 0.00 | 465.00 | No Charge |
| 05/19/2025 | MLS | B310 | Attention to R. Reformado claim inquiry telephone call thereon. | 0.20 | 600.00 | 120.00 |
| 05/19/2025 | MLS | B310 | Prepare correspondence to B. Clark regarding bar date service related to certain pending actions. | 0.10 | 600.00 | 60.00 |
| 05/21/2025 | MLS | B310 | Review correspondence from R. Reformado regarding bankruptcy filing information and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/22/2025 | MLS | B310 | Telephone conference with R. Reformado regarding alleged claim. | 0.10 | 600.00 | 60.00 |
| 05/29/2025 | MLS | B310 | Review voicemail from R. Korpi, attention to scheduled claim, and leave voicemail in response. | 0.10 | 600.00 | 60.00 |
| 05/29/2025 | MLS | B310 | Review voicemail from G. Gnome Landscaping, attention to scheduled claim, and leave voicemail in response. | 0.10 | 600.00 | 60.00 |
| 05/29/2025 | MLS | B310 | Telephone conference with R. Korbi regarding claim. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B310** | | **Claim Administration and Objections** | | | **3,396.00** |
| | | | | | | |
| 05/02/2025 | RSM | B320 | Call with R. Zur regarding settlement discussions related to MWP and MWP creditors and the plan | 0.60 | 850.00 | 510.00 |
| 05/05/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding plan projections and prepare response. | 0.10 | 600.00 | 60.00 |
| 05/05/2025 | RSM | B320 | Review and analyze issues related to revised plan treatment for the GUC | 0.30 | 880.00 | 264.00 |
| 05/05/2025 | SMM | B320 | Research case law re ███████████████ | 2.10 | 495.00 | 1,039.50 |
| 05/05/2025 | SMM | B320 | Review and analyze researched case pleadings re research ██████████████ | 0.40 | 495.00 | 198.00 |
| 05/06/2025 | MLS | B320 | Review correspondence from C. Kurtz and B. Weiss regarding plan projection revisions. | 0.10 | 600.00 | 60.00 |
| 05/06/2025 | MLS | B320 | Prepare notice of hearing on disclosure statement. | 0.20 | 600.00 | 120.00 |

| 05/09/2025 | RSM | B320 | Call with C. Kurtz regarding negotiations secured lenders | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 05/09/2025 | RSM | B320 | Call with B. Weiss regarding setting the disclosure statement hearing | 0.20 | 880.00 | 176.00 |
| 05/09/2025 | RSM | B320 | Preparation of correspondence to B. Weiss regarding the disclosure statement | 0.20 | 880.00 | 176.00 |
| 05/14/2025 | RSM | B320 | Preparation proposed revised plan treatment for John Deere | 0.50 | 880.00 | 440.00 |
| 05/14/2025 | RSM | B320 | Review and revise notice of disclosure statement hearing | 0.10 | 880.00 | 88.00 |
| 05/15/2025 | MLS | B320 | Revise disclosure statement notice. | 0.10 | 600.00 | 60.00 |
| 05/16/2025 | MLS | B320 | Attention to disclosure statement and comms with R. Marticello thereon. | 0.10 | 600.00 | 60.00 |
| 05/19/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding claims matrix for projections. | 0.10 | 600.00 | 60.00 |
| 05/19/2025 | MLS | B320 | Revise notice of hearing on disclosure statement. | 0.70 | 600.00 | 420.00 |
| 05/19/2025 | RSM | B320 | Review and revise disclosure statement hearing notice | 0.20 | 880.00 | 176.00 |
| 05/20/2025 | RSM | B320 | Call with M. Goldberg regarding RSA with Altec | 0.10 | 880.00 | 88.00 |
| 05/21/2025 | BC | B320 | Calendar hearing on Disclosure Statement and related deadlines | 0.00 | 465.00 | No Charge |
| 05/21/2025 | RSM | B320 | Call with R. Zur regarding settlement discussions with the Examiner and MWP | 0.50 | 880.00 | 440.00 |
| 05/21/2025 | RSM | B320 | Preparation memo to the Debtor's team regarding the disclosure statement | 0.30 | 880.00 | 264.00 |
| 05/22/2025 | MLS | B320 | Review draft proposed plan treatment and settlement terms with Altec. | 0.20 | 600.00 | 120.00 |
| 05/22/2025 | MLS | B320 | Prepare draft plan support agreement with Altec. | 1.50 | 600.00 | 900.00 |
| 05/22/2025 | MLS | B320 | Prepare template of plan ballot. | 0.40 | 600.00 | 240.00 |
| 05/23/2025 | RSM | B320 | Call with R. Zur and T. Ringstad regarding potential settlement with respect to MWP | 0.80 | 880.00 | 704.00 |
| 05/23/2025 | RSM | B320 | Call with R. Zur regarding potential settlement involving MWP | 0.20 | 880.00 | 176.00 |
| 05/23/2025 | RSM | B320 | Review and analyze and respond to correspondence from J. Macleod regarding John Deere's plan treatment | 0.10 | 880.00 | 88.00 |
| 05/23/2025 | RSM | B320 | Preparation correspondence to counsel for Hamni Bank regarding its treatment in the plan | 0.10 | 880.00 | 88.00 |
| 05/27/2025 | MLS | B320 | Prepare plan support agreement with Altec. | 1.10 | 600.00 | 660.00 |
| 05/27/2025 | RSM | B320 | Review and analyze and respond to correspondence from M. Goldberg regarding a plan support agreement | 0.10 | 880.00 | 88.00 |
| 05/28/2025 | RSM | B320 | Call with C. Kurtz regarding potential revised and settlement treatment with Pathward | 0.30 | 880.00 | 264.00 |
| 05/28/2025 | RSM | B320 | Review and analyze analysis from F10 regarding the potential revised and settlement treatment with Pathward | 0.40 | 880.00 | 352.00 |

| 05/28/2025 | RSM | B320 | Preparation of correspondence to K. Catanzarite regarding the disclosure statement hearing | 0.10 | 880.00 | 88.00 |
|---|---|---|---|---|---|---|
| 05/28/2025 | RSM | B320 | Preparation correspondence to C. Kurtz regarding the potential settlement with Pathward | 0.20 | 880.00 | 176.00 |
| 05/28/2025 | RSM | B320 | Preparation RSA with Altec and related research | 2.80 | 880.00 | 2,464.00 |
| 05/29/2025 | MLS | B320 | Attention to plan support agreement with Altec and discuss with R. Marticello. | 0.10 | 600.00 | 60.00 |
| 05/29/2025 | MLS | B320 | Review revised draft plan support agreement with Altec. | 0.20 | 600.00 | 120.00 |
| 05/29/2025 | RSM | B320 | Preparation correspondence to K. Catazarite concerning the overbid procedures | 0.30 | 880.00 | 264.00 |
| 05/29/2025 | RSM | B320 | Preparation plan support agreement | 2.20 | 880.00 | 1,936.00 |
| 05/29/2025 | RSM | B320 | Review and analyze B. Weiss's edits to the plan support agreement | 0.10 | 880.00 | 88.00 |
| 05/29/2025 | RSM | B320 | Preparation of plan support agreement and revised plan terms | 1.60 | 880.00 | 1,408.00 |
| | **Sub-total: B320** | | **Plan and Disclosure Statement** | | | **15,423.50** |

|  |  |
|---|---|
| Sub-total Fees: | $78,854.50 |

|  |  |
|---|---|
| Total Current Billing: | **$78,854.50** |
| Previous Balance Due: | $634,019.91 |
| Total Payments: | ($634,019.91) |
| **Total Now Due:** | **$78,854.50** |

**Rate Summary**

| | | |
|---|---|---|
| Bambi Clark | 0.20 hours at $0.00/hr | $0.00 |
| Bambi Clark | 13.10 hours at $465.00/hr | $6,091.50 |
| Robert S. Marticello | 9.90 hours at $850.00/hr | $8,415.00 |
| Robert S. Marticello | 55.60 hours at $880.00/hr | $48,928.00 |
| Stephen M. Mott | 4.20 hours at $495.00/hr | $2,079.00 |
| Michael L. Simon | 0.60 hours at $535.00/hr | $321.00 |
| Michael L. Simon | 21.70 hours at $600.00/hr | $13,020.00 |
| Total hours: | 105.30 | $78,854.50 |

**Payments**

| | | | |
|---|---|---|---|
| 06/25/2025 | Payment | WIRE: THE ORIGINAL MOWBRAYS TREE SERVICE | 525,000.00 |
| 07/11/2025 | Payment | WIRE: THE ORIGINAL MOWBRAYS TREE SERVICE | 75,000.00 |
| 08/19/2025 | Payment | WIRE: THE ORIGINAL MOWBRAYS TREE SERVICE | 34,019.91 |

EXHIBIT FF

                                                    _____
                                    Sub-total Payments:    $634,019.91


**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
    Wells Fargo Bank, N.A.
    Routing No.: 121000248
    Account No.: 4941981821
    BIC/Swift Code: WFBIUS6S
    Account Title: Raines Feldman Littrell LLP
    Client Name & Invoice #

**Pay by Check via Mail**:
    Raines Feldman Littrell LLP
    PO Box 848574
    Los Angeles, CA 90084-8574



**Raines Feldman Littrell LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 10/27/2025**
**Invoice Number: 140669**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 06/02/2025 | RSM | B130 | Review and analyze and respond to correspondence from R. Sainos regarding equipment to be sold | 0.10 | 880.00 | 88.00 |
| 06/05/2025 | RSM | B130 | Review and analyze equipment sale schedule | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B130** | | **Asset Disposition** | | | **264.00** |
| 06/02/2025 | MLS | B140 | Prepare joint status report on Pathward motion for relief from stay and various forms of relief. | 1.20 | 600.00 | 720.00 |
| 06/02/2025 | RSM | B140 | Preparation status report for Pathward motion | 0.40 | 880.00 | 352.00 |
| 06/03/2025 | MLS | B140 | Review offer from T. Shuck and Pathward and analysis of draft counter. | 0.20 | 600.00 | 120.00 |
| 06/03/2025 | MLS | B140 | Prepare response to motion for relief from stay filed by AmeriCredit Financial Services dba GM Financial. | 0.90 | 600.00 | 540.00 |
| 06/03/2025 | RSM | B140 | Review and revise joint status report with Pathward | 0.50 | 880.00 | 440.00 |
| 06/03/2025 | RSM | B140 | Review and revise joint status report with Pathward based on comments from F10 | 0.30 | 880.00 | 264.00 |
| 06/04/2025 | BC | B140 | Prepare and e-file Debtor's Response to AmeriCredit's Motion for Relief from Stay | 0.40 | 465.00 | 186.00 |
| 06/04/2025 | MLS | B140 | Revise draft joint status report re Pathward's motion for relief from stay. | 0.20 | 600.00 | 120.00 |
| 06/04/2025 | MLS | B140 | Review and analysis of proposed drafts on joint status report regarding Pathward's motion for relief from stay. | 0.20 | 600.00 | 120.00 |
| 06/04/2025 | MLS | B140 | Revise opposition to motion of Americredit Financial Services for relief from stay. | 0.20 | 600.00 | 120.00 |
| 06/04/2025 | RSM | B140 | Review and analyze revised status report from T. Shuck, revise further, and preparation of response to T. Shuck with further settlement offer | 0.70 | 880.00 | 616.00 |
| 06/04/2025 | RSM | B140 | Preparation correspondence to B. Weiss and R. Sainos regarding the terms of the counteroffer to Pathward | 0.30 | 880.00 | 264.00 |

| 06/04/2025 | RSM | B140 | Review and analyze further revised status report from T. Shuck and sign | 0.20 | 880.00 | 176.00 |
| 06/05/2025 | RSM | B140 | Call with C. Kurtz regarding the negotiations with Pathward | 0.20 | 880.00 | 176.00 |
| 06/05/2025 | RSM | B140 | Preparation counteroffer for Pathward | 0.50 | 880.00 | 440.00 |
| 06/06/2025 | RSM | B140 | Preparation counteroffer to T. Shuck | 0.40 | 880.00 | 352.00 |
| 06/09/2025 | MLS | B140 | Review and analysis of counter-offer from T. Shuck. | 0.20 | 600.00 | 120.00 |
| 06/09/2025 | RSM | B140 | Review and analyze and respond to correspondence from C. Kurtz regarding the counteroffer from Pathward | 0.20 | 880.00 | 176.00 |
| 06/10/2025 | RSM | B140 | Preparation correspondence to T. Shuck in response to his settlement counteroffer | 0.30 | 880.00 | 264.00 |
| 06/11/2025 | RSM | B140 | Review and analyze and respond to correspondence from T. Shuck regarding the settlement discussions and the amount allegedly owed to Pathward | 0.30 | 880.00 | 264.00 |
| 06/11/2025 | RSM | B140 | Preparation for hearing on Pathward's motion | 0.30 | 880.00 | 264.00 |
| 06/12/2025 | MLS | B140 | Review and analysis of proposed term with Pathward. | 0.20 | 600.00 | 120.00 |
| 06/13/2025 | MLS | B140 | Attention to motion for relief from stay filed by AmeriCredit Financial Services and leave voicemail for creditor's counsel thereon. | 0.10 | 600.00 | 60.00 |
| 06/13/2025 | RSM | B140 | Call with C. Kurtz and M. Simon regarding settlement terms with Pathward | 0.50 | 880.00 | 440.00 |
| 06/13/2025 | RSM | B140 | Preparation revised settlement terms for Pathward and correspondence to MTS regarding the same | 0.60 | 880.00 | 528.00 |
| 06/13/2025 | RSM | B140 | Preparation correspondence to T. Shuck with revised settlement terms | 0.30 | 880.00 | 264.00 |
| 06/13/2025 | RSM | B140 | Review and analyze and respond to correspondence from T. Shuck regarding settlement | 0.20 | 880.00 | 176.00 |
| 06/13/2025 | RSM | B140 | Review and analyze and respond to correspondence from T. Shuck regarding the Plan effective date | 0.20 | 880.00 | 176.00 |
| 06/13/2025 | RSM | B140 | Review and analyze and respond to correspondence from T. Shuck concerning the June payment | 0.20 | 880.00 | 176.00 |
| 06/14/2025 | RSM | B140 | Preparation correspondence to T. Shuck with final settlement terms | 0.30 | 880.00 | 264.00 |
| 06/16/2025 | MLS | B140 | Analysis of issues and law for hearing on Pathward motion for relief from stay. | 0.30 | 600.00 | 180.00 |
| 06/16/2025 | MLS | B140 | Review correspondence from B. Patterson at Alaw regarding AmeriCredit Financial Services' motion for relief from stay and prepare response regarding proposed resolution. | 0.30 | 600.00 | 180.00 |
| 06/16/2025 | MLS | B140 | Review revised proposed stipulation and order regarding Pathward motion for relief from stay and related relief. | 0.20 | 600.00 | 120.00 |
| 06/16/2025 | MLS | B140 | Prepare proposed order granting relief from stay to AmeriCredit Financial Services. | 0.40 | 600.00 | 240.00 |
| 06/16/2025 | MLS | B140 | Prepare stipulation to resolve motion of AmeriCredit Financial for relief from the automatic stay. | 0.40 | 600.00 | 240.00 |

| 06/16/2025 | MLS | B140 | Prepare correspondence to M. Jafarnia regarding stipulation and order to resolve AmeriCredit Financial's motion for relief from the automatic stay. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 06/16/2025 | RSM | B140 | Review and revise stipulation to continue the Pathward motion | 0.40 | 880.00 | 352.00 |
| 06/16/2025 | RSM | B140 | Preparation for hearing on Pathward's motion (review pleadings, agreements, case law, and statutes) | 2.60 | 880.00 | 2,288.00 |
| 06/16/2025 | RSM | B140 | Continued preparation for hearing on Pathward's motion (review pleadings, agreements, case law, and statutes) | 3.10 | 880.00 | 2,728.00 |
| 06/17/2025 | MLS | B140 | Review entered order approving stipulation with Pathward. | 0.10 | 600.00 | 60.00 |
| 06/17/2025 | MLS | B140 | Prepare correspondence to AmeriCredit Financial Services' counsel regarding stipulation and order re relief from stay. | 0.10 | 600.00 | 60.00 |
| 06/17/2025 | MLS | B140 | Review tentative ruling for AmeriCredit Financial Services motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 06/18/2025 | MLS | B140 | Review correspondence from B. Patterson regarding AmeriCredit Financial Services motion for relief from stay and prepare response. | 0.20 | 600.00 | 120.00 |
| 06/18/2025 | MLS | B140 | Review correspondence from B. Patterson regarding stay relief order. | 0.10 | 600.00 | 60.00 |
| 06/18/2025 | MLS | B140 | Monitor hearing on AmeriCredit's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 06/25/2025 | MLS | B140 | Review entered order granting motion for relief from stay of AmeriCredit Financial Services. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B140** | | **Relief-Stay/Adequate Protection** | | | **15,166.00** |
| | | | | | | |
| 06/02/2025 | MLS | B160 | Review emails from J. Zayicek and Q. Nguyen regarding RFL fee application, including request for extension to respond. | 0.10 | 600.00 | 60.00 |
| 06/03/2025 | SMM | B160 | Review, analyze, and respond to email from R Marticello re ordinary course professional deadlines and payment protocol | 0.40 | 495.00 | 198.00 |
| 06/09/2025 | MLS | B160 | Review correspondence from Q. Nguyen regarding fee application and disclosure statement, and attention thereto. | 0.20 | 600.00 | 120.00 |
| 06/16/2025 | MLS | B160 | Review tentative ruling for first interim fee applications of RFL and GT. | 0.10 | 600.00 | 60.00 |
| 06/16/2025 | MLS | B160 | Prepare draft omnibus order approving first interim fee applications of RFL and GT. | 0.50 | 600.00 | 300.00 |
| 06/17/2025 | MLS | B160 | Revise draft fee order. | 0.10 | 600.00 | 60.00 |
| 06/17/2025 | MLS | B160 | Prepare correspondence to J. Teeple regarding draft order approving fee applications. | 0.10 | 600.00 | 60.00 |
| 06/17/2025 | MLS | B160 | Review correspondence from J. Teeple regarding draft fee order. | 0.10 | 600.00 | 60.00 |
| 06/18/2025 | MLS | B160 | Review entered order approving first interim fee applications of RFL and GT. | 0.10 | 600.00 | 60.00 |

| 06/23/2025 | MLS | B160 | Exchange emails with R. Sainos regarding May invoice. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 06/24/2025 | MLS | B160 | Exchange emails with R. Sainos regarding professional fees. | 0.10 | 600.00 | 60.00 |
| 06/27/2025 | MLS | B160 | Review correspondence from R. Sainos regarding S. McAdam fees, attention to ordinary course professional procedures, and prepare response. | 0.20 | 600.00 | 120.00 |
| | **Sub-total: B160** | | **Fee Applications/Objections** | | | **1,218.00** |
| | | | | | | |
| 06/04/2025 | RSM | B170 | Attention to service of declarations pursuant to the OCP motion | 0.10 | 880.00 | 88.00 |
| 06/05/2025 | MLS | B170 | Review ordinary course professional employment procedures approved by court, review Squire Patton Boggs declaration, and prepare instructions to staff thereon. | 0.20 | 600.00 | 120.00 |
| 06/05/2025 | MLS | B170 | Review declaration from Soren McAdam regarding ordinary course professional employment and prepare correspondence to J. Horzen thereon. | 0.20 | 600.00 | 120.00 |
| 06/05/2025 | SMM | B170 | Review individual ordinary course professional declarations for filing | 0.20 | 495.00 | 99.00 |
| 06/20/2025 | MLS | B170 | Review correspondence from B. Weiss regarding Ritchie Brothers employment and sale procedures, and prepare response. | 0.20 | 600.00 | 120.00 |
| 06/20/2025 | MLS | B170 | Exchange emails with R. Sainos regarding auctioneer. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B170** | | **Employment Applications/Objections** | | | **607.00** |
| | | | | | | |
| 06/06/2025 | MLS | B190 | Zoom meeting regarding T. Ringstad proposal and various other case matters. | 1.50 | 600.00 | 900.00 |
| 06/09/2025 | RSM | B190 | Preparation response to examiner on MWP lease and rent | 0.60 | 880.00 | 528.00 |
| 06/09/2025 | RSM | B190 | Preparation of correspondence to MTS and F10 regarding examiner request for an extension | 0.10 | 880.00 | 88.00 |
| 06/10/2025 | MLS | B190 | Prepare stipulation regarding mediation with Waterman, R. Mowbray, PNC, and R. Jordan. | 0.90 | 600.00 | 540.00 |
| 06/10/2025 | MLS | B190 | Prepare proposed order approving stipulation regarding mediation. | 0.50 | 600.00 | 300.00 |
| 06/10/2025 | RSM | B190 | Call with T. Ringstad regarding the extension of the examiner's deadline | 0.20 | 880.00 | 176.00 |
| 06/11/2025 | MLS | B190 | Review draft stipulation and order to extend deadline to submit examiner's report. | 0.20 | 600.00 | 120.00 |
| 06/11/2025 | RSM | B190 | Calls with T. Ringstad regarding the stipulation to extend the examiner's report deadline | 0.10 | 880.00 | 88.00 |
| 06/11/2025 | RSM | B190 | Review and revise the stipulation to extend the examiner's report deadline | 0.20 | 880.00 | 176.00 |
| 06/11/2025 | RSM | B190 | Preparation response to examiner on the rent question | 0.20 | 880.00 | 176.00 |
| 06/12/2025 | RSM | B190 | Call with T. Ringstad regarding discussions with creditors | 0.20 | 880.00 | 176.00 |

| 06/17/2025 | MLS | B190 | Review and analysis of notices of deposition and subpoenas for R. Sainos and R. Mowbray from A. Tiller. | 0.30 | 600.00 | 180.00 |
|---|---|---|---|---|---|---|
| 06/17/2025 | RSM | B190 | Call with R. Zur regarding the Rodriguez Plaintiffs' subpoenas and Plan terms | 0.80 | 880.00 | 704.00 |
| 06/17/2025 | RSM | B190 | Review and analyze notice of deposition by A. Tiller and begin preparation of objection in response | 0.50 | 880.00 | 440.00 |
| 06/18/2025 | MLS | B190 | Legal research regarding 2004 examination scopes and significance of deponents' capacity. | 1.20 | 600.00 | 720.00 |
| 06/18/2025 | MLS | B190 | Prepare objection to deposition notices of R. Sainos and R. Mowbray. | 2.60 | 600.00 | 1,560.00 |
| 06/18/2025 | MLS | B190 | Telephone conference with R. Marticello regarding deposition notices for R. Mowbray and R. Sainos, and analysis thereof. | 0.40 | 600.00 | 240.00 |
| 06/19/2025 | MLS | B190 | Prepare objection to R. Sainos and R. Mowbray deposition notices and subpoenas. | 2.00 | 600.00 | 1,200.00 |
| 06/25/2025 | MLS | B190 | Review correspondence from B. Weiss and C. Kurtz regarding Bank of America claim and analysis thereof. | 0.20 | 600.00 | 120.00 |
| 06/26/2025 | MLS | B190 | Zoom meeting with R. Mowbray, R. Sainos, R. Marticello and R. Zur regarding depositions. | 0.80 | 600.00 | 480.00 |
| 06/26/2025 | RSM | B190 | Call with R. Sainos, R. Mowbray, R. Zur, and M. Simon regarding the depositions | 0.90 | 880.00 | 792.00 |
| 06/30/2025 | RSM | B190 | Call with R. Sainos and R. Mowbray and R. Zur regarding deposition preparation | 0.60 | 880.00 | 528.00 |
| | | **Sub-total: B190** | **Other Contested Matters/ Omnibus Hearing** | | | **10,232.00** |
| | | | | | | |
| 06/10/2025 | RSM | B200 | Preparation correspondence to T. Ringstad regarding his request for an extension | 0.20 | 880.00 | 176.00 |
| | | **Sub-total: B200** | **Adversary Actions** | | | **176.00** |
| | | | | | | |
| 06/03/2025 | MLS | B205 | Prepare correspondence to J. Siu regarding documents for appeal of Rodriguez creditors' judgment. | 0.20 | 600.00 | 120.00 |
| 06/03/2025 | RSM | B205 | Call with P. Batalden regarding insurance inquiry | 0.10 | 880.00 | 88.00 |
| 06/03/2025 | RSM | B205 | Review and analyze order on motion for fees in the Rodriguez matter | 0.20 | 880.00 | 176.00 |
| 06/09/2025 | RSM | B205 | Zoom meeting with insurer and counsel regarding settlement proposal | 0.40 | 880.00 | 352.00 |
| | | **Sub-total: B205** | **State Court Matters** | | | **736.00** |
| | | | | | | |
| 06/02/2025 | RSM | B230 | Review and analyze cash flow reporting for May 23 | 0.20 | 880.00 | 176.00 |
| 06/05/2025 | MLS | B230 | Prepare correspondence to R. Sainos regarding Force 10 budgeted payment. | 0.10 | 600.00 | 60.00 |
| 06/25/2025 | MLS | B230 | Review correspondence from A. Puterman regarding cash collateral budget and prepare response. | 0.10 | 600.00 | 60.00 |
| | | **Sub-total: B230** | **Financing / Cash Collateral** | | | **296.00** |

| 06/02/2025 | BC | B235 | Prepare Monthly Operating Report April 2025 | 0.10 | 465.00 | 46.50 |
|---|---|---|---|---|---|---|
| 06/02/2025 | MLS | B235 | Review correspondence from K. Meecham regarding April MOR and prepare response. | 0.10 | 600.00 | 60.00 |
| 06/02/2025 | MLS | B235 | Review draft April MOR. | 0.20 | 600.00 | 120.00 |
| | **Sub-total: B235** | **Financial Filings** | | | | **226.50** |

| 06/10/2025 | MLS | B310 | Legal research regarding ███████████. | 0.40 | 600.00 | 240.00 |
|---|---|---|---|---|---|---|
| 06/17/2025 | MLS | B310 | Review correspondence from Veritread regarding lack of claim. | 0.10 | 600.00 | 60.00 |
| 06/18/2025 | RSM | B310 | Call with C. Kurtz regarding the BOA claim | 0.10 | 880.00 | 88.00 |
| 06/20/2025 | MLS | B310 | Review amended proof of claim from IRS. | 0.10 | 600.00 | 60.00 |
| 06/20/2025 | MLS | B310 | Review amended POCs from IRS, R. Reformado and US Bank, and prepare correspondence to C. Kurtz and A. Puterman thereon. | 0.20 | 600.00 | 120.00 |
| 06/27/2025 | MLS | B310 | Review correspondence from K. Alas regarding alleged claim and prepare response regarding notice of bar date. | 0.20 | 600.00 | 120.00 |
| | **Sub-total: B310** | **Claim Administration and Objections** | | | | **688.00** |

| 06/02/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding draft settlement with Altec and review and analysis of underlying spreadsheet. | 0.40 | 600.00 | 240.00 |
|---|---|---|---|---|---|---|
| 06/02/2025 | RSM | B320 | Call with C. Kurtz regarding the meeting with Pathward regarding plan treatment | 0.20 | 880.00 | 176.00 |
| 06/02/2025 | RSM | B320 | Call with C. Kurtz regarding the his call with Pathward and next steps | 0.30 | 880.00 | 264.00 |
| 06/02/2025 | RSM | B320 | Review and analyze correspondence from Altec regarding the proposed plan treatment and outstanding issues | 0.20 | 880.00 | 176.00 |
| 06/03/2025 | RSM | B320 | Call with C. Kurtz regarding negotiations with Pathward, Altec, and BOA | 0.40 | 880.00 | 352.00 |
| 06/03/2025 | RSM | B320 | Review and analyze correspondence from T. Shuck responding to the proposed plan treatment for Pathward | 0.10 | 880.00 | 88.00 |
| 06/03/2025 | RSM | B320 | Call with C. Kurtz regarding Pathward response to the proposed plan treatment for Pathward | 0.30 | 880.00 | 264.00 |
| 06/03/2025 | RSM | B320 | Preparation memo to R. Sainos and B. Weiss regarding negotiations with Pathward and proposed counteroffer terms | 0.70 | 880.00 | 616.00 |
| 06/03/2025 | RSM | B320 | Review and analyze and respond to correspondence from C. Kurtz regarding proposed counteroffer to Pathward | 0.10 | 880.00 | 88.00 |
| 06/03/2025 | RSM | B320 | Review and analyze and respond to correspondence from B. Weiss regarding proposed counteroffer to Pathward | 0.10 | 880.00 | 88.00 |

| 06/03/2025 | RSM | B320 | Preparation correspondence to J. McCloud to confirm agreement with John Deere | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 06/03/2025 | RSM | B320 | Review and analyze correspondence from C. Kurtz and P. Wetzel regarding the proposed plan treatment | 0.10 | 880.00 | 88.00 |
| 06/04/2025 | RSM | B320 | Review and analyze correspondence from J. Macleod regarding the terms of the agreement with John Deere | 0.10 | 880.00 | 88.00 |
| 06/04/2025 | RSM | B320 | Review and revise the plan support agreement with Altec | 0.40 | 880.00 | 352.00 |
| 06/05/2025 | MLS | B320 | Review and analysis of response from T. Shuck regarding settlement offer. | 0.10 | 600.00 | 60.00 |
| 06/05/2025 | RSM | B320 | Call with T. Ringstad regarding potential proposal for amending the plan | 0.30 | 880.00 | 264.00 |
| 06/05/2025 | RSM | B320 | Call with C. Kurtz regarding the call with T. Ringstad regarding potential proposal for amending the plan | 0.30 | 880.00 | 264.00 |
| 06/05/2025 | RSM | B320 | Preparation correspondence to C. Kurtz regarding negotiations with John Deere | 0.10 | 880.00 | 88.00 |
| 06/05/2025 | RSM | B320 | Preparation of correspondence to Debtor and F10 regarding potential plan amendment based on discussions with the examiner | 0.30 | 880.00 | 264.00 |
| 06/06/2025 | MLS | B320 | Review and analysis of correspondence from R. Marticello and B. Weiss regarding T. Ringstad proposal. | 0.20 | 600.00 | 120.00 |
| 06/06/2025 | RSM | B320 | Call with MTS team and F10 regarding terms of the Plan based on examiner's input and other pending issues | 1.50 | 880.00 | 1,320.00 |
| 06/06/2025 | RSM | B320 | Preparation correspondence to J. Macleod regarding the plan treatment for John Deere | 0.20 | 880.00 | 176.00 |
| 06/07/2025 | RSM | B320 | Preparation argument regarding ██████████ ███████████████ | 1.00 | 880.00 | 880.00 |
| 06/09/2025 | MLS | B320 | Zoom meeting with Examiner, Examiner's counsel, and MTS team regarding plan. | 1.00 | 600.00 | 600.00 |
| 06/09/2025 | RSM | B320 | Zoom among MTS, F10, and Examiner and counsel regarding the plan terms | 1.00 | 880.00 | 880.00 |
| 06/09/2025 | RSM | B320 | Preparation correspondence to Q. Ng regarding the fee application and the Disclosure Statement hearing | 0.20 | 880.00 | 176.00 |
| 06/09/2025 | RSM | B320 | Preparation revised plan terms for examiner proposal | 0.40 | 880.00 | 352.00 |
| 06/10/2025 | MLS | B320 | Review and analysis of draft free cash flow language. | 0.20 | 600.00 | 120.00 |
| 06/10/2025 | MLS | B320 | Attention to continuation of disclosure statement. | 0.10 | 600.00 | 60.00 |
| 06/10/2025 | RSM | B320 | Call with B. Weiss regarding the new plan provisions | 0.20 | 880.00 | 176.00 |
| 06/10/2025 | RSM | B320 | Further call with B. Weiss regarding the new plan provisions and other matters | 0.20 | 880.00 | 176.00 |
| 06/10/2025 | RSM | B320 | Call with R. Sainos, R. Mowbray, and R. Mowbray regarding the plan and other matters | 1.00 | 880.00 | 880.00 |
| 06/10/2025 | RSM | B320 | Call with M. Lubic regarding the extension of the examiner's deadline and the disclosure statement hearing | 0.60 | 880.00 | 528.00 |
| 06/10/2025 | RSM | B320 | Preparation new plan provisions for proposal to examiner | 2.80 | 880.00 | 2,464.00 |

| 06/10/2025 | RSM | B320 | Call with R. Zur regarding mediation | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 06/11/2025 | MLS | B320 | Review correspondence from T. Shuck regarding Pathward plan treatment. | 0.10 | 600.00 | 60.00 |
| 06/11/2025 | RSM | B320 | Preparation correspondence to R. Sainos and B. Weiss regarding the request to continue the Disclosure Statement hearing | 0.20 | 880.00 | 176.00 |
| 06/11/2025 | RSM | B320 | Review and analyze and respond to correspondence from M. Goldberg regarding the proposed RSA and changes thereto | 0.20 | 880.00 | 176.00 |
| 06/11/2025 | RSM | B320 | Calls with T. Ringstad regarding the continuance of the disclosure statement (.1 and.1) | 0.20 | 880.00 | 176.00 |
| 06/13/2025 | MLS | B320 | Review entered order approving stipulation to continue examiner's report deadline and disclosure statement hearing. | 0.10 | 600.00 | 60.00 |
| 06/13/2025 | MLS | B320 | Telephone conference with R. Marticello and C. Kurtz regarding treatment for different creditors. | 0.40 | 600.00 | 240.00 |
| 06/13/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding Altec treatment language. | 0.10 | 600.00 | 60.00 |
| 06/13/2025 | RSM | B320 | Call with R. Zur regarding deposition scheduling and settlement discussions | 0.30 | 880.00 | 264.00 |
| 06/13/2025 | RSM | B320 | Review and revise revised GUC plan treatment for discussions with the examiner | 1.40 | 880.00 | 1,232.00 |
| 06/16/2025 | MLS | B320 | Review correspondence from T. Shuck regarding Pathward plan treatment. | 0.10 | 600.00 | 60.00 |
| 06/16/2025 | RSM | B320 | Call with B. Weiss regarding the revised plan treatment for the proposal to the examiner | 0.10 | 880.00 | 88.00 |
| 06/16/2025 | RSM | B320 | Review and revise amended plan treatment for proposal to the examiner | 0.50 | 880.00 | 440.00 |
| 06/16/2025 | RSM | B320 | Preparation of PSA with Pathward and revised plan treatment | 1.30 | 880.00 | 1,144.00 |
| 06/16/2025 | RSM | B320 | Preparation settlement proposal for John Deere related to the plan | 0.20 | 880.00 | 176.00 |
| 06/17/2025 | RSM | B320 | Call with C. Kurtz regarding revised treatment for Pathward | 0.30 | 880.00 | 264.00 |
| 06/17/2025 | RSM | B320 | Preparation PSA and revised plan treatment for Pathward | 2.20 | 880.00 | 1,936.00 |
| 06/17/2025 | RSM | B320 | Review and revise amended plan language for the examiner | 0.20 | 880.00 | 176.00 |
| 06/17/2025 | RSM | B320 | Call with C. Kurtz regarding the consensual plan treatment and the PSA with Altec | 0.70 | 880.00 | 616.00 |
| 06/17/2025 | RSM | B320 | Preparation revised plan treatment for Altec and revise PSA based on Altec's comments | 2.70 | 880.00 | 2,376.00 |
| 06/18/2025 | MLS | B320 | Strategize regarding potential plan amendments. | 0.40 | 600.00 | 240.00 |
| 06/18/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding Bank of America plan treatment. | 0.10 | 600.00 | 60.00 |
| 06/18/2025 | MLS | B320 | Review correspondence from Q. Ng regarding disclosure statement and analysis thereof. | 0.20 | 600.00 | 120.00 |

| 06/18/2025 | RSM | B320 | Call with C. Kurtz regarding the revised Altec plan treatment | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 06/18/2025 | RSM | B320 | Call with T. Ringstad regarding the potential revised plan term | 0.50 | 880.00 | 440.00 |
| 06/18/2025 | RSM | B320 | Call with R. Zur regarding the revised plan treatment | 0.80 | 880.00 | 704.00 |
| 06/18/2025 | RSM | B320 | Review and analyze issues regarding potential implications of revised plan terms | 0.50 | 880.00 | 440.00 |
| 06/18/2025 | RSM | B320 | Preparation outline for potential revised plan | 0.40 | 880.00 | 352.00 |
| 06/18/2025 | RSM | B320 | Review and revise revised plan treatment and PSA for Altec | 1.20 | 880.00 | 1,056.00 |
| 06/18/2025 | RSM | B320 | Review and revise PSA and revised plan treatment for Pathward | 1.40 | 880.00 | 1,232.00 |
| 06/18/2025 | SMM | B320 | Review, analyze, and respond to email from C Kurtz re equipment lease schedule documents | 0.10 | 495.00 | 49.50 |
| 06/19/2025 | RSM | B320 | Call with B. Weiss regarding potential plan amendments (.2 and.2) | 0.30 | 880.00 | 264.00 |
| 06/19/2025 | RSM | B320 | Review and analyze of B. Weiss's edits to Plan proposal | 0.20 | 880.00 | 176.00 |
| 06/19/2025 | RSM | B320 | Call with R. Zur regarding the potential joint plan terms | 0.20 | 880.00 | 176.00 |
| 06/20/2025 | MLS | B320 | Review and analysis of plan proposal to examiner. | 0.20 | 600.00 | 120.00 |
| 06/20/2025 | MLS | B320 | Zoom meeting with B. Weiss and team regarding potential plan amendments. | 0.80 | 600.00 | 480.00 |
| 06/20/2025 | RSM | B320 | Call with T. Shuck regarding the PSA and revised plan revisions | 0.20 | 880.00 | 176.00 |
| 06/20/2025 | RSM | B320 | Zoom with B. Weiss and MTS regarding proposed amended plan settlement | 0.90 | 880.00 | 792.00 |
| 06/20/2025 | RSM | B320 | Call with R. Sainos regarding potential amended plan | 0.20 | 880.00 | 176.00 |
| 06/20/2025 | RSM | B320 | Call with R. Zur regarding potential amended plan | 0.40 | 880.00 | 352.00 |
| 06/20/2025 | RSM | B320 | Call with C. Kurtz regarding the negotiations with Altec and other matters | 0.40 | 880.00 | 352.00 |
| 06/20/2025 | RSM | B320 | Review and revise amended plan settlement term sheet | 0.50 | 880.00 | 440.00 |
| 06/20/2025 | RSM | B320 | Review and analyze and revise the amended plan settlement term sheet based on B. Weiss's further edits | 0.40 | 880.00 | 352.00 |
| 06/20/2025 | RSM | B320 | Review and analyze and make further revisions to the Pathward PSA based on edits from T. Shuck | 0.50 | 880.00 | 440.00 |
| 06/20/2025 | RSM | B320 | Call with T. Ringstad regarding settlement discussions | 0.20 | 880.00 | 176.00 |
| 06/21/2025 | RSM | B320 | Review and revise plan treatment for Pathward based on edits from T. Shuck | 0.50 | 880.00 | 440.00 |
| 06/21/2025 | SMM | B320 | Review, analyze, and respond to email from C Kurtz re BOA lease terms and treatment | 0.50 | 495.00 | 247.50 |
| 06/23/2025 | MLS | B320 | Analysis of settlement proposal from Judgment Creditors. | 0.60 | 600.00 | 360.00 |
| 06/23/2025 | MLS | B320 | Review and revise draft plan support agreement with Pathward. | 0.40 | 600.00 | 240.00 |

| 06/23/2025 | RSM | B320 | Zoom with Altec and counsel and C. Kurtz regarding the PSA and plan treatment | 0.70 | 880.00 | 616.00 |
|---|---|---|---|---|---|---|
| 06/23/2025 | RSM | B320 | Call with C. Kurtz regarding the Altec treatment | 0.20 | 880.00 | 176.00 |
| 06/23/2025 | RSM | B320 | Call with A. Tiller and co-counsel and T. Ringstad regarding consensual plan terms | 0.50 | 880.00 | 440.00 |
| 06/23/2025 | RSM | B320 | Further call with A. Tiller regarding consensual plan terms | 0.50 | 880.00 | 440.00 |
| 06/23/2025 | RSM | B320 | Calls with T. Ringstad regarding negotiations with the Rodriguez Plaintiffs (.1 and.3) | 0.30 | 880.00 | 264.00 |
| 06/23/2025 | RSM | B320 | Call with B. Weiss regarding settlement proposal from the Rodriguez Plaintiffs | 0.30 | 880.00 | 264.00 |
| 06/23/2025 | RSM | B320 | Review and revise revised plan treatment for Pathward with T. Shuck's edits | 0.50 | 880.00 | 440.00 |
| 06/23/2025 | RSM | B320 | Review and revise plan treatment for Altec based on call with Altec | 0.70 | 880.00 | 616.00 |
| 06/23/2025 | RSM | B320 | Preparation correspondence to R. Sainos and others regarding the settlement proposal from the Rodriguez Plaintiffs | 0.20 | 880.00 | 176.00 |
| 06/23/2025 | RSM | B320 | Review and analyze and preparation of terms for counteroffer to the Rodriguez Plaintiffs | 0.60 | 880.00 | 528.00 |
| 06/23/2025 | RSM | B320 | Review and revise plan support agreement with Pathward | 0.30 | 880.00 | 264.00 |
| 06/23/2025 | RSM | B320 | Review and analyze and respond to correspondence from B. Weiss regarding the Altec PSA | 0.20 | 880.00 | 176.00 |
| 06/23/2025 | RSM | B320 | Review and revise PSA and plan treatment for Altec | 0.20 | 880.00 | 176.00 |
| 06/24/2025 | RSM | B320 | Call with R. Sainos regarding the negotiations with the Rodriguez Parties related to the plan | 0.30 | 880.00 | 264.00 |
| 06/24/2025 | RSM | B320 | Preparation settlement counteroffer to the Rodriguez Parties | 0.50 | 880.00 | 440.00 |
| 06/24/2025 | RSM | B320 | Review and revise the Altec PSA and plan treatment | 2.20 | 880.00 | 1,936.00 |
| 06/25/2025 | MLS | B320 | Review and analysis of correspondence from J. MacLeod regarding inspection and offer. | 0.20 | 600.00 | 120.00 |
| 06/25/2025 | MLS | B320 | Review correspondence from Q. Nguyen regarding disclosure statement and prepare response. | 0.10 | 600.00 | 60.00 |
| 06/25/2025 | RSM | B320 | Call with C. Kurtz regarding the Altec treatment | 0.20 | 880.00 | 176.00 |
| 06/25/2025 | RSM | B320 | Review and revise Altec plan treatment | 0.30 | 880.00 | 264.00 |
| 06/25/2025 | RSM | B320 | Review and analyze responses to proposed settlement counteroffer to Rodriguez Plaintiffs | 0.20 | 880.00 | 176.00 |
| 06/25/2025 | RSM | B320 | Review and analyze and respond to J. Macleod concerning John Deere's treatment in the Plan | 0.20 | 880.00 | 176.00 |
| 06/26/2025 | MLS | B320 | Review and analysis of Bank of America claim and plan treatment. | 0.30 | 600.00 | 180.00 |
| 06/26/2025 | MLS | B320 | Review and analysis of equipment agreements with Bank of America as they relate to plan treatment. | 0.30 | 600.00 | 180.00 |

| 06/26/2025 | MLS | B320 | Telephone conference with C. Kurtz regarding Bank of America treatment. | 0.40 | 600.00 | 240.00 |
| 06/26/2025 | MLS | B320 | Prepare correspondence to Force 10 team regarding Bank of America plan treatment and adequate protection payments. | 0.30 | 600.00 | 180.00 |
| 06/26/2025 | MLS | B320 | Zoom meeting with R. Marticello and R. Sainos regarding Richie Brothers. | 0.40 | 600.00 | 240.00 |
| 06/26/2025 | RSM | B320 | Call with R. Sainos regarding the settlement discussions with Rodriguez | 0.60 | 880.00 | 528.00 |
| 06/26/2025 | RSM | B320 | Call with M. Goldberg regarding the Altec PSA | 0.10 | 880.00 | 88.00 |
| 06/26/2025 | RSM | B320 | Review and revise Altec PSA | 0.30 | 880.00 | 264.00 |
| 06/26/2025 | RSM | B320 | Review and revise the Altec PSA based on Altec's edits | 0.30 | 880.00 | 264.00 |
| 06/26/2025 | RSM | B320 | Review and analyze settlement counteroffer to the Rodrigues Parties | 0.40 | 880.00 | 352.00 |
| 06/27/2025 | MLS | B320 | Attention to redlined plan support agreement with Pathward. | 0.10 | 600.00 | 60.00 |
| 06/27/2025 | RSM | B320 | Call with B. Weiss regarding equipment valuation in light of RB proposal | 0.50 | 880.00 | 440.00 |
| 06/27/2025 | RSM | B320 | Preparation correspondence to R. Sainos regarding settlement counteroffer | 0.20 | 880.00 | 176.00 |
| 06/27/2025 | RSM | B320 | Review and revise Pathward PSA | 0.60 | 880.00 | 528.00 |
| 06/27/2025 | RSM | B320 | Review and revise Altec PSA | 0.40 | 880.00 | 352.00 |
| 06/30/2025 | MLS | B320 | Review and analysis of draft counteroffer to Rodriguez parties. | 0.20 | 600.00 | 120.00 |
| 06/30/2025 | RSM | B320 | Call with B. Weiss and R. Sainos regarding the settlement counteroffer to the Rodriguez parties | 0.40 | 880.00 | 352.00 |
| 06/30/2025 | RSM | B320 | Preparation revised settlement proposal to the Rodriguez parties | 0.30 | 880.00 | 264.00 |
| 06/30/2025 | RSM | B320 | Preparation final Pathward PSA | 0.20 | 880.00 | 176.00 |
| 06/30/2025 | RSM | B320 | Call with A. Tiller regarding settlement | 0.80 | 880.00 | 704.00 |
| 06/30/2025 | RSM | B320 | Call with M. Goldberg regarding the Altec PSA | 0.10 | 880.00 | 88.00 |
| 06/30/2025 | RSM | B320 | Review and revise the Altec PSA | 0.50 | 880.00 | 440.00 |
| 06/30/2025 | RSM | B320 | Preparation correspondence to Debtor team regarding final Pathward agreement | 0.40 | 880.00 | 352.00 |
| | **Sub-total: B320** | | **Plan and Disclosure Statement** | | | **48,185.00** |

|  |  | Sub-total Fees: | $77,794.50 |

**Expenses**

| 06/01/2025 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128619 | 1,056.17 |
| 06/01/2025 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128547 | 1,066.29 |

| | | |
|---|---|---|
| 06/01/2025 Summitt Reprographics: (Amended notice of Hearing) PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128643 | | 1,056.17 |

| | |
|---|---|
| Sub-total Expenses: | $3,178.63 |
| | |
| **Total Current Billing:** | **$80,973.13** |
| Previous Balance Due: | $78,854.50 |
| **Total Now Due:** | **$159,827.63** |

**Rate Summary**

| | | |
|---|---|---|
| Bambi Clark | 0.50  hours at $465.00/hr | $232.50 |
| Robert S. Marticello | 68.10  hours at $880.00/hr | $59,928.00 |
| Stephen M. Mott | 1.20  hours at $495.00/hr | $594.00 |
| Michael L. Simon | 28.40  hours at $600.00/hr | $17,040.00 |
| Total hours: | 98.20 | $77,794.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
    Wells Fargo Bank, N.A.
    Routing No.: 121000248
    Account No.: 4941981821
    BIC/Swift Code: WFBIUS6S
    Account Title: Raines Feldman Littrell LLP
    Client Name & Invoice #

**Pay by Check via Mail**:
    Raines Feldman Littrell LLP
    PO Box 848574
    Los Angeles, CA 90084-8574

**Raines Feldman Littrell LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 10/27/2025**
**Invoice Number: 140670**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 07/14/2025 | MLS | B110 | Prepare status report. | 0.20 | 600.00 | 120.00 |
| 07/22/2025 | MLS | B110 | Prepare chapter 11 status report. | 1.30 | 600.00 | 780.00 |
| 07/23/2025 | MLS | B110 | Revise Chapter 11 status report. | 0.30 | 600.00 | 180.00 |
| 07/23/2025 | RSM | B110 | Review and revise status report | 0.60 | 880.00 | 528.00 |
| | Sub-total: B110 | | Case Administration | | | **1,608.00** |
| 07/14/2025 | BC | B120 | Prepare and e-file Proofs of Claims (Mowbray Waterman and Robin Mowbray) on behalf of The Original Mowbray's Tree Service, Inc. | 0.60 | 465.00 | 279.00 |
| 07/14/2025 | MLS | B120 | Prepare proof of claim against Mowbray Waterman Property and attachment thereto. | 1.00 | 600.00 | 600.00 |
| 07/14/2025 | MLS | B120 | Prepare proof of claim against Robin Mowbray and attachment thereto. | 0.40 | 600.00 | 240.00 |
| 07/14/2025 | MLS | B120 | Prepare correspondence to B. Weiss regarding proofs of claims against Mowbray Waterman Property and R. Mowbray. | 0.10 | 600.00 | 60.00 |
| 07/14/2025 | MLS | B120 | Prepare correspondence to B. Clark regarding proofs of claims against Mowbray Waterman Property and Robin Mowbray. | 0.10 | 600.00 | 60.00 |
| 07/14/2025 | RSM | B120 | Review and revise the claims for the RM and MWP cases | 0.80 | 880.00 | 704.00 |
| | Sub-total: B120 | | Asset Analysis and Recovery | | | **1,943.00** |
| 07/07/2025 | MLS | B130 | Review correspondence from R. Sainos regarding chipper sale. | 0.10 | 600.00 | 60.00 |
| 07/11/2025 | MLS | B130 | Review draft notice of sale of wood chippers. | 0.10 | 600.00 | 60.00 |

EXHIBIT FF

| 07/11/2025 | SMM | B130 | Draft notice of de minimis assets #3 re selling Vermeer woodchippers | 0.20 | 495.00 | 99.00 |
|---|---|---|---|---|---|---|
| 07/16/2025 | BC | B130 | Prepare and e-file Third Notice of Intent to Sell Di Minimis Assets | 0.40 | 465.00 | 186.00 |
| 07/16/2025 | MLS | B130 | Prepare third notice of intent to sell de minimis assets. | 0.40 | 600.00 | 240.00 |
| 07/16/2025 | MLS | B130 | Prepare correspondence to B. Weiss and R. Sainos regarding third notice of intent to sell de minimis assets. | 0.10 | 600.00 | 60.00 |
| 07/16/2025 | MLS | B130 | Exchange emails with B. Weiss and R. Sainos regarding notice of intent to sell de minimis assets. | 0.10 | 600.00 | 60.00 |
| 07/16/2025 | MLS | B130 | Review correspondence from R. Sainos regarding wood chippers and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/16/2025 | MLS | B130 | Review correspondence from R. Sainos regarding sale notice and prepare instructions thereto to B. Clark. | 0.10 | 600.00 | 60.00 |
| 07/29/2025 | MLS | B130 | Review correspondence from R. Sainos regarding proposed sales of chippers and prepare response. | 0.20 | 600.00 | 120.00 |
| 07/30/2025 | MLS | B130 | Prepare correspondence to R. Sainos regarding wood chipper sales. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B130** | | **Asset Disposition** | | | **1,065.00** |
| | | | | | | |
| 07/02/2025 | CS | B140 | Draft and revise Status Report re PW Motion | 1.30 | 275.00 | 357.50 |
| 07/02/2025 | RSM | B140 | Preparation of the status report for the Pathward motion | 1.00 | 880.00 | 880.00 |
| 07/02/2025 | RSM | B140 | Review and revise Pathward status report | 0.50 | 880.00 | 440.00 |
| 07/03/2025 | MLS | B140 | Review notice of withdrawal by Pathward. | 0.10 | 600.00 | 60.00 |
| 07/03/2025 | RSM | B140 | Review and analyze and respond to correspondence from T. Shuck regarding the notice of withdrawal | 0.10 | 880.00 | 88.00 |
| 07/07/2025 | CS | B140 | Draft and file Amended Joint Status Report re PW Motion with corrected Hearing time | 0.20 | 275.00 | 55.00 |
| 07/07/2025 | RSM | B140 | Review and revise amended status report for Pathward motion | 0.10 | 880.00 | 88.00 |
| 07/08/2025 | MLS | B140 | Review and analysis of motion for relief from stay from Ford Motor Credit (.2) and prepare correspondence to R. Sainos thereon (.1) | 0.30 | 600.00 | 180.00 |
| 07/08/2025 | MLS | B140 | Review correspondence from R. Sainos and B. Weiss regarding motion for relief from stay from Ford Motor Credit. | 0.10 | 600.00 | 60.00 |
| 07/08/2025 | RSM | B140 | Attention to Ford Motor Credit motion for stay relief and our response thereto | 0.40 | 880.00 | 352.00 |
| 07/09/2025 | MLS | B140 | Review and analysis of further motion for relief from stay filed by Ford Motor Credit. | 0.30 | 600.00 | 180.00 |
| 07/09/2025 | MLS | B140 | Prepare correspondence to Ford Motor Credit's counsel regarding motions for relief from stay. | 0.10 | 600.00 | 60.00 |
| 07/10/2025 | MLS | B140 | Attention to Ford claims and prepare correspondence to C. Kurtz thereon. | 0.20 | 600.00 | 120.00 |

| Date | Initials | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 07/10/2025 | MLS | B140 | Review correspondence from C. Kurtz regarding Ford Motor Credit. | 0.10 | 600.00 | 60.00 |
| 07/10/2025 | MLS | B140 | Review and revise draft letter to union regarding automatic stay. | 0.20 | 600.00 | 120.00 |
| 07/11/2025 | MLS | B140 | Review correspondence from J. Wong regarding Ford Motor Credit and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/11/2025 | MLS | B140 | Review and analysis of Ford's motions for relief from stay, claims, and plan treatment, and strategize thereon. | 1.10 | 600.00 | 660.00 |
| 07/15/2025 | RSM | B140 | Preparation order approving Pathward PSA | 0.10 | 880.00 | 88.00 |
| 07/16/2025 | BC | B140 | Review Motions for Relief filed by Ford Motor Credit. | 0.30 | 465.00 | 139.50 |
| 07/21/2025 | MLS | B140 | Review and attention to 11 motions for relief from stay filed by Ford Motor Credit. | 0.20 | 600.00 | 120.00 |
| 07/23/2025 | MLS | B140 | Review stipulation from J. Wong regarding continuance of hearings on motions for relief from stay, execute, and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/24/2025 | MLS | B140 | Review entered order continuing hearings on motions for relief from stay. | 0.10 | 600.00 | 60.00 |
| 07/24/2025 | MLS | B140 | Review and analysis of motion for relief from stay filed by Debra Renee Danner | 0.20 | 600.00 | 120.00 |
| 07/24/2025 | MLS | B140 | Prepare correspondence to R. Sainos regarding motion for stay relief filed by D. Danner. | 0.20 | 600.00 | 120.00 |
| 07/24/2025 | RSM | B140 | Review and analyze stay relief motion | 0.30 | 880.00 | 264.00 |
| 07/31/2025 | MLS | B140 | Review and analysis of documents related to North Carolina accident and motion for relief from stay by D. Banner. | 0.20 | 600.00 | 120.00 |
| | **Sub-total: B140** | | **Relief-Stay/Adequate Protection** | | | **4,912.00** |
| | | | | | | |
| 07/09/2025 | MLS | B160 | Review correspondence from R. Sainos regarding fees and prepare response. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B160** | | **Fee Applications/Objections** | | | **60.00** |
| | | | | | | |
| 07/02/2025 | MLS | B170 | Review correspondence from C. Kurtz regarding ordinary course professional's payment and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/24/2025 | MLS | B170 | Attention to ordinary course professional procedures and prepare correspondence to R. Sainos thereon. | 0.50 | 600.00 | 300.00 |
| | **Sub-total: B170** | | **Employment Applications/Objections** | | | **360.00** |
| | | | | | | |
| 07/01/2025 | RSM | B190 | Deposition for R. Sainos by A. Tiller | 5.50 | 880.00 | 4,840.00 |
| 07/01/2025 | RSM | B190 | Call with A. Tiller post-deposition | 0.10 | 880.00 | 88.00 |
| 07/07/2025 | RSM | B190 | Call with R. Sainos regarding information for the examiner report | 0.30 | 880.00 | 264.00 |
| 07/14/2025 | MLS | B190 | Review and analysis of examiner's report. | 1.00 | 600.00 | 600.00 |
| 07/14/2025 | RSM | B190 | Review and analyze the examiner's report | 2.40 | 880.00 | 2,112.00 |

| 07/14/2025 | RSM | B190 | Call with B. Weiss regarding the examiner's report | 0.30 | 880.00 | 264.00 |
|---|---|---|---|---|---|---|
| 07/15/2025 | MLS | B190 | Review and analysis of files related to Local Union 47 of the IBEW, including agreement with union and grievance files. | 2.10 | 600.00 | 1,260.00 |
| 07/15/2025 | RSM | B190 | Call with B. Weiss regarding the error in the Examiner's report | 0.20 | 880.00 | 176.00 |
| 07/15/2025 | RSM | B190 | Preparation correspondence to T. Ringstad regarding the error in the Examiner's report | 0.40 | 880.00 | 352.00 |
| 07/17/2025 | MLS | B190 | Strategize regarding settlement with the Rodriguez parties. | 0.30 | 600.00 | 180.00 |
| 07/17/2025 | RSM | B190 | Call with R. Sainos regarding the information needed for the opposition to Jordan's motion | 0.20 | 880.00 | 176.00 |
| 07/18/2025 | MLS | B190 | Prepare motion to equitably subordinate Jordan's claim. | 5.20 | 600.00 | 3,120.00 |
| 07/22/2025 | MLS | B190 | Prepare motion to equitably subordinate R. Jordan claim and for attorneys fees and costs. | 1.80 | 600.00 | 1,080.00 |
| 07/23/2025 | CS | B190 | Revise and finalize Opposition to RJ Motion and supporting documents and Status Report | 1.70 | 275.00 | 467.50 |
| 07/28/2025 | RSM | B190 | Review and analyze Jordan MTD | 0.20 | 880.00 | 176.00 |
| 07/31/2025 | RSM | B190 | Preparation motion to subordinate | 1.60 | 880.00 | 1,408.00 |
| 07/31/2025 | RSM | B190 | Preparation motion to subordinate | 3.10 | 880.00 | 2,728.00 |
| | **Sub-total: B190** | | **Other Contested Matters/ Omnibus Hearing** | | | **19,291.50** |
| 07/10/2025 | MLS | B210 | Review and analysis of union agreement. | 0.30 | 600.00 | 180.00 |
| 07/10/2025 | RSM | B210 | Preparation letter to Union and related review of agreements and case law | 1.70 | 880.00 | 1,496.00 |
| 07/10/2025 | RSM | B210 | Call with R. Sainos regarding the response to the Union | 0.10 | 880.00 | 88.00 |
| 07/10/2025 | RSM | B210 | Review and revise correspondence to the Union | 0.40 | 880.00 | 352.00 |
| 07/14/2025 | MLS | B210 | Review letter and emails regarding union contract and analysis thereof. | 0.20 | 600.00 | 120.00 |
| 07/14/2025 | RSM | B210 | Call with R. Sainos, R. Mowbray, and R. Mowbray regarding Union issues and PG&E AR | 0.50 | 880.00 | 440.00 |
| 07/14/2025 | RSM | B210 | Preparation correspondence to C. Coye, Union counsel, regarding the threat to terminate the Agreement | 0.50 | 880.00 | 440.00 |
| 07/14/2025 | RSM | B210 | Call with C. Coye, Union counsel, regarding the threat to terminate the Agreement | 0.20 | 880.00 | 176.00 |
| 07/15/2025 | RSM | B210 | Call with R. Sainos and R. Mowbray regarding the union contacting BVES | 0.10 | 880.00 | 88.00 |
| 07/15/2025 | RSM | B210 | Preparation correspondence to C. Coye regarding the union contacting BVES | 0.40 | 880.00 | 352.00 |
| 07/15/2025 | RSM | B210 | Review and revise response to BVES regarding the union | 0.50 | 880.00 | 440.00 |
| 07/18/2025 | RSM | B210 | Call with C. Coye regarding the Union claim | 0.50 | 880.00 | 440.00 |
| 07/18/2025 | RSM | B210 | Call with R. Sainos regarding the Union claim | 0.20 | 880.00 | 176.00 |

| 07/22/2025 | MLS | B210 | Review correspondence from R. Moreno regarding union payment issue. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 07/25/2025 | RSM | B210 | Call with R. Sainos and R. Mowbray regarding the meeting with the union | 0.50 | 880.00 | 440.00 |
| | Sub-total: | B210 | Business Operations | | | 5,288.00 |

| 07/01/2025 | MLS | B230 | Prepare cash collateral motion. | 0.80 | 600.00 | 480.00 |
|---|---|---|---|---|---|---|
| 07/01/2025 | MLS | B230 | Prepare motion for entry of order authorizing continued use of cash collateral. | 1.30 | 600.00 | 780.00 |
| 07/02/2025 | RSM | B230 | Review and analyze of budget | 0.30 | 880.00 | 264.00 |
| 07/03/2025 | RSM | B230 | Review and analyze the cash collateral budget | 0.40 | 880.00 | 352.00 |
| 07/03/2025 | RSM | B230 | Call with B. Weiss regarding the budget | 0.10 | 880.00 | 88.00 |
| 07/07/2025 | RSM | B230 | Review and analyze revised budget | 0.40 | 880.00 | 352.00 |
| 07/08/2025 | MLS | B230 | Prepare correspondence to A. Puterman regarding cash collateral information. | 0.10 | 600.00 | 60.00 |
| 07/08/2025 | MLS | B230 | Review budget and variance report and prepare cash collateral motion. | 1.40 | 600.00 | 840.00 |
| 07/08/2025 | MLS | B230 | Prepare declaration of R. Marticello in support of application for order shortening time for notice of hearing on cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 07/08/2025 | MLS | B230 | Prepare application for order shortening time for hearing on cash collateral motion. | 0.20 | 600.00 | 120.00 |
| 07/08/2025 | MLS | B230 | Prepare proposed order granting application for hearing on shortened notice re cash collateral motion. | 0.20 | 600.00 | 120.00 |
| 07/08/2025 | MLS | B230 | Prepare proposed order granting cash collateral motion. | 0.40 | 600.00 | 240.00 |
| 07/08/2025 | RSM | B230 | Review and analyze issues related to use of cash collateral | 0.40 | 880.00 | 352.00 |
| 07/08/2025 | RSM | B230 | Review and analyze weekly cash collateral reporting | 0.10 | 880.00 | 88.00 |
| 07/09/2025 | MLS | B230 | Revise draft cash collateral order. | 0.10 | 600.00 | 60.00 |
| 07/09/2025 | MLS | B230 | Revise cash collateral motion. | 0.20 | 600.00 | 120.00 |
| 07/09/2025 | MLS | B230 | Prepare correspondence to B. Weiss and R. Sainos regarding cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 07/09/2025 | MLS | B230 | Review correspondence from A. Puterman regarding budget and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/09/2025 | RSM | B230 | Review and revise cash collateral motion and the declarations in support and OST Application | 1.40 | 880.00 | 1,232.00 |
| 07/09/2025 | RSM | B230 | Further revise the cash collateral motion | 0.50 | 880.00 | 440.00 |
| 07/09/2025 | RSM | B230 | Review and revise the cash collateral order | 0.30 | 880.00 | 264.00 |
| 07/10/2025 | CS | B230 | Revise, finalize and file Debtor's Motion for Cash Collateral and Application for Order Setting Hearing on Shorten Notice (1.1); Draft Notice of Hearing (.4) | 1.50 | 275.00 | 412.50 |

| 07/10/2025 | CS | B230 | Revise, finalize and file Debtor's Motion for Cash Collateral and Application for Order Setting Hearing on Shorten Notice (1.1); Review Order and draft Notice of Hearing (.5); Correspond with M. Simon regarding exhibits to motion and order (.3); Draft C. Santiago's Declaration of Notice of Service regarding motion for entry of Order Authorizing Continued Use of Cash Collateral (.3) | 2.10 | 275.00 | 577.50 |
|---|---|---|---|---|---|---|
| 07/10/2025 | MLS | B230 | Telephone conference with C. Santiago regarding cash collateral motion and application for order shortening time. | 0.10 | 600.00 | 60.00 |
| 07/10/2025 | MLS | B230 | Review entered order setting hearing on cash collateral motion on shortened notice. | 0.10 | 600.00 | 60.00 |
| 07/10/2025 | MLS | B230 | Review and revise notice of hearing on cash collateral motion, and prepare instructions to C. Santiago thereon. | 0.20 | 600.00 | 120.00 |
| 07/10/2025 | MLS | B230 | Prepare cash collateral stipulation. | 0.80 | 600.00 | 480.00 |
| 07/10/2025 | MLS | B230 | Prepare proposed order approving cash collateral stipulation. | 0.30 | 600.00 | 180.00 |
| 07/10/2025 | RSM | B230 | Review and revise cash collateral stipulation with PNC | 0.30 | 880.00 | 264.00 |
| 07/10/2025 | RSM | B230 | Review and analyze Court's OST on the cash collateral motion | 0.10 | 880.00 | 88.00 |
| 07/11/2025 | CS | B230 | Prepare Declaration of C. Santiago of Notice of Service regarding Motion for Entry of Order Authorizing Continued Cash Collateral and send First Legal all documents to be personally delivered to chambers | 0.20 | 275.00 | 55.00 |
| 07/14/2025 | BC | B230 | Prepare and e-file Stipulation to Use Cash Collateral (.5) | 0.50 | 465.00 | 232.50 |
| 07/14/2025 | BC | B230 | Lodge proposed Order (.3) | 0.30 | 465.00 | 139.50 |
| 07/14/2025 | MLS | B230 | Revise proposed order approving cash collateral stipulation. | 0.10 | 600.00 | 60.00 |
| 07/14/2025 | MLS | B230 | Prepare instructions to B. Clark regarding cash collateral stipulation and order. | 0.10 | 600.00 | 60.00 |
| 07/14/2025 | MLS | B230 | Review entered order approving cash collateral stipulation and motion. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B230 | Review correspondence from C. Kurtz regarding John Deere adequate protection payments and prepare response. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B230** | | **Financing / Cash Collateral** | | | **9,341.00** |
| | | | | | | |
| 07/01/2025 | CS | B235 | Prepare and File Chapter 11 Monthly Operating Report for the Month Ending 5.31.2025 | 0.30 | 275.00 | 82.50 |
| 07/01/2025 | MLS | B235 | Review May monthly operating report and prepare instructions to C. Santiago thereon. | 0.20 | 600.00 | 120.00 |
| 07/22/2025 | MLS | B235 | Prepare correspondence to K. Meacham regarding June MOR. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B235** | | **Financial Filings** | | | **262.50** |

| 07/02/2025 | RSM | B310 | Review and analyze of issues related to ▮▮▮▮ | 0.70 | 880.00 | 616.00 |
|---|---|---|---|---|---|---|
| 07/02/2025 | RSM | B310 | Call with R. Zur regarding ▮▮▮▮ | 0.20 | 880.00 | 176.00 |
| 07/03/2025 | RSM | B310 | Call with R. Zur regarding ▮▮▮▮ | 0.30 | 880.00 | 264.00 |
| 07/03/2025 | RSM | B310 | Review and analyze of issues related to ▮▮▮▮ | 0.30 | 880.00 | 264.00 |
| 07/15/2025 | MLS | B310 | Legal research regarding ▮▮▮▮ | 0.50 | 600.00 | 300.00 |
| 07/15/2025 | RSM | B310 | Review and analyze claim filed by ▮▮▮▮ | 0.40 | 880.00 | 352.00 |
| 07/18/2025 | RSM | B310 | Call with P. Moak regarding the Flexible Funding claim | 0.10 | 880.00 | 88.00 |
| 07/31/2025 | MLS | B310 | Review and analysis of ▮▮▮▮ | 0.30 | 600.00 | 180.00 |
| | **Sub-total: B310** | | **Claim Administration and Objections** | | | **2,240.00** |
| | | | | | | |
| 07/01/2025 | RSM | B320 | Telephone conference with T. Ringstad regarding settlement offer | 0.20 | 880.00 | 176.00 |
| 07/01/2025 | RSM | B320 | Meeting with R. Zur post-mediation to discuss settlement negotiations | 0.50 | 880.00 | 440.00 |
| 07/02/2025 | MLS | B320 | Review correspondence from Q. Nguyen regarding disclosure statement. | 0.10 | 600.00 | 60.00 |
| 07/02/2025 | MLS | B320 | Review and analysis of proposed language for plan support agreement with Altec. | 0.20 | 600.00 | 120.00 |
| 07/02/2025 | RSM | B320 | Preparation correspondence to A. Tiller with settlement terms | 0.60 | 880.00 | 528.00 |
| 07/02/2025 | RSM | B320 | Review and revise Altec PSA | 0.30 | 880.00 | 264.00 |
| 07/02/2025 | RSM | B320 | Call with A. Tiller regarding the settlement terms | 0.90 | 880.00 | 792.00 |
| 07/02/2025 | RSM | B320 | Review and revise plan (exculpation and injunction and other provisions) | 1.30 | 880.00 | 1,144.00 |
| 07/02/2025 | RSM | B320 | Review and revise settlement proposal to A. Tiller | 0.20 | 880.00 | 176.00 |
| 07/03/2025 | RSM | B320 | Call with R. Sainos regarding the settlement discussions with the RP | 0.20 | 880.00 | 176.00 |
| 07/03/2025 | RSM | B320 | Revise the plan injunction language and correspondence to Q. Ng regarding the same | 0.40 | 880.00 | 352.00 |
| 07/07/2025 | RSM | B320 | Preparation of final PSA with Altec and make edits related thereto | 0.60 | 880.00 | 528.00 |
| 07/07/2025 | RSM | B320 | Review and analyze revised payment schedule for Altec PSA | 0.30 | 880.00 | 264.00 |
| 07/08/2025 | MLS | B320 | Review and analysis of counter-offer from A. Tiller. | 0.30 | 600.00 | 180.00 |
| 07/08/2025 | RSM | B320 | Review and analyze settlement counteroffer from A. Tiller and correspondence to the CRO related thereto | 0.60 | 880.00 | 528.00 |
| 07/09/2025 | MLS | B320 | Zoom meeting with R. Marticello, B. Weiss and C. Kurtz regarding negotiations with Rodriguez parties. | 0.70 | 600.00 | 420.00 |
| 07/09/2025 | RSM | B320 | Call with C. Kurtz regarding the Altec payment schedule | 0.20 | 880.00 | 176.00 |

| 07/09/2025 | RSM | B320 | Review and analyze and revise Altec PSA schedule and plan treatment | 0.60 | 880.00 | 528.00 |
|---|---|---|---|---|---|---|
| 07/10/2025 | RSM | B320 | Review and revise Altec plan treatment for the PSA | 0.90 | 880.00 | 792.00 |
| 07/10/2025 | RSM | B320 | Call with T. Ringstad regarding the plan and settlement discussions | 0.30 | 880.00 | 264.00 |
| 07/10/2025 | RSM | B320 | Review and analyze case law regarding exclusivity and new value plans and ▓▓▓▓▓▓▓▓▓▓▓▓ | 0.50 | 880.00 | 440.00 |
| 07/10/2025 | RSM | B320 | Preparation correspondence to C. Kurtz regarding the status with John Deere | 0.20 | 880.00 | 176.00 |
| 07/10/2025 | RSM | B320 | Preparation settlement counteroffer to A. Tiller | 1.30 | 880.00 | 1,144.00 |
| 07/11/2025 | MLS | B320 | Telephone conference with J. Wang regarding Ford stay relief motions and plan treatment. | 0.30 | 600.00 | 180.00 |
| 07/11/2025 | RSM | B320 | Review and analyze of R. Sainos' questions on the settlement offer to Tiller and respond | 0.40 | 880.00 | 352.00 |
| 07/11/2025 | RSM | B320 | Preparation correspondence to B. Weiss and MTS regarding proposed amended plan terms | 0.70 | 880.00 | 616.00 |
| 07/11/2025 | RSM | B320 | Review and analyze correspondence from B. Weiss and respond regarding the proposed plan terms | 0.20 | 880.00 | 176.00 |
| 07/11/2025 | RSM | B320 | Preparation settlement offer to A. Tiller | 0.30 | 880.00 | 264.00 |
| 07/11/2025 | RSM | B320 | Preparation correspondence to J. MacLeod regarding the proposed revised plan terms with John Deere | 0.30 | 880.00 | 264.00 |
| 07/11/2025 | RSM | B320 | Preparation memo regarding exclusivity | 0.40 | 880.00 | 352.00 |
| 07/12/2025 | RSM | B320 | Preparation correspondence to T. Ringstad with amended plan proposal | 0.10 | 880.00 | 88.00 |
| 07/13/2025 | MLS | B320 | Telephone conference with R. Marticello regarding plan amendments and related matters. | 0.30 | 600.00 | 180.00 |
| 07/13/2025 | RSM | B320 | Call with T. Ringstad to discuss plan amendments | 0.40 | 880.00 | 352.00 |
| 07/13/2025 | RSM | B320 | Call with R. Sainos to discuss plan amendment discussion with T. Ringstad | 0.50 | 880.00 | 440.00 |
| 07/14/2025 | MLS | B320 | Prepare first amended disclosure statement. | 0.60 | 600.00 | 360.00 |
| 07/14/2025 | MLS | B320 | Prepare first amended disclosure statement. | 1.30 | 600.00 | 780.00 |
| 07/14/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding Ford. | 0.30 | 600.00 | 180.00 |
| 07/14/2025 | MLS | B320 | Zoom meeting with R. Zur regarding plan. | 0.30 | 600.00 | 180.00 |
| 07/14/2025 | MLS | B320 | Prepare redlined first amended disclosure statement. | 1.50 | 600.00 | 900.00 |
| 07/14/2025 | RSM | B320 | Call with B. Weiss regarding the potential amendments to the plan | 0.20 | 880.00 | 176.00 |
| 07/14/2025 | RSM | B320 | Call with R. Zur and M. Simon regarding potential plan amendments | 0.80 | 880.00 | 704.00 |
| 07/14/2025 | RSM | B320 | Review and revise the disclosure statement to include amendments | 1.90 | 880.00 | 1,672.00 |
| 07/14/2025 | RSM | B320 | Preparation amendments to the plan | 0.30 | 880.00 | 264.00 |

| 07/15/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding Ford plan treatment and prepare response. | 0.20 | 600.00 | 120.00 |
|---|---|---|---|---|---|---|
| 07/15/2025 | MLS | B320 | Analysis of settlement status with Rodriguez parties. | 0.50 | 600.00 | 300.00 |
| 07/15/2025 | MLS | B320 | Prepare proposed order approving plan support agreement with Pathward. | 0.30 | 600.00 | 180.00 |
| 07/15/2025 | MLS | B320 | Attention to Ford claims and plan treatment, and leave voicemail for J. Wong thereon. | 0.20 | 600.00 | 120.00 |
| 07/15/2025 | MLS | B320 | Review and analysis of counter-offer from A. Tiller. | 0.30 | 600.00 | 180.00 |
| 07/15/2025 | RSM | B320 | Telephone conference with A. Tiller regarding settlement | 0.80 | 880.00 | 704.00 |
| 07/15/2025 | RSM | B320 | Call with R. Zur regarding the plan and settlement discussions | 0.60 | 880.00 | 528.00 |
| 07/15/2025 | RSM | B320 | Call with J. Shinbrot regarding settlement discussions with A. Tiller | 0.30 | 880.00 | 264.00 |
| 07/15/2025 | RSM | B320 | Review and analyze terms of counteroffer to A. Tiller | 0.40 | 880.00 | 352.00 |
| 07/15/2025 | RSM | B320 | Preparation correspondence to the team regarding the settlement counteroffer from A. Tiller | 0.40 | 880.00 | 352.00 |
| 07/15/2025 | RSM | B320 | Review and revise the disclosure statement | 0.40 | 880.00 | 352.00 |
| 07/16/2025 | BC | B320 | Review Motion for Order Terminating Debtor's Exclusivity. | 0.40 | 465.00 | 186.00 |
| 07/16/2025 | MLS | B320 | Review and analysis of settlement offers from A. Tiller and proposed response. | 0.30 | 600.00 | 180.00 |
| 07/16/2025 | MLS | B320 | Review and analysis of R. Jordan's motion to terminate exclusivity | 1.00 | 600.00 | 600.00 |
| 07/16/2025 | MLS | B320 | Prepare correspondence to client team regarding motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/16/2025 | MLS | B320 | Review correspondence from J. Wong regarding Ford plan treatment and motions for relief from stay, and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/16/2025 | MLS | B320 | Prepare opposition to motion to terminate exclusivity. | 3.10 | 600.00 | 1,860.00 |
| 07/16/2025 | RSM | B320 | Calls with A. Tiller regarding the terms of a consensual plan (.2,.7,.6) | 1.50 | 880.00 | 1,320.00 |
| 07/16/2025 | RSM | B320 | Calls with B. Weiss regarding the motion to terminate exclusivity (.2 and.6) | 0.60 | 880.00 | 528.00 |
| 07/16/2025 | RSM | B320 | Review and analyze motion to terminate exclusivity and related pleadings and begin opposition | 4.20 | 880.00 | 3,696.00 |
| 07/16/2025 | RSM | B320 | Preparation correspondence to B. Weiss regarding the settlement terms and economics with A. Tiller | 0.30 | 880.00 | 264.00 |
| 07/17/2025 | MLS | B320 | Prepare opposition to motion to terminate exclusivity. | 0.80 | 600.00 | 480.00 |
| 07/17/2025 | MLS | B320 | Telephone conference with J. Wong regarding Ford plan treatment. | 0.20 | 600.00 | 120.00 |
| 07/17/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding Ford plan treatment. | 0.20 | 600.00 | 120.00 |
| 07/17/2025 | MLS | B320 | Prepare opposition to motion to terminate exclusivity. | 1.70 | 600.00 | 1,020.00 |

| 07/17/2025 | MLS | B320 | Prepare opposition to motion to terminate exclusivity, including legal research thereon. | 3.60 | 600.00 | 2,160.00 |
| 07/17/2025 | RSM | B320 | Call with B. Weiss regarding the Jordan Plan | 0.40 | 880.00 | 352.00 |
| 07/17/2025 | RSM | B320 | Call with R. Sainos regarding the factual allegations in Jordan's motion | 0.20 | 880.00 | 176.00 |
| 07/17/2025 | RSM | B320 | Call with A. Tiller regarding the settlement terms | 1.40 | 880.00 | 1,232.00 |
| 07/17/2025 | RSM | B320 | Preparation opposition to the Jordan Motion | 1.80 | 880.00 | 1,584.00 |
| 07/17/2025 | RSM | B320 | Review and analyze Plan and DS, and Flexible Funding and Jordan litigation related pleadings, and preparation of the opposition to the Jordan Motion | 3.20 | 880.00 | 2,816.00 |
| 07/17/2025 | RSM | B320 | Preparation settlement offer terms to A. Tiller | 0.50 | 880.00 | 440.00 |
| 07/17/2025 | RSM | B320 | Preparation opposition to Jordan Motion | 1.40 | 880.00 | 1,232.00 |
| 07/18/2025 | MLS | B320 | Telephone conference with C. Kurtz regarding Ford treatment and plan. | 0.70 | 600.00 | 420.00 |
| 07/18/2025 | MLS | B320 | Review Jordan termination notice. | 0.10 | 600.00 | 60.00 |
| 07/18/2025 | MLS | B320 | Review entered order approving plan support agreement with Pathward. | 0.10 | 600.00 | 60.00 |
| 07/18/2025 | RSM | B320 | Calls with R. Sainos and R. Mowbray regarding the competing plan (.1 and.1) | 0.20 | 880.00 | 176.00 |
| 07/18/2025 | RSM | B320 | Preparation opposition to Jordan Motion | 2.30 | 880.00 | 2,024.00 |
| 07/18/2025 | RSM | B320 | Preparation of opposition to Jordan Motion | 4.40 | 880.00 | 3,872.00 |
| 07/18/2025 | SMM | B320 | Draft A Phang declaration iso opposition to exclusivity motion | 0.60 | 495.00 | 297.00 |
| 07/19/2025 | MLS | B320 | Telephone conference with R. Marticello regarding opposition to motion to terminate exclusivity. | 0.50 | 600.00 | 300.00 |
| 07/19/2025 | RSM | B320 | Preparation opposition to Jordan motion | 5.40 | 880.00 | 4,752.00 |
| 07/20/2025 | MLS | B320 | Prepare opposition to motion to terminate exclusivity. | 2.80 | 600.00 | 1,680.00 |
| 07/21/2025 | MLS | B320 | Legal research for opposition to R. Jordan's motion to terminate exclusivity. | 0.70 | 600.00 | 420.00 |
| 07/21/2025 | MLS | B320 | Prepare opposition to R. Jordan's motion to terminate exclusivity. | 2.20 | 600.00 | 1,320.00 |
| 07/21/2025 | MLS | B320 | Prepare declaration of A. Tiller with exhibit in support of opposition to R. Jordan motion. | 0.50 | 600.00 | 300.00 |
| 07/21/2025 | MLS | B320 | Review and revise draft declaration of Alan Phang in support of opposition to R. Jordan motion. | 0.40 | 600.00 | 240.00 |
| 07/21/2025 | MLS | B320 | Prepare declaration of R. Marticello and supporting exhibit in support of opposition to R. Jordan motion. | 0.50 | 600.00 | 300.00 |
| 07/21/2025 | MLS | B320 | Prepare declaration of B. Weiss in support of opposition to R. Jordan's motion to terminate exclusivity. | 0.70 | 600.00 | 420.00 |
| 07/21/2025 | MLS | B320 | Prepare declaration of Richard Mowbray in support of opposition to R. Jordan's motion for an order terminating exclusivity. | 0.70 | 600.00 | 420.00 |

| 07/21/2025 | MLS | B320 | Prepare motion for order equitably subordinating claim of R. Jordan for attorneys fees and costs. | 1.70 | 600.00 | 1,020.00 |
|---|---|---|---|---|---|---|
| 07/21/2025 | RSM | B320 | Preparation opposition to Jordan Motion | 1.00 | 880.00 | 880.00 |
| 07/22/2025 | MLS | B320 | Prepare proposed offer to Ford regarding plan treatment. | 0.80 | 600.00 | 480.00 |
| 07/22/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding Ford treatment and plan amendment. | 0.20 | 600.00 | 120.00 |
| 07/22/2025 | MLS | B320 | Prepare motion to subordinate R. Jordan claim. | 1.30 | 600.00 | 780.00 |
| 07/22/2025 | MLS | B320 | Prepare correspondence to A. Tiller regarding declaration in support of opposition to motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Prepare correspondence to R. Sainos regarding A. Phang declaration in support of opposition to motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding plan projections and Ford proposal, and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Prepare correspondence to Richard Mowbray regarding declaration in support of opposition to motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Review and revise draft declaration of B. Weiss in support of opposition to motion to terminate exclusivity. | 0.20 | 600.00 | 120.00 |
| 07/22/2025 | MLS | B320 | Prepare correspondence to B. Weiss regarding declaration in support of opposition to motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Review correspondence from R. Sainos regarding A. Phang declaration and revise A. Phang declaration based thereon. | 0.20 | 600.00 | 120.00 |
| 07/22/2025 | MLS | B320 | Review correspondence from John Deere counsel regarding plan treatment and prepare correspondence thereon to C. Kurtz. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Exchange emails with Richard Mowbray regarding A. Phang declaration. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Review correspondence from A. Tiller regarding declaration in support of opposition to Ronnie Jordan's motion. | 0.20 | 600.00 | 120.00 |
| 07/22/2025 | MLS | B320 | Revise declaration of B. Weiss in support of opposition to Ronnie Jordan motion. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding B. Weiss declaration in support of opposition to Ronnie Jordan motion and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Review B. Weiss's revisions to draft declaration in support of opposition to R. Jordan motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | MLS | B320 | Prepare correspondence to Richard Mowbray regarding his declaration. | 0.10 | 600.00 | 60.00 |
| 07/22/2025 | RSM | B320 | Call with M. Lubic regarding the Disclosure Statement and settlement with the Rodriguez Parties | 0.40 | 880.00 | 352.00 |

| 07/22/2025 | RSM | B320 | Review and revise declarations in support of the opposition to the Jordan Motion and the opposition | 1.00 | 880.00 | 880.00 |
|---|---|---|---|---|---|---|
| 07/22/2025 | RSM | B320 | Review and revise the opposition to the Jordan Motion | 1.00 | 880.00 | 880.00 |
| 07/23/2025 | MLS | B320 | Review correspondence from R. Mowbray, revise declaration, and correspondence to R. Mowbray thereon. | 0.20 | 600.00 | 120.00 |
| 07/23/2025 | MLS | B320 | Revise B. Weiss declaration in support of opposition to Ronnie Jordan motion. | 0.60 | 600.00 | 360.00 |
| 07/23/2025 | MLS | B320 | Prepare exhibit to B. Weiss declaration in support of opposition to R. Jordan motion. | 0.20 | 600.00 | 120.00 |
| 07/23/2025 | MLS | B320 | Prepare citations to exhibits in opposition to R. Jordan motion. | 0.70 | 600.00 | 420.00 |
| 07/23/2025 | MLS | B320 | Review and analysis of supplemental request for judicial notice of R. Jordan in support of motion to terminate exclusivity. | 0.40 | 600.00 | 240.00 |
| 07/23/2025 | MLS | B320 | Review and analysis of R. Jordan objection to Debtor's disclosure statement. | 0.70 | 600.00 | 420.00 |
| 07/23/2025 | MLS | B320 | Review revised draft opposition to R. Jordan motion to terminate exclusivity. | 0.50 | 600.00 | 300.00 |
| 07/23/2025 | MLS | B320 | Review conditional opposition of Pathward to disclosure statement. | 0.10 | 600.00 | 60.00 |
| 07/23/2025 | RSM | B320 | Preparation opposition to Jordan Motion | 2.60 | 880.00 | 2,288.00 |
| 07/23/2025 | RSM | B320 | Preparation opposition to Jordan Motion | 1.80 | 880.00 | 1,584.00 |
| 07/24/2025 | MLS | B320 | Review PNC Bank statement regarding disclosure statement. | 0.10 | 600.00 | 60.00 |
| 07/24/2025 | MLS | B320 | Review opposition of Judgment Creditors to Ronnie Jordan motion to terminate exclusivity. | 0.10 | 600.00 | 60.00 |
| 07/24/2025 | MLS | B320 | Prepare correspondence to R. Sainos regarding various filings, including disclosure statement responses, and opposition to motion to terminate exclusivity. | 0.20 | 600.00 | 120.00 |
| 07/24/2025 | MLS | B320 | Review correspondence from Q. Nguyen regarding disclosure statement and prepare response. | 0.10 | 600.00 | 60.00 |
| 07/24/2025 | MLS | B320 | Telephone conference with R. Marticello regarding plan and disclosure statement amendments. | 0.20 | 600.00 | 120.00 |
| 07/24/2025 | RSM | B320 | Call with M. Simon regarding the disclosure statement objection and our reply | 0.50 | 880.00 | 440.00 |
| 07/24/2025 | RSM | B320 | Call with B. Weiss regarding the projections for the amended Plan and DS | 0.20 | 880.00 | 176.00 |
| 07/25/2025 | MLS | B320 | Telephone conference with R. Marticello regarding R. Jordan objection to disclosure statement. | 0.20 | 600.00 | 120.00 |
| 07/25/2025 | MLS | B320 | Review and analysis of R. Jordan objection to disclosure statement. | 0.70 | 600.00 | 420.00 |
| 07/25/2025 | MLS | B320 | Prepare reply to R. Jordan objection to disclosure statement. | 1.50 | 600.00 | 900.00 |
| 07/25/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding revised exhibits for amended disclosure statement and plan (.1), analysis thereof (.4), and prepare response (.1). | 0.60 | 600.00 | 360.00 |

| 07/25/2025 | RSM | B320 | Review and analyze objection to disclosure statement by Jordan and begin reply | 1.30 | 880.00 | 1,144.00 |
|---|---|---|---|---|---|---|
| 07/25/2025 | RSM | B320 | Review and revise disclosure statement and plan to include settlement with RP | 0.90 | 880.00 | 792.00 |
| 07/26/2025 | RSM | B320 | Review and analyze updated liquidation analysis and correspondence of C. Kurtz regarding the same | 0.30 | 880.00 | 264.00 |
| 07/26/2025 | RSM | B320 | Review and revise the disclosure statement and plan | 3.60 | 880.00 | 3,168.00 |
| 07/28/2025 | MLS | B320 | Strategize regarding amendments to plan. | 0.40 | 600.00 | 240.00 |
| 07/28/2025 | MLS | B320 | Prepare reply to Jordan disclosure statement objection. | 1.60 | 600.00 | 960.00 |
| 07/28/2025 | MLS | B320 | Prepare reply to Jordan's disclosure statement objection and memorandum of points and authorities in support of disclosure statement. | 5.20 | 600.00 | 3,120.00 |
| 07/28/2025 | RSM | B320 | Call with B. Weiss regarding the updated plan projections | 0.20 | 880.00 | 176.00 |
| 07/28/2025 | RSM | B320 | Calls with R. Zur regarding the amended plan (.6 and.3) | 0.90 | 880.00 | 792.00 |
| 07/28/2025 | RSM | B320 | Preparation reply to Jordan disclosure statement objection | 0.70 | 880.00 | 616.00 |
| 07/28/2025 | RSM | B320 | Review and revise disclosure statement and plan to incorporate settlement | 4.40 | 880.00 | 3,872.00 |
| 07/28/2025 | RSM | B320 | Review and revise reply to Jordan objection to the Disclosure Statement | 0.40 | 880.00 | 352.00 |
| 07/28/2025 | RSM | B320 | Review and revise disclosure statement and plan based on comments from B. Weiss and C. Kurtz and to include new terms | 2.70 | 880.00 | 2,376.00 |
| 07/29/2025 | MLS | B320 | Review and analysis of stock purchase agreement with J. Pino. | 0.30 | 600.00 | 180.00 |
| 07/29/2025 | MLS | B320 | Prepare amendments to disclosure statement. | 1.60 | 600.00 | 960.00 |
| 07/29/2025 | MLS | B320 | Review and revise draft GUC Payment Amount and GUC Bonus language. | 0.40 | 600.00 | 240.00 |
| 07/29/2025 | MLS | B320 | Review and revise draft plan language regarding compromises. | 0.60 | 600.00 | 360.00 |
| 07/29/2025 | MLS | B320 | Review and analysis of plan default language. | 0.20 | 600.00 | 120.00 |
| 07/29/2025 | MLS | B320 | Prepare redline of plan of reorganization. | 1.20 | 600.00 | 720.00 |
| 07/29/2025 | MLS | B320 | Review and analysis of C. Kurtz comments to redlined disclosure statement. | 0.30 | 600.00 | 180.00 |
| 07/29/2025 | RSM | B320 | Review and revise the reply to Jordan's objection to the disclosure statement | 1.80 | 880.00 | 1,584.00 |
| 07/29/2025 | RSM | B320 | Call with R. Sainos regarding the amended plan | 0.40 | 880.00 | 352.00 |
| 07/29/2025 | RSM | B320 | Call with B. Weiss regarding the default provisions in the Amended Plan | 0.10 | 880.00 | 88.00 |
| 07/29/2025 | RSM | B320 | Preparation reply to Jordan objection to the Disclosure Statement | 1.40 | 880.00 | 1,232.00 |
| 07/29/2025 | RSM | B320 | Call with A. Tiller and D. Reid regarding the amended plan | 0.40 | 880.00 | 352.00 |

| 07/29/2025 | RSM | B320 | Review and revise the plan and disclosure statement | 3.20 | 880.00 | 2,816.00 |
|---|---|---|---|---|---|---|
| 07/30/2025 | CS | B320 | Revise, format, and finalize Reply brief and exhibits to creditor Ronnie Jordan's Objection to Disclosure Statement (1.2); email with R. Marticello and M. Simon regarding same (.5) | 1.70 | 275.00 | 467.50 |
| 07/30/2025 | MLS | B320 | Prepare correspondence to J. Wong regarding motions for stay relief and plan treatment offer. | 0.10 | 600.00 | 60.00 |
| 07/30/2025 | MLS | B320 | Review correspondence from J. Wong regarding motions for stay relief and proposed plan treatment. | 0.10 | 600.00 | 60.00 |
| 07/30/2025 | MLS | B320 | Review R. Sainos comments to disclosure statement. | 0.40 | 600.00 | 240.00 |
| 07/30/2025 | MLS | B320 | Review and revise disclosure statement reply. | 2.60 | 600.00 | 1,560.00 |
| 07/30/2025 | MLS | B320 | Telephone conference with R. Marticello and R. Zur regarding disclosure statement and plan. | 0.50 | 600.00 | 300.00 |
| 07/30/2025 | MLS | B320 | Prepare index of exhibits in support of disclosure statement reply. | 0.20 | 600.00 | 120.00 |
| 07/30/2025 | MLS | B320 | Review and analysis of Jordan reply to opposition to terminate exclusivity. | 0.80 | 600.00 | 480.00 |
| 07/30/2025 | MLS | B320 | Prepare redline of plan. | 1.30 | 600.00 | 780.00 |
| 07/30/2025 | MLS | B320 | Prepare citations to disclosure statement reply. | 0.70 | 600.00 | 420.00 |
| 07/30/2025 | RSM | B320 | Preparation of reply in support of the Disclosure Statement | 2.40 | 880.00 | 2,112.00 |
| 07/30/2025 | RSM | B320 | Call with A. Tiller regarding the Amended Plan | 0.40 | 880.00 | 352.00 |
| 07/30/2025 | RSM | B320 | Call with R. Zur regarding the Amended Plan | 0.60 | 880.00 | 528.00 |
| 07/30/2025 | RSM | B320 | Call with B. Weiss regarding the minimum payment in the Plan | 0.10 | 880.00 | 88.00 |
| 07/30/2025 | RSM | B320 | Review and revise the Disclosure Statement | 2.80 | 880.00 | 2,464.00 |
| 07/30/2025 | RSM | B320 | Call with A. Tiller regarding Jordan's reply | 0.40 | 880.00 | 352.00 |
| 07/30/2025 | RSM | B320 | Review and analyze Jordan's reply brief and case law | 0.50 | 880.00 | 440.00 |
| 07/30/2025 | RSM | B320 | Review and revise reply in support of the Disclosure Statement | 1.80 | 880.00 | 1,584.00 |
| 07/30/2025 | RSM | B320 | Review and analyze the Amended Plan | 0.60 | 880.00 | 528.00 |
| 07/30/2025 | RSM | B320 | Review and analyze Jordan's reply in support of its motion to terminate exclusivity | 0.40 | 880.00 | 352.00 |
| 07/30/2025 | RSM | B320 | Preparation of amended plan and disclosure statement | 0.50 | 880.00 | 440.00 |
| 07/31/2025 | MLS | B320 | Prepare correspondence to client regarding disclosure statement reply and supporting documents. | 0.10 | 600.00 | 60.00 |
| 07/31/2025 | RSM | B320 | Call with A. Tiller regarding further amendments to the plan | 0.70 | 880.00 | 616.00 |
| 07/31/2025 | RSM | B320 | Call with R. Zur regarding the amended plan | 0.30 | 880.00 | 264.00 |
| 07/31/2025 | RSM | B320 | Preparation for hearing on motion to terminate exclusivity | 0.40 | 880.00 | 352.00 |

EXHIBIT FF

| 07/31/2025 | RSM | B320 | Review and analyze Jordan reply and case law | 0.80 | 880.00 | 704.00 |

| **Sub-total: B320** | **Plan and Disclosure Statement** | | | | | **117,086.50** |

| | | Sub-total Fees: | $163,457.50 |

**Expenses**

| 07/01/2025 | First Legal Network: Pick-Up from: FIRST DIGITAL; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 07/11/2025; Ctrl No: 14098757; Inv. #11098568 | 77.99 |
| 07/17/2025 | Steno Agency, Inc.:Legal Support Services (Certified Copy Transcripts) - Job ID 1795386; Inv. #1845888 | 1,057.50 |

| | Sub-total Expenses: | $1,135.49 |

| | Total Current Billing: | **$164,592.99** |
| | Previous Balance Due: | $159,827.63 |
| | **Total Now Due:** | **$324,420.62** |

**Rate Summary**

| Bambi Clark | 2.50 hours at $465.00/hr | $1,162.50 |
| Robert S. Marticello | 121.30 hours at $880.00/hr | $106,744.00 |
| Stephen M. Mott | 0.80 hours at $495.00/hr | $396.00 |
| Connie-Marie Santiago | 9.00 hours at $275.00/hr | $2,475.00 |
| Michael L. Simon | 87.80 hours at $600.00/hr | $52,680.00 |
| Total hours: | 221.40 | $163,457.50 |

**Payment Terms:  Due Upon Receipt**

<u>**Payment Options:**</u>
**Pay Online**:
**Bill.com:** <u>https://app.bill.com/p/rainesfeldmanllp</u>
**Credit Card:** <u>https://secure.lawpay.com/pages/rainesfeldman/operating</u>

**Pay by Wire/ACH:**
     Wells Fargo Bank, N.A.
     Routing No.: 121000248
     Account No.: 4941981821
     BIC/Swift Code: WFBIUS6S
     Account Title: Raines Feldman Littrell LLP
     Client Name & Invoice #

**Pay by Check via Mail**:
     Raines Feldman Littrell LLP
     PO Box 848574
     Los Angeles, CA 90084-8574



**Raines Feldman Littrell LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 10/27/2025**
**Invoice Number: 140671**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 08/07/2025 | MLS | B110 | Prepare scheduling order. | 0.50 | 600.00 | 300.00 |
| 08/11/2025 | MLS | B110 | Review entered scheduling order. | 0.10 | 600.00 | 60.00 |
| 08/12/2025 | CS | B110 | Draft Joint Admin Motions (.5) | 0.50 | 275.00 | 137.50 |
| 08/12/2025 | MLS | B110 | Attention to joint administration motion and prepare instructions to staff thereon. | 0.10 | 600.00 | 60.00 |
| 08/12/2025 | MLS | B110 | Prepare joint administration motion. | 0.40 | 600.00 | 240.00 |
| 08/18/2025 | CS | B110 | Draft Caption Page, Notice of Joint Administration of Case and Requirement for Filing Documents and Proposed Order on Motion to Approve Joint Administration | 0.80 | 275.00 | 220.00 |
| 08/18/2025 | MLS | B110 | Prepare joint administration motion. | 2.10 | 600.00 | 1,260.00 |
| 08/18/2025 | RSM | B110 | Review and revise the joint administration motion | 0.80 | 880.00 | 704.00 |
| 08/19/2025 | MLS | B110 | Finalize joint administration motion, exhibits, and proposed order. | 0.50 | 600.00 | 300.00 |
| 08/19/2025 | MLS | B110 | Prepare correspondence to R. Zur regarding joint administration motions and exhibits. | 0.10 | 600.00 | 60.00 |
| 08/19/2025 | MLS | B110 | Prepare instructions to C. Santiago regarding joint administration motion. | 0.10 | 600.00 | 60.00 |
| 08/20/2025 | BC | B110 | Review Ronnie Jordan's opposition to motion for joint administration | 0.10 | 465.00 | 46.50 |
| 08/20/2025 | MLS | B110 | Review R. Jordan opposition to joint administration motion. | 0.10 | 600.00 | 60.00 |
| 08/21/2025 | BC | B110 | Review Order Setting Hearing on Motion for Joint Administration of Cases. | 0.10 | 465.00 | 46.50 |
| 08/21/2025 | MLS | B110 | Review entered order setting hearing on joint admin motion. | 0.10 | 600.00 | 60.00 |
| 08/26/2025 | MLS | B110 | Prepare draft status report. | 1.00 | 600.00 | 600.00 |

| 08/26/2025 | RSM | B110 | Review and revise the status report | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 08/26/2025 | RSM | B110 | Call with B. Weiss regarding case status | 0.20 | 880.00 | 176.00 |
| 08/27/2025 | MLS | B110 | Review comments to status report from C. Kurtz and B. Weiss and revise report thereon. | 0.40 | 600.00 | 240.00 |
| 08/27/2025 | MLS | B110 | Prepare reply to Jordan's opposition to joint administration motion | 0.60 | 600.00 | 360.00 |
| 08/27/2025 | MLS | B110 | Review and analysis of R. Jordan opposition to joint administration motion. | 0.30 | 600.00 | 180.00 |
| 08/27/2025 | MLS | B110 | Review revised reply to R. Jordan oppositions to joint administration motion. | 0.20 | 600.00 | 120.00 |
| 08/27/2025 | RSM | B110 | Review and revise reply to the first opposition by Ronnie Jordan to the joint administration motion | 1.00 | 880.00 | 880.00 |
| 08/27/2025 | RSM | B110 | Review and revise the reply in support of the joint admin motion | 0.30 | 880.00 | 264.00 |
| 08/27/2025 | RSM | B110 | Review and revise reply based on second opposition to the joint administration motion and related case law review | 2.20 | 880.00 | 1,936.00 |
| 08/27/2025 | RSM | B110 | Preparation for hearing on the joint admin motion hearing | 0.90 | 880.00 | 792.00 |
| 08/27/2025 | RSM | B110 | Revise and finalize reply in support of the joint admin motion | 0.30 | 880.00 | 264.00 |
| 08/27/2025 | RSM | B110 | Review and revise status report | 0.50 | 880.00 | 440.00 |
| 08/27/2025 | RSM | B110 | Call with J. Shinbrot regarding case status | 0.10 | 880.00 | 88.00 |
| 08/28/2025 | MLS | B110 | Prepare proposed order granting joint administration motion. | 0.20 | 600.00 | 120.00 |
| 08/28/2025 | MLS | B110 | Prepare notice of joint administration. | 0.10 | 600.00 | 60.00 |
| 08/28/2025 | RSM | B110 | Attendance at joint administration motion hearing | 1.70 | 880.00 | 1,496.00 |
| 08/28/2025 | RSM | B110 | Review and revise the joint admin order | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B110** | | **Case Administration** | | | **12,246.50** |

| 08/02/2025 | RSM | B140 | Review and analyze information related to Danner accident | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 08/04/2025 | CS | B140 | Draft shells to Opposition to Danner's MFRs | 0.30 | 275.00 | 82.50 |
| 08/05/2025 | MLS | B140 | Review and analysis of motion for relief from stay and motion for report and recommendation that North Carolina district court is proper district court to try movant's personal injury lawsuit. | 0.70 | 600.00 | 420.00 |
| 08/05/2025 | MLS | B140 | Prepare limited opposition to motion for relief from stay of D. Danner. | 0.50 | 600.00 | 300.00 |
| 08/05/2025 | MLS | B140 | Prepare limited opposition to motion of D. Danner for report and recommendation to district court related to stay relief motion. | 0.50 | 600.00 | 300.00 |
| 08/05/2025 | MLS | B140 | Review correspondence from C. Kurtz regarding J. Deere adequate protection payments and prepare response. | 0.10 | 600.00 | 60.00 |

| 08/05/2025 | MLS | B140 | Prepare correspondence to J. Deere regarding payment information. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 08/05/2025 | MLS | B140 | Review correspondence from J. MacLeod regarding John Deere adequate protection payment information. | 0.10 | 600.00 | 60.00 |
| 08/05/2025 | MLS | B140 | Prepare correspondence to R. Sainos regarding J. Deere adequate protection payments. | 0.10 | 600.00 | 60.00 |
| 08/05/2025 | RSM | B140 | Review and revise response to Danner motions | 0.20 | 880.00 | 176.00 |
| 08/06/2025 | CS | B140 | Revise and finalize Oppositions to Danners Motion for Report and Recommendation to District Court and Motion for Relief | 0.30 | 275.00 | 82.50 |
| 08/06/2025 | MLS | B140 | Revise opposition to motion for report and recommendation to district court. | 0.20 | 600.00 | 120.00 |
| 08/06/2025 | MLS | B140 | Revise opposition to motion for for relief from stay regarding alleged North Carolina accident. | 0.20 | 600.00 | 120.00 |
| 08/06/2025 | MLS | B140 | Prepare correspondence to B. Weiss regarding motions related to alleged accident in North Carolina. | 0.10 | 600.00 | 60.00 |
| 08/08/2025 | MLS | B140 | Review correspondence from R. Sainos regarding Danner action and prepare response. | 0.20 | 600.00 | 120.00 |
| 08/08/2025 | MLS | B140 | Review and analysis of police report re Danner accident. | 0.10 | 600.00 | 60.00 |
| 08/08/2025 | RSM | B140 | Preparation of correspondence to K. March regarding the Danner claim | 0.20 | 880.00 | 176.00 |
| 08/13/2025 | MLS | B140 | Review and analysis of replies of D. Danner to limited oppositions to motion for relief from stay and related motion for report and recommendation to district court. | 0.10 | 600.00 | 60.00 |
| 08/15/2025 | MLS | B140 | Attention to pending H. Mares action. | 0.10 | 600.00 | 60.00 |
| 08/15/2025 | MLS | B140 | Prepare correspondence to J. Wong regarding offer to Ford and Ford's motions for relief from stay. | 0.20 | 600.00 | 120.00 |
| 08/19/2025 | MLS | B140 | Review stipulation for continuation of hearings on approximately 20 motions for relief from stay from Ford Motor Credit. | 0.20 | 600.00 | 120.00 |
| 08/20/2025 | BC | B140 | Review motions regarding Motions for Relief filed by Ford | 0.10 | 465.00 | 46.50 |
| 08/20/2025 | MLS | B140 | Prepare for hearing on Danner's motions for stay relief and report and recommendation. | 0.70 | 600.00 | 420.00 |
| 08/20/2025 | MLS | B140 | Appearance at hearings on Danner's motions for stay relief and for report and recommendation. | 0.40 | 600.00 | 240.00 |
| 08/20/2025 | MLS | B140 | Review entered order continuing hearings on Ford stay relief motions. | 0.10 | 600.00 | 60.00 |
| 08/21/2025 | BC | B140 | Prepare Order Denying Motion of Debra Renee Danner Requesting Report and Recommendation to U.S. District Court | 0.20 | 465.00 | 93.00 |
| 08/21/2025 | MLS | B140 | Prepare proposed order denying Danner motion for report and recommendation to district court. | 0.50 | 600.00 | 300.00 |
| 08/21/2025 | MLS | B140 | Review lodged order on D. Danner's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| 08/22/2025 | BC | B140 | Review Motions for Relief filed by Ford Motor Credit. | 0.40 | 465.00 | 186.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/25/2025 | MLS | B140 | Attention to voicemail from chambers regarding Danner motion for relief from stay and review notice of lodgment. | 0.10 | 600.00 | 60.00 |
| 08/25/2025 | MLS | B140 | Prepare correspondence to J. Wong regarding settlement and continuance of 9/10 hearings on motions for stay relief. | 0.10 | 600.00 | 60.00 |
| 08/25/2025 | RSM | B140 | Review and analyze D. Danner RFS order | 0.20 | 880.00 | 176.00 |
| 08/26/2025 | MLS | B140 | Leave voicemail for J. Wong regarding relief from stay motions. | 0.10 | 600.00 | 60.00 |
| 08/26/2025 | MLS | B140 | Review correspondence from J. Wong regarding Ford motions for relief from stay and response to debtor's offer. | 0.10 | 600.00 | 60.00 |
| 08/26/2025 | MLS | B140 | Review stipulation to continue Ford relief from stay hearings, execute, and prepare correspondence to J. Wong thereon. | 0.10 | 600.00 | 60.00 |
| 08/27/2025 | MLS | B140 | Review entered order granting motion for relief from the automatic stay. | 0.10 | 600.00 | 60.00 |
| 08/29/2025 | MLS | B140 | Review entered order denying D. Danner motion for report and recommendation. | 0.10 | 600.00 | 60.00 |
| 08/29/2025 | MLS | B140 | Review entered order continuing hearings on Ford's motion for relief from stay. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B140** | | **Relief-Stay/Adequate Protection** | | | **4,854.50** |
| | | | | | | |
| 08/11/2025 | MLS | B160 | Emails with R. Sainos regarding RFL fees. | 0.20 | 600.00 | 120.00 |
| 08/11/2025 | MLS | B160 | Review staffing reports for Force Ten, April - June, and prepare instructions to staff thereon. | 0.20 | 600.00 | 120.00 |
| 08/12/2025 | CS | B160 | Prepare, revise, finalize, file Force Ten Third Staffing Report (.8). | 0.80 | 275.00 | 220.00 |
| 08/12/2025 | MLS | B160 | Review and revise staffing report, and prepare instructions to C. Santiago thereon. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B160** | | **Fee Applications/Objections** | | | **520.00** |
| | | | | | | |
| 08/01/2025 | RSM | B190 | Preparation motion to subordinate claim | 3.90 | 880.00 | 3,432.00 |
| 08/02/2025 | RSM | B190 | Preparation motion to subordinate Jordan's claim | 0.80 | 880.00 | 704.00 |
| 08/03/2025 | MLS | B190 | Prepare motion to equitably subordindate R. Jordan claim. | 1.80 | 600.00 | 1,080.00 |
| 08/03/2025 | MLS | B190 | Prepare declaration of A. Tiller in support of equitable subordination motion. | 0.30 | 600.00 | 180.00 |
| 08/03/2025 | MLS | B190 | Prepare B. Weiss declaration in support of motion to equitably subordinate R. Jordan claim. | 0.30 | 600.00 | 180.00 |
| 08/12/2025 | MLS | B190 | Revise declaration of A. Tiller in support of equitable subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/12/2025 | MLS | B190 | Revise declaration of Richard Mowbray in support of equitable subordination motion. | 0.10 | 600.00 | 60.00 |

| 08/12/2025 | MLS | B190 | Review declaration of B. Weiss in support of subordination motion. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 08/12/2025 | MLS | B190 | Revise motion to equitably subordinate R. Jordan's claim and for attorneys fees. | 0.80 | 600.00 | 480.00 |
| 08/12/2025 | RSM | B190 | Review and revise the subordination motion and declarations | 0.70 | 880.00 | 616.00 |
| 08/14/2025 | MLS | B190 | Prepare section in motion for equitable subordination of Jordan's claim on attorney's fees. | 0.80 | 600.00 | 480.00 |
| 08/14/2025 | RSM | B190 | Review and analyze issues and cash law regarding 510(b) subordination | 0.40 | 880.00 | 352.00 |
| 08/14/2025 | RSM | B190 | Preparation motion to subordinate and related case law review based on claim (Labor Code) | 3.80 | 880.00 | 3,344.00 |
| 08/15/2025 | MLS | B190 | Prepare declaration of M. Simon in support of subordination motion. | 0.30 | 600.00 | 180.00 |
| 08/15/2025 | MLS | B190 | Prepare declaration of R. Marticello in support of subordination motion. | 0.20 | 600.00 | 120.00 |
| 08/15/2025 | MLS | B190 | Prepare declaration of B. Weiss in support of subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/15/2025 | RSM | B190 | Review and revise the subordination motion | 0.20 | 880.00 | 176.00 |
| 08/18/2025 | RSM | B190 | Review and revise the subordination motion | 1.10 | 880.00 | 968.00 |
| 08/18/2025 | RSM | B190 | Review and revise motion to subordinate claim | 0.60 | 880.00 | 528.00 |
| 08/18/2025 | RSM | B190 | Preparation subordination motion | 0.50 | 880.00 | 440.00 |
| 08/19/2025 | MLS | B190 | Review entered order staying adversary with R. Jordan. | 0.10 | 600.00 | 60.00 |
| 08/19/2025 | MLS | B190 | Telephone conference with R. Marticello regarding R. Jordan. | 0.30 | 600.00 | 180.00 |
| 08/19/2025 | MLS | B190 | Review and finalize my declaration in support of subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/19/2025 | MLS | B190 | Review and finalize B. Weiss declaration in support of subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/19/2025 | MLS | B190 | Review and finalize declaration of R. Mowbray in support of subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/19/2025 | MLS | B190 | Prepare correspondence to B. Weiss and R. Mowbray regarding subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/19/2025 | RSM | B190 | Review and revise declaration of R. Mowbray in support of subordination motion | 0.20 | 880.00 | 176.00 |
| 08/19/2025 | RSM | B190 | Preparation subordination motion | 3.90 | 880.00 | 3,432.00 |
| 08/19/2025 | RSM | B190 | Review and revise declaration of R. Mowbray in support of subordination motion | 0.40 | 880.00 | 352.00 |
| 08/20/2025 | BC | B190 | Prepare and e-file motion and supporting declarations regarding Motion for an Order Equitably Subordinating Claim of Ronnie Jordan | 2.20 | 465.00 | 1,023.00 |
| 08/20/2025 | MLS | B190 | Prepare correspondence to A. Tiller regarding declaration in support of subordination motion. | 0.10 | 600.00 | 60.00 |
| 08/20/2025 | MLS | B190 | Review R. Mowbray comments to declaration in support of subordination motion. | 0.10 | 600.00 | 60.00 |

| 08/20/2025 | MLS | B190 | Prepare citations in subordination motion to exhibits and finalize motion. | 1.60 | 600.00 | 960.00 |
|---|---|---|---|---|---|---|
| 08/20/2025 | MLS | B190 | Prepare notice of subordination motion. | 0.40 | 600.00 | 240.00 |
| 08/20/2025 | RSM | B190 | Call with R. Zur regarding the subordination motion | 0.30 | 880.00 | 264.00 |
| 08/20/2025 | RSM | B190 | Review and revise R. Mowbray's declaration in support of the subordination motion | 0.30 | 880.00 | 264.00 |
| 08/21/2025 | BC | B190 | Prepare and E-file Amended Notice of Hearing re Motion for Order Equitably Subordinating Claim of Ronnie Jordan (.4); arrange for Chambers copies of Motion and Supporting Declarations (.1) | 0.50 | 465.00 | 232.50 |
| 08/21/2025 | MLS | B190 | Prepare amended notice of hearing on equitable subordination motion. | 0.20 | 600.00 | 120.00 |
| 08/22/2025 | RSM | B190 | Call with S. Cho, M. Kim, R. Zur and others to discuss the Jordan matter | 0.50 | 880.00 | 440.00 |
| | **Sub-total: B190** | | **Other Contested Matters/ Omnibus Hearing** | | | **21,603.50** |
| | | | | | | |
| 08/15/2025 | RSM | B200 | Calls with M. Kim regarding the Danner claim and insurance (.1 and.2) | 0.30 | 880.00 | 264.00 |
| 08/15/2025 | RSM | B200 | Call with counsel for D. Danner regarding settlement | 0.30 | 880.00 | 264.00 |
| 08/27/2025 | CS | B200 | Revise and finalize Notice of Hearing and Motion Authorizing Insurance Premium Financing (.7); format, finalize, and file Status Report (.3); review, revise, finalize and file Joint Reply Jordan's Opposition to Motions for Order Authorizing Joint Administration of Chapter 11 Cases (1.5) | 2.50 | 275.00 | 687.50 |
| | **Sub-total: B200** | | **Adversary Actions** | | | **1,215.50** |
| | | | | | | |
| 08/15/2025 | MLS | B205 | Telephone conference with R. Smith regarding personal injury matter. | 0.20 | 600.00 | 120.00 |
| 08/25/2025 | RSM | B205 | Preparation correspondence to P. Batalden regarding status of settlement discussions with the Rodriguez Parties | 0.20 | 880.00 | 176.00 |
| | **Sub-total: B205** | | **State Court Matters** | | | **296.00** |
| | | | | | | |
| 08/08/2025 | MLS | B210 | Review and analysis of premium financing agreement for auto excess coverage. | 0.30 | 600.00 | 180.00 |
| 08/08/2025 | MLS | B210 | Prepare correspondence to C. Kurtz regarding insurance premium financing agreement. | 0.10 | 600.00 | 60.00 |
| 08/08/2025 | MLS | B210 | Prepare correspondence to L. Rodriguez regarding insurance premium financing. | 0.20 | 600.00 | 120.00 |
| 08/08/2025 | RSM | B210 | Review and analyze correspondence to the Union | 0.10 | 880.00 | 88.00 |
| 08/11/2025 | MLS | B210 | Prepare motion for entry of order authorizing Debtor to incur debt for insurance premium financing. | 0.80 | 600.00 | 480.00 |

| 08/19/2025 | MLS | B210 | Prepare proposed order granting debtor's motion for entry of order authorizing debtor to incur debt for insurance premium financing. | 1.00 | 600.00 | 600.00 |
|---|---|---|---|---|---|---|
| 08/19/2025 | MLS | B210 | Prepare correspondence to First Insurance Funding regarding proposed form of order for insurance premium financing motion. | 0.20 | 600.00 | 120.00 |
| 08/19/2025 | MLS | B210 | Review correspondence from M. Hodgson at Acrisure regarding status of insurance premium financing agreement for auto excess policy and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/20/2025 | MLS | B210 | Review revised proposed financing order from First Insurance Funding. | 0.10 | 600.00 | 60.00 |
| 08/20/2025 | MLS | B210 | Prepare insurance premium financing motion for auto excess policies. | 0.60 | 600.00 | 360.00 |
| 08/25/2025 | MLS | B210 | Review correspondence from R. Sainos regarding Vestis agreements and prepare response. | 0.20 | 600.00 | 120.00 |
| 08/27/2025 | MLS | B210 | Revise insurance premium financing motion for excess auto coverage. | 0.30 | 600.00 | 180.00 |
| 08/27/2025 | MLS | B210 | Prepare correspondence to B. Weiss regarding insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 08/27/2025 | MLS | B210 | Prepare notice of insurance premium financing motion. | 0.30 | 600.00 | 180.00 |
| 08/27/2025 | MLS | B210 | Prepare instructions to staff regarding filing and service of insurance premium financing motion and notice. | 0.10 | 600.00 | 60.00 |
| 08/27/2025 | MLS | B210 | Review correspondence from R. Sainos regarding San Bernardino license and prepare response. | 0.20 | 600.00 | 120.00 |
| | | **Sub-total: B210** | **Business Operations** | | | **2,848.00** |
| | | | | | | |
| 08/12/2025 | MLS | B230 | Review correspondence from R. Sainos regarding insurance financing agreement down payment and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/20/2025 | MLS | B230 | Review correspondence from R. Murphy at First Insurance Funding regarding proposed financing order and prepare response. | 0.10 | 600.00 | 60.00 |
| | | **Sub-total: B230** | **Financing / Cash Collateral** | | | **120.00** |
| | | | | | | |
| 08/06/2025 | MLS | B235 | Review draft June MOR and prepare correspondence to K. Meacham thereon. | 0.20 | 600.00 | 120.00 |
| 08/07/2025 | MLS | B235 | Review June MOR and prepare instructions to B. Clark and C. Santiago thereon. | 0.10 | 600.00 | 60.00 |
| 08/26/2025 | BC | B235 | Finalize and e-file Monthly Operating Report - July 2025 | 0.40 | 465.00 | 186.00 |
| 08/26/2025 | MLS | B235 | Review July monthly operating report. | 0.10 | 600.00 | 60.00 |
| | | **Sub-total: B235** | **Financial Filings** | | | **426.00** |

| 08/06/2025 | MLS | B310 | Attention to voicemail from R. Smith and leave voicemail in response. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| | **Sub-total:** | **B310** | **Claim Administration and Objections** | | | **60.00** |
| 08/01/2025 | MLS | B320 | Review request for judicial notice filed by R. Jordan concerning August 6th hearings. | 0.10 | 600.00 | 60.00 |
| 08/01/2025 | RSM | B320 | Call with M. Lubic regarding PNC's treatment under the plan | 1.00 | 880.00 | 880.00 |
| 08/01/2025 | RSM | B320 | Call with R. Zur regarding the negotiations with PNC | 0.30 | 880.00 | 264.00 |
| 08/02/2025 | RSM | B320 | Call with B. Weiss regarding PNC's requests related to the Plan | 0.60 | 880.00 | 528.00 |
| 08/02/2025 | RSM | B320 | Preparation correspondence to B. Weiss regarding the plan negotiations with PNC | 0.20 | 880.00 | 176.00 |
| 08/02/2025 | RSM | B320 | Preparation for hearing on motion to terminate exclusivity and the disclosure statement hearing | 2.70 | 880.00 | 2,376.00 |
| 08/02/2025 | RSM | B320 | Call with R. Sainos regarding negotiations with PNC | 0.70 | 880.00 | 616.00 |
| 08/02/2025 | RSM | B320 | Preparation correspondence to B. Weiss regarding possible settlement terms with PNC | 0.20 | 880.00 | 176.00 |
| 08/03/2025 | RSM | B320 | Preparation for hearing on motion to terminate exclusivity | 0.90 | 880.00 | 792.00 |
| 08/04/2025 | MLS | B320 | Prepare declaration of Richard Mowbray in support of subordination motion. | 0.40 | 600.00 | 240.00 |
| 08/04/2025 | MLS | B320 | Revise motion to equitably subordinate R. Jordan's claim. | 1.20 | 600.00 | 720.00 |
| 08/04/2025 | MLS | B320 | Review tentative rulings on motion to terminate exclusivity and disclosure statement | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | MLS | B320 | Telephone conference with R. Marticello and R. Zur regarding disclosure statement tentative ruling and hearing. | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding status of plan treatment negotiations and other matters and prepare response. | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | MLS | B320 | Review and analysis of comments from Rodriguez Plaintiffs to amended plan and disclosure statement. | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | MLS | B320 | Review and analysis of response from Ford's counsel. | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | MLS | B320 | Review and analysis to potential plan revisions per Rodriguez Plaintiffs. | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | MLS | B320 | Prepare draft confirmation schedule. | 0.20 | 600.00 | 120.00 |
| 08/04/2025 | RSM | B320 | Call with R. Zur regarding the Court's tentative rulings | 0.30 | 880.00 | 264.00 |
| 08/04/2025 | RSM | B320 | Call with A. Tiller regarding the settlement and the plan | 1.40 | 880.00 | 1,232.00 |
| 08/04/2025 | RSM | B320 | Preparation correspondence to B. Wiess and R. Sainos regarding further negotiations with A. Tiller | 0.30 | 880.00 | 264.00 |

| 08/04/2025 | RSM | B320 | Review and analyze correspondence from B. Weiss regarding the negotiations with A. Tiller and response | 0.10 | 880.00 | 88.00 |
| 08/04/2025 | RSM | B320 | Preparation for disclosure statement hearing and related case law review | 2.60 | 880.00 | 2,288.00 |
| 08/05/2025 | MLS | B320 | Review and analysis of requested plan modifications. | 0.20 | 600.00 | 120.00 |
| 08/05/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding PNC, John Deere, and Ford, and prepare response. | 0.20 | 600.00 | 120.00 |
| 08/05/2025 | MLS | B320 | Review and analysis of D. Danner's statement re disclosure statement. | 0.10 | 600.00 | 60.00 |
| 08/05/2025 | MLS | B320 | Exchange emails with C. Kurtz regarding Ford treatment. | 0.10 | 600.00 | 60.00 |
| 08/05/2025 | RSM | B320 | Call with B. Weiss regarding the hearing on the Disclosure Statement and the negotiations with A. Tiller | 0.40 | 880.00 | 352.00 |
| 08/05/2025 | RSM | B320 | Preparation for hearing on motion to terminate exclusivity | 0.50 | 880.00 | 440.00 |
| 08/05/2025 | RSM | B320 | Preparation hearing on the Disclosure Statement | 1.40 | 880.00 | 1,232.00 |
| 08/05/2025 | RSM | B320 | Preparation for hearings on disclosure statement and Jordan motion | 2.80 | 880.00 | 2,464.00 |
| 08/06/2025 | MLS | B320 | Prepare for hearings on motion to terminate exclusivity and approval of debtor's disclosure statement. | 1.20 | 600.00 | 720.00 |
| 08/06/2025 | MLS | B320 | Travel to hearing on disclosure statement and motion to terminate exclusivity. | 0.50 | 600.00 | 300.00 |
| 08/06/2025 | MLS | B320 | Attendance and appearance at hearings on disclosure statement and motion to terminate exclusivity. | 2.00 | 600.00 | 1,200.00 |
| 08/06/2025 | MLS | B320 | Prepare list of amendments to disclosure statement per court's comments. | 0.20 | 600.00 | 120.00 |
| 08/06/2025 | RSM | B320 | Attendance at hearings on Disclosure Statement and R. Jordan Motion | 2.40 | 880.00 | 2,112.00 |
| 08/07/2025 | MLS | B320 | Prepare counteroffer to J. Wong re Ford plan treatment. | 0.40 | 600.00 | 240.00 |
| 08/07/2025 | MLS | B320 | Prepare correspondence to R. Zur regarding amended disclosure statement. | 0.10 | 600.00 | 60.00 |
| 08/07/2025 | MLS | B320 | Telephone conference with R. Marticello regarding disclosure statement and plan. | 0.40 | 600.00 | 240.00 |
| 08/07/2025 | RSM | B320 | Call with T. Ringstad regarding the disclosure statement hearing | 0.50 | 880.00 | 440.00 |
| 08/08/2025 | MLS | B320 | Telephone conference with R. Marticello regarding exclusivity. | 0.20 | 600.00 | 120.00 |
| 08/08/2025 | MLS | B320 | Prepare motion to extend exclusivity. | 2.40 | 600.00 | 1,440.00 |
| 08/08/2025 | MLS | B320 | Prepare correspondence to B. Weiss and C. Kurtz regarding amended disclosure statement. | 0.10 | 600.00 | 60.00 |
| 08/08/2025 | MLS | B320 | Prepare motion to extend exclusivity period. | 0.50 | 600.00 | 300.00 |
| 08/08/2025 | RSM | B320 | Call with R. Sainos regarding pending matters related to the plan | 0.60 | 880.00 | 528.00 |
| 08/08/2025 | RSM | B320 | Preparation correspondence to C. Kurtz regarding the new projections | 0.20 | 880.00 | 176.00 |

| 08/08/2025 | RSM | B320 | Review and revise the scheduling order | 0.10 | 880.00 | 88.00 |
|---|---|---|---|---|---|---|
| 08/08/2025 | RSM | B320 | Preparation exclusivity motion and related case law review | 1.90 | 880.00 | 1,672.00 |
| 08/09/2025 | RSM | B320 | Call with B. Wiess regarding the valuation of avoidance actions | 0.60 | 880.00 | 528.00 |
| 08/09/2025 | RSM | B320 | Call with R. Sainos regarding the info needed for the amended DS | 0.20 | 880.00 | 176.00 |
| 08/09/2025 | RSM | B320 | Preparation of exclusivity motion | 2.30 | 880.00 | 2,024.00 |
| 08/09/2025 | RSM | B320 | Review and revise amended DS | 2.40 | 880.00 | 2,112.00 |
| 08/10/2025 | MLS | B320 | Prepare motion to extend exclusivity period. | 1.40 | 600.00 | 840.00 |
| 08/10/2025 | MLS | B320 | Prepare declaration of B. Weiss in support of motion to extend exclusivity period. | 0.30 | 600.00 | 180.00 |
| 08/10/2025 | RSM | B320 | Review and analyze revised liquidation analysis, projections, and insider payment valuation analysis, and related cash law review | 1.70 | 880.00 | 1,496.00 |
| 08/11/2025 | MLS | B320 | Review correspondence from R. Sainos regarding Ford treatment and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Prepare motion to extend exclusivity period. | 1.00 | 600.00 | 600.00 |
| 08/11/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding amended plan projections and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Prepare proposed order granting bridge motion regarding exclusivity. | 0.30 | 600.00 | 180.00 |
| 08/11/2025 | MLS | B320 | Prepare emergency motion regarding bridge order pending hearing on exclusivity motion. | 1.10 | 600.00 | 660.00 |
| 08/11/2025 | MLS | B320 | Prepare notice of hearing on exclusivity motion. | 0.50 | 600.00 | 300.00 |
| 08/11/2025 | MLS | B320 | Revise motion to extend exclusivity period. | 0.40 | 600.00 | 240.00 |
| 08/11/2025 | MLS | B320 | Prepare correspondence to B. Weiss regarding motion to extend exclusivity period. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Exchange emails with C. Kurtz regarding financials for exclusivity motion. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Revise B. Weiss declaration in support of exclusivity motion. | 0.20 | 600.00 | 120.00 |
| 08/11/2025 | MLS | B320 | Exchange emails with C. Kurtz regarding financial figures for exclusivity motion. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Emails with B. Weiss regarding declaration in support of exclusivity motion. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Revise exclusivity bridge motion. | 0.30 | 600.00 | 180.00 |
| 08/11/2025 | MLS | B320 | Revise proposed order granting bridge motion. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | MLS | B320 | Review B. Weiss's revisions to declaration in support of exclusivity motion. | 0.10 | 600.00 | 60.00 |
| 08/11/2025 | RSM | B320 | Call with A. Tiller regarding the amended plan | 0.40 | 880.00 | 352.00 |
| 08/11/2025 | RSM | B320 | Preparation motion to subordinate to R. Jordan claim | 2.30 | 880.00 | 2,024.00 |

| 08/11/2025 | RSM | B320 | Review and revise bridge motion | 1.30 | 880.00 | 1,144.00 |
| 08/11/2025 | RSM | B320 | Call with K. March regarding Danner's claim and the plan | 0.40 | 880.00 | 352.00 |
| 08/11/2025 | RSM | B320 | Review and revise the exclusivity motion | 2.80 | 880.00 | 2,464.00 |
| 08/11/2025 | RSM | B320 | Review and analyze the disclosure statement | 3.20 | 880.00 | 2,816.00 |
| 08/11/2025 | RSM | B320 | Preparation amended disclosure statement | 0.50 | 880.00 | 440.00 |
| 08/12/2025 | CS | B320 | Format, finalize, file, and serve Motion to Extend Exclusivity Period, Declaration in support of and Notice of Hearing of the Motion to Extend Exclusivity Period (.9). Format, finalize, file and serve Exclusivity Bridge Motion (.4) | 1.30 | 275.00 | 357.50 |
| 08/12/2025 | MLS | B320 | Review and finalize exclusivity motion and supporting documents. | 0.40 | 600.00 | 240.00 |
| 08/12/2025 | MLS | B320 | Review and finalize bridge motion and proposed order. | 0.20 | 600.00 | 120.00 |
| 08/12/2025 | MLS | B320 | Review and analysis of comments and edits to draft first amended disclosure statement from C. Kurtz and B. Weiss. | 0.80 | 600.00 | 480.00 |
| 08/12/2025 | MLS | B320 | Prepare first amended disclosure statement. | 1.00 | 600.00 | 600.00 |
| 08/12/2025 | MLS | B320 | Review C. Kurtz's comments to disclosure statement and analysis thereon. | 0.50 | 600.00 | 300.00 |
| 08/12/2025 | MLS | B320 | Telephone conference with C. Kurtz regarding disclosure statement revisions. | 0.80 | 600.00 | 480.00 |
| 08/12/2025 | MLS | B320 | Prepare correspondence to R. Sainos regarding questions for disclosure statement. | 0.10 | 600.00 | 60.00 |
| 08/12/2025 | MLS | B320 | Review proposed disclosure statement revisions from K. March. | 0.20 | 600.00 | 120.00 |
| 08/12/2025 | MLS | B320 | Prepare index of exhibits in support of amended disclosure statement. | 0.20 | 600.00 | 120.00 |
| 08/12/2025 | MLS | B320 | Prepare first amended disclosure statement. | 1.30 | 600.00 | 780.00 |
| 08/12/2025 | RSM | B320 | Calls with R. Zur regarding the preparation of the joint plan (.5,.1, and.1) | 0.70 | 880.00 | 616.00 |
| 08/12/2025 | RSM | B320 | Review and revise the declaration of B. Weiss in support of the exclusivity motion | 0.50 | 880.00 | 440.00 |
| 08/12/2025 | RSM | B320 | Review and revise the first amended disclosure statement | 2.50 | 880.00 | 2,200.00 |
| 08/12/2025 | RSM | B320 | Call with C. Kurtz regarding the claims analysis | 0.20 | 880.00 | 176.00 |
| 08/12/2025 | RSM | B320 | Preparation joint plan and disclosure statement | 4.10 | 880.00 | 3,608.00 |
| 08/13/2025 | CS | B320 | Revise, format and finalize Index of Exhibits and Exhibits (1.1), First Amended Plan with Exhibits (1.2) and, First Amended Disclosure Statement (1.2); correspond with M. Simon regarding changes to Index and First Amended Documents (.2) | 3.70 | 275.00 | 1,017.50 |
| 08/13/2025 | MLS | B320 | Prepare first amended disclosure statement. | 2.90 | 600.00 | 1,740.00 |

| 08/13/2025 | MLS | B320 | Prepare exhibits in support of first amended disclosure statement. | 0.30 | 600.00 | 180.00 |
|---|---|---|---|---|---|---|
| 08/13/2025 | MLS | B320 | Prepare index of exhibits in support of first amended disclosure statement. | 0.20 | 600.00 | 120.00 |
| 08/13/2025 | MLS | B320 | Prepare first amended plan of reorganization. | 1.40 | 600.00 | 840.00 |
| 08/13/2025 | MLS | B320 | Prepare correspondence to L. Gans regarding disclosure statement exhibits. | 0.10 | 600.00 | 60.00 |
| 08/13/2025 | MLS | B320 | Telephone conference with C. Kurtz regarding amended disclosure statement. | 0.20 | 600.00 | 120.00 |
| 08/13/2025 | MLS | B320 | Prepare first amended disclosure statement. | 1.40 | 600.00 | 840.00 |
| 08/13/2025 | MLS | B320 | Prepare exhibits in support of disclosure statement. | 1.30 | 600.00 | 780.00 |
| 08/13/2025 | MLS | B320 | Prepare first amended plan. | 1.80 | 600.00 | 1,080.00 |
| 08/13/2025 | MLS | B320 | Insert citations to first amended disclosure statement. | 0.70 | 600.00 | 420.00 |
| 08/13/2025 | RSM | B320 | Calls with R. Zur regarding the amended plan and disclosure statement (.1,.1, and.2) | 0.40 | 880.00 | 352.00 |
| 08/13/2025 | RSM | B320 | Review and revise amended plan and disclosure statement | 3.40 | 880.00 | 2,992.00 |
| 08/13/2025 | RSM | B320 | Calls with R. Zur regarding the revisions to the joint plan and disclosure statement (.2,.2, and.1) | 0.50 | 880.00 | 440.00 |
| 08/13/2025 | RSM | B320 | Review and revise the first amended plan and disclosure statement | 0.90 | 880.00 | 792.00 |
| 08/13/2025 | RSM | B320 | Review and revise the first amended plan | 0.50 | 880.00 | 440.00 |
| 08/14/2025 | CS | B320 | Draft Notice of Errata regarding attaching incorrect Exhibit 3 to the Index of Exhibits | 0.20 | 275.00 | 55.00 |
| 08/14/2025 | MLS | B320 | Review entered order granting exclusivity bridge motion. | 0.10 | 600.00 | 60.00 |
| 08/14/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding disclosure statement exhibits and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/14/2025 | MLS | B320 | Review index of exhibits in support of disclosure statement and prepare instructions to staff regarding notice of errata. | 0.30 | 600.00 | 180.00 |
| 08/14/2025 | RSM | B320 | Call with R. Zur regarding plan issues | 0.60 | 880.00 | 528.00 |
| 08/15/2025 | CS | B320 | Prepare Notice of Errata regarding Index of Exhibits attaching the correct Exhibit 3 to the index | 0.20 | 275.00 | 55.00 |
| 08/15/2025 | MLS | B320 | Prepare notice of errata regarding index of exhibits. | 0.20 | 600.00 | 120.00 |
| 08/15/2025 | MLS | B320 | Prepare correspondence to R. Zur regarding notice of errata re index of exhibits in support of disclosure statement. | 0.10 | 600.00 | 60.00 |
| 08/15/2025 | MLS | B320 | Prepare equitable subordination motion. | 2.40 | 600.00 | 1,440.00 |
| 08/15/2025 | RSM | B320 | Call with R. Zur regarding the disclosure statement | 0.20 | 880.00 | 176.00 |
| 08/15/2025 | RSM | B320 | Review and analyze Jordan objection to setting of disclosure statement hearing | 0.10 | 880.00 | 88.00 |

| 08/16/2025 | MLS | B320 | Review correspondence from J. Wong regarding counteroffer to Ford. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 08/20/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding Ford negotiation status and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/27/2025 | MLS | B320 | Review opposition of R. Jordan to exclusivity motion. | 0.10 | 600.00 | 60.00 |
| 08/27/2025 | MLS | B320 | Legal research regarding incorporation by reference doctrine related to R. Jordan's opposition to exclusivity motion. | 0.20 | 600.00 | 120.00 |
| 08/27/2025 | RSM | B320 | Call with C. Kurtz regarding negotiations with BOA and PNC | 0.40 | 880.00 | 352.00 |
| 08/27/2025 | RSM | B320 | Preparation memo regarding settlement with PNC | 0.30 | 880.00 | 264.00 |
| 08/28/2025 | MLS | B320 | Review correspondence from J. Wong regarding settlement with Ford and prepare response. | 0.10 | 600.00 | 60.00 |
| 08/28/2025 | RSM | B320 | Call with B. Weiss regarding plan treatment for PNC | 0.40 | 880.00 | 352.00 |
| 08/28/2025 | RSM | B320 | Call with K. Hirsch regarding BOA treatment in the plan | 0.20 | 880.00 | 176.00 |
| 08/28/2025 | RSM | B320 | Call with C. Kurtz regarding discussions with BOA | 0.10 | 880.00 | 88.00 |
| 08/29/2025 | MLS | B320 | Prepare redlines of plan and disclosure statement. | 0.20 | 600.00 | 120.00 |
| 08/29/2025 | MLS | B320 | Review and attention to Ford emails regarding plan treatment and adequate protection. | 0.20 | 600.00 | 120.00 |
| 08/29/2025 | MLS | B320 | Telephone conference with Ford's counsel regarding plan treatment and adequate protection payments. | 0.30 | 600.00 | 180.00 |
| 08/29/2025 | RSM | B320 | Call with M. Lubic regarding the plan | 0.60 | 880.00 | 528.00 |
| 08/31/2025 | RSM | B320 | Call with B. Weiss regarding PNC negotiations and information requested by D. Reid | 0.50 | 880.00 | 440.00 |
| 08/31/2025 | RSM | B320 | Preparation correspondence to B. Weiss regarding potential settlement terms with PNC | 0.40 | 880.00 | 352.00 |
| 08/31/2025 | RSM | B320 | Review and analyze issues related to request from D. Reid regarding financial information | 0.30 | 880.00 | 264.00 |
| | **Sub-total: B320** | | **Plan and Disclosure Statement** | | | **75,505.00** |

|  |  |
|---|---|
| Sub-total Fees: | $119,695.00 |

**Expenses**

| 08/01/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 07/31/2025; Ctrl No: 14106629; Inv. #11115215 | 180.50 |
|---|---|---|
| 08/01/2025 | First Legal Network: Pick-Up from: E-DISCOVERY; Deliver to: USDC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 07/24/2025; Ctrl No: 14103824; Inv. #11115215 | 98.50 |
| 08/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/15/2025; Ctrl No: 14113179; Inv. #11128142 | 129.75 |
| 08/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/14/2025; Ctrl No: 14112433; Inv. #11128142 | 281.75 |

| | | |
|---|---|---:|
| 08/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/12/2025; Ctrl No: 14111457; Inv. #11128142 | 55.75 |
| 08/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 08/07/2025; Ctrl No: 14109293; Inv. #11128142 | 58.50 |

|  |  |
|---|---:|
| Sub-total Expenses: | $804.75 |
| Total Current Billing: | **$120,499.75** |
| Previous Balance Due: | $324,420.62 |
| **Total Now Due:** | **$444,920.37** |

**Rate Summary**

| | | | |
|---|---|---|---:|
| Bambi Clark | 4.00 | hours at $465.00/hr | $1,860.00 |
| Robert S. Marticello | 86.00 | hours at $880.00/hr | $75,680.00 |
| Connie-Marie Santiago | 10.60 | hours at $275.00/hr | $2,915.00 |
| Michael L. Simon | 65.40 | hours at $600.00/hr | $39,240.00 |
| Total hours: | 166.00 | | $119,695.00 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
Bill.com: https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
    Wells Fargo Bank, N.A.
    Routing No.: 121000248
    Account No.: 4941981821
    BIC/Swift Code: WFBIUS6S
    Account Title: Raines Feldman Littrell LLP
    Client Name & Invoice #

**Pay by Check via Mail**:
    Raines Feldman Littrell LLP
    PO Box 848574
    Los Angeles, CA 90084-8574



**Raines Feldman Littrell LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 10/27/2025**
**Invoice Number: 140672**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| Professional Services | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 09/05/2025 | MLS | B110 | Review entered order granting joint administration motion. | 0.10 | 600.00 | 60.00 |
| 09/08/2025 | BC | B110 | Conference with C. Santiago regarding Amended Master Mailing Matrix | 0.20 | 465.00 | 93.00 |
| 09/08/2025 | CS | B110 | Revise and finalize Notice of Joint Administration of Cases and Requirements for Filing Documents (.4); Review The Original Mowbray's Tree Service, Inc., Mowbray Waterman Property, LLC, and Robin Elaine Mowbray's Master Mailing Matrix removing duplicate creditors and adding additional Creditors to the main case Amended Verification of Master Mailing List Creditors (1.5); Draft Amended Verification of Master Mailing List of Creditors (1.2); Correspond with M. Simon regarding following local rules in drafting Amended Master Mailing list (.1) | 3.20 | 275.00 | 880.00 |
| 09/08/2025 | MLS | B110 | Prepare instructions to staff regarding joint admin notice. | 0.10 | 600.00 | 60.00 |
| 09/08/2025 | MLS | B110 | Prepare correspondence to R. Zur regarding joint admin notice. | 0.10 | 600.00 | 60.00 |
| 09/08/2025 | MLS | B110 | Exchange emails with staff regarding amended master mailing list. | 0.10 | 600.00 | 60.00 |
| 09/09/2025 | MLS | B110 | Review draft amended mailing list and prepare correspondence to staff thereon. | 0.10 | 600.00 | 60.00 |
| 09/11/2025 | CS | B110 | Prepare Amended Verification of Master Mailing List of Creditors | 0.20 | 275.00 | 55.00 |
| 09/11/2025 | MLS | B110 | Review draft amended master mailing list and prepare correspondence thereon to B. Weiss. | 0.10 | 600.00 | 60.00 |
| | Sub-total: | B110 | Case Administration | | | 1,388.00 |
| | | | | | | |
| 09/16/2025 | MLS | B130 | Review correspondence from R. Sainos regarding proposed de minimis asset sales and analysis thereof. | 0.30 | 600.00 | 180.00 |

| Date | | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 09/16/2025 | MLS | B130 | Prepare correspondence to R. Sainos and C. Kurtz regarding proposed de minimis asset sales. | 0.10 | 600.00 | 60.00 |
| 09/16/2025 | MLS | B130 | Review correspondence from R. Sainos and C. Kurtz regarding proposed de minimis asset sales. | 0.10 | 600.00 | 60.00 |
| 09/16/2025 | MLS | B130 | Review correspondence from R. Sainos regarding proposed de minimis asset sales. | 0.10 | 600.00 | 60.00 |
| 09/17/2025 | MLS | B130 | Review correspondence from R. Sianos regarding de minimis asset sales. | 0.10 | 600.00 | 60.00 |
| 09/22/2025 | CS | B130 | Prepare and file Fourth Notice of Intent to Sell De Minimis Assets (.3); email with M. Simon regarding same (.1); coordinate copies of filing via FedEx to Trustee and Judge (.1); Draft, finalize and file Fourth Notice of Monthly Staffing Reports for Ten Partners (.5); coordinate service copies (.1) | 1.10 | 275.00 | 302.50 |
| 09/22/2025 | MLS | B130 | Review and revise draft fourth sale notice. | 0.30 | 600.00 | 180.00 |
| 09/22/2025 | MLS | B130 | Prepare correspondence to B. Weiss regarding proposed fourth sale notice. | 0.10 | 600.00 | 60.00 |
| 09/30/2025 | MLS | B130 | Review correspondence from R. Sainos regarding truck sales and prepare response. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B130** | | **Asset Disposition** | | | **1,022.50** |
| | | | | | | |
| 09/02/2025 | BC | B140 | Review Motions for Relief filed by Ally Bank | 0.10 | 465.00 | 46.50 |
| 09/03/2025 | BC | B140 | Calendar hearings and related deadlines (.2) | 0.20 | 0.00 | 93.00 |
| 09/03/2025 | BC | B140 | Review additional Motions for Relief filed by Ford and Ally Bank (.1) | 0.10 | 465.00 | 46.50 |
| 09/17/2025 | CS | B140 | Review MFRs filed by Ally Bank and D. Skale. | 0.30 | 275.00 | 82.50 |
| 09/17/2025 | MLS | B140 | Review and analysis of motion for relief from stay by D. Skale. | 0.20 | 600.00 | 120.00 |
| 09/23/2025 | MLS | B140 | Review entered order denying R. Jordan's motion for relief from the automatic stay. | 0.10 | 600.00 | 60.00 |
| 09/26/2025 | MLS | B140 | Prepare correspondence to J. Wong regarding continuance of hearings on Ford's motions for relief from stay. | 0.10 | 600.00 | 60.00 |
| 09/29/2025 | MLS | B140 | Review correspondence from J. Wong regarding continuance of hearings on Ford's motions for relief from stay and prepare response. | 0.20 | 600.00 | 120.00 |
| 09/29/2025 | MLS | B140 | Review correspondence from J. Wong regarding motions for relief from stay and plan support agreement, and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/29/2025 | MLS | B140 | Review correspondence from J. Wong regarding continuing hearings on motions for stay relief and prepare response. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B140** | | **Relief-Stay/Adequate Protection** | | | **748.50** |
| | | | | | | |
| 09/16/2025 | MLS | B160 | Prepare notice of hearing on interim fee applications. | 0.30 | 600.00 | 180.00 |

| 09/22/2025 | MLS | B160 | Review draft notice of hearing on interim fee apps from R. Zur and prepare correspondence to R. Zur thereon. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 09/22/2025 | MLS | B160 | Review correspondence from B. Weiss regarding F10 staffing reports and prepare instructions to C. Santiago thereon. | 0.10 | 600.00 | 60.00 |
| 09/29/2025 | BC | B160 | Calendar hearing on Interim Fee Applications | 0.20 | 0.00 | No Charge |

**Sub-total: B160    Fee Applications/Objections    300.00**

| 09/03/2025 | MLS | B190 | Review and analysis of R. Jordan opposition to equitable subordination motion. | 0.50 | 600.00 | 300.00 |
|---|---|---|---|---|---|---|
| 09/03/2025 | RSM | B190 | Call with R. Sainos regarding the motion to subordinate R. Jordan's claim | 0.20 | 880.00 | 176.00 |
| 09/05/2025 | RSM | B190 | Review and analyze objection to subordination motion | 1.50 | 880.00 | 1,320.00 |
| 09/08/2025 | MLS | B190 | Prepare reply to opposition to subordination motion. | 6.30 | 600.00 | 3,780.00 |
| 09/08/2025 | RSM | B190 | Preparation reply in support of subordination motion | 0.50 | 880.00 | 440.00 |
| 09/09/2025 | MLS | B190 | Prepare reply to R. Jordan opposition to subordination motion. | 2.20 | 600.00 | 1,320.00 |
| 09/09/2025 | MLS | B190 | Prepare reply to opposition to equitable subordination motion. | 3.80 | 600.00 | 2,280.00 |
| 09/09/2025 | RSM | B190 | Preparation reply in support of subordination motion | 0.30 | 880.00 | 264.00 |
| 09/10/2025 | CS | B190 | Revise, finalize, file and serve Reply to Opposition to Equitable Subordination Motion (.4); email with M. Simon and R. Marticello regarding revisions and status on the Reply (.4) | 0.80 | 275.00 | 220.00 |
| 09/10/2025 | CS | B190 | Waited for responses from M. Simon and R. Marticello regarding Reply (2.0) | 2.00 | 0.00 | 550.00 |
| 09/10/2025 | MLS | B190 | Prepare reply to Jordan opposition to subordination motion. | 1.50 | 600.00 | 900.00 |
| 09/10/2025 | MLS | B190 | Prepare reply to opposition to motion for equitable subordination. | 1.50 | 600.00 | 900.00 |
| 09/10/2025 | MLS | B190 | Revise reply to Jordan's opposition to motion to equitably subordinate Jordan's claim. | 0.80 | 600.00 | 480.00 |
| 09/10/2025 | RSM | B190 | Call with B. Weiss regarding █████ | 0.20 | 880.00 | 176.00 |
| 09/10/2025 | RSM | B190 | Call with A. Tiller regarding █████ | 0.20 | 880.00 | 176.00 |
| 09/10/2025 | RSM | B190 | Review and revise reply in support of subordination motion | 4.40 | 880.00 | 3,872.00 |
| 09/10/2025 | RSM | B190 | Preparation of reply in support of subordination motion | 0.50 | 880.00 | 440.00 |
| 09/10/2025 | RSM | B190 | Review and revise subordination reply | 0.50 | 880.00 | 440.00 |
| 09/11/2025 | RSM | B190 | Review and analyze case law related to subordination of claim | 0.60 | 880.00 | 528.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 09/12/2025 | CS | B190 | Research local rules regarding motions to continue hearings (.2); email with R. Marticello regarding same (.1); draft and revise motion to continue hearing on Debtor's motion for an order equitably subordinating the claim of Ronnie Jordan pursuant to 11 U.S.C. § 510(c) and for attorney's fees and costs and declaration of R. Marticello in support (.8); Draft proposed order and notice of lodgment of Order granting motion to continue hearing (.4); finalize, file, and serve motion to continue hearing and notice of lodgment (.3); lodge proposed order (.1) | 1.90 | 275.00 | 522.50 |
| 09/12/2025 | RSM | B190 | Preparation motion to continue | 0.40 | 880.00 | 352.00 |
| 09/12/2025 | RSM | B190 | Review and revise motion to continue and declaration in support | 0.80 | 880.00 | 704.00 |
| 09/15/2025 | MLS | B190 | Prepare stipulation to continue hearing on motion to equitably subordinate R. Jordan claim. | 0.50 | 600.00 | 300.00 |
| 09/15/2025 | MLS | B190 | Prepare proposed order approving stipulation to continue hearing on motion to equitably subordinate R. Jordan's claim. | 0.20 | 600.00 | 120.00 |
| 09/15/2025 | MLS | B190 | Review entered order granting motion to continue hearing on subordination motion. | 0.10 | 600.00 | 60.00 |
| 09/23/2025 | RSM | B190 | Call with B. Weiss regarding the ███████ | 0.40 | 880.00 | 352.00 |
| | Sub-total: B190 | | **Other Contested Matters/ Omnibus Hearing** | | | **20,972.50** |
| | | | | | | |
| 09/22/2025 | MLS | B200 | Review correspondence from K. March regarding 28 USC 157(b)(5) action. | 0.10 | 600.00 | 60.00 |
| 09/22/2025 | MLS | B200 | Review and analysis of complaint and 28 USC 157 motion filed by D. Danner in district court. | 0.30 | 600.00 | 180.00 |
| 09/22/2025 | RSM | B200 | Review and analyze complaint and accompanying pleadings from K. March | 0.30 | 880.00 | 264.00 |
| | Sub-total: B200 | | **Adversary Actions** | | | **504.00** |
| | | | | | | |
| 09/10/2025 | RSM | B205 | Call with A. Tiller and T. Quirk regarding ███████ | 0.30 | 880.00 | 264.00 |
| 09/16/2025 | MLS | B205 | Review correspondence from appellate counsel in appeal of Rodriguez judgment and prepare response. | 0.20 | 600.00 | 120.00 |
| | Sub-total: B205 | | **State Court Matters** | | | **384.00** |
| | | | | | | |
| 09/04/2025 | MLS | B210 | Prepare correspondence to M. Hodgson regarding auto excess insurance funding. | 0.20 | 600.00 | 120.00 |
| 09/04/2025 | MLS | B210 | Telephone conference with M. Gaines regarding auto excess funding. | 0.20 | 600.00 | 120.00 |
| 09/05/2025 | MLS | B210 | Review correspondence from M. Gaines regarding excess auto coverage and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/10/2025 | MLS | B210 | Review correspondence from M. Gaines regarding First Insurance Funding request for payment. | 0.10 | 600.00 | 60.00 |

| 09/10/2025 | MLS | B210 | Review emails from M. Gaines and L. Rodriguez at Acrisure regarding insurance premium financing for auto excess policy. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 09/10/2025 | MLS | B210 | Prepare correspondence to M. Gaines regarding auto excess coverage. | 0.10 | 600.00 | 60.00 |
| 09/10/2025 | MLS | B210 | Review correspondence from R. Sainos regarding excess auto insurance coverage and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/10/2025 | MLS | B210 | Prepare correspondence to L. Rodriguez regarding insurance premium financing for auto excess policy. | 0.10 | 600.00 | 60.00 |
| 09/11/2025 | MLS | B210 | Review correspondence from M. Gaines and R. Sainos regarding financing agreement for auto excess insurance. | 0.10 | 600.00 | 60.00 |
| 09/15/2025 | MLS | B210 | Review tentative ruling on insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 09/17/2025 | BC | B210 | Prepare Order Granting Debtor's Motion for Entry of an Order Authorizing Debtor to Incur Debt for Insurance Premium Financing Pursuant to 11 U.S.C. § 364(c)(2) [Docket No.764] | 0.30 | 465.00 | 139.50 |
| 09/17/2025 | MLS | B210 | Prepare proposed order granting motion authorizing debtor to enter into financing agreement. | 0.20 | 600.00 | 120.00 |
| 09/18/2025 | MLS | B210 | Review correspondence from M. Gaines regarding order approving insurance premium financing motion and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/18/2025 | MLS | B210 | Telephone conference with M. Gaines regarding funding premium financing agreement. | 0.10 | 600.00 | 60.00 |
| 09/19/2025 | MLS | B210 | Review entered order granting insurance premium financing motion. | 0.10 | 600.00 | 60.00 |
| 09/19/2025 | MLS | B210 | Prepare correspondence to M. Gaines regarding order approving financing agreement. | 0.10 | 600.00 | 60.00 |
| 09/24/2025 | RSM | B210 | Review and revise letter to employees regarding the plan confirmation hearing notice | 0.70 | 880.00 | 616.00 |
| 09/29/2025 | MLS | B210 | Review correspondence from M. Gaines at Acrisure regarding auto excess policy and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/29/2025 | MLS | B210 | Prepare correspondence to C. Savini at Stetson Funding regarding auto excess policy financing. | 0.10 | 600.00 | 60.00 |
| 09/29/2025 | MLS | B210 | Review correspondence from C. Savini at Stetson regarding auto excess policy financing. | 0.10 | 600.00 | 60.00 |
| 09/30/2025 | MLS | B210 | Emails with M. Gaines, A. Haynes and R. Sainos regarding excess auto insurance policy financing. | 0.30 | 600.00 | 180.00 |
| | **Sub-total:** | **B210** | **Business Operations** | | | **2,195.50** |
| | | | | | | |
| 09/04/2025 | MLS | B230 | Review correspondence from M. Gaines regarding auto excess financing policy and prepare response. | 0.20 | 600.00 | 120.00 |
| 09/11/2025 | MLS | B230 | Attention to new cash collateral budget. | 0.10 | 600.00 | 60.00 |
| 09/11/2025 | MLS | B230 | Prepare correspondence to C. Kurtz and R. Sainos regarding new cash collateral budget. | 0.10 | 600.00 | 60.00 |

Exhibit 8 Page 116

| 09/15/2025 | MLS | B230 | Review correspondence from C. Kurtz regarding cash collateral terms and prepare response. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 09/22/2025 | MLS | B230 | Prepare correspondence to C. Kurtz regarding cash collateral budget. | 0.10 | 600.00 | 60.00 |
| 09/22/2025 | MLS | B230 | Prepare cash collateral motion. | 1.80 | 600.00 | 1,080.00 |
| 09/22/2025 | MLS | B230 | Prepare notice of hearing on cash collateral motion. | 0.40 | 600.00 | 240.00 |
| 09/23/2025 | MLS | B230 | Prepare proposed order granting cash collateral motion. | 0.20 | 600.00 | 120.00 |
| 09/23/2025 | MLS | B230 | Prepare statement regarding cash collateral exhibit for cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 09/23/2025 | MLS | B230 | Prepare variance report exhibit for cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 09/23/2025 | MLS | B230 | Prepare debtor's motion for entry of order authorizing continued use of cash collateral. | 1.20 | 600.00 | 720.00 |
| 09/23/2025 | MLS | B230 | Review and analysis of draft cash collateral budget. | 0.50 | 600.00 | 300.00 |
| 09/23/2025 | MLS | B230 | Revise cash collateral motion and supporting declarations. | 0.40 | 600.00 | 240.00 |
| 09/23/2025 | RSM | B230 | Call with R. Sainos regarding the new cash collateral budget | 0.50 | 880.00 | 440.00 |
| 09/23/2025 | RSM | B230 | Call with C. Kurtz regarding the new cash collateral budget and related issues | 0.50 | 880.00 | 440.00 |
| 09/23/2025 | RSM | B230 | Call with B. Weiss regarding the cash collateral budget | 0.10 | 880.00 | 88.00 |
| 09/23/2025 | RSM | B230 | Review and analyze budget and plan projections and issues related thereto | 0.80 | 880.00 | 704.00 |
| 09/24/2025 | CS | B230 | Revise and prepare Cash Collateral Motion and Notice of Motion (1.5); email with M. Simon regarding same (.5) | 2.00 | 275.00 | 550.00 |
| 09/24/2025 | MLS | B230 | Review emails from C. Kurtz, R. Sainos and B. Weiss regarding same. | 0.20 | 600.00 | 120.00 |
| 09/24/2025 | MLS | B230 | Revise cash collateral motion. | 0.60 | 600.00 | 360.00 |
| 09/24/2025 | MLS | B230 | Prepare correspondence to C. Kurtz regarding budget. | 0.10 | 600.00 | 60.00 |
| 09/24/2025 | MLS | B230 | Review revised budget. | 0.20 | 600.00 | 120.00 |
| 09/24/2025 | MLS | B230 | Revise cash collateral motion. | 0.50 | 600.00 | 300.00 |
| 09/24/2025 | MLS | B230 | Prepare correspondence to B. Weiss, C. Kurtz, and R. Sainos regarding cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 09/24/2025 | MLS | B230 | Review emails from B. Weiss and C. Kurtz regarding budget and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/24/2025 | RSM | B230 | Review and revise cash collateral motion | 1.90 | 880.00 | 1,672.00 |
| 09/25/2025 | MLS | B230 | Attention to docket entry regarding scheduling of cash collateral motion and leave voicemail for chambers thereon. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B230** | | **Financing / Cash Collateral** | | | **8,214.00** |

| 09/11/2025 | RSM | B310 | Review and analyze of pleadings and documents and related cash law review related to 510(a) subordination | 0.90 | 880.00 | 792.00 |
|---|---|---|---|---|---|---|
| 09/11/2025 | RSM | B310 | Review and analyze issues related to ███████ | 0.40 | 880.00 | 352.00 |
| 09/15/2025 | RSM | B310 | Call with R. Zur ███████ | 0.20 | 880.00 | 176.00 |
| 09/16/2025 | RSM | B310 | Preparation ███████ | 0.80 | 880.00 | 704.00 |
| 09/16/2025 | RSM | B310 | Call with R. Zur regarding ███████ | 0.20 | 880.00 | 176.00 |
| 09/16/2025 | RSM | B310 | Call with A. Tiller regarding ███████ | 0.20 | 880.00 | 176.00 |
| 09/16/2025 | RSM | B310 | Preparation of ███████ | 0.50 | 880.00 | 440.00 |
| 09/17/2025 | RSM | B310 | Preparation ███████ | 0.60 | 880.00 | 528.00 |
| 09/19/2025 | RSM | B310 | Review and analyze case law ███████ | 1.00 | 880.00 | 880.00 |
| 09/22/2025 | MLS | B310 | Strategize regarding ███████ | 0.50 | 600.00 | 300.00 |
| 09/22/2025 | RSM | B310 | Review and analyze ███████ | 3.30 | 880.00 | 2,904.00 |
| 09/22/2025 | RSM | B310 | Review and analyze ███████ upporting documents and related case law review | 2.30 | 880.00 | 2,024.00 |
| 09/23/2025 | MLS | B310 | Analysis of ███████ | 0.20 | 600.00 | 120.00 |
| 09/23/2025 | RSM | B310 | Preparation ███████ | 1.30 | 880.00 | 1,144.00 |
| 09/23/2025 | RSM | B310 | Preparation ███████ | 2.00 | 880.00 | 1,760.00 |
| 09/24/2025 | RSM | B310 | Preparation ███████ | 3.30 | 880.00 | 2,904.00 |
| 09/24/2025 | RSM | B310 | Preparation ███████ | 0.50 | 880.00 | 440.00 |
| 09/25/2025 | RSM | B310 | Call with R. Zur regarding ███████ | 0.80 | 880.00 | 704.00 |
| 09/25/2025 | RSM | B310 | Call with ███████ | 0.40 | 880.00 | 352.00 |
| 09/30/2025 | RSM | B310 | Call with R. Sainos regarding ███████ | 0.60 | 880.00 | 528.00 |
| | **Sub-total: B310** | | **Claim Administration and Objections** | | | **17,404.00** |

| 09/02/2025 | MLS | B320 | Review and analysis of requests from PNC Bank. | 0.30 | 600.00 | 180.00 |
|---|---|---|---|---|---|---|
| 09/02/2025 | MLS | B320 | Prepare correspondence to B. Weiss and R. Sainos regarding Ford settlement. | 0.20 | 600.00 | 120.00 |
| 09/02/2025 | RSM | B320 | Preparation memo to Ruben Sainos and others regarding the negotiations with PNC concerning the Plan and proposed resolutions | 0.70 | 880.00 | 616.00 |
| 09/02/2025 | RSM | B320 | Review and analyze and respond to correspondence from R. Sainos regarding the proposed resolutions with PNC | 0.20 | 880.00 | 176.00 |

| 09/02/2025 | RSM | B320 | Call with A. Tiller and B. Bodie regarding the request support for the projections | 0.30 | 880.00 | 264.00 |
|---|---|---|---|---|---|---|
| 09/02/2025 | RSM | B320 | Call with B. Weiss regarding A. Tiller's request for information | 0.20 | 880.00 | 176.00 |
| 09/02/2025 | RSM | B320 | Call with R. Zur regarding the negotiations with PNC related to the Plan treatment | 0.50 | 880.00 | 440.00 |
| 09/02/2025 | RSM | B320 | Call with R. Sainos regarding info to provide to A. Tiller | 0.10 | 880.00 | 88.00 |
| 09/02/2025 | RSM | B320 | Preparation response to correspondence from D. Reid requesting information | 0.20 | 880.00 | 176.00 |
| 09/02/2025 | RSM | B320 | Preparation settlement proposal to M. Lubic | 0.30 | 880.00 | 264.00 |
| 09/02/2025 | RSM | B320 | Review and analyze information to be provided to A. Tiller and preparation response to A. Tiller | 0.30 | 880.00 | 264.00 |
| 09/03/2025 | BC | B320 | Prepare and e-file Reply to Ronnie Jordan's Opposition to Debtor's Motion to Extend Exclusivity | 0.40 | 465.00 | 186.00 |
| 09/03/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding Ford payment schedule and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/03/2025 | MLS | B320 | Prepare reply to Jordan's opposition to exclusivity motion. | 0.80 | 600.00 | 480.00 |
| 09/03/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding Ford and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/03/2025 | MLS | B320 | Review and revise reply to R. Jordan's opposition to exclusivity motion. | 0.30 | 600.00 | 180.00 |
| 09/03/2025 | MLS | B320 | Review and analysis of R. Jordan's objections to disclosure statement. | 0.50 | 600.00 | 300.00 |
| 09/03/2025 | RSM | B320 | Preparation exclusivity reply | 0.40 | 880.00 | 352.00 |
| 09/03/2025 | RSM | B320 | Review and revise exclusivity reply | 0.70 | 880.00 | 616.00 |
| 09/03/2025 | RSM | B320 | Call with B. Weiss regarding negotiations with PNC concerning Plan treatment | 0.20 | 880.00 | 176.00 |
| 09/03/2025 | RSM | B320 | Call with R. Sainos and R. Sainos with R. Zur (.3) regarding negotiations with PNC concerning Plan treatment | 0.60 | 880.00 | 528.00 |
| 09/03/2025 | RSM | B320 | Call with M. Lubic regarding negotiations with PNC concerning Plan treatment | 0.30 | 880.00 | 264.00 |
| 09/03/2025 | RSM | B320 | Call with R. Zur regarding R. Jordan disclosure statement objection | 0.20 | 880.00 | 176.00 |
| 09/03/2025 | RSM | B320 | Review and analyze R. Jordan Disclosure Statement objection and preparation of response thereto | 1.20 | 880.00 | 1,056.00 |
| 09/04/2025 | BC | B320 | Prepare for hearing on Disclosure Statement | 2.00 | 465.00 | 930.00 |
| 09/04/2025 | MLS | B320 | Prepare correspondence to J. Wong regarding Ford settlement. | 0.10 | 600.00 | 60.00 |
| 09/04/2025 | MLS | B320 | Analysis of responses to R. Jordan's disclosure statement objections. | 0.30 | 600.00 | 180.00 |
| 09/04/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding R. Jordan objection to disclosure statement and prepare response. | 0.10 | 600.00 | 60.00 |

| 09/04/2025 | MLS | B320 | Prepare reply to Jordan's disclosure statement objection. | 4.80 | 600.00 | 2,880.00 |
|---|---|---|---|---|---|---|
| 09/04/2025 | RSM | B320 | Review and analyze R. Jordan disclosure statement objection | 0.70 | 880.00 | 616.00 |
| 09/04/2025 | RSM | B320 | Calls with B. Weiss regarding negotiations with PNC (.2 and.1) | 0.30 | 880.00 | 264.00 |
| 09/04/2025 | RSM | B320 | Preparation correspondence to M. Lubic concerning the requested plan treatment and proposed resolution thereof | 0.60 | 880.00 | 528.00 |
| 09/05/2025 | MLS | B320 | Prepare reply to Jordan objection to first amended disclosure statement. | 6.40 | 600.00 | 3,840.00 |
| 09/05/2025 | RSM | B320 | Call with B. Weiss regarding response to M. Lubic concerning Pino lien release | 0.20 | 880.00 | 176.00 |
| 09/05/2025 | RSM | B320 | Preparation response to M. Lubic concerning Pino lien release | 0.30 | 880.00 | 264.00 |
| 09/05/2025 | RSM | B320 | Review and analyze objection to disclosure statement | 1.70 | 880.00 | 1,496.00 |
| 09/06/2025 | RSM | B320 | Preparation reply to Jordan disclosure statement objection | 3.40 | 880.00 | 2,992.00 |
| 09/06/2025 | RSM | B320 | Preparation reply to disclosure statement objection | 1.10 | 880.00 | 968.00 |
| 09/08/2025 | MLS | B320 | Review correspondence from J. Wong regarding settlement with Ford. | 0.10 | 600.00 | 60.00 |
| 09/08/2025 | MLS | B320 | Review reply to Jordan objection to disclosure statement. | 0.40 | 600.00 | 240.00 |
| 09/08/2025 | RSM | B320 | Call with R. Zur regarding response to Jordan objection to the FADS | 0.50 | 880.00 | 440.00 |
| 09/08/2025 | RSM | B320 | Call with A. Tiller regarding the response to Jordan's objection to the FADS | 0.30 | 880.00 | 264.00 |
| 09/08/2025 | RSM | B320 | Preparation reply to Jordan's objection to the FADS and proposed amendments related thereto | 3.60 | 880.00 | 3,168.00 |
| 09/08/2025 | RSM | B320 | Preparation for hearings on the Disclosure Statement and exclusivity | 0.40 | 880.00 | 352.00 |
| 09/08/2025 | RSM | B320 | Review and analyze standard for approval of substantive consolidation in a plan vs. a motion and as part of a compromise | 0.70 | 880.00 | 616.00 |
| 09/08/2025 | RSM | B320 | Preparation reply to Jordan's objection to the FADS and proposed amendments related thereto | 3.70 | 880.00 | 3,256.00 |
| 09/09/2025 | CS | B320 | Revise, format, and finalize Reply to Creiditor Ronnie Jordan's Omnibus Objections to First Amended Disclosure Statement (.9); Correspond with MLS and RSM regarding same (.1) | 1.00 | 275.00 | 275.00 |
| 09/09/2025 | MLS | B320 | Review tentative ruling for disclosure statement hearing. | 0.10 | 600.00 | 60.00 |
| 09/09/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding September 10th hearings and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/09/2025 | MLS | B320 | Review correspondence from R. Sainos regarding September 10th hearings and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/09/2025 | MLS | B320 | Revise disclosure statement reply. | 1.20 | 600.00 | 720.00 |

| 09/09/2025 | MLS | B320 | Revise and finalize disclosure statement reply for filing. | 0.20 | 600.00 | 120.00 |
| 09/09/2025 | MLS | B320 | Prepare correspondence to R. Zur regarding disclosure statement reply. | 0.10 | 600.00 | 60.00 |
| 09/09/2025 | MLS | B320 | Prepare instructions to staff regarding disclosure statement reply. | 0.10 | 600.00 | 60.00 |
| 09/09/2025 | RSM | B320 | Preparation reply in support of disclosure statement | 2.40 | 880.00 | 2,112.00 |
| 09/09/2025 | RSM | B320 | Calls with A. Tiller regarding the response to Jordan's disclosure statement objection (.3,.1, and.1) | 0.50 | 880.00 | 440.00 |
| 09/09/2025 | RSM | B320 | Call with R. Zur regarding the response to Jordan's disclosure statement objection | 0.30 | 880.00 | 264.00 |
| 09/09/2025 | RSM | B320 | Review and revise the reply to Jordan's objection to the disclosure statement | 0.80 | 880.00 | 704.00 |
| 09/09/2025 | RSM | B320 | Preparation for hearings on the amended disclosure statement and exclusivity motions | 3.40 | 880.00 | 2,992.00 |
| 09/09/2025 | RSM | B320 | Preparation for the hearings on the exclusivity motions | 2.40 | 880.00 | 2,112.00 |
| 09/09/2025 | RSM | B320 | Preparation for hearing on disclosure statement | 0.50 | 880.00 | 440.00 |
| 09/10/2025 | MLS | B320 | Prepare draft confirmation schedule. | 0.30 | 600.00 | 180.00 |
| 09/10/2025 | MLS | B320 | Travel to and from hearings on disclosure statement and exclusivity. | 1.00 | 600.00 | 600.00 |
| 09/10/2025 | MLS | B320 | Pre-hearing meeting at court re hearings on disclosure statement and exclusivity motions. | 0.50 | 600.00 | 300.00 |
| 09/10/2025 | MLS | B320 | Appearance at hearings on disclosure statement and exclusivity. | 1.30 | 600.00 | 780.00 |
| 09/10/2025 | RSM | B320 | Attendance at disclosure statement and other hearings and post-hearing meeting with R. Zur | 3.50 | 880.00 | 3,080.00 |
| 09/10/2025 | RSM | B320 | Preparation for hearing on disclosure statement | 0.80 | 880.00 | 704.00 |
| 09/11/2025 | MLS | B320 | Prepare proposed order granting Debtor's exclusivity motion. | 0.50 | 600.00 | 300.00 |
| 09/11/2025 | MLS | B320 | Prepare proposed order denying Jordan's motion to terminate exclusivity. | 0.60 | 600.00 | 360.00 |
| 09/11/2025 | MLS | B320 | Prepare proposed order approving disclosure statement. | 1.90 | 600.00 | 1,140.00 |
| 09/11/2025 | MLS | B320 | Prepare second amended disclosure statement. | 0.80 | 600.00 | 480.00 |
| 09/11/2025 | RSM | B320 | Review and revise order approving the disclosure statement | 0.40 | 880.00 | 352.00 |
| 09/11/2025 | RSM | B320 | Call with R. Sainos regarding the disclosure statement hearing | 0.30 | 880.00 | 264.00 |
| 09/11/2025 | RSM | B320 | Review and revise the exclusivity orders | 0.10 | 880.00 | 88.00 |
| 09/12/2025 | BC | B320 | Calendar Confirmation Hearing and related deadlines | 0.40 | 0.00 | No Charge |
| 09/12/2025 | MLS | B320 | Review R. Zur revisions to draft disclosure statement order. | 0.10 | 600.00 | 60.00 |
| 09/12/2025 | MLS | B320 | Prepare index of exhibits in support of second amended disclosure statement. | 0.20 | 600.00 | 120.00 |

| 09/12/2025 | MLS | B320 | Prepare plan trust agreement. | 3.20 | 600.00 | 1,920.00 |
|---|---|---|---|---|---|---|
| 09/12/2025 | MLS | B320 | Prepare second amended disclosure statement. | 1.20 | 600.00 | 720.00 |
| 09/12/2025 | RSM | B320 | Review and revise the disclosure statement order | 0.10 | 880.00 | 88.00 |
| 09/12/2025 | RSM | B320 | Review and revise second amended disclosure statement and plan and preparation of the separate trust agreement | 2.90 | 880.00 | 2,552.00 |
| 09/15/2025 | CS | B320 | Format ballot class 1 and draft ballots classes 2-21 for the MTS Plan (.6). | 0.60 | 275.00 | 165.00 |
| 09/15/2025 | CS | B320 | Calendar new date for Motion for Order continuing hearing on Subordination Motion (.1) | 0.10 | 0.00 | 27.50 |
| 09/15/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding status of negotiations with various creditors and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/15/2025 | MLS | B320 | Revise draft plan trust agreement. | 0.70 | 600.00 | 420.00 |
| 09/15/2025 | MLS | B320 | Prepare second amended disclosure statement. | 0.70 | 600.00 | 420.00 |
| 09/15/2025 | MLS | B320 | Prepare index of exhibits in support of second amended disclosure statement. | 0.10 | 600.00 | 60.00 |
| 09/15/2025 | MLS | B320 | Prepare second amended plan. | 0.60 | 600.00 | 360.00 |
| 09/15/2025 | MLS | B320 | Prepare sample ballot for voting on plan and instructions to staff regarding preparing ballots for solicitation packages. | 0.30 | 600.00 | 180.00 |
| 09/15/2025 | MLS | B320 | Prepare notice of confirmation hearing. | 1.00 | 600.00 | 600.00 |
| 09/15/2025 | MLS | B320 | Revise ballots (classes 1 - 21). | 0.50 | 600.00 | 300.00 |
| 09/15/2025 | MLS | B320 | Prepare draft plan support agreement with Ford. | 0.80 | 600.00 | 480.00 |
| 09/15/2025 | RSM | B320 | Preparation list of experts to designate and review and analyze issues related thereto | 0.40 | 880.00 | 352.00 |
| 09/16/2025 | BC | B320 | Begin preparation of Plan Solicitation service lists | 7.50 | 465.00 | 3,487.50 |
| 09/16/2025 | CS | B320 | Check dockets on jointly administered cases and calendar dates (.1); prepare, finalize and file notice of lodgments for order granting MTS exclusivity motion and order denying Jordans motion to terminate exclusivity (.4); email with M. Simon regarding lodging Disclosure Statement Order (.1); lodge Disclosure Statement Order (.1); draft fourth notice of intent to sell di minimis assets (.4) | 1.10 | 275.00 | 302.50 |
| 09/16/2025 | MLS | B320 | Review correspondence from R. Goe regarding orders on exclusivity motions and disclosure statement. | 0.10 | 600.00 | 60.00 |
| 09/16/2025 | MLS | B320 | Revise proposed order approving disclosure statement. | 0.20 | 600.00 | 120.00 |
| 09/16/2025 | MLS | B320 | Telephone conference with R. Marticello regarding disclosure statement order and next steps. | 0.20 | 600.00 | 120.00 |
| 09/16/2025 | MLS | B320 | Prepare redline and clean versions of revised disclosure statement order (.1) and correspondence to R. Goe thereon (.1). | 0.20 | 600.00 | 120.00 |

| 09/16/2025 | MLS | B320 | Prepare notice of debtors' experts. | 0.80 | 600.00 | 480.00 |
|---|---|---|---|---|---|---|
| 09/16/2025 | MLS | B320 | Prepare correspondence to client regarding expert list. | 0.10 | 600.00 | 60.00 |
| 09/16/2025 | MLS | B320 | Review executed disclosure statement order and prepare instructions to staff thereon. | 0.10 | 600.00 | 60.00 |
| 09/16/2025 | MLS | B320 | Review correspondence from B. Weiss regarding expert list. | 0.10 | 600.00 | 60.00 |
| 09/16/2025 | MLS | B320 | Prepare instructions to staff regarding solicitation packages. | 0.30 | 600.00 | 180.00 |
| 09/16/2025 | MLS | B320 | Prepare plan support agreement with Ford. | 1.10 | 600.00 | 660.00 |
| 09/16/2025 | MLS | B320 | Telephone conference with B. Clark regarding solicitation packages. | 0.30 | 600.00 | 180.00 |
| 09/16/2025 | MLS | B320 | Prepare revised plan treatment for Ford under Ford PSA. | 0.70 | 600.00 | 420.00 |
| 09/16/2025 | RSM | B320 | Call with B. Weiss regarding the plan confirmation witness list | 0.10 | 880.00 | 88.00 |
| 09/17/2025 | BC | B320 | Attention to Plan Solicitation Mailing Matrix | 1.00 | 465.00 | 465.00 |
| 09/17/2025 | BC | B320 | Prepare Notice of Debtors' Expert List for Confirmation of Second Amended Joint Chapter 11 Plan of Reorganization | 0.30 | 465.00 | 139.50 |
| 09/17/2025 | MLS | B320 | Telephone conference with B. Clark regarding solicitation packages. | 0.30 | 600.00 | 180.00 |
| 09/17/2025 | MLS | B320 | Prepare notice of experts. | 0.20 | 600.00 | 120.00 |
| 09/17/2025 | MLS | B320 | Review and revise list of solicitation packages to be served, including who receives which ballot or no ballot (over 600 service parties). | 4.60 | 600.00 | 2,760.00 |
| 09/17/2025 | MLS | B320 | Review R. Jordan's notice of expert list. | 0.20 | 600.00 | 120.00 |
| 09/17/2025 | MLS | B320 | Prepare correspondence to R. Sainos regarding employee information for solicitation packages. | 0.10 | 600.00 | 60.00 |
| 09/17/2025 | MLS | B320 | Prepare ballots for service. | 0.40 | 600.00 | 240.00 |
| 09/17/2025 | MLS | B320 | Review correspondence from R. Sainos regarding service list and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/17/2025 | RSM | B320 | Attention to preparation of witness list | 0.20 | 880.00 | 176.00 |
| 09/18/2025 | BC | B320 | Prepare Second Amended Disclosure Statement (.4); Exhibits ISO Second Amended Disclosure Statement (1.0); Second Amended Plan (.4); Notice of Hearing on Confirmation (.4); Finalize Ballots and Service List (.8) | 3.00 | 465.00 | 1,395.00 |
| 09/18/2025 | BC | B320 | Revise and finalize Plan documents and arrange for service of Plan Solicitation Package | 2.00 | 465.00 | 930.00 |
| 09/18/2025 | MLS | B320 | Review employee list from R. Sainos and solicitation package service list. | 0.20 | 600.00 | 120.00 |
| 09/18/2025 | MLS | B320 | Revise ballots for solicitation packages. | 0.20 | 600.00 | 120.00 |
| 09/18/2025 | MLS | B320 | Telephone conference with chambers regarding disclosure statement order. | 0.10 | 600.00 | 60.00 |
| 09/18/2025 | MLS | B320 | Prepare notice of confirmation hearing. | 0.20 | 600.00 | 120.00 |

| 09/18/2025 | MLS | B320 | Revise second amended plan. | 0.40 | 600.00 | 240.00 |
|---|---|---|---|---|---|---|
| 09/18/2025 | MLS | B320 | Revise and finalize second amended disclosure statement. | 0.40 | 600.00 | 240.00 |
| 09/18/2025 | MLS | B320 | Revise index of exhibits in support of second amended disclosure statement. | 0.20 | 600.00 | 120.00 |
| 09/18/2025 | MLS | B320 | Prepare instructions to B. Clark regarding filing and service of second amended disclosure statement, plan, and related papers. | 0.30 | 600.00 | 180.00 |
| 09/18/2025 | MLS | B320 | Final review of second amended disclosure statement, index of exhibits in support, second amended plan, and notice of confirmation hearing. | 0.50 | 600.00 | 300.00 |
| 09/18/2025 | MLS | B320 | Review entered order approving disclosure statement. | 0.10 | 600.00 | 60.00 |
| 09/18/2025 | MLS | B320 | Telephone conference with B. Clark regarding solicitation package service. | 0.10 | 600.00 | 60.00 |
| 09/18/2025 | MLS | B320 | Telephone conference with R. Sainos regarding solicitation package service. | 0.20 | 600.00 | 120.00 |
| 09/18/2025 | RSM | B320 | Review and analyze issues related to service of the SADS and SAP | 0.30 | 880.00 | 264.00 |
| 09/19/2025 | BC | B320 | Prepare Notice of Submission of Redline Second Amended Disclosure Statement and Second Amended Plan (.5); e-file same (.3) | 0.80 | 465.00 | 372.00 |
| 09/19/2025 | MLS | B320 | Prepare notice of redlines of second amended disclosure statement and plan. | 0.30 | 600.00 | 180.00 |
| 09/22/2025 | MLS | B320 | Review correspondence from R. Sainos regarding confirmation hearing notice and prepare response. | 0.10 | 600.00 | 60.00 |
| 09/23/2025 | BC | B320 | Prepare Declaration of Service of Plan Solicitation Package | 0.80 | 465.00 | 372.00 |
| 09/23/2025 | MLS | B320 | Review entered order granting motion to extend exclusivity. | 0.10 | 600.00 | 60.00 |
| 09/24/2025 | BC | B320 | Prepare and e-file Declaration regarding Service of Plan Solicitation Package | 0.30 | 465.00 | 139.50 |
| 09/24/2025 | MLS | B320 | Review declaration regarding service of plan solicitation package. | 0.10 | 600.00 | 60.00 |
| | **Sub-total: B320** | | **Plan and Disclosure Statement** | | | **75,130.50** |

|  |  |
|---|---|
| Sub-total Fees: | $128,263.50 |

**Expenses**

| 09/01/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/28/2025; Ctrl No: 14118266; Inv. #11139934 | 48.25 |
|---|---|---|
| 09/01/2025 | First Legal Network: Pick-Up from: RAINES FELDMAN LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/21/2025; Ctrl No: 17414211; Inv. #11139934 | 475.25 |
| 09/01/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 08/29/2025; Ctrl No: 14119116; Inv. #11139934 | 58.50 |

| | | |
|---|---|---|
| 09/01/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/20/2025; Ctrl No: 14114825; Inv. #11139934 | 37.25 |
| 09/08/2025 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #129797 | 1,228.35 |
| 09/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/10/2025; Ctrl No: 14123271; Inv. #11151887 | 52.75 |
| 09/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/04/2025; Ctrl No: 17434717; Inv. #11151887 | 37.25 |
| 09/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/09/2025; Ctrl No: 14122314; Inv. #11151887 | 42.25 |
| 09/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 09/15/2025; Ctrl No: 14125058; Inv. #11151887 | 58.50 |
| 09/15/2025 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/11/2025; Ctrl No: 14123869; Inv. #11151887 | 39.75 |

|  |  |
|---|---|
| Sub-total Expenses: | $2,078.10 |
| **Total Current Billing:** | **$130,341.60** |
| Previous Balance Due: | $444,920.37 |
| **Total Now Due:** | **$575,261.97** |

**Rate Summary**

| | | |
|---|---|---|
| Bambi Clark | 0.80 hours at $0.00/hr | $93.00 |
| Bambi Clark | 18.80 hours at $465.00/hr | $8,742.00 |
| Robert S. Marticello | 78.20 hours at $880.00/hr | $68,816.00 |
| Connie-Marie Santiago | 2.10 hours at $0.00/hr | $577.50 |
| Connie-Marie Santiago | 12.20 hours at $275.00/hr | $3,355.00 |
| Michael L. Simon | 77.80 hours at $600.00/hr | $46,680.00 |
| Total hours: | 189.90 | $128,263.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
       Wells Fargo Bank, N.A.
       Routing No.: 121000248
       Account No.: 4941981821
       BIC/Swift Code: WFBIUS6S
       Account Title: Raines Feldman Littrell LLP
       Client Name & Invoice #

**Pay by Check via Mail**:
       Raines Feldman Littrell LLP
       PO Box 848574
       Los Angeles, CA 90084-8574

**Raines Feldman Littrell LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
(310) 440-4100
www.raineslaw.com
Federal Tax ID: 20-4515337

**Invoice Date: 10/27/2025**
**Invoice Number: 140673**

The Original Mowbray's Tree Service, Inc.
Richard Mowbray, CEO

**7510-002 / Mowbray's Post-Petition**

| | | | Professional Services | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10/10/2025 | CS | B110 | Draft and finalize Audio Recording of Court Proceeding Order Form from 10.2.2025 hearing on Motion for Order Equitably Subordinating Claim of Ronnie Jordan | 0.30 | 275.00 | 82.50 |
| 10/13/2025 | CS | B110 | Email with M. Simon regarding status on stipulations to continue hearing on Ford Motors MFRs | 0.20 | 275.00 | 55.00 |
| 10/14/2025 | CS | B110 | Call with clerk regarding Audio Recording of Court Proceeding regarding hearing on Motion for Order Equitably Subordinating Claim of Ronnie Jordan order is ready for pick up (.1); coordinate pick up with First Legal to pick up and drop off at our office (.2) | 0.20 | 275.00 | 55.00 |
| | | Sub-total: B110 | **Case Administration** | | | **192.50** |
| 10/07/2025 | MLS | B130 | Prepare correspondence to R. Sainos regarding fourth notice of intent to sell de minimis assets. | 0.10 | 600.00 | 60.00 |
| 10/09/2025 | CS | B130 | Draft fifth notice of intent to sell di minimis assets | 0.60 | 275.00 | 165.00 |
| 10/09/2025 | MLS | B130 | Review emails from R. Sainos, C. Kurtz, and R. Marticello regarding potential truck sales. | 0.10 | 600.00 | 60.00 |
| 10/09/2025 | MLS | B130 | Review correspondence from R. Sainos regarding de minimis sale notice for chipper. | 0.10 | 600.00 | 60.00 |
| 10/09/2025 | RSM | B130 | Review and analyze correspondence from C. Kurtz regarding the sale of trucks and respond | 0.10 | 880.00 | 88.00 |
| 10/13/2025 | CS | B130 | Review and finalize Fifth Notice of Intent to Sell Di Minimis Assets | 0.20 | 275.00 | 55.00 |
| 10/13/2025 | MLS | B130 | Prepare 5th de minimis asset sale notice. | 0.20 | 600.00 | 120.00 |
| 10/13/2025 | MLS | B130 | Prepare correspondence to B. Weiss regarding proposed 5th de minimis asset sale notice. | 0.10 | 600.00 | 60.00 |

| 10/13/2025 | MLS | B130 | Review correspondence from B. Weiss regarding 5th de minimis asset sale notice and prepare instructions to staff thereon. | 0.10 | 600.00 | 60.00 |
| Sub-total: B130 | | | Asset Disposition | | | 728.00 |

| 10/01/2025 | MLS | B140 | Review correspondence from J. Wong regarding stipulation to continue Ford stay relief hearings, and stipulation, and prepare response. | 0.10 | 600.00 | 60.00 |
| 10/02/2025 | MLS | B140 | Review entered order continuing hearing on Ford's motions for relief from stay. | 0.10 | 600.00 | 60.00 |
| 10/06/2025 | MLS | B140 | Review and analysis of motion for relief from stay filed by D. Skale. | 0.20 | 600.00 | 120.00 |
| 10/07/2025 | MLS | B140 | Prepare correspondence to J. Wong regarding stipulation to continue 10/22 hearings on Ford's motions for stay relief. | 0.10 | 600.00 | 60.00 |
| 10/09/2025 | MLS | B140 | Review stipulation from Ford's counsel to continue stay relief hearings, execute, and prepare response. | 0.10 | 600.00 | 60.00 |
| 10/09/2025 | RSM | B140 | Review and analyze Skale stay relief motion | 0.20 | 880.00 | 176.00 |
| 10/14/2025 | MLS | B140 | Review and analysis of D. Skale's motion for stay relief and prepare limited opposition to motion. | 1.00 | 600.00 | 600.00 |
| 10/14/2025 | MLS | B140 | Prepare correspondence to J. Wong regarding Ally Bank stay relief motions. | 0.10 | 600.00 | 60.00 |
| 10/14/2025 | MLS | B140 | Review and analysis of 17 motions for relief from the automatic stay filed by Ally Bank. | 1.20 | 600.00 | 720.00 |
| 10/15/2025 | BC | B140 | Revise and finalize Limited Opposition to Motion for Relief filed by David Skale (Action in a Nonbankrutpcy Forum) | 0.40 | 465.00 | 186.00 |
| 10/15/2025 | MLS | B140 | Review correspondence from J. Wong regarding Ally's motions for relief from stay. | 0.10 | 600.00 | 60.00 |
| 10/15/2025 | RSM | B140 | Review and revise limited opp to Skale motion for relief from stay | 0.20 | 880.00 | 176.00 |
| Sub-total: B140 | | | Relief-Stay/Adequate Protection | | | 2,338.00 |

| 10/07/2025 | MLS | B160 | Attention to 2nd interim fee application and prepare instructions to B. Clark thereon. | 0.10 | 600.00 | 60.00 |
| Sub-total: B160 | | | Fee Applications/Objections | | | 60.00 |

| 10/01/2025 | RSM | B190 | Preparation for hearing on subordination motion | 1.90 | 880.00 | 1,672.00 |
| 10/01/2025 | RSM | B190 | Preparation for hearing on subordination motion | 0.50 | 880.00 | 440.00 |
| 10/02/2025 | MLS | B190 | Observe hearing on motion to equitably subordinate R. Jordan claim. | 1.50 | 600.00 | 900.00 |
| 10/02/2025 | RSM | B190 | Attendance at hearing on subordination motion | 1.50 | 880.00 | 1,320.00 |

| 10/02/2025 | RSM | B190 | Call with M. Gottfried regarding subordination motion | 0.10 | 880.00 | 88.00 |
|---|---|---|---|---|---|---|
| 10/02/2025 | RSM | B190 | Call with R. Sainos regarding subordination motion | 0.20 | 880.00 | 176.00 |
| 10/02/2025 | RSM | B190 | Call with B. Weiss regarding subordination motion | 0.20 | 880.00 | 176.00 |
| 10/02/2025 | RSM | B190 | Review and analyze Jordan plan and disclosure statement for hearing on subordination motion | 0.80 | 880.00 | 704.00 |
| 10/03/2025 | RSM | B190 | Call with R. Zur regarding the subordination motion | 0.30 | 880.00 | 264.00 |
| 10/10/2025 | MLS | B190 | Review entered order directing supplemental briefing on subordination motion and strategize thereon. | 0.20 | 600.00 | 120.00 |
| 10/10/2025 | RSM | B190 | Call with B. Weiss regarding ruling on subordination motion | 0.10 | 880.00 | 88.00 |
| 10/10/2025 | RSM | B190 | Preparation of correspondence to R. Sainos regarding to the Court's order on the subordination motion | 0.30 | 880.00 | 264.00 |
| 10/13/2025 | RSM | B190 | Preparation supplemental brief in support of subordination motion and review of case law regarding vote designation | 0.50 | 880.00 | 440.00 |
| **Sub-total: B190** | | | **Other Contested Matters/ Omnibus Hearing** | | | **6,652.00** |
| | | | | | | |
| 10/03/2025 | MLS | B200 | Review correspondence from K. March regarding D. Danner district court action. | 0.10 | 600.00 | 60.00 |
| 10/03/2025 | MLS | B200 | Prepare correspondence to B. Weiss regarding waiving service of summons in D. Danner action. | 0.10 | 600.00 | 60.00 |
| 10/03/2025 | MLS | B200 | Review correspondence from K. March regarding D. Danner request in district court for order authorizing filing in North Carolina district court and prepare response. | 0.10 | 600.00 | 60.00 |
| 10/06/2025 | MLS | B200 | Review district court filings for D. Danner action seeking authority to litigate personal injury action in North Carolina (.3), prepare waiver of service of summons (.1), and prepare correspondence to K. March thereon (.1). | 0.50 | 600.00 | 300.00 |
| 10/06/2025 | MLS | B200 | Review correspondence from K. March regarding D. Danner action. | 0.10 | 600.00 | 60.00 |
| 10/09/2025 | MLS | B200 | Review proposed stipulation from D. Danner for district court action (.1) and prepare correspondence to her counsel, K. March, thereon (.1) | 0.20 | 600.00 | 120.00 |
| 10/13/2025 | MLS | B200 | Review and redline proposed stipulated order from D. Danner regarding district court action. | 0.30 | 600.00 | 180.00 |
| 10/13/2025 | RSM | B200 | Review and analyze stipulated order with Danner | 0.20 | 880.00 | 176.00 |
| 10/14/2025 | MLS | B200 | Review and revise proposed stipulation with D. Danner for district court action. | 0.10 | 600.00 | 60.00 |
| 10/14/2025 | MLS | B200 | Prepare correspondence to K. March, D. Danner counsel, regarding proposed stipulation with D. Danner for district court action. | 0.10 | 600.00 | 60.00 |
| 10/14/2025 | MLS | B200 | Revise stipulation with D. Danner regarding district court action (.2) and prepare correspondence to her counsel, K. March, thereon (.1). | 0.30 | 600.00 | 180.00 |

| 10/14/2025 | MLS | B200 | Review correspondence from K. March regarding stipulated order in Danner action and prepare response. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 10/14/2025 | RSM | B200 | Review and revise stipulation for the Danner action | 0.50 | 880.00 | 440.00 |
| | Sub-total: B200 | | **Adversary Actions** | | | **1,816.00** |

| 10/03/2025 | RSM | B205 | Call with P. Batalden regarding staying the appeal | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 10/08/2025 | MLS | B205 | Telephone conference with D. Courteau regarding P. Liu action. | 0.40 | 600.00 | 240.00 |
| 10/09/2025 | RSM | B205 | Review and revise motion to stay appeal | 0.50 | 880.00 | 440.00 |
| | Sub-total: B205 | | **State Court Matters** | | | **856.00** |

| 10/06/2025 | RSM | B210 | Call with R. Sainos regarding personnel issue | 0.60 | 880.00 | 528.00 |
|---|---|---|---|---|---|---|
| | Sub-total: B210 | | **Business Operations** | | | **528.00** |

| 10/03/2025 | RSM | B230 | Review and analyze weekly reporting to PNC | 0.20 | 880.00 | 176.00 |
|---|---|---|---|---|---|---|
| 10/13/2025 | MLS | B230 | Review tentative ruling on cash collateral motion. | 0.10 | 600.00 | 60.00 |
| 10/13/2025 | MLS | B230 | Prepare correspondence to C. Kurtz regarding cash collateral budget. | 0.10 | 600.00 | 60.00 |
| 10/14/2025 | MLS | B230 | Review correspondence from C. Kurtz regarding cash collateral budget. | 0.10 | 600.00 | 60.00 |
| 10/14/2025 | RSM | B230 | Call with B. Weiss regarding the budget | 0.10 | 880.00 | 88.00 |
| | Sub-total: B230 | | **Financing / Cash Collateral** | | | **444.00** |

| 10/01/2025 | MLS | B235 | Review correspondence from C. Kurtz regarding August MOR and prepare response. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 10/03/2025 | CS | B235 | Prepare, format, finalize and file August 2025 Monthly Operating Report | 0.80 | 275.00 | 220.00 |
| 10/03/2025 | MLS | B235 | Review August monthly operating report for filing. | 0.20 | 600.00 | 120.00 |
| | Sub-total: B235 | | **Financial Filings** | | | **400.00** |

| 10/04/2025 | RSM | B310 | Preparation ███████████████████ | 0.50 | 880.00 | 440.00 |
|---|---|---|---|---|---|---|
| 10/06/2025 | RSM | B310 | Calls with R. Mowbray regarding ██████ ██████ (.2 and.1) | 0.30 | 880.00 | 264.00 |
| 10/06/2025 | RSM | B310 | Preparation ████████████████ | 0.80 | 880.00 | 704.00 |
| 10/06/2025 | RSM | B310 | Preparation ████████ | 0.40 | 880.00 | 352.00 |
| 10/07/2025 | RSM | B310 | Preparation of ██████████████ ██████ | 2.00 | 880.00 | 1,760.00 |
| 10/07/2025 | RSM | B310 | Review and analyze of He and Liu claims ████ ████████████ | 0.30 | 880.00 | 264.00 |

| 10/08/2025 | RSM | B310 | Preparation correspondence to ███████ | 0.20 | 880.00 | 176.00 |
| 10/09/2025 | RSM | B310 | Preparation ███████████████████ | 2.00 | 880.00 | 1,760.00 |
| 10/09/2025 | RSM | B310 | Preparation ███████████████ | 0.40 | 880.00 | 352.00 |
| | **Sub-total: B310** | **Claim Administration and Objections** | | | | **6,072.00** |

| 10/02/2025 | MLS | B320 | Prepare plan support agreement for Ford with exhibits. | 1.60 | 600.00 | 960.00 |
| 10/02/2025 | RSM | B320 | Call with A. Tiller regarding the plan, claims, and other matters | 1.00 | 880.00 | 880.00 |
| 10/06/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding revised Ford proposal. | 0.10 | 600.00 | 60.00 |
| 10/06/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding various plan support agreements and prepare response. | 0.10 | 600.00 | 60.00 |
| 10/06/2025 | MLS | B320 | Revise plan support agreement with Ford. | 0.60 | 600.00 | 360.00 |
| 10/06/2025 | MLS | B320 | Prepare correspondence to J. Wong regarding Ford plan support agreement. | 0.10 | 600.00 | 60.00 |
| 10/06/2025 | MLS | B320 | Review and analysis of potential plan support agreement terms with Ally Bank. | 0.40 | 600.00 | 240.00 |
| 10/06/2025 | MLS | B320 | Prepare correspondence to C. Kurtz regarding Ally Bank plan support agreement terms. | 0.10 | 600.00 | 60.00 |
| 10/06/2025 | MLS | B320 | Prepare plan support agreement for Bank of America. | 1.50 | 600.00 | 900.00 |
| 10/06/2025 | RSM | B320 | Call with potential expert witness | 0.60 | 880.00 | 528.00 |
| 10/06/2025 | RSM | B320 | Review and analyze correspondence from A. Tiller regarding the plan and the plan | 0.50 | 880.00 | 440.00 |
| 10/06/2025 | RSM | B320 | Call with C. Kurtz regarding the BOA PSA | 0.10 | 880.00 | 88.00 |
| 10/07/2025 | MLS | B320 | Review returned ballots from P. Liu and G. He. | 0.10 | 600.00 | 60.00 |
| 10/07/2025 | MLS | B320 | Review and analysis of revised draft adequate protection and plan payment schedule for Ally Bank. | 0.30 | 600.00 | 180.00 |
| 10/07/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding draft adequate protection and plan payment schedule for Ally Bank, and prepare response. | 0.10 | 600.00 | 60.00 |
| 10/07/2025 | MLS | B320 | Prepare settlement offer to Ally Bank. | 0.30 | 600.00 | 180.00 |
| 10/07/2025 | MLS | B320 | Review and analysis of Bank of America proof of claims and other documents for plan support agreement. | 0.50 | 600.00 | 300.00 |
| 10/07/2025 | MLS | B320 | Review correspondence from J. Wong regarding proposed settlement with Ford. | 0.10 | 600.00 | 60.00 |
| 10/07/2025 | MLS | B320 | Zoom meeting with R. Marticello, A. Tiller, and B. Bodie regarding plan amendments. | 0.80 | 600.00 | 480.00 |
| 10/07/2025 | MLS | B320 | Prepare correspondence to A. Tiller regarding class 16 ballot. | 0.10 | 600.00 | 60.00 |
| 10/07/2025 | MLS | B320 | Review correspondence from R. Sainos regarding plan question for CPA and prepare response. | 0.20 | 600.00 | 120.00 |

| 10/07/2025 | MLS | B320 | Telephone conference with R. Reformado regarding plan. | 0.10 | 600.00 | 60.00 |
|---|---|---|---|---|---|---|
| 10/07/2025 | MLS | B320 | Prepare correspondence to R. Reformado regarding plan and ballot. | 0.10 | 600.00 | 60.00 |
| 10/07/2025 | RSM | B320 | Call with A. Tiller and B. Bodie regarding plan revisions | 0.80 | 880.00 | 704.00 |
| 10/07/2025 | RSM | B320 | Revise plan | 0.80 | 880.00 | 704.00 |
| 10/07/2025 | RSM | B320 | Review and analyze and revise plan based on A. Tiller notes | 0.60 | 880.00 | 528.00 |
| 10/07/2025 | RSM | B320 | Review and revise plan | 0.30 | 880.00 | 264.00 |
| 10/08/2025 | MLS | B320 | Telephone conference with creditor R. Reformado regarding plan. | 0.10 | 600.00 | 60.00 |
| 10/08/2025 | MLS | B320 | Review email and ballot from R. Reformado. | 0.10 | 600.00 | 60.00 |
| 10/08/2025 | MLS | B320 | Prepare correspondence to R. Marticello regarding P. Liu action status. | 0.10 | 600.00 | 60.00 |
| 10/08/2025 | MLS | B320 | Review redline of plan per discussions with Rodriguez Plaintiffs. | 0.40 | 600.00 | 240.00 |
| 10/08/2025 | RSM | B320 | Call with R. Zur regarding the plan and exclusivity (.3 and.1) | 0.40 | 880.00 | 352.00 |
| 10/08/2025 | RSM | B320 | Review and revise the plan | 0.80 | 880.00 | 704.00 |
| 10/09/2025 | RSM | B320 | Review and analyze and revise plan | 0.40 | 880.00 | 352.00 |
| 10/09/2025 | RSM | B320 | Preparation correspondence to R. Sainos and others regarding the revised plan | 0.10 | 880.00 | 88.00 |
| 10/13/2025 | MLS | B320 | Review correspondence from C. Kurtz regarding Bank of America PSA and prepare response. | 0.10 | 600.00 | 60.00 |
| 10/13/2025 | MLS | B320 | Prepare correspondence to J. Wong regarding Ford plan support agreement and stipulation to continue hearings on stay relief motions. | 0.10 | 600.00 | 60.00 |
| 10/13/2025 | MLS | B320 | Review correspondence from J. Wong regarding Ford plan support agreement and stipulation to continue hearings on stay relief motions. | 0.10 | 600.00 | 60.00 |
| 10/13/2025 | RSM | B320 | Review and analyze and respond to correspondence from R. Sainos regarding the terms of the plan | 0.30 | 880.00 | 264.00 |
| 10/13/2025 | RSM | B320 | Review and revise motion to stay the appeal | 0.30 | 880.00 | 264.00 |
| 10/13/2025 | RSM | B320 | Review and analyze issues related to terms of BOA PSA | 0.20 | 880.00 | 176.00 |
| 10/15/2025 | MLS | B320 | Review correspondence from R. Sainos regarding Altec plan support agreement and prepare response. | 0.20 | 600.00 | 120.00 |
| 10/15/2025 | RSM | B320 | Review and revise the plan | 0.30 | 880.00 | 264.00 |
| | **Sub-total: B320** | | **Plan and Disclosure Statement** | | | **11,640.00** |

|  |  |
|---|---|
| Sub-total Fees: | $31,726.50 |

**Expenses**

| | | |
|---|---|---|
| 10/01/2025  Summitt Reprographics - Invoice 129950 | | 11,948.25 |
| | Sub-total Expenses: | $11,948.25 |
| | | |
| | **Total Current Billing:** | **$43,674.75** |
| | Previous Balance Due: | $575,261.97 |
| | **Total Now Due:** | **$618,936.72** |

**Rate Summary**

| | | |
|---|---|---|
| Bambi Clark | 0.40  hours at $465.00/hr | $186.00 |
| Robert S. Marticello | 23.60  hours at $880.00/hr | $20,768.00 |
| Connie-Marie Santiago | 2.30  hours at $275.00/hr | $632.50 |
| Michael L. Simon | 16.90  hours at $600.00/hr | $10,140.00 |
| Total hours: | 43.20 | $31,726.50 |

**Payment Terms:  Due Upon Receipt**

**Payment Options:**
**Pay Online**:
**Bill.com:** https://app.bill.com/p/rainesfeldmanllp
**Credit Card:** https://secure.lawpay.com/pages/rainesfeldman/operating

**Pay by Wire/ACH:**
   Wells Fargo Bank, N.A.
   Routing No.: 121000248
   Account No.: 4941981821
   BIC/Swift Code: WFBIUS6S
   Account Title: Raines Feldman Littrell LLP
   Client Name & Invoice #

**Pay by Check via Mail**:
   Raines Feldman Littrell LLP
   PO Box 848574
   Los Angeles, CA 90084-8574

**EXHIBIT C**

**Summary of Timekeepers for the Period
October 7, 2024 through April 30, 2025**

| Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert S. Marticello | Partner | $880.00 | 442.7 | $389,279.00 |
| Michael L. Simon | Associate | $600.00 | 298.6 | $179,121.00 |
| Stephen M. Mott | Associate | $495.00 | 6.2 | $3,069.00 |
| Bambi Clark | Paralegal | $465.00 | 40.3 | $18,367.50 |
| Connie-Marie Santiago | Paralegal | $275.00 | 36.2 | $9,955.00 |
| **Totals:** | | | **824** | **$599,791.50** |

# EXHIBIT D

## Summary of Compensation for the Period

## May 1, 2025 through October 15, 2025

## By Category

| Category | Hours Billed for Interim Fee Period | Total for Interim Fee Period |
|---|---|---|
| B110 – Case Administration | 25.6 | $16,197.50 |
| B120 – Asset Analysis and Recovery | 3.2 | $2,119.00 |
| B130 – Asset Disposition | 7.1 | $3,658.50 |
| B140 – Relief from Stay / Adequate Protection | 53.9 | $38,648.00 |
| B160 – Fee Applications / Objections | 22.4 | $13,098.00 |
| B170 – Employment Applications / Objections | 4.2 | $2,604.50 |
| B190 – Other Contested Matters | 136.1 | $100,312.50 |
| B200 – Adversary Actions | 8.3 | $5,077.50 |
| B205 – State Court Actions | 4.1 | $3,325.00 |
| B210 – Business Operations | 15.4 | $11,299.50 |
| B230 – Financing / Cash Collateral | 43.8 | $29,306.00 |
| B235 – Financial Filings | 2.9 | $1,315.00 |
| B310 – Claims Administration and Objections | 37.0 | $29,860.00 |
| B320 – Plan and Disclosure Statement | 460.0 | $342,970.50 |
| **TOTAL:** | **824** | **$599,791.50** |

# EXHIBIT E

## Summary of Expenses Reimbursement Requested

## For the Period May 1, 2025 through October 15, 2025

| Date | Category | Amount | Description |
|------|----------|--------|-------------|
| 7/1/25 | Attorney Service | $77.99 | First Legal Network: Pick-Up from: FIRST DIGITAL; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 07/11/2025; Ctrl No: 14098757; Inv. #11098568 |
| 8/1/25 | Attorney Service | $98.50 | First Legal Network: Pick-Up from: E-DISCOVERY; Deliver to: USDC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 07/24/2025; Ctrl No: 14103824; Inv. #11115215 |
| 8/1/25 | Attorney Service | $180.50 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 07/31/2025; Ctrl No: 14106629; Inv. #11115215 |
| 8/15/25 | Attorney Service | $58.50 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 08/07/2025; Ctrl No: 14109293; Inv. #11128142 |
| 8/15/25 | Attorney Service | $55.75 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/12/2025; Ctrl No: 14111457; Inv. #11128142 |
| 8/15/25 | Attorney Service | $281.75 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/14/2025; Ctrl No: 14112433; Inv. #11128142 |
| 8/15/25 | Attorney Service | $129.75 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/15/2025; Ctrl No: 14113179; Inv. #11128142 |
| 9/1/25 | Attorney Service | $37.25 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/20/2025; Ctrl No: 14114825; Inv. #11139934 |
| 9/1/25 | Attorney Service | $48.25 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/28/2025; Ctrl No: 14118266; Inv. #11139934 |
| 9/1/25 | Attorney Service | $58.50 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 08/29/2025; Ctrl No: 14119116; Inv. #11139934 |
| 9/1/25 | Attorney Service | $475.25 | First Legal Network: Pick-Up from: RAINES FELDMAN LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 08/21/2025; Ctrl No: 17414211; Inv. #11139934 |
| 9/15/25 | Attorney Service | $42.25 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/09/2025; Ctrl No: 14122314; Inv. #11151887 |
| 9/15/25 | Attorney Service | $52.75 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/10/2025; Ctrl No: 14123271; Inv. #11151887 |
| 9/15/25 | Attorney Service | $39.75 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/11/2025; Ctrl No: 14123869; Inv. #11151887 |
| 9/15/25 | Attorney Service | $58.50 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DEL.-RUSH; Job Date: 09/15/2025; Ctrl No: 14125058; Inv. #11151887 |
| 9/15/25 | Attorney Service | $37.25 | First Legal Network: Pick-Up from: Raines Feldman Littrell LLP; Deliver to: USBC-SANTA ANA; PDF COURTESY DELIVERY; Job Date: 09/04/2025; Ctrl No: 17434717; Inv. #11151887 |
| 6/1/25 | Outside Copy Services | $1,066.29 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128547 |

| Date | Category | Amount | Description |
|---|---|---|---|
| 6/1/25 | Outside Copy Services | $1,056.17 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128619 |
| 6/1/25 | Outside Copy Services | $1,056.17 | Summitt Reprographics: (Amended notice of Hearing) PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #128643 |
| 9/8/25 | Outside Copy Services | $1,228.35 | Summitt Reprographics: PRINT, ENVELOPES, POSTAGE, LABOR HOURS; Inv. #129797 |
| 10/1/25 | Outside Copy Services | $11,948.25 | Summitt Reprographics - Invoice 129950 |
| 7/17/25 | Transcript | $1,057.50 | Steno Agency, Inc.:Legal Support Services (Certified Copy Transcripts) - Job ID 1795386; Inv. #1845888 |
| **TOTAL:** | | **$19,145.22** | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT F**

**Attorney Biographies**

# ROBERT S. MARTICELLO

Bankruptcy

## EDUCATION

- J.D., CALIFORNIA WESTERN SCHOOL OF LAW
- B.A., CALIFORNIA STATE UNIVERSITY, CHICO



**ROBERT S. MARTICELLO** is a partner of Raines Feldman Littrell, LLP, focusing his practice on business reorganization and related litigation. He has extensive experience representing a wide range of parties in complex chapter 11 bankruptcy cases and out-of-court restructurings, including debtors, committees, secured and unsecured creditors, equity holders, trustees, asset purchasers, and others. Mr. Marticello has represented clients in a variety of industries, including real estate, restaurant, retail, logistics, and technology, and in multiple forums across the United States. He is also skilled in representing plaintiffs and defendants in bankruptcy avoidance actions and nondischargeability actions.

Mr. Marticello is a recognized leader in the field of insolvency. The American Bankruptcy Institute honored him with its inaugural "40 Under 40" award, recognizing him as one of the top insolvency professionals under the age of 40 in the United States. This recognition marked the second time that Mr. Marticello was acknowledged as an emerging talent. He was selected to participate in the National Conference of Bankruptcy Judges' Next Generation Program, which is designed for 40 up-and-coming bankruptcy attorneys in the country. Mr. Marticello has also been consistently named a "Super Lawyer" by Super Lawyers Magazine and recognized by Best Lawyers in the field of Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law.

Mr. Marticello is a well-respected speaker and author on insolvency issues, frequently presenting on current and expected trends in the industry. His expertise and scholarship in bankruptcy law makes him a valuable resource for clients and colleagues alike.

Mr. Marticello holds leadership roles in a number of professional organizations. He currently serves as the Vice Chair of the Lawyer Representative Coordinating Committee to the Ninth Circuit, and, in that role, Mr. Marticello assists in the planning of the annual Ninth Circuit Judicial Conference. He is also a Director of the Federal Bar Association (Orange County Chapter) and the Turnaround Management Association (Southern California Chapter). Mr. Marticello was President of the California Bankruptcy Forum from 2015-2016 and served as a Director of the Orange County Bankruptcy Forum from 2008-2011, with a term as President from 2010-2011.

Mr. Marticello's legal career began with a strong foundation in bankruptcy law, having served as a law clerk to the Honorable John E. Ryan and the Honorable Robert N. Kwan, both United States Bankruptcy Judges for the Central District of California.

# MICHAEL L. SIMON

Bankruptcy



## EDUCATION

- J.D., PEPPERDINE UNIVERSITY SCHOOL OF LAW
- B.S., NEW YORK UNIVERISTY

**MICHAEL L. SIMON** is an associate at Raines Feldman Littrell LLP, and focuses his practice on bankruptcy, insolvency and business reorganization matters, and business litigation. His experience includes representing chapter 11 debtors, creditors' committees, trustees, secured and unsecured creditors, judgment creditors, and receivers in various bankruptcy and insolvency proceedings.

Mr. Simon received his undergraduate degree in finance and economic policy from New York University's Leonard N. Stern School of Business in 2009. He received his J.D. from Pepperdine University School of Law and his Certificate in Dispute Resolution from the Straus Institute for Dispute Resolution in 2014. While in law school, Mr. Simon served judicial externships to the Honorable Robert N. Kwan, United States Bankruptcy Judge for the Central District of California, and the Honorable Valerie B. Fairbank, United States District Court Judge for the Central District of California. After law school, he served a judicial clerkship to the Honorable Robert N. Kwan from 2015 to 2017.

Mr. Simon served as a director for the Orange County Bankruptcy Forum from 2019 through 2022 and was recognized as a Southern California Super Lawyers Rising Star from 2020 through 2023, and a Best Lawyers In America: Ones to Watch from 2021 through 2024.

# STEPHEN M. MOTT

Bankruptcy



## EDUCATION

- J.D., The George Washington University Law School
- B.S., State University of New York at Geneseo

**STEPHEN M. MOTT** is an associate at Raines Feldman Littrell LLP, and concentrates his practice in bankruptcy, insolvency and business reorganization matters, and fiduciary representation.

Mr. Mott received his undergraduate degree in history and philosophy from the State University of New York at Geneseo in 2019. He received his J.D. from The George Washington University Law School in 2022. While in law school, Mr. Mott served judicial externships to the Honorable Elizabeth L. Gunn, United States Bankruptcy Judge for the District of Columbia, and the Honorable Robert E. Grossman, United States Bankruptcy Judge for the Eastern District of New York. He also served as a legal intern for the Executive Office of United States Trustees. After law school, Mr. Mott served a judicial clerkship to the Honorable Deborah J. Saltzman, United States Bankruptcy Judge for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Ct. Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*):
**SECOND INTERIM FEE APPLICATION OF RAINES FELDMAN LITTRELL LLP AS COUNSEL FOR
THE ORIGINAL MOWBRAY'S TREE SERVICE, INC. FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2025
THROUGH OCTOBER 15, 2025**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 28, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 28, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/28/2025 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    EXHIBIT FF          **F 9013-3.1.PROOF.SERVICE**
Page 315 of 376

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Shraddha Bharatia**    notices@becket-lee.com
- **Jeffrey W Broker**    jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**    kcatanzarite@catanzarite.com
- **Lauren N Gans**    lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jessica L Giannetta**    jessica@giannettalawcorp.com, melanie@giannettaenrico.com
- **Robert P Goe**    rgoe@goeforlaw.com,
  kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall F Goldberg**    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**    bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Valery Loumber**    valloumlegal@gmail.com
- **Michael B Lubic**    michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**    jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Estela O Pino**    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**    don@donreidlaw.com, 5969661420@filings.docketbird.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**    tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**    msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Derek A Simpson**    derek@dsimpsonlegal.com
- **Ahren A Tiller**    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com,
  raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**    csbk@gmfinancial.com
- **Roye Zur**    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*          EXHIBIT FF          **F 9013-3.1. PROOF SERVICE**

# EXHIBIT GG

1

**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello, State Bar No. 244256

2

*rmarticello@raineslaw.com*
Michael L. Simon, State Bar No. 300822

3

*msimon@raineslaw.com*
3200 Park Center Drive, Suite 250

4

Costa Mesa, CA 92626
Telephone:    (310) 440-4100

5

Facsimile:    (310) 499-4877

6

Proposed Counsel for The Original Mowbray's Tree

7

Service, Inc., the Debtor and Debtor-In-Possession

8

### UNITED STATES BANKRUPTCY COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10

### SANTA ANA DIVISION

11

| | |
|---|---|
| In re | Case No. 8:24-bk-12674-TA |
| THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., | Chapter 11 |
| Debtor and Debtor-in-Possession. | **GLOBAL NOTES REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS** |

12

13

14

15

16

17

18

The Original Mowbray's Tree Service, Inc., the debtor and debtor-in-possession in the

19

above-captioned case (the "**Debtor**"), submits its Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**") in the United States

20

Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**"). The Debtor, with the assistance of its advisors and counsel, prepared the Schedules and SOFA in

21

accordance with § 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the

22

"**Bankruptcy Rules**").

23

These *Global Notes Regarding the Schedules of Assets and Liabilities and Statement of*

24

*Financial Affairs* (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and SOFA. The Global Notes should be

25

referred to, and reviewed in connection with, any review of the Schedules and SOFA.[1] The Global Notes are not intended to limit the respective duties and obligations under the
Bankruptcy Code and Bankruptcy Rules of the Debtor and its counsel. Rather, the Global

26

27

---

[1]    These Global Notes are in addition to any specific notes contained in the Schedules or SOFA. The

28

fact that the Debtor has prepared notes with respect to any particular part of the Schedules or SOFA and not to others should not be interpreted as a decision by the Debtor to exclude the applicability of such general note to any of the Debtor's Schedules and SOFA, as appropriate.

1

Notes are to provide additional information concerning the information included in the Schedules and SOFA.

**Reservation of Rights.** As stated above, the Schedules and SOFA have been prepared by the Debtor with the assistance of its advisors and counsel subject to further review and potential amendment. The Schedules and SOFA were prepared from the books and records of the Debtor or other sources of information that were available at the time of preparation. The Debtor has made every reasonable effort to ensure the accuracy and completeness of the information included in the Schedules and SOFA. However, subsequent information or the discovery of other relevant facts may result in material changes to the Schedules and SOFA, and inadvertent errors, omissions, or inaccuracies may exist. In addition, all scheduled claims are subject to review and investigation. The Debtor reserves all rights to amend or supplement its Schedules and SOFA in all respects as may be necessary or appropriate.

The Debtor's reservation includes, but is not limited to, the right to dispute or to assert offsets or defenses to any claim reflected in the Schedules and SOFA as to amount, liability, or classification of the claim, to recharacterize any claim, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Additionally, nothing contained in the Schedules and SOFA shall constitute a waiver of rights by the Debtor or the bankruptcy estate involving any present or future causes of action, contested matters, or other issues under the provisions of the Bankruptcy Code or other applicable non-bankruptcy laws. The Debtor reserves all rights to amend or supplement its Schedules and SOFA should it become aware of additional claims or causes of action it possesses against others.

**Basis of Presentation.** The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor, unless otherwise stated herein, are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by or for the Debtor. The financial information contained in the Schedules and SOFA has not been audited. Unless otherwise stated in the Schedules or herein, asset value information in the Schedules reflects the value set forth in the Debtor's books and records or the Debtor's best estimate of such asset values as of October 18, 2024 (the "**Petition Date**") based on information available to the Debtor at that time. As used in the Schedules, "book value" for a particular asset represents the value for such asset as listed in the Debtor's books and records. "Net book value" as it relates to property and equipment is the cost basis net of accumulated depreciation. The book value and the net book value are not necessarily indicative of the current fair market value of the Debtor's assets for any purpose. No independent valuation or appraisal has been obtained or performed for purposes of preparing the Schedules. The Debtor reserves all rights, objections, and arguments with respect to the value of any assets with respect to any matter or issue in the case, including, without limitation, any assets serving as collateral for any claim pursuant to 11 U.S.C. § 506(b) or otherwise. Moreover, due to, among other things, the current unknown value of certain assets, the nature of certain assets and liabilities, and the impact of future events, the Schedules do not constitute a conclusion by the Debtor that it was solvent or insolvent as of the Petition Date or at any time prior to the Petition Date. A statement that the value of a particular asset is "unknown" or "undetermined" is a reflection of uncertainties or challenges with respect to valuing such asset at this time and is not an indication that the value of such asset is immaterial or not.

**Estimates.** The Debtor must make certain estimates and assumptions that affect the reported value of assets and amounts of liabilities. The Debtor reserves all rights to amend the reported value or amounts of assets and liabilities to reflect changes in those estimates and assumptions.

**Insiders.** In the circumstance where the Schedules and SOFA require information regarding "insiders," the Debtor has included information with respect to the individuals who

<div align="center">2</div>

the Debtor believes may be included in the definition of "insider" set forth in § 101(31) of the Bankruptcy Code. Persons identified as "insiders" have been included for information purposes only. The Debtor does not take any position with respect to whether such individual could successfully argue that he or she is not an "insider" under applicable law.

**Classification and Claim Descriptions.** Any failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute, or to assert offsets, objections, or defenses to, any claim reflected in its Schedules as to amount, liability, character, or classification, to amend the amount scheduled for such claims, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." The Debtor further reserves the right to seek to subordinate or recharacterize any claim and/or to assert that an alleged creditor listed in the Schedules does not hold any claim against the Debtor.

Listing a claim in Schedule D as "secured" or in Schedule "F" as "unsecured nonpriority" does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's right to recharacterize or reclassify such claim. Further, as stated above, the Debtor reserves all rights, objections, and arguments with respect to the value of any assets serving as collateral for any claim pursuant to 11 U.S.C. § 506(b) or otherwise and as to whether any claim listed in Schedule D is truly "secured" under the Bankruptcy Code.

**Setoffs.** The Debtor may incur setoffs from third parties. Setoffs in the ordinary course can result from various routine transactions and other disputes between the Debtor and third parties. The Debtor reserves all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

**Specific Notes.** These general notes are in addition to the specific notes set forth below:

a.    **Schedule A/B, Part 2, No. 8**. The Legal and Professional Retainers in the amount of $289,218.32 constitute the retainers held by the Debtor's restructuring professionals.

b.    **Schedule A/B, Part 4**. The Debtor purchased Pino Tree Service, Inc. ("**PTS**"), in April 2022, for $1,500,000. Of this total purchase price, $750,000 was paid in cash and $750,000 was memorialized in a promissory note granted to the seller. The current value of the Debtor's ownership in PTS is unknown because the ultimate value is subject to a number of factors related to the assets and liabilities, operations, overall financial condition, and current and future financial performance of PTS.

c.    **Schedule A/B, Part 7, No. 40**. The net book value specified is largely compromised of the cost of plumbing repairs for the Debtor's leased offices. The Debtor does not believe that such repairs have value to the Debtor.

d.    **Schedule A/B, Part 8, No. 47**. The Debtor's net book value, as defined above, for its leased and owned trucks and other vehicles is $6,313,566.07. The current value is unknown because the net book value does not reflect (and is not net of) the amounts that the Debtor may still owe on the capital and operating leases with respect to the trucks and other vehicles included in the net book value.

e.    **Schedule A/B, Part 8, No. 50**. The net book value scheduled is the balance remaining to be paid by the Debtor on the agreement(s) related to the GPS (Global Positioning Satellite) license. The value of the Debtor's interest in such license is unknown.

3

f.     **Schedule A/B, Part 11, No. 71**.  The balances owing to the Debtor on account of loans by the Debtor as of the Petition Date are stated in the Schedules.  The current value of the amounts owed to the Debtor on the loans is unknown because the collectability of such loans is subject to a number of factors related to the assets and liabilities (including any pending or threatened litigation), operations, overall financial condition, and the current and future performance of the specified borrowers.

g.     **Schedule A/B, Part 11, No. 71**.  The workers compensation insurance collateral refers to two letters of credit that were previously issued by PNC Bank, N.A., and JP Morgan Chase N.A.  Pre-petition, two insurers, Starr Indemnity Liability Co. and Berkshire Hathaway Homestate, drew against the letters of credit in their entirety because the letters of credit were set to expire.  The value stated for the workers compensation insurance collateral is the gross amount of the letters of credit.  However, the gross amount of the workers compensation insurance collateral is subject to asserted claims in the collective amount of approximately $3,700,000 as of the Petition Date by Starr Indemnity Liability Co. and Berkshire Hathaway Homestate.  Such asserted claims could increase.  The Debtor reserves any and all rights and claims with respect to the letters of credit, any balance owing to the estate, and the drawing of the letters of credit prior to the Petition Date,

h.     **Schedule A/B, Part 11.**  The Debtor may have accrued or may subsequently accrue, certain claims, causes of action, or setoffs, or may assert in litigation claims as a plaintiff or counter-claims and/or cross-claims as a defendant.  Because certain of these types of assets are unknown to the Debtor and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.  The Debtor has scheduled its claims in a pending action against a third party.  The claims and causes of action listed in the Schedules may not be exhaustive.

i.     **Schedule D, Creditors Who Have Claims Secured by Property.**  The Debtor reserves its rights to dispute or challenge the validity or perfection of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D or to seek to avoid any such lien or the transactions or agreements giving rise to such lien.  Moreover, although the Debtor has scheduled certain claims as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such claim, the characterization of the structure of the transaction giving rise to such claim, or any document or instrument related to such claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  The Debtor reserves all rights, objections, and arguments with respect to the value of any assets serving as collateral for any claim pursuant to 11 U.S.C. § 506(b) or otherwise, and as to whether any claim listed in Schedule D is truly "secured" under the Bankruptcy Code.  In Schedule D or elsewhere in the Schedules, including, without limitation, Schedule G, any reference to a "lease" is not an admission by the Debtor or the estate that the corresponding transaction constitutes a true or operating lease, as opposed to secured financing or a capital lease, and vice versa.  The Debtor reserves any and all rights regarding whether any transaction constitutes an operating lease or a capital lease.

j.     **Schedule E/F - Creditors Who Have Unsecured Claims.**  The Debtor attempted to set forth all of its unsecured obligations, although the actual amounts of claims against the Debtor may vary from those liabilities represented on Schedule E/F, Part 2.  In many instances, the amounts listed in the Schedules are based on the amounts set forth in the Debtor's books and records or the Debtor's understanding of the amounts claimed as of the preparation of the Schedules.  The allowed amount of the liabilities listed in the Schedules may ultimately be different, including, without limitation, because the Debtor disputes such liabilities.  The Debtor reserves all rights to dispute or challenge any listed claims, the nature

4

of any such claims, or the characterization of the structure of the transaction, document or instrument related to such claims. The descriptions provided in Schedule E/F are intended only to be a summary. Reference to the applicable agreements and other related relevant documents are necessary for a complete description of the nature and bases of the claims. Schedule E/F does not include the claims of any employees paid (or that the Debtor is authorized to honor) pursuant to order of the Court in connection with the Debtor's "first day" motions. Schedule E/F does not reflect any claims that may arise from the Debtor's rejection of any executory contracts or unexpired leases.

        k.      **Schedule G**. Any reference to a "lease" is not an admission by the Debtor or the estate that corresponding transaction constitutes a true or operating lease, as opposed to secured financing or a capital lease, and vice versa. The Debtor reserves any and all rights regarding whether any transaction constitutes an operating lease or a capital lease. The Debtor's failure to list a particular agreement is not an admission that such agreement is not an executory contract or unexpired lease and the Debtor reserves any and all rights related thereto.

        l.      **SOFA, Part 6, No. 13**. For purposes of disclosure, the Debtor included certain transfers or payments that may be considered payments made in the ordinary course of business.

<div align="center">

**General Disclaimer**

</div>

        The Debtor has prepared the Schedules and SOFA based on the information reflected in the books and records of the Debtor and/or from other sources available at this time. However, inasmuch as such books and records have not been audited or formally closed and evaluated for proper cut-off on the Petition Date, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete the Schedules and SOFA accurately and completely with the assistance of its professionals.

<div align="center">

5

</div>

<div style="border:1px solid black; padding:10px;">

**Fill in this information to identify the case:**

Debtor name    **The Original Mowbray's Tree Service, Inc.**

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  **8:24-bk-12674-TA**

</div>

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☑ *Schedule H: Codebtors* (Official Form 206H)
☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **November 15, 2024**    x _____
                                                 Signature of individual signing on behalf of debtor

                                               **Brian Weiss**
                                               Printed name

                                               **Chief Restructuring Officer**
                                               Position or relationship to debtor

# United States Bankruptcy Court
## Central District of California

In re __The Original Mowbray's Tree Service, Inc._____    Case No. __8:24-bk-12674-TA__
                                           Debtor(s)    Chapter __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Robin E. Mowbray**<br>**868 E Mill Street 2nd Floor**<br>**San Bernardino, CA 92408** | | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

    I, Brian Weiss, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date __November 15, 2024_____    Signature _____
                                                           **Brian Weiss**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  Irvine _____ , California.

Date:    **November 15, 2024** _____

**Brian Weiss**
Signature of Debtor 1

_____

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2018*                    *Page 1*                    **F 1015-2.1.STMT.RELATED.CASES**

EXHIBIT GG                                    Page 8 of 16

| Fill in this information to identify the case: |
| --- |
| Debtor name **The Original Mowbray's Tree Service, Inc.** |
| United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) **8:24-bk-12674-TA** |

☐ Check if this is an
amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals
**12/15**

| Part 1: | Summary of Assets |
| --- | --- |

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*...................................................................................... $    **245,000.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*................................................................................... $    **17,518,428.77**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................................... $    **17,763,428.77**

| Part 2: | Summary of Liabilities |
| --- | --- |

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $    **32,344,701.87**

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.......................................... $    **256,881.46**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................. +$    **7,983,208.26**

4. **Total liabilities** ..............................................................................................................
    Lines 2 + 3a + 3b

$    **40,584,791.59**

| Fill in this information to identify the case: |
| --- |
| Debtor name **The Original Mowbray's Tree Service, Inc.** |
| United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) **8:24-bk-12674-TA** |

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |
| 2.     **Cash on hand** | **$5,096.28** |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **PNC Bank** | **Payroll** | **1754** | **$7,190.82** |
| 3.2. | **PNC Bank** | **Operating** | **1762** | **$4,216,228.45** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**

  Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**$4,228,515.55**

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
  Description, including name of holder of deposit

| 7.1. | **Deposit - Rent - ITPR  - Lease 5305 Excelsior Road, Sacramento, CA 95827** | **$7,000.00** |
| --- | --- | --- |

Debtor    **The Original Mowbray's Tree Service, Inc.**                        Case number *(If known)* **8:24-bk-12674-TA**
Name

| | | |
|---|---|---:|
| 7.2. | **Deposit - Utilities** | $3,600.00 |
| 7.3. | **Utility (Clay Electric - Deposit for Bid Job)** | $107,961.47 |
| 7.4. | **Deposit - Rent - S&S Properties (Lease of 8860 North Winding Way, Fairoaks, CA 95628)** | $2,150.00 |
| 7.5. | **Deposit - Rent - Gloria Mowbray Trust (Lease of 12706 Highview Lane, Redlands, CA 92373)** | $700.00 |
| 7.6. | **Deposit - SCE Utilities** | $5,115.00 |

| | | |
|---|---|---:|
| 8. | **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 8.1. | **Other Prepaid Expenses**<br>**Legal and Professional Retainers - $289,218.32**<br>**Subcriptions & Licenses - $71,205.3**<br>**Hotel Deposits - $28,000.00** | $388,423.75 |
| 8.2. | **Prepaid Insurance**<br>**General Liability - $275,718.21**<br>**Cyber Liability - $3,989.28**<br>**Auto Insurance - $79,678.52**<br>**Excess Auto - $55,769.66**<br>**D&O & ELPI - $25,836.79** | $440,992.46 |

| | | |
|---|---|---:|
| 9. | **Total of Part 2.**<br>Add lines 7 through 8. Copy the total to line 81. | $955,942.68 |

**Part 3:**    **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.    **Accounts receivable**

| 11a. 90 days old or less: | 5,996,656.97 | - | 0.00 | = .... | $5,996,656.97 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11b. Over 90 days old: | 818,902.27 | - | 0.00 | = .... | $818,902.27 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

Official Form 206A/B                        Schedule A/B Assets - Real and Personal Property                        page 2

| Debtor | **The Original Mowbray's Tree Service, Inc.** | | | Case number *(If known)* | **8:24-bk-12674-TA** |
|---|---|---|---|---|---|
| | Name | | | | |

**12.** **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$6,815,559.24

---

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.

■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.** | **Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| **15.** | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity: | % of ownership | |
| 15.1. | **Pino Tree Service, Inc.** 100 % | See Global Notes | Unknown |

| **16.** | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: |
|---|---|

**17.** **Total of Part 4.**

Add lines 14 through 16.  Copy the total to line 83.

$0.00

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.

☐ Yes Fill in the information below.

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.

☐ Yes Fill in the information below.

---

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.

■ Yes Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.** | **Office furniture**<br>**Office Furniture (Desks, Chairs, Cubicles)** | $91,168.30 | Net Book Value | $92,168.30 |
| **40.** | **Office fixtures**<br>**Leasehold improvements** | $0.00 | See Global Notes | $0.00 |

---

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 3

Debtor  **The Original Mowbray's Tree Service, Inc.**
        Name

Case number *(If known)*  **8:24-bk-12674-TA**

| 41. | Office equipment, including all computer equipment and communication systems equipment and software | | | |
|---|---|---|---|---|
| | Office equipment and software | $63,272.00 | Net Book Value | $63,272.00 |

42.  **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
     Add lines 39 through 42. Copy the total to line 86.

| | $155,440.30 |
|---|---|

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**
     ☐ No
     ■ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.** **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. Vehicles - see attached schedule | $6,313,566.07 | See Global Notes | Unknown |
| **48.** **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49.** **Aircraft and accessories** | | | |
| **50.** **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| GPS License | $796,062.00 | See Global Notes | Unknown |

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.

| | $0.00 |
|---|---|

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**
     ☐ No
     ■ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
     ■ No
     ☐ Yes

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 4

| Debtor | **The Original Mowbray's Tree Service, Inc.** | Case number *(If known)* | **8:24-bk-12674-TA** |
| --- | --- | --- | --- |
| | Name | | |

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 55.1. **Parcel adjacent to 171 S. Waterman, San Bernardino, CA 92404 APN 0136-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 - Land** | Fee simple | $81,666.66 | Book Value | $81,666.66 |
| 55.2. **Parcel adjacent to 171 S. Waterman, San Bernardino, CA 92404 APN 0136-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 - Land** | Fee simple | $81,666.67 | Book Value | $81,666.67 |
| 55.3. **Parcel adjacent to 171 S. Waterman, San Bernardino, CA 92404 APN 0136-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 - Land** | Fee simple | $81,666.67 | Book Value | $81,666.67 |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

| | |
| --- | --- |
| | **$245,000.00** |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

Official Form 206A/B    Schedule A/B Assets - Real and Personal Property    page 5

| Debtor | **The Original Mowbray's Tree Service, Inc.** | Case number *(If known)* | **8:24-bk-12674-TA** |
|---|---|---|---|
| | Name | | |

---

60. **Patents, copyrights, trademarks, and trade secrets**

61. **Internet domain names and websites**
    **https://www.mowbrays.com** ............... **Unknown** ............... **Unknown**

---

62. **Licenses, franchises, and royalties**
    **Contractor's License #655844** ............... **Unknown** ............... **Unknown**

---

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

    | | |
    |---|---|
    | | **$0.00** |

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
    ■ No
    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ■ No
    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

---

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☐ No.  Go to Part 12.
    ■ Yes Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|

71. **Notes receivable**
    Description (include name of obligor)

| | | | | |
|---|---|---|---|---|
| **Pino Line of Credit - $10,321,046.44 - See Global Notes** | **0.00** | - | **0.00** | = **Unknown** |
| | Total face amount | | doubtful or uncollectible amount | |
| **Mowbray's Waterman Loan - $3,889,126.32 - See Global Notes** | **0.00** | - | **0.00** | = **Unknown** |
| | Total face amount | | doubtful or uncollectible amount | |
| **Phoenix Traffic Loan - $2,463,400.89 - See Global Notes** | **0.00** | - | **0.00** | = **Unknown** |
| | Total face amount | | doubtful or uncollectible amount | |

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

---

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 6

EXHIBIT GG                    Page 15 of 16

| Debtor | **The Original Mowbray's Tree Service, Inc.** | Case number *(If known)* | **8:24-bk-12674-TA** |
| | Name | | |

| | | |
|---|---|---|
| Workers Compensation Insurance Collateral (See Global Notes) | | **$5,362,971.00** |

| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| | **The Original Mowbray's Tree Service, Incorporated v. Flexible Funding Ltd. Liability Co., et al. Case No. CGC-589522** | **Unknown** |
| | Nature of claim        **Breach of Contract** | |
| | Amount requested                 **$4,000,000.00** | |

| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** |
| 76. | **Trusts, equitable or future interests in property** |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership |

| 78. | **Total of Part 11.** | **$5,362,971.00** |
| | Add lines 71 through 77. Copy the total to line 90. | |

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

# EXHIBIT
# HH

SAN BERNARDINO SUPERIOR COURT
COUNTY OF SAN BERNARDINO
247 West Third Street
San Bernardino, California 92415-0210

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 1 0 2026

BY _____
CHRIS GOLDSTEIN, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| RONNIE D. JORDAN,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE ORIGINAL MOWBRAY'S<br>TREE SERVICE, INCORPORATED,<br>et al.,<br>　　　　Defendants. | CASE NO.  CIV SB 22 01281<br><br>RULING ON MOTION FOR<br>SUMMARY ADJUDICATION<br><br>Date:  February 9, 2026<br>Time: 8:30 A.M.<br>Department: S32 |

After full consideration of the written and oral submissions by the parties, the Court rules as follows:

## PROCEDURAL/FACTUAL BACKGROUND

On January 18, 2022, Plaintiff Ronnie D. Jordan filed this action against Defendants The Original Mowbray's Tree Service, Incorporated (Mowbray), Mowbray Waterman Property, LLC (Waterman), Richard John Mowbray (Richard or Ricky), and Robin Mowbray (Robin).

The operative first amended complaint (FAC) alleges causes of action for (1) breach of oral employment contract; (2) promissory fraud; (3) breach

Page **1** of **24**

of the covenant of good faith and fair dealing; (4) inducement to relocate by means of misrepresentation; (5) declaratory relief; (6) promissory estoppel; (7) specific performance of contract; and (8) quiet title to real property.

According to the complaint, in 2018 Plaintiff had established himself as a highly experienced executive in the field of vegetation management with emphasis on hazardous tree removal and fire control and restoration for major utility companies including Pacific Gas and Electric and Southern California Edison.

In May 2018 Plaintiff and his wife Phyllis Jordan (Phyllis) were Florida residents where Plaintiff was employed. (FAC, ¶¶16-18.)

Mowbray was a family-owned company in the tree service industry. In May 2018 Mowbray was experiencing significant difficulty managing growth opportunities under the direction of Operations Manager Rick Mowbray (Rick), who was full owner Gloria Mowbray's (Gloria) son. Rick is Richard's father and Robin's brother. (FAC, ¶¶19-20.)

Rick recruited Plaintiff with Gloria's authority to take over as Mowbray's CEO. In April 2018 Plaintiff visited Mowbray's California offices.

Rick and his team explained while Mowbray could reach $70 to $80 million in revenues, it was unable to control costs, make pricing adjustments, and evaluate work contracts for profitability. Rick and then-controller and now Chief Financial Officer Alan Phang explained Mowbray required $6 million monthly to break even and had only two to 3 weeks of cash on hand. The company had lost over $3 million over the past four months. (FAC, ¶¶22-23.)

Plaintiff accepted the CEO position as of May 28, 2018, and relocated to California. The May 28, 2018 oral agreement Plaintiff reached with Rick on Mowbray's behalf provided the following terms: (a) a 5-year term, terminable only for good cause or death; (b) $250,000 annual salary; (c)

Page **2** of **24**

1  Phyllis would receive a $55,000 annual salary; (d) Plaintiff would receive
2  10% of net operating profits; (e) Plaintiff would be provided housing without
3  charge during the term; (f) Plaintiff and Phyllis would each receive new
4  sport utility vehicles every two years which would be transferred to them
5  free and clear upon termination; and (g) At the end of the term in 2023
6  Plaintiff would receive $30,000 to relocate.  (FAC, ¶¶24-25.)

7         Plaintiff's leadership soon resulted in a net profit of over $3 million as
8  of December 31, 2018, a positive $6.5 million swing.  Plaintiff's leadership
9  generated record revenues of $92,621,862 for the full 2018 year, an increase
10 of $66,781,990 from May 31, 2018.  Under Plaintiff's direction Mowbray
11 enjoyed average monthly revenue from June through December 2018 of
12 $9,540,284.

13        Operating income for that period was $6,522,080, to which Plaintiff
14 was entitled to a 10% bonus ($652,208).  Amidst excuses about how the
15 calculation would be made Plaintiff was paid $50,000 with the promise
16 Mowbray would continue to look into the amount due.  (FAC, ¶¶26-29.)
17 In May 2019 Plaintiff was leading Mowbray to another record year and Rick
18 wanted to express his appreciation with improved housing.

19        On May 10, 2019, Rick and Robin caused Waterman to acquire a single
20 family residence in Redlands for $681,500 for Plaintiff and Phyllis to reside
21 in until the end of the five-year term.  Plaintiff and Phyllis immediately
22 moved in.  (FAC, ¶30.)

23        In late 2019, Plaintiff prepared a memorandum of the oral agreement
24 (Exh. A) and sent it to Rick and Mowbray while Plaintiff continued to work
25 diligently.  Plaintiff from time to time inquired about the draft.

26        Rick developed problems with the family and was abruptly terminated
27 by Gloria through Richard and Robin in February 2020.  Gloria called
28 Plaintiff and asked him to promise he would never leave Mowbray.

Page **3** of **24**

1
2

Plaintiff responded he loved the position and planned to stay well into 2023.  (FAC, ¶¶31-32.)

3
4
5
6
7
8
9

Plaintiff's leadership in 2019 resulted in breakout revenues of $213,780,199 and operating income of $17,084,495.  Plaintiff is entitled to 10% of profits, or $1,708,499.  Following Rick's termination, Richard and Robin made excuses about the calculations.  After payments in February 2020, Plaintiff had received $250,000 toward what they claimed would be his bonus.  Richard and Robin were aware of the draft written agreement Plaintiff sent to Rick.  (FAC, ¶33.)

10
11
12

By 2020 Plaintiff had Mowbray again on its way to another best year in its history.  By midyear 2020, the forecast was for over $400 million in revenue with no less than 12% operating profit.  (FAC, ¶34.)

13
14
15
16
17
18
19

In September 2020, Plaintiff was approached by Defendant's general and litigation counsel Stephen Cho (who also represents Defendants in this litigation).  Cho and Plaintiff had become friends during the employment term.  Cho advised Plaintiff that effective October 2020, Richard and Robin wanted Plaintiff to give up his CEO title to become Executive Vice President so Richard could assume the CEO role.  Cho advised Plaintiff he would be compensated the same and have the same power and authority.

20
21

Notwithstanding, Plaintiff was marginalized and cut off from company information.  (FAC, ¶¶35-36.)

22
23
24
25
26

Plaintiff was also advised in October 2020 by Richard, Robin, and Cho at various times that because of the substantial benefit conferred on Mowbray, if Plaintiff stayed and continued his hard work he would be entitled to the Redlands property free and clear.  Plaintiff agreed.  (FAC, ¶37.)

27
28

Upon information and belief based on where Mowbray was financial in October 2020, total 2020 operating profits were $54 million, entitling

Page **4** of **24**

1
2
Plaintiff to $5.4 million.  Plaintiff estimates 2021 operating profits at $24 million, entitling Plaintiff to $2.4 million.  (FAC, ¶¶38-39.)

3
4
5
On January 7, 2022, Mowbray abruptly terminated Plaintiff without just cause and failed to pay the 10% of net operating profits, totaling $9,860,657.  (FAC, ¶¶41-43.)

6
7
8
9
10
11
The FAC also attaches a written agreement the parties entered into on January 1, 2020—although the copy provided is only signed by Plaintiff.  (FAC, Exh. B.)  Plaintiff alleges the written agreement contains restrictions prohibiting Plaintiff from working in the industry where he has worked for over 20 years.  Plaintiff asserts the written agreement is void or voidable as it was procured by fraud, a promise made without intention of performing.

12
13
14
15
Alternatively, Plaintiff contends he has no trade secret or other information that would prevent his employment by anyone in the industry and the written agreement is in effect an unenforceable non-competition clause.  (FAC, ¶¶78-83.)

16
17
18
On May 25, 2022, Waterman filed an unlawful detainer action against Plaintiff concerning the Redlands property which was subsequently consolidated into this action.

19
20
21
22
On November 13, 2025, Defendants filed this motion seeking summary adjudication on several causes of action and other issues.  Plaintiff opposes and Defendants reply.  After the reply was filed, Plaintiff filed additional objections.

23
## DISCUSSION

24
### Request for Judicial Notice

25
Defendants request judicial notice of the following:

26
- The original complaint (Exh. 7) and the FAC (Exh. 8);

27
28
- Two grant deeds recorded January 19, 2024 (Exhs. 31 and 32) and a third recorded May 1, 2024 (Exh. 34);

Page **5** of **24**

- Articles of incorporation for 1515 Lucas Lane – Redlands, LLC (Exh. 33); and

- Plaintiff's deposition transcript in *Rodriguez, et. al. v. Mowbray's* (CIVDS 2003809) [the *Rodriguez* Action] dated February 15, 2023 (35).

Plaintiff provides objections to Exhibits 31-34 under separate cover, contending the documents lack foundation; are irrelevant; and under Evidence Code section 352.

The Court grants the requests for judicial notice of Exhibits 7, 8, and 31-34 as to the existence and filing or recordation of the documents, but not as to the truth of matters asserted therein. (Evid. Code, §452, subd. (d); *McElroy v. Chase Manhattan Mortgage Co.* (2005) 134 Cal.App.4th 388, 394 [court took notice of recorded documents].)

The Court denies judicial notice of Exhibit 35 (deposition transcript) as it is not a court record and not subject to judicial notice under any apparent authority.

## Evidentiary Objections

### *Plaintiff's objections to evidence filed with the moving papers.*

Plaintiff objects on various grounds to portions of the declarations of Defendant Robin, Defendant Richard, attorney Cho, and attorney Michael I. Kim submitted with the moving papers.

The Court overrules all the objections to Robin, Richard, and Kim's declarations.

Attorney Cho purports to authenticate portions the deposition transcripts of Robin, Plaintiff, and Ricky as Exhibits 25, 26, and 28, respectively. (Cho Decl., ¶¶4-5.)

However, Plaintiff correctly observes those exhibits are not provided as part of Defendant's compendium of evidence as indicated. While cover

Page **6** of **24**

1 sheets state "Exhibit 25" etc., they are followed by nothing.

2 Therefore, the Court sustains Objection Nos. 21-26 to the Cho
3 declaration.

4 Cho further seeks to authenticate Rick's deposition as Exhibit 29.
5 Paragraph 8 of Cho's declaration provides the deposition was taken on June
6 14, 2023.

7 However, the certified copy provided contains a stated date of October
8 2, 2023. While this could possibly be a typo, the Court is left without clear
9 authentication.

10 The Court sustains Objection Nos. 27 and 28 to the Cho declaration on
11 this basis.

12 The Court overrules the remaining objections to the Cho declaration.
13 ***Objections to reply materials.***

14 Defendants submitted various supplemental evidence with the reply
15 papers. Defendants also filed a response to Plaintiff's separate statement
16 with the reply.

17 Plaintiff objects to the entirety of this supplemental evidence and
18 additional separate statement because it violates Code of Civil Procedure
19 section 437c, subdivision (b)(4), which provides in pertinent part: "The reply
20 shall not include any new evidentiary matter, additional material facts, or
21 separate statement submitted with the reply and not presented in the
22 moving papers or opposing papers."

23 The Court sustains these objections to all of the material, which
24 negates any need to address individual objections to portions of the
25 supplemental evidence.

26 **Analysis**

27 Defendants' motion is supported by 46 material facts (UFs);
28 declarations of Robin, Richard, Cho, and Kim; various written discovery

Page **7** of **24**

responses; portions of Robin, Plaintiff, and Richard, and Rick's deposition transcripts; and various other documentary evidence.

The opposition is supported by 37 additional facts (PAFs); declarations of Plaintiff and Phyllis; portions of Richard and Robin's deposition testimony taken in the *Rodriguez* Action; portions of Robin, Phang, Plaintiff, and Richard's deposition testimony taken in this case; written discovery responses; and various other documentary evidence.

*Issue Nos. 1 and 2: Richard/Ricky's alter ego status.*

Defendants first ask for summary adjudication on Plaintiff's claim that Richard and Mowbray/Waterman are alter egos fails because there is no unity of interest and ownership such that separate personalities of these two Defendants exist.

In opposition, Plaintiff concedes they are not proceeding against Richard on an alter ego theory. (See, i.e., Plaintiff's Response to UF 7, 12.) Instead, Plaintiff contends it is pursuing recovery against Richard on a joint employer theory.

While Plaintiff concedes neither Mowbray nor Waterman are Richard's alter egos, it is not clear that summary adjudication is available on this issue. A party may move for summary adjudication as to a cause of action, an affirmative defense, a claim for damages, or an issue of duty. (Code Civ. Proc., §437c, subd. (f)(1).) Other issues may only be addressed pursuant to stipulation. (Code Civ. Proc., §437c, subd. (t).)

As there is no stipulation before the Court, these matters do not appear to qualify for summary adjudication.

Therefore, the Court denies summary adjudication on the alter ego issues.

Page **8** of **24**

*Issue No. 3: First cause of action – existence of oral contract.*[1]

The first cause of action alleges Defendants breached the oral contract Plaintiff reached with Rick on behalf of Mowbray on May 28, 2018 by failing to pay Plaintiff 10% of the operating profits for years 2018 through 2021. (FAC, ¶41.)

Defendants first argue there was no meeting of the minds in the oral contract with respect to how profits would be calculated. "[T]he failure to reach a meeting of the minds on all material points prevents the formation of a contract *even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract.*" (*Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 359, emphasis in original.) Defendants rely on *Sandberg v. Jacobson* (1967) 253 Cal.App.2d 663, where the plaintiffs share of profits was "not spelled out" in the instrument and "the evidence produced to fix some computable or ascertainable measure in that respect is vague and uncertain." (*Id.* at p. 669.) The Court of Appeal held the trial court was warranted as trier of fact to conclude there was no meeting of the minds on this point. (*Ibid.*)

Defendants assert during negotiation of Plaintiff's compensation package there was never an agreement to pay Plaintiff 10% of Mowbray's profits, relying on Robin's declaration and testimony, Rick's testimony, and Plaintiff's own testimony. (UF 14, 18.) Defendant argues 10% of "net operating profit" was never defined; Rick disagreed this was an agreed upon term and contended the 10% was vague; and that Gloria was the "ultimate shot caller" and never agreed. (UF 15.) This is supported by Robin's declaration and Plaintiff's testimony, although Plaintiff's cited testimony appears to be missing—see evidentiary objections above.

Plaintiff's response to this material fact is somewhat rambling and is

---

[1] The issues are addressed in the same order raised in the moving papers—which jump around quite a bit.

Page **9** of **24**

1 supported by numerous pieces of evidence. Most directly, however, Plaintiff
2 declares Phyllis took notes during the meeting with Rick. Rick saw these
3 notes and referred to them as accurate and affirmed them as recorded.
4 Those terms are as stated in the FAC, and include that Plaintiff would
5 "receive 10% of the annual net profits of MTS"…" (Ronnie Jordan Decl.,
6 ¶6.)[2] Note, however, Plaintiff declares the notes are attached as Exhibit C to
7 Defendant's compendium of evidence (¶7) but they are not so attached.[3]
8 Phyllis declares similarly. (Phyllis Jordan Decl., ¶¶2-3.) The mere fact that
9 Gloria was the "ultimate shot caller" does not demonstrate that she was
10 required to make decisions regarding Plaintiff's CEO compensation at the
11 summary adjudication stage or that Plaintiff was required to confirm with
12 her that the agreement was final. Additionally, Defendants do not establish
13 that the references to profits are too vague to enforce.

14      As part of their briefing on the same issue, Defendants argue
15 Plaintiff's course of conduct demonstrates no agreement to share profits was
16 reached. The principle of "practical construction" applies to acts performed
17 under the contract before a dispute arises. (*Warner Constr. Corp. v. L.A.*
18 (1970) 2 Cal.3d 285, 296.) "The 'construction given the contract by the acts
19 and conduct of the parties with knowledge of its terms, *before any*
20 *controversy has arisen as to its meaning*, is entitled to great weight and will,
21 when reasonable, be adopted and enforced by the court.' [Citation.]" (*Id.* at
22 pp. 296-297.)

23      Defendants observe Plaintiff continued to work for Mowbray even
24 when he was not paid the bonus to which he claims he was entitled. (UF 16,
25 17.) Yet Defendants' own material facts demonstrate that Plaintiff thought

26

27 [2] This statement does not contradict Plaintiff's deposition testimony cited by Defendants, which merely
indicated that Plaintiff later learned that Gloria did not approve of the 10% figure. (Ronnie Jordan Depo, 143:9-
28 20.)
[3] The compendium identifies exhibits by numbers rather than letters, and the notes do not appear to be among
the 35 attached exhibits.

Page **10** of **24**

1 he was entitled to the 10% bonus and continued to pursue it, preparing a
2 written memorandum that Defendants refused to sign. (UF 17, 18.)

3    Defendants therefore fail to meet their initial burden of producing
4 evidence to demonstrate that Plaintiff's own conduct demonstrated no
5 agreement was reached initially—only that Defendants refused to honor
6 what Plaintiff believed had been orally agreed to.

7    The Court denies summary adjudication of Issue No. 3.[4]
8 *Issue No. 4: First cause of action – statute of limitations.*

9    Defendants next argue the first cause of action is barred by the two-
10 year statute of limitations governing breach of oral contract claims. Code of
11 Civil Procedure section 339, subdivision (1) provides for a two year statute of
12 limitations for "an action upon a contract, obligation or liability not founded
13 upon an instrument in writing" with specified exceptions. The cause of
14 action "shall not be deemed to have accrued until the discovery of the loss or
15 damage suffered by the aggrieved party thereunder." (Code Civ. Proc., §339,
16 subd. (1).)

17    In the FAC, Plaintiff alleges operating income for June 1, 2018 to
18 December 31, 2018 was $6,522,080, to which Plaintiff was entitled to 10% or
19 $652,208. Amidst excuses about how the calculation would be made Plaintiff
20 was paid $50,000 with the promise Mowbray would continue to look into the
21 amount due. (UF 16; FAC, ¶29.) In late 2019, while having a huge year and
22 after still not receiving what he believed was the right bonus for 2018,
23 Plaintiff prepared a memorandum of the oral agreement and sent it to Rick
24 and Mowbray while he continued to work diligently in his role. (UF 17;
25 FAC, ¶31, Exh. A.)

26    Defendants therefore argue Plaintiff was aware of the breach by late

27
28
---
[4] Plaintiff raises several other arguments relating to the first cause of action, such as equitable estoppel, that the Court need not reach.

Page **11** of **24**

1 | 2019 but did not file this action until more than two years later on January
2 | 18, 2022. This argument effectively seeks judgment on the pleadings
3 | because all supporting evidence comes directly from the FAC. Yet
4 | construing the allegations liberally as required, paragraphs 29 and 31 do not
5 | clearly demonstrate when Plaintiff became aware of the breach. Clearly
6 | there was a disagreement in 2019 as to the amount due, but the allegations
7 | (particularly paragraph 29) could be construed to show that the parties were
8 | continuing to seek resolution. Furthermore, Plaintiff also alleges the oral
9 | contract was later breached again when Mowbray failed to pay amounts due
10 | for 2020 and 2021. Clearly those later breaches occurred less than two years
11 | before filing.

12 | The Court denies summary adjudication of Issue No. 4.

13 | ***Issue No. 5: Fifth cause of action for declaratory relief on written***
14 | ***agreement.***

15 | The FAC also alleges the parties subsequently signed a written
16 | agreement attached as Exhibit B. The sixth cause of action for declaratory
17 | relief alleges the written agreement is void or voidable as it was procured by
18 | fraud. Alternatively, Plaintiff alleges the written agreement contains
19 | unenforceable noncompete provisions. Plaintiff prays for a declaration that
20 | the judgment is void or voidable, and that Plaintiff may work in the same
21 | industry as Mowbray without restriction. (FAC, ¶¶78-84.)

22 | "Any person interested…under a contract…may, in cases of actual
23 | controversy relating to the legal rights and duties of the respective parties,
24 | bring an original action or cross-complaint in the superior court for a
25 | declaration of his or rights and duties…including a determination of any
26 | question of construction or validity arising under the instrument or
27 | contract…" (Code Civ. Proc., §1060.)

28 | Defendants contend Plaintiff signed the subject written agreement on

Page **12** of **24**

Case 8:24-bk-12674-SC  Doc 1448  Filed 02/13/26  Entered 02/13/26 16:03:48  Desc
Main Document    Page 352 of 385

1  or about September 16, 2020.[5] (UF 21.) Plaintiff purports to dispute this
2  fact with a long verbose response that acknowledges Plaintiff signed the
3  written agreement but contends he was "forced to sign."

4  Defendants argue there is no basis to declare the written agreement
5  void or voidable because Plaintiff signed and entered into the written
6  agreement and received the signing bonus promised therein. Defendants
7  further argue the written agreement's non-competition and confidentiality
8  provisions do not conflict with California law and there is no actual
9  controversy.

10  Since Plaintiff first alleges the agreement is unenforceable on grounds
11  of fraud, that would be the logical starting point for the discussion.
12  Nonetheless, Defendant does not address fraud in this portion of the
13  briefing. The motion for summary adjudication on the fifth cause of action
14  fails for this reason alone. Nonetheless, the merits of the arguments
15  presented are addressed.

16  Section 8.2 of the written agreement prohibits Plaintiff from engaging
17  in "prohibited Activity" during his "Employment Term." Such activity
18  broadly precludes providing services or expertise to any companies engaged
19  in the business of vegetation management. (UF 26; FAC, Exh. B.) Section
20  4.3 provides Plaintiff will receive a $250,000 signing bonus. (UF 27; FAC,
21  Exh. B.) Plaintiff testified he received the signing bonus. (UF 28; Ronnie
22  Jordan Depo, 252:18-23.) Defendants contend on or about March 22, 2023,
23  Plaintiff commenced employment with a competitor (Core Tree Care, Inc.)
24  and Mowbray's did not directly or indirectly attempt to prevent such
25  employment. (UF 29-30.)

26  Plaintiff purports to dispute most of these material facts without

27
28
[5] The copy of Exhibit B attached to the FAC provides the agreement was "made and entered into as of January
1, 2020", but the signature blocks do not specify the date of signature.

Page **13** of **24**

actually contesting them.  Instead, Plaintiff responds to most of these facts with explanations describing the fraud or other related matters.  However, Plaintiff also notes that section 8.4 of the written agreement prohibits Plaintiff from utilizing any of Defendants' trade secrets to directly or indirectly solicit customers and clients for three years after Plaintiff's employment ends.  (PAF 77; FAC, Exh. B.)

Defendants argue the cited language is enforceable and in fact is duplicative of California law that requires loyalty during employment.

"Business and Professions Code section 16600 has consistently been interpreted as invalidating any employment agreement that unreasonably interferes with an employee's ability to compete with an employer *after* his or her employment ends. (See *Muggill v. Reuben H. Donnelley Corp.* (1965) 62 Cal.2d 239, 242 [42 Cal. Rptr. 107, 398 P.2d 147].) However, the statute does not affect limitations on an employee's conduct or duties *while employed*. 'While California law does permit an employee to seek other employment and even to make some "preparations to compete" before resigning [citation], California law does not authorize an employee to transfer his loyalty to a competitor. During the term of employment, an employer is entitled to its employees' "undivided loyalty." [Citation.]' [Citations.]

*(Techno Lite, Inc. v. Emcod, LLC* (2020) 44 Cal.App.5th 462, 471.)

"Everything which an employee acquires by virtue of his employment, except the compensation which is due to him from his employer, belongs to the employer, whether acquired lawfully or unlawfully, or during or after the

Page **14** of **24**

expiration of the term of his employment." (Lab. Code, §2860.)

Absent the fraud issue, summary adjudication would still not be appropriate.

While the non-compete provision only applies during the term of the written agreement, the prohibition on contacting customers for three years is not clearly shown to be permissible and within the confines of Business and Professions Code section 16600.

Therefore, the Court denies summary adjudication as to Issue No. 5.

*Issue No. 6: First cause of action – superseding written agreement.*

Defendants next jump back to the first cause of action for breach of oral contract and allege it fails because it was superseded by the fully integrated written agreement just discussed.

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." (Civ. Code, §1625.) "It is well established that 'where there is a binding agreement, either completely or partially integrated, evidence of prior or contemporaneous agreements or negotiations is not admissible to contradict a term of the writing.' [Citation.]" (*Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1509.)

Section 16 of the written agreement contains an integration clause providing: "Entire Agreement. Unless specifically provided herein, this Agreement contains all of the understandings and representations between the Executive and the Company pertaining to the subject matter hereof and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to the subject matter…" (UF 31; FAC, Exh. B.)

The written agreement contains different bonus terms than the alleged oral agreement. (FAC, Exh. B, §4.2.) It does not call for 10% of the profits to be

Page **15** of 24

awarded to Plaintiff.

In opposition, Plaintiff argues contractual integration does not act as a bar to enforcement of the prior oral agreement where validity of the agreement is in dispute. "Where the validity of the agreement is the fact in dispute, this section does not exclude evidence related to that issue." (Code Civ. Proc., §1856, subd. (f).) "This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in Section 1860, or to explain an extrinsic ambiguity or otherwise interpret the terms of the agreement, or to establish illegality or fraud." (Code Civ. Proc., §1856, subd. (g).)

Defendant's argument here again fails because it entirely ignores the allegations of the FAC that Plaintiff's agreement to enter into the written agreement was procured by fraud. In opposition, Plaintiff provides argument and evidence in support of its claims of fraud, procedural unconscionability, and more. While a responding plaintiff may bear the burden on these issues in some other contexts (i.e., a motion to compel arbitration), on summary adjudication the moving party bears the initial burden. Because the moving papers do not address the fraud allegations set forth in the FAC with respect to the written agreement, Defendants fail to meet their initial burden here. Moreover, Defendants do not address whether the integrated agreement covered the period *before* its effective date. If not, Plaintiff could still be entitled to his 10% bonus for 2018 and 2019, before the January 1, 2020 effective date of the written agreement.

The Court denies summary adjudication as to Issue No. 6.

*Issue No. 7: Sixth cause of action for promissory estoppel – statute of limitations.*

Plaintiff's sixth cause of action alleges the oral agreement required Plaintiff diligently assist Defendants in pursuit of their operations and

Page **16** of **24**

business plan, and Plaintiff complied with this responsibility.  Plaintiff relied on the oral agreement's promise that he would be compensated as promised.  Plaintiff further alleges the doctrine of promissory estoppel prevents Defendants from asserting there was no acceptance and/or consideration for the agreement to compensate Plaintiff in accordance with the oral agreement.  Plaintiff was damaged in that he did not receive his promised 10% share of net profits.  (FAC, ¶¶86-93.)

"The statute of limitations for promissory estoppel based on oral promises is two years."

(*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2016) 6 Cal.App.5th 1207, 1224, citing Code Civ. Proc., §339, subd. (1).)

This argument and analysis effectively echo that addressing the first cause of action for breach of oral agreement.

The Court denies summary adjudication of Issue No. 7 for the same reasons.

## *Issue No. 8: Third cause of action for breach of implied covenant of good faith and fair dealing—statute of limitations.*

Plaintiff alleges Defendants breached the oral agreement by failing to provide Plaintiff's 10% profit sharing, failing to provide title to the vehicles, and failing to deliver the deed to the property. (FAC, ¶¶62-66.)  Defendants argue this claim is also barred by the two-year statute of limitations under Code of Civil Procedure section 339, subdivision (1).

The analysis is again the same, the Court denies summary adjudication of Issue No. 8 for the same reasons.

## *Issue No. 9: Third cause of action – other arguments.*

Defendant also argues the third cause of action for breach of the implied covenant of good faith and fair dealing is not viable in light of the unenforceable oral agreement and terms of the written agreement.

Page **17** of **24**

1
2
3
4
5
6
7
"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658.) "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." (*Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031.)

8
9
10
11
12
13
"If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1395.)

14
15
16
17
18
19
20
21
Defendant argues this claim is effectively duplicative of the first cause of action for breach of oral contract and seeks the same damages. In opposition, Plaintiff correctly observes the Court previously overruled a demurrer to the original complaint brought on this same basis on July 12, 2022. Notwithstanding the Court's earlier order on demurrer, the very language of this cause of action asserts that Defendants "breached the Oral agreement..." (FAC, ¶65.) This seems to be exactly the same as the first cause of action.

22
23
24
25
26
27
28
Plaintiff also argues in opposition that Defendants made misrepresentations to induce him to accept employment with Mowbray; Defendants never had any intention to uphold the oral agreement; Defendants subsequently forced Plaintiff to sign the written agreement; Gloria made Plaintiff promise never to leave Mowbray; Defendants frustrated Plaintiff's expecting to hold the CEO position by demoting him to Executive Vice President; and more. None of these assertions are pled in the

Page **18** of **24**

1  third cause of action, and even if they do not constitute a violation of the
2  implied covenant.

3      Notwithstanding the Court's previous rejection of this argument, the
4  Court treats this issue as a motion for judgment on the pleadings and grant
5  the motion. (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 412 [summary
6  judgment proceeding necessarily includes a test of the pleadings and
7  therefore also constitutes a motion for judgment on the pleadings].)
8  *Issue No. 10: Fourth cause of action for inducement to relocate by*
9  *means of misrepresentation (Lab. Code, §970).*

10     Plaintiff alleges through his fourth cause of action that Mowbray
11  through Rick made multiple misrepresentations to Plaintiff to induce him to
12  leave secure employment and his residence in Florida and relocate to San
13  Bernardino County.  Plaintiff acted in justifiable reliance on Mowbray's
14  promises by completing the move.  Mowbray knew the representations were
15  false, and could not have induced Plaintiff to relocate if it had been honest
16  about its ability and intention to pay Plaintiff 10% of net profits as promised,
17  convey title to the vehicles, and later as promised in October 2020 the deed
18  to the property.  Plaintiff was damaged by the loss of his 10% net profits,
19  title to the vehicles, and other costs.  Plaintiff further alleges he is entitled to
20  double damages pursuant to Labor Code section 973.  (FAC, ¶¶69-75.)

21     Labor Code section 970 provides:
22     No person, or agent or officer thereof, directly or indirectly,
23     shall influence, persuade, or engage  any person to change
24     from one place to another in this state or from any place
25     outside  to any place within the State, or from any place
26     within the State to any place outside, for the purpose of
27     working in any branch of labor, through or by means of
28     knowingly false representations, whether spoken, written, or

Page **19** of **24**

1

2

3

4

advertised in printed form, concerning either:

(a) The kind, character, or existence of such work;

(b) The length of time such work will last, or the

compensation therefore…

5

6

7

8

9

10

11

12

13

14

15

16

17

Defendants argue these claims fail because Plaintiff provided factually devoid discovery responses demonstrating he has insufficient evidence in support of this claim. "A defendant can satisfy its initial burden to show an absence of evidence through 'admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing' [citation], or through discovery responses that are factually devoid." (*Chavez v. Glock, Inc.* (2012) 207 Cal.App.4th 1283, 1302.) Note, however, admissions should not "be shielded from careful examination in light of the entire record." (*Mason v. Marriage & Family Ctr.* (1991) 228 Cal.App.3d 537, 546, quoting Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (1988) ¶10:84.) "A summary judgment should not be based on tacit admissions or fragmentary and equivocal concessions, which are contradicted by other credible evidence." (*Ibid.*)

18

19

20

21

22

23

24

25

26

27

Plaintiff was served with requests for admission (RFAs) asking Plaintiff to admit he had no facts to support his allegations that Mowbray knew its representations were false and used the misrepresentations to induce Plaintiff to relocate. (UF 41.) In response to corresponding form interrogatory no. 17.1 seeking facts in support of the denials, Plaintiff stated he "entered into his employment agreement on May 28, 2018 continned [sic] by contemporaneous meeting notes prepared by Phyllis on that same date. Later those same tenns [sic] were further continned [sic] by Phyllis contemporaneous notes on September 16, 2018…" (UF 42.) The responses were not changed in any supplemental responses. (UF 43.)

28

Defendants argue these contentions fail to provide facts showing

Page **20** of **24**

1  Mowbray's knew the representations were false. In response, Plaintiff first
2  disputes these facts on grounds they are irrelevant because Plaintiff denied
3  the RFAs and therefore did not admit he lacked evidence in support of the
4  subject allegations. Plaintiff further contends their initial responses were in
5  fact sufficient in light of the entire record. Plaintiff further notes he
6  produced various documents in support of these claims.

7      Taken in light of the full record, it is clear Plaintiff contends that
8  Defendants knew they did not intend to fulfill their obligations under the
9  oral contract at the time it was entered into. The question is whether
10 Plaintiff has any evidence supporting this contention. "[S]omething more
11 than nonperformance is required to prove the defendant's intent not to
12 perform his promise.' [Citations.]…[I]f plaintiff adduces no further evidence
13 of fraudulent intent than proof of nonperformance of an oral promise, he will
14 never reach a jury." (*Magpali v. Farmers Group* (1996) 48 Cal.App.4th 471,
15 481, quoting *Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30-31.)
16 Plaintiff's response to Defendants' UF 42 and 43 (as well as the related
17 argument on pages 17 and 18 of the opposition brief) are so long and
18 meandering and list so many pieces of evidence as to be of very little
19 assistance.[6] Nevertheless, Defendants' own UF 15 provides "Plaintiff
20 understood that Gloria was the ultimate shot-caller." As indicated above,
21 Plaintiff declares he understood he was entering into a binding agreement
22 when he met with Rick to the terms of his employment. (Ronnie D. Jordan
23 Decl., ¶6.) Defendants' insistence now that only Gloria had ultimate
24 authority to agree to the terms of Plaintiff's employment could support
25 Plaintiff's theory that Defendants never intended to honor the oral
26 agreement. Therefore, the Court denies summary adjudication of Issue No.
27 10.

28

---

[6] Plaintiff's response to UF 42 is supported by citations to 22 different exhibits!

Page **21** of **24**

1  *Issue No. 11: Second cause of action for promissory fraud – false*
2  *representations.*

3      In his second cause of action Plaintiff rehashes many of the allegations
4  summarized above including his recruitment from Florida; entry into the
5  oral agreement; performance leading to record profits; entry into the written
6  agreement upon false representations from Defendants and Cho; restrictions
7  of Plaintiff's powers in October 2020; etc.

8  ""Promissory fraud" is a subspecies of fraud and deceit. A promise to do
9  something necessarily implies the intention to perform; hence, where a
10  promise is made without such intention, there is an implied
11  misrepresentation of fact that may be actionable fraud. [Citations.] [P] An
12  action for promissory fraud may lie where a defendant fraudulently induces
13  the plaintiff to enter into a contract." (*Engalla v. Permanente Medical*
14  *Group, Inc.* (1997) 15 Cal.4th 951, 973-974, quoting *Lazar v. Superior Court*
15  (1996) 12 Cla.4th 631, 638.)

16      As indicated above, in order to demonstrate lack of intent to perform
17  something more than nonperformance is required. (*Tenzer, supra,* 39 Cal.3d
18  at pp. 30-31.) Defendants again argue Plaintiff's discovery responses were
19  factually devoid—the same argument asserted in immediately proceeding
20  Issue No. 10.

21      The same analysis applies, and the Court denies summary
22  adjudication as to Issue No. 11 for the same reasons.

23  **RULING**

24      The Court rules as follows:

25      As for Defendants' request for judicial notice:

26      Grant judicial notice of Exhibits 7, 8, and 31-34 as to the existence
27  of the documents and their filing/recordation but not the truth of matters
28  asserted therein; and Deny judicial notice of Exhibit 35.

Page **22** of **24**

1  Overrule all of Plaintiff's evidentiary objections to the declarations

2  of Robin Mowbray, Richard Mowbray, and Michael I. Kim filed with the

3  moving papers.

4  As for Plaintiff's evidentiary objections to the declaration of M.

5  Stephen Cho filed with the moving papers:

6  Sustain objection 21-28 on grounds the deposition transcripts cited

7  are either missing or consist of a deposition transcript with a date

8  different than that stated in Cho's declaration; and Overrule the

9  remaining objection to the Cho declaration.

10  Sustain Plaintiff's evidentiary objections to the entirety of

11  Defendant's evidence submitted with the reply papers as improper under

12  Code of Civil Procedure section 437c, subdivision (b)(4).

13  Sustain Plaintiff's objection to Defendants' additional separate

14  statement submitted with the reply papers as improper under Code of

15  Civil Procedure section 437c, subdivision (b)(4).

16  As for Defendants' motion for summary adjudication:

17  **Issue Nos. 1 and 2** - Deny summary adjudication as to the alter ego issues

18  (Richard/Mowbray and Richard/Waterman) as such is not a proper subject

19  for summary adjudication absent a stipulation. (Code Civ. Proc., §437c,

20  subds. (f)(1), (t).)

21  **Issue No. 3** – Deny.  Plaintiff raises a triable issue as to whether there was

22  an oral agreement to pay Plaintiff 10% of Mowbray's profits.  Defendants fail

23  to meet their initial burden of producing evidence to show Plaintiff's course

24  of conduct demonstrate that no agreement to share profits was ever orally

25  agreed to.  (**Evidentiary Basis**: Defendants' Material Fact Nos. 14-18 and

26  Responses Thereto; Ronnie Jordan Decl., ¶6; Phyllis Jordan Decl., ¶2.)

27  **Issue Nos. 4, 7, and 8** – Deny.  Defendants fail to meet their initial burden

28  of demonstrating the action was filed less than two years after Plaintiff

Page **23** of **24**

1  discovered his loss or damage.  (**Evidentiary Basis**: Defendants' Material
2  Fact Nos. 16, 17, 24; FAC, ¶¶29, 31.)

3  **Issue No. 5** – Deny.  Defendants fail to meet their initial burden of
4  demonstrating the written agreement between the parties was not induced
5  by fraud.  Further, Plaintiff raises a triable issue as to whether the
6  prohibition on soliciting Defendants' customers within three years after
7  employment ends violates Business and Professions Code section 16600.
8  (**Evidentiary Basis**: Plaintiffs' Additional Fact No. 77; Employment
9  Agreement, §8.4 [FAC, Exh. B].)

10  **Issue No. 6** – Deny.  Defendants fail to meet their initial burden
11  demonstrating the written agreement between the parties was not induced
12  by fraud.  (**Evidentiary Basis**: Defendants' Material Fact Nos. 21-23, 31,
13  23; Ronnie Jordan Depo, 243:21-244:15, 246:1-254:15, 249:22-250:22;
14  Employment Agreement [FAC, Exh. B].)

15  **Issue No. 9** – Treat the motion as to this issue as a motion for judgment on
16  the pleadings on the third cause of action and grant the motion.  This cause
17  of action is duplicative of the first cause of action for breach of oral contract
18  in that it merely alleges Defendants "breached the Oral Agreement" and
19  does not allege any other breach of the implied covenant of good faith and
20  fair dealing.  (FAC, ¶65.)

21  **Issue Nos. 10 and 11** – Deny.  Defendants fail to meet their initial burden
22  of producing evidence showing that Plaintiff cannot prove Defendants did
23  not intend to fulfill their obligations under the oral agreement at its
24  inception.  (**Evidentiary Basis**: Defendant's Material Fact No. 15; Robin
25  Mowbray Decl., ¶16; Ronnie Jordan Decl., ¶6.)

26  Dated:  February 10, 2026

27  Wilfred J. Schneider, Jr., Judge

28

Page **24** of **24**

# EXHIBIT II

MTS General Unsecured Creditors

| Claim # | MWP POC N | Robin POC No. | Creditor name | Date Filed | Secured/Unsecured/Partial | Amount Unsecured | % of Total Claims | Total Without Punitive Damages and Noneconomic Damages | % of Total Claims without Punitive Damages and Noneconomic Damages |
|---|---|---|---|---|---|---|---|---|---|
| 24 | | | Willscot | 10/29/2024 | Unsecured | $ 16,548.79 | 0.00690% | $ 16,548.79 | 0.021% |
| 52 | | | Marlin Leasing Corporation | 11/15/2024 | Unsecured | $ 12,563.24 | 0.00678% | $ 12,563.24 | 0.016% |
| 53 | | | O'REILLY AUTOMOTIVE STORES INC | 11/19/2024 | Unsecured | $ 11,254.65 | 0.00608% | $ 11,254.65 | 0.014% |
| 54 | | | Corporate Billing, LLC | 11/21/2024 | Unsecured | $ 711.30 | 0.00038% | $ 711.30 | 0.001% |
| 55 | | | Southern California Edison Company | 11/21/2024 | Unsecured | $ 8,778.30 | 0.00474% | $ 8,778.30 | 0.011% |
| 57 | | | Quality Equipment & Parts, Inc | 11/22/2024 | Unsecured | $ 2,963.08 | 0.00160% | $ 2,963.08 | 0.004% |
| 122 | | | Pape Machinery | 12/6/2024 | Unsecured | $ 704.68 | 0.00038% | $ 704.68 | 0.001% |
| 123 | | | PAPE TRUCKS, INC dba PAPE KENWORTH | 12/6/2024 | Unsecured | $ 2,075.37 | 0.00112% | $ 2,075.37 | 0.003% |
| 124 | | | California Turf Equipment & Supply | 12/9/2024 | Unsecured | $ 16,171.99 | 0.00873% | $ 16,171.99 | 0.021% |
| 125 | | | AmTrust North America, Inc. on behalf of | 12/10/2024 | Unsecured | $ 277,530.56 | 0.14982% | $ 277,530.56 | 0.352% |
| 132 | | | Celico Partnership d/b/a Verizon Wireless | 12/23/2024 | Unsecured | $ 3,262.64 | 0.00176% | $ 3,262.64 | 0.004% |
| 133 | | | O'REILLY AUTOMOTIVE STORES INC | 1/2/2025 | Unsecured | $ 11,254.65 | 0.00608% | $ 11,254.65 | 0.014% |
| 136 | | | PNM LLC | 1/12/2025 | Unsecured | $ 250,000.00 | 0.13498% | $ 250,000.00 | 0.317% |
| 137 | | | GUFEN HE | 1/12/2025 | Unsecured | $ 7,500,000.00 | 4.04988% | $ 7,500,000.00 | 9.516% |
| 138 | | | National Electrical Annuity Plan | 1/17/2025 | Unsecured | $ 9,981.96 | 0.00539% | $ 9,981.96 | 0.013% |
| 140 | | | Fleet Services Inc | 1/21/2025 | Unsecured | $ 427.22 | 0.00023% | $ 427.22 | 0.001% |
| 141 | | | American Contractors Indemnity Company | 1/28/2025 | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| 142 | | | Florida Department of Revenue | 2/5/2025 | Unsecured | $ 14.00 | 0.00001% | $ 14.00 | 0.000% |
| 143 | 7 | 10 | Jaime Rodriguez, et al. | 2/7/2025 | Unsecured | $ 91,269,853.20 | 49.27205% | $ 9,769,853.20 | 12.396% |
| 144 | | | Albach Finanz AG | 2/19/2025 | Unsecured | $ 10,500.00 | 0.00567% | $ 10,500.00 | 0.013% |
| 147 | | | Berkshire Hathaway Homestate Insurance Company | 2/19/2025 | Unsecured | $ 693,602.32 | 0.37444% | $ 693,602.32 | 0.880% |
| 148 | 4 | 8 | Ronnie D. Jordan | 4/30/2025 | Unsecured | $ 63,833,202.00 | 34.46037% | $ 38,908,502.00 | 49.369% |
| 150 | | | BRIAN AMBRIZ | 2/20/2025 | Unsecured | $ 200,000.00 | 0.10797% | $ 200,000.00 | 0.254% |
| 151 | | | MARTIN VALDOVINOS BRAVO | 2/20/2025 | Unsecured | $ 200,000.00 | 0.10797% | $ 200,000.00 | 0.254% |
| 152 | | | ERASMO AMBRIZ ORTEGA | 2/20/2025 | Unsecured | $ 200,000.00 | 0.10797% | $ 200,000.00 | 0.254% |
| 153 | | | ERASMO AMBRIZ ORTEGA | 2/20/2025 | Unsecured | $ 1,000,000.00 | 0.53985% | $ 1,000,000.00 | 1.269% |
| 154 | | | ERASMO AMBRIZ ORTEGA | 2/20/2025 | Unsecured | $ 500,000.00 | 0.26993% | $ 500,000.00 | 0.634% |
| 155 | | | Pamela Metcalf-Kurelis | 2/20/2025 | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| 156 | | | Pattiwerl, National Association | 2/20/2025 | Unsecured | $ 627,986.57 | 0.33902% | $ 627,986.57 | 0.797% |
| 157 | | | Pattiwerl, National Association | 2/20/2025 | Unsecured | $ 311,383.21 | 0.16810% | $ 311,383.21 | 0.395% |
| 158 | | | Flexible Funding Ltd. Liability Co. | 2/20/2025 | Unsecured | $ 18,000,000.00 | 9.71730% | $ 18,000,000.00 | 22.839% |
| 160 | | | Roger Cummings | 2/20/2025 | Unsecured | $ 150,000.00 | 0.08096% | $ 150,000.00 | 0.190% |
| 162 | | | South Coast A.Q.M.D. | 4/11/2025 | Unsecured | $ 1,830.00 | 0.00099% | $ 1,830.00 | 0.002% |
| 163 | | | U.S. Bank NA dba U.S. Bank Equipment Finance | 5/2/2025 | Unsecured | $ 87,846.09 | 0.04742% | $ 87,846.09 | 0.111% |
| 164 | | | Rick S Reformado | 6/4/2025 | Unsecured | $ 21,120.00 | 0.01140% | $ 21,120.00 | 0.027% |
| 166 | | | Jarratt Industries LLC | 1/20/2026 | Unsecured | $ 4,987.30 | 0.00269% | $ 4,987.30 | 0.006% |
| No POC Filed | | | Andriana Varela Gomez | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Ashok Chugh | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | BurrFreres Business System | N/A | Unsecured | $ 8,054.86 | 0.00435% | $ 8,054.86 | 0.010% |
| No POC Filed | | | Carlos Manroquin | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | City of Los Angeles Parking and Violation Bureau | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Clara Navarrete Santiaguin | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Elizabeth Keenan | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Edgard Gomez | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Eric Taylor | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Fastrak Violation Processing Dept | N/A | Unsecured | $ 1,370.15 | 0.00074% | $ 1,370.15 | 0.002% |
| No POC Filed | | | Florida Department of Transportation | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Florida Farm Bureau General Ins. | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Florida Department of  Hwy Safety and Motor | N/A | Unsecured | $ 15.42 | 0.00001% | $ 15.42 | 0.000% |
| No POC Filed | | | John K. Trotter, TTEE | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Juan Manroquin | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Julia and James Philippsen | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Kansas Turnpike Authority | N/A | Unsecured | $ 343.00 | 0.00019% | $ 343.00 | 0.000% |
| No POC Filed | | | Kenneth Dotson | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |
| No POC Filed | | | Laura Mendez | N/A | Unsecured | $ - | 0.00000% | $ - | 0.000% |

MTS General Unsecured Creditors

| | A | B | C | D | E | F | G | | H | I | | J |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 57 | No POC Filed | | | Linebarger Goggan Blair & Sampson | N/A | Unsecured | 360.00 | $ | 0.00019% | 360.00 | $ | 0.000% |
| 58 | No POC Filed | | | Mobile Mini- William Scotsman | N/A | Unsecured | 8,389.54 | $ | 0.00453% | 8,389.54 | $ | 0.011% |
| 59 | No POC Filed | | | North Texas Tollway Authority | N/A | Unsecured | 177.20 | $ | 0.00010% | 177.20 | $ | 0.000% |
| 60 | No POC Filed | | | Oklahoma Turnpike Authority | N/A | Unsecured | - | $ | 0.00000% | - | $ | 0.000% |
| 61 | No POC Filed | | | Peerless Network | N/A | Unsecured | 38,597.46 | $ | 0.02084% | 38,597.46 | $ | 0.049% |
| 62 | No POC Filed | | | Vestis | N/A | Unsecured | 3,295.43 | $ | 0.00178% | 3,295.43 | $ | 0.004% |
| 63 | No POC Filed | | | Wilmer Shive Bojorquez Alverez | N/A | Unsecured | - | $ | 0.00000% | - | $ | 0.000% |
| 64 | | | | | | TOTAL | 185,297,156.18 | $ | 100% | 78,872,456.18 | $ | 100% |

Page 2 of 2

EXHIBIT II                                              Page 2 of 4

Robin E. Mowbray General Unsecured Creditors

| Claim # | MTS POC No. | MWP POC No. | Creditor name | Date filed | Secured/Unsecured/Partial | % of Total Claims | % of Total Claims2 | Without Punitive Damages and Noneconomic Damages | % of Total Claims without Punitive Damages and Noneconomic Damages |
|---|---|---|---|---|---|---|---|---|---|
| 2 | | | ALTA VISTA CREDIT UNION | 3/3/2025 | Unsecured | $ 3,084.69 | 0.00481% | $ 3,084.69 | 0.01% |
| 3 | | | American Express National Bank | 3/21/2025 | Unsecured | $ 24,513.70 | 0.03826% | $ 24,513.70 | 0.06% |
| 4 | | 37 | Internal Revenue Service | 3/27/2025 | Unsecured | $ 180,000.00 | 0.28093% | $ 180,000.00 | 0.46% |
| 5 | | | American Express National Bank | 4/4/2025 | Unsecured | $ 24,088.76 | 0.03760% | $ 24,088.76 | 0.06% |
| 6 | | | Quantum3 Group LLC as agent for | 4/22/2025 | Unsecured | $ 3,104.27 | 0.00484% | $ 3,104.27 | 0.01% |
| 7 | | | Quantum3 Group LLC as agent for | 4/22/2025 | Unsecured | $ 757.58 | 0.00118% | $ 757.58 | 0.00% |
| 8 | | 148 | Ronnie Jordan | 7/31/2025 | Unsecured | $ 63,833,202.00 | 99.62522% | $ 38,908,502.00 | 99.39% |
| 9 | | | Synchrony Bank | 7/9/2025 | Unsecured | $ 4,582.40 | 0.00715% | $ 4,582.40 | 0.01% |
| 11 | | | The Original Mowbray's Tree Service, Inc. | 7/14/2025 | Unsecured | $ - | 0.00000% | $ - | 0.00% |
| 12 | | | PNC Bank, N.A. | 7/14/2025 | Unsecured | $ - | 0.00000% | $ - | 0.00% |
| No POC Filed | | | Planet Fitness | N/A | Unsecured | $ - | | $ - | 0.00% |
| | | | TOTAL | | | $ 64,073,333.40 | 100.00000% | $ 39,148,633.40 | 100.00% |

EXHIBIT II

MWP General Unsecured Creditors

| Claim # | MTS POC No. | Robin POC No. | Creditor name | Date filed | Secured/Unsecured/P | Amount Unsecured | % of Total Claims | Total Without Punitive Damages and Noneconomic Damages | % of Total Claims without Punitive Damages |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 37 | 4 | Internal Revenue Service | 4/3/2025 | Unsecured | $ 300.00 | 0.00% | $ 300.00 | 0.00% |
| 4 | 148 | 8 | Ronnie D Jordan | 7/31/2025 | Unsecured | $ 63,833,202.00 | 100.000% | $ 38,908,502.00 | 99.999% |
| 8 | | 11 | The Original Mowbray's Tree Service, Inc. | 7/14/2025 | Unsecured | $ - | 0.00 | 0.00 | 0.00 |
| 9 | | 12 | PNC Bank, N.A. | 7/14/2025 | Unsecured | $ - | 0.00 | 0.00 | 0.00 |
| No POC Filed | | | Pino Tree Service Inc. | N/A | Unsecured | $ - | 0.000% | $ - | 0.000% |
| | | | | | TOTAL | $ 63,833,502.00 | 100% | $ 38,908,802.00 | 100% |

Page 1 of 2

EXHIBIT II                                                                 Page 4 of 4

# EXHIBIT JJ

 Outlook

---

## Re: In re: Jordan, Ronnie

---

**From** Charity Manee <cmanee@goeforlaw.com>

**Date** Fri 1/23/2026 1:55 PM

**To** Ahren Tiller <ahren.tiller@blc-sd.com>

**Cc** Brett Bodie <brett.bodie@blc-sd.com>; Rob Goe <rgoe@goeforlaw.com>; Janine Fountain <jfountain@goeforlaw.com>; Kerry Murphy <kmurphy@goeforlaw.com>; Kenneth Catanzarite <kcatanzarite@catanzarite.com>; Jeffrey Broker (jbroker@brokerlaw.biz) <jbroker@brokerlaw.biz>; Robert S. Marticello <rmarticello@raineslaw.com>; Roye Zur <rzur@elkinskalt.com>

Messrs. Tiller, Marticello and Zur,

As is evident from Mr. Tiller's email below on which Mr. Tiller has copied you, on behalf of creditors Rodriguez and Gomez, Mr. Tiller is asserting there is a common/joint interest privilege under the broader umbrella of the work product doctrine. We do not believe his clients nor any of the debtors have properly and timely asserted such a privilege (thereby waiving any such privilege), or that it would apply in the event of a timely assertion within the context of the contested matter at issue. It appears we will need to file a motion to compel. Please state the positions of the debtors in possession as to whether they join in the contention that a joint/common interest privilege applies to your communications with Mr. Tiller so that we can provide as many pertinent facts as possible to the Court.

In response to Mr. Tiller's email /information shared:

Can you please identify the proceeding(s) with regard to which you are asserting the common interest/joint litigation privilege? This is not specified in your log but should be in it as it is defective without this information. Also, we are going to need your privilege log in a font that is legible for purposes of filing it as an exhibit. I can zoom in to read it but we need it in an appropriate font size for the Court. Since you haven't produced the communications in the log, you could delete the Bates columns to help increase the font to an appropriate size.

As for the Indiana case you cite, that out of circuit case is distinguishable because the parties with a common interest were a trustee and chairperson of a creditor's committee which as the case notes, both held fiduciary duties to the estate to maximize assets (unlike Mr. Rodriguez and Ms. Gomez). That was also the fact pattern of the California case discussed/relied upon in the Indiana case. Additionally, the work product privilege does not apply to non-parties in the first instance, such as Mr. Rodriguez and Ms. Gomez. See e.g., United States v. Graham, 555 F. Supp. 2d 1046, 1049-1050 (N.D. Cal. 2008)

> For the following reasons, the Court disagrees. First, *Hickman* did not address the application of the work-product doctrine to non-parties. Second, the Ninth Circuit has not recognized the possibility that the federal common law may permit the application of the doctrine to the work product of non-parties. The Ninth Circuit in *In re California Public Utilities Commission,* 892 F.2d 778 (9th Cir. 1989), held that HN4 the work-product doctrine of Rule 26(b)(3), "on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought," *id.* at 781; *see also San Francisco Bay Area Rapid Transit Dist. v. Spencer,* 2006 U.S. Dist. LEXIS 73140, 2006 WL 2734284, *2-3 (N.D. Cal. Sept. 25, 2006);

[**9] 6-26 Moore's Federal Practice, § 26.70[4] (3d ed. 2007) ("if the document is prepared for a nonparty to the litigation, work product protection does not apply, even if the nonparty is a party to closely related litigation."). In so holding, the Ninth Circuit specifically noted that "some courts have extended the work product privilege outside the literal bounds of the rule," but declined to do so. *In re CPUC,* 892 F.2d at 781. The court also considered and rejected the argument, raised by the non-party asserting the privilege, that "the policy behind Rule 26(b)(3) requires that the materials in question be protected from discovery [because] disclosure here would defeat the key purpose of the rule, which is to safeguard the attorney-client relationship by enabling attorneys to record their thoughts and advice candidly and completely." *Id.* This argument, that the policy behind Rule 26(b)(3) is broader than the plain language of the rule and that non-parties should therefore warrant work-product protection, is essentially the argument raised by USADA here regarding the broader outlines of the federal common law work-product doctrine. 2 Given the full consideration provided by the Ninth [**10] Circuit, the Ninth Circuit's failure to recognize a federal common law work-product doctrine, and the Court's hesitancy to expand the doctrine, *see United States v. Nixon,* 418 U.S. 683, 710, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974) (explaining that HN5 privileges are "exceptions to the demand for every man's evidence [and as such] are not lightly created nor expansively construed, for they are in derogation of the search for truth"), the Court declines to create a new rule expanding the work-product doctrine to cover non-parties.

Id.

If you have caselaw that has found a common/joint interest privilege to exist between a creditor of a bankruptcy estate and the bankruptcy estate fiduciary, we are willing to consider it before proceeding with a motion if you can supply the same by Monday. Also, if you have any authority contrary to *US v Graham* above and its discussion of the 9th Circuit's non-application of the work product doctrine to non-parties, I will review that as well. Short of any such authorities, we will be moving to compel.

Finally, I am not clear based on your email below whether your clients are withholding documents beyond those specified in the privilege log. If they are not, please provide amended responses that reflect as much. If they are so withholding or you do not amend, we will assume they are standing on those objections, that they are relevant, and will address them in our discovery stipulation and ask the Court to compel all withheld documents over the other objections stated for the reasons laid out in our initial letter and discussed during our call last week (e.g., boilerplate objections resulting in waivers, non-applicability of objections). We reserve all other challenges to the sufficiency/completeness of the privilege log produced last night. I am dealing with a transitory illness and assuming it doesn't worsen, I expect I will be circulating the discovery dispute stipulation Monday.

Thank you,
Charity



**Charity Manee | Partner**
**Goe Forsythe & Hodges LLP**

17701 Cowan Avenue, Suite 210 (Lobby D) | Irvine, CA 92614
Office (949) 798-2460 | Fax (949) 955-9437
cmanee@goeforlaw.com | www.goeforlaw.com

---

**From:** Ahren Tiller <ahren.tiller@blc-sd.com>
**Sent:** Thursday, January 22, 2026 8:42 PM
**To:** Charity Manee <cmanee@goeforlaw.com>
**Cc:** Brett Bodie <brett.bodie@blc-sd.com>; Rob Goe <rgoe@goeforlaw.com>; Janine Fountain
<jfountain@goeforlaw.com>; Kerry Murphy <kmurphy@goeforlaw.com>; Kenneth Catanzarite
<kcatanzarite@catanzarite.com>; Jeffrey Broker (jbroker@brokerlaw.biz) <jbroker@brokerlaw.biz>; Robert S.
Marticello <rmarticello@raineslaw.com>; Roye Zur <rzur@elkinskalt.com>
**Subject:** Re: In re: Jordan, Ronnie

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless
> you recognize the sender and know the content is safe.

Ms. Manee,

We were working on the privilege log, and have just finished. The technical issue is with Gmail (our
email server), and having trouble separating the way in which the internal emails are left on a chain
with emails with outside Parties. For example, we have been attempting to provide you emails with
the Examiner and Mr. Fife, which we do not assert as privileged and/or subject to the Attorney Work
Product Doctrine, but Gmail is including interoffice (*i.e.*, associate to associate emails on said same
email chain), so we are seeking assistance from our IT specialist, and merely redacted emails on the
chain to expedite our responses. As you will see from the attached, there are certain emails that are
repeated on the chain and are between my office's staff, which we could not remove from the chain,
because we are having difficulty isolating certain emails sent only to the Examiner from our interoffice
emails because of the way Gmail is including the entire chain as one document.

We staunchly dispute your characterization of our responses as a "delay tactic," as we have diligently
and promptly responded to Mr. Jordan's voluminous document requests sent to my Client, a third-
party non-debtor / party / creditor via the subject subpoenas. As you may recall, we originally drafted
a Motion to Quash Mr. Jordan's Subpoena, but after meaningful efforts to meet and confer, your
Client, Mr. Jordan agreed to much narrower requests, to which we provided 2,135 pages of responsive
documents on December 1, 2025.

Over a month after we sent said responses, very recently, your office sent the following meet and
confer letter, claiming our 2,135 pages of documents were deficient, therefore in response at our last
meet and confer conference we agreed to review the thousands of emails sent/received on this case
with the Examiner and Mr. Marticello and Mr. Zure, in order to provide you a privilege log of all emails
sent to / from the Debtors' Counsels that we claimed were being withheld from disclosure under the
Attorney Work-Product Doctrine. As set forth in our objections, the case law is clear, in that the
Debtor's Counsel and Rodriguez' Counsel have a "unity of interest," in that we have joined in multiple
adversary motions against Mr. Jordan, have prepared declarations in support of the Debtors' Counsels'
Motions to subordinate Mr. Jordan's Claim and/or impose sanctions for violating the exclusivity period
by filing a competing plan, and objecting to his Proof of Claim, etc. In sum, Mr. Jordan is in active
litigation with the Debtors (MWP, Robin Mowbray, and MTS) and our client, Jaime Rodriguez and Ana
Lidia Gomez have joined and possess a common goal of defeating Mr. Jordan in this active litigation.
Therefore, it is totally improper to demand to read emails between our offices that were prepared in
anticipation and in the furtherance of said litigation.

As explained, "[T]he common interest privilege also applies to attorney work product. See, *e.g., Costello v. Poisella,* 291 F.R.D. 224, 231 (N.D. Ill. 2013) (noting the common interest doctrine also applies to attorney work product). The work product doctrine, announced in *Hickman v. Taylor,* 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). ... Opinion work product is comprised of an attorney's "mental impressions, conclusions, opinions, or legal theories," See Fed. R. Civ. P. 26(b)(3)(A) & (B).

See *Integra Bank Corp. v. Fid. & Deposit Co.,* No. 3:11-cv-00019-RLY-WGH, 2014 U.S. Dist. LEXIS 3041, at *13-14 (S.D. Ind. Jan. 10, 2014) ("The emails at issue are covered under the work product doctrine as extended by the common interest doctrine. As noted above, the emails were sent by the Trustee to Rifkin, and they communicated confidential information the Trustee had discovered concerning alleged payments from Pearlman to Harrington. The parties shared a common legal interest in maximizing Pearlman's bankruptcy estate through, inter alia, the filing of a possible adversary claim based on those payments. The Trustee ultimately did file such a proceeding seven months later.").

Similar to the circumstances in *Integra Bank v. Fidelity & Deposit*, the emails exchanged between Mr. Marticello and my office constitute opinion work product, in which we have strategized and discussed various approaches to addressing Mr. Jordan's specious proof of claim, his improper competing plan, as well as his motion to disallow our claim and oppose substantive consolidation claiming MWP and MTS are not alter egos of one another—while he contradictorily asserts in his First Amended Complaint that Mowbray Waterman Property is an alter ego of the Debtor, MTS. In summary, these emails bear no relevance to the present proceedings, as they represent inadmissible hearsay between counsel; accordingly, the sole purpose of Mr. Jordan's demand for such emails is to improperly obtain insight into opposing counsel's strategies and perspectives, thereby securing an unfair advantage in the forthcoming litigation.

Therefore, we stand by our objections (please see the attached privilege log), as well as a supplemental production of emails which pre-date our unity of interest, which do not contain strategies and/or mental impressions of our firms' attorneys while preparing for litigation against Mr. Jordan.

See attached.   Please advise if you would like to set up a call to discuss this further, as I believe our supplemental production, along with the attached privilege log, and the supporting case law should finally resolve this issue once and for all.

Sincerely,

*Ahren A. Tiller, Esq.*
Supervising Attorney
Bankruptcy Law Specialist
CA State Bar Board of Legal Specialization
Business Bankruptcy Law Specialist, &
Consumer Bankruptcy Law Specialist
American Board of Certification
Real Estate Broker - CA BRE # 01920711

**BLC Law Center, APC**

1230 Columbia St. Suite 1100
San Diego, CA 92101
Ph: 619-894-8831
Fax: 866-444-7026
www.blc-sd.com


**San Diego - Vista - Orange County - Los Angeles - Encino - Ventura**

     

CONFIDENTIALITY NOTICE:  This email is a confidential communication between the sender and the intended recipient(s).  Any inadvertent disclosure is not a waiver of privilege.  See *Chrysler Corp. v. Sheridan* 2001 WL 773099.

On Thu, Jan 22, 2026 at 10:14 AM Charity Manee <cmanee@goeforlaw.com> wrote:

Brett,

Please explain exactly what is happening that is preventing searching or compiling records for purposes of supplemental production or privilege log creation or otherwise and what is being done on the resolution front. From our vantage point, a vague assertion of IT issues appears to be a delay tactic given that a simple search of emails by the attorneys on the communications would probably suffice given the time frame, scope and likely relatively small number of communications. I am assuming you and Mr. Tiller's email accounts are functioning as normal, given this exchange.

Given the time constraints we face, the time that has elapsed since we first began this process, and the fact that the initial subpoena response should have disclosed basic document withholding information, we will be preparing the discovery dispute stipulation and requesting the zoom hearing for dispute resolution. From our meeting and conferral, it sounded like we would need the Judge's ruling in any event, given your and Mr. Tiller's explanation that documents are being withheld on account of a newly asserted joint interest/common interest privilege assertion. (On that point, we have not received any Ps and As your side mentioned sending during our call).

I should be able to circulate the discovery dispute stipulation by tomorrow, which will largely mirror the meeting and conferral letter we sent.

Best regards,
Charity



**Charity Manee | Partner**

**Goe Forsythe & Hodges LLP**

17701 Cowan Avenue, Suite 210 (Lobby D) | Irvine, CA 92614

Office (949) 798-2460 | Fax (949) 955-9437

cmanee@goeforlaw.com | www.goeforlaw.com

___

**From:** Brett Bodie <brett.bodie@blc-sd.com>

**Sent:** Tuesday, January 20, 2026 3:16 PM

**To:** Rob Goe <rgoe@goeforlaw.com>

**Cc:** Ahren Tiller <ahren.tiller@blc-sd.com>; Janine Fountain <jfountain@goeforlaw.com>; Charity Manee <cmanee@goeforlaw.com>; Kerry Murphy <kmurphy@goeforlaw.com>; Kenneth Catanzarite <kcatanzarite@catanzarite.com>; Jeffrey Broker (jbroker@brokerlaw.biz) <jbroker@brokerlaw.biz>

**Subject:** Re: In re: Jordan, Ronnie

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Charity,

I apologize but we've run into some IT issues with producing supplemental documents (emails) and the privilege log.   Our IT guy is working on the issue but we won't have it ready until probably Monday 1/26. I'll let you know if we're able to get it resolved sooner.

___

Brett F. Bodie, Esq.
Attorney
BLC Law Center, APC
619-894-8831

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.  If this communication contains any settlement communication, it is confidential, prohibited from disclosure and inadmissible - FRE 408 and/or Cal Evid C 1152.

On Tue, Jan 13, 2026 at 1:31 PM Brett Bodie <brett.bodie@blc-sd.com> wrote:
   Sounds good, we will talk then.

   Thank you,

   ___

   Brett F. Bodie, Esq.
   Attorney
   BLC Law Center, APC
   619-894-8831

   This email may contain confidential or privileged information. It is intended solely for the intended recipient and its disclosure is prohibited.

On Tue, Jan 13, 2026 at 10:33 AM Rob Goe <rgoe@goeforlaw.com> wrote:

Brett thanks for response-I will set up a zoom for WED at 1:30



**Robert P. Goe | Partner**
**Certified Bankruptcy Specialist**
**Goe Forsythe & Hodges LLP**
17701 Cowan Avenue, Suite 210 (Lobby D) | Irvine, CA 92614
Office (949) 798-2460 | Cell (949) 283-1501 | Fax (949) 955-9437
rgoe@goeforlaw.com | www.goeforlaw.com



---

**From:** Brett Bodie <brett.bodie@blc-sd.com>
**Sent:** Tuesday, January 13, 2026 9:59 AM
**To:** Ahren Tiller <ahren.tiller@blc-sd.com>; Janine Fountain <jfountain@goeforlaw.com>; Rob Goe <rgoe@goeforlaw.com>; Charity Manee <cmanee@goeforlaw.com>
**Subject:** Re: In re: Jordan, Ronnie

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments
> unless you recognize the sender and know the content is safe.

Mr. Fountain,

We are available to meet and confer the following dates:
Today 10:30am - 1:30 pm
Tomorrow 9am - 1:30 pm
Thursday 9am or 1:30 pm

If none of those work, we can look at times after the 15th if you are willing to extend the 7 day requirement under the local rules.
___
Brett F. Bodie, Esq.
Attorney
BLC Law Center, APC
619-894-8831

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.  If this communication contains any settlement communication, it is confidential, prohibited from disclosure and inadmissible - FRE 408 and/or Cal Evid C 1152.

From: **Janine Fountain** <jfountain@goeforlaw.com>
Date: Thu, Jan 8, 2026 at 3:06 PM
Subject: In re: Jordan, Ronnie
To: ahren.tiller@blc-sd.com <ahren.tiller@blc-sd.com>
CC: Rob Goe <rgoe@goeforlaw.com>, Charity Manee <cmanee@goeforlaw.com>

Dear Mr. Tiller,

Attached please find correspondence regarding Demand to Meet and Confer in Contemplation of Motion to Compel and for Other Relief Re "Jamie Rodriguez's Responses and Objections to Subpoena to Produce Documents, served by Ronnie Jordan.

Thank you,



Janine Fountain | Paralegal, and Trustee Case Administrator
**Goe Forsythe & Hodges LLP**
17701 Cowan Avenue, Suite 210 (Lobby D) | Irvine, CA 92614
Office (949) 798-2460 | Fax (949) 955-9437
jfountain@goeforlaw.com | www.goeforlaw.com

---

**PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION**
*This entire e-mail and its attachments are covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and is legally privileged. Do NOT Forward This Message.*

*This message originates from the law firm of Goe Forsythe & Hodges LLP. The information contained herein is intended for the personal and confidential use of the recipient(s) named above. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this communication or its attachments is strictly prohibited by law and is subject to criminal and civil penalties. All personal messages express solely the sender's views and not those of Goe Forsythe & Hodges LLP.*
*ANY TAX ADVICE CONTAINED IN THE BODY OF THIS E-MAIL WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE RECIPIENT FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER THE INTERNAL REVENUE CODE OR APPLICABLE STATE OR LOCAL TAX LAW PROVISIONS.*
Please take into consideration the environment before printing this email...save a Tree.

# EXHIBIT KK

Armory Consulting Co.
3943 Irvine Blvd., Suite #253
Irvine, CA 92602
jwong@armoryconsulting.com

*VIA EMAIL:*
kcatanzarite@catanzarite.com

February 13, 2026

Mr. Ronnie Jordan
c/o Catanzarite Law Corp.
2331 W. Lincoln Ave.
Anaheim, CA  92801-5102

Re: Expert Witness Services

Messrs. Jordan and Catanzarite:

Below is my supplemental report pursuant to our engagement letter dated October 31, 2025 (the "Supplemental Report").

**SUPPLEMENTAL ARMORY REPORT**

**I. ROLE, QUALIFICATIONS, AND LIMITED PURPOSE OF SUPPLEMENT**

I am an experienced Chief Restructuring Officer and finance executive. In that capacity, I have firsthand knowledge of fiduciary duties relating to bankruptcy estates and responsibilities that include evaluating restructuring alternatives, assessing the economic impact of proposed plan structures, reviewing creditor composition, and analyzing the feasibility and economic justification of substantive consolidation and other restructuring mechanisms.

I previously submitted a declaration in these cases, and Armory prepared a financial and restructuring analysis in support thereof (the "Armory Report"). This supplemental declaration is not intended to revise or supersede those prior submissions. Rather, it is submitted solely to address developments in the record that occurred after the filing of the prior declaration and the Armory Report, and which materially affect the economic analysis of substantive consolidation and plan feasibility.

The opinions expressed herein are limited to economic, accounting, and restructuring considerations based on my review of the Debtors' publicly available information, including, but not limited to the numerous pleadings filed in the Debtors' bankruptcy cases, the claims registers, the Court's orders, the most recent Monthly Operating Reports ("MORs"), my attendance and information obtained at the Deposition of Brian Weiss, and the financial projections filed in these cases.  I do not offer legal opinions and do not opine on the merits, enforceability, or ultimate allowance of any claim.

Page 1 of 5

Importantly, however, while decisions regarding bankruptcy filings necessarily rely upon opinions from legal counsel, said decisions are, ultimately, strategic business decisions spearheaded by the Chief Restructuring Officer ("CRO") or senior management (often with Board approval). As such, my qualification to provide opinions in these cases is justified by my many years of experience in the fiduciary role as a CRO.

## II. EFFECT OF JANUARY 27, 2026 CLAIM DISALLOWANCE ORDER ON CREDITOR STRUCTURE

On January 27, 2026, the Court entered its Order Sustaining Objections to Claims 7-1 and 10-1 [Dkt. 1413], disallowing the claims asserted by the Rodriguez Creditors in the bankruptcy cases of Mowbray Waterman Property, LLC ("MWP") and Robin Elaine Mowbray ("Robin").

As a result of that Order, the Rodriguez claims no longer constitute enforceable creditor claims in the MWP or Robin bankruptcy estates. From an economic and restructuring perspective, this materially alters the unsecured creditor composition of those bankruptcy estates. In evaluating restructuring alternatives, creditor composition is a critical input because it informs reliance, distributional expectations, and the economic justification for consolidation or other value-shifting mechanisms.

## III. ECONOMIC APPLICATION OF BONHAM PRONG ONE FOLLOWING DKT. 1413

Substantive consolidation is typically evaluated, in part, by reference to whether creditors dealt with the relevant entities as a single economic unit and did not rely on their separate identities. This inquiry, while grounded in legal standards, has an important economic component relating to creditor behavior, reliance, and expectations.

Based on my review of the remaining claims, creditor relationships, and accounting records of the MWP and Robin bankruptcy estates, and in light of the Court's disallowance of the Rodriguez claims, I am not aware of any creditor constituency that relied upon MWP or Robin as part of a consolidated enterprise with MTS. The remaining unsecured creditor structure does not reflect reliance on pooled assets or a unified economic identity.

Importantly, it is my opinion that Jordan viewed MTS and MWP "as one company" solely for purposes of his joint employment roles, NOT as a creditor. A fiduciary may hold dual perspectives of a business operations: as a business manager, business affiliates such as MTS and MWP, are often managed on a day-to-day basis as if they are one unit. Examples include hosting staff meetings, addressing human resources issues, working on maintenance issues, and a number of other tasks specific to the business operations. On the other hand, the same fiduciary understands that such affiliates are separate legal entities from a legal and financial perspective, such as obtaining loans, signing contracts, leasing office equipment, and allocating costs. This dichotomy between overseeing operations as a single unit and administering the legal framework as separate units is not uncommon amongst business managers.

From an economic and restructuring standpoint, the first Bonham factor is therefore not satisfied under the current creditor landscape.

EXHIBIT KK

## IV. ECONOMIC EFFECT OF SUBSTANTIVE CONSOLIDATION POST-ORDER

Following the disallowance of the Rodriguez claims, substantive consolidation would no longer function to remedy creditor reliance, accounting entanglement, or creditor confusion. Instead, consolidation would operate primarily to reallocate value from the MWP and Robin estates to other estates and creditor groups that did not rely on those entities as part of a single economic unit.

MWP's and MTS's MORs all contain separate QuickBooks-type bookkeeping reports and separate PNC Bank's corporate bank account statements.  This further evidences complete absence of Bonham's prong 2 inextricable entanglement between MWP and MTS.

From a restructuring perspective, substantive consolidation under these circumstances would not address a structural or economic deficiency, but would instead alter the distribution of value among creditors and estates. Based on my review, I do not identify an economic restructuring rationale for substantive consolidation under the current facts.

## V. REVIEW OF MOST RECENT MONTHLY OPERATING REPORTS AND COMPARISON TO PROJECTIONS

I have reviewed the MORs filed for the reporting period ending December 31, 2025, including the MOR filed at Docket 1417, as well as the financial projections previously filed for MTS and its wholly-owned subsidiary, Pino Tree Service ("PTS").

The December 2025 MOR reflects operating income levels that are modestly below the levels projected in the financial projections. At the same time, restructuring-related expenses incurred during the period are lower than those assumed in the projections.  Debtor's conclusory claim that 2025 financial results are ahead of projections is misleading.  (Docket 1435, p. 70)

In my review of operating results as measured by MTS, the 2025 calendar year earnings before interest, taxes, depreciation and amortization ("EBITDA"), and before restructuring costs and other non-recurring items is $2,825,187, per Docket 1417, page 34.  MTS's projected 2025 EBITDA before restructuring costs and other non-recurring items is $3,487,350. (Total Revenue of $21,222,475 less Operating Expenses of $17,648,522 as further adjusted by a projected $86,603 Gain on Disposal of Assets, per Docket 892, page 6.) The actual EBITDA of $2,825,187 is about 19% below that of the projected EBITDA of $3,487,350. As such, I conclude that 2025 "financial results" are behind projections.

Debtor, in contrast, must necessarily include lower than projected Restructuring Costs and higher than projected Gain on Disposal of Assets to conclude that financial results are "ahead" of projections.  This assumes that disposal of assets does not somehow impair MTS's ability to maintain the projected level of revenue and profitability.

This dynamic does not eliminate the variance between projected and actual operating performance. Instead, it indicates that the projections' operating assumptions have not been fully realized to date, and that lower restructuring costs are masking, rather than curing, the operating

shortfall. This dynamic raises further doubt as to the feasibility of the Plan, with or without substantive consolidation.

The Plan's financial projections (Docket 892) already extends the time frame needed to satisfy promises to the general unsecured creditors to a nine-year stretch. Any additional strain on operating profits, as evidenced by the 2025 financial results, could further extend the payout far beyond the already unreasonable nine-year timeframe.

Neither substantive consolidation nor reliance on revised or optimistic projections would eliminate the economic impact of recognizing a material unsecured claim under the scenario described above. The effect of such a claim on the capital structure exists irrespective of consolidation and irrespective of assumptions regarding reduced restructuring costs.

Accordingly, the economic sensitivity of the Plan to creditor outcomes remains significant with or without substantive consolidation. In my opinion as a Chief Restructuring Officer, therefore, this time stretch and the deterioration of 2025 financial results on an EBITDA basis renders the Plan as not feasible.

## VI. CONDITIONAL ECONOMIC IMPACT OF RECOGNITION OF JORDAN CLAIM

For purposes of this analysis only, and solely to assess restructuring sensitivity, I have considered a hypothetical scenario in which Ronnie Jordan is allowed an unsecured claim against the MWP and/or Robin estates limited to the most narrow written-contract damages asserted in his Proof of Claim. I express no opinion regarding the likelihood of such allowance, the proper measure of damages, or the ultimate outcome of any litigation relating to that claim.

Even under this limited, conservative assumption, recognition of a material unsecured claim of this nature would have significant economic consequences for the standalone capital structures of the MWP and Robin estates. At the lower end of the damages range asserted, such a claim would exceed projected distributable cash available to unsecured creditors under the Plan and would result in unsecured creditors not being paid in full.

From a restructuring and valuation standpoint, where unsecured claims are not satisfied in full, equity interests are economically out of the money unless supported by demonstrable new value or extraordinary future performance. Under this hypothetical scenario, recognition of even limited contract damages would eliminate economic support for equity value in the MWP and Robin estates.

In restructuring practice, plans that preserve equity value or control while leaving unsecured claims materially impaired are generally understood to be economically inconsistent with fair-and-equitable treatment principles, absent compensating value contributions or creditor consent.

## VII. CONCLUSION

In summary, based on my review of the Court's January 27, 2026 Order, the current creditor structure, the most recent MORs, and the financial projections, it is my opinion that:

1. The disallowance of the Rodriguez claims materially alters the economic analysis of substantive consolidation;

2. The first Bonham factor is not satisfied from an economic and restructuring standpoint;

3. The second Bonham factor is not satisfied from an economic and restructuring standpoint;

4. Recent operating results raise questions regarding the reliability of projected operating assumptions; and

5. Recognition of even limited unsecured contract damages would materially alter the restructuring economics of the MWP and Robin estates.

I reserve the right to supplement these observations should additional financial information become available.

Very truly yours,

**ARMORY CONSULTING CO.**

James Wong
Principal

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR RONNIE JORDAN'S REPLY TO CONFIRMATION BRIEF AND FURTHER OBJECTION TO SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATIONS OF JAMES WONG AND KENNETH CATANZARITE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 13, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 13, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 13, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 13, 2026 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| Date | Printed Name | Signature |

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

1  **1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   Mailing Information for Case 8:24-bk-12674-SC

2  **Electronic Mail Notice List**
   The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

3
   - **Shraddha Bharatia    notices@becket-lee.com**
4  - **Jeffrey W Broker    jbroker@brokerlaw.biz**
   - **Kenneth J Catanzarite    kcatanzarite@catanzarite.com**
   - **Lauren N Gans    lgans@elkinskalt.com, lmasse@elkinskalt.com**
5  - **Jessica L Giannetta    jessica@giannettalawcorp.com, melanie@giannettaenrico.com**
   - **Robert P Goe    rgoe@goeforlaw.com,**
6  **kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajoh
   nston@goeforlaw.com**
7  - **Marshall F Goldberg    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com**
   - **Alan Craig Hochheiser    ahochheiser@mauricewutscher.com,**
8  **arodriguez@mauricewutscher.com**
   - **Merdaud Jafarnia    bkca@alaw.net, mjafarnia@ecf.inforuptcy.com**
9  - **Raffi Khatchadourian    raffi@hemar-rousso.com**
   - **Valery Loumber    valloumlegal@gmail.com**
10 - **Michael B Lubic    michael.lubic@klgates.com,**
   **jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com**
11 - **James MacLeod    jmacleod@dunninglaw.com, nancy@dunninglaw.com**
   - **Charity J Manee    cmanee@goeforlaw.com, kmurphy@goeforlaw.com**
12 - **Kathleen P March    kmarch@bkylawfirm.com,**
   **kmarch3@sbcglobal.net,kmarch@sbcglobal.net**
13 - **Robert S Marticello    rmarticello@raineslaw.com,**
   **bclark@raineslaw.com;csantiago@raineslaw.com**
14 - **David W. Meadows    david@davidwmeadowslaw.com**
   - **Kenneth Misken    Kenneth.M.Misken@usdoj.gov**
15 - **Karen S. Naylor    Becky@ringstadlaw.com,**
   **Karen@ringstadlaw.com;Arlene@ringstadlaw.com**
16 - **Estela O Pino    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com**
   - **Donald W Reid    don@donreidlaw.com, angie@donreidlaw.com;don@ecf.courtdrive.com**
17 - **Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com**
   - **Amitkumar Sharma    amit.sharma@aisinfo.com**
18 - **Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com,**
   **sandra@shinbrotfirm.com;tanya@shinbrotfirm.com**
19 - **Thomas E Shuck    tshuck@pmcos.com, efilings@pmcos.com**
   - **Michael Simon    msimon@raineslaw.com,**
20 **bclark@raineslaw.com;csantiago@raineslaw.com**
   - **Derek A Simpson    derek@dsimpsonlegal.com**
21 - **Stephen Sommers    ssommers@justice4you.com**
   - **Ahren A Tiller    ahren.tiller@blc-sd.com,**
22 **4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-
   sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-
23 sd.com;angie@blc-sd.com;kreyes@blc-sd.com**
   - **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
24 - **Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-
   7104@ecf.pacerpro.com**
25 - **Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**
   - **Mandy Youngblood    csbk@gmfinancial.com**
26 - **Roye Zur    rzur@elkinskalt.com,**
   **lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lm
27 asse@elkinskalt.com**

28

REPLY TO DEBTORS' BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION