Robert P. Goe – State Bar No. 137019
Jeffrey W. Broker – State Bar No. 53226
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210, Building D
Irvine, CA 92614
rgoe@goeforlaw.com
jbroker@goeforlaw.com
cmanee@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Creditor Ronnie Jordan

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>THE ORIGINAL MOWBRAY TREE SERVICE, INC.,<br>Debtor(s)<br><br>In re:<br>MOWBRAY WATERMAN PROPERTY, LLC,<br>Debtor(s)<br><br>In re:<br>ROBIN ELAINE MOWBRAY<br>Debtor(s)<br><br> X  Affects all Debtors<br><br>____ Affects - THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br><br>____ Affects - MOWBRAY WATERMAN PROPERTY, LLC<br><br>____ Affects - ROBIN ELAINE MOWBRAY<br>Debtor(s) | Chapter 11<br>LEAD CASE NO.: 8:24-bk-12674-SC<br>JOINTLY ADMINISTERED WITH:<br>CASE NO. 8:25-bk-10542-SC<br>CASE NO. 8:25-bk-10543-SC<br><br>**CREDITOR RONNIE JORDAN'S CORRECTED OBJECTIONS TO THE NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE: ORDER CONFIRMING THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Plan Confirmation Hearing:**<br>Date:         March 6, 2026<br>Time:        1:30 p.m.<br>Courtroom: 5C<br>                    411 West Fourth Street<br>                    Santa Ana, CA 92701-4593 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, TO ALL JOINTLY ADMINISTERED DEBTORS AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Creditor Ronnie Jordan ("Jordan") hereby files his corrected objections to the Notice of Lodgment of Order In Bankruptcy Case re: Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization ("Lodged Order") [Docket No. 1480] confirming the Third Amended Joint Chapter 11 Plan of Reorganization ("3rd Plan") [Docket No. 1479] as follows.

Jordan reserves all rights concerning any Confirmation Order including, but not limited to, the objections set forth herein. In particular, Jordan was deprived of due process by having litigated the Second Amended Joint Chapter 11 Plan of Reorganization ("2nd Plan") [Docket No. 893] for over 5 months, as to which the Court was prepared to summarily deny confirmation at the February 18, 2026 hearing. There was no need for Jordan to call witnesses on the 2nd Plan, which would not be confirmed. Thereafter, the Court gave Debtors an opportunity to amend the 2nd Plan and allowed Debtors to proceed to confirmation on February 26, 2026 at 1:00 p.m., on a proposed, red-lined, non-filed Second Modified Second Amended Joint Chapter 11 Plan of Reorganization ("Redlined Plan") submitted February 25, 2026 at 5:49 p.m., after business hours, the night before the continued confirmation hearing. The Redlined Plan contained major substantive changes that were not non-material and Jordan was never given an opportunity to object to.

| Objectionable Paragraphs: | Jordan's Objections: |
|---|---|
| Page 5, Paragraph 4 (a), which states:<br><br>"As set forth below and as required by 11 U.S.C. § 1129(a)(2), the Debtors have complied with all applicable provisions of the Bankruptcy Code.<br>    a. The Second Amended Plan, the Notice of Hearing On Confirmation of Second Amended Joint Chapter 11 Plan of Reorganization [Docket No. 894], the Second Amended Joint Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of Reorganization [Docket No. 891] (the "Second Amended Disclosure Statement"), the Index of Exhibits In Support of Second Amended Joint | The 3rd Plan is completely different than the 2nd Plan. Among other things, substantive consolidation was removed, the new MWP Pledge was added, as well as a new Class 20 for MWP was created which arbitrarily only provides $1,500,000 to MWP unsecured creditors. These were not non-material modifications that could be approved as the Second Amended Disclosure Statement described a completely different plan such that any |

