**RAINES FELDMAN LITTRELL LLP**
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

Attorneys for The Original Mowbray's Tree Service,
Inc., Debtor and Debtor-In-Possession

**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**
Roye Zur, State Bar No. 273875
*rzur@elkinskalt.com*
Lauren N. Gans, State Bar No. 247542
*lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Mowbray Waterman Property,
LLC, and Robin Elaine Mowbray, Debtors and
Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., a Delaware corporation,<br><br>        Debtor and Debtor-in-Possession. | Case No.: 8:24-bk-12674-SC<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:25-bk-10542-SC and 8:25-bk-10543-SC) |
| In re:<br><br>MOWBRAY WATERMAN PROPERTY, LLC,<br><br>        Debtor and Debtor-in-Possession. | **JOINT STATUS REPORT PURSUANT TO ORDER RE:**<br><br>**(1) MOTION BY THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., FOR ORDER DISALLOWING, SUBORDINATING, AND ESTIMATING PROOF OF CLAIM NO. 148-3 [DK. 1126]; AND** |
| In re:<br><br>ROBIN ELAINE MOWBRAY,<br><br>        Debtor and Debtor-in-Possession. | |
| ☐   Affects THE ORIGINAL MOWBRAY TREE SERVICE, INC.<br><br>☐   Affects MOWBRAY WATERMAN PROPERTY, LLC<br><br>☐   Affects ROBIN ELAINE MOWBRAY<br><br>☒   Affects All Debtors | **(2) JOINT MOTION BY MOWBRAY WATERMAN PROPERTY, LLC, AND ROBIN ELAINE MOWBRAY FOR ORDER DISALLOWING, SUBORDINATING, AND/OR ESTIMATING PROOF OF CLAIM NO. 4-2 (AGAINST WATERMAN) AND** |

**PROOF OF CLAIM NO. 8-2 (AGAINST ROBIN) [DK. 1133]**

**Hearing Information**:
Date:         May 20, 2026
Time:         1:30 p.m.
Location:   Courtroom 5C
                 411 W. Fourth Street
                 Santa Ana, CA 92701

JOINT STATUS REPORT

The Original Mowbray's Tree Service, Inc., Mowbray Waterman Property, LLC, and Robin Elaine Mowbray (collectively, the "**Reorganized Debtors**"), as reorganized pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1479] (the "Plan") confirmed by the Court's *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1504] (the "**Confirmation Order**"), on one hand, and Ronnie Jordan ("**Jordan**"), on the other hand, hereby submit this joint status report pursuant to the Court's *Order Re: (1) The Original Mowbray's Tree Service, Inc.'s Motion for Order Disallowing, Subordinating, and Estimating Proof of Claim No. 148-3 [DK. 1126]; and (2) Mowbray Waterman Property, LLC's and Robin Elaine Mowbray's Joint Motion for Order Disallowing, Subordinating, and/or Estimating Proof of Claim No. 4-2 (Against Waterman) and Proof of Claim No. 8-2 (Against Robin) [DK. 1133]* (the "**Order**").

## I.     THE DEBTORS' STATEMENT

On November 10, 2025, the Debtors filed motions (together, the "**Motions**") seeking the following relief with respect to the claims Jordan filed in their respective cases (collectively, the "**Claim**"):  (1) to disallow the Claim in its entirety pursuant to the statutory caps set forth in 11 U.S.C. §§ 502(b)(4) and (b)(7); (2) to subordinate the Claim, if and to the extent allowed, pursuant to 11 U.S.C. § 510(b); and (3) estimate the Claim at $0.00 for purposes of the confirmation hearing under 11 U.S.C. § 502(c).

The Court set the Motions for a hearing on January 28, 2026.  The parties stipulated to the deadlines for the submission of briefing, declarations, and other evidence in advance of that hearing.  (*See* Stiplulation [Docket No. 1213].)  In accordance with the parties' stipulation, the Motions were fully briefed in advance of the hearing and the parties submitted testimony by written declaration and other evidence.

On January 27, 2026, the Court entered the Order estimating the Claim at $0.00 in all three cases and vacating the hearing.  The Court deferred its determination on the remaining relief requested in the Motions—disallowance under §§ 502(b)(4) and 502(b)(7) and

1

JOINT STATUS REPORT

subordination under § 510(b)—pending a resolution of the Jordan Matter in state court.[1]  The Court set a continued hearing on the Motions for May 20, 2026, and ordered a joint status report addressing the state court proceeding at least two weeks prior to the continued hearing.