| | |
|---|---|
| Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of Reorganization [Docket 892], and the ballots to vote on the Second Amended Plan were served on the parties, in the manner, and within the time required by the Bankruptcy Code, the Bankruptcy Rules, and the Order (1) Approving Second Amended Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of Reorganization; and Continuing Status Conference [Docket No. 896], and no solicitation of acceptances or rejections were made by the Debtors prior to that time. Notice of the hearing on confirmation of the Second Amended Plan was proper." | notice pertaining to confirmation of the 3rd Plan was not proper. |
| Page 5, Paragraph 5, which states:<br><br>"The Compromise and the Rodriguez Compromise included in the Plan are fair and equitable and are approved pursuant to Bankruptcy Rule 9019." | The Court did not make this finding nor find the four-part test set forth in *In re A+C Properties*, 784 F. 2d 1377, 1380-81 (9th Cir.) was met. No evidence pertaining thereto was ever presented. |
| Pages 6-7, Paragraph 14, which states:<br><br>"With respect to 11 U.S.C. § 1129(a)(8), each of MTS Classes 1, 2, 4, 5, 7a, 9, 12, and 16, MWP Classes 17 and 20, and Robin Mowbray Class 4, are impaired and voted to, or are deemed to have voted to, accept the Plan. Robin Mowbray Class 1 is unimpaired and, thus, not entitled to vote on the Plan and is deemed to have accepted the Plan." | As there was never any balloting in MWP Class 20, the Court could not have made this finding. No evidence of the existence of ballots pertaining to MWP Class 20 was ever presented. Section 1129(a)(8) was not satisfied as MWP Class 20 did not accept the Plan and is impaired. |
| Pages 7-8, Paragraph 23(a), which states:<br><br>"The Plan does not discriminate unfairly and is fair and equitable, with respect to each class of Claims that is impaired under, and that has not accepted, the Plan.<br>  a. If and to the extent that MTS Classes 3, 6, 7b, 11, 13, 14-15, 18, 19, and 21, MWP Class 20, and Robin Mowbray Classes 2, 3, and 5 (each, a "Non-Voting Class") did not, or are not deemed to, vote to accept the Plan, they are deemed to have rejected the Plan." | As there was never any balloting on MWP Class 20, there could not be a finding that there were no votes in favor or against the 3rd Plan from "MWP Class 20." Further, the Section 1129(b) absolute priority rule was violated as MWP equity in Class 22 retained their interests for free. |
| Page 8, Paragraph 24, which states:<br><br>"The Plan satisfies all requirements for confirmation as set forth in 11 U.S.C. §§ 1122(a), 1123(a)(1), | For the reasons set forth herein, all requirements of Section 1129 were not met. |

| | |
|---|---|
| (a)(2), (a)(3), (a)(4), (a)(5), and satisfies 11 U.S.C. § 1123(a)(6) and (a)(7), to the extent applicable. The Plan also satisfies 11 U.S.C. § 1129(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(7), (a)(9), (a)(10), (a)(11), (a)(12), (a)(15), (b)(1) and (b)(2)." | |
| Page 10, Paragraph 30, which states:<br><br>"The modifications to the Second Amended Plan set forth, reflected, or included in the Redline Modified SAP, the Redline Second Modified SAP, the Third Amended Plan, and/or otherwise in the Plan and this Order are approved as non-material modifications to the Plan within the meaning of and pursuant to 11 U.S.C. § 1127 and Bankruptcy Rule 3019(a), and such modifications and the Plan shall be deemed accepted by all creditors and equity security holders who previously accepted the Second Amended Plan. | The Court never made a finding that the changes in the Redlined Plan / 3rd Plan were non-material. |
| Page 12, Paragraph 45, which states:<br><br>"The Compromise set forth in Section III.A.2. of the Plan is hereby approved." | The Court did not make this finding nor find the four-part test set forth in *In re A+C Properties*, 784 F. 2d 1377, 1380-81 (9th Cir.) was met. No evidence pertaining thereto was ever presented. |
| Page 12, Paragraph 46, which states:<br><br>"The Rodriguez Compromise set forth in Section III.A.3. of the Plan is hereby approved." | The Court did not make this finding nor find the four-part test set forth in *In re A+C Properties*, 784 F. 2d 1377, 1380-81 (9th Cir.) was met. No evidence pertaining thereto was ever presented. |

Dated: March 13, 2026          **GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
    Robert P. Goe
    Jeffrey W. Broker
    Charity J. Manee
    Attorneys for Creditor Ronnie Jordan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR RONNIE JORDAN'S CORRECTED OBJECTIONS TO THE NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE: ORDER CONFIRMING THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 13, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 13, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 13, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott Clarkson, USBC, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2026 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

GOE FORSYTHE & HODGES LLP
17701 Cowan, Suite 210
Irvine, CA 92614

- 5 -

**Mailing Information for Case** 8:24-bk-12674-SC

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Shraddha Bharatia**  notices@becket-lee.com
- **Jeffrey W Broker**  jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**  kcatanzarite@catanzarite.com
- **Lauren N Gans**  lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jessica L Giannetta**  jessica@giannettalawcorp.com, melanie@giannettaenrico.com
- **Robert P Goe**  rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall F Goldberg**  mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**  ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**  bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**  raffi@hemar-rousso.com
- **Valery Loumber**  valloumlegal@gmail.com
- **Michael B Lubic**  michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**  jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Charity J Manee**  cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**  rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**  david@davidwmeadowslaw.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Karen S. Naylor**  Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Estela O Pino**  epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**  don@donreidlaw.com, angie@donreidlaw.com;don@ecf.courtdrive.com
- **Todd C. Ringstad**  becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**  amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**  jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**  tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**  msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Derek A Simpson**  derek@dsimpsonlegal.com
- **Stephen Sommers**  ssommers@justice4you.com
- **Ahren A Tiller**  ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**  sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**  bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**  csbk@gmfinancial.com
- **Roye Zur**  rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com