Jordan filed a notice of appeal of the Order.  On March 20, 2026, the Court entered the Confirmation Order.  Jordan has appealed the Confirmation Order.  Jordan's appeals of the Order and the Confirmation Order are pending before the District Court.

As the Court may recall, Jordan argued that estimation of the Claim was not appropriate because the jury trial in the Jordan Matter was "*imminent*[.]"  (*See* Jordan Opp'n at 39:18 (emphasis in original).)  At the time that Jordan filed his oppositions to the Motions, the trial in the Jordan Matter was set for March 9, 2026 (after the confirmation hearing).  Jordan argued, and his counsel testified, that "Jordan has been ready to proceed to jury trial since October 2023 (Catanzarite Decl. ¶18). . . ."  (*See id.* at 39:19-20.)  Jordan requested that the confirmation hearing be continued until after trial in the Jordan Matter.  (*See id.* at 40.)  Jordan made this same request in other pleadings.  (*See* Jordan Obj. to First Amended Disclosure Statement [Docket No. 798] at 30:9-10; *see also* Jordan Reply to Confirmation Brief at 3:2-3, asserting that "no undue delay" will occur from waiting for the state court trial.)

*After* Jordan's efforts to use the upcoming trial date as a basis to delay confirmation of the Plan were rejected, Jordan caused the trial date to be vacated.  The confirmation hearings occurred on three days, February 18, February 26, and March 4, 2026.  On March 3, 2026, Jordan filed an *ex parte* application for leave to amend his complaint in the Jordan Matter.  Jordan's *ex parte* application was heard on March 4, 2026, which is the same date as the third and final hearing to consider confirmation of the Plan.  (*See* Ex. 1, state court minute order.)  Thus, despite Jordan's assertions that he was ready for trial and that such trial was imminent, neither statement was accurate.

---

[1]  Unless defined otherwise herein, capitalized terms herein shall have the meanings ascribed to them in the Motions.

JOINT STATUS REPORT

The state court granted Jordan's *ex parte* application in part, setting Jordan's motion to amend his complaint for April 13, 2026.  The state court vacated the trial readiness conference and the trial and re-set them for June 4 and 8, 2026, respectively.  (*See* Ex. 1.) The state court subsequently granted Jordan leave to amend his complaint.  The Debtors reserve all rights with respect to Jordan's recitation herein regarding the scope, nature, or impact of his amendments to his complaint and the alleged purpose behind his request.  The trial readiness conference is now set for June 16, 2026.  The Debtors do not expect that trial will occur in June due to motion practice in connection with Jordan's amended complaint.

As discussed above, the Motions are fully briefed.  The Reorganized Debtors submit that, for the reasons set forth in the Motions and based on the pleadings, declarations, and other evidence filed in connection with the Motions, the remaining relief set forth in the Motions—all of which is based on the application of the Bankruptcy Code—can be considered now and granted on the pleadings as there is no dispute of material fact. Accordingly, the Reorganized Debtors respectfully request that Court proceed with the Motions on May 20, 2026.

## II.      JORDAN'S STATEMENT

The final paragraph of the Debtors' "statement" is unrelated to reporting case status and instead constitutes a request for relief/reconsideration of an existing order, which is procedurally improper and baseless.  Specifically, Debtors' ignore that the Court's Order unequivocally states:

> For the reasons set forth below, the Court has determined that a hearing is not necessary and hereby GRANTS the Motions in part as set forth herein and estimates the Proofs of Claim Numbers 148-3, 4-2, and 8-2 at $0.00 for voting purposes only under 11 U.S.C. § 502(c)(1) and Fed. R. Bankr. P. 3018(a), **with all other matters deferred and continued until resolution of the underlying pending state court action**.

Order at 2:7-11.

3

JOINT STATUS REPORT

Debtors also ignore the Court's ruling that "The existence, enforceability, and scope of the alleged agreement, Jordan's insider status, the circumstances of his termination, and the nature of the claimed compensation **are all disputed and will be adjudicated in that proceeding**." Order at 16-19.  Debtors also ignore the Court found good cause to and did in fact order that it would "Defer determination of disallowance under 11 U.S.C. §§ 502(b)(4) and 502(b)(7), and subordination under 11 U.S.C. § 510(b), pending resolution of the state court action." Order at 3:8-9.

Debtors' disregard for the Court's Order is inexcusable, as is trying to obtain affirmative relief from these rulings via three sentences in what is supposed to be a status report.  Jordan reserves all arguments to Debtors' disguised reconsideration should such request be properly brought before the Court.

Debtors' improper reconsideration request is predicated on misrepresenting the events in the state court action.  Debtors failed to apprise the Court of the status of the state court action at the time it was actually relevant to the issue of undue delay for strategic purposes.  They deliberately and dishonestly failed to include such facts or disclose, for example, that they had a pending dispositive motion aimed at eliminating Jordan's claims (which ultimately failed) and that they were the reason trial had not already been held.  Jordan accurately apprised the Court of the procedural posture and history of the state court action in his opposition papers- a fact Debtors have not disputed.  After the Court entered its Order, granting estimation for voting purposes and abstaining from deciding the state court issues, no party raised the state court proceedings in connection with Debtors' plan confirmation hearings because the Order addressed the issue already.  Debtors imply Jordan has been inconsistent or somehow contradicted himself because the trial in the state court action was continued, but this was not the doing of Jordan.  It was Debtors who caused the trial date to be vacated.

Jordan brought an ex parte application in the state court action as a precaution, for the limited purpose of refining the operative complaint to conform to evidence and damages theories that have been known to all parties for more than two years, including those reflected in prior expert disclosures and reports. Specifically, the proposed amendment clarified

4

alternative damages frameworks based on (i) a 10% bonus structure from June 1, 2018 through January 2022; (ii) a 10% bonus through October 2020 followed by the written employment agreement through termination; and (iii) a 10% bonus through December 31, 2019 followed by the written agreement from January 1, 2020 through termination. The amendment also sought clarification regarding the previously stipulated $1.2 million related to the Lucas Lane transaction and vehicle compensation. Defendants opposed the motion. The state court granted Jordan's ex parte application in part, setting a noticed motion for leave to amend, which was subsequently granted. Any impact to the trial schedule was not the result of delay tactics by Jordan, but rather flowed from Defendants' decision to unavailingly oppose the amendment and pursue additional motion practice, including anticipated demurrers. Had Defendants stipulated to the amended pleading—which merely formalized long-disclosed theories—the case would have remained on a more expedited path toward trial.

It should be noted that in ruling on the proposed amendment, the state court judge stated that Jordan may not have needed to amend but it was best to do so, illustrating the frivolity of Defendants' opposition to the motion to amend and insistence on time to demur and/or issue further discovery.

Jordan remains ready and intends to proceed to trial promptly following resolution of any remaining pleading challenges by Defendants. Jordan will be arguing for the soonest possible trial date at the upcoming June 16, 2026 trial readiness conference.

Finally, Debtors ask the Court to ignore its prior orders, including the Order, and decide the matter on the papers, even though the Court originally set the hearing on the Motion as an evidentiary hearing, which was vacated by the Order. Jordan is entitled to a jury trial in the state court, as the Order agreed. Debtors' request for the Court to deny Jordan due process is procedurally improper and frivolous. Based on the foregoing, the matter should be continued for 180 days.

JOINT STATUS REPORT

Respectfully submitted,

DATED:  May 6, 2026          **RAINES FELDMAN LITTRELL LLP**

By:    _/s/ Robert S. Marticello_
          ROBERT S. MARTICELLO
          Counsel for The Original Mowbray's Tree
          Service, Inc., Debtor and Debtor-in-Possession

DATED:  May 6, 2026          **ELKINS KALT WEINTRAUB REUBEN
                              GARTSIDE LLP**

By:    _____
          ROYE SUR
          LAUREN N. GANS
          Attorneys for Mowbray Waterman Property,
          LLC, and Robin Elaine Mowbray, Debtors and
          Debtors-in-Possession

DATED:  May 6, 2026          **GOE FORSYTHE & HODGES LLP**

By:    _____
          Robert P. Goe
          Charity J. Manee
          Attorneys for Ronnie Jordan

JOINT STATUS REPORT

Respectfully submitted,

DATED: May __, 2026          **RAINES FELDMAN LITTRELL LLP**


By: _____/s/ Robert S. Marticello_____
　　　ROBERT S. MARTICELLO
　　　Counsel for The Original Mowbray's Tree
　　　Service, Inc., Debtor and Debtor-in-Possession


DATED: May __, 2026          **ELKINS KALT WEINTRAUB REUBEN
GARTSIDE LLP**


By: _____
　　　ROYE SUR
　　　LAUREN N. GANS
　　　Attorneys for Mowbray Waterman Property,
　　　LLC, and Robin Elaine Mowbray, Debtors and
　　　Debtors-in-Possession


DATED: May 6, 2026          **GOE FORSYTHE & HODGES LLP**

By: /s/ _____
　　　Robert P. Goe
　　　Charity J. Manee
　　　Attorneys for Ronnie Jordan

6

# EXHIBIT 1



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino, CA 92415
sanbernardino.courts.ca.gov

# PORTAL MINUTE ORDER

Case Number: CIVSB2201281                                      Date: 3/4/2026

Case Title:  Jordan
             -v -
             The Original Mowbray's Tree Service, Incorporated et
             al

---

| Department S32 - SBJC | Date: 3/4/2026 | Time: 8:30 AM | Ex Parte Hearing - Predisposition |
|---|---|---|---|

Judicial Officer: Wilfred J Schneider Jr.
Judicial Assistant: Christopher Goldstein
Court Reporter: Not Reported or Recorded
Court Attendant: Anthony Martinez

**Appearances**
Attorney Kenneth Catanzarite present for Plaintiff Ronnie D Jordan
Attorney Michael Kim present for Defendants Mowbray Waterman Property, LLC, Richard John Mowbray

**Proceedings**
Ronnie D Jordan's Ex parte Application for Leave to file Second Amended Complaint, Or Alternatively, for an Order Advancing Motion for Leave to file Second Amended Complaint, or in the alternative, for an order continuing trial dates is heard.

Court finds notice of the hearing on ex parte application was given to the opposing party.
Ex parte application argued.

**Court Finds:**
Ronnie D Jordan's Ex parte Application for Leave to file Second Amended Complaint, Or Alternatively, for an Order Advancing Motion for Leave to file Second Amended Complaint, or in the alternative, for an order continuing trial dates is granted in part.
Court will hear Plaintiff's Motion for leave to file second amended complaint on the date it is currently set/reserved (4/13/2026).
Court Order Trial dates continued as follows;

**Hearings**
Court orders 03/05/2026 Trial Readiness Conference hearing Vacated.
Court orders 03/09/2026 Jury Trial hearing Vacated.

Trial Readiness Conference set for 6/4/2026 at 8:30 AM in Department S32 - SBJC

Jury Trial set for 6/8/2026 at 10:00 AM in Department S32 - SBJC
(Time Est.: 11 days)

Notice waived.
                       **== Minute Order Complete ==**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **JOINT STATUS REPORT PURSUANT TO ORDER RE:  (1) MOTION BY THE ORIGINAL MOWBRAY'S TREE SERVICE, INC., FOR ORDER DISALLOWING, SUBORDINATING, AND ESTIMATING PROOF OF CLAIM NO. 148-3 [DK. 1126]; AND (2) JOINT MOTION BY MOWBRAY WATERMAN PROPERTY, LLC, AND ROBIN ELAINE MOWBRAY FOR ORDER DISALLOWING, SUBORDINATING, AND/OR ESTIMATING PROOF OF CLAIM NO. 4-2 (AGAINST WATERMAN) AND PROOF OF CLAIM NO. 8-2 (AGAINST ROBIN) [DK. 1133]**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 6, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 6, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Personal Delivery**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 6, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Shraddha Bharatia**    notices@becket-lee.com
- **Jeffrey W Broker**    jbroker@brokerlaw.biz
- **Kenneth J Catanzarite**    kcatanzarite@catanzarite.com
- **Lauren N Gans**    lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jessica L Giannetta**    jessica@giannettalawcorp.com, melanie@giannettaenrico.com
- **Robert P Goe**    rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall F Goldberg**    mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Merdaud Jafarnia**    bkca@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Valery Loumber**    valloumlegal@gmail.com
- **Michael B Lubic**    michael.lubic@klgates.com, jonathan.randolph@klgates.com,klgatesbankruptcy@klgates.com
- **James MacLeod**    jmacleod@dunninglaw.com, nancy@dunninglaw.com
- **Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Robert S Marticello**    rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Stephen M. Mott**    smott@raineslaw.com, csantiago@raineslaw.com;bclark@raineslaw.com
- **William P Mullins**    wmullins@skanemills.com, dmorales@mbmlawcorp.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Estela O Pino**    epino@epinolaw.com, staff@epinolaw.com;clerk@epinolaw.com
- **Donald W Reid**    don@donreidlaw.com, angie@donreidlaw.com;don@ecf.courtdrive.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com;tanya@shinbrotfirm.com
- **Thomas E Shuck**    tshuck@pmcos.com, efilings@pmcos.com
- **Michael Simon**    msimon@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Derek A Simpson**    derek@dsimpsonlegal.com
- **Stephen Sommers**    ssommers@justice4you.com
- **Ahren A Tiller**    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com;kreyes@blc-sd.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **Mandy Youngblood**    csbk@gmfinancial.com
- **Roye Zur**    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.